IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,             Plaintiff, Case No. 1:21-cv-10878-UA

v.

GEORGE WEBB SWEIGERT         AFFIDAVIT IN SUPPORT OF DISMISSAL

FAILURE TO STATE A CLAIM FOR CONSPIRACY

TO DEFAME

Defendant.  _____/

Plaintiff Pro Se - Jason Goodman, 252 7th Avenue, New York, New York, 10001, truth@crowdsourcethetruth.org

Defendant Pro Se  - George Webb Sweigert (pro se) 209 St. Simons Cove, Peachtree City, Georgia

(503) 919-0748 Georg.webb@gmail.com

# FAILURE TO STATE A CLAIM, GEORGE WEBB SWEIGERT, DENIAL OF PERSONAL JURISDICTION, Pursuant to Fed. R. Civ. P. 12(b)(6)

**DEFENDANT GEORGE WEBB SWEIGERT'S AFFIDAVIT IN SUPPORT OF DISMISSAL, FAILURE TO STATE A CLAIM**

Defendant George Webb Sweigert hereby provides this limited scope appearance to oppose the statements that purport to grant personal jurisdiction as presented in the Plaintiff Jason Goodman's Complaint on page four, paragraphs numbered 14.

This limited scope appearance does not grant this honorable court personal jurisdiction as the jurisdictional statement in the Complaint (Page 4, Paragraph 14) is fatally flawed. Therefore, because of this fatal flaw, the Defendant provides these counter facts and asks for dismissal based on this Failure To State A Claim.

Paragraph 14 or Page 4 of the Plaintiff Jason Goodman's Complaint provides a vague and sweeping allegation regarding the Defendant's supposed wrongful acts. The Plaintiff alleges the Defendant made injurious statements in a video "in or around May 2018". The Plaintiff neglects to tell the Court that the Defendant is also a Citizen Journalist, making multiple YouTube videos a day in May 2018, some over two hours in length. No date for the alleged offending video is provided for the Claim. No episode number is provided for the Claim. No timestamp marker is provided in the Claim. With the scores of videos that Defendant Sweigert made in May of 2018, the Plaintiff needs to specify the date of the video, the episode of the video, and the timestamp of the video to meet the demands of a defamation allegation. The Plaintiff fails to inform the Court that the videos were removed by YouTube in May of 2020, not the Defendant, making recovery and analysis of his Claim now impossible. The Plaintiff had two full years to make a copy of the offending video, and apparently did not trouble himself to do so. The Plaintiff is a professional filmmaker, expert in the knowledge of backing up YouTube videos. Why the Plaintiff Goodman

did not bother to make a copy of the offending video in such weighty a matter hangs a cloud of suspicion over his Claims. Plaintiff Goodman's frivolous Claim against Defendant, George Webb Sweigert, is fatally flawed, by law or fact.

On Page Four, Paragraph 14, the Plaintiff Jason Goodman's Complaint does not provide relevant facts to demonstrate that any activity on the part of George Webb Sweigert has injured or harmed the Plaintiff.

There are no facts presented in Page 4, Paragraph 14 of Plaintiff Jason Goodman's Complaint of the jurisdictional statements that support the allegations that George Webb Sweigert is harming the plaintiff in the Southern District of New York.

George Webb Sweigert has not made the statements of alleged rape as presented by the Plaintiff. In fact, the exhibit attached to the complaint on page nine indicates that the plaintiff orginated the issue of "rape allegations" in a telephone call between Plaintiff Jason Goodman and Defendant Mr. Christopher Bouzy, a co-defendant in this case..

As these exhibits indicate on Page nine and ten of the Complaint, this dispute is a controversy between the plaintiff and Mr. Bouzy, which has nothing to do with George Webb Sweigert.

The Plaintiff has not provided a factual basis to the underlying claims of "rape allegations", which were apparently introduced to Mr. Bouzy by the plaintiff for the first time on or about December 20, 2020, as depicted on page nine of the Complaint.

As discussed in paragraph ten of the Complaint, the Plaintiff has provided no facts to demonstrate that his rights are being infringed by Defendant George Webb Sweigert in the Southern District of New York.

George Webb Sweigert makes these affirmations under penalties of perjury to the best of his personal knowledge and does not waive any rights granted him by Rule 12(b)(2) of the Federal Rules of Civil Procedure.

I, George Webb Sweigert, Defendant, do not know the other Defendants, I have never spoken with them, I have exchanged no communications with them, and I have entered into no conspiracy with them.

So affirmed under oath.



Defendant Pro Se  - George Webb Sweigert (pro se) 209 St. Simons Cove, Peachtree City, Georgia

Signed this day of December 30th, 2021.

(503) 919-0748 Georg.webb@gmail.com