IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL INC., GEORGE WEBB SWEIGERT<br><br>　　　Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**PLAINTIFF'S OPPOSITION TO NON-PARTY MOVANT DAVID GEORGE SWEIGERT'S MOTION TO INTERVENE** |

　　　Plaintiff Jason Goodman by and for himself pro se ("Goodman" or "Plaintiff") submits this opposition to non-party David George Sweigert's ("Sweigert" or "Movant") Motion for Intervention (Dkt. No. 25, the "Motion").

## PRELIMINARY STATEMENT

　　　Movant is an individual Goodman has never met and had never heard of prior to 2017. Despite those facts, for the past five years, movant has relentlessly cyber stalked and harassed Goodman. Movant has burdened Goodman with frivolous litigation, unwanted emails, false statements to law enforcement and persistent efforts to destroy his business relationships, public reputation and access to social media and online commerce. Movant seeks to harass and overwhelm any company or individual Goodman does business with, including social media companies and service providers Plaintiff relies on and even legal counsel in unrelated litigation. A corporation owned by Plaintiff's was represented by attorney Jonathan Snyder ("Snyder") in Nat'l Acad. of Tv Arts & Scis. v. Multimedia Sys.

PLAINTIFF'S OPPOSITION TO NON-PARTY MOVANT DAVID GEORGE SWEIGERT'S MOTION TO INTERVENE - 1

Design, No. 20-CV-7269 (VEC), (S.D.N.Y. Feb. 14, 2022).  After being relentlessly harassed by Sweigert, Snyder withdrew citing alleged threats against his infant daughter.  Movant has attempted to involve himself in or otherwise interfere with multiple lawsuits against Plaintiff in numerous District Courts around the United States through a variety of means, including multiple inappropriate attempts at intervention, which have all been denied.

Most recently, movant filed Dkt. No. 32 despite the standing order from Judge Torres, (Dkt. No. 14) the ruling from Judge Caproni (*See Sweigert v Goodman 1:18-cv-08653-VEC-SDA Document 383*), and nearly identical orders from the Honorable M. Hannah Lauck of the Eastern District of Virginia and the Honorable Gershwin Drain of the Eastern District of Michigan informing him that non-parties are not permitted to file.  Plaintiff is left to wonder how many Courts' orders this vexatious Movant will be permitted to defy before he is found in contempt and brought to heel.

Movant has not been sued in this action and the Court has already determined he has no legitimate right to intervene.  Movant merely seeks to inject scurrilous and obscene information into the record so he can publish bogus "news reports" on his website deceptively named after this Court http://sdny.org.  Movant seeks only to burden Goodman, increase these proceedings and confound the Court with nonsensical, inappropriate filings.

Movant sued Goodman in a 2018 action which he voluntarily dismissed after three and a half years of litigation. (*See Sweigert v Goodman Case 1:18-cv-08653-VEC-SDA Dkt. No. 383*).  After dismissing his own action just prior to trial, Sweigert immediately filed an appeal.  Judge Caproni sharply censured Movant's attempt at what she termed a "judicial

PLAINTIFF'S OPPOSITION TO NON-PARTY MOVANT DAVID GEORGE SWEIGERT'S MOTION TO INTERVENE - 2

mulligan" stating "If the Court had dismissed Mr. Sweigert's claims without prejudice, he would be free to refile his claims in other courts and start the process from the beginning. If Mr. Sweigert truly wished to pursue his claims, he should have continued this case. The Court will not tolerate judicial gamesmanship; Mr. Sweigert does not get a judicial mulligan." Judicial gamesmanship remains in play as Movant continues unabated, attempting a brazen end-run around Judge Caproni's ruling.  Despite being warned such behavior would not be tolerated, Movant has publicly boasted of his intent to sue Goodman for the rest of his life.  Sweigert has spent the past five years making good on that promise and shows no signs of wavering.  He has no actual injury from, or legitimate claim against Goodman.  There is no clear motive aside from pure harassment.  There is no indication these activities will cease until and unless Movant is compelled by the Court.

        Movant has made statements about his family history of medically diagnosed and pharmaceutically treated schizophrenia. (https://vk.com/video731682021_456239020) These statements along with his obsessive, abusive behavior, cause Plaintiff to believe Sweigert is mentally ill and a danger to his safety and that of others.  Movant had a forum to litigate his claims against Goodman and voluntarily forfeited those claims.  Allowing him to intervene in this case would undermine Judge Caproni's ruling and serve only to prolong these proceedings and waste judicial resources. The Motion should be denied.

        I.    LEGAL STANDARDS

        A party may intervene as a matter of right or with the permission of the Court on a timely motion. Fed. R. Civ. P. 24; Griffin v. Sheeran, 767 F. App'x 129, 132 (2d Cir.

PLAINTIFF'S OPPOSITION TO NON-PARTY MOVANT DAVID GEORGE SWEIGERT'S MOTION TO INTERVENE - 3

2019). To intervene as of right, a party must have a "direct, substantial, and legally protectable" interest in the subject matter of the action." United States v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999). To intervene permissively, such application must establish that intervenor has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); see also Bldg. & Realty Inst. of Westchester v. New York, No. 19-CV-11285, 2020 U.S. Dist. LEXIS 174574, at *18 (S.D.N.Y. Sep. 23, 2020) (citing City of New York, 198 F.3d at 367).

"The district court has broad discretion to deny an applicant's motion for [permissive] intervention." New York News, 972 F.2d at 487 (citing H.L. Hayden Co. of New York v. Siemens Med. Sys., 797 F.2d 85, 89 (2d Cir. 1986)). "Whether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994) (internal citation omitted). If the intervenor's interests are "extraneous to the issues before the court," a motion to intervene may be denied, even if those interests are "broadly related to the subject matter of th[e] action." City of New York, 198 F.3d at 367–68. Intervention cannot be used to "inject collateral issues into an existing action." New York News, Inc. v. Kheel, 972 F.2d 482, 486–87 (2d Cir. 1992) (internal citation omitted).

II.   ARGUMENT

This case concerns a dispute between the Plaintiff and Christopher Bouzy, Bot Sentinel and George Webb Sweigert concerning certain defamatory statements and coordinated actions. Movant has not been sued in this matter and the Court has already

PLAINTIFF'S OPPOSITION TO NON-PARTY MOVANT DAVID GEORGE SWEIGERT'S MOTION TO INTERVENE - 4

determined he has no legally protectable right by which to intervene. Movant seeks only to harass Plaintiff and waste the judicial resources of this honorable Court.

The Second Circuit's decision in New York News, Inc. v. Kheel concerned a non-party who sought intervention to strike allegedly false claims and seek sanctions to remedy "baseless allegations" alleged to amount to an "abuse of the judicial process." New York News, 972 F.2d at 485–86. The Second Circuit affirmed the denial of the proposed intervenor's motion because the non-party failed to identify a "protectable interest in the action". See id. at 486–87 (finding that proposed intervenor's desire to "protect the judicial system against abuse" does not confer a legally protectable interest supporting intervention).

Like the proposed intervenor in New York News, Movant has not identified a legally protectable interest in this action. Movant merely seeks to inject scurrilous collateral information, unduly burden Goodman and harass this honorable Court for his own diabolical purpose and to prolong these proceedings.

### III. CONCLUSION

For the reasons stated herein, the Motion should be denied.

Signed this 9th day of June 2022

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

PLAINTIFF'S OPPOSITION TO NON-PARTY MOVANT DAVID GEORGE SWEIGERT'S MOTION TO INTERVENE - 5