IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN

        Plaintiff,

vs.

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL INC., GEORGE WEBB SWEIGERT

        Defendants

Case No.: 1:21-cv-10878-AT-JLC

**PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Jason Goodman by and for himself pro se ("Goodman" or "Plaintiff") submits this opposition to non-party George Webb Sweigert's ("Webb" or "Defendant") motion to dismiss for lack of personal jurisdiction.  (Dkt. No. 19, the "Motion").

**PRELIMINARY STATEMENT**

Plaintiff respectfully submits this opposition to Defendant Webb's motion (Dkt. No. 19) which seeks to dismiss Plaintiff's Complaint. For the reasons stated herein, the Court should deny Defendant's motion. Denial is appropriate as a matter of law.  The causes of action in Plaintiff's Complaint are sufficiently pled and assert facially plausible and legally cognizable claims.  New York case law precedent is well established regarding claims arising from multi-state internet publication of allegedly defamatory material and this honorable Court does indeed have jurisdiction over all named defendants.  Webb willfully provides goods and services in New York, is paid by financial supporters in New York and cooperates with individuals in New York who act on his behalf in the defamation of Goodman.

PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 1

1
2    Defendant Webb's brother, non-party David George Sweigert ("David")
3
     operates a blog at http://sdny.org that disseminates disinformation while disguised as a news
4
     outlet for the U.S. District Court for the Southern District of New York.  Webb and his
5    brother (hereinafter collectively "Sweigerts" or "Sweigert brothers") have advanced an
6    ongoing email campaign including false and defamatory statements to law enforcement
7
     including New York State Attorney General Letitia James.  Together, the Sweigert brothers
8
9    have sent dozens of emails falsely implicating Goodman in crimes.  This tortious activity is
10   directed at New York and entities that only exist in New York, granting the Court personal
11   jurisdiction over non-domiciled defendants Webb and Christopher Bouzy ("Bouzy").
12
                                **STATEMENT OF FACTS**
13
14    Defendant Webb and his brother, non-party David have been at the epicenter
15   of a conspiracy to defame and harass plaintiff Goodman for more than five years.  The
16   Sweigert brothers along with defendant Bouzy and others, conspire to spread defamatory
17
     claims with the deliberate intent to damage Goodman's public reputation and destroy his
18
19   business.  The trio have conspired to incite public hatred against Goodman by falsely
20   accusing him of criminal acts.  They have presented no legitimate evidence, only their own
21   fabricated statements.  The conspiracy has operated continuously, in an ongoing manner for
22
     the past five years, up to and including today.  Defendants have coordinated in person
23
24   harassment conducted by non-party co-conspirators in New York and engaged campaigns to
25   mobilize swarms of anonymous co-conspirators in an effort to eliminate Goodman's access
26   to social media resources by overwhelming providers with complaints.  **(EXHIBIT A)**
27
28   PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO
     DISMISS FOR LACK OF PERSONAL JURISDICTION - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' efforts have caused direct and measurable pecuniary damages to

Goodman.  Defendants acted deliberately with malicious intent by spreading defamatory

claims they knew where false or reasonably should have known were false.  The first

publication of the last unique defamatory statement was on December 20, 2020.  Plaintiff's

complaint was filed timely, prior to the one-year statute of limitations expiration.

**CHOICE OF LAW**

Defendant argues that New York courts have no jurisdiction over his tortious

behavior on the internet because he is domiciled in Georgia.  "A federal court sitting in diversity

applies the choice of law rules of the forum state," which, in the present case, is New York. Lee

v. Bankers Trust Co., 166 F.3d 540, 545 (2d Cir. 1999) (citing Klaxon Co. v. Stentor Elec. Mfg.

Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941)).

In defamation cases, "New York applies the law of the state with the most

significant interest in the litigation." Lee, 166 F.3d at 545; see also Babcock v. Jackson, 12

N.Y.2d 473, 191 N.E.2d 279, 283-84, 240 N.Y.S.2d 743 (N.Y. 1963) (employing the analysis

set forth in Restatement (Second) Conflict of Laws, § 379). Generally, in an action for

defamation, the Court should look chiefly to "the parties' domiciles and the locus of the tort"

to determine which state has the most significant interest in, or relationship to, the litigation.

Lee, 166 F.3d at 545 (internal citations and quotations omitted). Where the plaintiff suffered

injury usually determines the locus of the tort in an action for defamation. See id.; La Luna

Enters. v. CBS Corp., 74 F. Supp. 2d 384, 389 n.2 (S.D.N.Y. 1999).  However, in a

defamation case where the statements at issue are published nationwide, "the tort essentially

lacks a locus, but rather injures plaintiff everywhere at once." Condit v. Dunne, 317 F. Supp.

PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION - 3

2d 344, 353 (S.D.N.Y. 2004). Where nationwide publication occurs, courts must weigh

several factors to determine which state has the most significant relationship to the litigation.

See id. (citing Davis v. Costa-Gavras, 580 F. Supp. 1082, 1092 (S.D.N.Y. 1984)).

It is most often assumed that the state of plaintiff's domicile is where the

greatest injury occurred, and that this is the state with the most significant interest in the

litigation. See Lee, 166 F.3d at 545.  In Hatfill v. Foster the Southern District of New York

applied Virginia choice of law principles to multistate libel claims against a publisher and

republisher of an allegedly false article. 415 F. Supp. 2d 353, 364-65 (S.D.N.Y. 2006)

(McMahon, J.). The Hatfill court observed that, although the Virginia Supreme Court had not

specifically addressed where the "place of the wrong" would be in the context of multistate

publications, "in practice, lex loci jurisdictions have shown remarkable consistency in how to

resolve the question," looking to "the law of the jurisdiction where the plaintiff suffered the

greatest injury." Id. at 364. Usually, that district is the one in which the plaintiff was

domiciled, and the court held that the Virginia Supreme Court would "follow the lead" of

such jurisdictions and define the place of injury as the district of the plaintiff's domicile,

absent "strong countervailing circumstances." Id. at 365.

Considering the legal and practical underpinnings of application of the lex loci

doctrine, the Court should find that the Virginia Supreme Court would likely "follow the lead

of other lex loci jurisdictions [**15] and pinpoint the place of greatest harm in this multistate

libel case in the district where the plaintiff was domiciled, absent strong countervailing

circumstances." [*558] Hatfill v. Foster, 415 F. Supp. 2d at 365. Plaintiff has not alleged any

PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 4

facts or "strong countervailing circumstances" that weigh against finding Plaintiff was injured

most in New York, the state of his domicile. Accordingly, the Court should find that New

York law governs Plaintiff's claims, and this Court has personal jurisdiction over defendant.

**DISCUSSION**

Defendant contendins this Court lacks personal jurisdiction over him, as a

Georgia resident.  Pursuant to New York CPLR 3211(a)(8), a cause of action may be

dismissed on the ground that the court lacks personal jurisdiction over the defendant. If

challenged, the plaintiff bears the burden of establishing such jurisdiction over the defendant.

(*Arroyo v Mountain School*, 68 AD3d 603 [1st Dept 2009]).  Jurisdiction is a threshold issue

to be determined before other defenses in a motion to dismiss. (*342 E. 67 Realty LLC v

Jacobs,* 106 AD3d 610, 611 [1st Dept 2013]; Howard v Spitalnik, 68 AD2d 803 [1st Dept

1979]).

The court may exercise personal jurisdiction over a non-domiciliary who, in

person or through an agent, transacts business within the state or contracts to supply services

in the state. (CPLR 302[a][1]). Posting defamatory content that was seen in New York or

with the intention that it would be distributed specifically in New York, does not constitute

transacting business within the state, as the material is accessible to a global audience. (See

Best Van Lines, Inc. v Walker, 490 F3d 239, 250 [2d Cir 2007] [posting of defamatory

material on website accessible in New York does not, without more, constitute transacting

business in New York for purposes of New York's long-arm statute]).  Defendants have

enlisted the services of non-party New York residents to harass and defame Goodman in

PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 5

person in New York City.  Discovery is likely to prove communication with individuals

having specific intent to defame Goodman in New York.  Additionally, defendants conspired

with Webb's brother non-party David to disseminate and utilize information published on the

websites www.sdny.org and www.sdny.info in the ongoing defamation of Goodman.

Information published to these websites is used by defendants and republished on Bouzy's

@cbouzy twitter account in furtherance of the conspiracy to defame Goodman and destroy

his business.  Email correspondence that included each of the co-defendants in addition to

non-party co-conspirators was sent to the New York State attorney General Letitia James

with the stated intention of provoking a criminal investigation into Goodman and his New

York Corporation based on false claims published on the phony SDNY website and

publicized by the co-defendants.  Because this information is specifically focused on New

York State, New York State law enforcement, the New York State Attorney General, and the

U.S. District Court for the Southern District of New York itself, defendants' false claims give

rise to a cause of action over which this honorable Court has unique jurisdiction.

## CONCLUSION

For the reasons stated herein, the Motion to dismiss should be denied.

Signed this 9th day of June 2022

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION - 6

**(EXHIBIT A)**

## Thread

**Christopher Bouzy** @cbouzy · 2h
Jason Goodman tried to get on the anti-Meghan bandwagon and go after me. Within 6 months, all of his Twitter accounts were suspended. This ends this season of FAFO.

17 59 487

**Christopher Bouzy** @cbouzy · 2h
I forgot to mention 6 of his YouTube channels were terminated. Yes, he has had 6 YouTube channels terminated. Whoopsie doodle!

8 21 216

**Christopher Bouzy**
@cbouzy

I wasn't joking; he has a new channel called Crowdsource the truth 7. It won't be around much longer, but he doesn't seem to get the message. 🤷🏾‍♂️

Search Twitter

## New to Twitter?

Sign up now to get your own personalized timeline!

Sign up with Google

Sign up with Apple

Sign up with phone or email

By signing up, you agree to the Terms of Service and Privacy Policy, including Cookie Use.

## Relevant people

**Christopher Bouzy** @cbouzy Follow
When I was 9, I started coding on a Mattel Aquarius computer. I developed several products in my 20s & 30s, and then in 2018 I launched BotSentinel.com

## What's happening

News · LIVE
**Harini Logan wins the 94th Scripps National Spelling Bee**

Los Angeles Times · Yesterday
**Latin American workers wish they had more say at Summit of the Americas, "I think there should be a seat for people like me — an immigrant."**

San Francisco Chr... · Yesterday
**What the historic recall of Chesa Boudin means for the progressive movement**

Music · Trending
**Britney**
Trending with Jason Alexander, George Costanza

Only on Twitter · Trending
**Augustus Gloop**
Two workers at the Mars M&M factory in Pennsylvania were rescued from a chocolate tank, reminding many of the character Augustus Gloop from Willy Wonka & the

**Don't miss what's happening**
People on Twitter are the first to know.
Log in Sign up

Case 1:21-cv-10878-AT-JLC Document 34 Filed 06/09/22 Page 9 of 9

OME VIDEOS PLAYLISTS

5:18 PM · Jun 9, 2022 · Twitter Web App

**6** Retweets **105** Likes

**Lorna_TVeditor** @Lorna_TVeditor · 1h
Replying to @cbouzy
Omigawwwwd!

**Entropy** @E_n_t_r_o_p_y_ · 2h
Replying to @cbouzy
Will organize reporting of it. Fuq that clown.
1

## More Tweets

**venus??** @dirtynoodlebowl · Jun 8
LMFAO WHEN RANBOO SAID THERE'S MULTIPLE GUYS COMING AT HIM I SAW A CHAT MESSAGE THAT SAID "that's a first"
26 441 15.6K

Show this thread

**Ian - Brazen Hussy** @isexton · 11h
Just a picture of "furious" Prince Harry at the Jubbly.

#AngelaLevinIsALiar

Show more

Terms of Service Privacy Policy Cookie Policy Accessibility Ads info More ···
© 2022 Twitter, Inc.



