IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL INC., GEORGE WEBB SWEIGERT<br><br>    Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

Jason Goodman by and for himself pro se ("Goodman" or "Plaintiff") respectfully requests that the Court to take judicial notice of Sweigert v Goodman Case 1:22-cv-02788-LGS. Defendant in this instant matter, George Webb Sweigert ("Sweigert"), seeks to dismiss this case claiming lack of personal jurisdiction while he is simultaneously suing Goodman in separate litigation presided over by the honorable LORNA G. SCHOFIELD.

In addition to reasons stated in the opposition to the Motion to Dismiss, Plaintiff respectfully moves this Court to take judicial notice of Defendant's ongoing activity in the Southern District of New York where he falsely claims to not conduct business.

Signed this 13th day of June 2022

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

PLAINTIFF'S OPOSITION TO DEFENDANT GEORGE WEBB SWEIGERT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 1

**(EXHIBIT A)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
George Webb Sweigert,

                                            Plaintiff(s),   :       22   Civ.   2788

             -against-

Jason Goodman,

                                     Defendant(s), :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      This case has been assigned to me for all purposes. The parties should abide by this Court's Individual Rules of Practice in Civil Pro Se Cases, which are attached to this Order and can be found on the internet at http://www.nysd.uscourts.gov/judge/Schofield.

      It is hereby ORDERED that a telephonic conference will be held on **June 29, 2022** at **4:00 p.m.** The parties shall call (888) 363-4749 and enter the access code 558-3333. The telephonic conference is public, and the time of the conference is approximate, but the parties shall be ready to proceed by that time. The parties are advised that additional conferences may be taking place on the conference line at the same time, and they should not disconnect because an unrelated proceeding is underway. Any party who has retained counsel prior to the conference need not personally attend and should instead have their attorney attend on their behalf. By the date of the initial pretrial conference, counsel for any represented party is required to register as a filing user on ECF. The Clerk of Court shall mail the following documents in addition to the IPTC order to the Plaintiff:
        a. Motion for Permission for Electronic Case Filing, at http://www.nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases.
        b. Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, at http://nysd.uscourts.gov/file/forms/consent-to-electronic-service-for-pro-se-cases.

      The purpose of the conference is to discuss the possibility of settlement, any possible motions the parties may wish to make, and the schedule for discovery. The parties should be prepared to discuss the type of discovery that will likely be sought. By **June 22, 2022** at noon, the parties are directed to confer and jointly submit a proposed case management plan based on the Court's template, which is available at http://nysd.uscourts.gov/judge/Schofield.

      The parties are further directed to include with the Proposed Civil Case Management Plan a joint letter, not to exceed 5 pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief statement by Plaintiff as to the basis of subject matter jurisdiction and venue, explaining why Plaintiff believes this matter is properly brought before this Court, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue;

(3) A brief description of any (i) motions any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;

(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

(5) A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(7) Any other information that the parties believe may assist this Court in resolving the action.

If this case has been settled or otherwise terminated, the parties are not required to appear if a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent to Chambers before the date of the conference (Schofield_NYSDChambers@nysd.uscourts.gov).

Any request for an extension or adjournment shall be made only by letter as provided in Pro Se Rule 1.C (*see* below) and must be received at least 48 hours before the deadline or conference. Unless the parties are notified that the conference has been adjourned, it will be held as scheduled.

Any party that is not incarcerated and is appearing pro se (without an attorney) may contact the New York Legal Assistance Group Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in the Southern District of New York. The Clinic, which is not part of or run by the Court, offers in-person consultations. To make an appointment for a consultation, a party shall call (212) 659-6190 or go to the Clinic during its office hours. The Clinic is located at Room LL22, Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, New York and is open weekdays from 10:00 a.m. to 4:00 p.m.

**DATE AND TIME OF CONFERENCE**: June 29, 2022 at 4:00 p.m.
**IPTC MATERIALS DUE: June 22, 2022** at noon.

The clerk is directed to mail a copy of this order to the pro se Plaintiff.

Dated: May 6, 2022
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3

**SPECIAL RULES & PRACTICES IN CIVIL PRO SE CASES**
**THE HONORABLE LORNA SCHOFIELD, UNITED STATES DISTRICT JUDGE**

<u>**Pro Se Intake Unit**</u>
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, New York 10007
(212) 805-0175

1. **Electronic Case Filing for Nonincarcerated Parties**

   A. **ECF Filing by Pro Se Parties.** Any nonincarcerated pro se party who wishes to participate in electronic case filing ("ECF") should complete a Motion for Permission for Electronic Case Filing, available in the Pro Se Intake Unit or at https://nysd.uscourts.gov/forms. The form should be mailed to the Pro Se Intake Unit, 500 Pearl Street, Room 200, New York, NY, 10007.

   B. **Consent to Electronic Service by Pro Se Parties.** Any nonincarcerated pro se party who wishes to receive documents in their case electronically (by e-mail) instead of by regular mail may consent to electronic service by filing a Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically, available in the Pro Se Intake Unit or at https://nysd.uscourts.gov/forms.

2. **Communications**

   A. **By a Pro Se Party.** All communications with the Court by a pro se party that are not filed on ECF must be in writing and sent to the Pro Se Intake Unit at 500 Pearl Street, Room 200, New York, NY, 10007 or through the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY. Documents or Court filings should not be sent directly to Chambers or Judge Schofield. No telephone calls will be accepted by Chambers.

   B. **By Parties Represented by Counsel.** Communications with the Court by a represented party shall be governed by Judge Schofield's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-lorna-g-schofield. Except for cases in which the pro se party has received permission to participate in ECF, such communications must include a separate proof of service indicating that the pro se party was served with a copy of the communication.

   C. **Conferences and Proceedings.** Until further notice, all routine conferences and proceedings in civil cases will be held by telephone at the call-in number provided in the Court's scheduling order. The Court will endeavor to conduct oral argument on substantial, contested motions by video conference.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous

requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge. Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance. Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

3. **Filing of Papers**

   A. **By a Pro Se Party.** If the pro se party is not participating in ECF, all papers to be filed with the Court by a pro se party must be sent to the Pro Se Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007. Until further order, the Court will accept filings via email from pro se parties without ECF privileges. Filings submitted by email must be sent to Temporary_Pro_Se_Filing@nysd.uscourts.gov, and done so in accordance with the procedures found in the April 1, 2020, Addendum to ECF Rules and Instructions located at https://www.nysd.uscourts.gov/rules/ecf-related-instructions.

   B. **By Parties Represented by Counsel.** Except for cases in which the pro se party has received permission to participate in ECF or has consented to electronic service, counsel in pro se cases must serve a pro se party with a paper copy of any document that is filed electronically and include a proof of service indicating that the pro se party was served with a copy of the filed document. Submissions filed without proof that the pro se party was served will not be considered.

4. **Discovery**

   A. **Discovery Requests.** All requests for discovery must be sent to counsel for the opposing party. Discovery requests must not be sent to the Court.

   B. **Discovery Disputes.** The parties shall confer amongst themselves with respect to discovery demands prior to raising any issue with the Court. Parties should not contact the Court regarding discovery disputes unless they have first attempted to resolve the issue with the opposing party without the assistance of the Court.

5. **Motions**

   A. **Filing and Service.** Before filing a motion to dismiss, a party must file a letter stating the basis for the motion and a proposed briefing schedule. The letter shall be no longer than three pages, single-spaced. No response is required. Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B. **Pro Se Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment must provide the pro se party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   C. **Memoranda of Law.** All written motions shall be accompanied by a memorandum of law. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. These page limits do not apply to memoranda in support of or opposition to a motion for reargument or reconsideration, which shall not exceed 10 pages, or memoranda in support of or opposition to *in limine* motions, which shall not exceed five pages. Any pages in excess of the application page limit will be disregarded.

6. **Initial Case Management Conference.** The Court will generally schedule an initial case management conference within three months of the filing of the Complaint. An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone or video conference.

7. **Trial Documents**

   A. **Joint Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, the parties shall file a concise, written Joint Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts that each party hopes to prove at trial; (2) a list of all documents or other physical objects that each party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses that each party intends to have testify at trial. The Statement must be sworn by the parties to be true and accurate based on the facts known by the parties. If any party is represented, that party shall file the Joint Pretrial Statement. If no party is represented, the parties shall jointly file an original of this Statement with the Pro Se Intake Unit.

   B. **Other Pretrial Filings.** At the time of filing the Pretrial Statement, any parties represented by counsel must also submit proposed findings of fact and conclusions of law, if the case is to be tried before only a judge without a jury, or a proposed jury charge, if it will be tried before a jury. The pro se party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so. In all jury cases, the parties also shall file joint proposed case specific voir dire (i.e., jury selection) questions and a one or two paragraph statement describing the case that will be read to the prospective jurors and the beginning of voir dire. The parties need not file generalized jury instructions or voir dire instructions.

8. **Pro Se Legal Assistance Clinic**

The New York Legal Assistance Group's Pro Se Clinic provides limited-scope legal assistance. Until further notice, assistance is provided **only by appointment over the telephone**. To schedule an appointment, call (212) 659-6190 and leave a message **specifying a call-back number**.

If you have any questions about these rules and practices, please contact the Pro Se Intake Unit at (212) 805-0175.

Revised 3/2/2022.