## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Jason Goodman,
D/B/A CrowdSource The Truth

                        Plaintiff,      **CASE: 1: 21-cv-10878-AT-JLC**

          -against-

                                   **JUDGE TORRES**

George Webb Sweigert,

                    Defendant.

---

**Pro Se Intervenor**
**D. G. SWEIGERT, C/O**
MAILBOX, PMB 13339
514 Americas Way, Box
Elder, SD 57719
Spoliation-notice@mailbox.org

Christopher Bouzy

Bot Sentinel

5101 Meadowview Ave,

North Bergen, NJ 07047

**press@botsentinel.com**

**Plaintiff Pro Se**
**JASON GOODMAN,**
**CROWDSOURCE THE TRUTH**
252 7th Avenue, #6
New York, New York 10001
(323) 744-7594
truth@crowdsourcethetruth.org

**Defendant Pro Se**
GEORGE WEBB SWEIGERT
1671 W. STEARNS ROAD, SUITE E
TEMPERANCE, MI 48182
503-919-0748
Georg.webb@gmail.com

---

## VOLUME OF EXHIBITS UNDER SEPARATE FILING

I hereby attest that the foregoing was transmitted on June 14, 2022 (6/14/2022) under the

penalties of perjury.

**PROPOSED INTERVENOR**
**D. G. SWEIGERT, C/O**
**MAILBOX, PMB 13339**
**514 Americas Way,**
**Box Elder, SD 57719**

**EXHIBIT A**


*PLAINTIFF'S COUNTERLAWFARE WEB-SITE*

# CROWDSOURCE THE TRUTH

Livestream

Is Elon Musk Orchestrating a Cyber Raid on Twitter with a 5G Cognitive Stunt? with

▶ YouTube

Chat is disabled for this live stream.



PDF Viewer

# Goodman v Bouzy et al

Chris Bouzy and Bot Sentinel are being sued. Read the complaint here

Download PDF ▶



Case 1:21-cv-10878-UA   Document 1   Filed 12/19/21   Page 1 of 11

1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE SOUTHERN DISTRICT OF NEW YORK

3

4 JASON GOODMAN                     Case No.:

| | Plaintiff, | COMPLAINT FOR CONSPIRACY TO DEFAME |
|---|---|---|
| | vs. | |
| | CHRISTOPHER ELLIS BOUZY, BOT SENTIEL, INC, GEORGE WEBB SWEIGERT | JURY TRIAL DEMANDED |
| | Defendants | |

Pro Se Jason Goodman ("Goodman") alleges as follows, upon actual knowledge with respect to himself and his own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This civil action is for defamation, libel, tortious interference, and conspiracy to defame under federal, state, and/or common law.

2. Defendants deliberately and repeatedly published statements they knew to be false with the sole intent of harming Plaintiff.

3. Defendants' statements were published to third parties, publicly posted on Twitter and elsewhere and widely publicized with the sole intent of damaging Plaintiff.

4. Defendants conspired to damage Plaintiff's business and reputation and to publish false accusations of heinous crimes that rise to the level of defamation per se.

## PARTIES

5. Plaintiff – Pro se Plaintiff Jason Goodman is a New York citizen, CEO of Multimedia System Design, Inc ("MSD"). Goodman is a documentary filmmaker, a journalist and is the creator of the social media property Crowdsource the Truth.

COMPLAINT FOR ABUSE OF PROCESS AND MISCONDUCT BY ATTORNEYS - 1

Crowdsource the Truth - News, Podcast News, Broadcast



$100.00

 Buy Now



**1 Year SubscribeStar subscription and special gift included**

Social engineers are attacking Crowdsource the Truth with lawfare.  The same types who created Operation Mockingbird still want to control the information you see.



$250.00

 Buy Now

**3 Year SubscribeStar subscription and exclusive gift included**  Corporate advertiser funded broadcast News doesn't want independent video podcasts like Crowdsource the Truth to share information with you that they don't control.



$500.00

 Buy Now

**3 Year SubscribeStar subscription for you and one friend or family member plus a premium gift included** Help independent media thrive, sponsor Crowdsource the Truth, you can help disrupt corporate controlled broadcast news.



$1,000.00

 Buy Now

**3 Year SubscribeStar subscription for you three additional gift subscriptions for friends and family of a kind gift included** Help independent media thrive, sponsor Crowdsource the Truth, you can help disrupt corporate controlled broadcast news.

## Become a Monthly Sponsor

 

# Become a One Time Sponsor

Sponsor via http://paypal.me/crowdsourcethetruth for any amount you choose

$100 or more for a 1 year gift subscription for yourself or any friend or family member

### Connect With Us

  

**Crowdsource the Truth**

Copyright © 2022 Crowdsource the Truth - All Rights Reserved.

Powered by GoDaddy

**EXHIBIT B**

**ECF DOC. 32**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Jason Goodman,
D/B/A CrowdSource The Truth

                            Plaintiff,      **CASE: 1: 21-cv-10878-AT-JLC**

             -against-

                                               **JUDGE TORRES**

George Webb Sweigert,

                           Defendant.

---

**Pro Se Intervenor**
**D. G. SWEIGERT, C/O**
AMERICA'S RV
MAILBOX, PMB 13339
514 Americas Way, Box
Elder, SD 57719
Spoliation-notice@mailbox.org

Christopher Bouzy
Bot Sentinel
5101 Meadowview Ave,
North Bergen, NJ 07047

**press@botsentinel.com**

**Plaintiff Pro Se**
**JASON GOODMAN,**
**CROWDSOURCE THE TRUTH**
252 7th Avenue, #6
New York, New York 10001
(323) 744-7594
truth@crowdsourcethetruth.org

**Defendant Pro Se**
GEORGE WEBB SWEIGERT
1671 W. STEARNS ROAD, SUITE E
TEMPERANCE, MI 48182
503-919-0748
Georg.webb@gmail.com

## PROPOSED INTERVENOR'S SUPPLEMENT TO ECF NO. 27

---

I hereby attest that the foregoing was transmitted on May 31, 2022 (5/31/22) under the penalties

of perjury.

                                 **PROPOSED INTERVENOR**
                                 **D. G. SWEIGERT, C/O**
                                 **PMB 13339**
                                 **514 Americas Way**
                                 **Box Elder, SD 57719**

**PROPOSED INTERVENOR'S SUPPLEMENT TO ECF NO. 27**

---

I hereby attest that the attached public documents are true and accurate artifacts under the

penalties of perjury.

**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way**
**Box Elder, SD 57719**

**The foregoing document has been sent via e-mail message to:**

georg.webb@gmail.com , press@botsentinel.com and truth@crowdsourcethetruth.org on

May 31, 2022, sworn under penalties of perjury

**D. G. SWEIGERT**

**EXHIBIT ONE**

[https://odysee.com/@Crowdsourcethetruth:d](https://odysee.com/@Crowdsourcethetruth:d)







**EXHIBIT TWO**

[https://odysee.com/@Crowdsourcethetruth:d/2022-05-16-20-00-03-Live:9](https://odysee.com/@Crowdsourcethetruth:d/2022-05-16-20-00-03-Live:9)





**EXHIBIT THREE**

[https://www.slideshare.net/dgsweigert/dave-sweigertcyberwarfarecissppmprespondrecoveryppd8](https://www.slideshare.net/dgsweigert/dave-sweigertcyberwarfarecissppmprespondrecoveryppd8)



# Expanding the role of National Guard Cyber Units to support disaster response and recovery and make a Cyber Militia a reality

## January 2014

### Author: Dave Sweigert, M.Sci., CISSP, CISA, PMP

### ABSTRACT

**Private organizations would be well advised to be aware of the involvement of National Guard cyber warfare units in responding to attacks on critical infrastructure. Increased interaction with Guard units may be appropriate for entities concerned with community-wide cyber resiliency.**

## Background

This year the passage of the National Defense Authorization Act (NDAA) by the U.S. Congress (used to supply the Pentagon with another year's budget) came with cybersecurity strings attached – the requirement for a comprehensive domestic cyber warfare assessment of how the National Guard would support defensive cyber warfare operations and support missions of the U.S. Department of Homeland Security.

In sum, there is likely to be a new cybersecurity player in the Critical Infrastructure – Key Resources (CIKR) arena, the National Guard.

## Is this the creation of a Cyber Militia?

**Cyber Militias:** these are non-state sponsored collections of volunteers that can act in a militant offensive and defensive manner in cyber space. These groups can be loosely organized and operate with technical know-how to accomplish political objectives. The Chinese Eagle Union Hacker Group is one example of a "Cyber Militia".

Attacks launched by such groups that breach network cybersecurity are classified as "cyber warfare" by the Pentagon. Doomsday scenarios predict everything from massive failures of the power grid to the destruction of medical data as a consequence of an act of cyber war by such groups, creating "cyber anxiety".

Many observers have suggested that the language of the 2014 NDAA is a Dr. Strangelovian attempt to "close the cyber militia gap" and keep up with the creation of such militias in Russia, Iran, and North Korea.

**Cyber Warfare:** Both the National Guard Bureau (NGB) and the National Governor's Association (NGA) have openly endorsed the idea of Guard units engaged in civilian defensive cyber warfare operations.

### Domestic Cyber Missions

Until now, the number of Guard units involved in civilian cybersecurity events could be counted with one hand. Examples:

Prior to the 2010 Winter Olympics the network supporting Washington State's Division of Motor Vehicles (DMV) was assessed by a Guard cyber warfare unit. Networks supporting the 2012 Presidential Inauguration were protected by such units and State networks supporting Emergency Management (E.M.) activities have also been accessed by these groups.

Such activities fall within the **National Prevention Framework** "cybersecurity" category as a **PROTECTION** capability.

With the desire of Congress to "close the gap" the scope of such support by Guard units in domestic cyber missions could be expanding. Cascading consequences created by a cyber event are addressed within the **National Response Framework** as a **RESPONSE** and **RECOVERY** activity.

State Governors could certainly activate such units during man-made cyber disasters and to support response and recovery operations in natural disasters, as well as provide support to the U.S. Department of Homeland Security missions. However, only a handful of such states have these elite cyber warfare units.

### Integration with the Whole Community Concept

The Whole Community Approach to Preparedness promoted by Presidential Policy Directive 8 (**PPD-8**: National Preparedness) is a comprehensive and integrated approach to community preparedness for disasters – to include man made cyber events and their cascading consequences.

The increased interaction of public safety agencies and private entities with these National Guard cyber units in support of **PPD-8** should be addressed by the Pentagon. Alignment of Guard cyber capabilities to jointly respond with other Whole Community partners in a realistic approach to a CIKR cyber event (and the associated potential downstream effects on public utilities, medical facilities, transportation arteries, etc.) should be planned for.

Joint planning would help define how these Guard units could more effectively interface with other response agencies during cyber events and disasters. This would give Congress the Cyber Militia capability they are searching.

**About the author:** Dave Sweigert holds certifications as a Certified Information Systems Security Professional, Certified Information Systems Auditor, and Project Management Professional. He has earned Master's degrees in Information Security and Project Management. An Air Force veteran, he is a practitioner of cybersecurity, incident management and CIKR protection. He has consulted to Kaiser Permanente, J2 Global, NASA and the U.S. Army.

2

**EXHIBIT C**

**AMICUS BRIEF**

**Case 2:20-cv-12933-GAD-KGA ECF No. 20**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Webb Sweigert,

　　　　　　　Plaintiffs,

　　v.

Cable News Network, Inc.,

　　　　　　　Defendants.

Case No. :20-cv-12933-GAD-KGA

Honorable Gershwin A. Drain

---

**BRIEF OF *AMICUS CURIAE* JASON GOODMAN IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Pro Se

Robin Luce Herrmann (P46880)

Jennifer A. Dukarski (P74257)

Javon R. David (P78214)

BUTZEL LONG, a professional
corporation

Attorneys for Defendant Cable
News

Network, Inc.

41000 Woodward Avenue

Stoneridge West

Bloomfield Hills, MI 48304 (248)
258-1616

Luce-Herrmann@butzel.com

Dukarski@butzel.com

Davidj@butzel.com

## PRELIMINARY STATEMENT

Jason Goodman is a pro se non-attorney, non-party to this case. Goodman comes now as a friend of the court to share facts and evidence Goodman alleges reveal a fraud on the court intended to affect the outcome of this case.

## STATEMENT OF FACTS

Non-party D. George Sweigert ("Sweigert") is the brother of Plaintiff George Webb Sweigert ("Webb"). On November 6, 2020, non-party Sweigert filed a motion requesting the court change the venue of this legal action to the Southern District of New York. *See* ECF No. 3 (MOTION FOR CHANGE OF VENUE BY INTERVENOR-APPLICANT PARTY OF INTEREST). Sweigert's pleadings indicate his belief that Sweigert v CNN is related litigation to Sweigert v Goodman, and in his view, in the interest of judicial efficiency should be transferred to the Southern District of New York. The transfer was denied via ECF No. 9.

Non-party movant Sweigert is the Plaintiff in Sweigert v. Goodman (Case 1:18-cv-08653-VEC-SDA) in which he is suing Amicus Goodman currently pending in the SDNY.

Goodman first became acquainted with Webb and Sweigert in 2017. Since his introduction to Webb and Sweigert, Goodman has been the Defendant in four separate civil lawsuits. Sweigert has attempted to intervene in three of the four suits and was denied.

On information and belief, Goodman alleges that Sweigert and Webb, in an effort to improperly involve Goodman in Sweigert v CNN, have conspired with or otherwise deceived a third individual, an employee of the court, Richard Loury ("Loury"), to commit a fraud on the court. Document properties of ECF No. 12 reveal that Loury is named as the author of pro se Plaintiff Webb's pleading. **(EXHIBIT A)**. These properties are visible in the free reader Adobe Acrobat DC or the commercial application Adobe Acrobat Professional.

On June 30, 2021, Goodman telephoned Loury at the court and asked how his name came to be associated with ECF No. 12 as the "author". Loury stated "documents are sent to me. In order for us to upload something, I have to save it onto my computer. The document is uploaded

- 2 -

onto the website". When questioned further, he simply repeated himself. Mr. Loury implied but did not directly state that his name would be associated with the document merely as a function of him temporarily saving it on his computer prior to filing it electronically on the docket. This is incorrect and does not explain how Loury's name would be recorded within the PDF document's embedded metadata as the "author" of the document. The "author" must be someone with the name "Richard Loury" officially stored on their computer as the active user unless someone otherwise altered the document to contain Loury's name.

Non-party movant Sweigert is the author of the Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view). The guide details tactics and methods for manipulating computer systems, transmitting clandestine communications and evading detection, among other things. In several pleadings in Sweigert v Goodman, Sweigert has made note of various aspects of PDF document metadata indicating his knowledge in this area.

## **CONCLUSION**

For the reasons stated in Defendant's motion to dismiss and further for the foregoing reasons, Defendant's motion to dismiss should be granted. Additionally, Amicus Curiae Goodman prays the court will further investigate this matter relating to ECF No. 12 and alleged fraud on the part of Sweigert and Webb and take such action as it deems necessary.

By: _____
Jason Goodman
252 7th Avenue #6s
New York, NY 10001
truth@crowdsourcethetruth.org
(323) 744-7594
Pro Se *Amicus Curiae*

Robin Luce Herrmann (P46880)
Jennifer A. Dukarski (P74257)
Javon R. David (P78214)
BUTZEL LONG, a professional corporation
Attorneys for Defendant Cable News Network, Inc.
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304 (248) 258-1616
Luce-Herrmann@butzel.com
Dukarski@butzel.com
Davidj@butzel.com

- 3 -

**EXHIBIT A**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

| | | |
|---|---|---|
| **George Webb Sweigert,** | **:** | **CASE** |
| | **:** | |
| **Plaintiff,** | **:** | **NO - 2:20-cv-12933-GAD-KGA** |
| | **:** | |
| **V.** | **:** | **US DISTRICT COURT JUDGE** |
| | **:** | |
| | **:** | Judge Gershwin A. Drain |
| | **:** | |
| **CABLE NEWS NETWORK, INC** | **:** | **RESPONSE TO ORDER** |
| | **:** | **TO SHOW CAUSE** |

**PLAINTIFF'S RESPON**

Plaintiff hereby files this Respon
and, for the reasons stated here

The Plaintiff, George Webb Sw
lawsuit in District of Columbia i
transactions were conducted in
added to some of the administra
the Court.

The Defendant, Cable News Ne
than the CNN Headquarters in
confused in person efforts to se

The Plaintiff requests for the Co
served on the Defendant.  Two
Service.



**EXHIBIT D**

**AMENDED AMICUS BRIEF**

**Case 2:20-cv-12933-GAD-KGA ECF No. 55**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

GEORGE SWEIGERT

      Plaintiff,

vs.

CABLE NEWS NETWORK, INC.,

      Defendant

Case No.: 20-cv-12933-GAD-KGA

**MOTION SEEKING LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF**

Jason Goodman, pro se non-attorney, non-party to this case comes now as a friend of the Court seeking leave to file an amended Amicus Curiae brief including newly discovered, prima facie evidence of a conspiracy to commit fraud on the Court and defendant Cable News Network, Inc. ("CNN"). This fraud was aimed directly at the "judicial machinery" with the intention of disrupting the impartiality of the Court substantially preventing it from performing its tasks without bias or prejudice. The Amicus Curiae brief attached hereto contains new empirical evidence that is likely to prove that Plaintiff conspired with an officer of the Court and other third parties to commit this fraud in violation of Michigan penal code Section 750.248(1) and with the intention of affecting the outcome of this and other cases in U.S. District Courts in other states. Goodman has a unique perspective on these empirical facts that are necessary for the Court to consider in the proper service of justice in this matter.

Signed this 14th day of March 2022

_____

Jason Goodman, Amicus Curiae, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org.

MOTION SEEKING LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF - 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Webb Sweigert,

                Plaintiffs,

      v.

Cable News Network, Inc.,

                Defendants.

Case No. :20-cv-12933-GAD-KGA

Honorable Gershwin A. Drain

---

**AMENDED BRIEF OF *AMICUS CURIAE* JASON GOODMAN
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Pro Se

Robin Luce Herrmann (P46880)

Jennifer A. Dukarski (P74257)

Javon R. David (P78214)

BUTZEL LONG, a professional corporation

Attorneys for Defendant Cable News

Network, Inc.

41000 Woodward Avenue

Stoneridge West

Bloomfield Hills, MI 48304 (248) 258-1616

Luce-Herrmann@butzel.com

Dukarski@butzel.com

Davidj@butzel.com

**AMICUS CURIAE BACKGROUND AND INTEREST IN THE CASE**

Jason Goodman ("Goodman") is a non-attorney and non-party to this case. He is the creator of internet-based news, opinion, and entertainment talk show Crowdsource the Truth. Since 2017, Goodman has been the target of cyber harassment, cyber stalking and five separate vexatious lawsuits brought about by family members and other associates of the plaintiff in this instant action. Goodman is a journalist, cinematographer, and former Hollywood visual effects expert. He is a software applications specialist with 36 years of experience in computer graphics imaging and an expert knowledge in a wide range of file formats including Joint Photographic Experts Group (JPEG) and Adobe Portable Document Format (PDF). For a period of approximately three months during 2017, Goodman collaborated with Webb on a series of video productions. Since then, Goodman has been the target of vexatious litigation emanating from the plaintiff, his brother, and their various associates. Goodman comes now as a friend of the court to share empirical evidence from the Court's own docket that is likely to prove the plaintiff and others conspired with at least one officer of the Court to make material misrepresentations and directly attack the judicial machinery with malicious intent so significant as to prevent the Court's performance of judicial tasks without bias or prejudice. Plaintiff and his co-conspirators acted in violation of Michigan penal code section 750.248(1) which states "A person who falsely makes, alters, forges, or counterfeits a public record, or a certificate, return, or attestation of a clerk of a court[,] or other property with intent to injure or defraud another person is guilty of a felony punishable by imprisonment for not more than 14 years." This illicit conspiracy made multiple forged filings under penalty of perjury with the intent to abuse the legal process, deceive the Court, defraud the defendant, and improperly involve Goodman in frivolous litigation. Goodman seeks to end the plaintiff's abuse of the U.S. District Court system and the perpetual

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF          -   2
DEFENDANT'S MOTION TO DISMISS

plague of ongoing frivolous litigation against him. Goodman has a unique perspective on the facts and evidence described herein. The proper service of justice requires the Court to fully review the evidence in this Amicus Curiae brief before rendering a final decision in this matter.

## PARTIES AND NON-PARTIES

George Webb Sweigert ("Webb") is the pro se plaintiff in this matter. Webb is not an attorney, has no legal training and has a history of filing defective, frivolous pro se cases that get dismissed; See George Sweigert v. John Podesta, et al, SWEIGERT et al v. PEREZ et al, SWEIGERT et al v. PODESTA et al, SWEIGERT v. MCCABE et al.

Cable News Network, Inc. ("CNN") is the defendant in this matter, an internationally recognized news organization that has published multiple reports highly critical of Webb.

Non-party David George Sweigert ("David") is Webb's brother (hereinafter collectively referenced as "Sweigert Brothers" or "Sweigerts"). David is not admitted to the Bar but, by his own admission has attended one semester of law school. Since 2017, David has drafted thousands of pages and made hundreds of frivolous filings in an aggressive, continuous, and ongoing campaign to harass Goodman and disrupt his ability to conduct business. David is also a retired Air Force IT specialist, professional hacker, social engineer, and author of The Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view?usp=sharing). The book is a detailed manual that describes tactics and methods for sending and receiving clandestine messages, penetrating complex computer networks, and evading detection among other things.

Non-party Richard Loury ("Loury") is believed to be the Pro Se Litigation Administrator at the Court and the Author of ECF No. 12, ECF No. 14, and ECF No. 44 in Sweigert v Cable

News Network (*See* 2-20-cv-12933-GAD-KGA) as revealed by the document properties inspector of Adobe Acrobat Professional software.

Non-party Jacquelyn Weaver ("Weaver") is an associate of David and the author of a "lawfare blog" https://trackingmeroz.wordpress.com/.  Weaver's blog is used to publish and amplify false claims made by David in privileged legal filings against Goodman.  It is also an indexed library of every case against Goodman and includes theory, commentary and case law citations used by David in harassing litigation.  Weaver is a de facto "ghost paralegal" for David and has conspired with him to harass Goodman in multiple U.S. District Courts.  Weaver is not an attorney and has no legal authority to draft briefs for litigants other than herself.

## STATEMENT OF FACTS

On October 31, 2020, Webb filed a defective, time barred defamation claim against Cable News Network ("Webb v CNN") in the Eastern District of Michigan ("MIED").  Less than one week later, Webb's brother David moved to intervene and change the venue to the Southern District of New York ("SDNY").  As Plaintiff in Sweigert v Goodman, (*See* 1:18-cv- 08653-VEC-SDA SDNY 2018) David sued Goodman for more than three years making a wide range of frivolous claims that evolved dramatically over time.  On March 1, 2022, the case was voluntarily dismissed for no stated reason.  Since then, filing activity in this instant action and in Sweigert v Goodman (*See* 2:22-cv-10002-GAD-KGA MIED 2022) has increased dramatically.  David was admonished by judge Valerie Caproni (SDNY) for his frequent, duplicative, and frivolous filings.  Now with that case concluded, coincidentally, this identical pattern of activity has emerged here.  On information and belief, Goodman alleges David is ghost writing and filing pleadings falsely claiming to be Webb, with the assistance of Loury, Weaver and possibly others.

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF     -   4
DEFENDANT'S MOTION TO DISMISS

Goodman first became acquainted with the Sweigert Brothers in 2017. Since then, he has become the target of five separate civil lawsuits in which one or both brothers have been directly involved. Goodman alleges these cases were deliberately brought about and aggravated by the Sweigerts for an improper purpose to harass Goodman and extort money from him. In addition to suing Goodman, David has attempted to intervene in or otherwise inappropriately interfere with every one of the actions against Goodman and has publicly vowed to sue Goodman for the rest of his life for no stated reason. On information and belief, Goodman alleges the Sweigert Brothers conceived of Webb v CNN for the inappropriate purpose of involving Goodman strictly to harass him and extort money. Goodman further alleges the Sweigert Brothers conspired with Loury and Weaver to improperly draft and file pleadings on behalf of Webb and to abuse and deceive the Court in an illicit effort to turn it into their own personal weapon against Goodman.

### EVIDENCE OF IMPROPER FILINGS ON THE ECF DOCKET

The document properties inspector of Adobe Acrobat Professional Software reveals that ECF No. 12, ECF No. 14 and ECF No. 44 were each authored by "RichardLoury", not pro se Plaintiff Webb as signed and sworn to under penalty of perjury. **(EXHIBIT A)**.

### ECF No. 11 and ECF No. 12

The Court was previously alerted to the unexplained and improper appearance of Loury's name embedded in the internal metadata of ECF No. 12. On a telephone call, Loury's supervisor vaguely described circumstances under which Loury might interact with litigants' documents in ways that could cause his name to become associated with document metadata, however, these circumstances do not match the documents in question. ECF No. 12 is Webb's response to a show cause order that threatened to dismiss the case for failure to serve the defendant. Webb requested additional time and two summonses with which to serve CNN and its agent of record.

The Court responded affirmatively by issuing the summonses. The document properties inspector indicates the first of two responsive summonses, ECF No. 11, was created on June 21, 2021, at 8:00 am using Dotimage PDF Encoder, modified with iText 7.1.6. **(EXHIBIT B)**

No author is named on this document. Inexplicably, the creation date of the document shows this response came more than one hour prior to plaintiff's request for it via ECF No. 12 which was created at 9:05 am on June 21, 2021. **(EXHIBIT C)**

This proves that ECF No. 12 could not have been filed by Webb because the signed summons could only have been created by someone at the Court. The request from Webb would not be known by the Court until it was filed via the Temporary Pro Se Filing web page and entered on the docket. There is no logical explanation for this temporal anomaly aside from one person creating both documents and accidentally filing them out of order on the ECF docket. If Webb properly filed ECF No. 12 on the Court's Temporary Pro Se Filing page, he would be in possession of the filing receipt as would the Court. No such evidence has been presented.

After Goodman initially raised this concern in an Amicus Brief filed July 20 2021, Webb filed a new suit against Goodman claiming the allegations were defamatory. Webb's defective complaint sought a one hundred-thousand-dollar payment and to strike the claims and evidence in the Amicus brief from the record. *See* Sweigert v Goodman 22-cv-10002-GAD-KGA. Webb offers no explanation for the anomalous filing of ECF No. 12, no explanation as to how or why Loury's name could appear on his filings, and no receipt from the Court as proof of filing.

### ECF No. 13 and ECF No. 14

ECF No. 13 is the second of two summonses issued by the Court in response to Webb's request. For no clear reason, this summons is issued the following day on June 22, 2021. It is stamped with a rubber stamp indicating the date and signed by the administrative or deputy clerk

before being entered on the docket. ECF No. 14 is the executed summons returned to the Court July 6, 2021 by Webb, signed by process server Chiquita Jackson. ECF No. 14 does not bear the rubber date stamp seen on ECF No. 13 and the clerk's signature appears in a different position on the signature line. ECF No. 14 is clearly not the same document, and the document properties inspector reveals this document was also Authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows on July 6, 2021 at 11:09 am. No receipt from the Court's Temporary Pro Se filing website has been provided. No proof of USPS delivery is included with the filing. If the document were scanned and filed electronically by Webb, he should be indicated as the author and both Webb and the Court would be in possession of a pro se electronic filing receipt from the Court website. If the document were mailed and scanned at the Court, the scan should be made in 1 bit color depth (black and white only) as is standard procedure at the court. ECF No. 14 was scanned in color by "RichardLoury" according to document metadata.

### ECF No. 44

ECF No. 44 is Webb's amended complaint. Defendant CNN has responded in opposition to the amendment and provided adequate reason to do so. The amended complaint reads like a brief drafted by a lawyer or at least someone with competence in writing legal briefs. This is a stark contrast to ECF No. 6, drafted, signed, and mailed by Webb, which reads like a non-lawyer's stream of consciousness general complaint letter and fails to form a legal claim. The document properties inspector indicates ECF No. 44 was authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows. All other electronically filed documents attributed to Webb that do not bear Loury's name indicate they were created using the Skia/PDF m100 Google Docs Renderer. All documents on the ECF docket of this and other U.S. District Courts that Goodman has observed indicate they were modified using iText. This appears to be a

standardized tool used across all U.S. District Courts to add the blue stamp at the top indicating official entry on the docket and including the case number and ECF number. Adding the official Court information to documents using iText does not change the name of the original author but it does change the creation date of the document to reflect the time of the iText modification. Goodman has verified this completely consistent behavior across numerous filings in several U.S. District Courts including MIED, SDNY and EDVA.

### FRAUD UPON THE COURT

Fraud on the court, or fraud upon the court, refers to a situation in which a material misrepresentation has been made to the Court with the intention to alter the outcome of a case or otherwise inappropriately influence the adversarial process. The term could also be used to refer to a situation in which a material misrepresentation has been made by the Court itself or an officer thereof. The overall defining requirement is that the impartiality of the Court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice. Fraud on the Court can include, but may not be limited to:

- Fraud in the service of Court summons, such as withholding a court summons from an entitled party;

- Corruption or influence of a Court member or official, such as bribery;

- Judicial fraud;

- Intentionally failing to inform the parties of necessary appointments or requirements, as an effort to impede the judicial process; and/or

- Schemes considered to be unconscionable, as they attempt to deceive or make misrepresentations through the Court system.

It is important to note that fraud on the Court only involves court officials, or officers of the court, such as judges, clerks, or court-appointed attorneys. The fraudulent activity must be directed at the "judicial machinery" itself as is the case with the alleged conspiracy to disrupt Webb v CNN. It would indeed be unconscionable if evidence on the public docket and in possession of the Court could prove Webb conspired with Loury and others to falsify and file ECF Nos. 12, 14 and 44 improperly. As Loury is an officer of the Court, any assistance given to Webb in his case against CNN would be grossly inappropriate and would undermine the Court's ability to properly adjudicate the matter. The Court must evaluate this evidence thoroughly in order to serve justice and make an unbiased determination in the case.

## CONCLUSION

For the reasons stated in Defendant's motion to dismiss and further for the foregoing reasons, Defendant's motion to dismiss should be granted. Additionally, Amicus Curiae Goodman prays the court will further investigate this matter relating to a conspiracy to defraud the Court in violation of the Michigan Penal Code Section 750.248(1) and issue whatever remedy it deems most appropriate.


Signed this 14th day of March 2022

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org


AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF      -   9
DEFENDANT'S MOTION TO DISMISS

**EXHIBIT E**

**ORDER OF HON. GERSHWIN DRAIN**

**Case 2:20-cv-12933-GAD-KGA ECF No. 60**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. SWEIGERT,

Plaintiff,

v.

CABLE NEWS NETWORK, INC.,

Defendant.

Case No. 20-cv-12933

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS [#15], STRIKING NON-PARTY JASON GOODMAN'S AMICUS
CURIAE BRIEF [#20], DENYING PLAINTIFF'S REQUEST FOR
CHANGE OF VENUE [#25], DENYING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND [#35], DENYING PLAINTIFF'S MOTION TO
REQUEST AN EXTENSION OF TIME OR ZOOM VENUE [#41],
GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
AMENDED COMPLAINT [#45], DENYING PLAINTIFF'S MOTIONS TO
STRIKE [#49, #52] AS MOOT, DENYING NON-PARTY JASON
GOODMAN'S MOTION FOR LEAVE TO FILE AMENDED AMICUS
CURIAE BRIEF [#55], DENYING D. G. SWEIGERT'S MOTIONS FOR
LEAVE TO FILE AMICUS BRIEF [#56, #58] AND DISMISSING ACTION**

**I. INTRODUCTION**

On October 31, 2020, Plaintiff George W. Sweigert, proceeding *pro se*,

commenced this diversity action against Defendant Cable News Network ("CNN").

Plaintiff alleges CNN made various defamatory statements about him in broadcast

and print media and generally engaged in "a three and a half year campaign of false,

vicious attacks against" the Plaintiff. ECF No. 1, PageID.1, 3, 14–15. Plaintiff

asserts Defendant's false and reckless reports have caused him to suffer emotional distress and endangered his life and the lives of his family members. *Id.* at PageID.6–7. Plaintiff seeks over $50,000,000 in compensatory damages, and at least $100,000.000 in punitive damages. *Id.* at PageID.21.

Presently before the Court is CNN's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed on July 19, 2021. ECF No. 15, PageID.68. Plaintiff filed his Response in Opposition on July 21, 2021. ECF No. 21, PageID.247. On August 4, 2021, Defendant submitted its Reply brief. ECF No. 23, PageID.262.

Also before the Court is Plaintiff's October 19, 2021 Request to Change Venue. ECF No. 25, PageID.284. CNN filed a Response in Opposition on November 2, 2021. ECF No. 30, PageID.314.

Plaintiff also filed a Motion for Leave to Amend the Complaint on December 13, 2021. ECF No. 35, PageID.414. Defendant filed a Response in Opposition on December 28, 2021. ECF No. 36, PageID.417. Plaintiff submitted his Reply on December 29, 2021. ECF No. 37, PageID.447. Plaintiff failed to attach a copy of his proposed amended complaint as an exhibit to his Motion for Leave to Amend the Complaint. However, on January 28, 2022, prior to the Court's resolution of Plaintiff's Motion for Leave to Amend the Complaint, Plaintiff filed an Amended Complaint on the docket. *See* ECF No. 44. On February 15, 2022, CNN filed a Motion to Strike Plaintiff's Amended Complaint. *See* ECF No. 45. That same date,

Plaintiff filed his Response to CNN's Motion to Strike Plaintiff's Amended Complaint. *See* ECF No. 46.

Finally, on July 20, 2021, without first seeking leave of Court, non-party Jason Goodman filed an Amicus Curiae brief. On February 16, 2022, Plaintiff filed two separate Motions to Strike Goodman's Amicus Brief. *See* ECF Nos. 49, 50.

Upon review of the parties' submissions, the Court concludes oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve the pending motions on the briefs.[1] *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, CNN's Motion to Dismiss [#15] will be granted, Plaintiff's Motion for Leave to Amend [#35] will be denied and CNN's Motion to Strike Amended Complaint [#45] will be granted. Because neither the Federal Rules of Civil Procedure nor the Local Court Rules authorize the filing of a non-party's amicus brief, the Court will STRIKE Mr. Goodman's Amicus Curiae Brief [#20]. *See* FED. R. CIV. P. 7; *Stepler v. Warden, Hocking Corr. Facility*, No. 2:12-cv-1209, 2013 U.S. Dist. LEXIS 86209 (S.D. Ohio June 18, 2013). As such, the Court will deny Plaintiff's Motions to Strike as moot. *See* ECF Nos. 49, 52. Finally, the Court will deny Plaintiff's Request to Change Venue [#25].

---

[1] The Court will DENY Plaintiff's Motion to Request an Extension of Time or Zoom Venue [#11] as the pending motions are being resolved on the briefs.

## II. FACTUAL BACKGROUND

Plaintiff is a "self-financed, citizen journalist" who alleges CNN's campaign of false and vicious attacks against him began in June of 2017. ECF No. 1, PageID.2–3. Plaintiff claims CNN made at least three "defamatory television broadcasts" falsely reporting that Plaintiff created a "news hoax" to cause alarm concerning the Port of Charleston. *Id.*

Plaintiff also maintains CNN continued its attacks on him in June of 2020 by making "outlandish and false claims that somehow [Plaintiff] wished harm on the subjects of his [March 2020] news reports." *Id.* at PageID.4. Plaintiff asserts CNN anchors made false claims that Plaintiff encouraged bullying of the "October 2019 NATO Military Games Coronavirus victims." *Id.* at PageID.5. Finally, in a broadcast on October 28, 2020, CNN made additional false accusations about Plaintiff's conduct and his March 2020 reporting. *Id.* at PageID.11–12. Plaintiff further alleges that CNN made grossly misleading statements in a news story claiming Plaintiff was the source of a separate news story concerning a uranium plant in Ohio. *Id.* at PageID.7–8. Plaintiff asserts CNN refused to correct their misleading statements despite dozens of requests to correct the record *Id.* at PageID.8. Plaintiff further complains that CNN republished these false and defamatory accusations to its 41,000,000 social medial followers. *Id.* at PageID.6–7.

### III. PROCEDURAL POSTURE

Plaintiff filed the instant action on October 31, 2020. ECF No. 1. He paid the filing fee on November 13, 2020. On November 6, 2020, non-party, D.G. Sweigert filed a Motion to Change Venue. *See* ECF No. 3. D.G. Sweigert and Plaintiff are brothers. The Court denied the Motion to Change Venue on June 4, 2021 without holding oral argument. *See* ECF No. 8.

The Court also issued an Order for Plaintiff to Show Cause why the Case Should not be Dismissed for failure to prosecute on June 4, 2021. ECF No. 10. The order resulted from Plaintiff not yet serving CNN with the summons or copy of the Complaint by that date.

On June 18, 2021, Plaintiff filed a Response to the Court's Show Cause Order. *See* ECF No. 12. On June 21, 2021 and June 22, 2021, the Clerk's Office issued summonses that Plaintiff recently requested, presumably upon realizing from this Court's Order to Show Cause that this action was close to dismissal for his failure to timely serve the Defendant. *See* ECF Nos. 11, 12. In his Response, Plaintiff argues that he has "successfully served numerous Defendant's [sic] in a pro se lawsuit in [the] District of Columbia in 2017 using a process server" but "COVID restrictions have added to some of the administrative process complexity for obtaining a proper Summons from the Court." *Id.* at PageID.62. Plaintiff served

CNN with the Summons and Complaint on June 28, 2021—eight months after he

initiated this lawsuit.

## IV. DISCUSSION

### A.  Request for Change of Venue

#### 1.  Standard of Review

Section 1404(a) of the United States Code, or otherwise known as the *forum*

*non conveniens* statute, provides that:

> For the convenience of parties and witnesses, in the interest of justice,
> a district court may transfer any civil action to any other district or
> division where it might have been brought or to any district or division
> to which all parties have consented.

The Supreme Court discussed § 1404(a) in *Atlantic Marine*, finding that "when a

defendant files such a motion … a district court should transfer the case unless

extraordinary circumstances unrelated to the convenience of the parties clearly

disfavor a transfer." *Atlantic Marine Const. Co., v. U.S. Dist. Court for Western*

*Dist. Of Texas*, 571 U.S. 49, 52 (2013).  The Sixth Circuit has also found that

§ 1404(a) gives district courts broad discretion to determine when the convenience

of the parties or when the interest of justice makes a transfer appropriate.  *See Reese*

*v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Phelps v. McClellan*, 30

F.3d 658, 663 (6th Cir. 1994)).

Courts can consider six factors in evaluating a *forum non conveniens* motion.

*See id*.  The factors take into consideration the private interests of the litigants as

well as public interests.  *See Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984).   These factors include: (1) the convenience of the parties and witnesses, (2) the accessibility of evidence, (3) the availability of process to make reluctant witnesses testify, (4) the costs of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice.  *Reese*, 574 F.3d at 320 (citations omitted).  The movant bears the burden of demonstrating that "fairness and practicality strongly favor the forum to which transfer is sought."  *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001); *see also D'Amato*, 341 F. Supp. 2d at 749.  The moving party must make this showing by a preponderance of the evidence.  *Amphion Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d  973, 946–47 (E.D. Mich. 2003) (citing *Thomas*, 131 F. Supp. 2d at 936; *Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995)).

## 2.  Analysis

Plaintiff requests the Court transfer this case to the Northern District of Georgia.  However, Plaintiff's request to transfer fails to demonstrate convenience to the parties, convenience to the witnesses, additional costs in obtaining the witnesses, or ease of access to sources of proof.

Here, Plaintiff fails to provide evidence supporting convenience of the parties and therefore cannot meet his burden.  Rather, Plaintiff merely makes generalized

-7-

statements, including that "I hope to reduce my travel expenses to interview witnesses and gather information for discovery." ECF No. 25, PageID.287. Much like the conclusory statement in *Oliver v. FCA US LLC* where Mr. Oliver stated that all "of the evidence, witnesses, photographs, and other related materials are located in the Northern District of Georgia," Plaintiff Sweigert fails to provide "evidence to support such vague allegations and has thus has not met his burden." No. 19-cv-11738, 2020 U.S. Dist. LEXIS 101022, *8 (E.D. Mich. June 10, 2020). Plaintiff has not produced any documentation demonstrating that travelling to Michigan would pose a significant financial hardship. This lack of evidence cannot carry the weight necessary to support the request for transfer. *See United States v. Currency $96,770*, No. 16-CV-11185, 2016 U.S. Dist. LEXIS 175451, at *17 (E.D. Mich. Dec. 20, 2016).

Nor has Plaintiff provided proof that there would be any issues regarding convenience to the witnesses or the cost of obtaining witnesses. Plaintiff fails to allege that any witnesses are unwilling to travel to Michigan for the proceedings. Plaintiff has not even asserted which witnesses would be required to appear or what information they would provide. This failure to provide sufficient evidence creates a challenge as "[o]nly when the Court is armed with such information can it properly assess the convenience of the witnesses." *Thomas*, 131 F. Supp. 2d at 937. By putting forth no evidence, this factor weighs against issuing a transfer because

Plaintiff fails to meet the burden of a preponderance of the evidence.  *See generally D'Amato*, 341 F. Supp. 2d at 751.

With respect to the ease of accessing sources of proof, "the location of relevant documents is of no consequence."  *See Oliver*, 2020 U.S. Dist. LEXIS 101022, at *11;  *see also Davis v. Snyder*, No. 13-cv-14709, 2013 U.S. Dist. LEXIS 173733, at *12 (E.D. Mich. Dec. 12, 2013) ("[M]odern photocopying technology and electronic storage deprive this issue of practical or legal weight … [t]he location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing document.") (quoting *Roller Bearding Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 390 (D. Conn. 2008)).

Accordingly, for the reasons discussed, Plaintiff fails to demonstrate transfer of venue is warranted and his request will be denied.

## B.  Motion to Dismiss

### 1.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss complaints for "failure to state a claim upon which relief can be granted."  To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A "claim is facially plausible when the plaintiff 'pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951–52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Determining plausibility is "a context-specific task that require the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The complaint must contain "more than labels and conclusions" to survive dismissal. *Twombly*, 550 U.S. at 545. Courts must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Loc. 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014).

### 2. Analysis

Defendant moves to dismiss Plaintiff's Complaint in its entirety for its failure to plead defamation with sufficient specificity where he does not identify the exact words CNN used that allegedly defamed him. Federal courts sitting in diversity apply the substantive law of the forum state and federal law in deciding procedural issues. *See Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019); *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991) (citing *Guar. Trust Co. v. York*, 326 U.S. 99 (1945)).

As an initial matter, CNN correctly denotes that the Court has yet to resolve its June 4, 2021 Order to Show Cause. *See* ECF No. 15, PageID.91. Upon review of the Plaintiff's response to the Court's Order to Show Cause, the Court concludes

Plaintiff has not demonstrated good cause for his failure to timely effectuate service on the Defendant. Rule 4 of the Federal Rules of Civil Procedure required that Plaintiff effect service of process of the original complaint within 90-days from initiating the action. *See* FED. R. CIV. P. 4(m); *see also Dubay v. Craze*, 327 F. Supp. 2d 779, 782 (E.D. Mich. 2004) (it is "well-established that the applicable rules concerning service of a complaint are procedural matters for which federal courts rely on their own procedural rules.").

Here, Plaintiff failed to request a summons until June of 2021. Plaintiff asserts that he successfully served Defendant in a 2017 lawsuit in the District of Columbia. Plaintiff therefore understands that he is responsible for requesting a summons and he does not explain why he failed to request a summons until roughly eight months after filing his Complaint. *See* FED. R. CIV. P. 4(c); E.D. Mich. L.R. 4.1 ("A party … who initiates a proceeding in which the issuance of process is required by statue, rule or order must prepare all required forms" and "[w]here necessary, the party must present the process to the Clerk for signature and sealing.").

As such, Plaintiff has failed to show good cause for extending the summons in this matter. *See Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996); *see also El v. Oakwood Annapolis Hosp.*, No. 17-10740, 2017 U.S. Dist. LEXIS 213477 (E.D. Mich. June 21, 2017). Rather, Plaintiff asserts vague "COVID restrictions" having impacted the "administrative process complexity for obtaining a proper Summons

from the Court." ECF No. 12, PageID.62. Yet the record reveals that Plaintiff could send the requisite forms to the Clerk's office in June of 2021, and the summonses were promptly mailed out to CNN. *See* ECF Nos. 11, 13. There was no complexity with respect to the process; Plaintiff merely failed to follow the applicable procedural rules. Because the Court concludes Plaintiff has failed to demonstrate good cause for extending the summonses in this matter under Rule 4(m), the Clerk's office improperly issued the summonses prior to the Court's resolution of its Order to Show Cause. Thus, Plaintiff failed to timely serve CNN with the Summons and copy of the Complaint and has not demonstrated good cause for his failure. Plaintiff's Complaint is therefore subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint is also subject to dismissal on the merits. Plaintiff fails to allege sufficient specificity about the contested statements, including the exact words used, who made them, in what context the statements were made, and the exact date they were made, except for one purported defamatory statement made on October 28, 2020. In Michigan, a defamation claim's four elements are:

> (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication.

*Smith v. Anonymous Joint Enterprise*, 487 Mich. 102, 113 (2010) (citing *Mitan v. Campbell*, 474 Mich. 21, 24 (2005)). "A plaintiff claiming defamation must plead a defamation claim with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Adamo Demolition Co. v. Int'l Union of Operating Engineers Local 150*, 439 F.Supp.3d 933, 945 (E.D. Mich. 2020) (quoting *Thomas M. Cooley Law Sch. v. Doe*, 300 Mich. App. 245, 262 (2013)). Michigan law also requires defamation claims to specify the defamatory statements,[2] and facts supporting alleged "falsity, negligence, or reckless disregard for the truth." *Rouch v. Enquirer & News of Battle Creek Michigan*, 440 Mich. 238, 279 (1992) (Riley, J., concurring).

Here, while the Court notes Plaintiff's pleading is not a model of clarity, from what the Court can discern it appears the Complaint alleges three statements in support of Plaintiff's defamation claim. First, sometime in June of 2017, Plaintiff alleges CNN falsely reported that Plaintiff created a "news hoax in the Port of Charleston." ECF No. 1, PageID.3. Plaintiff's allegations do not identify the speaker of this statement, nor does he provide the exact words used, the context within which they were made or the exact date they were broadcast. Second,

---

[2] Michigan courts describe a defamatory statement as one that "tends to harm the reputation of another by lowering that person's estimation within the community or by deterring third persons from associating or dealing with him." *Mich. Microtech, Inc. v. Federated Publ'n Inc.*, 187 Mich. App. 178, 182 (1991) (citing *Nuyen v. Slater*, 372 Mich. 654 (1964)).

Plaintiff complains that sometime in June of 2020, reporter Donnie Sullivan reported that Plaintiff wished harm on victims participating in the 2019 military games. Plaintiff further asserts CNN anchors Jim Scuitto, Poppy Harlow, and Brian Seltzer repeated these false accusations at an unknown time thereafter. Plaintiff's allegations likewise fail to identify the exact words used, the context in which they were made or the exact date they were made. Finally, Plaintiff asserts that on October 28, 2020, CNN made misleading statements about Plaintiff being the source of a news story concerning an Ohio uranium plant. However, the Complaint fails to identify the speaker, the exact words used, or the context within which the October 28, 2020 defamatory statements were made.

"'The essentials of a cause of action for [defamation] must be stated *in the complaint*,' including allegations as to the exact language that the plaintiff contends is defamatory, the connection of the defamatory words to the plaintiff where such words are not clear or are ambiguous, and the publication of the alleged defamatory words." *Bhan v. Battle Creek Health Systems*, 579 F. App'x 438, 446 (6th Cir. 2014) (emphasis in original) (citing *Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1984)). Contrary to FED. R. CIV. P. 8(a)(2), Plaintiff's Complaint does not contain any defamatory statements demonstrating "that the pleader is entitled to relief." The Complaint is devoid of a single statement specifying "the exact language that the plaintiff alleges to be defamatory[,]" thus, the Complaint does not

-14-

articulate a plausible cause of action for defamation.  *Cf. Thomas M. Cooley Law Sch.*, 300 Mich. App. at 262; *see also Heike v. Guevara*, 654 F. Supp. 2d 658, 676 (E.D. Mich. 2009) (applying Michigan law and finding plaintiff "did not plead her defamation cause of action with sufficient specificity" where plaintiff did not identify particular statements); *Williams v. Detroit Bd. of Educ.*, 523 F. Supp. 2d 602, 606 (E.D. Mich. 2007), *aff'd* 306 F. App'x 943 (6th Cir. 2009) (applying Michigan law and finding plaintiff "failed to identify the exact defamatory words that support his defamation claim.").

Plaintiff's claims are subject to dismissal under Rule 12(b)(6) because he fails to provide a verbatim account of the purportedly actionable statements, nor attach a copy of the contested broadcasts.  Moreover, Plaintiff does not identify the speaker for two of the statements at issue and fails to identify the specific dates when two of the statements were made.  A complaint must develop claims with an "appropriate degree of specificity," and the court and the defendant "should not have to guess at the nature of the claim asserted."  *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005).  "Vagueness as to the complained-of conduct is particularly inappropriate when pleading a defamation claim."  *Tannerite Sports, LLC v. NBC Universal News Grp.*, 864 F. 3d 236, 251 (2d Cir. 2017) ("Some specificity is necessary so defendants and courts may address themselves to the parts of a communication alleged to be false and defamatory . . . .").

-15-

CNN also moves alternatively to dismiss claims relating to defamatory statements made before June 28, 2020, arguing they are time barred by the applicable statute of limitations and cannot support a claim for defamation. The statute of limitations for defamation in Michigan is one year. *See* MICH. COMP. LAWS § 600.5805(9); *see also Walker v. Armco Steel Corp.*, 446 U.S. 740, 753 (1980) (holding the statute of limitations of the forum state applies in federal diversity actions). Defamation claims begin accruing when "the wrong upon which the claim is based was done regardless of the time when damage results." MICH. COMP. LAWS § 600.5827. Therefore, "a defamation claim must be filed within one year from the date the claim first accrued." *See Mitan*, 474 Mich. at 24–25 (2005). Additionally, the statute of limitations is not tolled until "the complaint is filed" and "a copy of the summons and complaint are served on the defendant[.]" MICH. COMP. LAWS § 600.5856. Here, because Plaintiff did not serve CNN until June 28, 2021, his claims for statements made before June 28, 2020, are barred by the Michigan statute of limitations and subject to Rule 12(b)(6) dismissal for this additional reason.

## C. Motion for Leave to Amend and Motion to Strike Amended Complaint

### 1. Standard of Review

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Rule 15(a) states:

**(a)    Amendments Before Trial**.

(1) *Amending as a Matter of Course*.  A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it,

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

FED. R. CIV. P. 15(a).  Rule 15(a) is intended to "enable a party to assert matters that were overlooked or were unknown at the time the original complaint or answer was interposed."  *Iron Workers Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F. Supp. 541, 543 (E.D. Mich. 1996).  Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility."  *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 519 (6th Cir. 2001).

Courts "should freely give leave" to amend "when justice so requires."  FED. R. CIV. P. 15(a)(2).  The decision to grant or deny leave to amend falls within "the sound discretion of the trial judge."  *Glob. Lift Corp. v. Hiwin Corp.*, No. 14-cv-12200, 2016 U.S. Dist. LEXIS 133952, *8 (E.D. Mich. Sept. 29, 2016) (quoting *Robinson v. Mich. Consol. Gas Co. Inc.*, 918 F.2d 579, 591 (6th Cir. 1990)).  "The case law in this Circuit manifests liberality in allowing amendments to a complaint."  *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (internal quotation marks

and citation omitted). However, a party seeking to amend "must act with due diligence if it intends to take advantage of the Rule's liberality." *See United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

### 2. Analysis

Plaintiff moves to amend his Complaint with "the additional claim of false light." ECF No. 37, PageID.450. He did not seek concurrence from Defendant, who opposes the amendment. Nor did Plaintiff include a copy of his proposed pleading along with his Motion to Amend. Plaintiff waited until January 28, 2022 to file his proposed amended complaint, or 30 days *after* CNN's Response noting Plaintiff's failure to include his proposed pleading with his motion, and roughly *455 days after* Plaintiff filed his original complaint. Plaintiff should have filed his proposed amendment as an exhibit to his first motion to amend, rather than directly to the docket before the Court ruled on his pending motion. Because Plaintiff has delayed this matter without explanation and fails to demonstrate how his proposed amendment withstands Rule 12(b)(6) scrutiny, as well as improperly filed his pleading on the docket, the Court will DENY his Motion for Leave to Amend and grant CNN's Motion to Strike Plaintiff's Amended Complaint [#45].

Additionally, Plaintiff's proposed amendment does not seek to add specific statements supporting his defamation or false light claims. *See Foundation for Behavioral Resources v. W. E. Upjohn Unemployment Trustee Corp.*, 332 Mich.

App. 406, 410–11 (2010) ("[A] plaintiff must show that the defendant broadcast to the public … information that was unreasonable and highly objectionable[.]"). The Amended Complaint Plaintiff added to the docket still lacks specific defamatory statements that CNN made to third-parties. While the Amended Complaint contained screenshots of what appear to be CNN broadcasts, there are still no specific statements referenced. Granting Plaintiff's Motion for Leave to Amend with his proposed Amended Complaint would thus be fruitless.

Even if Plaintiff's amended allegations cured the deficiencies with his defamation claim, Plaintiff's delay in seeking amendment without explanation is unduly prejudicial to CNN. Plaintiff waited over a year before moving to amend his Complaint even though Defendant timely moved to dismiss it once the Complaint was finally served in June of 2021. Plaintiff's dilatory conduct with the prosecution of his claims suggests bad faith motive and does not support allowing amendment at this juncture. Accordingly, the Court will DENY Plaintiff's motion for leave to amend [#35], STRIKE Plaintiff's Amended Complaint [#44], and GRANT CNN's motion to strike Plaintiff's Amended Complaint [#45].

### D. Amicus Briefs

#### 1. Standard of Review

Federal Rule of Appellate Procedure 29(b) requires proposed amici to show "the reason why an amicus brief is desirable and why the matters asserted are

relevant to the disposition of the case." FED. R. APP. P. 29(b).[3] "There is no right of nonparties generally to submit an amicus brief." 16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, pg. 383 (2021). Instead, "the amicus must file a motion for leave to file the brief" when consent cannot be obtained. *Id.* The amicus brief itself must accompany the motion for leave, FED. R. APP. P. 29(a)(3), and the filings must be served on all parties. FED. R. APP. P. 25(b).

### 2. Analysis

Proposed amici Jason Goodman submitted an amicus brief on July 20, 2021, "to share facts and evidence" concerning alleged fraud. ECF No. 20, PageID.244. He did not seek concurrence from either party and Plaintiff actively opposes the brief's entry. Plaintiff's brother, D. G. Sweigert, seeks leave to file an amicus brief responding to Mr. Goodman's motions. ECF Nos. 56, 58.

The Court will strike Mr. Goodman's amicus brief [#20]. Procedurally, Mr. Goodman's first amicus brief is improper. Mr. Goodman did not seek concurrence from either party prior to filing. Nor did proposed amici file a motion for leave alongside his first amici brief, as required under the Federal Rules governing amici

---

[3] District courts have referenced the federal appellate rules governing amici practice absent another federal rule. *See, e.g.*, *Freed v. Thomas*, No. 17-cv-13519, 2018 U.S. Dist. LEXIS 134249, at *5 (E.D. Mich. Aug. 9, 2018) ("There is no governing standard, rule, or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court.") (quoting *Auto. Club of N.Y., Inc. v. Port Auth.*, No. 11-cv-6746 (RJH), 2011 U.S. Dist. LEXIS 135391 (S.D.N.Y. Nov. 22, 2011)).

practice.  Moreover, Mr. Goodman has not served either party with his filings.  To the extent Mr. Goodman's and Mr. Sweigert's proposed amici briefs are relevant to the present matter's disposition, the Court disagrees.  Mr. Goodman's filings contain conclusory allegations of Plaintiff conspiring with a court employee "to commit fraud on the court."  ECF No. 20, PageID.244; ECF No. 55, PageID.600.  D. G. Sweigert's proposed amicus brief attempts to "provide an accurate and truthful opposition" to Mr. Goodman's recent filing.  ECF No. 56, PageID.619.

Amicus briefs "ought to add something distinctive to the presentation of the issues," and the proposed amici filings are absent of any such insight into Plaintiff's case. 16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, p. 385 (5th ed. 2019).  The Court will therefore STRIKE the Brief of Amicus Curiae Jason Goodman in Support of Defendant's Motion to Dismiss [#20] and DENY his Motion Seeking Leave to File Amended Amicus Curiae [#55].  The Court will also DENY non-party D. G. Sweigert's Motions for Leave of Court to File Amicus Brief [#56, #58].  While the Court acknowledges the non-parties' interest in this litigation, their input is unnecessary for this matter's disposition.

The Court will also DENY Plaintiff's Motions to Strike Malicious and Vexation Amicus Brief Designed to Undermine Authority of this Honorable Court [#49, #52] as MOOT.

## V. CONCLUSION

For the reasons discussed herein, Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) [#15] is GRANTED.

Plaintiff's Motion for Leave to Amend [#35] is DENIED.

Non-Party Jason Goodman's Amicus Curiae brief [#20] is STRICKEN.

Plaintiff's Request for Change of Venue [#30] is DENIED.

Plaintiff's Motion to Request Extension of Time or Zoom Venue [#41] is DENIED.

Defendant's Motion to Strike Plaintiff's Amended Complaint [#45] is GRANTED.

Plaintiff's Amended Complaint [#44] is STRICKEN.

Plaintiff's Motions to Strike [#49, #52] are DENIED AS MOOT.

Non-Party Jason Goodman's Motion for Leave of Court to File Amended Amicus Curiae Brief [#55] is DENIED.

Non-Party D. G. Sweigert's Motions for Leave of Court to File Amicus Briefs [#56, #58] are DENIED.

This cause of action is dismissed.

**SO ORDERED.**

Dated:  March 21, 2022                                      /s/Gershwin A. Drain
                                                                          GERSHWIN A. DRAIN
                                                                          United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 21, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk

**EXHIBIT F**

**LETTER TO PATREON**

**Case 2:20-cv-12933-GAD-KGA ECF No. 22**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division

George Webb Sweigert,

                               Plaintiff,

            -against-                 **CASE: 2:20-cv-12933-GAD-KGA**

Cable News Network

                          Defendant.

---

Non-party declarant
D. G. SWEIGERT, C/O
GENERAL DELIVERY
NEVADA CITY, CA 95959
Spoliation-notice@mailbox.org


Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Pro Se

Plaintiff
George Webb Sweigert
1671 W. Stearns Road, Suite E
Temperance, MI 48182
Tel. 503-919-0748
Georg.webb@gmail.com


Robin Luce Herrmann (P46880)

Jennifer A. Dukarski (P74257)

Javon R. David (P78214)

BUTZEL LONG, a professional corporation

Attorneys for Defendant Cable News

Network, Inc.

41000 Woodward Avenue

Stoneridge West

Bloomfield Hills, MI 48304 (248) 258-1616

Luce-Herrmann@butzel.com

Dukarski@butzel.com

Davidj@butzel.com

---

## DECLARATION OF D. G. SWEIGERT

NOW COMES D. GEORGE SWEIGERT, *pro se* non-attorney third-party, to provide the

attached letter sent to all identified parties of this litigation. The attached is a truthful and

accurate reproduction of the source document.

Respectfully submitted on this 23rd day of July 23, 2021.

**D. G. SWEIGERT, C/O**
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**
**Spoliation-notice@mailbox.org**

# EXHIBIT ONE

*D. GEORGE SWEIGERT*
*Pro Se Non-Attorney*
*GENERAL DELIVERY*
*NEVADA CITY, CA 95959*

**July 21, 2021**

Colin Michael Sullivan #285203
License Status: Active
Address: Patreon,
600 Townsend St, Ste 500
San Francisco, CA 94103-5696

REF:  1:20-cv-07269-VEC-OTW, SDNY

SUBJ:  WARNING CONCERNING ALLEGED WIRE FRAUD

SIR/MADAM:

1.      Essentially this communication creates allegations concerning Patreon knowingly
broadcasting video content produced by an enterprise known as CROWDSOURCE THE
TRUTH, which operates the COUNTER LAWFARE FUND, that smacks of wire fraud.

2.      The latest "litigation stunt" perpetrated by the CROWDSOURCE THE TRUTH
enterprise appears to have been video content placed on Patreon that describes a purported act
of judicial corruption.  The video speakers claim to have evidence of such "corruption" in a
federal court.  These assertions appear to be knowingly false with regards to any "corruption".

3.      As you are well aware New York City attorney John H. Snyder has appeared on these
COUNTER LAWFARE Patreon podcast shows.  Specifically, a podcast video that directly
addressed "fraud on the court" and/or "corruption" in the federal courts of Detroit, Michigan.

4.      These artifacts of so-called "stunt litigation" are the brainchild of the attorneys and para-
legal staff that seem to orbit CROWDSOURCE THE TRUTH like flies.  This group produces
*criminal indictments* as part of its *Citizens Grand Jury* hoax.  Some broadcasts appear to
intimidate federal jurists with social media slurs and smears unless a judicial verdict is rendered,
or a case heard.

5.      The latest alleged instantiation of wire fraud is the transmission of a fraudulent artifact to the U.S. District Court serving Detroit, Michigan, an alleged "fraudulent artifact" known as **ECF document number 20.**

| 07/20/2021 | 20 | AMICUS CURIAE BRIEF by Jason Goodman (DPer) (Entered: 07/20/2021) |
|---|---|---|

*U.S. District Court, Eastern District of Michigan (Detroit) CIVIL DOCKET FOR CASE #: 2:20-cv-12933-GAD-KGA*

6.      John H. Snyder, esq., affirmatively participated in creating said video content (Michigan court "corruption") and may have ghost written **ECF document 20**, which can be said to imply the use of judicial intimidation, through the use of social media, to slur and smear court officials.



The Counter Lawfare Report with Attorney John Snyder – Allegations of Corruption in Federal Court
Crowdsource the Truth 4EVER • 390 views • 1 week ago
**This was originally broadcast on Crowdsource the Truth 5 on June 30, 2021 The Counter Lawfare Report returns to Crowdsource the Truth with a new legal expert. Harvard JD, tech entrepreneur...





7.     Documents filed in federal court suggest that you (Patreon) have exchanged e-mail messages with CROWDSOURCE THE TRUTH after you were made aware of racketeering allegations in 2018.  See **EXHIBIT C-24** in attachment.

8.     These acts of "stunt litigation", that are promoted on Patreon, represent staged litigation drama and are used to apparently fuel fundraising by this group.  The same group with which you (Patreon) apparently exchanged e-mail messages on December 8, 2020 to coordinate the filing of other artifacts of "stunt litigation".  [**EXHIBIT C-24**]

9.     As Larry Klayman, esq. is associated with this group, there is a wealth of expertise in this area of the creation of so-called sham documents which smack of stunt litigation.  This sham stunt litigation drama then becomes the subject of Patreon and YouTube video podcasts that push fund raising for the COUNTER LAWFARE fund (see broadcasts on 01/06/2021 at the U.S. Capitol sponsored by CROWDSOURCE THE TRUTH).  All this activity is alleged to fuel a racketeering enterprise.

10.   Patreon will recall the video podcast series created by the COUNTER LAWFARE REPORT and Brian Vukadinvick, Crown Point, Indiana, that smeared and slurred several Indiana federal judges on the COUNTER LAWFARE REPORT.



11.     Therefore, prepare accordingly as if Patreon were to be sued in Detroit, Michigan for acting as a facilitating accomplice under the federal wire fraud laws with CROWDSOURCE THE TRUTH and their affiliates.

Sincerely,

**D. GEORGE SWEIGERT**

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents

has been filed electronically with pdf copies to all parties.

Jason Goodman                                   George Webb Sweigert
truth@crowdsourcethetruth.org                   Georg.webb@gmail.com

                                                L Robin Luce Herrmann (P46880)
                                                Jennifer A. Dukarski (P74257)
                                                Javon R. David (P78214)
                                                luce-Herrmann@butzel.com
                                                Dukarski@butzel.com
                                                Davidj@butzel.com

I hereby attest that the foregoing is true and accurate under the penalties of perjury.

**D. GEORGE SWEIGERT**
**GENERAL DELIVERY**
**NEVADA CITY, CA 95959**
**Spoliation-notice@mailbox.org**

**EXHIBIT G**

**TRANSFER ORDER**

**HON. GERSHWIN DRAIN**

**Case 1:22-cv-02788-LGS Document 45**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. SWEIGERT,

Plaintiff,

v.

JASON GOODMAN,

Defendant.

_____/

Case No. 22-cv-10002

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER TRANSFERRING PLAINTIFF'S COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, DISMISSING WITHOUT PREJUDICE THE PARTIES' PENDING MOTIONS [#8, #18, #22, #23, #25, #26, #33, #35], AND DISMISSING THIS COURT'S FEBRUARY 11, 2022, ORDER TO SHOW CAUSE

### I. INTRODUCTION

On January 3, 2022, *pro se* Plaintiff George Webb Sweigert filed this diversity action against *pro se* Defendant Jason Goodman, alleging defamation, libel, and slander. ECF No. 1, PageID.2. The genesis of this lawsuit stems from the Defendant's purported defamatory statements that Plaintiff committed fraud in another matter no longer pending before the Court. *Id.* For the reasons stated below, the Court will transfer this matter to the United States District Court for the Southern District of New York and dismisses without prejudice the parties' pending motions.

1

## II. BACKGROUND

All the alleged misconduct in the present case occurred while Plaintiff lived in Georgia, and Defendant resided in New York City, where the Southern District of New York sits.  In July 2021, Defendant submitted a procedurally improper amicus brief in another case before this Court, alleging Plaintiff committed fraud.  *See Sweigert v. CNN, Inc.*, No. 20-cv-12933, 2022 U.S. Dist. LEXIS 50529, at *21 (E.D. Mich. Mar. 21, 2022).  A month prior, Defendant began contacting Court personnel complaining about how *pro se* documents are filed on the Court's electronic case management system.  ECF No. 12, PageID.127.  Defendant began contacting Court personnel after work hours, engaging in a pattern of abusive phone calls.  *Id.*  The Court held a show cause hearing on March 4, 2022, requesting Defendant explain why he should not be sanctioned for his behavior.  *Id.* at PageID.126.  After considering the parties' arguments at that hearing, the Court will decline to impose sanctions against Defendant at this juncture and dismisses the February 11, 2022, Order to Show Cause.

The Court also ordered Plaintiff to submit his filing fee, which the Court had not received by February 11, 2022.  ECF No. 13, PageID.131.  Plaintiff submitted his filing fee three days later.

### III. DISCUSSION

Venue is in the judicial district where either all defendants reside, or where the claim arose and personal jurisdiction exists. *Al-Muhaymin v. Jones*, 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). A district court may transfer any civil action to any other district or division where the action may have been brought, for the convenience of parties and witnesses or in the interest of justice. *See United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805–06 (E.D. Mich. 2000); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

3

The Court concludes that both for the convenience of the parties and in the interests of justice, the present matter must be transferred to the Southern District of New York. Here, neither the Plaintiff nor Defendant reside in Michigan. Defendant is a New York resident, and Plaintiff is a Georgia resident. In fact, Defendant and Plaintiff have another case pending in the Southern District of New York already. *See Goodman v. Bouzy, et al.*, No. 21-cv-10878. The interests of justice thus favor transfer to New York where all parties have already conceded personal jurisdiction. 16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, pg. 369 (2021). Whether the court can assert jurisdiction over Defendant at this time is unclear. Transferring this action to New York is therefore proper. *See Groesbeck v. Bumbo Int'l Trust*, 2013 U.S. Dist. LEXIS 86973, at *4 (S.D. Tx. June 20, 2013) ("Given the difficult nature of the personal jurisdiction issue, the Court avoids it in this case and … transfers the matter … where Defendants have conceded personal jurisdiction exists.").

The Court can also transfer this action *sua sponte*. Pursuant to § 1406, *sua sponte* transfer is permissible even when the venue originally selected is proper under 28 U.S.C. § 1391. *See Marshall v. George*, No. 19-cv-923, 2019 U.S. Dist. LEXIS 210382, at *4–*5 (W.D. Mich. Nov. 15, 2019); *see also Flynn v. Greg Anthony Constr. Co. Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003) (discussing how "Congress has enacted a number of statutes that give federal courts the power to

4

transfer cases sua sponte," including 28 U.S.C. § 1406).  But venue for Plaintiff's lawsuit is not proper in the Eastern District of Michigan.  Notably, because it is unlikely the Court cannot assert personal jurisdiction over the sole Defendant.  *See Miles v. WTMX Radio*, 15 F. App'x 213, 215 (6th Cir. 2001).  Nor does a lack of personal jurisdiction over Defendant prohibit the Court from utilizing § 1406's transfer provision.  *See Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).  The statute instructs district courts to transfer "a case laying venue in the wrong division or district" when "the interest of justice" demands.  28 U.S.C. § 1406(a).  Here, the Court concludes that proper venue lies where a court retains personal jurisdiction over Defendant.  This matter will therefore be transferred to the Southern District of New York for further proceedings.

## IV. CONCLUSION

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a).

IT IS FURTHER ORDERED that the parties pending motions [#8, 18, 22, 23, 25, 26, 33, and 35] are DISMISSED without prejudice.

The Court's February 11, 2022, Order to Show Cause is DISMISSED.

**IT IS SO ORDERED.**

Dated:  April 1, 2022          /s/ Gershwin A. Drain
                                      GERSHWIN A. DRAIN
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 1, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager