USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JASON GOODMAN,                                    :
                                                  :
                          Plaintiff,              :
                                                  :
                                                  :
            -v.-                                  :
                                                  :
CHRISTOPHER ELLIS BOUZY, BOT                       :
SENTINEL, INC., and GEORGE WEBB                    :
SWEIGERT,                                          :
                                                  :
                          Defendants.             :
-------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

21-CV-10878 (AT) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Analisa Torres, United States District Judge:**

Jason Goodman ("Goodman"), proceeding *pro se*, brought this action against

Christopher Ellis Bouzy ("Bouzy"), Bot Sentinel, Inc. ("Bot Sentinel"), and George

Webb Sweigert ("Sweigert") alleging defamation.  Pending before the Court is

Sweigert's motion to dismiss.[1]  For the reasons set forth below, I recommend that

the motion be granted but that Goodman be given leave to amend his complaint

against Sweigert.

---

[1] On April 13, 2022, non-party David George Sweigert ("D.G. Sweigert") filed a
letter seeking the Court's permission to intervene pursuant to Rule 24 of the
Federal Rules of Civil Procedure.  Dkt. Nos. 25–27.  On October 20, 2022, D.G.
Sweigert filed a "Notice to the Clerk of Rule 41(a) Withdrawal."  Dkt. No. 57.
Federal Rule of Civil Procedure 41(a) applies by its terms only to plaintiffs, and as
such, not to a non-party such as D.G. Sweigert.  Nonetheless, D.G. Sweigert's
application to intervene should be considered withdrawn in light of this filing or
otherwise denied as moot.

1

## I.  BACKGROUND

### A.    Factual Background

Goodman brought this defamation action against Bouzy, Bot Sentinel (a U.S. corporation of which Bouzy is the CEO) and Sweigert (together, "Defendants") on December 19, 2021.  Complaint ("Compl."), Dkt. No. 1.  Goodman alleges that Defendants published defamatory tweets and YouTube videos on the Internet falsely stating that he had been accused of rape.  *Id.* ¶¶ 11–17.[2]  Goodman alleges that Bouzy engaged in a multiday "Twitter defamation campaign" against him, making "false, baseless, and unsubstantiated claims."  *Id.* at 3.[3]  As to Sweigert, Goodman alleges that "[o]n or around May 2018" Sweigert published a YouTube video containing a false allegation that Goodman raped an underage woman.  *Id.* ¶14.  Goodman further alleges that "Bouzy coordinated and conspired directly with Sweigert, utilizing false and defamatory information originally published by Sweigert."  *Id.* ¶26.  Notably, Goodman, Sweigert, and D.G. Sweigert have a history of contentious litigation and attempts to intervene in each other's lawsuits, in this District and in others as well.[4]

---

[2] Although at the beginning of his complaint Goodman states that he is bringing a civil action for "defamation, libel, tortious interference, and conspiracy to defame under federal, state, and/or common law," the only cause of action Goodman goes on to assert against Defendants is one for defamation.  Compl.  ¶¶1, 27–35.  Accordingly, the Court reads his complaint as one sounding solely in defamation.

[3] Certain paragraphs in the complaint are not numbered; in these instances, the citation refers to the page number.

[4] Goodman, Sweigert, and D.G. Sweigert are parties to various lawsuits in this District and in the Eastern District of Michigan.  *See, e.g., Sweigert v. Goodman*, No. 22-CV-2788 (LGS) (BCM), Dkt. No. 72 (S.D.N.Y. July 19, 2022) (Sweigert's

## B.   Procedural History

Goodman filed a complaint on December 19, 2021, asserting claims against defendants Bouzy, Bot Sentinel, and Sweigert.  Compl., Dkt No. 1.  On December 30, 2021, Sweigert, proceeding *pro se*, filed an Affidavit in Support of Dismissal ("Sweigert Mot.") on grounds that the Court lacked personal jurisdiction over him. Dkt. No. 9.[5]

On May 20, 2022, after Bouzy and Bot Sentinel had not appeared and Goodman had not taken any further action to advance his case, the Court directed Goodman to respond to Sweigert's motion to dismiss.  Dkt. No. 30.  The Court also directed Goodman to provide further information regarding the status of service on Bouzy and Bot Sentinel, or in the alternative, to make an application to the Court for permission to serve Bouzy and Bot Sentinel electronically.  *Id.*

On June 9, 2022, Goodman filed an opposition to Sweigert's motion to dismiss ("Pl. Opp.").  Dkt. No. 34.  That same day, Goodman filed a "Proof of Service of Process on Christopher Bouzy and Bot Sentinel, Inc." in which he described his

---

defamation suit against Goodman voluntarily dismissed); *Goodman v. Sharp*, No. 21-CV-10627 (VEC), Dkt. No. 66 (S.D.N.Y. July 12, 2022) (suit in which D.G. Sweigert denied intervention); *Sweigert v. Cable News Network, Inc.*, No. 20-CV-12933 (GAD), 2022 WL 842322, at *1 (E.D. Mich. Mar. 21, 2022) (Sweigert's defamation suit against CNN in which the court struck Goodman's amicus curiae brief because he was nonparty and D.G. Sweigert denied leave to file an amicus brief); *Sweigert v. Goodman*, No. 18-CV-8653 (VEC), 2022 WL 168080 at *11 (S.D.N.Y. Jan. 19, 2022) (D.G. Sweigert's defamation suit against Goodman dismissed with prejudice).

[5] The Court construes Sweigert's submission as a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

attempts to serve Bouzy and Bot Sentinel.  Dkt. No. 35.  On June 23, 2022, Sweigert

filed a reply in support of his motion ("Sweigert Rep.").  Dkt. No. 47.[6]  On May 20,

2022, Sweigert's motion to dismiss and D.G. Sweigert's then pending motion to

intervene were referred to me for a report and recommendation.  Dkt. Nos. 31, 52.

On November 9, 2022, an amended order of reference issued, referring various

requests/motions to take judicial notice made by Goodman and D.G. Sweigert.  Dkt.

No. 58.

## II.  DISCUSSION

### A.    Standard of Review

#### 1.    Motion to Dismiss

"Upon motion, the Court must dismiss an action against any defendant over

whom it lacks personal jurisdiction."  *Commodity Futures Trading Comm'n v. TFS-*

*ICAP, LLC*, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019) (citing Fed. R. Civ. P.

12(b)(2)).  "On a 12(b)(2) motion to dismiss, the plaintiff bears the burden of

establishing personal jurisdiction over the defendant."  *NuMSP, LLC v. St. Etienne*,

462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (citing *Penguin Grp. (USA) Inc. v. Am.*

---

[6] In addition, Goodman (and D.G. Sweigert) filed multiple requests (some in the
form of motions) that the Court take judicial notice of separate litigation to which
Goodman, Sweigert, and/or D.G. Sweigert are parties.  Dkt. Nos. 22, 36, 37, 51, 53–
55.  Documents filed in other courts are can be appropriate matters for judicial
notice.  *See, e.g., Lopez v. Nike, Inc.*, No. 20-CV-905 (PGG) (JLC), 2021 WL 128574,
at *6 (S.D.N.Y. Jan. 14, 2021), *adopted by* 2021 WL 2207451 (Feb. 16, 2021).
However, the documents of which the Court has been asked to take judicial notice
appear to be irrelevant to the case at hand and as such the Court should deny these
requests/motions.  *See, e.g., Anthes v. New York Univ.*, No. 17-CV-2511 (ALC), 2018
WL 1737540, at *4 (S.D.N.Y. Mar. 12, 2018) (collecting cases) (courts need only take
judicial notice of relevant facts).

*Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)).  "Where the parties have not engaged in discovery, as here, a plaintiff seeking to defeat a motion to dismiss based on the lack of personal jurisdiction need only make a prima facie showing that jurisdiction exists."  *Id.* (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013)); *see also Jimenez v. Bosie, LLC*, No. 19-CV-11570 (ER), 2021 WL 2941916, at *1 (S.D.N.Y. July 12, 2021).  "This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."  *Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 5549039, at *7 (S.D.N.Y. Sept. 16, 2020) (quotation marks and citation omitted).

"*Pro se* plaintiff filings are liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Franklin v. X Gear 101, LLC*, No. 17-CV-6452 (GBD) (GWG), 2018 WL 3528731, at *4 (S.D.N.Y. July 23, 2018) (citation and internal quotations omitted), *adopted by* 2018 WL 4103492 (Aug. 28, 2018); *see also Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (review of *pro se* complaint for sufficiency requires "special solicitude, interpreting the complaint to raise strongest claims that it suggests") (cleaned up).  "However, even the pleadings of *pro se* plaintiffs 'must contain factual allegations sufficient to raise a right to relief above the speculative level.'"  *Franklin*, 2018 WL 3528731, at *4 (quoting *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009)); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice" nor may a court "invent factual allegations" a plaintiff "has not pled." (internal quotations and citations omitted)). Further, the degree of solicitude afforded to a *pro se* plaintiff "may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citation omitted).

## 2.     Service of Process

Rule 4(e) of the Federal Rules of Civil Procedure provides that a plaintiff may effectuate service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") Sections 308 and 311 govern service of process on an individual and corporation, respectively. They allow that:

> [w]hen service cannot be effectuated by traditional means with due diligence—for example by delivering the summons to the person to be served or by substitute service—service may be completed 'by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to . . . [their] last known residence or by mailing the summons by first class mail to . . . [their] actual place of business.

*H Roller Grp., LLC v. C & S Glob., Inc.*, No. 20-CV-5268 (NGG) (RER), 2021 WL 7908034, at *9 (E.D.N.Y. July 1, 2021) (citing N.Y. C.P.L.R. § 308(1)–(2), (4)). This alternative form of service is known as "nail and mail" service. *Id.* Whether nail and mail service is acceptable turns on whether the plaintiff exercised due

diligence, which "is determined on a case by case basis after considering the totality of the circumstances." *Id*. (citations omitted).

## B.   Analysis

### 1.   Sweigert's Motion to Dismiss Should be Granted

Sweigert contends that this Court does not have personal jurisdiction over him, a Georgia resident, because Goodman has not presented facts to support any allegations that Sweigert "is harming [Goodman] in the Southern District of New York" and that whatever controversy might exist between Goodman and Bouzy, he has no connection to it.  Sweigert Mot. at 3.[7]

In a diversity case, a court must evaluate personal jurisdiction according to the law of the forum state, in this case, New York.  *See, e.g., Eldesouky v. Aziz*, No. 11-CV-6986 (JLC), 2014 WL 7271219, at *5 (S.D.N.Y. Dec. 19, 2014) (citations omitted).  Accordingly, the first assessment is whether there is any basis for personal jurisdiction over Sweigert pursuant to N.Y. C.P.L.R. Sections 301 or 302, the New York statutes governing personal jurisdiction.  "If jurisdiction cannot be obtained under the general jurisdiction statute, [§ 301,] it may nevertheless be found pursuant to New York's long-arm statute, § 302(a), which permits specific jurisdiction over a defendant when the plaintiff's claim relates directly to the defendant's New York contacts, however limited." *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 322 (S.D.N.Y. 1998) (citing *Helicopteros Nacionales de Colombia, S.A.*

---

[7] For all references to Sweigert's motion papers, the page numbers cited refer to the ECF filing number.

*v. Hall*, 466 U.S. 408, 414 (1984)).  Under New York's long-arm statute, to make a claim for defamation, a plaintiff must allege that the defendant "transacts any business within the state or contracts anywhere to supply goods or services in the state."  N.Y. C.P.L.R. § 302(a)(1).  Specifically, with regard to personal jurisdiction in defamation cases, New York courts construe the requirement "more narrowly . . . than they do in the context of other sorts of litigation . . . . [a] 'single act' of uttering a defamation, no matter how loudly, is not a 'transact[ion of] business' that may provide the foundation for personal jurisdiction."  *Prince v. The Intercept, et al.,* No. 21-CV-10075 (LAP), 2022 WL 5243417, at *6–7 (S.D.N.Y. Oct. 6, 2022) (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007) ("when the defamatory publication itself constitutes the alleged 'transact[ion of] business' for the purposes of section 302(a)(1), more than the distribution of a libelous statement must be made within the state to establish long-arm jurisdiction over the person distributing it") (citation omitted); *see also, e.g., SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n*, 903 N.Y.S.2d 562, 564–65 (3d Dep't 2010) (defamatory comments on website, coupled with short visits and phone calls to New York and donation of money to New York entity, insufficient for long-arm jurisdiction).

Goodman contends that the Court does have personal jurisdiction over Sweigert pursuant to N.Y. C.P.L.R. Section 302(a)(1), because Sweigert "coordinated" and "enlisted" "non-party" New York residents to "harass and defame

Goodman in person in New York City." Pl. Opp. at 2, 5–6.[8]   Goodman also alleges

that Sweigert "enlisted the services of non-party New York residents to harass and

defame Goodman," *id.* at 5; "communicat[ed] with individuals having specific intent

to defame Goodman in New York," *id.* at 6; conspired with D.G. Sweigert to

disseminate and utilize information published on www.sdny.org and www.sdny.info,

two websites that Goodman alleges D.G. Sweigert operates that purportedly

function as a "news outlet" for the Southern District of New York, *id.* at 2; and sent

"email correspondence" to the New York State Attorney General.  *Id.* at 6.  These

---

[8] In support of his argument, Goodman requested that the Court take judicial notice of a separate lawsuit filed by Sweigert against Goodman in this District.  Dkt. Nos. 36, 37.  Sweigert brought the suit to which Goodman refers on January 3, 2022, but then on July 18, 2022, voluntarily dismissed it, stating he would refile "in a more appropriate [j]urisdiction."  *Sweigert v. Goodman*, No. 22-CV-2788 (LGS) (BCM), Dkt. No. 71 (S.D.N.Y. July 19, 2022).  Because Sweigert availed himself of this District in his own suit, Goodman argues that the Court now has personal jurisdiction over Sweigert in this case.  Although Goodman does not explicitly contend in his opposition papers that the Court has general personal jurisdiction over Sweigert, to the extent he is making such an argument here, it fails.  "A court may exercise general jurisdiction over an out-of-state defendant if the defendant engages in continuous, permanent, and substantial activity in New York."  *Bergrin v. United States*, No. 19-CV-9681 (VSB), 2022 WL 912280, at *10 (S.D.N.Y. Mar. 28, 2022) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000)) (citation and quotation marks omitted).  Sweigert's brief lawsuit against Goodman in this District does not qualify as "continuous," "permanent," or "substantial."  *See, e.g., Noval Williams Films LLC v. Branca*, 128 F. Supp. 3d 781, 787–88 (S.D.N.Y. 2015) (involvement in separate litigation in this District "does not provide the Court with general jurisdiction over Defendants, particularly where no court has specifically ruled that there is general jurisdiction").  Moreover, the court in Sweigert's action did not make a decision regarding personal jurisdiction over Sweigert, not only because Sweigert dismissed the action soon after filing it, but also because Sweigert was the plaintiff, so the court would not have considered the issue.  Regardless, whether Sweigert has availed himself of courts in this District has no bearing on whether this Court has jurisdiction over him, as a defendant, in this action.  Accordingly, the Court does not need to take judicial notice of this prior lawsuit.

allegations, however, are not specific enough to sustain a defamation claim under New York's long-arm statute.

Even liberally construing Goodman's complaint and his opposition papers, at best, his allegations amount only to "minimal and attenuated New York contacts" that are insufficient to support a claim of defamation. *Khalil v. Fox Corp.*, No. 21-CV-10248 (LLS), 2022 WL 3370826, at *1 (S.D.N.Y. Aug. 16, 2022) (citations omitted).[9] Goodman has not alleged that Sweigert personally traveled to New York or that any defamatory information Sweigert might have provided to Bouzy, Bot Sentinel, or D.G. Sweigert was "specifically targeted at New York residents." *Khalil*, 2022 WL 3370826, at *1 (citation omitted). Even if he had provided specificity, to the extent Goodman is asserting claims of conspiracy against Sweigert, the "conspiracy theory of jurisdiction is not available under Section 302(a)(1), which is for business transactions, not torts." *Id.* (citations omitted). In sum, Goodman has not sufficiently alleged that Sweigert transacts any business within the state and the Court thus lacks personal jurisdiction over Sweigert pursuant to New York's long-arm statute.[10]

---

[9] Goodman is a frequent litigant and can no longer be considered a novice in the law. As such, it is at least arguable whether he should continue to receive special solicitude from the Court and have his submissions liberally construed notwithstanding his *pro se* status. *See, e.g., Tracy*, 623 F.3d at 102 ("the appropriate degree of special solicitude is not identical with regard to all *pro se* litigants").

[10] Goodman does not allege in his opposition papers, and neither does he have, a basis for personal jurisdiction over Sweigert under N.Y. C.P.L.R. Sections 301 or 302(a)(2) or 302(a)(3). "Under New York's general jurisdiction statute, § 301, personal jurisdiction is proper if the defendant is 'doing business' in New York so as

2.      **Goodman Should Be Given Leave to Amend**

A court must "freely" grant leave to amend a complaint when "justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Where a cause of action is dismissed due to deficient pleading, leave to amend should generally be granted."  *Watkins v. City of New York Kings Cty.*, No. 14-CV-1512 (RRM) (LB), 2014 WL 4075769, at *4 (E.D.N.Y. Aug. 15, 2014) (collecting cases).  Moreover, the Second Circuit has emphasized that "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  Denial of leave to amend may result upon a finding of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Although Goodman has not sought permission to amend, the Court nonetheless recommends that he be given leave to do so, in order to allow him a final opportunity to plead facts with specificity that could support a finding of personal jurisdiction.  *See, e.g., Straker v. Metro. Transit Auth.,* 333 F. Supp. 2d 91,

---

to establish a presence in the State."  *Karabu Corp.*, 16 F. Supp. 2d at 322.  Further, "Sections 302(a)(2) and (3) . . . explicitly exempt causes of action for the tort of defamation."  *Best Van Lines, Inc,* 490 F.3d at 244–45.

102 (E.D.N.Y. 2004) ("[T]he court, on its own initiative, may require the parties to amend to avoid dismissal.").  Goodman has not previously submitted any amendments to his complaint, this is the first time the issue of personal jurisdiction will be adjudicated, there is nothing in the record to suggest that an amended complaint would prejudice the Defendants, and the Court does not otherwise identify any factors that should serve as an obstacle to Goodman's filing of an amended complaint.  Accordingly, Goodman should be given the opportunity to plead cognizable jurisdictional facts.  *See, e.g., Laborers Loc. 17 Health & Ben. Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 605 (S.D.N.Y. 1998) (dismissal for lack of personal jurisdiction with leave to amend "to plead facts that could support a finding of jurisdiction"); *see also, e.g., Shakespeare v. Live Well Fin., Inc.*, No. 18-CV-7299 (SJF) (AYS), 2020 WL 5525212, at *4 (E.D.N.Y. Sept. 15, 2020) ("where the possibility exists that the defect can be cured, leave to amend at least once should normally be granted unless doing so would prejudice the defendant") (citations omitted).

### 3. Goodman Should Be Directed to Move for a Default Judgment Against Bouzy and Bot Sentinel

Bouzy and Bot Sentinel have failed to appear despite Goodman's proper service of the complaint on them.  On February 7, 2022, Goodman filed a document titled "Summons Return Executed," which demonstrated that a process server had made three attempts to serve Bouzy at his residence (and, according to Goodman, also Bot Sentinel's primary place of business).  Dkt. Nos. 21, 35.  After the third time, the process server posted the documents to Bouzy's door and on January 19,

12

2022, sent the documents to the same address by certified mail.  Dkt. No. 21 at 3.[11]

The process server's actions satisfy New York's service of process requirements.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served

following the procedure laid out in the applicable state law, here, New York:

> In New York, the forum state, service of process upon a
> natural person may be effected by: (1) personal service
> within the state; (2) delivering the summons within the
> state to a person of suitable age and discretion at the
> individual's actual place of business, dwelling, or usual
> abode as well as mailing it to the individual; (3) delivering
> the summons within the state to the individual's agent;
> (4) where service under (1) and (2) cannot be made after
> due diligence, affixing the summons to the individual's
> actual place of business, dwelling, or usual abode as well
> as mailing it to the individual; or (5) in such manner as
> the court directs if service is impracticable under (1), (2),
> and (4).

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 117

(S.D.N.Y. 2010) (citing N.Y. C.P.L.R. § 308).  If the first two methods cannot be

employed "with due diligence," a plaintiff may use the "nail and mail" method.  *See*

*H Roller Grp., LLC,* 2021 WL 7908034, at *9.  When evaluating if a plaintiff

attempted the first two methods with due diligence, New York courts generally

require "approximately three attempts at service, optimally on non-consecutive

days*." J & J Sports Prods., Inc. v. Morocho*, No. 18-CV-2303 (AMD) (RML), 2019

WL 1339198, at *4 (E.D.N.Y. Feb. 27, 2019) (citations omitted), *adopted by* 2019 WL

1333245 (Mar. 25, 2019).  Courts also consider whether the process server

attempted process at different times of the day, outside of business hours, spoke to

---

[11] For all references to Goodman's proof of service submission, the page numbers
cited refer to the ECF filing number.

any neighbors, or attempted to serve at a business address. *Id.* ("The due diligence requirement also refers to the quality of the efforts made to effect personal service," for example, "learning the working habits of the defendant from neighbors," or "attempting to check telephone listings or government records to determine the defendant's whereabouts") (cleaned up).

Here, the process server's attempts to serve Bouzy and Bot Sentinel personally prior to proceeding with "nail and mail" service were sufficient to constitute due diligence. The process server attempted to make personal service three times on January 12, 2022 at 1:25 p.m., January 14, 2022 at 1:05 p.m., and January 15, 2022 at 4:10 p.m. Dkt. No. 21 at 2. The first two attempts, although occurring at the same time of day (1:25 p.m. and 1:05 p.m.), were not on consecutive days. The third attempt was on a consecutive day, but at a different time (4:10 p.m.). Because the process server declared that upon his first attempt Bouzy "responded to the doorbell, identifying himself, but refusing to open the door," he had no reason to go elsewhere or look for another address. *Id.* at 2. The process server attempted personal service on two more occasions, one on a Saturday (outside of working hours). Considering the totality of the circumstances, Goodman has sufficiently satisfied the due diligence requirement before proceeding with "nail and mail" service and thus has properly served Bouzy and Bot Sentinel.

In sum, Bouzy and Bot Sentinel have been properly served but, to date, no answer has been filed and no appearance has been entered on their behalf. Accordingly, Goodman should be directed to move for a default judgment against

14

them by a date certain.  If he fails to do so, the case as against Bouzy and Bot Sentinel should be dismissed for failure to prosecute.

## III.  CONCLUSION

For the reasons stated herein, the Court should grant Sweigert's motion to dismiss at docket numbers 19 and 20, but Goodman should be given leave to amend his complaint against Sweigert.  The Court should deny D.G. Sweigert's motion to intervene at docket number 25 as moot and deny the motions for judicial notice at docket numbers 36, 50, 51, and 55.  Finally, the Court should direct Goodman to move for a default judgment against Bouzy and Bot Sentinel.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections.  *See* Fed. R. Civ. P. 6(a), (b), (d).  A party may respond to any objections within fourteen (14) days after being served.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Torres.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  *See Thomas v.*

15

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis,*

*Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated:  New York, New York
      November 10, 2022

JAMES L. COTT
United States Magistrate Judge

16