IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN

        Plaintiff,

vs.

CHRISTOPHER ELLIS BOUZY, BOT
SENTINEL INC.,

        Defendants

Case No.: 1:21-cv-10878-AT-JLC

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT, PERMANENT
INJUNCTION, DAMAGES, FEES, AND
COSTS**

Pursuant to the Report and Recommendation of the Honorable James L. Cott, (ECF No. 59) and Federal Rule of Civil Procedure 55(b)(2), Jason Goodman, by and for himself pro se ("Goodman" or "Plaintiff") respectfully submits this memorandum of law in support of his Motion for Default Judgment, Permanent Injunction, Damages, Fees and Costs against Christopher Ellis Bouzy ("Bouzy") and Bot Sentinel, Inc. ("Bot Sentinel") collectively hereinafter ("Defendants").  For the reasons set forth below, Plaintiff respectfully requests the following relief against Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction of Defendants collectively and severally: 1) the entry of a final judgment and permanent injunction by default in order to prevent Defendants from infringing Plaintiff's rights in the future; and 2) an award of damages as a result of Defendants' malicious acts calculated to harm Plaintiff, as well as costs and fees associated with filing and pursuing this legal action.

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT
JUDGMENT, PERMANENT INJUNCTION, DAMAGES, FEES, AND COSTS - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# BACKGROUND

On December 19, 2021, Plaintiff filed a Complaint alleging defamation, libel, tortious interference, and conspiracy to defame under federal, state, and/or common law.  On June 9, 2022, Plaintiff filed Proof of Service of Process on Defendants (ECF No. 35).  On November 10, 2022, the Report and Recommendation from the Honorable James L. Cott determined that the Court should direct Goodman to move for a default judgment against Bouzy and Bot Sentinel.  Pursuant to that recommendation, Plaintiff submits this memorandum of law in support of his motion for a default judgement.

# STATEMENT OF FACTS

Defendant Christopher Bouzy ("Bouzy") is the founder and CEO of Bot Sentinel, INC. Bot Sentinel claims to be a benevolent online tool that is financially supported by donations from users.  Bot Sentinel is actually a public relations façade that allows Bouzy to manipulate social media, malign his enemies and elevate his allies with arbitrary ratings and opaque algorithms. Bot Sentinel is a money raising, social engineering platform intended to build Bouzy's credibility by using unknown, inconsistent parameters to identify and vilify "problematic" social media accounts.  In or around December 2020, Bouzy began spreading false, unfounded allegations claiming Goodman had committed a heinous crime.  On December 19, 2020, Goodman sent Bouzy a cease and desist demand via Twitter direct message **(EXHIBIT A)**.  Even after receiving the message, on the morning of December 20, 2020, Bouzy repeated the false allegations, with malice, knowing them to be false or at least recklessly ignoring the truth with intent to harm Goodman.  This behavior demonstrates

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION, DAMAGES, FEES, AND COSTS - 2

Defendants believe they can ignore the truth, the law and the authority of this Honorable Court.  Defendants have willfully evaded service while mocking this legal action and the Plaintiff.  Defendant has substantially damaged Plaintiff's income with false claims, mass complaints against Plaintiff's Twitter, YouTube and other social media accounts and other tortious acts.  For the reasons set forth below, Plaintiff respectfully requests the following relief against Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction of them each collectively, and severally: 1) the entry of a final judgment and permanent injunction by default in order to prevent Defendants from infringing Plaintiffs' rights in the future; and 2) an award of damages, costs and fees associated with this legal action.

## ARGUMENT

I. **DEFAULT JUDGEMENT IS APPROPRIATE BECAUSE DEFENDANT HAS FAILED TO ANSWER THE COMPLAINT AND THE TIME TO ANSWER HAS EXPIRED**

Fed R. Civ. P. Rule 12 (C) States, "A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time."  The Court has determined that Defendants have been properly served.  More than 21 days have elapsed, and Defendant has not answered.  The Court should grant a default judgment in Plaintiff's favor.

II. **DEFAULT JUDGEMENT IS APPROPRIATE BECAUSE BOT SENTINEL IS NOT REPRESENTED BY COUNSEL**

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION, DAMAGES, FEES, AND COSTS - 3

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, courts in the Second Circuit have entered default judgment against corporations that repeatedly fail to appear by licensed counsel.  See H. Daya Int'l Co. v. Do Denim LLC, 2012 U.S. Dist. LEXIS 92227 (S.D.N.Y. June 29, 2012) (granting plaintiff's motion for default judgment when defendant corporation failed to retain new counsel despite "requirements of the law and the order of this Court."); see also Getty Images (US) Inc. v. Advernet, Inc., 797 F. Supp. 2d 399, 434 (S.D.N.Y. 2011) (finding that defendant corporation's repeated and unexcused failures to obtain counsel in copyright infringement lawsuit constitutes willful default).  See also Grant v. West, 97 CV 6560 (ILG), 97 CV 6561 (ILG), 98 CV 4843 (ILG), 2001 U.S. Dist. LEXIS 19877, at *22 (E.D.N.Y. Nov. 6, 2001) (holding defendant in default after defendant failed to comply with court order requiring it to immediately retain counsel and file a notice of appearance by a specified date).  Bot Sentinel is a corporate entity, and it has not been represented by counsel since Mr. Martinez sent a letter June 21, 2022.  (Dkt. 104.)  Despite numerous opportunities to retain new counsel, Bot Sentinel has failed to do so.  (Dkt. 140.)  Because Bot Sentinel has failed to retain counsel and cannot represent itself in this litigation, Plaintiff respectfully requests that the Court grant the Motion for Default Judgment.

### III.   PLAINTIFF IS ENTITLED TO A PERMANENT INJUNCTION

Plaintiff respectfully requests that the Court permanently enjoin Defendants, their respective officers, agents, servants, employees, successors and assigns, and all

persons acting in concert with or under the direction of Defendants collectively and severally from any further defamatory or libelous conduct or communications of any kind with any third party about Plaintiff.  District courts have authority to grant injunctive relief to prevent further violations of a plaintiff's rights.  Furthermore, a district court has the authority to grant a permanent injunction on a motion for default judgment.  See Restoration Hardware, Inc. v. Lighting Design Wholesaler, Inc., No. 17-cv-5553 (KBF), 2018 U.S. Dist. LEXIS 65099, at *16 (S.D.N.Y. Apr. 18, 2018).  A court may issue a permanent injunction based on a plaintiff's demonstration that it has succeeded on the merits and: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see also Salinger v. Colting, 607 F.3d 68, 80 (2d Cir. 2010) Further, permanent injunctions are normally granted when, such as here, there is "a threat of continuing violations."  Steele v. Bell, No. 11-cv-9343 (RA) (RLE), 2014 U.S. Dist. LEXIS 44976, at *22 (S.D.N.Y. Mar. 3, 2014).

## IV.   PLAINTIFF IS ENTITLED TO COMPENSATION FOR DAMAGES CAUSED BY DEFENDANTS' MALICIOUS ACTS

Plaintiff respectfully submits that if the Court grants his motion for default

judgment against Defendants, he is also entitled to an award for damages, as well as costs and fees associated with this legal action

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court grant his Motion for Default Judgment, Permanent Injunction, Damages, Costs and Fees in its entirety.

Signed this 20th day of November 2022

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION, DAMAGES, FEES, AND COSTS - 6

**(EXHIBIT A)**



Christopher Bouzy on Twitter

https://twitter.com/cbouzy/status/1340646434446688258/photo/3

## CrowdsourcetheTruth

**CrowdsourcetheTruth** @csthetruth

Sponsor exclusive content on Patreon & SubscribeStar
https://t.co/jDjdFQlTGf
https://t.co/u3NR4NiqLQ

**1,172** Following **35.5K** Followers

Joined October 2016

> This is an official demand that you cease and desist from making false public allegations implying that Jason Goodman has been involved in the crime of rape. Jason Goodman has never been accused of rape by any putative victim. Jason Goodman has never been involved in any way in rape. Jason Goodman has never been arrested or charged with any crime. The alleged accusations you referred to on twitter were false allegations made on the internet by a third party with no actual knowledge of or supportive evidence to substantiate the alleged accusations. This communication is your formal notification that statements suggestive that Jason Goodman has been involved in rape are purely false. If you continue to post these statements, you are deliberately ignoring the truth, and this may be sufficient to prove actual malice in any potential litigation. Stop what you are doing relative to Jason Goodman and these false allegations immediately.

Yesterday, 8:31 PM

💬 18          🔁 45          ❤️ 232          ⬆️



**Christopher Bouzy** ✓
@cbouzy

Jason Goodman, the man who falsely accused Wittes of being part of a murder cover up, and called my cell after finding my number on the internet, sent me a cease and desist in DM. Jason doesn't want me tweeting that he threatened me not to tweet about his rape allegations...

8:13 AM · Dec 20, 2020 · Twitter for Android

**42** Retweets   **3** Quote Tweets   **232** Likes

**Christop...** ✓ ⟨⟨ · Dec 20, 2020
Replying to @cbouzy
Until creepy Jason Goodman called me, I had no clue someone previously accused him of rape, and it's a bizarre thing to tell a stranger in a phone call. It's also odd to tell someone they would be part of ongoing litigation if they tweeted about it. Why bring it up?...

💬 4       🔁 9       ❤️ 119

**Christop...** ✓ ⟨⟨ · Dec 20, 2020
The first photo is a selfie of creepy Jason Goodman. Yikes!!! 😬

The second photo is Jason Goodman with Sidney Powell. 🧍

💬 8       🔁 9       ❤️ 98