Apr. 29, 2002, eff. Dec. 1, 2002; Mar. 27, 2003, eff. Dec. 1, 2003; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

**Rule 55. Default; Default Judgment**

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 29, 2015, eff. Dec. 1, 2015.)

**Rule 56. Summary Judgment**

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

| 81 | FEDERAL RULES OF CIVIL PROCEDURE | **Rule 56** |

  (1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
  (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
  (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
  (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
 (d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  (1) defer considering the motion or deny it;
  (2) allow time to obtain affidavits or declarations or to take discovery; or
  (3) issue any other appropriate order.
 (e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
  (1) give an opportunity to properly support or address the fact;
  (2) consider the fact undisputed for purposes of the motion;
  (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
  (4) issue any other appropriate order.
 (f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:
  (1) grant summary judgment for a nonmovant;
  (2) grant the motion on grounds not raised by a party; or
  (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
 (g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
 (h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted

in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

**Rule 57. Declaratory Judgment**

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 58. Entering Judgment**

(a) SEPARATE DOCUMENT. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
    (1) for judgment under Rule 50(b);
    (2) to amend or make additional findings under Rule 52(b);
    (3) for attorney's fees under Rule 54;
    (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
    (5) for relief under Rule 60.
(b) ENTERING JUDGMENT.
    (1) *Without the Court's Direction.* Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:
        (A) the jury returns a general verdict;
        (B) the court awards only costs or a sum certain; or
        (C) the court denies all relief.
    (2) *Court's Approval Required.* Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:
        (A) the jury returns a special verdict or a general verdict with answers to written questions; or
        (B) the court grants other relief not described in this subdivision (b).
(c) TIME OF ENTRY. For purposes of these rules, judgment is entered at the following times:
    (1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or
    (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:
        (A) it is set out in a separate document; or
        (B) 150 days have run from the entry in the civil docket.
(d) REQUEST FOR ENTRY. A party may request that judgment be set out in a separate document as required by Rule 58(a).