UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                Plaintiff,

-against-

CHRISTOPHER ELLIS BOUZY and BOT SENTINEL, INC.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/20/2022_

21 Civ. 10878 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On December 19, 2021, Plaintiff, Jason Goodman, filed his complaint. ECF No. 1. Defendants Christopher Ellis Bouzy and Bot Sentinel, Inc. were served on January 19, 2022. ECF No. 21. On November 20, 2022, Goodman filed a motion for default judgment. ECF No. 60. On November 23, 2022, counsel for Defendants filed a letter stating counsel was recently retained and that Defendants intend to file a motion to dismiss. ECF No. 68. Goodman did not respond to Defendants' letter. On November 30, 2022, Goodman obtained a certificate of default from the Clerk of Court. ECF No. 72. On December 5, 2022, Defendants' counsel filed a notice of appearance. ECF No. 73. On December 8, 2022, the Court directed Defendants to respond to the complaint by December 12, 2022. ECF No. 75. On December 9, 2022, Goodman filed a letter stating that declining to order Defendants to show cause for their failure to timely respond to the complaint would be prejudicial, particularly due to Goodman's *pro se* status. ECF No. 76. On December 12, 2022, Defendants filed a motion to dismiss. ECF No. 78.

    Default is an extreme and disfavored sanction. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Meehan v. Snow*, 652 F.2d 274, 275, 277 (2d Cir. 1981). Where default has already been entered, the Court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). "Good cause" should be construed generously. *Enron Oil Corp.*, 10 F.3d at 96.

    In the absence of a Rule 55(c) motion, the Court may treat opposition to a motion for default judgment as a motion to set aside the entry of default. *Meehan*, 652 F.2d at 276 (citing *Broder v. Charles Pfizer & Co.*, 54 F.R.D. 583 (S.D.N.Y. 1971) and *Albert Levine Assocs, Inc. v. Kershner*, 45 F.R.D. 450, 451 (S.D.N.Y. 1968)). Defendants' letter, ECF No. 68, states that Defendants oppose Goodman's motion for default judgment. Therefore, the Court shall treat Defendants' letter as a motion to set aside the entry of default.

    In deciding whether to set aside default, the Court must consider whether the default was willful, whether setting aside default would prejudice the plaintiff, and whether the defendants can present a meritorious defense. *Meehan*, 652 F.2d at 277. If doubt exists as to whether default should be granted, the doubt should be resolved in favor of the defaulting party. *Enron Oil Corp.*, 10 F.3d at 96.

    Goodman alleges that Defendants' default was willful and that setting aside the default would be prejudicial due to his *pro se* status. *See* ECF No. 76. Defendants have not yet

provided any explanation for their delay.  The Court concludes that it does not have sufficient information to decide Defendants' request to set aside default.

The Court finds that Goodman would not be prejudiced by setting aside the default. Goodman alleges only that he would be prejudiced because of his *pro se* status.  ECF No. 76. But, the degree of lenience offered to a *pro se* plaintiff is lessened where the plaintiff is experienced in litigation.  *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (citation omitted).  Goodman is a frequent litigant, and it is at least arguable whether he should continue to receive special solicitude from the Court.  *Id.*; *see also* ECF No. 82 (adopting R&R, ECF No. 59); ECF No. 59 at 10 n.9; *Goodman v. Sharp et al.*, 21 Civ. 10627 (S.D.N.Y.) (Goodman is a *pro se* Plaintiff); *The National Academy of Television Arts and Sciences, Inc. et al. v. Multimedia System Design, Inc.*, 20 Civ. 7269 (S.D.N.Y.) (Goodman is a *pro se* intervenor); *Sweigert v. Cable News Network, Inc.*, 20 Civ. 12933 (E.D. Mich.) (Goodman sought leave to file an amicus brief).  Further, although Defendants delayed in responding to the complaint for approximately ten months, Goodman also delayed in seeking a default judgment.  He filed his motion for default judgment on November 20, 2022, ECF No. 60, and Defendants responded three days later, ECF No. 68.  And, even if Goodman alleged that Defendants' delay in responding has prejudiced him, delay alone cannot establish prejudice.  *Enron Oil Corp.*, 10 F.3d at 98 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

The Court also finds that Defendants have made a sufficient showing that they have meritorious defenses to Goodman's claims.  ECF No. 79; *see also Davis*, 713 F.2d at 916.  These factors weigh in favor of setting aside default.  But, Defendants have not explained their ten-month delay in responding to the complaint, so the Court cannot determine whether Defendants' default was willful.  Accordingly, by **January 3, 2023**, Defendants shall file a letter explaining the reason for their default.  By **January 3, 2023,** Goodman may file a letter opposing the motion to set aside default.

Additionally, the Court will HOLD IN ABEYANCE decision on Defendants' motion to dismiss, ECF No. 78, until the Court has issued a decision on Defendants' motion to set aside entry of default.

SO ORDERED.

Dated: December 20, 2022
         New York, New York

_____
ANALISA TORRES
United States District Judge