IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTER DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN | Case No.: 1:21-cv-10878-AT-JLC |
| Plaintiff, | |
| vs. | **NOTICE OF MOTION SEEKING SANCTIONS PURSANT TO RULE 11** |
| CHRISTOPHER ELLIS BOUZY, BOT SENTINEL INC., GEORGE WEBB SWEIGERT | |
| Defendants | |

Please take notice that Plaintiff Jason Goodman by and for himself pro se comes now to move this Honorable Court for an order seeking sanctions pursuant to Rule 11(b)(1). Goodman alleges the appearance of Ballard Spahr at this late date is being done solely to harass him, cause unnecessary delay, and needlessly increase the cost of litigation. Evidence that has been acknowledged by the Court indicates Defendants knew of this litigation and publicly mocked it and Goodman for months even while previous counsel Carlos Martinez sent inappropriate and empty threats to Goodman but failed to appear. Defendants have merely resumed the same tactic with an even more sophisticated law firm.

This notice of motion is supported by the safe harbor submission that was served on the Defendants' counsel twenty-one days ago on December 6, 2022, via email (ECF No 74). While the failure to file a notice of appearance and pro hac vice application has been cured in the time since safe harbor notification, it was long after the time to file had expired, and Defendants cannot cure the inherent defect that is answering the complaint so long after the deadline.

NOTICE OF MOTION SEEKING SANCTIONS PURSANT TO RULE 11- 1

As experienced sophisticated attorneys, Ballard Spahr should know better than to attempt to enter a case in this way. This violation of ABA ethics and Federal Rules of Civil Procedure are particularly egregious given Goodman's pro se status. Initial contact with Goodman outside of normal Court procedure cannot be considered a good faith attempt at settlement particularly since no relief, not even a public retraction or apology was offered. Defendants merely continued to harass Goodman vicariously through Ballard Spahr with the threat of appearance as counsel as if they could do that six months late with no impedance.

It would be antithetical to the service of justice and would send a dangerous signal to attorneys and law firms throughout the country if the Court were to allow such a sophisticated litigant this broad leniency with regard to the rules. Failure to sanction Defendants and their attorneys would send a signal to future litigants that the rules can be brazenly ignored with no consequence and would undermine the Court's inherent authority as well as its ability to properly administer justice.

Signed this 27th day of December 2022

Respectfully submitted,

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

NOTICE OF MOTION SEEKING SANCTIONS PURSANT TO RULE 11- 2

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL INC., GEORGE WEBB SWEIGERT,<br><br>    Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**NOTICE OF MOTION FOR SANCTIONS PURSUANT TO FED R CIV P RULE 11** |

Please take notice that plaintiff Jason Goodman, by and for himself pro se, will move the Court for an order sanctioning defendants Christopher Ellis Bouzy ("Bouzy"), Bot Sentinel Inc ("Bot Sentinel") and their attorney Seth Berlin ("Berlin") pursuant to Fed R. Civ. P. Rule 11(b)(1) for the reasons set forth in the attached memorandum.

Signed this 6th day of December 2022

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

NOTICE OF MOTION FOR SANCTIONS PURSUANT TO FED R CIV P RULE 11- 1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>  Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL INC., GEORGE WEBB SWEIGERT,<br><br>  Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED R CIV P RULE 11** |

  Plaintiff Jason Goodman, by and for himself pro se, respectfully submits this memorandum in support of his motion for sanctions pursuant to Fed R. Civ. P. Rule 11(b)(1) against Plaintiffs Christopher Ellis Bouzy ("Bouzy"), Bot Sentinel Inc ("Bot Sentinel") and their attorney Seth Berlin ("Berlin") for the reasons set forth below.

  Berlin is an attorney with the law firm Ballard Spahr.  Berlin first contacted Goodman on November 23, 2022, via email including a letter filed on the docket (ECF No. 68).  Goodman did not respond to the email or the letter because no notice of appearance had been filed and Goodman had already communicated Carlos Martinez, (*See* ECF No. 50 pages 4 – 5) who had claimed to represent Defendants, but also had not filed a notice of appearance.  On December 5, 2022, at approximately 9:30 am, prior to filing a notice of appearance, Berlin sent Goodman a letter via email **(EXHIBIT A)**.  The letter cites the Honorable Analisa Torres' Individual Rules of Practice ("IRP") Rule III.B.ii. which states in part "Before the time to file a responsive pleading has expired, the defendant shall send

MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED R CIV P RULE 11- 1

plaintiff a letter". Goodman is unable to determine what the proper procedure should be after the time to file a responsive pleading has expired. Goodman filed this case December 19, 2021 and provided proof of service on June 9, 2022. Defendants' time to respond expired long ago. Goodman was reluctant to communicate with Berlin in the way he was attempting. On December 6, 2022, after Berlin filed a notice of appearance, Goodman responded to the email, asking Berlin to file his papers on the docket so the case could proceed **(EXHIBIT B)**. Berlin responded insisting the letter complied with Judge Torres' IRP, and urged Goodman to drop the case. Goodman disagrees with Berlin's interpretation of Judge Torres rules and further believes communication at this stage of the case should be on the docket.

## CONCLUSION

Plaintiff Goodman respectfully moves this honorable Court to sanction Defendants' and their Counsel Berlin pursuant to Rule 11(b)(1). Goodman alleges Berlin's partial appearance and failure to move to appear pro hac vice, coupled with his letters that are not in compliance with Fed R. Civ. P., local rules, or Judge Torres IRP, are only more examples of Defendants' effort to further harass Goodman and to cause unnecessary delay.

Signed this 6th day of December 2022

Respectfully submitted,

_____
Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED R CIV P RULE 11- 2

**(EXHIBIT A)**

**Ballard Spahr**
<sub>LLP</sub>
─────────────────────────

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Seth D. Berlin
Tel: 202.508.1122
berlins@ballardspahr.com

Maxwell S. Mishkin
Tel: 202.508.1140
mishkinm@ballardspahr.com

December 5, 2022

Mr. Jason Goodman (truth@crowdsourcethetruth.org)

      Re:    *Goodman v. Bouzy, et al.*, Case No. 1:21-cv-10878-AT-JLC

Dear Mr. Goodman:

Pursuant to Rule III.B.ii. of Judge Torres's Individual Practices, we write on behalf of our clients Christopher Bouzy and Bot Sentinel Inc. (together, "Defendants"). Below, we set out the specific grounds on which Defendants intend to move to dismiss this matter pursuant to Fed. R. Civ. P. 12 and ask that, before requiring us to do so, you voluntarily dismiss the Complaint.

**I.     The Complaint's Allegations and Other Background Facts**

Bouzy is the founder and CEO of Bot Sentinel Inc. Compl. ¶ 10. He regularly publishes comments on Twitter under the handle @cbouzy. *Id.* ¶¶ 10, 12. Bot Sentinel's stated mission is to "help fight disinformation and targeted harassment" online. *Id.* ¶ 10. You (whom we will refer to as "Goodman" for clarity) are "a documentary filmmaker" and "journalist," and the creator of the social media property "Crowdsource the Truth." *Id.* ¶ 5. Goodman previously published on Twitter under the now-suspended handle @csthetruth. *See* Compl., Ex. A at 1.

Unrelated to Bouzy or Bot Sentinel, Goodman had an online dispute with Brookings Institution Fellow Benjamin Wittes. *Id.* at ¶ 10. Specifically, Goodman tweeted that "Wittes refuses to answer serious questions about his role, be it witting or unwitting, in the coverup of Peter Smith's death, which I allege was murder." *Id.*, Ex. A at 1. Bouzy then replied to that tweet, stating that Wittes "gave [Goodman] the opportunity to ask questions" and critiquing Goodman for "spreading unsubstantiated garbage weaved together from [his] imagination." *Id.*

In response to Bouzy's tweet, Goodman called Bouzy, Compl. ¶ 13, and later published a recording of that call online.[1] During the call, Goodman characterized Bouzy's tweet as "insulting" and "bullying," and Bouzy responded that Goodman's accusations against Wittes were bogus. *Id.* Bouzy posed the following hypothetical example: "Let's say I find someone who alleges that you raped them, or, you know, some other piece of evidence that seems credible to me, and I put that online. Then let's say it's not true, and let's say I retract it." *Id.* Remarkably, Goodman responded by *admitting* that there *already* were such allegations against him, stating that, although he had not raped anyone, "You will find a litany of social engineering liars who have been pursuing me for years with false claims along the lines of what you're suggesting. . . . Anyone can put out an allegation that someone has raped someone." *Id.*

---

[1] *See* https://odysee.com/@Crowdsourcethetruth:d/BOUZYBOTSENTINEL:a.

December 5, 2022                                                                                                                Page 2

Goodman also stated that "if you start publishing shit about me . . . we're going to get into a lawsuit," further threatening during the call, "I will sue you for libel and slander."

Goodman then sent Bouzy a direct message (the "DM") stating, "This is an official demand that you cease and desist from making false public allegations implying that Jason Goodman has been involved in the crime of rape."[2]  The DM acknowledged that there were such "false allegations made on the internet by a third party," while contending that person had "no actual knowledge" or "supportive evidence to substantiate the alleged accusations."  *Id.*

After the call and DM, Bouzy tweeted a screenshot of the DM, accompanied by the following statement:  "Jason Goodman, the man who falsely accused Wittes of being part of a murder cover up, and called my cell after finding my number on the internet, sent me a cease and desist in DM.  Jason doesn't want me tweeting that he threatened me not to tweet about his rape allegations" (the "Challenged Statement").  Compl. ¶ 12 & Ex. A at 1.  Goodman asserts a single cause of action for defamation based on the Challenged Statement, contending that it "accuses [him] of a heinous crime and is inherently understood to damage his reputation and standing as a member of society."  *Id.* ¶¶ 21, 27-35.

**II.     Legal Bases for Defendants' Motion to Dismiss**

**A.  Lack of Personal Jurisdiction**:  For all the same reasons why Magistrate Judge Cott recently recommended to Judge Torres that this Court lacks personal jurisdiction over defendant George Webb Sweigert, *see* ECF No. 59, the Court likewise lacks personal jurisdiction over our clients.  First, the Court does not have *general* personal jurisdiction over them because Bouzy is a New Jersey resident and Bot Sentinel is a New Jersey corporation with its principal place of business in New Jersey.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Second, the Court lacks *specific* personal jurisdiction over them in this case.  Under New York's long-arm statute, an out-of-state defendant in a defamation action can only be haled into a New York court if both (i) he "transacts any business within the state or contracts anywhere to supply goods or services in the state," and (ii) there is a substantial relationship between that activity and the claim in question.  CPLR § 302(a)(1); *Licci v. Lebanese Can. Bank, SAL*, 673 F.3d 50, 66 (2d Cir. 2012).  Bouzy's only alleged contact with New York with respect to this claim is having answered the phone when Goodman called him, and such a fleeting contact is insufficient to establish specific jurisdiction.  *See Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, 2019 WL 1434719, at *12 (S.D.N.Y. Mar. 31, 2019).  Moreover, New York courts "do not interpret 'transact[ing] business' to include mere [allegedly] defamatory utterances sent into the state." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007).  Exercising personal jurisdiction over Defendants would likewise violate Due Process.  *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 283-88 (2014).  As is the case under the long-arm statute, the fact that the tweet concerned a New York resident or could be accessed in New York is also insufficient as a matter of law to satisfy Due Process.  *See, e.g.*, *Young v. New Haven Advocate*, 315 F.3d 256, 258-59 (4th Cir. 2002) (Connecticut-based newspapers "did not manifest an intent to aim their websites

---

[2] *See* https://twitter.com/cbouzy/status/1340646434446688258.

or the posted articles at a Virginia audience" even though articles concerned a Virginia prison warden and were accessible in Virginia).

**B.  Failure to State a Claim**:  Under both New York law and the First Amendment, Goodman must plead, *inter alia*, that Defendants [i] published the Challenged Statement, that it was [ii] a materially false [iii] statement of fact, and [iv] that they had subjective awareness of its falsity. Goodman cannot satisfy any of these requirements, and his Complaint fails to state a claim.

First, because Bot Sentinel is not alleged to have published the Challenged Statement, the defamation claim clearly fails against Bot Sentinel.

Second, Bouzy communicated in the Challenged Statement that (1) Goodman had called Bouzy; (2) Goodman told Bouzy that Goodman had been accused of rape; and (3) Goodman threatened to sue Bouzy if he mentioned that accusation publicly.  As Goodman's own recording of the call and his DM both demonstrate, that is a substantially accurate account of their interactions and therefore is not actionable.  *Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986).

Third, because Bouzy attached a copy of the DM, any suggestion about Goodman's character based on that message is a protected opinion based on disclosed facts.  *See Levin v. McPhee*, 119 F.3d 189, 197 (2d Cir. 1977) ("if a statement of opinion either discloses the facts on which it is based or does not imply the existence of undisclosed facts, the opinion is not actionable").

Finally, even if the Challenged Statement were a false statement of fact (and it is not), because it was made in a public forum in connection with an issue of public interest, Goodman must plead – and ultimately prove by clear and convincing evidence – that Bouzy published the Challenged Statement "with actual malice – that is, with knowledge that the statement[] [was] false or with reckless disregard as to [its] falsity."  *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (internal marks omitted); N.Y. Civ. Rights Law § 76-a.  Here, the Complaint alleged only the conclusory assertion that "the Defendants knew the statements to be false and defamatory," and ignores that the statement was based on Goodman's own statements and DM.  Compl. ¶¶ 29-31. Goodman's allegations simply cannot survive dismissal.  *See Biro*, 807 F.3d at 546 (where actual malice standard applies, plaintiff "must plead 'plausible grounds' to infer actual malice by alleging enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of actual malice").  The Complaint's assertion that Defendants published the Challenged Statement "solely out of malice, to malign and injure" Goodman, Compl. ¶ 32, likewise does not satisfy the actual malice test, because ill motive alone "cannot provide a sufficient basis for finding actual malice." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665 (1989).

For the foregoing reasons, we urge you to promptly dismiss your Complaint against our clients with prejudice, or we will ask that the Court do so.[3]

Very truly yours,
/s/
Seth D. Berlin
Maxwell S. Mishkin (*pro hac vice* forthcoming)

---

[3] In the event you do not withdraw this frivolous Complaint voluntarily, we reserve the right to seek the attorneys' fees and costs we reasonably incur in responding to this claim, including under New York's anti-SLAPP statute.

**(EXHIBIT B)**

**From:** Jason Goodman truth@crowdsourcethetruth.org
**Subject:** Re: Goodman v. Bouzy - 21-cv-10878
**Date:** December 6, 2022 at 6:49 AM
**To:** Mishkin, Maxwell S. MishkinM@ballardspahr.com
**Cc:** Berlin, Seth D. BerlinS@ballardspahr.com



This letter seems like an effort to intimidate me. It also seems like a breech of ethics to have sent it prior to appearing on your clients' behalf. It also seems a bit late for a motion to dismiss.

I am not a lawyer so I do not really know.

Please submit your filings to the court and I will respond appropriately.

> On Dec 5, 2022, at 9:30 AM, Mishkin, Maxwell S. <MishkinM@ballardspahr.com> wrote:
>
> Mr. Goodman: Please see the attached correspondence regarding *Goodman v. Bouzy*, Case No. 21-cv-10878-AT-JLC (S.D.N.Y.). Thank you.
>
> **Maxwell S. Mishkin**
> **(he/him/his)**
>
> **Ballard Spahr LLP**
>
> 1909 K Street, NW, 12th Floor
> Washington, DC 20006-1157
> 202.508.1140 DIRECT
>
> mishkinm@ballardspahr.com
> VCARD
>
> ---------------------------------
> www.ballardspahr.com
>
> <Goodman v. Bouzy - 12-5-22 Letter.pdf>

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTER DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>     Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL INC., GEORGE WEBB SWEIGERT<br><br>     Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**CERTIFICATE OF SERVICE** |

It is hereby certified that plaintiff, Jason Goodman, served defendants' counsel Seth Berlin with a Safe Harbor Notice and Motion for Sanctions Pursuant to Fed R. Civ. P Rule 11, 2022, via email BerlinS@ballardspahr.com, MishkinM@ballardspahr.com, and to Defendants Christopher Ellis Bouzy and Bot Sentinel via USPS.

Signed this 6th day of December 2022

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

CERTIFICATE OF SERVICE - 1