# Ballard Spahr
### LLP
————————————

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Seth D. Berlin
Tel: 202.508.1122
Fax: 202.661.2299
berlins@ballardspahr.com

Maxwell S. Mishkin
Tel: 202.508.1140
Fax: 202.661.2299
mishkinm@ballardspahr.com

January 3, 2023

***Via ECF***

The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> **Re:** ***Goodman v. Bouzy, et al.*, Case No. 1:21-cv-10878-AT-JLC**

Dear Judge Torres:

Pursuant to Your Honor's December 20, 2022 Order (ECF No. 83), we respectfully submit this letter on behalf of Defendants Christopher Bouzy and Bot Sentinel Inc. ("Defendants"). We appreciate the opportunity to explain our clients' delay in responding to the Complaint. We have also attached a supporting declaration from Mr. Bouzy.

Because the Court has already determined that (a) Plaintiff Jason Goodman would not be prejudiced by setting aside the default and (b) Defendants can present a meritorious defense, Order at 2, we explain below why their delay in responding was not willful. The Court of Appeals has instructed that, in analyzing that question, the essential task is to "distinguish[] those defaults that, though due to neglect, are excusable, from those that are not." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (reversing denial of motion for relief from default judgment). Accordingly, we review the events since the lawsuit was filed (and ostensibly served) to demonstrate that this case squarely falls into the former category and to ask that the default Mr. Goodman obtained from the Clerk be lifted.

**First**, Defendants repeatedly and publicly indicated their intent to defend this case if it were served. Shortly after the lawsuit was filed, Mr. Bouzy posted a series of tweets expressing his view that (a) the case was meritless and appeared to have been filed solely as a tool for Mr. Goodman to raise money, (b) as a result he was skeptical that Mr. Goodman would ever serve the lawsuit, but that, (c) if he did, Defendants intended to defend it. *See* Bouzy Decl. ¶¶ 4-7 & Exs. 1-3.

**Second**, given that, Mr. Bouzy was in no way trying to evade service, despite what Mr. Goodman and the affidavit submitted by his process server seem to suggest. Rather, as someone whose business involves calling out Internet trolls and other nefarious online actors, Compl. ¶ 7, and who had repeatedly been threatened by a stalker for the preceding several months, Mr. Bouzy was understandably fearful of strangers coming to his home. Bouzy Decl. ¶¶ 8-10 & Exs. 4-5. Thus, when he saw a person "pretend[ing] to be a delivery

January 3, 2023
Page 2

person" who was "snooping around" his yard, he called his local police – something he obviously would not have done had he understood the person was a process server. *Id.* ¶¶ 11-18 & Ex. 6; ECF No. 21 at 5 (process server's similar description of police response); *id.* at 10 (attaching Mr. Bouzy's tweet describing his interaction with police and including a photograph of three officers who responded to the call). On a second attempt at service, Mr. Bouzy was not home and, on the third attempt, the process server left the suit papers affixed to his door, which, as explained below, Mr. Bouzy did not understand to constitute valid service. Bouzy Decl. ¶¶ 19-20.

      **Third**, for the lion's share of the period in question, there has been significant uncertainty on all sides over whether Defendants were in fact served. For his part, Mr. Bouzy did not understand that they were. Bouzy Decl. ¶¶ 20-21. Consistent with that view, in June 2022, Defendants' business counsel sent a letter to Mr. Goodman asserting that they "<u>have not</u> been properly served with your complaint and summons" and that the Court "does not have personal jurisdiction" over them. ECF No. 50 at 4. In that regard, Defendants are both based in New Jersey; they have no connection to New York; and New Jersey's "rules do not authorize 'nail and mail' process" of the type Mr. Goodman's process service relied on here, *Barrett ex rel. Cumberland Ins. Grp. v. Steele*, No. A-3607-07T2, 2008 WL 5156594, at *2 (N.J. Super. Ct. App. Div. Dec. 10, 2008).

      For his part, Mr. Goodman apparently shared that uncertainty over whether his process server had had properly effected service. In July 2022, he filed with the Court a copy of the above-described letter from Defendants' business counsel and requested that the Court waive service or grant "permission to serve [Defendants] electronically." ECF No. 50 at 1. After that July 2022 submission, Mr. Goodman did not file anything else in this case for the next four months.

      Even Magistrate Judge Cott initially expressed uncertainty as to whether Defendants were properly served. Specifically, his May 20, 2022 Order stated that it was "not clear whether defendants Bouzy and Bot Sentinel have been properly served, as it appears the only service was made by mail and not by personal service." ECF No. 30 at 3.

      **Fourth**, months later, on November 10, 2022, Magistrate Judge Cott issued a Report and Recommendation (the "R&R"), which dealt principally with a now-dismissed defendant's challenge to personal jurisdiction. Presumably in an effort to tie up all other open issues as well, the R&R also concluded that Defendants Bouzy and Bot Sentinel had been properly served in accordance with New York law. ECF No. 59 at 12-14.

      Once Defendants learned of the R&R, they promptly retained undersigned counsel and directed us to defend this case on the merits. Bouzy Decl. ¶¶ 24-27. On November 23, 2022, even while still finalizing the engagement, the undersigned notified the Court that (1) Defendants would imminently send Mr. Goodman a pre-motion letter in advance of filing a motion to dismiss the Complaint; and (2) Defendants were aware of Mr. Goodman's efforts to seek a default but believed those efforts to be unwarranted given Defendants' intent to litigate the case on the merits. ECF No. 68. At the time Defendants filed that letter,

January 3, 2023
Page 3

Mr. Goodman had not yet obtained a Certificate of Default from the Clerk, which occurred a week later. *See* ECF No. 72 (Clerk's Certificate of Default issued November 30, 2022).

On December 5, 2022, in the hopes of resolving this case without the need for Defendants to incur the expense of motion practice, we sent Mr. Goodman a detailed pre-motion letter. The next day, he responded by threatening to seek sanctions under Rule 11 against Defendants and their undersigned counsel, ECF No. 74, thereby making it clear that a formal motion to dismiss would be required. On Thursday, December 8, 2022, the Court directed Defendants to respond to Mr. Goodman's Complaint on or before Monday, December 12, 2022. ECF No. 75. Defendants complied with that Order, promptly filing a Motion to Dismiss and supporting papers on December 12, 2022. ECF Nos. 78-81. In an effort to streamline the ultimate adjudication of this case, Defendants focused solely on Mr. Goodman's failure to state a claim and elected not to challenge either service or personal jurisdiction – even though, as explained in Defendants' pre-motion letter, *see* ECF No. 86 at 8-9, there is no basis for the Court to exercise personal jurisdiction over either Defendant.

In sum, for nine of the past ten months, Defendants believed they had not been properly served, a view forcefully expressed by their business counsel, with at least some degree of uncertainty shared by Mr. Goodman himself and by Magistrate Judge Cott. After Magistrate Judge Cott dug further into the issue and issued an R&R concluding otherwise, Defendants acted with dispatch, retaining litigation counsel, filing a notice with the Court, preparing and transmitting a pre-motion letter, and filing a full motion to dismiss, all in a matter of weeks. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 613 (S.D.N.Y. 2012) (default not willful where, "once [defendant] became aware that the Plaintiffs applied for a default judgment, it engaged current counsel to represent its interests"); *Gravatt v. City of New York*, No. 97 CIV. 0354 (RWS), 1997 WL 419955, at *4 (S.D.N.Y. July 28, 1997) (even after entry of default judgment, "the fact that [defendant] immediately responded upon learning of [it] is evidence of a lack of obstructionist motives on their part"). In short, "[t]his is not a case of a willful default," but rather one in which Defendants "made a good faith effort to adhere to the rules of the court" and have demonstrated their "intent to fulfill [their] obligations" as litigants. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97-98 (2d Cir. 1993) (reversing denial of motion to set aside entry of default).

Moreover, additional equities weigh strongly in favor of lifting the default here. *See id.* at 96 ("Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result."). This case involves a serial litigant suing over Mr. Bouzy's speech about a matter of public concern, and there is thus a significant constitutional interest in deciding it on its merits. *See, e.g.*, Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2693 (4th ed. Apr. 2022) (recognizing courts' "desire to avoid judgments by default when substantial rights are involved").

In addition, to the extent that Mr. Goodman has relied on New York's "nail and mail" rules governing service, it is manifestly unfair to sue a defendant in a venire where there is no basis for personal jurisdiction, to rely on that foreign jurisdiction's more liberal service rules, and then, when the defendants conclude they were not served (even if that

January 3, 2023
Page 4

conclusion is erroneous), to seek a default, particularly after litigation counsel has actively begun to defend the case.  That is especially true where, as here, that conclusion as to service was asserted by counsel and involved the interplay of two complex areas (personal jurisdiction and service of process), unfamiliar to laypersons like Mr. Bouzy.  "This type of confusion" over an issue such as whether service was proper "does not rise to willful actions."  *Sikhs for Justice*, 893 F. Supp. 2d at 613 (finding default not willful where, as here, defendant "was aware that the Plaintiffs filed their [complaint] naming [them] as a defendant," but defendant perhaps erroneously "'believed that since it was not served . . . it did not need to appear'") (alteration in original); *see also id.* ("Courts have consistently recognized that such a mistake, while potentially negligent or careless, does not rise to willfulness.") (collecting cases).

Finally, Defendants' motion to dismiss was filed pursuant to this Court's order setting a December 12, 2022 deadline; it would seem unjust to find Defendants in default for fully complying with rather than disregarding such an order.

At the end of the day, as Your Honor has noted, "[d]efault is an extreme and disfavored sanction."  ECF No. 83 at 1.  Because two of the three factors in determining whether to set aside this default already favor Defendants, because their conduct (even if erroneous) was not willful, and because there are additional reasons weighing in favor of lifting the default, the Court should set aside the default and decide the merits of this case.

Thank you for your consideration of this matter and for the opportunity to provide the foregoing information.  If Your Honor has any questions or needs any additional information, we would be pleased to provide it.

Respectfully submitted,

BALLARD SPAHR LLP

By:  */s/ Seth D. Berlin*
    Seth D. Berlin (SB7978)
    Maxwell S. Mishkin (*pro hac vice*)

cc:    Mr. Jason Goodman
      (via electronic and U.S. mail)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January 2023, I caused a true and correct copy

of the foregoing letter to be served by email and U.S. Mail First Class on the following:


Mr. Jason Goodman                              Mr. George Webb Sweigert
252 7th Ave., Apt. 6S                          209 St. Simons Cove
New York, NY 10001                             Peachtree City, GA 30269
truth@crowdsourcethetruth.org                  Georg.webb@gmail.com


*Pro Se Plaintiff*                             *Pro Se Defendant*




                                               /s/ *Seth D. Berlin*
                                               Seth D. Berlin (SB7978)