UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                        :
JASON GOODMAN,                                          :
                                                        :
                                                        :  No. 21 Civ. 10878-AT-JLC
                              Plaintiff,                :
                                                        :  *Pro Se* Case
          -against-                                     :
                                                        :
                                                        :
                                                        :
CHRISTOPHER BOUZY, et al.,                              :
                                                        :
                              Defendants.               :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DECLARATION OF CHRISTOPHER BOUZY

I, Christopher Bouzy, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am named as an individual defendant in the above-captioned matter. I am also the founder of Bot Sentinel Inc., the corporate defendant named in this action. The facts set forth below are based on my own personal knowledge, and, if called to testify, I could and would be able to testify to them.

2. I submit this declaration to accompany the letter that my counsel are filing in response to the Court's December 20, 2022 Order (ECF No. 83) directing us to explain why we did not move to dismiss Plaintiff Jason Goodman's Complaint in this case until December 2022.

3. I have also attached various tweets I posted to my Twitter account as they provide additional "real-time" documentation corroborating my statements below.

**A.    My Initial Response to Mr. Goodman's Lawsuit**

4. I learned that Mr. Goodman filed this lawsuit shortly after it was filed. My tweets at the time confirm that (a) I thought that the case was meritless and filed so Mr. Goodman could

use it to raise money, (b) as a result I was skeptical that Mr. Goodman would ever serve the lawsuit, and, (c) if he did, we intended to defend it.

5.      For example, on December 22, 2021, I posted a tweet about the Complaint and included a screenshot of a tweet by Mr. Goodman asking for money to pursue this case. My tweet criticized Mr. Goodman for "trying to use Bot Sentinel and me to get people to send him money." Attached hereto as Exhibit 1 is a true and correct copy of that tweet (including the screen shot of Mr. Goodman's fundraising message), which can also be found online at https://twitter.com/cbouzy/status/1473750413350522886 and https://twitter.com/cbouzy/status/1473750413350522886/photo/1.

6.      On December 26, 2021, I posted a tweet stating that Mr. Goodman "hasn't served" us and "I highly doubt he ever will." Attached hereto as Exhibit 2 is a true and correct copy of that tweet, which can also be found online at https://twitter.com/cbouzy/status/1475158642487930883.

7.      On December 29, 2021, I posted a further tweet stating, "It's been 10 days, and [Goodman] still hasn't served us. Tweeting about a pro se lawsuit isn't service of process. Waiting…." Attached hereto as Exhibit 3 is a true and correct copy of that tweet, which can also be found online at https://twitter.com/cbouzy/status/1476247856013058049.

**B.      My Stalker**

8.      Before addressing the affidavit of service filed by Mr. Goodman's process server, I feel that it is important to explain that, during the time period in question, I was being pursued by a stalker and was therefore extremely cautious about anyone unknown approaching my home. My work involves calling out trolls and other similar bad actors on the Internet, which I believe

is important work.  Unfortunately, sometimes those whom I identify react in unpredictable and unhinged ways.

9. In October 2021, three months before Mr. Goodman filed his lawsuit, I disclosed in a tweet that I was being stalked, specifically, that a "deranged woman vowed to destroy me, and she has tweeted about me over 100 times in a single day."  Attached hereto as Exhibit 4 is a true and correct copy of that tweet, which can also be found online at https://twitter.com/cbouzy/status/1450796788882022404.

10. On January 5, 2022, I posted a tweet stating that a "lunatic has been stalking me and tweeting defamatory nonsense about me for weeks, and she has publicly admitted she wants to destroy my reputation."  Attached hereto as Exhibit 5 is a true and correct copy of that tweet, which can also be found online at https://twitter.com/cbouzy/status/1478781638721036292.

C. **Mr. Goodman's Attempted Service of Process**

11. In connection with preparing this declaration, I have reviewed the affidavit of service filed in this case on behalf of Mr. Goodman's process server.  *See* ECF No. 21.

12. The process server recited that he made an initial attempt to serve Bot Sentinel and me at my home on Wednesday, January 12, 2022, only a week after the tweet about the stalker described above.

13. On that day, someone pretending to be a delivery person arrived at my front door and announced that he had a delivery for me but would not tell me who had sent the delivery.  He was not driving a vehicle identifying himself with any delivery service, like FedEx, UPS, or Amazon.  When I would not answer the door to accept this unexpected delivery from an unknown person, this person began walking around outside of my family's home.

14. Given the situation with the stalker, I did what I believe any reasonable person would do: I stayed inside and called my local police department.

15. Mr. Goodman's process server apparently attached to the affidavit of service filed in this case a copy of my tweet a couple of days later describing that encounter, including my decision to call the police. *See* ECF No. 21 at 10 (my tweet describing person "pretend[ing] to be a delivery person," who was "snooping around" my yard, and including photograph showing three police officers talking to "delivery person" in his car). That attachment is a true and accurate copy of my tweet, which can also be found online at https://twitter.com/cbouzy/status/1482008141952921602.

16. A few minutes later, I posted a second tweet stating that, "We called the police, and because of what I do for a living, they took the threat seriously. . . . The police and my family take these threats seriously, and we will not tolerate threats." Attached hereto as Exhibit 6 is a true and correct copy of that tweet, which can also be found online at https://twitter.com/cbouzy/status/1482008143500611587.

17. I did not know or understand that the person was a process server, nor did the police officers who responded identify the person to me as a process server.

18. Had I understood that the "delivery person" with a package from an unknown sender was a process server, I of course would not have contacted the police. I was not in any way attempting to evade service. Rather, I was acting to protect myself and my family.

19. Mr. Goodman's process server stated that he made a second attempt at service two days later, at 1:05 p.m. on Friday, January 14, 2022. However, I was not at home that afternoon. In his affidavit, the process server tried to suggest that we were at home because a car with California license plates was in the driveway, but we live in a two-unit building and that

vehicle belongs to my downstairs neighbor. As a result, the process server's statement that I was "clearly present in the home during all three of [his] service attempts," ECF No. 21 at 6, is incorrect.

20. I understand that Mr. Goodman's process server claims to have made a third attempt at service on January 15, 2022, and in particular that he claims to have advised me that he was posting papers on my door. As I explain below, I did not understand that posting to have amounted to proper service of process.

21. Because I believed that I had not been served, I understood that I was not required to respond to Mr. Goodman's Complaint. In that vein, my general business attorney sent a letter to Mr. Goodman in June 2022 asserting that Bot Sentinel and I had not been properly served and this Court does not have jurisdiction over Bot Sentinel or me.

22. I understand that Mr. Goodman filed a copy of my attorney's June 2022 letter, and asked this Court for leave to serve me electronically, indicating that he, too, believed that I had not been served. *See* ECF No. 50.

23. It is my understanding that Mr. Goodman did not file anything else in the case for the next four months.

**D.      My Efforts to Defend this Case**

24. I learned about Magistrate Judge Cott's November 10, 2022 Report and Recommendation shortly after it was entered, including his conclusion that Bot Sentinel and I had been properly served in this case under New York law.

25. In response to that Report and Recommendation, I promptly retained lawyers at Ballard Spahr LLP to defend Bot Sentinel and me in this case.

26. Even before we had finalized the engagement agreement, I asked them to send a letter to the Court to advise that we intended to defend the case and planned to move to dismiss Mr. Goodman's Complaint. I understand they sent that letter on November 23, 2022.

27. Because I wanted to conserve costs, before filing a full-blown motion, I authorized my counsel to send a detailed letter to Mr. Goodman on December 5, 2022 explaining the grounds for dismissal (both lack of personal jurisdiction and failure to state a claim) and asking that he agree to dismiss the Complaint voluntarily. Mr. Goodman has since filed a copy of that letter. *See* ECF No. 86 at 7-9.

28. In response to that December 5 letter, Mr. Goodman threatened my counsel with sanctions, making it clear that we would need to file a formal motion to dismiss (I understand that Mr. Goodman has now actually filed a sanctions motion against Bot Sentinel, me, and our counsel).

29. Because I continue to believe that Mr. Goodman's claims in this care are meritless and should be addressed as efficiently as possible, I directed my counsel to limit the formal motion to the substantive merits, and not to challenge either service or personal jurisdiction.

30. Mr. Goodman claims that I have "thumbed my nose" at the Court and "flouted its authority." *See* ECF No. 35. That is simply not true. As explained above, for nine of the past ten months, I believed that I had not been properly served, and when I learned of Magistrate Judge Cott's Report and Recommendation, I acted promptly to defend the case on the merits.

31. As explained above, the delay in filing a motion to dismiss resulted solely from my misunderstanding about whether service was proper, not from any intention to disregard deadlines or otherwise disrespect this Court in any way. I sincerely respect the Court and

recognize its authority unequivocally. I therefore ask the Court to set aside the default and to resolve this case on its merits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2023 in Bergen, New Jersey.

_____
Christopher Bouzy

## CERTIFICATE OF SERVICE

 I hereby certify that on this 3rd day of January 2023, I caused true and correct copies of the foregoing declaration (and exhibits thereto) to be served by email and U.S. Mail First Class on the following:

| | |
|---|---|
| Mr. Jason Goodman<br>252 7th Ave., Apt. 6S<br>New York, NY 10001<br>truth@crowdsourcethetruth.org<br><br>*Pro Se Plaintiff* | Mr. George Webb Sweigert<br>209 St. Simons Cove<br>Peachtree City, GA 30269<br>Georg.webb@gmail.com<br><br>*Pro Se Defendant* |

             /s/ *Seth D. Berlin*
             Seth D. Berlin (SB7978)