January 2, 2023

The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov
Via e-mail and pro se electronic filing

Re: Goodman v. Bouzy, et al., Case No. 1:21-cv-10878-AT-JLC

Dear Judge Torres,

Pursuant to your Order (ECF No. 83) I respectfully submit this letter in opposition to the motion to set aside the default judgement.  Default is warranted in this case because Defendants acted willfully, deliberately, and strategically to avoid answering the complaint despite numerous documented examples demonstrating clear knowledge of the case.

The Second Circuit Appellate Court has determined that "default should not be set aside when it is found to be willful." Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991). The Court further stated that of the factors to be considered, "willfulness carries the most weight." De Curtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013)

District Courts today find willfulness alone insufficient to grant default judgment.  In this case however, Defendants' default was deliberate, strategic, and egregious.  This type of calculated willful default is the kind courts in this circuit have treated as a sufficient basis to deny vacatur.

Defendants demonstrated knowledge of this case in June 2022 when attorney Carlos Martinez sent a threatening letter (ECF No. 50 pages 4–5) claiming to represent Bouzy and Bot Sentinel. Martinez failed to file a notice of appearance ultimately rendering him a non-party engaged in extrajudicial harassment.  Months later, Mishkin and Berlin continued this same practice, prior to reluctantly appearing.  Defendants will fail to prove they have proceeded in good faith with the pre-appearance letters.  Repeatedly demanding that I drop the lawsuit without offering an apology and retraction or other suitable relief cannot be considered a legitimate effort to settle this matter.  It was a crude bully tactic that added insult to injury and a bold demonstration of bad faith.  This is only one reason why the default should not be set aside.

Defendants' actions leave no doubt, they acted willfully and even brazenly in their deliberate defiance of this Court's authority.  Instead of answering the complaint or retaining counsel, Mr. Bouzy utilized Bot Sentinel tools and technology to decimate social media accounts my business relied on.  He boasted about ongoing efforts to destroy my livelihood and shared it all on Twitter as he incited public hatred against me with false statements that he encouraged others to echo.  I have never met Mr. Bouzy and I did not seek him out.  I had no issue with him aside from his efforts to antagonize me and destroy my business.  He initially contacted me on Twitter.  I have not made an issue of my own race or Mr. Bouzy's but unfortunately, he insists on doing that.



Mr. Bouzy apparently approved of Whoopi Goldberg's statements about Jews not being considered an inferior race by the Nazis and murdered due to Nazi racism. https://variety.com/2022/tv/news/whoopi-goldberg-suspended-the-view-1235169537/ He disapproved of my opinion of Goldberg's comments and felt it was appropriate to destroy my access to Twitter for expressing it. I said that Goldberg's statements could only come from an individual ignorant of the facts and noted visible symptoms of morbid obesity. Bouzy convinced Twitter I had targeted her racially and further said, "The permanent suspension will be next." He was correct with regard to the suspension.

A reasonable person would be likely to conclude Bouzy's own Tweets show willfulness beyond negligence. In June 2022, Newsweek reported he worked for celebrity clients of Ballard Spahr and Kaplan Hecker & Fink including Amber Heard. (https://www.newsweek.com/youtuber-umbrella-guy-negative-amber-heard-videos-earn-64000-month-1718017).



On December 22, 2021, only two days after this case was entered on the docket, Bouzy publicly boasted on Twitter that he had already contacted several lawyers and that he was laughing with them about the case. Mr. Bouzy has published a very large number of Tweets mocking this case, me, and other litigation I am involved in. Instead of answering the complaint he boasted about NOT answering it. It is difficult to imagine a clearer example of willful defiance of the Court's authority that goes beyond mere negligence. For this reason, the default should not be set aside.

Mr. Bouzy is extremely active daily on Twitter in particular. Since the filing of this lawsuit, he has participated in many events and appears in video and photographs across media platforms. He has not displayed signs or made any public statements about an injury or health emergency that might provide a legitimate reason he was unable to respond. There is no legitimate reason for Defendants' failure to respond timely. For this reason, the default should not be set aside.

Mr. Bouzy is in the business of "canceling" people he disagrees with.  He labels their protected opinions as "disinformation" or "hate speech" and boasts about his contacts at the FBI and his ability to get Twitter insiders to remove "problematic" accounts.  While he was exacting his malicious revenge against me for suing him, he deliberately challenged this Court's inherent authority.   Defendants willfully declined to answer timely and mocked court procedure while vindictively destroying the social media accounts my business relies on.  These actions have caused and continue to cause ongoing money damages.



It would be highly prejudicial to the Plaintiff to allow these Defendants to enter now as if nothing has happened even though substantial financial damage has accumulated since the filing of this case.  These damages are a direct result of the Defendants' malicious acts.  This could have been a tactic to effectively stay the proceedings while Defendants raised money to retain counsel and simultaneously weakened their opponent financially.  Even if it was not a preconceived plan, allowing Defendants to enter now would effectively transform the effort into that.

Bouzy ends his Tweet bragging about the destruction of my online presence, "Needless to say, he got the message and quickly moved on…"  This demonstrates his view that he resolved the matter without responding to the case and considered it done.  Rogue Defendants must not be allowed to dictate the schedule, use extrajudicial tactics to strategically weaken opponents, or manipulate judicial procedure outside of the rules.

Defendants will fail to present a meritorious defense.  The disingenuous proposed motion to dismiss relies on cherry picked statements rearranged in a patchwork that satisfies Defendants' false premise. The quote from the telephone transcript, (ECF No. 80–3) is an edited statement intended to alter the meaning of what was actually said.  After Bouzy invented a notion out of whole cloth, uttering his belief that he could find someone on the internet to accuse me of rape, I responded unequivocally, "go try to find somebody who claims I raped them. You will not find that."  My definitive confirmation of the falsity of Bouzy's notion was deceitfully omitted from Defendants' motion.  This is a particularly egregious attempt at deception, at this late stage and even more so coming from a sophisticated law firm challenging a pro se litigant.  Defendants rely on their own interpretation of a secondary statement which added, "You will find a litany of social engineering liars who have been pursuing me for years with false claims along the lines of

what you're suggesting." My statement "along the lines of what you're suggesting" was referring to the outrageous and completely unfounded nature of Bouzy's claim. Mr. Bouzy's willful ignorance or selective misunderstanding of a clearly uttered statement does not constitute confirmation of a false claim and does not render willful libel on Twitter unactionable. Bouzy made no attempt to confirm his claim before publicly repeating it, willfully ignoring the truth. The cease-and-desist message I sent via Twitter direct messaging, (ECF No. 62 page 8) further dispelled any possible doubt with regard to the intended meaning. Rather than verify his claim, Bouzy immediately chose to willfully ignore the truth and maliciously repeated the false claim with no other purpose but to harm my public reputation, incite hatred against me and further damage my business. Defendants' selective omission of the portion of my statements that removed any doubt that the claim was false was an attempt to deceive the Court and another reason the Rule 11 motion should be granted and the default should not be set aside.

Mr. Bouzy was recently involved in a contentious bankruptcy proceeding and has another concurrent defamation lawsuit pending in which he is also represented by Ballard Spahr (BROUGHTY v. BOUZY 2:22-cv-06458). It does not seem possible that Mr. Bouzy could be simultaneously bankrupt and also able to afford the extremely expensive representation of a firm like Ballard Spahr. Perhaps the willful delay was necessary to stall for time and acquire the funds to retain counsel, or perhaps another person with interest in this matter is paying for the defense. Defendants rightly informed the Court that I only became aware of Mr. Bouzy when he interrupted a Twitter conversation between myself and Brookings Institution fellow Benjamin Wittes. Even if the court finds Defendants' have a meritorious defense with regard to Bouzy's false rape allegation, Bouzy also defamed me with the conclusory statement that I had "falsely" accused Wittes of participating in the coverup of a suspicious death. Wittes should be compelled to make an evidentiary showing that the claim is in fact false or otherwise Defendants should proceed to default. Because I am a journalist, the spurious accusation that I deal in false claims is inherently damaging to my reputation in my profession and defamatory per se. Defendants do not have a meritorious defense to either claim and therefor the default should not be set aside.

Not only are Defendants willful in their default in this matter, but their demeanor toward me is also unwavering in its malicious nature. Ballard Spahr became complicit in this malicious, willful deceit when they attempted to end the case with highly inappropriate and unethical extrajudicial threatening letters. Ballard Spahr attorneys galvanized their willful malice and compliance with Defendants by attempting to deceive the Court with regard to the nature of the phone call that gave rise to this dispute. This is yet another reason why the default should not be set aside and sanctions pursuant to Fed R. Civ. P Rule 11 should be granted.

Mr. Bouzy's contempt for me extends to this lawsuit and vicariously to this Court. Defendants' multiple damaging actions against me are inarguably calculated, willful, deliberate, and malicious. Defendants will be unable to show good cause for failing to respond to this matter timely and will not be able to present a meritorious defense. The default judgment should not be set aside. This case should move directly to a hearing to make a determination of damages and the Defendants, and their counsel should be sanctioned in a manner determined by the Court.

Respectfully submitted,
Jason Goodman