UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JASON GOODMAN,

                Plaintiff,

      -against-

CHRISTOPHER BOUZY, et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 21 Civ. 10878-AT-JLC

*Pro Se* Case

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Seth D. Berlin (SB7978)
Maxwell S. Mishkin (*pro hac vice*)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2200
Fax: 202-661-2299
berlins@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Defendants Christopher Bouzy and Bot Sentinel Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY ........................................................................ 1

ARGUMENT ....................................................................................................................................... 5

I.   The Motion Should Be Denied Because Goodman Does Not Challenge Any Pleading, Motion, Or Other Paper Defendants Presented To The Court ............................. 6

II.  The Motion Should Be Denied Because The Pre-Motion Letter Was Entirely Proper ........................................................................................................................ 6

III. The Court Should Award Defendants Their Reasonable Expenses, Including Attorneys' Fees, Incurred In Opposing Goodman's Baseless Motion ................................ 8

   A.   An Award of Fees is Warranted ................................................................................. 8

   B.   The Fees Requested By Defendants Are Reasonable ............................................. 10

        1.   The Hourly Rates Are Reasonable ................................................................. 11

        2.   The Hours Spent Responding to the Motion Are Reasonable ................... 11

CONCLUSION .................................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adelson v. Harris*,
   No. 12 Civ. 6052 (JPO), 2018 U.S. Dist. LEXIS 53416
   (S.D.N.Y. Mar. 29, 2018) ..................................................................................................11, 13

*Brandt v. Schal Associates, Inc.*,
   960 F.2d 640 (7th Cir. 1992) ....................................................................................................12

*Browne v. NASD*,
   No. 3:05-CV-2469-G, 2006 U.S. Dist. LEXIS 35507
   (N.D. Tex. May 31, 2006).........................................................................................................12

*Cassese v. Williams*,
   503 F. App'x 55 (2d Cir. 2012) .................................................................................................13

*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990).................................................................................................................5, 10

*E. Gluck Corp. v. Rothenhaus*,
   252 F.R.D. 175 (S.D.N.Y. 2008) ................................................................................................9

*Goldberg v. Blue Ridge Farms, Inc.*,
   No. CV-04-5098 (CPS), 2005 U.S. Dist. LEXIS 42907
   (E.D.N.Y. July 26, 2005) ...........................................................................................................9

*Goodman v. Sharp*,
   No. 21-CV-10627 (VEC), 2022 WL 2702609 (S.D.N.Y. July 12, 2022) ............................1, 10

*Sussman ex rel. Guilden v. Bank of Israel*,
   56 F.3d 450 (2d Cir. 1995).........................................................................................................7

*Ipcon Collections LLC v. Costco Wholesale Corp.*,
   698 F.3d 58 (2d Cir. 2012).........................................................................................................5

*JP Morgan Chase Bank, N.A. v. Winget*,
   No. 08-13845, 2014 U.S. Dist. LEXIS 200240 (E.D. Mich. Feb. 25, 2014)...........................12

*Lopez v. Constantine*,
   Nos. 94 Civ. 5921 (DAB) (SEG), 95 Civ. 5915 (DAB) (SEG),
   1997 U.S. Dist. LEXIS 8625 (S.D.N.Y. June 17, 1997)............................................................6

*Nesse v. Pittman*,
   202 F.R.D. 344 (D.D.C. 2001)..................................................................................................13

*New York Times Co. v. CIA*,
   251 F. Supp. 3d 710 (S.D.N.Y. 2017)......................................................................................11

*Nike, Inc. v. Top Brand Co. Ltd.*,
   216 F.R.D. 259 (S.D.N.Y. 2003) ...............................................................................................6

*Perez v. Posse Comitatus*,
   373 F.3d 321 (2d Cir. 2004).......................................................................................................5

*Simmons v. N.Y.C. Transit Authority*,
   575 F.3d 170 (2d Cir. 2009).....................................................................................................11

*Sorenson v. Wolfson*,
   170 F. Supp. 3d 622 (S.D.N.Y. 2016).......................................................................................5

*Steele v. Goodman*,
   No. 3:21CV573, 2022 WL 4274120 (E.D. Va. Sept. 15, 2022).................................................1

*In re Stock Exchanges Options Trading Antitrust Litigation*,
   No. 99 Civ. 962 (RCC) MDL No. 1283,
   2006 U.S. Dist. LEXIS 87825 (S.D.N.Y. Dec. 4, 2006) ..........................................................11

*Sweigert v. Goodman*,
   No. 118CV08653VECSDA, 2021 WL 4295262 (S.D.N.Y. Sept. 21, 2021) ............................1

*United States v. International Brotherhood of Teamsters*,
   948 F.2d 1338 (2d Cir. 1991).....................................................................................................6

*Vail v. City of New York*,
   68 F. Supp. 3d 412 (S.D.N.Y. 2014).........................................................................................8

*Wartsila NSD North America, Inc. v. Hill International*,
   No. 99-4565 (SSB), 2004 U.S. Dist. LEXIS 28920 (D.N.J. June 22, 2004) ...........................12

## Other Authorities

Fed. R. Civ. P. 11................................................................................................................5, 6, 8

Fed. R. Civ. P. 12........................................................................................................................8

Local Civil Rule 7.2....................................................................................................................1

Pursuant to the Court's December 29, 2022 Order (ECF No. 89), Defendants Christopher Bouzy and Bot Sentinel Inc. (together, "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions (the "Motion") (ECF No. 86).

## PRELIMINARY STATEMENT

In the past year alone, two different courts have denied meritless Rule 11 sanctions motions filed by Plaintiff Jason Goodman ("Goodman"). *Steele v. Goodman*, No. 3:21CV573, 2022 WL 4274120, at *5 (E.D. Va. Sept. 15, 2022); *Goodman v. Sharp*, No. 21-CV-10627 (VEC), 2022 WL 2702609, at *9 (S.D.N.Y. July 12, 2022).[1] The baseless Motion for Sanctions that Goodman has filed in this case is just the latest panel in his tapestry of "acrimonious and vexatious litigation practices," as a third court described them. Order Enjoining Defendant From Contacting Court Personnel And Family at 1, *Sweigert v. Goodman*, No. 22-cv-10002 (E.D. Mich. Feb. 11, 2022), ECF No. 12. As explained below, Goodman's Motion is without any basis in fact or law, and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

When Defendants learned of Magistrate Judge Cott's November 10, 2022 Report & Recommendation (ECF No. 59) concluding, *inter alia*, that Defendants had been properly served in this matter in accordance with New York law, Defendants promptly retained undersigned counsel to defend this case on the merits. *See*, *e.g.*, ECF Nos. 90 (Defendants' Jan. 3, 2023 letter to Court detailing same); ECF No. 90-1 (accompanying Declaration of Christopher Bouzy) ¶¶ 24-27. On November 23, 2022, undersigned counsel filed an initial letter with the Court stating that Defendants would, pursuant to the Court's Individual Practices, imminently be

---

[1] *See also Sweigert v. Goodman*, No. 118CV08653VECSDA, 2021 WL 4295262, at *1-3 (S.D.N.Y. Sept. 21, 2021) (denying Goodman's motion to hold plaintiff in contempt). Pursuant to Local Civil Rule 7.2, undersigned counsel are providing Goodman with printed copies of the decisions cited herein "that are unpublished or reported exclusively on computerized databases."

sending Goodman a pre-motion letter in advance of filing a motion to dismiss the Complaint. ECF No. 68; *see also* Declaration of Seth D. Berlin in Opposition to Motion for Sanctions ("Berlin Sanctions Decl.") ¶ 5.

On December 5, 2022, in the hopes of resolving this case without the need for incurring the expense of motion practice, undersigned counsel sent Goodman that pre-motion letter (the "Pre-Motion Letter") explaining that (a) there is no basis for the Court to exercise personal jurisdiction over either Defendant and, (b) in any event, his Complaint fails to state a claim as a matter of law. ECF No. 86 Ex. A; Berlin Sanctions Decl. ¶ 6. As a result, the Pre-Motion Letter urged him to voluntarily dismiss this case without the need for a motion. Pursuant to Rule III.B.ii. of this Court's Individual Practices, Defendants did not file that initial Pre-Motion Letter with the Court.

Later that same day, because it appeared that the prior filing of Mr. Berlin's November 23, 2022 letter to the Court (ECF No. 68) had not prompted the ECF system to begin transmitting notices of electronic filing to him, Mr. Berlin filed a separate Notice of Appearance (ECF No. 73). *See* Berlin Sanctions Decl. ¶ 7. The Notice of Appearance Berlin filed expressly stated that he is "admitted or otherwise authorized to practice in this court." ECF No. 73; *see also* ECF No. 80 ¶ 1 (Berlin declaration filed in support of motion to dismiss stating that he is "admitted to practice in this Court, where [he] has been member in good standing since 2003"); Berlin Sanctions Decl. ¶ 1 (same).

Early the next morning (December 6, 2022 at 6:50 a.m.), Goodman emailed undersigned counsel to object to the Pre-Motion Letter, asserting that it "seems like an effort to intimidate me" and "also seems like a breech [sic] of ethics to have sent it prior to appearing on your clients' behalf," *see* Berlin Sanctions Decl. ¶ 8 & Ex. 1, even though Berlin had filed his initial

2

letter on the docket close to two weeks earlier (ECF No. 68) and also filed a Notice of Appearance the same day he transmitted the Pre-Motion Letter (ECF No. 73).  Goodman's email also asserted, "It also seems a bit late for a motion to dismiss."  Berlin Sanctions Decl. Ex. 1.

Undersigned counsel politely responded by email a few hours later (December 6, 2022 at 12:42 p.m.) to explain that, "[a]s our letter from yesterday indicates," we sent Goodman the Pre-Motion Letter "pursuant to Rule III.B.ii. of Judge Torres's Individual Practices, which are available at https://www.nysd.uscourts.gov/hon-analisa-torres."  *Id.*[2]  Undersigned counsel also explained that "the Federal Rules of Civil Procedure allow us to seek dismissal at this time.  Just by way of example, Rule 12 provides that a defendant can move to dismiss for failure to state a claim at any point during a lawsuit up to and including at trial."  *Id.*   The email concluded by expressing our "hope you will give serious consideration to our request that you dismiss your Complaint against our clients for the reasons stated in yesterday's letter."  *Id.*  Goodman's Motion mentioned this email exchange in passing, ECF No. 86 at 5, but did not provide it to the Court or relay much of its substance.

Despite the undersigned's explanatory email, late that night (December 6, 2022 at 11:43 p.m.) Goodman served a motion seeking sanctions under Rule 11 against Defendants and Berlin, and advised that he planned to file it in 21 days.  Berlin Sanctions Decl. ¶ 9.  That same day, Goodman also filed a Certificate of Service advising that Court that he had served Berlin, as well as both Defendants individually, with a "Safe Harbor Notice and Motion for Sanctions."  ECF No. 74.

---

[2] In so doing, Defendants referenced the provision of the Court's individual practices for non-*pro se* cases requiring pre-motion letters, first between the parties and then to the Court.  While the Court's rules for *pro se* cases provide that a pre-motion letter is not *required*, they do not appear to *prohibit* them in any way.  *See* Judge Torres's Individual Practices in *Pro Se* Cases, Rule IV.C. ("pre-motion letters are not required in pro se cases").

3

The motion papers that Goodman served identified three ostensible issues: (1) Berlin's so-called "partial appearance"; (2) Berlin's "failure to move to appear pro hac vice," despite his long-standing membership in the Bar of this Court; and (3) the transmission of the Pre-Motion Letter, including that it was purportedly "after the deadline" and that, in Goodman's view, "communications at this stage of the case should be on the docket." ECF No. 86 at 1, 5.

Given Goodman's immediate threat of sanctions, it was clear that Defendants' informal efforts to avoid motions practice would be unsuccessful and that a formal motion would be required. On December 8, 2022, the Court directed Defendants to respond to Goodman's Complaint by December 12, 2022. ECF No. 75. On that date, Defendants filed their Motion to Dismiss for Failure to State a Claim. ECF Nos. 78-81. In its December 20, 2022 Order, the Court preliminarily opined that Defendants' Motion to Dismiss, which advanced the same arguments on the merits as the Pre-Motion Letter, appears to demonstrate "that they have meritorious defenses to Goodman's claims." ECF No. 83.[3]

On December 27, 2022, Goodman filed his Motion for Sanctions. ECF No. 86. In his Notice of Motion, however, Goodman acknowledged that undersigned counsel Berlin has filed a Notice of Appearance (ECF No. 73) and, curiously, that "the pro hac vice application has been cured," *id.* at 1, leaving as the only live issue the Pre-Motion Letter.[4]

---

[3] Although the Pre-Motion Letter had also asserted a lack of personal jurisdiction, Defendants moved only on the grounds that the Complaint failed to state a claim. They concluded that the most efficient way of terminating an action filed by a serial litigant would be to obtain a ruling on the merits, rather than a jurisdictional dismissal that would simply propel Goodman to re-file the case in another jurisdiction. *See* ECF No. 90 at 3 (letter to Court explaining same); ECF No. 90-1 ¶ 29 (Defendant Bouzy's declaration explaining same).

[4] The Motion was not filed against Defendants' counsel Maxwell S. Mishkin, nor was any safe harbor notice served as to him. Regardless, he promptly moved for leave to appear *pro hac vice* upon receiving the required certificates of good standing from the bars to which he is admitted. ECF No. 84. The Court has now granted that motion. ECF No. 87.

4

On December 29, 2022, the Court directed Defendants to respond to Goodman's sanctions motion by January 6, 2023. ECF No. 89. Pursuant to that Order, Defendants now file this Opposition.

## **ARGUMENT**

The Supreme Court has consistently held that "the central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 achieves this purpose by permitting courts to impose sanctions "when court filings are used for an 'improper purpose,' or when claims are not supported by existing law, lack evidentiary support, or are otherwise frivolous." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (citing Fed. R. Civ. P. 11(b)). "Even if the district court concludes that the assertion of a given claim violates Rule 11, however, the decision whether or not to impose sanctions is a matter for the court's discretion." *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004). Rule 11 sanctions thus "should be reserved for extreme cases." *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 626 (S.D.N.Y. 2016) (denying sanctions).

Here, Goodman's Motion is utterly without merit. The Court should deny the Motion because (1) it seeks sanctions for sending the Pre-Motion Letter, which is not within the purview of Rule 11 because Defendants never "presented it" to the Court; and, (2) even if it did fall within the scope of Rule 11, the Pre-Motion Letter is entirely proper and cannot give rise to sanctions. The Court should further exercise its authority under Rule 11(c)(2) to award Defendants their "reasonable expenses, including attorney's fees" incurred in responding to this baseless Motion, including to deter Goodman's frequent practice of filing meritless sanctions motions.

## I. The Motion Should Be Denied Because Goodman Does Not Challenge Any Pleading, Motion, Or Other Paper Defendants Presented To The Court.

The plain text of Rule 11 states that "a pleading, written motion, or other paper" can give rise to sanctions only where that document has been "present[ed] to the court." Fed. R. Civ. P. 11(b). As a result, "Rule 11, perforce, cannot be invoked unless some signed pleading, motion, or other paper is *filed*." *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1344 (2d Cir. 1991) (emphasis added); *see also* Advisory Committee Notes to 1993 Amendments ("The rule applies only to assertions contained in papers filed with or submitted to the court.").

Here, Defendants sent the Pre-Motion Letter to Goodman, and did not file a copy with the Court. The Court should therefore deny this Motion for Sanctions for the straightforward reason that it challenges a "paper" that Defendants never "present[ed]" to the Court in the first place. *See* Fed. R. Civ. P. 11(b); *see also, e.g.*, *Nike, Inc. v. Top Brand Co. Ltd.*, 216 F.R.D. 259, 275 (S.D.N.Y. 2003) (concluding that letters sent between opposing counsel are not subject to Rule 11 sanctions because they are "not the type of submission contemplated by the rule"); *Lopez v. Constantine*, Nos. 94 Civ. 5921 (DAB) (SEG), 95 Civ. 5915 (DAB) (SEG), 1997 U.S. Dist. LEXIS 8625, at *9 n.6 (S.D.N.Y. June 17, 1997) (concluding that a letter sent between parties "cannot be used as a basis for sanctions" even where the sender "sent a 'cc' to the court," because "[t]hose cases in which a letter has served as the basis for Rule 11 sanctions have involved instances in which a party has sought to have a court take action in reliance on it").

## II. The Motion Should Be Denied Because The Pre-Motion Letter Was Entirely Proper.

*Even if* the Pre-Motion Letter were subject to Rule 11, the Court should still deny the Motion because nothing about that letter is sanctionable. To the contrary, Defendants sent the letter for an entirely proper purpose expressly encouraged by the Court's rules.

6

Goodman argues that Defendants and Berlin sent the Pre-Motion Letter "to further harass [him] and to cause unnecessary delay." ECF No. 86 at 5. In so doing, Goodman appears to be invoking Rule 11(b)(1), which applies to filings "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." But, because Goodman attached the Pre-Motion Letter as an exhibit to his Motion, the Court can see for itself that the communication is in no way harassing or dilatory. The Pre-Motion Letter simply "set out the specific grounds on which Defendants intend[ed] to move to dismiss this matter pursuant to Fed. R. Civ. P. 12" and "ask[ed] that" Goodman "voluntarily dismiss the Complaint" rather than requiring such motion practice. ECF No. 86 Ex. A.

The Second Circuit has instructed that this type of communication is not sanctionable, concluding that a plaintiff's comparable pre-litigation letters did not evince an improper purpose:

> It is hardly unusual for a would-be plaintiff to seek to resolve disputes without resorting to legal action; prelitigation letters airing grievances and threatening litigation if they are not resolved are commonplace, sometimes with salutary results, and do not suffice to show an improper purpose if nonfrivolous litigation is eventually commenced. Indeed, it would be ironic to hold that Rule 11 sanctions may be awarded based solely on evidence that the plaintiff has given the defendant a warning that the complaint will be filed unless an allegedly tortious lawsuit is withdrawn, in light of the fact that the current version of Rule 11 itself, essentially forbids the filing of a motion for sanctions unless the movant has given his opponent a warning that such a motion will be filed if the allegedly sanctionable paper is not withdrawn.

*Sussman ex rel. Guilden v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) (citation omitted).

Consistent with the Second Circuit's reasoning in *Sussman*, Defendants and their counsel sent the letter seeking to address disputed issues with a litigation adversary prior to burdening the Court with motions practice. *See* Berlin Sanctions Decl. ¶¶ 3-5. Moreover, when confronted with a meritless lawsuit by a serial litigant, Defendants pursued what they hoped would be the

7

most cost-effective way of ending the matter. Specifically, Defendants sought in the Pre-Motion Letter to persuade Goodman to terminate his case without resorting to motion practice, and when that effort proved unsuccessful, Defendants filed a Motion to Dismiss that this Court has already noted appears to demonstrate "meritorious defenses to Goodman's claims." ECF No. 83 at 2 (Dec. 20, 2022 Order).

Finally, to the extent that Goodman is arguing that the Pre-Motion Letter was interposed for purposes of delay, that assertion ignores the fact that a Rule 12(b)(6) motion may be filed at any time, as the undersigned explained to Goodman before he even *served* his motion in early December. *See* Fed. R. Civ. P. 12(h)(2) (providing that the "[f]ailure to state a claim upon which relief can be granted" can be raised "in any pleading," in "a motion under Rule 12(c)," and/or "at trial"); *see also*, *e.g.*, *Vail v. City of New York*, 68 F. Supp. 3d 412, 422 (S.D.N.Y. 2014) (granting motion to dismiss for failure to state a claim that was filed seven months after the operative pleading). Moreover, Goodman's delay arguments were already being addressed by the Court in connection with his efforts to secure a default judgment, such that there was no need to multiply the proceedings with a sanctions motion raising the same issue.

In light of the foregoing, there is no basis on which to conclude that the Pre-Motion Letter was sent for any improper purpose. As a result, Rule 11 sanctions would not be warranted even if that rule applied to the unfiled Pre-Motion Letter in the first place.

### III. The Court Should Award Defendants Their Reasonable Expenses, Including Attorneys' Fees, Incurred In Opposing Goodman's Baseless Motion.

#### A. An Award of Fees is Warranted.

Rule 11(c)(2) provides that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Thus, "a prevailing non-movant may be entitled to attorneys' fees when he successfully avoids Rule 11 sanctions,"

particularly where, as here, the Rule 11 motion was "clearly frivolous, filed for an improper purpose, or not well grounded in fact or law." *Goldberg v. Blue Ridge Farms, Inc.*, No. CV-04-5098 (CPS), 2005 U.S. Dist. LEXIS 42907, at *19 (E.D.N.Y. July 26, 2005).  Moreover, "[t]he nonmoving party need not file a cross-motion to receive fees as the court can award reasonable expenses to the prevailing party, including attorney's fees, incurred in presenting or opposing the motion." *E. Gluck Corp. v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008).

An award of fees is warranted here because (a) the Motion for Sanctions was so clearly frivolous, (b) it is part of Goodman's ongoing pattern of misusing litigation – including meritless Rule 11 motions – as a tool of harassment, and (c) it has imposed actual financial consequences on Defendants.  First, Goodman challenged the Pre-Motion Letter even though that letter was not subject to Rule 11 at all and was entirely proper in light of this Court's rules and governing Second Circuit law, as explained above.[5]  Moreover, as also described above, Goodman failed to attach to his motion a key email, in which we explained that the Pre-Motion Letter was proper and that a motion seeking dismissal for failure to state a claim may be filed at any time.  Berlin Sanctions Decl. Ex. 1.  Thus, the motion was "clearly frivolous" and "not well grounded in fact or law."  *Goldberg*, 2005 U.S. Dist. LEXIS 42907, at *19.

Second, as detailed above, this is far from the first meritless Rule 11 motion that Goodman has filed.  Rather, filing meritless Rule 11 motions seems to be his weapon of choice.  Particularly against this backdrop, the Court can easily conclude that the motion was "filed for an

---

[5] Although Goodman ultimately did not seek sanctions for "Berlin's partial appearance and failure to move to appear pro hac vice," ECF No. 86 at 1, those assertions were equally frivolous, including in light of (a) Berlin's longstanding membership in good standing before the Bar of this Court and (b) the Notice of Appearance he filed certifying that he is "admitted or otherwise authorized to practice in this court," ECF No. 73, prior to the time Goodman served his Rule 11 papers and safe harbor notice.

9

improper purpose." *Id.* Indeed, "the central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell*, 496 U.S. at 393. That includes repeated, baseless Rule 11 motions. If this Court simply denies Goodman's Motion without awarding fees, it will not deter him from bringing such motions in the future, because, whether successful or not, he is plainly using them as a tool of harassment. *See, e.g.*, Berlin Sanctions Decl. ¶ 10.

Third, Defendants should not be out the attorneys' fees they incurred in responding to this Motion. Their mission is to call out Internet trolls and other nefarious online actors. *See* ECF No. 90-1 ¶ 8 (Bouzy Decl.). If an individual like Goodman could effectively prevent Defendants' speech on that important topic simply by subjecting them to unnecessary and unwarranted litigation expenses, he would effectively be able to silence Defendants' lawful expression through improper use of the Court's processes. Moreover, the Defendants here are not as well-resourced as, say, the National Academy of Television Arts and Sciences, which distributes television Emmy awards and against which Goodman also filed a meritless Rule 11 motion only a matter of months ago. *See Goodman v. Sharp*, 2022 WL 2702609, at *9 (denying meritless Rule 11 motion, filed in April 2022).

Given the circumstances, the Court should award Defendants their reasonable attorneys' fees and costs both to make Defendants whole and to deter Goodman from filing further meritless sanctions motions.

  **B.**  **The Fees Requested By Defendants Are Reasonable.**

As detailed in the accompanying Declaration, at ¶¶ 10-20, Defendants have incurred $12,235.00 in attorneys' fees in preparing this Opposition. That amount reflects 7.7 hours by Mr. Berlin, 11.9 hours by Mr. Mishkin, and 2.5 hours by paralegal Ryan Relyea. That total is reasonable in light of other cases for researching and drafting a detailed 13-page opposition. *Id.*

### 1.     The Hourly Rates Are Reasonable.

As explained in the accompanying declaration, the hourly rates paid by Defendants in this matter are $670 for Mr. Berlin, $540 for Mr. Mishkin, and $260 for paralegal Ryan Relyea. Berlin Sanctions Decl. ¶¶ 11-16. Those rates reflect an approximate twenty percent discount off of our 2022 standard hourly rates. *Id.* ¶ 13.

Those discounted hourly rates are presumptively reasonable because those rates are in fact being paid by Defendants in this case and are less than other clients routinely pay for similar services. *Id.* Indeed, "[c]ourts have found that the applicant attorney's customary billing rate for fee-paying clients is ordinarily the best evidence of the market rate." *In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99 Civ. 962 (RCC) MDL No. 1283, 2006 U.S. Dist. LEXIS 87825, at *31 (S.D.N.Y. Dec. 4, 2006). Moreover, these hourly rates are consistent with rates already recognized as reasonable in this District. *See, e.g.*, *New York Times Co. v. CIA*, 251 F. Supp. 3d 710, 713 (S.D.N.Y. 2017) (awarding fees five years ago based on rates of $650 per hour for "a seasoned" litigator, and $400 per hour for two lawyers more junior than Mishkin); *Adelson v. Harris*, No. 12 Civ. 6052 (JPO), 2018 U.S. Dist. LEXIS 53416, at *6 (S.D.N.Y. Mar. 29, 2018) (approving 2012 rates charged by our practice, including for work by Berlin, describing them as "clearly reasonable—indeed, cheap—in light of prevailing market rates" and the "quality of counsel").

### 2.     The Hours Spent Responding to the Motion Are Reasonable.

Because the total amount sought is actually being paid by Defendants, the rates, hours worked, and amounts sought are presumptively reasonable. *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) ("[t]he presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay"); *see also* Berlin Sanctions Decl. ¶¶ 17-20.

Moreover, even a meritless sanctions motion is a serious thing, both for a party and for their counsel. They therefore have no choice but to take it seriously and cannot skimp on their response. *See*, *e.g.*, *Brandt v. Schal Assocs., Inc.*, 960 F.2d 640, 648 (7th Cir. 1992) (court had "little sympathy for the litigant who fires a big gun, and when the adversary returns fire, complains because he was only firing blanks").

Accordingly, while Goodman's Motion was in our view frivolous, the work performed was reasonable under the circumstances, resulting in a total that is *materially* less than in other cases awarding fees to parties forced to respond to meritless Rule 11 motions, even though those cases were decided years ago and in jurisdictions with lower prevailing rates. *See JP Morgan Chase Bank, N.A. v. Winget*, No. 08-13845, 2014 U.S. Dist. LEXIS 200240, at *6-7 (E.D. Mich. Feb. 25, 2014) (awarding plaintiff $33,037.50 under Rule 11(c)(2), having found that defendant "should be required to pay [plaintiff's] expenses incurred in having to respond to what is essentially a frivolous motion"); *Browne v. NASD*, No. 3:05-CV-2469-G, 2006 U.S. Dist. LEXIS 35507, at *10 (N.D. Tex. May 31, 2006) (ordering plaintiff to "pay to the defendant the sum of $24,495.00 in reasonable attorney's fees" where plaintiff's facially improper Rule 11 motion "caus[ed] the defendant to expend time, money, and effort in defending a motion that was ultimately denied"); *Wartsila NSD N. Am., Inc. v. Hill Int'l*, No. 99-4565 (SSB), 2004 U.S. Dist. LEXIS 28920, at *17 (D.N.J. June 22, 2004) (awarding $19,496.15 in attorneys' fees to party that successfully opposed Rule 11 sanctions motion and cautioning that "[a] party considering a Rule 11 motion should incorporate into its analysis the possibility that, if it does not prevail, it may have to pay the fees and costs associated with that motion," as the Rule's text provides).

Because the fees are actually being paid by a paying client and because the amounts are materially less than those awarded in connection with other meritless Rule 11 motions (even

12

without factoring in inflation), the fees sought are reasonable.[6] The Court should therefore award Defendants the fees they have incurred responding to Goodman's plainly baseless motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Sanctions. Defendants further request that the Court order Goodman to pay Defendants' attorneys' fees incurred in responding to the Motion in the amount of $12,235.00 and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

BALLARD SPAHR LLP

By: */s/ Seth D. Berlin*
Seth D. Berlin (SB7978)
Maxwell S. Mishkin (*pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2200
Fax: 202-661-2299
berlins@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Defendants Christopher Bouzy and Bot Sentinel Inc.*

---

[6] It is not necessary to submit "copies of counsel's actual detailed hourly billing statements," where, as here, "Defendants' fee application is supported by [an] affidavit[ ] describing" the "identities, rates, and credentials of the lawyers, the hours they worked, [and] the litigation tasks they performed," particularly "in light of the Court's familiarity with all the issues in the case." *Adelson*, 2018 U.S. Dist. LEXIS 53416, at *10-11. That is especially true where, unlike in *Adelson*, the fees relate to opposing a single motion and where daily billing records might reveal work-product to a serial litigant. *See, e.g.*, *Cassese v. Williams*, 503 F. App'x 55, 58 (2d Cir. 2012) ("[W]e are aware of no authority holding that class counsel must open its books to objectors for inspection by virtue of filing a fee motion."); *Nesse v. Pittman*, 202 F.R.D. 344, 356 (D.D.C. 2001) ("It would be hard to imagine a grosser violation of [the work product doctrine] than permitting every [party] to have for the asking opposing counsel's billing entries which discloses everything she did on behalf of her client."). That said, should the Court wish to review *in camera* our daily billing records for the work performed in preparing this Opposition and the accompanying declaration, we would be pleased to provide them.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January 2023, I caused true and correct copies of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions to be served by email and U.S. Mail First Class on the following:

| | |
|---|---|
| Mr. Jason Goodman<br>252 7th Ave., Apt. 6S<br>New York, NY 10001<br>truth@crowdsourcethetruth.org<br><br>*Pro Se Plaintiff* | Mr. George Webb Sweigert<br>209 St. Simons Cove<br>Peachtree City, GA 30269<br>Georg.webb@gmail.com<br><br>*Pro Se Defendant* |

/s/ *Seth D. Berlin*
Seth D. Berlin (SB7978)