The Honorable Analisa Torres
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov
Via e-mail and pro se electronic filing

Re: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al

January 31, 2023

Dear Judge Torres,

I, Jason Goodman, pro se plaintiff respectfully submit this letter by and for myself on my own behalf to supplement the record and reiterate the urgent need to enjoin defendant David George Sweigert ("Sweigert").  Please forgive the frequency and volume of filings relative to this motion, but unfortunately Sweigert's outrageously inappropriate behavior demands it.

Upon submission of the Application for Preliminary Injunction or Restraining Order and pursuant to your Individual Practices in Civil Cases rule I.A, I provided copies to each of the litigants including Sweigert.  The existence of the pending motion initially seemed to send the appropriate signal, curtailing his vexatious activity for a period just longer than 24 hours.

Beginning Monday morning January 30, Sweigert resumed his harassment and cyberstalking activities. He sent multiple frivolous emails to me and the other litigants due to his apparent supposition that I had made false statements to the Court.  **(EXHIBIT A)**

I have now observed two separate emails that further my belief that he is inappropriately assisting defendant Jankowicz, providing her legal advice in responding pro se. **(EXHIBIT B)**

Ms. Jankowicz was properly served with the summons on January 21, 2023 but has not yet responded.  The time to do so has not yet expired.  I write today to reiterate the urgent need

to enjoin Sweigert from further interfering with the proper adjudication of this matter, and to compel him to terminate inappropriate communications and social media posts.

Despite full knowledge of pending motion seeking an injunction against him, Sweigert again thumbs his nose at this Court's inherent authority has resumed his harassment of me and my innocent family members **(EXHIBIT C).**  As previously stated, Sweigert's vexatious harassment has an established history of improperly interfering in the administration of justice with the intention of gaining an inappropriate advantage in litigation.  Sweigert's public antagonization of me, even if construed as first amendment protected commentary, has no legitimate purpose with regard to this litigation and is solely intended increase these proceedings and the undue burden upon me.  Sweigert must be compelled to behave like a civil litigant and discontinue his ceaseless disruption of this and other litigation. **(EXHIBIT D)**

I will remind the Court that in addition to his obsessive pursuit of me over the past six years through at least seven separate actions in various U.S. District Courts, Sweigert has made numerous public statements against his own interest about a troubling family history of mental illness. (https://vk.com/video731682021_456239020).  These statements, coupled with his brazen ongoing challenges to this Court's inherent authority over him cause me to believe he is mentally ill and a danger to my safety and that of my family members.  Sweigert must be brought to heel and caused to appreciate the need for him to comply with the rules and norms of this honorable Court.  I urge you to issue an injunction against Sweigert immediately and hold him in contempt of court should he continue his harassment and inappropriate communications with his codefendants and the public.

Respectfully submitted,

Jason Goodman

**(EXHIBIT A)**

**From:** **Spoliation Notice** spoliation-notice@mailbox.org
**Subject:** Re: Fwd: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al APPLICATION FOR PRELIMINARY INJUNCTION OR RESTRAINING ORDER
**Date:** January 30, 2023 at 2:18 PM
**To:** Jason Goodman truth@crowdsourcethetruth.org
**Cc:** George Webb Sweigert georg.webb@gmail.com, bwittes@brookings.edu, Nina Jankowicz nina.jankowicz@gmail.com, Margaret Esquenet margaret.esquenet@finnegan.com, Seth D. Berlin BerlinS@ballardspahr.com, Maxwell S. Mishkin MishkinM@ballardspahr.com, spoliation@posteo.net, Spoliation Notice spoliation-notice@mailbox.org, 21stcentury3D@gmail.com , jason@21stcentury3d.com

Mr. Goodman,

Where are the "documents you filed with the court"?

Nothing appears on the docket.

Did you lie to the judge?

Best,

In Christian Love

On 01/28/2023 9:53 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:

Your Honor,

Due to the urgent nature of this matter and pursuant to your Individual Practices in Civil Cases rule I.A., I have attached a courtesy copy of documents filed with the Court.

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

Begin forwarded message:

From: Jason Goodman <truth@crowdsourcethetruth.org>
Subject: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al APPLICATION FOR PRELIMINARY INJUNCTION OR RESTRAINING ORDER
Date: January 28, 2023 at 11:31:01 PM EST
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

**From:** **Jason Goodman** truth@crowdsourcethetruth.org
**Subject:** Re: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al APPLICATION FOR PRELIMINARY INJUNCTION OR
RESTRAINING ORDER
**Date:** January 30, 2023 at 1:56 PM
**To:** David George Acton Sweigert spoliation-notice@mailbox.org

Do not send me superfluous emails.  If you want to communicate with me file it on the docket.

> On Jan 30, 2023, at 1:54 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:
>
> Mr. Goodman,
>
> Are you sure that you have filed these documents on the docket?
>
> Best,
>
> In Christian love
>
>> On 01/28/2023 9:53 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:
>>
>>
>> Your Honor,
>>
>> Due to the urgent nature of this matter and pursuant to your Individual Practices in Civil Cases rule I.A., I have attached a
>> courtesy copy of documents filed with the Court.
>>
>> Jason Goodman, Plaintiff, Pro Se
>> 252 7th Avenue Apt 6s
>> New York, NY 10001
>> (323) 744-7594
>> truth@crowdsourcethetruth.org
>>
>>> Begin forwarded message:
>>>
>>> From: Jason Goodman <truth@crowdsourcethetruth.org>
>>> Subject: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al APPLICATION FOR PRELIMINARY INJUNCTION OR
>>> RESTRAINING ORDER
>>> Date: January 28, 2023 at 11:31:01 PM EST
>>> To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

**From:** **Spoliation Notice** spoliation-notice@mailbox.org  📎
**Subject:** Re: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al APPLICATION FOR PRELIMINARY INJUNCTION OR RESTRAINING ORDER
**Date:** January 30, 2023 at 2:01 PM
**To:** Jason Goodman truth@crowdsourcethetruth.org,  spoliation@posteo.net,  21stcentury3D@gmail.com,  Spoliation Notice spoliation-notice@mailbox.org,  jason@21stcentury3d.com



But, you have not responded to these Court directed documents?

On 01/30/2023 10:56 AM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:

Do not send me superfluous emails.  If you want to communicate with me file it on the docket.

On Jan 30, 2023, at 1:54 PM, Spoliation Notice <spoliation-notice@mailbox.org> wrote:

Mr. Goodman,

Are you sure that you have filed these documents on the docket?

Best,

In Christian love

On 01/28/2023 9:53 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:

Your Honor,

Due to the urgent nature of this matter and pursuant to your Individual Practices in Civil Cases rule I.A., I have attached a courtesy copy of documents filed with the Court.

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

Begin forwarded message:

From: Jason Goodman <truth@crowdsourcethetruth.org>
Subject: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al APPLICATION FOR PRELIMINARY INJUNCTION OR RESTRAINING ORDER
Date: January 28, 2023 at 11:31:01 PM EST
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

5.     And third, Section 230(c)(1) of the Communications Decency Act of 1996 (the "CDA")
bars all of Goodman's claims against the Defendants because the claims rest entirely on
Twitter's and Youtube's decisions about which content to allow, moderate, or block on their
platforms. Claims arising from decisions like Twitter's or YouTube's decisions to remove
Goodman from the platform are immune from liability under Section 230(c)(1). *See Fair Hous.
Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir.
2008). For that threshold reason, the Complaint fails to state a claim and must be dismissed with
prejudice.

6.     Goodman has stated several times on social media that he would make a perceived enemy
as a RICO defendant for even the most minor social media comment.







7.   Respectfully,   *D. G. Sweigert /s/*

D. G. SWEIGERT, C/O, PMB 13339, 514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

2

**From:  D.G. Sweigert**

**To:  Jason Goodman**

**Date: January 29, 2023**

**REF:  Pre-dismissal letter see Individual Rules of Practice by Judge Analisa Torres, III(B)**

Dear Sir,

1.   This letter is submitted to your attention in accordance with the referenced rules.

2.   As you are well aware the Court should dismiss plaintiff Jason Goodman's amended complaint (ECF No. 100, the "Amended Complaint") against David George Sweigert because it is barred by the doctrine of res judicata, fails to state a RICO claim upon which relief should be granted, and is barred by federal law. It also seeks to hold the other Defendants liable for acts

granted, and is barred by federal law. It also seeks to hold the other Defendants liable for acts that did not cause Goodman any harm, depriving Goodman of standing and this Court of subject matter jurisdiction. Because of these multiple pleading failures, which are enumerated further below and which are each independently fatal to this action, the Court should dismiss the Amended Complaint with prejudice.

3.       First, the doctrine of res judicata precludes the relitigation of Goodman's ban from Twitter and YouTube in this court. Goodman has already twice pursued legal actions against various parties to overturn these social media bans, to include Adam Sharp and the so-called EMMY Awards (NATAS v. MSDI). He was a defendant and counter claimant in 1:20-cv-07269-VEC-OTW The National Academy of Television Arts and Sciences, Inc. (NATAS) et al v. Multimedia System Design, Inc. (M.S.D.I.).  In his second action 1:21-cv-10627-VEC Goodman v. Sharp et al in the federal district court for the SDNY, Goodman alleged that Adam Sharp and/or NATAS was attempting to obstruct Goodman's Twitter and YouTube broadcasting.  Both cases were denied.  The initial NATAS v. MSDI action is presently in the U.S.C.A. for the Second Circuit no. 22-592 awaiting a hearing on substantially the same issues brought in this present lawsuit.  Nonetheless, Goodman has brought the issues concerning Adam Sharp, the EMMY Awards" and Multimedia System Design, Inc. into this action.

4.       Second, Goodman fails to state a colorable civil RICO claim or establish the Court's jurisdiction over this action. Goodman asserts that a RICO conspiracy between Adam Sharp, his attorney, George Webb, Chris Bouzy and his attorneys, Nina Jancowicz and the undersigned and a variety of non-defendants, named and unnamed. But he does not plead, as he must, that any of the alleged predicate acts concretely injured his business or property—either proximately or factually, as RICO requires. This defect also fatally deprives him of constitutional standing (and thus this Court of subject matter jurisdiction) because his alleged injuries are not "fairly traceable" to the complained-of conduct. Nor does he allege, as she must, that the Defendants associated with anyone else to form a RICO enterprise. He does not allege, as he must, that the Defendants agreed to participate in or conduct the business of such an enterprise, which is also fatal to his allegations of a RICO conspiracy under 18 U.S.C. § 1962(d). And he does not plausibly allege, again, as he must, that the Defendants committed any of the purported predicate acts for which he seeks to hold the enterprise accountable.

**(EXHIBIT B)**

**From:** spoliation@posteo.net
**Subject:** Fwd: Acknowledgment of Receipt
**Date:** January 28, 2023 at 7:40 PM
**To:** spoliation@posteo.net, Jason Goodman truth@crowdsourcethetruth.org, David George Acton Sweigert
spoliation-notice@mailbox.org, bwittes@brookings.edu, Nina Jankowicz nina.jankowicz@gmail.com, George Webb Sweigert
georg.webb@gmail.com, Spoliation spoliation@posteo.net, Spoliation Notice spoliation-notice@mailbox.org

Here is the background for pro se parties to file electronic documents in the SDNY.

temporary_pro_se_filing@nysd.uscourts.gov   <--

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)
Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Required Standards for Filing by Email:
·Documents must be attached to the email in PDF format, no larger than 10 megabytes;
·The email and attached document must contain the case number, filer's name, address, and telephone number;
·Documents must be signed by the filing party by either
·(a) signing by hand and then scanning the document;
·(b) signing electronically using a digital signature; or
·(c) by typing:"s/Filer's Name;"
·Any additional comments, questions, or other messages in the email will be disregarded;
·Any additional correspondence included in the email will be disregarded.
If your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 11:00 AM to 2:00 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

For more information on the Standards for Filing by Email go to: https://nysd.uscourts.gov/sites/default/files/pdf/covid-19/Notice%20-%20Pro%20Se%20Email.pdf.

You can receive notifications by email of activity in your case by consenting to receive documents electronically. To do so, complete and mail the form found at https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

You may make an appointment with the NYLAG Legal Clinic for Pro Se Litigants to receive free legal advice by completingthe clinic's intake form on your computer or smartphone. (https://nam02.safelinks.protection.outlook.com/?url=https%3A%2F%2Fnylagoi.legalserver.org%2Fmodules%2Fmatter%2Fextern_intake.php%3Fpid%3D142%26h%3Dcea984%26&data=04%7C01%7CHRomo%40nylag.org%7Cbed7bc782cc74e940ba208d8f4552bca%7C7a949b265bb44b6197ceb192e674d669%7C0%7C0%7C637527993941002424%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWwiLCJXVCI6Mn0%3D%7C1000&sdata=MuJmSe%2FBUruzLwm1n0tcBNxDYp5%2BKceYUsIYh1BSo1E%3D&reserved=0)Alternatively, leave a message with 212-659-6190.

**From:** **Spoliation Notice** spoliation-notice@mailbox.org 📎
**Subject:** Video of Nina Jancowiz on Crowdsource The Truth 8 time-mark 14:13
**Date:** January 30, 2023 at 5:16 PM
**To:** Jason Goodman truth@crowdsourcethetruth.org
**Cc:** George Webb Sweigert georg.webb@gmail.com, bwittes@brookings.edu, Nina Jankowicz nina.jankowicz@gmail.com,
Margaret Esquenet margaret.esquenet@finnegan.com, Seth D. Berlin BerlinS@ballardspahr.com, Maxwell S. Mishkin
MishkinM@ballardspahr.com, spoliation@posteo.net, Spoliation Notice spoliation-notice@mailbox.org,
nina.jankowicz@wilsoncenter.org, benjamin.wittes@lawfareblog.com, 21stcentury3D@gmail.com, jason@21stcentury3d.com

For your records:

https://www.youtube.com/watch?v=pIaKo55BsWk

Time-mark 14:13 "I think Adolf Hitler should have a YouTube channel".

> On 01/28/2023 9:53 PM PST Jason Goodman <truth@crowdsourcethetruth.org> wrote:
>
> Your Honor,
>
> Due to the urgent nature of this matter and pursuant to your Individual Practices in Civil Cases rule I.A., I have attached a courtesy copy of documents filed with the Court.
>
> Jason Goodman, Plaintiff, Pro Se
> 252 7th Avenue Apt 6s
> New York, NY 10001
> (323) 744-7594
> truth@crowdsourcethetruth.org
>
>> Begin forwarded message:
>>
>> From: Jason Goodman <truth@crowdsourcethetruth.org>
>> Subject: Case No.: 1:21-cv-10878-AT-JLC Goodman v Bouzy et al APPLICATION FOR PRELIMINARY INJUNCTION OR RESTRAINING ORDER
>> Date: January 28, 2023 at 11:31:01 PM EST
>> To: Temporary_Pro_Se_Filing@nysd.uscourts.gov



NINA JANKOWICZ

*Former Global Fellow*

 @wiczipedia





Yankee Wally, Christopher Bouzy, Meghan Markle and the British Royal Family

 Crowdsource the Truth 8

 🔔 Subscribed ˅   👍 801   👎   ↗ Share   ⬇ Download



**Yankee Wally, Christopher Bouzy, Meghan Markle and the British Royal Family**

Crowdsource the Truth 8
3.28K subscribers

🔔 Subscribed ⌄        👍 801  👎     ↪ Share     ⬇ Download



**Yankee Wally, Christopher Bouzy, Meghan Markle and the British Royal Family**

     

**(EXHIBIT C)**

Twitter

- Home
- Explore
- Notifications
- Messages
- Bookmarks
- Twitter Blue
- Profile
- More

**Tweet**



**E.U. Concerned Citizen**
3,620 Tweets

**E.U. Concerned Citizen**
@LiberateYoutube

Concerned citizen

Social Media Influencer ⓘ  E.U.  Joined March 2022

49 Following   15 Followers

Not followed by anyone you're following

**Follow**

**Tweets** | Tweets & replies | Media | Likes

**E.U. Concerned Citizen** @LiberateYoutube · 4h
Jason Goodman's gag order request
@ImperatorTruth @Natethelawyer
#lawnerds @HuffPost @buzzfeed
#LAWTUBE #SunshineSachs #SussexSquad
@RoyalFamily @vicenews @sdny @CPSUK
@thehill #yankeewally @InsideEdition
@metpoliceuk @INTERPOL_HQ @WIRED
@BrookingsInst @TelevisionAcad



💬   🔁   ♡ 1   📊 9   ⬆️

**E.U. Concerned Citizen** @LiberateYoutube · 5h
Now Mama's Boy Jason Goodman wants gag order to protect Daddy
@ImperatorTruth @Natethelawyer @lawnerds
@HuffPost @buzzfeed #LAWTUBE #SunshineSachs #SussexSquad
@RoyalFamily @vicenews
#sdny @CPSUK @hunleyeric @thehill #yankeewally
@InsideEdition @metpoliceuk
@INTERPOL_HQ



**Animal Unknown t...**
@cheburashka1964

ow do I do that?

Twitter

- Home
- # Explore
- Notifications
- Messages
- Bookmarks
- Twitter Blue
- Profile
- More

**Tweet**

← **E.U. Concerned Citizen**
3,620 Tweets

**AlwaysMusic**   **Follow**
@AlphaUnseen
Composer, arranger, video storyteller, polymath ♪
youtube.com/@MarciaStockton ♪ #The50 🇺🇸 American renaissance ♪
TROLLS IMPERSONATE ME, SEE TWEET COUNT

**SIGINT**   **Follow**
@CLØWNWARS

Show more

**E.U. Concerned Citizen** @LiberateYoutube · 9h   ···
Jason Goodman admits he moved back in with parents links  w/ Chris Bouzy
@Natethelawyer #SunshineSachs #SussexSquad
@hunleyeric #lawnerds @RoyalFamily @vicenews
@huffpost #sdny @CPSUK @usweekly
@thehill @guardian @metpoliceuk
@INTERPOL_HQ @WIRED Charles Ortel
@BrookingsInst



39

**E.U. Concerned Citizen** @LiberateYoutube · 19h   ···
Jason Goodman's notice REF: Chris Bouzy
@ImperatorTruth @Natethelawyer #lawnerds
@HuffPost @buzzfeed #LAWTUBE #SunshineSachs #SussexSquad
@RoyalFamily @vicenews
#sdny @CPSUK @thehill @yankeewally
@InsideEdition @metpoliceuk @INTERPOL_HQ
@WIRED @BrookingsInst @TelevisionAcad

m: **YouTube** no-reply@youtube.com
ct: Jason Goodman, we have removed your channel from YouTube
te: January 25, 2023 at 7:13 PM
fo:          @gmail.com

▶ YouTube

Hi Jason Goodman,


**Animal Unknown t...**
@cheburashka1964

**(EXHIBIT D)**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

The National Academy of Television
Arts and Sciences, Inc., and Academy
of Television Arts & Sciences,
Plaintiffs-Appellees,

v.                                                    Docket No. 22-592

Jason Goodman,
D/B/A CrowdSource The Truth
Counter-Claimant-Counter Defendant-
Appellant.

---

### MOTION FOR LEAVE OF COURT WITH ACCOMPANYING BRIEF OF *AMICUS CURIAE* D. GEORGE SWEIGERT,

*Proposed Intervenor,*

### BRIEF SUPPORTS AFFIRMANCE OF THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, PLAINTIFF-APPELLEES

---

I hereby attest that the foregoing was transmitted via PDF file and e-mail to the

above parties on December 1, 2022 under the penalties of perjury.

**PROPOSED INTERVENOR**
**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way**
**Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**

1

## <u>CORPORATE DISCLOSURE STATEMENT</u>

In Accordance with the Federal Rules of Appellate Procedure rule 26.1, *Amicus Curiae* states as follows:

- Amicus maintains no financial interest in any company and/or subsidiary related to the parties of this appeal.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**.................................................................. 4

**MOTION FOR LEAVE OF COURT** .................................................. 5

**AUTHORITY TO FILE** ...................................................................... 7

**IDENTITY AND INTEREST OF AMICUS CURIAE** ....................... 7

**INTRODUCTION AND SUMMARY OF ARGUMENT** .............................. 11

**CERTIFICATE OF SERVICE** ......................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Cases**

Ryan v. CFTC , 125 F.3d 1062, 1064 (7th Cir. 1997) ............................................ 7

United States v. Heleniak, 14CR42A (W.D.N.Y. Jul. 10, 2015) ........................... 7

**Rules**

F.R.A.P. Rule 29(a)(3) ........................................................................... 5

Fed. R. App. P. 29 .................................................................................. 5

# MOTION FOR LEAVE OF COURT

Under Fed. R. App. P. 29, an *amicus curiae* must file a motion for leave to file a brief, include the proposed brief, state the movant's interest and the reason why an amicus brief is desirable and relevant to the disposition of the case. *See* Fed. R. App. P. 29.

F.R.A.P. Rule 29(a)(3) states:

> *Motion for Leave to File. The motion must be accompanied by the proposed brief and state:***(A)** *the movant's interest; and***(B)** *the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case.*

**(A)      the movant's interest; the reduction in slanderous, conclusory and scurrilous materials injected into these proceedings by Mr. Jason Goodman, the Defendant-Appellant.**

During the life of the underlying legal action in the Southern District of New York (S.D.N.Y.) the *amicus curiae* acted as a proposed intervenor.

The proposed intervenor had a three-year litigation history with the Jason Goodman, *Counter-Claimant-Counter- Defendant Appellant.*

*The proposed intervenor-amicus* has been discussed at great length by the *Counter-Claimant-Counter- Defendant Appellant Jason Goodman* (herein Goodman) in his

initial brief (Case 22-592, Document 25, 09/14/2022, 3383014, Page1 of 22). In his

brief, Mr. Goodman mentions the proposed-intervenor 21 (twenty-one) times.

In that initial brief, under STATEMENT OF ISSUES PRESENTED FOR

REVIEW, Mr. Goodman presents this question to the Court.

> *3. Whether the Plaintiffs -Appellees conspired with non-party David George*
>
> *Sweigert ("Sweiget") to wrongfully bring about litigation, harass Goodman*
>
> *and his corporation's attorney with the specific intent to influence the*
>
> *outcome of the proceedings and repeatedly deceive the court with material*
>
> *misrepresentations, false statements, and illegal acts.*

**(B) the reason why an amicus brief is desirable and why the matters**

**asserted are relevant to the disposition of the case.**

The ***pro se*** movant/amicus/intervenor D. George Sweigert presents the evidence

from the original district court case record that exonerates the movant from Mr.

Goodman's conclusory assertions, upon which Mr. Goodman seeks consideration

as an appealable issue (Issue No. 3, STATEMENT OF ISSUES).

The relief requested by the ***pro se*** movant is needed in order to protect movant's

legal interest in a professional reputation as a certified information technology

expert (aka Certified Ethical Hacker).

The movant/amicus is a Certified Ethical Hacker and can provide this court with industry standard rules of conduct that neutralize many of Mr. Goodman's conclusory claims.

This approach fosters the efficiency of the administration of justice by reduction the amount of time the Court must spend considering obvious errors proffered by Mr. Goodman.

## AUTHORITY TO FILE

When the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide "United States v. Heleniak, 14CR42A (W.D.N.Y. Jul. 10, 2015)

An amicus brief is appropriate where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide" (quoting Ryan v. CFTC , 125 F.3d 1062, 1064 (7th Cir. 1997) )

## IDENTITY AND INTEREST OF AMICUS CURIAE

7

The *amicus* was the *proposed-intervenor* in the district court action. This Honorable Court may decide to treat this brief as submitted by a proposed intervenor of the original action or as an amicus brief.

The underlying district court case orbited issues concerning the posting of social media posts made by Mr. Goodman, *Counter-Claimant-Counter- Defendant Appellant.* Mr. Goodman publishes social media posts on platforms such as YouTube, Twitter, and Facebook which are accessible to the public over the interstate wires of the Internet.

Besides posting social media posts about the National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences, *Plaintiffs-Appellees*, Mr. Goodman also included the proposed intervenor/amicus/movant in these publications.

As a preliminary matter, when the underlying district court action was filed the movant/amicus advised the district court of related litigation, *Sweigert v. Goodman*, see: "**09/16/2020 ECF Doc. 9** NOTICE OF RELATED LITIGATION: SWEIGERT V. GOODMAN SDNY CIVIL CASE#: 1:18-CV-08653-VEC re: that this action be filed as related to 20cv8653. (rro) (Entered: 09/16/2020)".

Nine (9) months later movant/amicus sought intervention by filing "**05/19/2021 ECF Doc. 75** LETTER addressed to Judge Valerie E. Caproni from D. George Sweigert, dated 5/19/21 re: REQUEST TO FILE EITHER (1) MOTION FOR

PERMISSIBLE INTERVENTION, OR (2) STATEMENT BY INTERESTED

THIRD PARTY. Document filed by non-party/proposed intervenor, D. George

Sweigert.(sc) (Entered: 05/20/2021)."

By Judge Caproni's ORDER the movant/amicus was permitted to file a formal

motion seeking intervention, see "**05/21/2021        ECF Doc. 77** ORDER: The

expert discovery deadline is stayed. Mr. Sweigert's motion to intervene, if any, is

due by June 18, 2021. See Dkt. 75. Oppositions are due by July 16, 2021. Mr.

Sweigert's reply is due by July 30, 2021. (As further set forth in this Order.) (

Motions due by 6/18/2021., Responses due by 7/16/2021, Replies due by

7/30/2021.) (Signed by Judge Valerie E. Caproni on 5/21/2021) (cf) (Entered:

05/21/2021)"

Movant/amicus submitted his motion for permissive intervention, see: "**06/18/2021**

**ECF Doc. 84** NOTICE OF MOVANT D. GEORGE SWEIGERT'S MOTION

FOR LIMITED INTERVENTION OR, IN THE ALTERNATIVE, TO APPEAR

AS AMICUS CURIAE. (Attachments: # 1 Declaration)(sc) (Entered: 06/21/2021)"

In opposition, Mr. Goodman's attorney filed a three (3) page document, see:

"**07/17/2021 ECF Doc. 92**  MEMORANDUM OF LAW in Opposition re: 84

MOTION to Intervene. . Document filed by Jason Goodman, Multimedia System

Design, Inc.. (Attachments: # 1 Exhibit Ethical Hacker Guide 1, # 2 Exhibit Ethical

Hacker Guide 2, # 3 Exhibit Denial of Motion to Intervene 1, # 4 Exhibit Denial of

Motion to Intervene 2, # 5 Exhibit Sweigert v. CNN Motion to Transfer, # 6

Exhibit Sweigert v. CNN Order).(Snyder, John) (Entered: 07/17/2021)."

Movant/amicus filed a reply in opposition, see: "**07/29/2021 ECF Doc. 97**

MOVANT SWEIGERT'S MEMORANDUM OF LAW IN OPPOSITION TO ECF

DOC. 90 AND 92, re: 92 Memorandum of Law in Opposition to Motion, 90

Response in Opposition to Motion. (sc) (Entered: 07/29/2021)"

Judge Caproni denied the motion to intervene, see: "**07/30/2021 ECF Doc. 98**

OPINION AND ORDER".

## INTRODUCTION AND SUMMARY OF ARGUMENT

In this case, Plaintiff-Appellant sued Defendant-Appellee over social media posts that used a protected image of the "EMMY AWARDS".

Jason Goodman, *Counter-Claimant-Counter- Defendant Appellant,* relies predominantly on his personal speculation to create conclusory statements withy regards to the movant/amicus. Even if the movant/amicus were to stipulate to these conclusory allegations as true, they do not pass the "so what test".

Mr. Goodman proffers broad conspiracy claims that supposedly interconnect the movant/amicus with the Plaintiff-Appellant. In essence, Mr. Goodman is alleging some sort of civil conspiracy between movant/amicus and Plaintiff-Appellant.

See: "Goodman alleges Sharp conspired with a third party, David George Sweigert ("Sweigert") initially to send an email creating a pretext for the lawsuit, and then to disrupt the defense through continual harassment and personally threatening Defendant's counsel resulting in his withdrawal and subsequent default judgement." (Document 25, 09/14/2022, 3383014, Page12 of 22).

See: "Goodman was immediately suspicious and warned Esquenet that he suspected the highly motivated and vexatious Sweigert was attempting to lure her client into expensive and unnecessary litigation." (Document 25, 09/14/2022, 3383014, Page13 of 22).

See: "Goodman suspected chicanery because the months old video was unlikely to randomly show up as Esquenet suggested before admitting it was proactively 4 brought to her client's attention." (Document 25, 09/14/2022, 3383014, Page14 of 22).

New York only recognizes a civil conspiracy when it is connected to a separately pleaded underlying tort, which remains unknown in this case.

Mr. Goodman openly blames his attorney in the district court proceeding for the problems he may have suffered.

See: "MSD's former counsel failed to competently represent MSD, failed to raise points as Goodman instructed and left Goodman in such an unfavorable position, none of the numerous attorneys Goodman attempted to retain after the withdrawal would take up the case." (Document 25, 09/14/2022, 3383014, Page19 of 22).

Signed December 1, 2022 under the penalties of perjury.

**PROPOSED INTERVENOR**
**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way**
**Box Elder, SD 57719**

## FRAP RULE 32 COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) as it contains 1800 words.

This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and

the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been

prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-

point Times New Roman font.

Signed December 1, 2022 under the penalties of perjury.

**PROPOSED INTERVENOR**
**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way**
**Box Elder, SD 57719**
**Spoliation-nation@mailbox.org**

## CERTIFICATE OF SERVICE

 I certify that on December 7, 2022, the foregoing document was served on the

parties below via email and to the Court via Temporary Pro Se Electronic Filing.

seth.katz@finnegan.com

MaryKate.Brennan@finnegan.com

 margaret.esquenet@finnegan.com

b.brett.heavner@finnegan.com

thuth@crowdsourcethehuth.org

Signed this 1st day of December, 2022.

**PROPOSED INTERVENOR**
**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way**
**Box Elder, SD 57719**

14