D. G. SWEIGERT, C/O<br>
MAILBOX, PMB 13339<br>
514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

February 4, 2023

*Goodman v. Bouzy*, et. al. Case No. 1: 21-cv-10878-AT-JLC

Honorable James L. Cott
Magistrate Judge
U.S. District Court for the
 Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ: Assignment of ECF no. 111 for Report and Recommendation, per ECF no. 115

Your Honor,

1.  At the outset, nothing in the undersigned's communications should be considered a waiver of the undersigned's rights regarding a dismissal of all the Plaintiff's claims pursuant to F.R.C.P. Rule 12(b)(2) for lack of personal jurisdiction. The undersigned does not place himself under the jurisdiction of this Court. Nevertheless, in an effort to preserve scarce judicial resources the undersigned brings the following matters to your attention.

2.  Judge Torres, via ECF no. 115, has assigned the Plaintiff's motion for a temporary restraining order and/or injunction for your review. Plaintiff cites FRCP Rule 65(b)(1)(A) in his motion papers, e.g., ECF no. 111, 114, etc. Meanwhile, Plaintiff has recently filed an additional "motion" (ECF no. 118) concerning review of medical and or psychological records (see Plaintiff's reliance on F.R.C.P. Rule 35(a)).

3.  Rule 35(a) should also apparently be applied to Plaintiff's Rule 65(b)(1)(A) motion papers. The Plaintiff cites numerous examples in his motion papers concerning vague, ambiguous and undocumented sufferings of his mother to justify extraordinary prior restraint against the undersigned.; quoted in relevant below (see ECF no. 114):

    •   "Sweigert's cruel efforts are impacting the mental health and physical well being of Goodman's mother during her recovery, causing anguish, loss of sleep and complicating recovery from a dangerous surgical procedure. (ECF no. 114, page 2 of 8)."

    •   "Further details must now be shared in order to put an end to Sweigert's dangerous harassment that has a history of improperly affecting litigation and is now affecting the health and wellbeing of Goodman's mother during critical post operative recovery. (ECF no. 114, page 2 of 8)."

- "In the two weeks since undergoing spinal surgery, Goodman's mother has experienced extreme pain, difficulty walking, discomfort in conducting normal daily tasks and difficulty sleeping. (ECF no. 114, page 3 of 8)."

- "The general displeasure due to stress caused by Sweigert's extreme hateful conduct toward Goodman is having a dangerous and potentially irreversible impact on Goodman's mother. (ECF no. 114, page 3 of 8)."

- "Even if the Court disagrees and finds the malicious harassment of Goodman's family is within Sweigert's first amendment rights, this is outweighed by the ongoing irreparable harm to Goodman's mother's mental and physical health as a result of this outrageous and cruel behavior. (ECF no. 114, page 7 and 8)."

4. Unfortunately, the Plaintiff has provided no specific details that would enhance the legal/medical record concerning Plaintiff's mother, except for an X-RAY "film" that does not list the patient's name (ECF no. 113, page 7 of 25). Therefore, at this time, the Court is forced to rely on an undated X-RAY film that does not include the patient's name.

5. Regarding the Plaintiff's father, the Plaintiff has stated on several occasions on social media that his father, Mark A. Goodman, was a medical officer in the U.S. Navy, presumably a Lt. Commander. Thus, a member of the U.S. Government and former public official. Further, the Plaintiff's father has published numerous web-sites concerning his practice of medicine affiliated with a public university.



6.  Construing the Plaintiff's motion papers as promoting a constitutional right to privacy for his father, such privacy does not extend to matters of public record. See *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494-495, 95 S.Ct. 1029, 1045-46, 43 L.Ed.2d 328 (1975), relied upon in *Doe v. City of New York,* 825 F.Supp. 36 (S.D.N.Y. 1993).

7.  The Plaintiff has made numerous public social media appearances concerning this litigation which have been viewed by tens of thousands.  For example:



https://www.youtube.com/watch?v=85kophkOfBM&t=2731s

https://www.youtube.com/watch?v=7n_j5SILt4k

3



https://www.youtube.com/watch?v=uOTgbcweP84&t=1104s

https://www.youtube.com/watch?v=8DFRusvri3c&t=2773s

Respectfully,

Signed this 4th day of February 2023.

**D.G. SWEIGERT, PRO SE DEFENDANT**

## CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Georg.webb@gmail.com

benjamin.wittes@lawfareblog.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

nina.jankowicz@wilsoncenter.org

margaret.esquenet@finnegan.com

Certified under penalties of perjury.

Signed this 4th day of February 2023.

**PRO SE DEFENDANT**