D. G. SWEIGERT, C/O<br>
MAILBOX, PMB 13339<br>
514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

February 3, 2023

*Goodman v. Bouzy*, et. al. Case No. 1: 21-cv-10878-AT-JLC

Honorable James L. Cott
Magistrate Judge
U.S. District Court for the
  Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing

SUBJ:  **ECF doc. No. 118, 2/3/2023**

Your Honor,

1. By leave of the Court, the undersigned attaches the Report and Recommendation of Magistrate Judge Stewart D. Aaron (Case 1:18-cv-08653-VEC-SDA Document 309 Filed 08/16/21 Page 1 of 3) concerning the Plaintiff's previous use of F.R.C.P. Rule 35 to compel a psychological examination.

2. The Court should be aware that the Plaintiff apparently has filed NO pre-motion letters as discussed in the Individual Rules of Practice by Judge Analisa Torres, III(B).

3. Respectfully.

Signed this 3rd day of February, 2023.

**D.G. SWEIGERT, PRO SE DEFENDANT**

## CERIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Georg.webb@gmail.com

benjamin.wittes@lawfareblog.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

nina.jankowicz@wilsoncenter.org

margaret.esquenet@finnegan.com

Certified under penalties of perjury.

Signed this 3rd day of February, 2023.

                                                          **PRO SE DEFENDANT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

D George Sweigert,

                            Plaintiff,

        -against-

Jason Goodman,

                            Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/16/2021

1:18-cv-08653 (VEC) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

        WHEREAS, on August 12, 2021, Defendant filed a motion for an order to show cause as to why Plaintiff should not be held in criminal contempt and/or be required to undergo a psychological evaluation (Def.'s 8/12/2021 Motion, ECF No. 305); and

        WHEREAS, on August 13, 2021, Plaintiff filed a motion to strike "scandalous material" from Defendant's motion (Pl.'s 8/13/2021 Motion, ECF No. 306); and

        WHEREAS, on August 13, 2021, Defendant filed a supplement to his August 12, 2021 motion (Def.'s Supp., ECF No. 307); and

        WHEREAS, on August 16, 2021, Plaintiff filed a response to Defendant's earlier filings (Pl.'s Resp., ECF No. 308).

        NOW, THEREFORE, IT IS HEREBY ORDERED THAT Defendant's motion is DENIED. None of the issues raised by Defendant is related to the claims before the Court in this action. The underlying concern giving rise to the courts' inherent contempt power is "disobedience to the orders of the judiciary[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Defendant alleges that

Plaintiff took certain actions against Defendant's counsel in another lawsuit;[1] published threats; made false statements; and engaged in harassment and fraud. (Def.'s Motion at 3-5.) None of these allegations relates to Orders of this Court and, thus, are not proper grounds for a contempt motion. Accordingly, the Court finds that Defendant has not set forth a *prima facie* case of contempt.[2] *See Stancuna v. Sacharko*, No. 09-CV-00075 (AWT), 2010 WL 2351485, at *2 (D. Conn. June 9, 2010) (denying motion for contempt when no basis to certify facts to district judge).

Moreover, to the extent that Defendant seeks to compel Plaintiff to submit to a psychological evaluation, Defendant has provided no basis for such a request and that motion too is denied. While the Federal Rules of Civil Procedure provide that "[t]he court where [an] action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination. . .[,]" Fed. R. Civ. P. 35(a)(1), that is not the case here. The only claims remaining in this action are Plaintiff's claims against Defendant for defamation and for violation of the New York Civil Rights Law, neither of which put in controversy Plaintiff's

---

[1] The Court notes that Defendant's counsel's motion to withdraw in the separate lawsuit, as discussed in Defendant's supplemental filing, was granted on August 13, 2021. (*See* 20-cv-7269, 8/13/2021 Memo Endorsement, ECF No. 104.)

[2] The Court recognizes that the contempt authority of Magistrate Judges in civil non-consent cases is limited by the Federal Magistrates Act. *See* 28 U.S.C. § 636(e). Magistrate Judges may issue orders of contempt for misbehavior in the judge's presence and may exercise criminal and civil contempt authority in misdemeanor cases and in civil cases in which the parties have consented to magistrate judge jurisdiction. 28 U.S.C. § 636(e)(2)-(4). Otherwise, the Act sets forth a certification procedure whereby a Magistrate Judge may certify facts to a District Judge for adjudication. *See id*. "In certifying the facts under Section 636(e), the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *MPD Accessories B.V. v. Urb. Outfitters, Inc.*, No. 12-CV-06501 (LTS) (KNF), 2013 WL 6869919, at *4 (S.D.N.Y. Dec. 23, 2013) (quoting *Hunter TBA, Inc. v. Triple v. Sales*, 250 F.R.D. 116, 118 (E.D.N.Y. 2008)). Because Defendant does not allege that Plaintiff violated an Order of this Court, he has not established a *prima facie* case of civil contempt let alone shown the high burden of proof required for criminal contempt. *See Hunter*, 250 F.R.D. at 119 (discussing elements of civil contempt and differences between civil and criminal contempt).

mental condition. *Accord Bourne v. City of Middletown*, No. 11-CV-00309 (DJS), 2012 WL 6600297, at *1 (D. Conn. Dec. 18, 2012) (denying motion for psychological examination).

IT IS FURTHER ORDERED THAT, in view of the foregoing, Plaintiff's motion to strike is DENIED AS MOOT.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Defendant.

**SO ORDERED.**

Dated: New York, New York
August 16, 2021

_____
STEWART D. AARON
United States Magistrate Judge

Case 1:18-cv-06878-AT-SDA Document 209 Filed 08/16/21 Page 3 of 3

3