D. G. SWEIGERT, C/O<br>
PMB 13339, 514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

February 6, 2023

*Goodman v. Bouzy*, et. al. Case No. 1: 21-cv-10878-AT-JLC

Honorable Analisa Torres
District Judge
U.S. District Court for the
  Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing and e-mail to chambers

SUBJ:  Pre-motion letter for Motion to Dismiss, see ECF no. 112

REF:   (a) INDIVIDUAL PRACTICES Rule III(A)

       (b) Rule III(B)(iii)

Your Honor,

1.     The undersigned has exchanged a first set of letters with the Plaintiff pursuant to ref (a) and now files this communication pursuant to ref (b).

## STATEMENT OF ISSUES

- Whether the Court should dismiss this action for failure to state a claim because it is barred by the doctrine of res judicata.

- Whether the Court should dismiss this action for failure to state a cognizable claim under Sections 1962(c) or (d) of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(c)-(d).

- Whether the Court should dismiss this action for lack of subject matter jurisdiction because Plaintiffs lack constitutional standing.

- Whether, in the event the Court does not dismiss this action in full, the Court should nevertheless dismiss the undersigned as a defendant for lack of personal jurisdiction.

2.     First, the doctrine of res judicata precludes the relitigation of Goodman's claims against Adam Sharp and the National Academy of Television Arts and Sciences (NATAS), see *Goodman v. Sharp*, et. al, 21-cv-10627-VEC (S.D.N.Y.), which included claims of "(1) abuse of process in violation of 47 U.S.C. § 230.." (MEMORANDUM AND ORDER, 7/12/2022).

3.     Said MEMORANDUM AND ORDER states, "Plaintiff asserts that the Court has federal question jurisdiction under the Communications Decency Act, 47 U.S.C. § 230(c)(1)," and "Plaintiff even appears to concede that Section 230(c)(1) was improperly invoked, admitting that "47 U.S.C. § 230 . may not have been properly referenced in the initial complaint." Pl. Opp. at 4.

His concession makes sense as Plaintiff has not cited a single case in which Section 230(c)(1) has been used as a basis for an affirmative claim in federal court. Nor could he. A diligent review of case law in this circuit reveals that no prior plaintiff has premised an affirmative claim for relief on Section 230(c)(1). Rather, Section 230 has only been invoked as an affirmative defense. See, e.g., *LeadClick Media, LLC,* 838 F.3d at 162 (defendants claiming immunity under Section 230(c)(1) against plaintiff's claim of deceptive marketing practices); La *Liberte v. Reid*, 966 F.3d 79, 83 (2d Cir. 2020) (social media website claiming immunity under Section 230(c)(1) against plaintiff's defamation claim)".

4.  Goodman's Amended Complaint states (ECF no. 100, page 30 of 127), "This is the essence of their scheme to maliciously sue the unrelated MSD in contradiction to 47 U.S. Code § 230 and violation of 18 U.S. Code § 1343, for the ulterior purpose of forcibly terminating Goodman's popular broadcasts during the 2020 Presidential election because they disagree with him politically." At para. 79 (page 40 of 127) "Defendants Sweigert, Sharp, ATAS, and Esquenet entered into a civil conspiracy when they agreed to create a pretext under which they intended to sue a corporation owned by Goodman for an internet post made by Goodman in his personal capacity in violation of 47 U.S. Code § 230 and with the express intent of harming Goodman and extorting him into ceasing news broadcasts during the 2020 Presidential election."

5.  In sum, the harms Goodman alleges in this suit are identical to those in *Goodman v. Sharp* which was dismissed on the merits. Here, Goodman alleges harm arising from his ban from social media, with additional consequential harms suffered as a result, identical to claims in *Goodman v. Sharp*.

6.  Second, as a threshold matter, Goodman lacks standing under the civil RICO statute to bring this suit. To have statutory standing, a civil RICO plaintiff must show that his harm "was *'by reason of'* the RICO violation, which requires the plaintiff to establish proximate causation," and that his alleged harm "qualifies as injury to [her] business or property[.]" *Canyon Cnty.*, 519 F.3d at 972 (emphasis added) (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992)). This is "an even more rigorous standing requirement than Article III." *Chaney v. Berkshire Hathaway Auto.*, 2017 WL 6520662, at *5 n.4 (D. Ariz. Sept. 25, 2017). Goodman cannot make either of these mandatory showings.

7.  In addition, Goodman fails to state a colorable civil RICO claim or establish the Court's jurisdiction over this action. Goodman asserts that a RICO conspiracy between the undersigned, Adam Sharp, NATAS, and a variety of other defendants. But he does not plead, as he must, that any of the alleged predicate acts <u>concretely</u> injured his business or property—either proximately or factually, as RICO requires. This defect also fatally deprives him of constitutional standing (and thus this Court of subject matter jurisdiction) because his alleged injuries are not "fairly traceable" to the complained-of conduct.

8.  To state a RICO claim under 18 U.S.C. § 1962(c), a plaintiff must show the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts"). *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* 431 F.3d 353, 361 (9th Cir. 2005); *see also* § 1962(c). Goodman does not.

9.  As stated in para. 1 of the Amended Complaint "This is an action alleging fraud, defamation, conspiracy to commit fraud, conspiracy to defame, abuse of process, and racketeering…". Goodman's conclusory allegations of RICO fraud fail as they must meet the heightened pleading standard of F.R.C.P. Rule 9(b). See *O'Brien v. Natl. Property Analysts*, 719 F. Supp. 222 (S.D.N.Y. 1989), finding that a "bare conspiracy allegation" was insufficient under Rule 9(b).

10. Goodman must plead his RICO claims with sufficient particularity under Rule 9(b). "RICO claims based on mail [or] wire fraud must be pled with particularity under Rule 9(b). . . ." *Center Cadillac v. Bank Leumi Trust Co.,* 808 F. Supp. 213, 228 (S.D.N.Y. 1992) (Motley, J.). See also *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 49-50 (2d Cir. 1987), cert. denied, 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988), overruled on other grounds, *United States v. Indelicato*, 865 F.2d 1370 (2d Cir. 1989) (en banc); Morin v. Trupin, 711 F. Supp. 97, 111 (S.D.N.Y. 1989); *Giuliano v. Everything Yogurt, Inc.,* 819 F. Supp. 240, 244 (E.D.N.Y. 1993). Cf. *United States v. Barta,* 635 F.2d 999, 1005 n. 14 (2d Cir. 1980) (establishing a cause of action for mail fraud requires a showing of "specific intent to defraud"), cert. denied, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981).

11. Additionally, as related to *Goodman v. Sharp* and res judicata, a civil RICO claim is considered identical to claims brought in an earlier civil suit where "[t]he harm alleged" is "fundamentally the same" as the harms which were or "could have been raised" in the prior litigation. *Monterey Plaza Hotel Ltd. P'ship v. Loc. 483 of Hotel Emps. & Rest. Emps. Union, AFL-CIO,* 215 F.3d 923, 928 (9th Cir. 2000) (affirming dismissal of RICO claim where harms alleged were previously litigated); *see also* Gregory P. Joseph, CIVIL RICO: A DEFINITIVE GUIDE § 30.A (5th ed. 2018) ("If the parties to a RICO action have previously litigated over the facts giving rise to the RICO claim, the prior litigation bars the subsequent RICO claim even if RICO was not invoked in the earlier action."). The test, in other words, is whether the new action "seeks redress for the same wrongs as alleged in" the earlier case. *See Eichman v. Fotomat Corp.*, 880 F.2d 149, 155 (9th Cir. 1989); *accord United States v. Gurley,* 43 F.3d 1188, 1196 (8th Cir. 1994); *see also Adam Bros. Farming v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010) ("The focus of our analysis is on the harm suffered.") (internal quotation marks omitted).

12. Separate from the Amended Complaint's standing infirmities, Goodman fails in multiple ways to sufficiently plead a RICO claim. To make out the essential "enterprise" element of a Section 1962(c) claim, Goodman must plead an association-in-fact enterprise with "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). The Complaint does not plausibly allege that the defendants

associated with *anyone* in the putative enterprise, for any reason, for any length of time.  Goodman merely alleges the existence of a "Cyber Militia" in an attempt to meet this requirement.

13. A civil RICO claim requires allegations that not only show an enterprise existed, but also demonstrate that each defendant "conduct[ed] or participate[d], directly or indirectly, in the conduct of" the RICO enterprise's affairs. 18 U.S.C. § 1962(c). "In order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in directing those affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).

14. Third, as the Plaintiff's civil RICO claims have failed so has personal jurisdiction over the undersigned, who has had no contacts or business within the State of New York.  Caveat: the undersigned has not waived his rights to oppose this Court's jurisdiction regarding dismissal of all the Plaintiff's claims pursuant to F.R.C.P. Rule 12(b)(2) for lack of personal jurisdiction.

15. Plaintiff has asserted personal jurisdiction over the undersigned primarily based on the RICO statute, which confers nationwide jurisdiction in RICO cases.  See 18 U.S.C. § 1965 and Amended Complaint para. 39, (page 8 of 127) "This Court has personal jurisdiction over Defendants under 18 U.S.C. § 1965(b)" and para. 43 (page 9 of 127) "This Court also has personal jurisdiction over Sweigert under 18 U.S.C. § 1965(b) which allows any District Court to summon parties from another district if the "ends of justice require" it."  But, because Plaintiff's RICO claims have failed, personal jurisdiction over the undersigned is, necessarily, lacking, and all claims against him must be dismissed.

16. The undersigned certifies under the penalties of perjury that he has ever (1) owned any real or personal property in the State of New York; (2) solicited business, advertised or marketed any goods or services in the State of New York; (3) maintained offices or leased any real or personal property in the State of New York; or (4) held bank accounts, phone numbers, facsimile numbers, or corporate records in the State of New York.

Respectfully,

Signed this 6th day of February 2023.

*D. Swt*

**D.G. SWEIGERT, PRO SE DEFENDANT**

## CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

margaret.esquenet@finnegan.com

liz.lockwood@alilockwood.com

Certified under penalties of perjury.

Signed this 6th day of February 2023.

*[signature: D. Sut]*   **PRO SE DEFENDANT**