IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN<br><br>Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**RESPONSE IN OPPOSITION TO LETTER MOTION SEEKING EXTENSION OF TIME** |

Jason Goodman ("Goodman" or "Plaintiff"), by and for himself pro se, respectfully submits this response in opposition to defendants Wittes and Jankowicz letter motion seeking an extension of time to respond. Defendants provide no valid reason to explain why they require more time to retain an attorney than any other litigant would. Additionally, defendants' decision to hire the same attorney only serves to prove Goodman's allegations that they have coordinated their actions and continue to.

**DEFENDANTS CONTINUE TO COORDINATE THEIR ACTIONS**

The Court should take notice that simultaneous with this action, Defendant David George Sweigert ("Sweiget") has brought additional sham litigation against a dormant New York Corporation owned by Goodman in the Eastern District of Michigan ("MIED"). Sweigert once again is attempting to sue Goodman's corporation Multimedia System Design,

RESPONSE IN OPPOSITION TO LETTER MOTION SEEKING EXTENSION OF TIME - 1

Inc ("MSD") in an attempt to force Goodman to hire an attorney, to distract Goodman from prosecuting this instant action and to further abuse regularly issued legal process to wrongfully gain an advantage in this litigation.

Sweigert has also recently submitted a motion seeking an extension of time in that case. (*See* Sweigert v Multimedia System Design Inc Case 2:22-cv-12696-GAD-KGA ECF No. 23).  Please note that with his motion to the Court in MIED, Sweigert knowingly makes a false statement while he simultaneously admits he is seeking to learn the home address of Goodman's parents.  As the Court is aware, Goodman was visiting and caring for his octogenarian mother during her recovery from spinal surgery.  Goodman did not state he was "moving in" or changing his primary residence from New York to Florida.  Sweigert attempts to deceive the Court when he states "Recently, in other litigation, Jason Goodman advised the U.S. District Court for the Southern District of New York (S.D.N.Y.) that he has moved in with his parents in Florida. Initial research indicates this new address is in the vicinity of Boynton Beach, Florida. Additionally, Mr. Goodman, the sole stockholder of Defendant M.S.D.I., has recently published numerous social media videos that depict landmarks in Florida."

Sweigert refers to the fake, imaginary and false corporate entity "MSDI" which as the Court is aware, he created in an effort Goodman alleges he coordinated with defendants Adam Sharp ("Sharp") and Margaret Esquenet ("Esquenet") in what Goodman alleges is an ongoing effort to harass Goodman with illegitimate sham litigation.  Sweigert must be enjoined from further harassing Goodman and no advantage or concession should be granted to any of his co-defendants without good cause.  Goodman alleges Defendants'

RESPONSE IN OPPOSITION TO LETTER MOTION SEEKING EXTENSION OF TIME - 2

collective efforts aim to assist Sweigert in his ongoing harassment of Goodman and others.

The Court should also take notice that defendant Esquenet has failed to respond to a request for waiver of service that was sent on January 24, 2023. In an email response the same day, Esquenet stated "now that you have provided the waiver request, we have 30 days to accept or reject the request. We are discussing the matter with our clients will revert in due course." Goodman alleges defendants continue to coordinate their actions and are seeking the extension of time for the ulterior purpose of coordinating extrajudicial harassment against Goodman, to waste time, increase these proceedings and to collectively gain an advantage in this litigation.

## CONCLUSION

Previous emails sent by Sweigert to Jankowicz are likely to prove that Sweigert was initially assisting Jankowicz in responding pro se. Goodman alleges this was the true cause of Jankowicz' delay. Defendants Wittes and Jankowicz have failed to provide a valid reason as to why they require a larger than normal period of time to respond and therefore the motion seeking an extension of time should be denied.

Signed this 8th day of February 2023

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

RESPONSE IN OPPOSITION TO LETTER MOTION SEEKING EXTENSION OF TIME - 3