# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **D. G. Sweigert,**<br>**Pro Se Counter-Plaintiff**<br><br>**-against-**<br><br>**Jason Goodman,**<br>**Pro Se Counter-Defendant** | **PRO SE**<br><br>**21-cv-10878-AT-JLC**<br><br>**District Judge Analisa Torres**<br><br>**Magistrate Judge James L. Cott** |

## DEFENDANT'S CONDITIONAL ANSWER TO AMENDED COMPLAINT
### (ECF no. 100)

---

The *pro se* Defendant-Counter Plaintiff (undersigned) files these papers as conditional upon a finding of personal jurisdiction by this Court upon the undersigned. *Wafios Machinery Corporation v. Nucoil Industries Co., Ltd.*, 03 Civ. 9865 (RWS) (S.D.N.Y. Jul. 21, 2004). If no personal jurisdiction is established against the undersigned by this Court these papers should be considered moot. Conditional Counter Claim filed concurrently with these papers.

February 9, 2023

**D. G. SWEIGERT PRO SE DEFENDANT, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**

**DEFENDANT SWEIGERT'S CONDITIONAL ANSWER TO AMENDED COMPLAINT**
**(ECF no. 100)**

*Pro se* Defendant D. G. Sweigert, who does not waive his right to challenge this Court's

personal jurisdiction over him, now responds as a conditional Counter-Plaintiff to the Plaintiff's

Amended Complaint (ECF no. 100) and asserts his Affirmative Defenses as follows:

**NATURE OF THE ACTION**

1.      Denied. Defendant is without sufficient knowledge as to Plaintiff's belief regarding the

suggestion of fraud, defamation, conspiracy to commit fraud, conspiracy to defame, abuse of

process, and racketeering.  Defendant is without knowledge as to a "scheme" calculated and

implemented to financially damage Plaintiff, destroy his news broadcasting business, destroy

his valuable branded social media accounts, deprive him of income and prevent him from

reporting well founded claims that allege criminal activity on the part of the Defendants and

others.  Defendant believes that Plaintiff published non-monetized videos that produced no

revenue on the YouTube service.  Defendant understands that Plaintiff's supposed business is

apparently some sort of satire and/or parody social media show that broadcasts on Internet sites

known as Rumble, BitChute, and YouTube which provide no financial renumeration to the

Plaintiff apparently.  Defendant notes the video that depicts another defendant attorney in this

action with a clown face while the Plaintiff is depicted in what appears to be a World War II

German Tiger tank, https://rumble.com/v2779rm-counterlawfare-report-courtroom-clowns-and-

the-phone-call-at-the-heart-of-t.html entitled "Counterlawfare Report – Courtroom Clowns and

the Phone Call at the Heart of the EMMYs v MSD Lawsuit".   Defendant is aware that

apparently the Plaintiff also operates a merchandising store at URL

https://www.redbubble.com/people/csthetruth/shop?utm_medium=email&utm_source=mkgem&utm_campaign=&asc=u   Defendant is aware that in the Amended Complaint the Plaintiff states, "To this end, Goodman created a program that was intended to mock corporate television news broadcasts." (Page 27 of 127).

**2.**      Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is unaware of "mass flagging" events or the use of "inauthentic accounts".  Defendant did file one "Copyright Strike", which was denied by YouTube, in approximately August 2021, to which the Plaintiff was informed of.  Defendant understands that this "Copyright Strike" had no practical effects or impact on the YouTube channel "Jason Goodman".  Defendant is aware of many statements made by Plaintiff in hundreds of videos that stating that Plaintiff's YouTube videos were not monetized and generated no income for the Plaintiff.  Defendant has never received any money from Plaintiff or any money from supposed "mass flagging".  Defendant is not aware of any frivolous lawsuits that pursued false claims.  Defendant does not understand the term "Goodman's video broadcast business" as apparently there have been no account disruptions on the Plaintiff's Internet sites at Patreon, SubscribeStar and Odysee, which apparently are the only video platforms that provide any financial renumeration or compensation to the Plaintiff via subscriber-based credit card payments.  Plaintiff's other channels supposedly do not provide any revenue whatsoever, as in Rumble, BitChute, YouTube, etc. https://www.subscribestar.com/crowdsourcethetruth ,
https://www.patreon.com/crowdsourcethetruth ,
https://odysee.com/@Crowdsourcethetruth:d?view=membership

**3.**      Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant never became a member of an "association" or other

enterprise that was designed to harm the Plaintiff.  Over the years the Defendant has been aware of such claims made by Plaintiff in various lawsuits that have never been proven.  Denfendant does not understand the "Enterprise" as the structure, purpose, function and course of conduct of the enterprise is not adequately described.  Defendant does not understand the term "preventing him from broadcasting the findings of his investigations" in light of the video production on Rumble at URL https://rumble.com/v14ys8f-is-nina-jankowicz-a-dangerous-subversive-foreign-agent-a-crowdsource-the-tr.html entitled "Is Nina Jankowicz A Dangerous Subversive Foreign Agent? A Crowdsource the Truth Exposé".  Defendant does not understand the term "wrongfully terminating his access to social media" in light of the following Internet sites: https://rumble.com/user/csthetruth , https://www.bitchute.com/channel/m3l8rAMF26gt/ .  Defendant is aware that the Plaintiff presently maintains four (4) Twitter accounts: https://twitter.com/csthetruth , https://twitter.com/cheburashka1964 , https://twitter.com/GHenryDickface and https://twitter.com/counterspoliat1 .

4.      Defendant admits that there is such a law as 18 U.S. Code § 1962(a)(b)(c) and (d). Defendant denies all remaining blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant denies working in any enterprise whatsoever. Defendant is without knowledge as to "financial damage" concerning non-monetized YouTube video channels that provide no income to the Plaintiff whatsoever.

5.      Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is without knowledge as to "financial damage" concerning non-monetized YouTube video channels that provide no income to the Plaintiff whatsoever.

**6.**     Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is without knowledge as to "financial damage" concerning non-monetized YouTube video channels that provide no income to the Plaintiff whatsoever.

**7.**     Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant does not know what statements Plaintiff is referring to as Plaintiff makes no specific references.  Defendant believes this allegation is overly broad and ambiguous.

**8.**     Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant lacks sufficient knowledge about "sharing information" and does not know what information could possibly be shared between parties over the telephone or otherwise.  Defendant does understand that Plaintiff was copied all dozens of e-mail messages sent to some of the other parties mentioned in this lawsuit.  Defendant is without knowledge and does not even understand how the parties could be "assisting one another" and denies that any such actions, if they even existed, could harm Plaintiff's non-monetized YouTube videos that produced no income for the Plaintiff.

**9.**     Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is aware that Plaintiff produced dozens of videos that displayed Plaintiff's anger directed at strangers in New York City which included a family of foreign immigrants on New Years eve 2021 which included Plaintiff screaming at a toddler. Defendant is aware of the Plaintiff's widespread use of vulgar and insulting language when encountering the general public and law enforcement officers in New York City.  Defendant is

without knowledge with regards as to how parties may have plotted to hold Plaintiff up to "public ridicule".

**10.**    Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is only aware of the Plaintiff himself broaching the subject of "rape" on several YouTube video broadcasts on what is known as the "LawTube Community", which included broadcasts with "NateTheLawyer", "TheDUIGuy" and "NatLawyerChick" in the fall of 2022.  On these broadcasts Plaintiff claimed that defendant Christopher Bouzy made "rape allegations" against Plaintiff, which was the subject of the initial complaint in this action.  Defendant understands that the initial complaint has been dismissed and that any such "rape" commentary was dismissed along with such initial complaint. Defendant does not understand what defamatory statement the Plaintiff refers to as no such statements have been provided in the Amended Complaint.

**11.**    Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is aware that Plaintiff created a public relations broadcast known as "THE COUNTER LAWFARE REPORT" which the Plaintiff apparently solicited funds.  Defendant is aware that Plaintiff has made dozens of statements proclaiming his acumen as being a pro se litigant and not needing the help of a paid lawyer.  Defendant is unaware of any "crippling legal expenses".

**12.**    Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Para. 12 contains conclusions of law to which no response is required.  Defendant is unaware of any such illegal activities.  Plaintiff makes a legal assertion about "Federal RICO" which Defendant cannot confirm or deny.  Defendant is unaware of how it is even possible to earn two million dollars with the publication of non-monetized, non-

6

revenue generating YouTube videos.  Defendant lacks sufficient knowledge about "illegal,

fraudulent and defamatory actions".

## PARTIES AND NON-PARTIES

**13.**     Defendant admits in part that there is a person named Jason Goodman who is the

Plaintiff.  Defendant denies that Jason Goodman is an investigative journalist, documentary

filmmaker, talk show host, and founder of the widely trusted news, information, and

entertainment brand Crowdsource the Truth.  Defendant denies that CrowdSource The Truth is

"widely trusted".  Defendant denies, or lacks sufficient knowledge, to affirm that Goodman is a

so-called investigative journalist or documentary filmmaker.  Defendant believes (as confirmed

with the Secretary of State for New York State (NYS)) that Multimedia Systems Design, Inc.

(M.S.D.I.) is an active corporation and therefore denies that such a company is "dormant".

Defendant understands that M.S.D.I. holds the trademark for "CrowdSource The Truth" issued

by the U.S. Patent and Trademark Office.  Defendant understands that Plaintiff appears to be

politically motivated as evidenced by the use of derogatory and insulting cartoons used to

represent elected government office holders in the Plaintiff's non-revenue, non-monetized

YouTube videos.  Defendant formed an opinion that these videos were part of some kind of

cartoon comedy show that was an open mockery of journalism.  Defendant's opinion was

reinforced by the dozens of YouTube videos made by the Plaintiff with a homeless vagrant

named Quinn Michaels and Plaintiff's assertions that Michaels suffered a lung disorder due to

the use of modified consumer microwave ovens used to direct energy at Micheals.  The directed

energy weapon microwave oven theory pushed by the Plaintiff seemed to reinforce the image

that CrowdSource The Truth was a type of clown show that had no basis in truth.  Defendant is

aware that Plaintiff has compared himself to Steven Corbett and John Stewart in offering a type

of comedy show.  https://rumble.com/vlrp10-interview-lawfare-against-independent-journalist-by-connected-corporation.html entitled "INTERVIEW: Lawfare Against Independent Journalist by Connected Corporation".  In that interview Plaintiff refers to "comedic spin and satire". Referring to the video that apparently engaged the EMMY Awards in a trademark action in the Southern District of New York (S.D.N.Y.) the Plaintiff states "the entire broadcast was a parody" in the aforementioned Rumble video.  In said interview David Knight states to the Plaintiff that "it is not just you this is a broad-based attack" apparently on conservative parody sights as in the "Babylon Bee".  After a diligent search of the Internet the Defendant has located no definition of a "dormant corporation" in New York State (NYS) and therefore cannot admit or deny that M.S.D.I. is a "dormant corporation".

14.     Defendant lacks sufficient knowledge as to the statements regarding Christopher Ellis Bouzy ("Bouzy") or if he is a New Jersey citizen and CEO of Bot Sentinel, Inc., of is he claims to be an artificial intelligence technology company or if such company identifies and eliminates so called "disinformation" as determined by Bouzy.  The Defendant is unaware of such an activity or operation.

15.      Defendant lacks sufficient knowledge to know if Bot Sentinel, Inc., ("Bot Sentinel") is a New Jersey Corporation or if it claims to be an online platform intended to detect and eliminate untrustworthy internet activity or if it uses artificial intelligence and machine learning among other things.  The Defendant is unaware of such an activity or operation.

16.     Defendant admits in part that he is David George Sweigert ("Sweigert") and denies he is a homeless vagrant and denies he is a retired Air Force radio communications and Information Technology Specialist and denies he is a professional hacker and admits he is the author of the Ethical Hacker's Field Operations Guide and admits he was a contractor to the U.S. Department

of Homeland Security and other government agencies and denies he is an aggressive, persistent,

vexatious pro se litigant.  Defendant admits that he is the author of the online blog

www.sdny.org and denies that such a blog purports to engage in "Disinformation Governance in

the Southern District of New York" and denies that such a blog is actually a platform for

amplifying false claims against Goodman as the Defendant is unaware of any such activity or

operation.  Defendant admits that he has never received a demand of a retraction of any article

from the Plaintiff.

**17.**     Defendant lacks sufficient knowledge to know if George Webb Sweigert ("Webb") is a

homeless vagrant and if such person has claimed to be a citizen of Georgia and/or a journalist.

Defendant admits that Webb and Sweigert are brothers.  Defendant has observed that "Webb"

has never received a summons or has been served process in this action.  Defendant is aware

that George Webb was a YouTube sensation in the Spring of 2017 and brought tens of

thousands of "subscribers" to the "Jason Goodman" channel, and that without the efforts of

George Webb the "Jason Goodman" YouTube channel would not have obtained 100,000

subscribers on YouTube.  Defendant understands that most of these supposed 100,000

subscribers were added to the "Jason Goodman" channel between May and July 2017 as a result

of the direct and indirect efforts of George Webb who appeared on the "Jason Goodman"

channel.

**18.**     Defendant lacks sufficient knowledge to know if Defendant Benjamin Wittes ("Wittes")

is a self-proclaimed legal journalist or if such a person is a Senior Fellow in Governance Studies

at the non-profit think tank the Brookings Institution or whether such person is the Editor in

Chief of the website Lawfareblog.com ("Lawfareblog").  The Defendant is unaware of such

activity or operations.

19.     Defendant lacks sufficient knowledge to know if Defendant Nina Jankowicz

("Jankowicz") is the sole proprietor of Sophias Strategies, LLC, ("Sophias Strategies") or if

such a person is the former Director of the U.S. Department of Homeland Security

Disinformation Governance Board ("Disinfo Board"), and/or if such a person is a self-

proclaimed expert in so called "disinformation" and if such a person is an expert in Russian

internet activity including hacking and internet "bot" deployment.  The Defendant is unaware of

such activity or operations.  Defendant is aware that Plaintiff has published video content

concerning these matters and as purported that Jankowicz had some role in what he is

describing as a "Disinformation Governance Board".  Defendant is without knowledge as to the

official composition or designation of such a "board".  Defendant is aware of a video on

Rumble at URL https://rumble.com/v14ys8f-is-nina-jankowicz-a-dangerous-subversive-foreign-

agent-a-crowdsource-the-tr.html entitled "Is Nina Jankowicz A Dangerous Subversive Foreign

Agent? A Crowdsource the Truth Exposé".  The Defendant is aware of another video on

Rumble at URL https://rumble.com/v14i3c4-disinfo-diva-nina-jankowicz-refuses-to-discuss-

the-dhs-disinformation-gover.html entitled "Disinfo Diva Nina Jankowicz Refuses to Discuss

the DHS Disinformation Governance Board".

20.     Defendant lacks sufficient knowledge about Adam Sharp ("Sharp") or whether he is the

founder and CEO of Sharp Things, LLC, or if such an individual is indeed the President and/or

CEO of the National Academy of Television Arts and Sciences, ("NATAS") and/or if such an

individual is the former Government Liaison for Twitter, and/or if such an individual is a widely

recognized social media expert, and/or a self-proclaimed "Democrat Political Operative".  The

Defendant is unaware of such activity or operations.  Defendant is aware the Plaintiff has made

numerous broadcasts claiming that these facts are true.  Defendant is aware that a summons has

not been issued for this person in this action and that said person has not been served with such a summons, if indeed such a summons existed.  The Defendant is aware of a video production at https://www.bitchute.com/video/rkh08MSCrfo/ entitled "DID NATAS CEO ADAM SHARP EX-TWIT OF NEWS GOVERNMENT & POLITICS SINGLE HANDEDLY WEAPONIZE TWITTER?".  In said video the Plaintiff speaks of a "First Amendment Forum" that he created on pay-per-view Internet sites Patreon and SubscribeStar to allow supposed associate Charles Ortel to speak freely and openly behind a "pay wall".  In said video production the Plaintiff goes on to describe a pay-wall feature at Odysee for access to the Plaintiff's video content.  Defendant is aware of an action known as 20-cv-07269-VEC-OTW, The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc.

21.     Defendant lacks sufficient knowledge to know if Margaret Esquenet ("Esquenet") is presently an attorney with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan") or if such a person represented so-called Defendants in a so-called prior action against Goodman's supposed dormant corporation MSD which is believed to be an active corporation.  Defendant is aware of a trademark infringement lawsuit in which the Plaintiff attempted to intervene and the Defendant also attempted to intervene.  Defendant is aware of an appeal in the U.S. Court of Appeals for the Second Circuit, docket no. 22-592, in which this woman has filed briefs.  Defendant is aware of a civil action, the source of the appeal, in which this woman filed briefs and papers, docket no. 20-7269 of the S.D.N.Y.  Defendant denies that this woman is an associate of Sweigert.  Defendant is aware the Plaintiff has made numerous broadcasts claiming that these facts are true.  Defendant is aware that a summons has not been issued for this person in this action and that said person has not been served with such a summons, if indeed such a summons existed.  Defendant is aware of a YouTube video at URL

address https://www.youtube.com/watch?v=Use30PPgXPI entitled <u>Counterlawfare Report –</u>

<u>Courtroom Clowns and the Phone Call at the Heart of the EMMYs v MSD Lawsuit</u>.

22.     Defendant lacks sufficient knowledge to know if The Academy of Television Arts and

Sciences ("ATAS" or "Television Academy") is or was one of the key plaintiffs in a so-called

vexatious suit or whether it was supposedly wrongfully brought against Goodman's supposed

dormant corporation MSD, believed to be active, for an improper purpose.  The Defendant is

unaware of such activity or operations.  Defendant is aware of an appeal in the U.S. Court of

Appeals for the Second Circuit, docket no. 22-592, and the source of the appeal, docket no. 20-

7269 of the S.D.N.Y.  Defendant is aware of a video production on Odysee at URL

https://odysee.com/@Crowdsourcethetruth:d/CounterlawfareReportCourtroomClownsandthePh

oneCallattheHeartoftheEMMYsvMSDLawsuit:9 entitled "Counterlawfare Report – Courtroom

Clowns and the Phone Call at the Heart of the EMMYs v MSD Lawsuit".  Defendant is aware

of an action known as 20-cv-07269-VEC-OTW, The National Academy of Television Arts and

Sciences, Inc. et al v. Multimedia System Design, Inc.

23.     Defendant lacks sufficient knowledge to know if Seth Berlin ("Berlin") is presently an

attorney with Ballard Spahr and if such a person is presently counsel for Bouzy and Bot

Sentinel in this case.  Defendant admits such a person's name appears in the court docket for

this action as an attorney.  Defendant denies that this person is an associate of Sweigert.

24.     Defendant lacks sufficient knowledge to know if Maxwell Mishkin ("Miskin") is

presently an attorney with Ballard Spahr and if such a person is presently counsel for Bouzy and

Bot Sentinel in this case.  Defendant admits such a person's name appears in the court docket

for this action as an attorney.  Defendant denies that this person is an associate of Sweigert

**25.**    Defendant lacks sufficient knowledge to know if Non-Party – Robert David Steele

("RDS") is a self-proclaimed retired Central Intelligence Agency ("CIA"), or if such a person is

an employee and/or the former director of the supposed non-profit corporation Earth

Intelligence Network ("EIN") and if such a person known as RDS was an associate of Webb

and if such a person reportedly died of Covid-19 in 2021.  The Defendant is unaware of such

activity or operations.  Defendant denies that person is an associate of Sweigert.  Defendant is

aware of a video production on Odysee at URL

https://odysee.com/@Crowdsourcethetruth:d/Robert-David-Steele:3 entitled "Robert David

Steele on Crowdsource the Truth June 13, 2017".  In said video Plaintiff is heard saying "I

agree completely" to statements by Steele that Vice President Dick Cheney "ran 9-11",

apparently referring to the World Trade Center attacks, and that former F.B.I. director Robert

Mueller "covered up 9-11".

**26.**    Defendant denies in part as to lacking sufficient knowledge to know if Non-Party –

Kathy Steele ("Steele") is the wife of RDS and/or if such an individual is the executor of his

supposed estate, or if Steele replaced RDS as plaintiff in a supposed ongoing litigation against

Goodman during 2021.  Defendant is aware that Goodman is involved in a lawsuit in the

Eastern District of Virginia.  Defendant denies that this person is an associate of Sweigert.

**27.**     Defendant admits in part that Non-Party – Steven Biss ("Biss") is the attorney and

apparently represented parties in a lawsuit in the Eastern District of Virginia and that apparently

those parties may have been Steele and/or formerly RDS.  Defendant denies that Biss is

an associate of Sweigert and denies that such a person communicates with Sweigert through

intermediaries.

**28.**     Defendant admits in part that Non-party Richard Loury ("Loury") may be an employee at the U.S. District Court in the Eastern District of Michigan ("MIED").

**29.**     Defendant lacks sufficient knowledge to know if Non-Party – Charles Ortel ("Ortel") is a close and trusted associate of Goodman and lacks knowledge concerning any innocence of any wrongdoing in this matter and Defendant lacks sufficient knowledge of whether or not Ortel may have been the initial target of supposed unknown suspected criminal activities of the supposed unknown Enterprise.  The Defendant is unaware of such activity or operations. Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

**30.**     Defendant lacks sufficient knowledge to know if Non-Party – Peter W. Smith ("Smith") or if such a person is a deceased former commodities investor, or if such a person is a political activist, or a researcher, or a former associate of Ortel.  The Defendant is unaware of such activity or operations.

**31.**     Defendant lacks sufficient knowledge to know if Non-Party – Shane Harris ("Harris") is a journalist and if such a person is an associate of Wittes or if such a person wrote several news stories about the supposed Smith that may have begun approximately six weeks after a supposed death.  Defendant has no knowledge if such a person called Harris coincidentally contacted Ortel by a supposed telephone or is there was a supposed unexpected interruption to Ortel's initial meeting with Goodman and/or Webb on June 30, 2017.  The Defendant is unaware of such activity or operations.

**32.**     Defendant lacks sufficient knowledge about Non-party – Oakey Marshall Richards ("Richards") or whether such a person is an associate of Webb, or a confidential informant

("CI") for the supposed Federal Bureau of Investigation ("FBI") and if such a person was a journalist's source of information to Webb supposedly regarding events in the so-called Port of Charleston, SC on June 14, 2017, and other matters.  The Defendant is unaware of such activity or operations.  Defendant is aware that someone named "Rock Hudson" appeared with Goodman on about twenty (20) social media podcasts following the so-called Port of Charleston incident and that "Rock Hudson" is purported this individual named Richards.

33.      Defendant lacks sufficient knowledge to know if Non-party – Roy Warren Marshall aka Steve Quest ("Marshall") is a notorious internet personality (alternately known as "Montagraph"), nor does Defendant have knowledge that Marshall is infamous for antagonizing and harassing people online and/o whether such a person is fixating on toxic vendettas supposedly calculated to include real world consequences.  Defendant lacks knowledge concerning Marshall posting videos on YouTube in the days prior to the supposed June 14, 2017 Port of Charleston closure nor does Defendant have knowledge that such videos are likely to prove he and other individuals had supposed prior knowledge of a supposed pre-planned event.  Defendant denies that this person is an associate of Sweigert.

34.      Defendant lacks sufficient knowledge to know if Non-party – Scott Anthony ("Anthony") is a supposed New Jersey Information Technology specialist and/or a supposed associate of Marshall.  The Defendant denies an association with this individual.  Defendant is unaware if Anthony posted comments on his supposed web page and if said supposed comments were in response to videos supposedly posted by Marshall on YouTube in the supposed days prior to the June 14, 2017 supposed Port of Charleston closure nor does Defendant have sufficient knowledge to know if such comments are likely to prove Anthony

and other individuals had prior knowledge of a pre-planned event.  The Defendant is unaware of such activity or operations.  Defendant denies that this person is an associate of Sweigert.

**35.** Defendant lacks sufficient knowledge about Non-party – Jonathan Snyder ("Snyder") who is an attorney.  Defendant is aware that Goodman made videos on social media with this person.  Defendant is aware of comments made by Goodman on social media videos that claim this person, John Snyder, was an incompetent attorney.  Defendant admits in part that Snyder formerly represented the active corporation MSD in litigation with some of the supposed Defendants.  Defendant denies that Snyder supposed withdrew supposedly citing harassment by Sweigert.  Defendant is aware of an appeal in the U.S. Court of Appeals for the Second Circuit, docket no. 22-592, in which Plaintiff has filed briefs stating that "Synder" was an incompetent attorney.  Defendant is aware of a civil action, the source of the appeal, docket no. 20-7269 of the S.D.N.Y. in which Snyder appeared.  Defendant is aware of e-mail messages that were produced in the original source action that were sent to administrative review authorities of the New York State Bar concerning the apparent incompetence of "Snyder".  Defendant is aware that Plaintiff wanted to issue a subpoena to the Central Intelligence Agency for information about "Project Mockingbird" in the original source action.  Apparently, according to the Plaintiff's videos, "Snyder" refused to issue a subpoena to the "C.I.A." which supposedly caused friction between Plaintiff and "Snyder".

## JURISDICTION AND VENUE

**36.** Denied. Paragraph 36 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 36 are denied.

**37.**     Denied. Paragraph 37 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 37 are denied.

**38.**     Denied. Paragraph 38 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 38 are denied.

**39.**     Denied. Paragraph 39 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 39 are denied.

**40.**     Denied. Paragraph 40 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 40 are denied.

**41.**     Denied. Paragraph 41 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 41 are denied.  Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

**42.**     Denied. Paragraph 42 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 42 are denied.  Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

**43.**　　　Denied. Paragraph 43 states conclusions of law to which no responsive pleading is required. Defendant notes that 18 U.S. Code § 1513 is entitled "Retaliating against a witness, victim, or an informant" and appears to be related to criminal prosecutions.  To the extent a responsive pleading is required, the allegations in Paragraph 43 are denied.  Defendant has not availed himself of business in New York State (NYS).  Denied that Plaintiff's "social media access" has been disrupted.  Denied that Defendant conspired with Christopher Bouzy.  Defendant has not sought the privilege of conducting activities in NYS.  Denied that Defendant was ghosting writing documents for anyone, including George Webb (Plaintiff's former YouTube video partner).  Defendant is aware that U.S. District Judge Gershwin A. Drain advised the Plaintiff in a hearing that he failed to seek leave of the court before filing the supposed "Amicus Cuirie Brief" which was apparently filed with inaccurate legal arguments and irrelevant materials about the filing of a court document by George Webb, none of which has anything to do with the Defendant.  Defendant is aware of the video production at URL https://www.bitchute.com/video/gja5c4TCCjU/ entitled "IS YOUTUBE PREPARING TO TERMINATE JASON GOODMAN? CROWDSOURCE THE TRUTH DEEMED "HARMFUL" BY YOUTUBE".  In said video Plaintiff discusses and reveals an e-mail message he had received from YouTube on or about April 7, 2020 concerning the YouTube channel "CrowdSource The Truth 2" and the de-monetization of said channel for "harmful content".  Apparently, the e-mail message offers the Plaintiff the opportunity to correct and modify his content to allow him to re-apply for monetization.  The Plaintiff reports that said channel "only has 16 thousand subscribers".  Plaintiff states in said video production that it is the generous support on the platforms of Patreon and SubscribeStar that makes his videos possible.  https://www.patreon.com/crowdsourcethetruth ,

https://www.subscribestar.com/crowdsourcethetruth   Regarding any suggestion of an "Enterprise" by the Plaintiff, the Defendant denies that he participated in any such enterprise. Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

44.     Denied. Paragraph 44 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 44 are denied.  Defendant does not understand what the Plaintiff means when referring to "his business".  The Plaintiff states over and over that his M.S.D.I. NYS corporation is supposedly dormant, and thus reduces the Plaintiff to a supposed "YouTuber" that creates non-monetized, non-revenue producing YouTube videos that feature cartoon and parodies, which the Defendant characterizes as clown show-ish.  Defendant is aware that the Plaintiff presently maintains four (4) Twitter accounts: https://twitter.com/csthetruth , https://twitter.com/cheburashka1964 , https://twitter.com/GHenryDickface and https://twitter.com/counterspoliat1 .

45.     Denied. Paragraph 45 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 45 are denied.  Defendant fails to understand the nature of the Plaintiff's "business" as the Plaintiff maintains social media access on a variety of platforms including Rumble,. Bitchute, Odysee, Patreon, SubscribeStar, etc.  Apparently, there has been no disruption to the accounts controlled by the Plaintiff on SubscribeStar, Patreon and Odysee which supposedly produce some revenue and are subscription sites.  Other sites as YouTube, Rumble and Bitchute produce no revenue apparently.

**46.**      Denied. Paragraph 46 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 46 are denied.

**47.**      Denied. Paragraph 47 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 47 are denied.

**48.**      Denied. Paragraph 48 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 48 are denied.

**49.**      Denied. Paragraph 49 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 49 are denied.

**50.**      Denied. Paragraph 50 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 50 are denied.

**51.**      Denied. Paragraph 51 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 51 are denied.

FACTUAL BACKGROUND (ADDRESSED OUT OF ORDER)

FIRST CAUSE OF ACTION

FRAUD

**52.**      All preceding allegations and paragraphs denied and addressed out of order as they are unnumbered.  Denied. Paragraph 52 states conclusions of law to which no responsive pleading

is required. To the extent a responsive pleading is required, the allegations in Paragraph 52 are denied.

**53.**     Denied. Paragraph 53 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 53 are denied.

**54.**     Denied. Paragraph 54 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 54 are denied.

**55.**     Denied. Paragraph 55 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 55 are denied.  Defendant believes at the time Goodman was not part of the supposed Eastern District of Michigan hearing, but apparently invited himself to the supposed hearing.  Defendant believes Goodman will not be able to demonstrate Goodman was compelled in any matter whatsoever to attend such a supposed hearing.  Plaintiff gives no date for such a supposed hearing.

**56.**     Denied. Paragraph 56 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 56 are denied.

**57.**     Denied. Paragraph 57 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 57 are denied.

**58.**     Denied. Paragraph 58 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 58 are denied.

**59.**     Denied. Paragraph 59 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 59 are denied.

**60.**     Denied. Paragraph 60 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 60 are denied.

**61.**     Denied. Paragraph 61 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 61 are denied.

**SECOND CAUSE OF ACTION**

**DEFAMATION**

**62.**     All preceding allegations and paragraphs denied and addressed out of order as they are unnumbered.  Denied. Paragraph 62 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 62 are denied.

**63.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**64.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**65.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**66.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**67.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**68.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**69.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**70.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**71.** Denied. Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to. The Defendant is unaware of such activity or operations.

**72.** Denied. Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to. The Defendant is unaware of such activity or operations.

**73.** Denied. Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to. The Defendant is unaware of such activity or operations.

**THIRD CAUSE OF ACTION**

**ABUSE OF PROCESS**

**74.** All preceding allegations and paragraphs denied and addressed out of order as they are unnumbered. Denied. Paragraph 74 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 74 are denied.

**75.** Denied. Plaintiff cites no specific legal actions and Defendant does not understand what legal actions the Plaintiff is referring to. The Defendant is unaware of such activity or operations.

**76.** Denied. Plaintiff cites no specific legal actions and Defendant does not understand what legal actions the Plaintiff is referring to. Paragraph 76 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 76 are denied.

**77.**     Denied.  Plaintiff cites no specific legal actions and Defendant does not understand what legal actions the Plaintiff is referring to.  Paragraph 77 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 77 are denied.

## FOURTH CAUSE OF ACTION

## CIVIL CONSPIRACY

**78.**     All preceding allegations and paragraphs denied and addressed out of order as they are unnumbered.  Denied. Paragraph 78 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 78 are denied.

**79.**     Denied. Paragraph 79 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 79 are denied.  The Defendant is unaware of such activity or operations.

**80.**     Denied. Paragraph 80 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 80 are denied.  The Defendant is unaware of such activity or operations.

**81.**     Denied. Paragraph 81 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 81 are denied.  The Defendant is unaware of such activity or operations.

**82.**     Denied. Paragraph 82 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 82 are denied.  The Defendant is unaware of such activity or operations.

**83.** Denied. Paragraph 83 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 83 are denied.  The Defendant is unaware of such activity or operations.

**84.** Denied. Paragraph 84 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 84 are denied.  The Defendant is unaware of such activity or operations.

**85.** Denied. Paragraph 85 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 85 are denied.  The Defendant is unaware of such activity or operations.

**86.** Denied. Paragraph 86 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 86 are denied.  The Defendant is unaware of such activity or operations.

**87.** Denied. Paragraph 87 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 87 are denied.  The Defendant is unaware of such activity or operations.

**88.** Denied. Paragraph 88 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 88 are denied.  The Defendant is unaware of such activity or operations.

**89.** Denied. Paragraph 79 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 79 are denied.  The Defendant is unaware of such activity or operations.

**90.**     Denied. Paragraph 90 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 90 are denied.  The Defendant is unaware of such activity or operations.

**91.**     Denied. Paragraph 91 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 91 are denied.  The Defendant is unaware of such activity or operations.

**92.**     Denied. Paragraph 92 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 92 are denied.  The Defendant is unaware of such activity or operations.

**PRAYER FOR RELIEF**

Listed as para. 1.  Denied. Paragraph 1 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 1 are denied.  The Defendant is unaware of such activity or operations.

Listed as para. 2.  Denied. Paragraph 2 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 2 are denied.  The Defendant is unaware of such activity or operations.

Listed as para. 3.  Denied. Paragraph 3 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 3 are denied.  The Defendant is unaware of such activity or operations.

Listed as para. 4.  Denied. Paragraph 4 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 4 are denied.  The Defendant is unaware of such activity or operations.

**FACTUAL BACKGROUND (ADDRESSED OUT OF ORDER)**

**93.**      **First paragraph.**  Denied. This Paragraph states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied.  The Defendant is unaware of such activity or operations.  The Defendant admits that he has transmitted unencrypted e-mail messages to certain individuals that are parties to this action that also included the Plaintiff in the "copy list" of said messages, meaning the Plaintiff received copies of such e-mail messages that were not encrypted. Defendant admits that he has not sent an encrypted e-mail message to anyone for well over two decades.  Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

### I. Multimedia System Design, Jason Goodman, and Crowdsource the Truth

**Second paragraph.**  Denied. This Paragraph states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied.  The Defendant is unaware of such activity or operations.

**Third paragraph.**  Denied. This Paragraph states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied.  The Defendant is unaware of such activity or operations.  Defendant is aware that Plaintiff has produced a video production where he discusses this corporation at URL https://www.bitchute.com/video/rkh08MSCrfo/ entitled "DID NATAS CEO ADAM SHARP EX-TWIT OF NEWS GOVERNMENT & POLITICS SINGLE HANDEDLY WEAPONIZE TWITTER?"  Defendant denies participation in any "Enterprise" acting to hurt the Plaintiff.

### II. The Cyber Militia

**Fourth paragraph.**  Defendant admits he used the term "Cyber Militia" in a scholarly white paper posted in a public blog in 2014.  All other allegations are denied.

**Fifth paragraph.**  Defendant admits in part that he was involved in a scholarly training and research project.  All other allegations are denied.  The Defendant admits that he has transmitted unencrypted e-mail messages to certain individuals that are parties to this action that also included the Plaintiff in the "copy list" of said messages, meaning the Plaintiff received copies of such e-mail messages that were not encrypted.  Defendant admits that he has not sent an encrypted e-mail message to anyone for well over two decades.

**Sixth paragraph.**  Defendant admits in part that he was involved in a scholarly training and research project.  All other allegations are denied.

### III. The Sweigert Brothers and the Port of Charleston Incident

**Seventh paragraph.**  Denied.  The Defendant is unaware of such activity or operations. Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

**Eighth paragraph.**  Denied.  The Defendant is unaware of such activity or operations. Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

**Ninth paragraph**.  Denied.  The Defendant is unaware of such activity or operations. Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

**Tenth paragraph.**  Denied.  The Defendant is unaware of such activity or operations. Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

### IV. The Suspicious Death of Peter W. Smith

**Eleventh paragraph.**  Denied.  The Defendant is unaware of such activity or operations. Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

### V. Twitter, Christopher Bouzy, and Bot Sentinel

**Twelfth paragraph.**  Denied.  The Defendant is unaware of such activity or operations.

Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

A response is not warranted as this paragraph calls for a conclusion of law.  Defendant does not

understand whether Plaintiff is alleging that the defendants are individuals or entities separate

from the alleged enterprise, or that the defendants are the enterprise itself, or members of the

enterprise.

## VI. Years Long Lawfare Assault Against Goodman

### a. Steele et al v Goodman et al

**Thirteenth paragraph**.  Denied.  The Defendant is unaware of such activity or operations.

Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

A response is not warranted as this paragraph calls for a conclusion of law.  Defendant does not

understand whether Plaintiff is alleging that the defendants are individuals or entities separate

from the alleged enterprise, or that the defendants are the enterprise itself, or members of the

enterprise.

### b. Sweigert v Goodman (SDNY)

**Fourteenth paragraph.**  Defendant admits that a legal action was filed against Goodman, all

other conclusions and allegations are denied.  Denied that "The complaint alleged that

Goodman was a cult leader and his news reporting constituted racketeering."  Admit the

Plaintiff used video productions on social media settle scores and obtain revenge against

persons that mocked his broadcasts.  Admit that Plaintiff called the places of employment of

persons like the Defendant to announce that people like the Defendant were the target of F.B.I.

investigation (see YouTube "TitusFrost" and phone calls made by Plaintiff to his place of

employment).   Deny that incoherent documents were filed in Sweigert v. Goodman.  Plaintiff
does not explain how such an "incoherent" document would injure his "business" of social
media broadcasting.  Defendant does not understand how such a document would be a part of
the so-called "Enterprise".

### c. Sweigert v CNN

**Fifteenth paragraph.**  Defendant admits that a legal action was filed against CNN, all other
conclusions and allegations are denied.  Denied that the Sweigert brothers are in
communication.

**Sixteenth paragraph.**  Defendant admits that a legal action was filed against CNN, all other
conclusions and allegations are denied.  Defendant admits that Plaintiff has already "presented
evidence" to the Eastern District of Michigan which was dismissed by the presiding judge for
failure to seek leave of the court for filing Plaintiff's Amicus Curie Brief.

**Seventeenth paragraph.**  Defendant lacks sufficient knowledge of the events that took place
with Judge Gershwin Drain's hearing, which apparently mistakenly included the Plaintiff as a
courtesy copy.  Defendant does not understand why the Plaintiff would drive to Detroit,
Michigan to participate in an Internet ZOOM teleconference.

**Eighteenth paragraph.**  Defendant is without sufficient knowledge to understand why Judge
Drain issued the ORDERS he did to strike the Plaintiff's Amended Amicus Curie Brief.
Defendant does not understand what the purpose of the so-called Amicus Curie Brief was
exactly except to present information about some clerical error associated with a PDF file.
Defendant has no knowledge of thew composition if said file and had nothing to do with the
composition of the files supposedly discussed in the Plaintiff's dismissed and stricken brief.

### d. Sweigert v Goodman (MIED)

**Nineteenth paragraph.**  Denied.  Plaintiff cites no specific statements and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  Denied that the Amicus Curie was well founded.  The issues concerning the Plaintiff and the movie "X-MEN" were published by Manual Chavez, III of Carson City, Nevada in 2017 and the Defendant is not aware of any demand for retraction made by the Plaintiff.  Defendant does not understand how Plaintiff's time and money were wasted as he apparently drove to Detroit, Michigan on his own volition to attend an in-person hearing rather than participating in a ZOOM teleconference call.  Defendant does not understand the structure, purpose, function and course of conduct of the Enterprise with regards to the Eastern District of Michigan.  Defendant denies ghost writing documents for George Webb and assisting George Webb in filing a voluntarily dismissal.  Defendant believes that this action, *See* Case 1:22-cv-02788-LGS-BCM ECF No. 73, was transferred to the S.D.N.Y. by Judge Drain in Michigan and the Defendant denies that he assisted George Webb in filing such an action.

### VII. The Television Academy and Multimedia System Design, Inc.

**Twentieth Paragraph**.  Defendant understands that the "Jason Goodman" YouTube channel was a de-monetized channel and did not produce revenue for the Plaintiff.  Defendant understands that the "Jason Goodman" YouTube channel was a general advertising medium to solicit the general public to become paid subscribers with their credit cards on the Patreon and/or SubscribeStar services.  https://www.patreon.com/crowdsourcethetruth ,

https://www.subscribestar.com/crowdsourcethetruth?redirect_notice=true .  Defendant believes the statement that the Plaintiff does not rely on income from the YouTube videos, Google-based, is most likely accurate.  Defendant believes that Plaintiff's comments about the

"disruptive business model" may indeed be innovative and speculative as it does not follow traditional business operations.

**Twenty first paragraph**.  Defendant believes the bulk of this paragraph appears to be a rehash of litigation known as 20-cv-07269-VEC-OTW, The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc.  Defendant is unaware of any goals of the "Cyber Militia" and assumes such "goals" were published and or possibly stated outside the statue of limitations of four years of the federal RICO law.  Defendant believes that any purported statements made inconjunct ion to a so-called "Cyber Militia" occurred prior to January 17, 2019, the beginning of the statue of limitations for the RICO law.  Defendant denies he was in communication with Adam Sharp or developed any type of scheme with Adam Sharp. Defendant is aware that the Plaintiff apparently telephone Adam Sharp's home several times on a week-end and record telephone calls of Adam Sharp concerning the presumed "YouTube strike", the Plaintiff reported these telephone calls on his YouTube channel.  Defendant does not understand the phrase "rush to litigation" but presumes it may have had something to do with the reported telephone calls during a week-end to Mr. Sharp's home.  Defendant denies reporting any violations regarding the EMMY Awards artwork or the YouTube show the "Crony Awards".

**Twenty second paragraph.**  Defendant denies participating in any scheme with Adam Sharp or the attorney representing the EMMY Awards.

**Twenty third paragraph.**  Defendant is without sufficient knowledge concerning a breach of "Bar ethics".  Defendant denies that he sent an e-mail message to the EMMY Awards as Plaintiff suggests.  Defendant did place the Plaintiff on the copy list of an e-mail message that sent a copy of a supplemental complaint from Sweigert v. Goodman in August 2021.

Defendant is aware that Plaintiff gave his permission for this supplemental complaint to be sent the EMMY Awards and received a copy of said message.

**Twenty fourth paragraph.**  Defendant denies that he was interfering in any matter with the EMMY Awards.  Defendant sent an e-mail message to the EMMY Awards, copied to the Plaintiff, once Plaintiff gave his permission of the transmission to include the attachment of the supplemental complaint pending in the action of Sweigert v. Goodman.  Defendant denies participating with NATAS, the EMMY Awards, Adam Sharp or their attorneys to injure the Plaintiff.  The corporate name of the Plaintiff's company was listed as a possible Defendant on the supplemental complaint (described above).  Defendant cannot answer to the conclusions of law that are presented in this paragraph.

**Twenty fifth paragraph**.  Defendant understands that the Plaintiff has posted social media posts about the National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences lawsuit.  Defendant admits that when the underlying district court action was filed the Defendant advised the district court of related litigation, *Sweigert v. Goodman*, see: "**09/16/2020 ECF Doc. 9** NOTICE OF RELATED LITIGATION: SWEIGERT V. GOODMAN SDNY CIVIL CASE#: 1:18-CV-08653-VEC re: that this action be filed as related to 20cv8653. (rro) (Entered: 09/16/2020)".  Nine (9) months later Defendant sought intervention by filing "**05/19/2021 ECF Doc. 75** LETTER addressed to Judge Valerie E. Caproni from D. George Sweigert, dated 5/19/21 re: REQUEST TO FILE EITHER (1) MOTION FOR PERMISSIBLE INTERVENTION, OR (2) STATEMENT BY INTERESTED THIRD PARTY. Document filed by non-party/proposed intervenor, D. George Sweigert.(sc) (Entered: 05/20/2021)."  By Judge Caproni's ORDER the Defendant was permitted to file a formal motion seeking intervention, see "**05/21/2021  ECF Doc. 77** ORDER: The expert

discovery deadline is stayed. Mr. Sweigert's motion to intervene, if any, is due by June 18, 2021. See Dkt. 75. Oppositions are due by July 16, 2021. Mr. Sweigert's reply is due by July 30, 2021. (As further set forth in this Order.) ( Motions due by 6/18/2021., Responses due by 7/16/2021, Replies due by 7/30/2021.) (Signed by Judge Valerie E. Caproni on 5/21/2021) (cf) (Entered: 05/21/2021)"  Defendant submitted his motion for permissive intervention, see: "**06/18/2021 ECF Doc. 84** NOTICE OF MOVANT D. GEORGE SWEIGERT'S MOTION FOR LIMITED INTERVENTION OR, IN THE ALTERNATIVE, TO APPEAR AS AMICUS CURIAE. (Attachments: # 1 Declaration)(sc) (Entered: 06/21/2021)"  In opposition, Plaintiff's attorney filed a three (3) page document, see: "**07/17/2021   ECF Doc. 92**  MEMORANDUM OF LAW in Opposition re: 84 MOTION to Intervene. . Document filed by Jason Goodman, Multimedia System Design, Inc.. (Attachments: # 1 Exhibit Ethical Hacker Guide 1, # 2 Exhibit Ethical Hacker Guide 2, # 3 Exhibit Denial of Motion to Intervene 1, # 4 Exhibit Denial of Motion to Intervene 2, # 5 Exhibit Sweigert v. CNN Motion to Transfer, # 6 Exhibit Sweigert v. CNN Order).(Snyder, John) (Entered: 07/17/2021)."  Defendant filed a reply in opposition, see: "**07/29/2021 ECF Doc. 97** MOVANT SWEIGERT'S MEMORANDUM OF LAW IN OPPOSITION TO ECF DOC. 90 AND 92, re: 92 Memorandum of Law in Opposition to Motion, 90 Response in Opposition to Motion. (sc) (Entered: 07/29/2021)"  Judge Caproni denied the motion to intervene, see: "**07/30/2021 ECF Doc. 98**      OPINION AND ORDER". Defendant denies that he conspired with Sharp to initially to send an email creating a pretext for the lawsuit, and then to disrupt the defense through continual harassment and personally threatening of Plaintiff's counsel resulting in his withdrawal and subsequent default judgement. Defendant understands the Plaintiff's counsel, "Snyder", made YouTube videos with the Plaintiff to discuss the Amicus Curie Brief filed in the Eastern District of Michigan.  Defendant

is aware the Plaintiff has submitted papers in his Second Circuit appeal, docket no. 22-592, that

state "MSD's former counsel failed to competently represent MSD, failed to raise points as

Goodman instructed and left Goodman in such an unfavorable position, none of the numerous

attorneys Goodman attempted to retain after the withdrawal would take up the case."

(Document 25, 09/14/2022, 3383014, Page19 of 22).

**Twenty sixth paragraph.**  Defendant denies any knowledge as to the owner of the e-mail

account CSTT72@protonmail.com.  Defendant lacks sufficient knowledge to know if this email

address is not owned or controlled by Goodman or MSD, but rather is believed to be controlled

by a British national named James Bembridge.  Defendant denies knowledge as to James

Bembridge and Defendant does not associate with James Bembridge.  Defendant believes that

this person may be "Tommy Tin Pan" who is an associate of the Plaintiff's friend in Fort

Meade, Maryland named Corean Elizabeth Stoughton, the former girlfriend of George Webb.

Defendant does not understand Plaintiff's point about who gained knowledge of this e-mail

address and why it is part of the so-called "Enterprise".

**Twenty Seventh paragraph.**  Defendant is without sufficient knowledge concerning the events

of C-SPAN and Twitter.

### VIII. Nina Jankowicz and the DHS Disinformation Governance Board

**Twenty Eighth paragraph.**  Defendant is without sufficiently knowledge concerning the

allegations contained in this paragraph.  Defendant has no knowledge about such operations and

activities apart from video productions created and published by the Plaintiff.

**Twenty Ninth paragraph.**  Defendant denies that he schemed with Jankowicz about anything

and certainly not anything to do with the Plaintiff.  Defendant denies having contact with

Jankowicz except via an occasional Twitter post sent to several parties concerning the

Plaintiff's public videos and broadcasts about Jankowicz.  Defendant doesn't understand

whether Plaintiff is alleging that the defendants are individuals or entities separate from the

alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

Defendant doesn't understand if Plaintiff is alleging the racketeering activity and the enterprise

are separate or have merged into one entity.  Defendant denies informing Jankowicz abiut

Plaintiff's Patreon account which is listed at the bottom of more than a thousand of videos that

the Plaintiff has disturbed.  The address to the Patreon account is also include in the video

description of every such video production.  https://www.patreon.com/crowdsourcethetruth

**Thirtieth paragraph.**  This paragraph draws conclusions of law which need not be answered.

Defendant denies communicating or association with Jankowicz about any matter.  Any e-mail

messages sent to the Bot Sentinel operations were copied to the Plaintiff who received all such

copies.  Defendant lacks sufficient knowledge about any complaints made to Patreon by

Jankowicz.

**Thirty first paragraph.**  This paragraph draws conclusions of law which need not be answered.

Defendant denies communicating or association with Jankowicz about any matter.  Any e-mail

messages sent to the Bot Sentinel operations were copied to the Plaintiff who received all such

copies.  Defendant lacks sufficient knowledge about any complaints made to Twitter by

Jankowicz or Bouzy.

**Thirty second paragraph.**  This paragraph draws conclusions of law which need not be

answered.  Defendant denies communicating or association with Jankowicz about any matter.

Any e-mail messages sent to the Bot Sentinel operations were copied to the Plaintiff who

received all such copies.  Defendant lacks sufficient knowledge about any complaints made to

Twitter by Jankowicz or Bouzy.

**Thirty third paragraph.**  This paragraph draws conclusions of law which need not be answered.  Defendant denies communicating or association with Jankowicz about any matter.  Any e-mail messages sent to the Bot Sentinel operations were copied to the Plaintiff who received all such copies.  Defendant lacks sufficient knowledge about any complaints made to Twitter by Jankowicz or Bouzy.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Defendant is informed and believes and on that ground alleges that Plaintiff's Amended Complaint is subject to the following affirmative defenses:

I.      **Anti-SLAPP.**  New York State (NYS) provides for an "Anti-SLAPP" defense as expressed in NYS Civil Rights Law sections 70-a and 76-a.  Plaintiff is a public figure that publishes video productions on a dozen public Internet web sites and solicits memberships from the public.  Plaintiff engages in discussions that are primarily political in nature concerning the conflict in the Ukraine, the Presidency of Joe Biden, his public lawsuit against the EMMY Awards (NATAS, Adam Sharp), etc.  Plaintiff has not established allegations that would establish that any actual malice has been used to critique the Plaintiff's conduct via any social media platform by the Defendants.  See https://casetext.com/case/sweigert-v-goodman-6

II.     **First Amendment.**  Amendment I to the U.S. Constitution provides for the expression of critiques and criticisms of public figures that are engaged in public issues.  The Right to Free Speech can not be abridged by the Plaintiff.

III.    **F.R.C.P. Rule 9(b).**  Allegations of a scheme to defraud under RICO are subject to the heightened pleading standard of Rule 9(b).  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ.

P. 9(b). To state a RICO claim, Rule 9(b) "requires the plaintiff to delineate, with adequate particularity, the specific circumstances constituting the overall fraudulent scheme." Calabrese v. CSC Holdings, Inc., 283 F. Supp. 2d 797, 808 (E.D.N.Y. 2003).  Plaintiff makes his RICO allegations only in conclusory fashion and fails to meet Rule 9(b) standards.

IV.     **Applicable Statute of Limitations of RICO**.  The federal RICO statue has a statue of limitations of four years.  Therefore, all allegations that concern behavior prior to January 17, 2019 would be outside the scope of the RICO law.  This would include the initial filing of Sweigert v. Goodman in the U.S. District Court for South Carolina and subsequent transfer to the S.D.N.Y.

V.     **Lack of Civil Conspiracy**.  New York only recognizes a civil conspiracy when it is connected to a separately pleaded underlying tort, which remains unknown in this case.

VI.     **Fails to State a Cause.**  The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

VII.     **Defamation Statue of Limitations.**  The Complaint as a whole, and each purported cause of action alleged and remedy sought therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to the one year statue of limitations for defamation claims in New York.

VIII.     **Lack of Standing.**  Plaintiff's Amended Complaint, and each purported cause of action and/or form of recovery contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any injury-in-fact or for which Plaintiff does not have a private right of action.

IX.     **Failure to Demand Retractions.**  Plaintiff is barred from proceeding with this action on the ground that Plaintiff is guilty of laches in failing to timely commence this action and failure to issue appropriate retractions, which has prejudiced Defendant in its ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

X.      **Failure to Mitigate.**  Without admitting any facts pled by Plaintiff, Defendant alleges that if Plaintiff sustained any loss, injury or damages either as alleged in the Amended Complaint or at all, which Defendant expressly denies, the same were directly and proximately caused and/or exacerbated by Plaintiff's own conduct, promises and representations to Defendant, and failure to take actions.

XI.     **Speculative Damages.**  Plaintiff is precluded from recovering the damages alleged in the Amended Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.

XII.    **Third Parties.**  Defendant alleges that the Amended Complaint, and each purported cause of action contained therein, is barred in whole or in part because any injuries or damages allegedly sustained by Plaintiff were not the result of any acts, omissions or other conduct of Defendant. Further, any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

XIII.   **Lack of Knowledge.**  Defendant alleges that the Amended Complaint, and each purported cause of action contained therein, is barred in whole or in part and limited by its lack of actual or constructive knowledge. Plaintiff did not inform Defendant of any alleged retractions or defamation, prior to filing a lawsuit.  Plaintiff; therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time the Amended Complaint was filed.

XIV.   **Reservation of rights.**  Defendant reserves the right to amend or add any additional

defenses or counterclaims which may become known during the course of discovery.

Hereby signed on February 9th, 2023

**D. G. SWEIGERT PRO SE DEFENDANT, C/O**
**PMB 13339, 514 Americas Way, Box Elder, SD 57719**

**It is hereby certified under the penalties of perjury that a true copy PDF file has been sent**

**via e-mail message to the following:**

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

And

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

margaret.esquenet@finnegan.com

liz.lockwood@alilockwood.com

Certified under penalties of perjury.

Signed this 9th day of February 2023.

**PRO SE DEFENDANT**