# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **D. G. Sweigert,**<br>**Pro Se Counter-Plaintiff**<br><br>         **-against-**<br><br>**Jason Goodman,**<br>**Pro Se Counter-Defendant** | **PRO SE**<br><br>**21-cv-10878-AT-JLC**<br><br>**District Judge Analisa Torres**<br><br>**Magistrate Judge James L. Cott** |

**DEFENDANT'S CONDITIONAL ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT
(ECF no. 132)**

---

The *pro se* Defendant-Counter Plaintiff (undersigned) files these papers as conditional upon a

finding of personal jurisdiction by this Court upon the undersigned.  *Wafios Machinery*

*Corporation v. Nucoil Industries Co., Ltd.*, 03 Civ. 9865 (RWS) (S.D.N.Y. Jul. 21, 2004).  If no

personal jurisdiction is established against the undersigned by this Court these papers should be

considered moot.  Conditional Counter Claim filed concurrently with these papers.


February 21, 2023 (2/21/23)


**D. G. SWEIGERT PRO SE DEFENDANT, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**

1

**DEFENDANT SWEIGERT'S CONDITIONAL ANSWER TO
SECOND AMENDED COMPLAINT (ECF no. 132)**

*Pro se* Defendant D. G. Sweigert, who does not waive his right to challenge this Court's

personal jurisdiction over him, now responds as a conditional Counter-Plaintiff to the Plaintiff's

Second Amended Complaint (herein "SAC" and/or ECF no. 132) and asserts his Affirmative

Defenses as follows:

**RESPONSES TO NUMBERED PARAGRAPHS**

**NATURE OF THE ACTION**

1.         Denied. Defendant is without sufficient knowledge as to Plaintiff's belief regarding the

suggestion of fraud, defamation, conspiracy to commit fraud, conspiracy to defame, abuse of

process, and racketeering.  Defendant is without knowledge as to a "scheme" calculated and

implemented to financially damage Plaintiff, destroy his news broadcasting business, destroy

his valuable branded social media accounts, deprive him of income and prevent him from

reporting well founded claims that allege criminal activity on the part of the Defendants and

others.  However, Defendant believes Goodman is referring to statements that are immune from

a legal action under the doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-

CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022), "Under New York law, statements made by

parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are

absolutely privileged, notwithstanding the motive with which they are made, so long as they are

material and pertinent to the issue to be resolved in the proceeding. New York courts have long

recognized the litigation privilege as a defense to defamation claims." Conti v. Doe, 535

F.Supp.3d 257, 280-81 (S.D.N.Y. 2021) (citations and internal quotation marks omitted)."
Defendant believes that Plaintiff published non-monetized videos that produced no revenue on
the YouTube service.  Defendant understands that Plaintiff's supposed business is apparently
some sort of satire and/or parody social media show that broadcasts on Internet sites known as
Rumble, BitChute, and YouTube which provide no financial renumeration to the Plaintiff
apparently.  Defendant notes the video that depicts another defendant attorney in this action
with a clown face while the Plaintiff is depicted in what appears to be a World War II German
Tiger tank, https://rumble.com/v2779rm-counterlawfare-report-courtroom-clowns-and-the-
phone-call-at-the-heart-of-t.html entitled "Counterlawfare Report – Courtroom Clowns and the
Phone Call at the Heart of the EMMYs v MSD Lawsuit".   Defendant is aware that apparently
the Plaintiff also operates a merchandising store at URL

https://www.redbubble.com/people/csthetruth/shop?utm_medium=email&utm_source=mkgem
&utm_campaign=&asc=u

The court does not have subject–matter jurisdiction over these claims until it can distinguish
between the so-called (1) business owner Jason Goodman, with his personal reputation, and the
(2) trademarked business name, aka "brand", "CrowdSource The Truth" (

https://www.trademarkelite.com/trademark/trademark-detail/87752970/CROWDSOURCE-
THE-TRUTH ), aka CSTT, (trademark owned by Goodman's company Multimedia Systems
Design, Inc. (M.S.D.I.)).  CSTT does not represent Goodman's so-called professional reputation
as a journalist.  See Nygard v. Bacon, 19 Civ. 1559 (LGS) (S.D.N.Y. Aug. 20, 2021) "The R&R
concluded that these alleged injuries concerned damage to Plaintiff's personal reputation, but
that only harm to his professional reputation is actionable under RICO."

Defendant believes that Goodman cannot claim to have a "professional reputation" as a "professional journalist" as defined in New York State Civil Rights Law sec. 79-h(a)(6) ( https://codes.findlaw.com/ny/civil-rights-law/cvr-sect-79-h.html ) See: *"Professional journalist" shall mean one who, for gain or livelihood, is engaged in gathering, preparing, collecting, writing, editing, filming, taping or photographing of news intended for a newspaper, magazine, news agency, press association or wire service or other professional medium or agency which has as one of its regular functions the processing and researching of news intended for dissemination to the public; such person shall be someone performing said function either as a regular employee or as one otherwise professionally affiliated for gain or livelihood with such medium of communication."* See Tsipouras v. W&M Props., Inc., 9 F.Supp.2d 365, 368 (S.D.N.Y. 1998) ("[M]ere injury to character, business reputation, and/or the intentional infliction of emotional distress are not actionable under civil RICO."

Defendant believes that Goodman cannot represent the interests of the trademark holder M.S.D.I. as it is a New York Corporation.  Further, as a stockholder Goodman cannot represent the interests of the CrowdSource The Truth (CSTT) brand, aka trademark, owned by M.S.D.I. Nordberg v. Lord, Day & Lord, 107 F.R.D. 692 (S.D.N.Y. 1985), granting 12(b) motion on ground that plaintiff lacked standing to individually assert claims for harms suffered by corporation.

Defendant is aware that in the Second Amended Complaint (SAC) the Plaintiff states, "To this end, Goodman created a program that was intended to mock corporate television news broadcasts." (Page 35 of 138).

Defendant believes the court does not have subject–matter jurisdiction over these claims as written because Goodman makes vague and ambiguous references to a "scheme" that does not

meet Rule 9(b) heightened pleading standards for RICO fraud.  Paras. 1, 42 to 46, 48, 49, 59, and 61.  The lion's share of the "scheme" allegations (1) orbit various non-revenue producing YouTube/Twitter channels that were terminated for violations of Terms of Service and (2) abuse of process/fraud on the court allegations.

Defendant believes the doctrine of *res judicata* forecloses most of the claims concerning "abuse of process" (elaborated by Goodman more fully beginning in Para. 81 of the SAC), the same allegations that have been raised by Goodman in The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc., No. 20-CV-7269 (VEC) and Goodman v. Sharp, 21-cv-10627-VEC.

Defendant believes abuse of process claims are state-law torts and therefore not actionable under RICO.  See Turkish v. Kasenetz, 832 F. Supp. 565 (E.D.N.Y. 1993) "As the Second Circuit reiterated in West Hartford, "`the purpose of civil RICO liability does not extend to deterring any illegal act . . . for which there are state and common law remedies.'" Id. at 104. Further, New York State provides for a state tort cause of action for malicious prosecution.  See Easton v. Sundram, 947 F.2d 1011 (2d Cir. 1991),

2.      Denied.  The court does not have subject–matter jurisdiction over the claims because Goodman fails to describe how any members of the so-called enterprise received monies for their alleged activities.  See Town of West Hartford v. Operation Rescue, 991 F.2d 1039 (2d Cir. 1993), "The ground for dismissal of the RICO claim was that "[w]hile plaintiff has clearly demonstrated that it has suffered economic consequences due to defendants' actions, this is not the type of financial loss that the Second Circuit has construed the RICO statute to require," since defendants' "clearly expressed purpose is to stop the performance of abortions, not to make money." 792 F. Supp. at 168."  In this analogous example CrowdSource The Truth is an

abortion clinic and Jason Goodman is an abortion doctor, see allegation concerning defendants "intended to forcibly terminate Goodman's video broadcasting business (SAC, Para. 2)" just as in an abortion clinic.  There are no allegations that the so-called "racketeering enterprise" did receive profits or monies from Goodman.  Black's Law Dictionary, 5th Ed. defines enterprise as: "A venture or undertaking especially one involving financial commitment."

Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is unaware of "mass flagging" events or the use of "inauthentic accounts".  Defendant did file one "Copyright Strike", which was denied by YouTube, in approximately August 2021, to which the Plaintiff was informed of.  Defendant understands that this "Copyright Strike" had no practical effects or impact on the YouTube channel "Jason Goodman".  Defendant is aware of many statements made by Plaintiff in hundreds of videos stating that Plaintiff's YouTube videos were not monetized and generated no income for the Plaintiff.

Defendant has never received any money from Plaintiff or any money from supposed "mass flagging".  Defendant is not aware of any frivolous lawsuits that pursued false claims.

Defendant believes the court does not have subject–matter jurisdiction over the claims related to "vexatious litigation" at Paras. 2, 9, 17, 23, 82, 83, unnumbered paragraphs, etc.  "Vexatious litigation" in of itself is not a colorable RICO claim.  See von Bulow by Auersperg v. Von Bulow, 657 F. Supp. 1134 (S.D.N.Y. 1987).  Goomdan alleges "multiple simultaneous legal actions based on frivolous and fraudulent claims (SAC, Para. 2).  See *Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018), "We agree with the reasoning of these opinions and conclude that allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act."

**3.**      Denied.  Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant never became a member of an "association" or other enterprise that was designed to harm the Plaintiff.  Over the years the Defendant has been aware of such claims made by Plaintiff in various lawsuits that have never been proven. Defendant does not understand the "Enterprise" as the structure, purpose, function and course of conduct of the enterprise is not adequately described.

Defendant believes the court does not have subject–matter jurisdiction over the claims because Goodman only alleges defendants were "destroying his business and public reputation".  Lerner v. Fleet Bank, N.A., 318 F.3d 113 (2d Cir. 2003), Ruling that plaintiff failed to allege causation for RICO claim based on "inherently speculative" assumptions about how third parties would have acted but for the alleged racketeering activity [emphasis added]".

Defendant believes Goodman appears to be asserting that third parties would view his YouTube/Twitter public productions and may possibly become members of the private subscription clubs at Patreon, SubscribeStar and Odysee.

Defendant does not understand the term "Goodman's video broadcast business" as apparently there have been no account disruptions on the Plaintiff's private club Internet sites at Patreon, SubscribeStar and Odysee, which apparently are the only video platforms that provide any financial renumeration or compensation to the Plaintiff via subscriber-based credit card payments.  Plaintiff's other channels supposedly do not provide any revenue whatsoever, as in Rumble, BitChute, Twitter, YouTube, etc. https://www.subscribestar.com/crowdsourcethetruth , https://www.patreon.com/crowdsourcethetruth ,

https://odysee.com/@Crowdsourcethetruth:d?view=membership

Defendant believes the court does not have subject–matter jurisdiction over these claims because Goodman's allegations about his business are vague and ambiguous, see "destroying his business and public reputation. (SAC, Para. 3)."  The wisdom of the United States Supreme Court states "Like the lower courts that have considered the meaning of the words `business or property,' we conclude that they refer to commercial interests or enterprises…", Hawaii v. Standard Oil Co. of California, 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972).  There has to be a cognizable "commercial" injury for RICO standing.  See European Community v. RJR Nabisco, Inc., 150 F. Supp. 2d 456 (E.D.N.Y. 2001).

Defendant believes that Goodman does not operate a commercial business.  New York State defines "doing business" for a corporation, such as M.S.D.I., in 20 CRR-NY 16-2.7 ( https://govt.westlaw.com/nycrr/Document/I50e01edfcd1711dda432a117e6e0f345?transitionTyp e=Default&contextData=%28sc.Default%29#:~:text=20%20CRR%2DNY%2016%2D2.7NY% 2DCRR&text=(a)%20The%20term%20doing%20business,for%20purposes%20of%20the%20t ax. ), "Every corporation organized for profit and carrying out any of the purposes of its organization is deemed to be doing business for purposes of the tax."  But, Goodman has stated that his corporation is dormant, which he cannot represents a sole stockholder.  Shneydershteyn-Kuvykin v. IPayment Holdings, Inc., 14-CV-4728 (SJF) (E.D.N.Y. Oct. 27, 2015), "A sole shareholder in an injured business entity lacks standing to prosecute RICO claims on behalf of the business entity. [emphasis added]"

Defendant believes a personal reputation tort does not provide a colorable RICO claim.  Black's Law Dictionary definition of "commercial" is: Relating to or connected with trade and traffic or commerce in general. U. S. v. Breed, 24 Fed. Cas. 1222; Earnshaw v. Cadwalader, 145 U. S. 258, 12 Sup. Ct. 851, 36 L. Ed. 693; Zante Currants (C. C.) 73 Fed. 189.  (

https://thelawdictionary.org/commercial/#:~:text=COMMERCIAL%20Definition%20%26%20

Legal%20Meaning&text=Relating%20to%20or%20connected%20with%20trade%20and%20tr

affic%20or%20commerce%20in%20general. )

Defendant believes Patreon, SubscribeStar and Odysee web-sites are private membership club

fan pages mostly used by musical groups, artists, horoscope readers, etc.  As stated in the

Patreon Terms of Service "Patreon is a membership platform that helps connect fans with

creators they love. Our mission is to put creators first, and these terms attempt to do that.".  (

https://www.patreon.com/policy/legal )

Defendant does not understand the term "preventing him from broadcasting the findings of his

investigations" in light of the video production on Rumble at URL https://rumble.com/v14ys8f-

is-nina-jankowicz-a-dangerous-subversive-foreign-agent-a-crowdsource-the-tr.html entitled "Is

Nina Jankowicz A Dangerous Subversive Foreign Agent? A Crowdsource the Truth Exposé".

Defendant does not understand the term "wrongfully terminating his access to social media" in

light of the following Internet sites: https://rumble.com/user/csthetruth ,

https://www.bitchute.com/channel/m3l8rAMF26gt/ .

Defendant is aware that the Plaintiff presently maintains four (4) Twitter accounts:

https://twitter.com/csthetruth , https://twitter.com/cheburashka1964 ,

https://twitter.com/GHenryDickface and https://twitter.com/counterspoliat1 .

Defendant believes Goodman has stated in literally hundreds of video podcasts that his

"CrowdSource The Truth" is an experimental social media approach that refuses traditional

advertisers.

Defendant believes that Goodman's non-revenue producing public accounts, like YouTube and

Twitter, are merely advertising gimmicks to herald viewers to become paying subscribers on

credit card enabled platforms at Patreon, SubscribeStar and Odysee (paywall sites) (see page 23 of 138).

Defendant believes that Goodman alleges no loss of income or "damage" to these sites.  Rather, Goodman complains about a loss of reach to "potential" paying subscribers via the non-paywall public sites like YouTube.

4.      Defendant admits that there is such a law as 18 U.S. Code § 1962(a)(b)(c) and (d). Defendant denies all remaining blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant denies working in any enterprise whatsoever.

Defendant is without knowledge as to "financial damage" concerning non-monetized YouTube video channels that provide no income to the Plaintiff whatsoever.

5.      Denied.  Defendant believes that the court does not have subject–matter jurisdiction over the claims because Goodman pushes speculative damages.  Paras. 4, 11, 13, 57, 75, 84, 91. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994), Noting that "[t]he general rule of fraud damages is that the defrauded plaintiff may recover out-of-pocket losses caused by the fraud," and that this rule "has been adopted by [the Second Circuit] in the context of deciding whether a defrauded plaintiff has standing under RICO".

Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is without knowledge as to "financial damage" concerning non-monetized YouTube video channels that provide no income to the Plaintiff whatsoever.

6.      Defendant restates para. 5 (above) as if fully restated herein.  Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.

Defendant is without knowledge as to "financial damage" concerning non-monetized YouTube video and Twitter channels that provide no income to the Plaintiff whatsoever.

7.      Denied.  Defendant believes that the court does not have subject–matter jurisdiction over the claims because Goodman makes several vague allegations related "abused regularly issued civil process", which are related to "vexatious litigation" at Paras. 2, 9, 17, 23, 82, 83, unnumbered paragraphs, etc.  "Vexatious litigation" in of itself is not a colorable RICO claim. See von Bulow by Auersperg v. Von Bulow, 657 F. Supp. 1134 (S.D.N.Y. 1987), finding that "malicious prosecution may not constitute a RICO predicate act" and La Suisse v. Moses Kraus & Caruso AG 06 Civ. 4404 (CM) (GWG) (S.D.N.Y. Jul. 21, 2014), "courts are nearly unanimous in the view that the pursuit of frivolous litigation does not constitute the predicate RICO act of extortion. See, e.g., Deck v. Engineered Laminates, 349 F.3d 1253, 1258 (10th Cir. 2003) ("[W]e join a multitude of other courts in holding that meritless litigation is not extortion under [18 U.S.C.] § 1951."); FindTheBest.com , Inc. v. Lumen View Tech. LLC, 2014 WL 2050610, at *4 (S.D.N.Y. May 19, 2014) ("The courts of appeals which have addressed the question have all agreed that the instigation of meritless litigation does not establish the predicate RICO act of extortion.") (citing cases).

Defendant believes that "abuse of process" type of claims (elaborated by Goodman more fully beginning in Para. 81 of the SAC) are allegations that have been raised by Goodman in The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc., No. 20-CV-7269 (VEC) and Goodman v. Sharp, 21-cv-10627-VEC.

Defendant believes that abuse of process claim are state-law torts and therefore not actionable under RICO.  See Turkish v. Kasenetz, 832 F. Supp. 565 (E.D.N.Y. 1993) "As the Second Circuit reiterated in West Hartford, "`the purpose of civil RICO liability does not extend to deterring any illegal act . . . for which there are state and common law remedies.'" Id. at 104.

Further, New York State provides for a state tort cause of action for malicious prosecution.  See Easton v. Sundram, 947 F.2d 1011 (2d Cir. 1991),

**8.**      Denied.  Defendant believes that the court does not have subject–matter jurisdiction over the claims because Goodman alleges "with the sole intent of defaming and harming Plaintiff." Reputational harm to an individual is not a cognizable RICO allegation.  also Tsipouras v. W&M Props., Inc., 9 F.Supp.2d 365, 368 (S.D.N.Y. 1998) ("[M]ere injury to character, business reputation, and/or the intentional infliction of emotional distress are not actionable under civil RICO." (emphasis added)).

Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant does not know what statements Plaintiff is referring to as Plaintiff makes no specific references.  Defendant believes this allegation is overly broad and ambiguous.

**9.**      Denied.  Defendant believes that the court does not have subject–matter jurisdiction over the claims because Goodman claims "assisting one another across a range of vexatious legal actions filed in numerous divisions of multiple U.S. District Courts."  "Vexatious litigation" in of itself is not a colorable RICO claim.  See von Bulow by Auersperg v. Von Bulow, 657 F. Supp. 1134 (S.D.N.Y. 1987), finding that "malicious prosecution may not constitute a RICO predicate act" and La Suisse v. Moses Kraus & Caruso AG 06 Civ. 4404 (CM) (GWG) (S.D.N.Y. Jul. 21, 2014), "courts are nearly unanimous in the view that the pursuit of frivolous litigation does not constitute the predicate RICO act of extortion."  Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant lacks sufficient knowledge about "sharing information" and does not know what information could possibly be shared between parties over the telephone or otherwise.  Defendant does

understand that Plaintiff was copied all dozens of e-mail messages sent to some of the other

parties mentioned in this lawsuit. Defendant is without knowledge and does not even

understand how the parties could be "assisting one another" and denies that any such actions, if

they even existed, could harm Plaintiff's non-monetized YouTube videos that produced no

income for the Plaintiff.

**10.**     Denied. Defendant believes that the court does not have subject–matter jurisdiction over

the claims because Goodman only alleges defendants "damage[d] Goodman's business and

reputation by exposing him to public hatred, contempt, and aversion."

Defendant believes that these conclusory statements are inherently speculative, see Nygard v.

Bacon, 19 Civ. 1559 (LGS) (S.D.N.Y. Aug. 20, 2021), "The FAC does not allege facts

demonstrating that the alleged loss of business opportunities resulted in quantifiable and non-

speculative harm to Plaintiff. See Wang, 2020 WL 6875403, at *25." And "business

opportunities is a cognizable RICO injury if the pecuniary losses from the missed opportunities

are quantifiable and non-speculative. See Yien-Koo King v. Wang, No. 14 Civ. 7694, 2020 WL

6875403,".

Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge

of such matters. Defendant is aware that Plaintiff produced dozens of videos that displayed

Plaintiff's anger directed at strangers in New York City which included a family of foreign

immigrants on New Years eve 2021 which included Plaintiff screaming at a toddler. See "HEY

BABY, DO YOU REALIZE YOUR FATHER IS AN ASSHOLE?" Jason Goodman yells at a

baby in a stroller while demonstrating what AMBUSH JOURNALISM IS to the baby's father.

(December 30, 2021 Crowdsource the Truth Live Stream)" (

https://trackingmeroz.wordpress.com/2022/01/09/and-the-prize-for-the-worst-written-amicus-

curiae-brief-for-2021-goes-to-amicus-goodman-of-crowdsource-the-truth-part-ii-a-walk-on-the-wild-side-with-jason-goodman/ )

Defendant is aware of the Plaintiff's widespread use of vulgar and insulting language when encountering the general public and law enforcement officers in New York City.  In the Plaintiff's latest video with Charles Ortel, aka "Turd Man", he can be seen screaming profanities, with Ortel, at children in the park, video entitled "Sunday with Charles – The Turd Man" ( https://www.youtube.com/watch?v=YGj9iQ2yjrY ), published 2/19/2023.  Defendant is without knowledge with regards as to how parties may have plotted to hold Plaintiff up to "public ridicule".

**11.**     Denied.  Defendant believes that the court does not have subject–matter jurisdiction over the claims because Goodman states "defamatory statements are inherently harmful to Goodman's reputation."  Again,

Defendant believes that this issue as to damage to a personal reputation is not an actionable RICO claim.  See Hollander v. Flash Dancers Topless Club 340 F. Supp. 2d 453 (S.D.N.Y. 2004), finding that damages to plaintiff's business reputation and good will "simply are not the type of injuries to 'business or property' that are actionable under RICO".

Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is only aware of the Plaintiff himself broaching the subject of "rape" on several YouTube video broadcasts on what is known as the "LawTube Community", which included broadcasts with "NateTheLawyer" (

https://www.youtube.com/watch?v=85kophkOfBM&t=2731s ), "TheDUIGuy" (

https://odysee.com/@TheDUIGuy:d/breaking-jason-goodman-joins-us-to:6 ) and

"NatalieLawyerChic" ( https://www.youtube.com/watch?v=uOTgbcweP84&t=1104s ) in the fall of 2022.

Defendant believes that on these social media video broadcasts Plaintiff claimed that defendant Christopher Bouzy made "rape allegations" against Plaintiff, which was the subject of the initial complaint in this action.  Defendant understands that the initial complaint has been dismissed and that any such "rape" commentary was dismissed along with such initial complaint.

Defendant does not understand what defamatory statement the Plaintiff refers to as no such statements have been provided in the Second Amended Complaint.

12.     Denied.  Defendant believes that the court does not have subject–matter jurisdiction over the claims because Goodman alleges "fraud on the court".  Denny v. Ford Motor Co., 959 F. Supp. 2d 262 (N.D.N.Y. 2013),where plaintiffs failed to state a claim for fraud on the court pursuant to Rule 60(d)(3).

Defendant believes that in the Second Amended Complaint Goodman lumps together the U.S. District Courts of the Eastern District of Michigan and the Eastern District of Virginia into his "fraud on the court" claims.

Defendant believes that this Court has no jurisdiction to hear such claims.  Rajaratnam v. Motley Rice, LLC, 449 F. Supp. 3d 45 (E.D.N.Y. 2020), "Based on the foregoing, plaintiff cannot rely on defendants' litigation activities in the NJ Action to plead the predicate acts of mail or wire fraud for his civil RICO claim. A civil RICO action in a neighboring federal district is not the appropriate mechanism to seek redress for false statements made in court filings by a litigation adversary. More appropriate measures may include a motion for Rule 11 sanctions, motions to preclude or strike testimony, and, if necessary, a motion for relief under Federal Rule of Civil Procedure 60(b)(3) for fraud on the court."  And  Holmes v. Apple Inc.,

17-CV-4557 (RA) (S.D.N.Y. Jun. 27, 2022), "Amazon's maintaining its successful theory of the case on appeal does not constitute fraud on the court-to the contrary, it "is exactly what is expected in the normal adversary process." King v. First Am. Investigations, Inc., 287 F.3d 91, 95-96 (2d Cir. 2002) (per curiam) (concluding that a plaintiff doing "no more than complain[ing] that the defendants disputed his version of the law and facts" was "insufficient to state a claim for fraud on the court"). Nor can fraud on the court occur where, as here, "[P]laintiff was afforded an opportunity for fair litigation of the dispute, because fraud on the court occurs only where the fraud seriously affects the integrity of the normal process of adjudication." Weldon v. United States, 845 F.Supp. 72, 82 (N.D.N.Y. 1994), aff'd, 70 F.3d 1 (2d Cir. 1995) (citing Gleason, 860 F.2d at 559)."  And  Mantis Transp. v. Kenner, 45 F. Supp. 3d 229 (E.D.N.Y. 2014), "Fraud on the court involves more than harm to a single litigant 'because it threatens the very integrity of the judiciary and the proper administration of justice.' " Trowbridge v. Inst. for Basic Research in Developmental Disabilities, No. 98 CV 3529, 2003 WL 21143086, at *2 (E.D.N.Y. Mar. 3, 2003), aff'd, 88 Fed.Appx. 454 (2d Cir.2004) (quoting Gleason, 860 F.2d at 559 ); see also Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 460 (2d Cir.1994) (holding that fraud on the court involves far more than an injury to an individual litigant, but rather is fraud which seriously affects the integrity of the normal process of adjudication). "[W]hen a movant seeks to set aside a judgment on the basis of fraud on the court, he 'must show that the conduct complained of prevented [him] from fully and fairly presenting his case.' " State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir.2004) (citing Davenport Recycling Assocs. v. C.I.R., 220 F.3d 1255, 1262 (11th Cir.2000) ). "Fraud upon the court must be established by clear and convincing evidence." King, 287 F.3d at 95."  Additionally, Goodman has already had a "bite at the apple" with

regards to "fraud on the court" in Goodman v. Sharp et al, 21-cv-10627-VEC (S.D.N.Y.) where a F.R.C.P. Rule 60(b)(3) motion has already been heard and denied (See ORDER, 09/06/2022, "The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked...." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir.1995). Here, Plaintiff does not provide any authority or evidence that the Court overlooked in dismissing his action, nor does he allege any exceptional circumstances that might otherwise justify relief under Rule 60. Rather, Plaintiff has reasserted the same meritless arguments of fraud and attorney misconduct against Defendants that this Court has already dismissed. Accordingly, Plaintiff's motion for reconsideration is DENIED. (Signed by Judge Valerie E. Caproni on 9/6/2022) (rro) (Entered: 09/06/2022)."  Meanwhile, in The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc., 20-cv-07269-VEC-OTW (NATAS v. MSDI) non-party Goodman has filed a similar F.R.C.P. Rule 60(b)(6) on 1/24/2023 and states, "Newly discovered evidence that is likely to prove a prior relationship between the judge and Plaintiff's CEO Adam Sharp ("Sharp") gives rise to this motion for relief from judgment pursuant to FRCP Rule 60(b)(3), (Case 1:20-cv-07269-VEC-OTW Document 167 Filed 01/24/23 Page 3 of 147)."  Thus, Goodman has an ACTIVE motion pending in NATAS v. MSDI <u>while simultaneously seeking identical relief in this instant parallel legal action.</u>  In that active Rule 60(b)(3) motion by non-party Goodman nearly identical language is used as with his Second Amended Complaint (ECF no. 132).  For example, "Abuse of Process: Defendant also alleges this action (NATAS v. MSDI [added for clarity]) was an

abuse of regularly issued process, intended to do harm without legitimate justification, and a perverted use of the process to achieve the collateral objective of terminating Goodman's broadcasts. …. 47 U.S. Code § 230 Indemnifies Any Corporation for Goodman's Posts: 47 U.S. Code § 230 precludes a suit against MSDI, MSD or any corporate entity for internet postings made by Goodman … (Case 1:20-cv-07269-VEC-OTW Document 167 Filed 01/24/23 Page 8 of 147)."

Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.  Defendant is aware that Plaintiff created a public relations broadcast known as "THE COUNTER LAWFARE REPORT" which the Plaintiff apparently solicited funds from the general public.  Defendant is aware that Plaintiff has made dozens of statements proclaiming his acumen as being a *pro se* litigant and not needing the help of a paid lawyer.

Defendant is unaware of any "crippling legal expenses".  To the Defendant's knowledge, after a diligent search of the court cases in the Second Circuit, there is no legal concept known as "lawfare".  This is a public blog about "lawfare" concerning state sponsored use of "lawfare" in military actions.  See: https://www.lawfareblog.com/

**13.**     Denied.  Defendant believes that the court does not have subject–matter jurisdiction over the claims described as "illegal acts" because as stated in Turkish v. Kasenetz, 832 F. Supp. 565 (E.D.N.Y. 1993) "As the Second Circuit reiterated in West Hartford, "`the purpose of civil RICO liability does not extend to deterring any illegal act . . . for which there are state and common law remedies."' Id. at 104.

Defendant believes that Goodman does not state what these "illegal acts" are.  Defendant denies the blanket assertions made in this paragraph and lacks sufficient knowledge of such matters.

Para. 12 contains conclusions of law to which no response is required.  Defendant is unaware of any such illegal activities.

Defendant believes that Plaintiff makes a legal assertion about "Federal RICO" which Defendant cannot confirm or deny.  Defendant is unaware of how it is even possible to earn two million dollars with the publication of non-monetized, non-revenue generating YouTube videos.  Defendant lacks sufficient knowledge about "illegal, fraudulent and defamatory actions".

## PARTIES AND NON-PARTIES

**14.**     Defendant admits in part that there is a person named Jason Goodman who is the Plaintiff.  Defendant denies that Jason Goodman is an investigative journalist, documentary filmmaker, talk show host, and founder of the widely trusted news, information, and entertainment brand Crowdsource the Truth.

Defendant believes that Goodman cannot claim to have a "professional reputation" as a "professional journalist" as Goodman does not meet the definition in New York State Civil Rights Law sec. 79-h(a)(6) ( https://codes.findlaw.com/ny/civil-rights-law/cvr-sect-79-h.html ) Defendant denies that CrowdSource The Truth is "widely trusted".  Defendant denies, or lacks sufficient knowledge, to affirm that Goodman is a so-called investigative journalist or documentary filmmaker.  Defendant believes (as confirmed with the Secretary of State for New York State (NYS)) that Multimedia Systems Design, Inc. (M.S.D.I.) is an active corporation and therefore denies that such a company is "dormant".  Defendant understands that M.S.D.I. holds the trademark for "CrowdSource The Truth" issued by the U.S. Patent and Trademark Office.  Defendant understands that Plaintiff appears to be politically motivated as evidenced by the use of derogatory and insulting cartoons used to represent elected government office holders in the Plaintiff's non-revenue, non-monetized YouTube videos.  Defendant formed an opinion

that these videos were part of some kind of cartoon comedy show that was an open mockery of journalism. Defendant's opinion was reinforced by the dozens of YouTube videos made by the Plaintiff with a homeless vagrant named Quinn Michaels and Plaintiff's assertions that Michaels suffered a lung disorder due to the use of modified consumer microwave ovens used to direct energy at Micheals.

Defendant believes that the directed energy weapon microwave oven theory pushed by the Plaintiff seemed to reinforce the image that CrowdSource The Truth was a type of clown show that had no basis in truth. Defendant is aware that Plaintiff has compared himself to Steven Corbett and John Stewart in offering a type of comedy show. https://rumble.com/vlrp10-interview-lawfare-against-independent-journalist-by-connected-corporation.html entitled "INTERVIEW: Lawfare Against Independent Journalist by Connected Corporation". In that interview Plaintiff refers to "comedic spin and satire". To the Defendant's knowledge, after a diligent search of the court cases in the Second Circuit, there is no legal concept known as "lawfare". This is a public blog about "lawfare" concerning state sponsored use of "lawfare" in military actions. See: https://www.lawfareblog.com/

Defendant believes that when referring to the video that apparently engaged the EMMY Awards in a trademark action in the Southern District of New York (S.D.N.Y.) the Plaintiff states "the entire broadcast was a parody" in the aforementioned Rumble video. In said interview David Knight states to the Plaintiff that "it is not just you this is a broad-based attack" apparently on conservative parody sights as in the "Babylon Bee". After a diligent search of the Internet the Defendant has located no definition of a "dormant corporation" in New York State (NYS) and therefore cannot admit or deny that M.S.D.I. is a "dormant corporation".

**15.**     Defendant lacks sufficient knowledge as to the statements regarding Christopher Ellis

Bouzy ("Bouzy") or if he is a New Jersey citizen and CEO of Bot Sentinel, Inc., of is he claims

to be an artificial intelligence technology company or if such company identifies and eliminates

so called "disinformation" as determined by Bouzy.  The Defendant is unaware of such an

activity or operation.

**16.**      Defendant lacks sufficient knowledge to know if Bot Sentinel, Inc., ("Bot Sentinel") is

a New Jersey Corporation or if it claims to be an online platform intended to detect and

eliminate untrustworthy internet activity or if it uses artificial intelligence and machine learning

among other things.  The Defendant is unaware of such an activity or operation.

**17.**     Defendant admits in part that he is David George Sweigert ("Sweigert") and denies he is

a homeless vagrant and denies he is a retired Air Force radio communications and Information

Technology Specialist and denies he is a professional hacker and admits he is the author of the

Ethical Hacker's Field Operations Guide and admits he was a contractor to the U.S. Department

of Homeland Security and other government agencies and denies he is an aggressive, persistent,

vexatious pro se litigant.  Defendant admits that he is the author of the online blog

www.sdny.org and denies that such a blog purports to engage in "Disinformation Governance in

the Southern District of New York" and denies that such a blog is actually a platform for

amplifying false claims against Goodman as the Defendant is unaware of any such activity or

operation.  Further www.sdny.org is protected by the New York State (NYS) "Anti-SLAPP"

law as expressed in NYS Civil Rights Law sections 70-a and 76-a.

Defendant believes that Plaintiff is a public figure that publishes video productions on a dozen

public Internet web sites and solicits memberships from the public.  Plaintiff engages in

discussions that are primarily political in nature concerning the conflict in the Ukraine, the

Presidency of Joe Biden, his public lawsuit against the EMMY Awards (NATAS, Adam Sharp), etc.

Defendant believes that Plaintiff has not established allegations that would establish that any actual malice has been used to critique the Plaintiff's conduct via any social media platform by the Defendant.  Defendant admits that he has never received a demand of a retraction of any article from the Plaintiff.

18.     Defendant lacks sufficient knowledge to know if George Webb Sweigert ("Webb") is a homeless vagrant and if such person has claimed to be a citizen of Georgia and/or a journalist. Defendant admits that Webb and Sweigert are brothers.  Defendant has observed that "Webb" has never received a summons or has been served process in this action.  Defendant is aware that George Webb was a YouTube sensation in the Spring of 2017 and brought tens of thousands of "subscribers" to the "Jason Goodman" channel, and that without the efforts of George Webb the "Jason Goodman" YouTube channel would not have obtained 100,000 subscribers on YouTube.  Defendant understands that most of these supposed 100,000 subscribers were added to the "Jason Goodman" channel between May and July 2017 as a result of the direct and indirect efforts of George Webb who appeared on the "Jason Goodman" channel.

19.     Defendant lacks sufficient knowledge to know if Defendant Benjamin Wittes ("Wittes") is a self-proclaimed legal journalist or if such a person is a Senior Fellow in Governance Studies at the non-profit think tank the Brookings Institution or whether such person is the Editor in Chief of the website Lawfareblog.com ("Lawfareblog").  The Defendant is unaware of such activity or operations.  To the Defendant's knowledge, after a diligent search of the court cases in the Second Circuit, there is no legal concept known as "lawfare".  This is a public blog about

"lawfare" concerning state sponsored use of "lawfare" in military actions.  See:

https://www.lawfareblog.com/

20.      Defendant lacks sufficient knowledge to know if Defendant Nina Jankowicz

("Jankowicz") is the sole proprietor of Sophias Strategies, LLC, ("Sophias Strategies") or if

such a person is the former Director of the U.S. Department of Homeland Security

Disinformation Governance Board ("Disinfo Board"), and/or if such a person is a self-

proclaimed expert in so called "disinformation" and if such a person is an expert in Russian

internet activity including hacking and internet "bot" deployment.  The Defendant is unaware of

such activity or operations.  Defendant is aware that Plaintiff has published video content

concerning these matters and as purported that Jankowicz had some role in what he is

describing as a "Disinformation Governance Board".  Defendant is without knowledge as to the

official composition or designation of such a "board".  Defendant is aware of a video on

Rumble at URL https://rumble.com/v14ys8f-is-nina-jankowicz-a-dangerous-subversive-foreign-

agent-a-crowdsource-the-tr.html entitled "Is Nina Jankowicz A Dangerous Subversive Foreign

Agent? A Crowdsource the Truth Exposé".  The Defendant is aware of another video on

Rumble at URL https://rumble.com/v14i3c4-disinfo-diva-nina-jankowicz-refuses-to-discuss-

the-dhs-disinformation-gover.html entitled "Disinfo Diva Nina Jankowicz Refuses to Discuss

the DHS Disinformation Governance Board".

21.      Defendant lacks sufficient knowledge about Adam Sharp ("Sharp") or whether he is the

founder and CEO of Sharp Things, LLC, or if such an individual is indeed the President and/or

CEO of the National Academy of Television Arts and Sciences, ("NATAS") and/or if such an

individual is the former Government Liaison for Twitter, and/or if such an individual is a widely

recognized social media expert, and/or a self-proclaimed "Democrat Political Operative".  The

Defendant is unaware of such activity or operations.  Defendant is aware the Plaintiff has made numerous broadcasts claiming that these facts are true.  Defendant is aware that a summons has not been issued for this person in this action and that said person has not been served with such a summons, if indeed such a summons existed.  The Defendant is aware of a video production at https://www.bitchute.com/video/rkh08MSCrfo/ entitled "DID NATAS CEO ADAM SHARP EX-TWIT OF NEWS GOVERNMENT & POLITICS SINGLE HANDEDLY WEAPONIZE TWITTER?".  In said video the Plaintiff speaks of a "First Amendment Forum" that he created on pay-per-view Internet sites Patreon and SubscribeStar to allow supposed associate Charles Ortel (aka "Turd Man") to speak freely and openly behind a "pay wall".  In said video production the Plaintiff goes on to describe a pay-wall feature at Odysee for access to the Plaintiff's video content.  Defendant is aware of an action known as 20-cv-07269-VEC-OTW, The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc.

**22.**     Defendant lacks sufficient knowledge to know if Margaret Esquenet ("Esquenet") is presently an attorney with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan") or if such a person represented so-called Defendants in a so-called prior action against Goodman's supposed dormant corporation MSD which is believed to be an active corporation.  Defendant is aware of a trademark infringement lawsuit in which the Plaintiff attempted to intervene and the Defendant also attempted to intervene.  Defendant is aware of an appeal in the U.S. Court of Appeals for the Second Circuit, docket no. 22-592, in which this woman has filed briefs.  Defendant is aware of a civil action, the source of the appeal, in which this woman filed briefs and papers, docket no. 20-7269 of the S.D.N.Y.  Defendant denies that this woman is an associate of Sweigert.  Defendant is aware the Plaintiff has made numerous

broadcasts claiming that these facts are true.  Defendant is aware that a summons has not been issued for this person in this action and that said person has not been served with such a summons, if indeed such a summons existed.  Defendant is aware of a YouTube video at URL address https://www.youtube.com/watch?v=Use30PPgXPI entitled Counterlawfare Report – Courtroom Clowns and the Phone Call at the Heart of the EMMYs v MSD Lawsuit.  To the Defendant's knowledge, after a diligent search of the court cases in the Second Circuit, there is no legal concept known as "lawfare".  This is a public blog about "lawfare" concerning state sponsored use of "lawfare" in military actions.  See: https://www.lawfareblog.com/

23.     Defendant lacks sufficient knowledge to know if The Academy of Television Arts and Sciences ("ATAS" or "Television Academy") is or was one of the key plaintiffs in a so-called vexatious suit or whether it was supposedly wrongfully brought against Goodman's supposed dormant corporation MSD, believed to be active, for an improper purpose.  The Defendant is unaware of such activity or operations.  Defendant is aware of an appeal in the U.S. Court of Appeals for the Second Circuit, docket no. 22-592, and the source of the appeal, docket no. 20-7269 of the S.D.N.Y.  Defendant is aware of a video production on Odysee at URL https://odysee.com/@Crowdsourcethetruth:d/CounterlawfareReportCourtroomClownsandthePhoneCallattheHeartoftheEMMYsvMSDLawsuit:9 entitled "Counterlawfare Report – Courtroom Clowns and the Phone Call at the Heart of the EMMYs v MSD Lawsuit".  Defendant is aware of an action known as 20-cv-07269-VEC-OTW, The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc.  To the Defendant's knowledge, after a diligent search of the court cases in the Second Circuit, there is no legal concept known as "lawfare".  This is a public blog about "lawfare" concerning state sponsored use of "lawfare" in military actions.  See: https://www.lawfareblog.com/

24.     Defendant lacks sufficient knowledge to know if Seth Berlin ("Berlin") is presently an attorney with Ballard Spahr and if such a person is presently counsel for Bouzy and Bot Sentinel in this case.  Defendant admits such a person's name appears in the court docket for this action as an attorney.  Defendant denies that this person is an associate of Sweigert.

25.     Defendant lacks sufficient knowledge to know if Maxwell Mishkin ("Miskin") is presently an attorney with Ballard Sphar and if such a person is presently counsel for Bouzy and Bot Sentinel in this case.  Defendant admits such a person's name appears in the court docket for this action as an attorney.  Defendant denies that this person is an associate of Sweigert

26.     Defendant lacks sufficient knowledge to know if Non-Party – Robert David Steele ("RDS") is a self-proclaimed retired Central Intelligence Agency ("CIA"), or if such a person is an employee and/or the former director of the supposed non-profit corporation Earth Intelligence Network ("EIN") and if such a person known as RDS was an associate of Webb and if such a person reportedly died of Covid-19 in 2021.  The Defendant is unaware of such activity or operations.  Defendant denies that person is an associate of Sweigert.  Defendant is aware of a video production on Odysee at URL

https://odysee.com/@Crowdsourcethetruth:d/Robert-David-Steele:3 entitled "Robert David Steele on Crowdsource the Truth June 13, 2017".  In said video Plaintiff is heard saying "I agree completely" to statements by Steele that Vice President Dick Cheney "ran 9-11", apparently referring to the World Trade Center attacks, and that former F.B.I. director Robert Mueller "covered up 9-11".

27.     Defendant denies in part as to lacking sufficient knowledge to know if Non-Party – Kathy Steele ("Steele") is the wife of RDS and/or if such an individual is the executor of his supposed estate, or if Steele replaced RDS as plaintiff in a supposed ongoing litigation against

Goodman during 2021.  Defendant is aware that Goodman is involved in a lawsuit in the Eastern District of Virginia.  Defendant denies that this person is an associate of Sweigert.

**28.**     Defendant admits in part that Non-Party – Steven Biss ("Biss") is the attorney and apparently represented parties in a lawsuit in the Eastern District of Virginia and that apparently those parties may have been Steele and/or formerly RDS.  Defendant denies that Biss is an associate of Sweigert and denies that such a person communicates with Sweigert through intermediaries.

**29.**     Defendant admits in part that Non-party Richard Loury ("Loury") may be an employee at the U.S. District Court in the Eastern District of Michigan ("MIED").

**30.**     Defendant lacks sufficient knowledge to know if Non-Party – Charles Ortel ("Ortel"), aka "Turd Man", is a close and trusted associate of Goodman and lacks knowledge concerning any innocence of any wrongdoing in this matter and Defendant lacks sufficient knowledge of whether or not Ortel, aka "Turd Man", may have been the initial target of supposed unknown suspected criminal activities of the supposed unknown Enterprise.  See "Sunday with Charles – The Turd Man" ( https://www.youtube.com/watch?v=YGj9iQ2yjrY ), published 2/19/2023. The Defendant is unaware of such activity or operations. Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

**31.**     Defendant lacks sufficient knowledge to know if Non-Party – Peter W. Smith ("Smith") or if such a person is a deceased former commodities investor, or if such a person is a political activist, or a researcher, or a former associate of Ortel, aka "Turd Man".  The Defendant is unaware of such activity or operations.

32.       Defendant lacks sufficient knowledge to know if Non-Party – Shane Harris ("Harris") is a journalist and if such a person is an associate of Wittes or if such a person wrote several news stories about the supposed Smith that may have begun approximately six weeks after a supposed death.  Defendant has no knowledge if such a person called Harris coincidentally contacted Ortel, aka "Turd Man" by a supposed telephone or is there was a supposed unexpected interruption to Ortel's initial meeting with Goodman and/or Webb on June 30, 2017.  The Defendant is unaware of such activity or operations.  "Sunday with Charles – The Turd Man" ( https://www.youtube.com/watch?v=YGj9iQ2yjrY ), published 2/19/2023.

33.       Defendant lacks sufficient knowledge about Non-party – Oakey Marshall Richards ("Richards") or whether such a person is an associate of Webb, or a confidential informant ("CI") for the supposed Federal Bureau of Investigation ("FBI") and if such a person was a journalist's source of information to Webb supposedly regarding events in the so-called Port of Charleston, SC on June 14, 2017, and other matters.  The Defendant is unaware of such activity or operations.  Defendant is aware that someone named "Rock Hudson" appeared with Goodman on about twenty (20) social media podcasts following the so-called Port of Charleston incident and that "Rock Hudson" is purported this individual named Richards.

34.        Defendant lacks sufficient knowledge to know if Non-party – Roy Warren Marshall aka Steve Quest ("Marshall") is a notorious internet personality (alternately known as "Montagraph"), nor does Defendant have knowledge that Marshall is infamous for antagonizing and harassing people online and/o whether such a person is fixating on toxic vendettas supposedly calculated to include real world consequences.  Defendant lacks knowledge concerning Marshall posting videos on YouTube in the days prior to the supposed June 14, 2017 Port of Charleston closure nor does Defendant have knowledge that such videos are likely

to prove he and other individuals had supposed prior knowledge of a supposed pre-planned event.  Defendant denies that this person is an associate of Sweigert.

**35.**     Defendant lacks sufficient knowledge to know if Non-party – Scott Anthony ("Anthony") is a supposed New Jersey Information Technology specialist and/or a supposed associate of Marshall.  The Defendant denies an association with this individual.  Defendant is unaware if Anthony posted comments on his supposed web page and if said supposed comments were in response to videos supposedly posted by Marshall on YouTube in the supposed days prior to the June 14, 2017 supposed Port of Charleston closure nor does Defendant have sufficient knowledge to know if such comments are likely to prove Anthony and other individuals had prior knowledge of a pre-planned event.  The Defendant is unaware of such activity or operations.  Defendant denies that this person is an associate of Sweigert.

**36.**     Defendant lacks sufficient knowledge about Non-party – Jonathan Snyder ("Snyder") who is an attorney.  Defendant is aware that John Hoover Snyder represented New Yorker Felix Sater in a legal action.  ( https://trackingmeroz.wordpress.com/2022/01/30/the-attorney-who-feared-dave-sweigert-more-than-a-russian-american-mobster/ ) Defendant is aware that Goodman made videos on social media with this person.  Defendant is aware of comments made by Goodman on social media videos that claim this person, John Snyder, was an incompetent attorney.  Defendant admits in part that Snyder formerly represented the active corporation MSD in litigation with some of the supposed Defendants.  Defendant denies that Snyder supposed withdrew supposedly citing harassment by Sweigert.  Defendant is aware of an appeal in the U.S. Court of Appeals for the Second Circuit, docket no. 22-592, in which Plaintiff has filed briefs stating that "Synder" was an incompetent attorney.  Defendant is aware of a civil action, the source of the appeal, docket no. 20-7269 of the S.D.N.Y. in which Snyder

appeared. Defendant is aware of e-mail messages that were produced in the original source action that were sent to administrative review authorities of the New York State Bar concerning the apparent incompetence of "Snyder". Defendant is aware that Plaintiff wanted to issue a subpoena to the Central Intelligence Agency for information about "Project Mockingbird" in the original source action. Apparently, according to the Plaintiff's videos, "Snyder" refused to issue a subpoena to the "C.I.A." which supposedly caused friction between Plaintiff and "Snyder".

## JURISDICTION AND VENUE

**37.**    Denied. The court does not have subject–matter jurisdiction over these claims. Paragraph 37 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 37 are denied.

**38.**    Denied. The court does not have subject–matter jurisdiction over the claims. Paragraph 38 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 38 are denied.

**39.**    Denied. The court does not have subject–matter jurisdiction over the claims. Paragraph 39 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 39 are denied.

**40.**    Denied. The court does not have subject–matter jurisdiction over the claims. Paragraph 40 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 40 are denied.

**41.**    Denied. Paragraph 41 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 41 are denied.

**42.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 42 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 42 are denied.  Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

**43.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 43 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 43 are denied.  Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

**44.**     Denied. The court does not have subject–matter jurisdiction over the claims. Paragraph 44 states conclusions of law to which no responsive pleading is required. Defendant notes that 18 U.S. Code § 1513 is entitled "Retaliating against a witness, victim, or an informant" and appears to be related to criminal prosecutions.  To the extent a responsive pleading is required, the allegations in Paragraph 44 are denied.  Defendant has not availed himself of business in New York State (NYS).  Denied that Plaintiff's "social media access" has been disrupted. Denied that Defendant conspired with Christopher Bouzy.  Defendant has not sought the privilege of conducting activities in NYS.  Denied that Defendant was ghosting writing documents for anyone, including George Webb (Plaintiff's former YouTube video partner). Defendant is aware that U.S. District Judge Gershwin A. Drain advised the Plaintiff in a hearing that he failed to seek leave of the court before filing the supposed "Amicus Cuirie Brief" (Case

2:20-cv-12933-GAD-KGA ECF No. 55, PageID.600 Filed 03/14/22 Page 1 of 10) which was apparently filed with inaccurate legal arguments and irrelevant materials about the filing of a court document by George Webb, none of which has anything to do with the Defendant. Defendant is aware of the video production at URL

https://www.bitchute.com/video/gja5c4TCCjU/ entitled "IS YOUTUBE PREPARING TO TERMINATE JASON GOODMAN? CROWDSOURCE THE TRUTH DEEMED "HARMFUL" BY YOUTUBE".  In said video Plaintiff discusses and reveals an e-mail message he had received from YouTube on or about April 7, 2020 concerning the YouTube channel "CrowdSource The Truth 2" and the de-monetization of said channel for "harmful content".  Apparently, the e-mail message offers the Plaintiff the opportunity to correct and modify his content to allow him to re-apply for monetization.  The Plaintiff reports that said channel "only has 16 thousand subscribers".  Plaintiff states in said video production that it is the generous support on the platforms of Patreon and SubscribeStar that makes his videos possible.  https://www.patreon.com/crowdsourcethetruth ,

https://www.subscribestar.com/crowdsourcethetruth  Regarding any suggestion of an "Enterprise" by the Plaintiff, the Defendant denies that he participated in any such enterprise. Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

**45.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 45 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 45 are denied.  Defendant does not understand what the Plaintiff means when referring to "his business".  The Plaintiff states over

and over that his M.S.D.I. NYS corporation is supposedly dormant, and thus reduces the Plaintiff to a supposed "YouTuber" that creates non-monetized, non-revenue producing YouTube videos that feature cartoon and parodies, which the Defendant characterizes as clown show-ish.  Defendant is aware that the Plaintiff presently maintains four (4) Twitter accounts: https://twitter.com/csthetruth , https://twitter.com/cheburashka1964 , https://twitter.com/GHenryDickface and https://twitter.com/counterspoliat1 .

**46.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 46 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 46 are denied.  Defendant fails to understand the nature of the Plaintiff's "business" as the Plaintiff maintains social media access on a variety of platforms including Rumble,. Bitchute, Odysee, Patreon, SubscribeStar, etc.  Apparently, there has been no disruption to the accounts controlled by the Plaintiff on SubscribeStar, Patreon and Odysee which supposedly produce some revenue and are subscription sites.  Other sites as YouTube, Rumble and Bitchute produce no revenue apparently.

**47.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 47 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 47 are denied.

**48.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 48 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 48 are denied.

**49.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 49 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 49 are denied.

**50.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 50 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 50 are denied.

**51.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 51 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 51 are denied.

**52.**     Denied. The court does not have subject–matter jurisdiction over the claims.  Paragraph 52 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 52 are denied.

FACTUAL BACKGROUND (ADDRESSED OUT OF ORDER)

FIRST CAUSE OF ACTION

FRAUD

**53.**     All preceding allegations and paragraphs denied and addressed out of order as they are unnumbered.  Denied. The court does not have subject–matter jurisdiction over the claims. Paragraph 53 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 52 are denied.

**54.**     Denied. Paragraph 53 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 53 are denied.

55.     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph

55 states conclusions of law to which no responsive pleading is required. To the extent a

responsive pleading is required, the allegations in Paragraph 55 are denied.  Further, Goodman

is a non-party to the legal action that is alluded to in the Eastern District of Michigan

(M.I.E.D.).  Defendant has no knowledge concerning transmissions to the M.I.E.D. by

defendant George Webb Sweigert and how such transmission were processed by Richard

Loury.  Defendant understands that Goodman stated in his Amicus Curiae Brief (Case 2:20-cv-

12933-GAD-KGA ECF No. 55, PageID.600 Filed 03/14/22 Page 1 of 10) filed in the M.I.E.D.

that the Defendant's self-published book, "Certified Ethical Hacker: Field Operations Guide",

contained instructions on how to created forged Adobe .PDF documents.  In fact, this

publication does not contain one sentence concerning Adobe .PDF files in any manner

whatsoever.  Defendant provided no direction, guidance or supervision to Richard Loury in any

manner whatsoever, and it is impossible for Goodman to prove otherwise.  Goodman does not

state how such an activity would injure, harm or defraud his business or property.  The court

does not have subject–matter jurisdiction over the claims because Goodman pushes speculative

damages.  Paras. 4, 11, 13, 57, 75, 84, 91.  First Nationwide Bank v. Gelt Funding Corp., 27

F.3d 763 (2d Cir. 1994).

56.     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph

56 states conclusions of law to which no responsive pleading is required. To the extent a

responsive pleading is required, the allegations in Paragraph 56 are denied.  Defendant believes

at the time Goodman was not part of the supposed Eastern District of Michigan hearing, but

apparently invited himself to the supposed hearing.  Defendant believes Goodman will not be

able to demonstrate Goodman was compelled in any matter whatsoever to attend such a

supposed hearing.  Plaintiff gives no date for such a supposed hearing.  As stated in the above paragraph (56) it is impossible for Goodman to prove otherwise.

57.      Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 57 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 57 are denied.  The court does not have subject–matter jurisdiction over the claims because Goodman pushes speculative damages. Paras. 4, 11, 13, 57, 75, 84, 91.  First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994).  Further, Goodman voluntarily submitted the Amicus Curiae Brief in the M.I.E.D. upon his own volition and initiative.

58.      Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 58 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 58 are denied.  Defendant believes the "Copyright Strike" is a quasi-judicial proceeding.  The Defendant is unaware of such activity or operations.  In any event, the statements Plaintiff refers to are protected under New York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022), "Under New York law, statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding. New York courts have long recognized the litigation privilege as a defense to defamation claims." Conti v. Doe, 535 F.Supp.3d 257, 280-81 (S.D.N.Y. 2021) (citations and internal quotation marks omitted). [emphasis added]"

**59.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 59 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 59 are denied.  Further, the doctrine of res judicata prevents the re-litigation of this issue.  Goodman has already had a "bite at the apple" with regards to "fraud on the court" in Goodman v. Sharp et al, 21-cv-10627-VEC (S.D.N.Y.) where a F.R.C.P. Rule 60(b)(3) motion has already been heard and denied (See ORDER, 09/06/2022, "The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked...." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir.1995). Here, Plaintiff does not provide any authority or evidence that the Court overlooked in dismissing his action, nor does he allege any exceptional circumstances that might otherwise justify relief under Rule 60. Rather, Plaintiff has reasserted the same meritless arguments of fraud and attorney misconduct against Defendants that this Court has already dismissed. Accordingly, Plaintiff's motion for reconsideration is DENIED. (Signed by Judge Valerie E. Caproni on 9/6/2022) (rro) (Entered: 09/06/2022)."

**60.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 60 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 60 are denied.

**61.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 61 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 61 are denied.

**62.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 62 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 62 are denied.  The Defendant is unaware of such activity or operations.  In any event, the statements Plaintiff refers to are protected under New York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022).

**63.**     All preceding allegations and paragraphs are denied and addressed out of order as they are unnumbered.  Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 63 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 63 are denied.  Generally, Goodman fails to plead colorable wire fraud predicate acts to the particularity of Rule 9(b) as to exactly what electronic messages were exchanged, sent by whom, to whom, when, and the content of such transmissions.  One exception may be Goodman's non-revenue producing Twitter account ("valuable branded social media account she knew Goodman's business relied upon" Para. 63) that was in essence frozen (@csthetruth) purportedly via a complaint by Nina Jankowicz, Para. 63.  However, "valuable branded social media account" is speculative.  See Hollander v. Flash Dancers Topless Club 340 F. Supp. 2d 453 (S.D.N.Y. 2004), finding that damages to plaintiff's business reputation and good will "simply are not the type of injuries to 'business or property' that are actionable under RICO".

**64.**     Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  The Defendant is unaware of such activity or

operations.  In any event, the statements Plaintiff refers to are protected under New York State's

doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM)

(E.D.N.Y. Oct. 14, 2022).

**65.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such

statements did exist and Defendant does not understand what statements the Plaintiff is referring

to.  The Defendant is unaware of such activity or operations.  The Defendant is unaware of such

activity or operations.  In any event, the statements Plaintiff refers to are protected under New

York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441

(HG) (TAM) (E.D.N.Y. Oct. 14, 2022).

**66.**     Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff

cites no specific statements, nor dates of such statements if such statements did exist and

Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is

unaware of such activity or operations.  The Defendant is unaware of such activity or

operations.  In any event, the statements Plaintiff refers to are protected under New York State's

doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM)

(E.D.N.Y. Oct. 14, 2022).

**SECOND CAUSE OF ACTION**

**DEFAMATION**

**67.**     Denied.  Goodman asserts defamation claims in Paras. 67 to 79.  The court does not

have subject–matter jurisdiction over the claims.  KIMM v. LEE, No. 04 Civ. 5724 (HB)

(S.D.N.Y. Jan. 13, 2005), dismissing RICO claim that is an attempt to "spin an alleged scheme

to harm a plaintiff's professional reputation into a RICO claim" and Keady v. Nike, Inc., 116 F.

Supp. 2d 428 (S.D.N.Y. 2000), dismissing defamation claim that asserted "a series of

defamatory statements without identifying the substance of those statements, by whom they were made, or to whom they were communicated". Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to. The Defendant is unaware of such activity or operations. In any event, the statements Plaintiff refers to are protected under New York State's doctrine of litigation privilege. Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022), "Under New York law, statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding. New York courts have long recognized the litigation privilege as a defense to defamation claims." Conti v. Doe, 535 F.Supp.3d 257, 280-81 (S.D.N.Y. 2021) (citations and internal quotation marks omitted)."

**68.**   Denied. Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to. The Defendant is unaware of such activity or operations. "[I]t is well-settled that statements made in the course of litigation are entitled to absolute privilege." Loughlin v. Goord, 558 F.Supp.3d 126, 149 (S.D.N.Y. 2021) (quoting Front, Inc. v. Khalil, 28 N.E.3d 15, 18 (2015)).

**69.**   Denied. The court does not have subject–matter jurisdiction over the claims. Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to. The Defendant is unaware of such activity or operations. However, of relevance here, New York State law's "litigation privilege" provides that "[s]tatements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the

motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding." Bisogno v. Borsa, 101 A.D.3d 780, 781, 954 N.Y.S.2d 896, 896 (2d Dep't 2012) (citing Kilkenny v. Law Off. of Cushner & Garvey, LLP, 76 A.D.3d 512, 513, 905 N.Y.S.2d 661, 662 (2d Dep't 2010)).

70.     Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  However, "New York law allows a plaintiff to recover for defamation by proving that the defendant published to a third party a defamatory statement of fact that was false, was made with the applicable level of fault, and either was defamatory per se or caused the plaintiff special harm, so long as the statement was not protected by privilege." Chandok v. Klessig, 632 F.3d 803, 814 (2d Cir. 2011); accord Rodriguez v. Daily News, L.P., 37 N.Y.S.3d 613, 614 (2d Dep't 2016).

71.     Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  "Under New York law, 'statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding.' " Lipin v. Hunt , No. 14-CV-1081, 2015 WL 1344406, at *8 (S.D.N.Y. Mar. 20, 2015) (quoting Kilkenny v. Law Office of Cushner & Garvey, LLP , 76 A.D.3d 512, 905 N.Y.S.2d 661, 662 (2d Dep't 2010) ).

**72.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  The Defendant is unaware of such activity or operations.  In any event, the statements Plaintiff refers to are protected under New York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022).

**73.**     Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  The Defendant is unaware of such activity or operations.  In any event, the statements Plaintiff refers to are protected under New York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022).

**74.**     Denied.  Plaintiff cites no specific statements, nor dates of such statements if such statements did exist and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  The Defendant is unaware of such activity or operations.  In any event, the statements Plaintiff refers to are protected under New York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022).

**75.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 75 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 75 are denied.

**76.**     Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff cites no specific legal actions and Defendant does not understand what legal actions the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.

**77.**     Denied.  Plaintiff cites no specific legal actions and Defendant does not understand what legal actions the Plaintiff is referring to.  Paragraph 77 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 77 are denied.

**78.**     Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff cites no specific legal actions and Defendant does not understand what legal actions the Plaintiff is referring to.  Paragraph 78 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 78 are denied.

**79.**     All preceding allegations and paragraphs denied and addressed out of order as they are unnumbered.  Denied.  The court does not have subject–matter jurisdiction over the claims.  Paragraph 79 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 79 are denied.

## THIRD CAUSE OF ACTION

## ABUSE OF PROCESS

**80.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 80 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 80 are denied.  The Defendant is unaware of such activity or operations.

**81.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 81 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 81 are denied.  The Defendant is unaware of such activity or operations.

**82.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 82 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 82 are denied.  The Defendant is unaware of such activity or operations.

**83.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 82 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 82 are denied.  The Defendant is unaware of such activity or operations.

**84.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 83 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 83 are denied.  The Defendant is unaware of such activity or operations.

**FOURTH CAUSE OF ACTION**

**CIVIL CONSPIRACY**

**85.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 85 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 85 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

86.     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 86 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 86 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

87.     Denied.  The court does not have subject–matter jurisdiction over the claims.  Paragraph 87 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 87 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

88.     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 88 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 88 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

89.     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 89 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 89 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

90.     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 90 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 90 are denied.  The Defendant is

unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**91.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 91 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 91 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**92.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 92 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 92 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**93.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 93 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 93 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**94.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 94 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 94 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**95.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 95 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 95 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**96.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 96 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 96 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**97.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 97 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 97 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

**98.**     Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 98 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 98 are denied.  The Defendant is unaware of such activity or operations.  The entirety of Para. 12 is hereby referenced as if fully restated herein.

## PRAYER FOR RELIEF

Listed as para. 1.  Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 1 states conclusions of law to which no responsive pleading is required. To the extent

a responsive pleading is required, the allegations in Paragraph 1 are denied.  The Defendant is unaware of such activity or operations.

Listed as para. 2.  Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 2 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 2 are denied.  The Defendant is unaware of such activity or operations.

Listed as para. 3.  Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 3 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 3 are denied.  The Defendant is unaware of such activity or operations.

Listed as para. 4.  Denied.  The court does not have subject–matter jurisdiction over the claims. Paragraph 4 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 4 are denied.  The Defendant is unaware of such activity or operations.

## FACTUAL BACKGROUND (ADDRESSED OUT OF ORDER)

**First paragraph.**  Page 16 of 138.  Denied.  The court does not have subject–matter jurisdiction over the claims. This Paragraph states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied.  The Defendant is unaware of such activity or operations.

**Second paragraph.**  Page 16 of 138.  The paragraph that follows is unnumbered and in the Defendant's opinion incoherent.  The burden to renumber all paragraphs is too great for the Defendant in this section.  Therefore, all material following the heading CIVIL RICO CLAIMS is denied.  The court does not have subject–matter jurisdiction over the claims. This

Paragraph/Section states conclusions of law to which no responsive pleading is required. However, for consistency the Defendant admits that he has transmitted <u>unencrypted e-mail</u> messages to certain individuals that are parties to this action that also included the Plaintiff in the "copy list" of said messages, meaning the Plaintiff received copies of such e-mail messages that were not encrypted.  Defendant admits that he has not sent an encrypted e-mail message to anyone for well over two decades.  Defendant does not understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

### CIVIL RICO CLAIMS

**Third paragraph.**  Page 17 of 138.  The paragraph that follows is unnumbered and in the Defendant's opinion incoherent.  The burden to renumber all paragraphs is too great for the Defendant in this section.  Therefore, all material prior to the heading CIVIL RICO CLAIMS is denied.  The court does not have subject–matter jurisdiction over the claims. This Paragraph/Section states conclusions of law to which no responsive pleading is required.  All preceding allegations and paragraphs under the heading of CIVIL RICO CLAIMS are denied and addressed out of order as they are unnumbered.

**Fourth paragraph.**  Page 18 of 138.  Regarding incoherent statements about a "culpable person".  Defendant denies that he is a "culpable person".  This Paragraph/Section states conclusions of law to which no responsive pleading is required.  All preceding allegations and paragraphs under the heading of CIVIL RICO CLAIMS are denied and addressed out of order as they are unnumbered.  Further, Goodman fails to meet the Second Circuit's culpable participation standard.  In re Par Pharmaceutical, Inc. Securities Lit., 733 F. Supp. 668 (S.D.N.Y. 1990), "Courts have held that "without either direct factual assertions or at least facts

from which a reasonable inference may be drawn in support of its allegations, a claim that can meet this Circuit's culpable participation standard has not been stated." Harrison v. Enventure Capital Group, Inc., 666 F. Supp. 473 (W.D.N.Y. 1987), Dismissing complaint for insufficient allegations to satisfy "this Circuit's culpable participation standard".  See also Belmont v. MB Investment Partners, Inc., 708 F.3d 470 (3d Cir. 2013), "Culpable participation requires knowledge because, "[i]n order to be a participant, the defendant must have some actual knowledge of the fraudulent activity taking place or knowledge must be imputed to him or her...." Poptech, L.P. v. Stewardship Credit Arbitrage Fund, LLC, 792 F.Supp.2d 328, 341 (D.Conn.2011) (internal quotation marks omitted); see also id. (noting also that "knowledge is a first step in proving active participation" (internal quotation marks omitted))."

Fifth paragraph.  Page 18 of 138.  The paragraph that follows is unnumbered and in the Defendant's opinion incoherent.  The burden to renumber all paragraphs is too great for the Defendant in this section.  Therefore, all material following the heading CIVIL RICO CLAIMS is denied.  The court does not have subject–matter jurisdiction over the claims. This Paragraph/Section states conclusions of law to which no responsive pleading is required. However, for consistency concerning if Defendant is a "culpable person", Defendants pleads ignorance to the actions of others and/or negligence in the conduct Goodman describes. Therefore this allegation "Defendants in this case were not engaged in normal activities associated with legitimate conduct but rather willfully targeted Goodman, his business, and his property with their pattern of fraudulent, and malicious conduct" is completely denied.

## I.    WIRE FRAUD

**Fifth paragraph.**  Page 18 of 138.  The paragraph that follows is unnumbered and in the Defendant's opinion incoherent.  The burden to renumber all paragraphs is too great for the

Defendant in this section.  Therefore, all material following the heading I.  WIRE FRAUD is

denied.  The court does not have subject–matter jurisdiction over the claims. This

Paragraph/Section states conclusions of law to which no responsive pleading is required.

To the extent the Plaintiff attempts to fashion RICO claims of wire fraud those allegations are

foreclosed by the doctrine of New York State's litigation privilege.  Black v. Ganieva, 21 Civ.

8824 (PAE) (S.D.N.Y. Jun. 30, 2022), "That privilege protects "Statements made by parties,

attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding . ..

notwithstanding the motive with which they are made, so long as they are material and pertinent

to the issue to be resolved in the proceeding." Officemax Inc. v. Cinotti, 966 F.Supp.2d 74, 79

(E.D.N.Y. 2013) (quoting Bisogno v. Borsa, 954 N.Y.S.2d 896, 896 (2d Dep't 2012))."  And

Wimbledon Fin. Master Fund v. Miller, 18 Civ. 8004 (PAE) (S.D.N.Y. Aug. 2, 2022), "Stated

another way, unless it is demonstrated that an independent, noncommunicative, wrongful act

was the gravamen of the action, the litigation privilege applies." Jacob B., 40 Cal.4th at 957,

(citing Rusheen, 37 Cal.4th at 1065)."

**Unnumbered paragraph.**  Page 19 of 138 that begins with "FRCP Rule 9(b) requires fraud

allegations must be pleaded with particularity and applies to civil claims under RICO where

fraud is a predicate act."  It is denied that Plaintiff has met this burden and the underlying

allegations of any such "wire fraud" claims against the Defendant are denied as well.  Thai

Airways International Ltd. v. United Aviation Leasing B.V., 891 F. Supp. 113 (S.D.N.Y. 1994),

Holding that complaint failed to adequately plead open-ended continuity, as the factual

allegations did not justify the inference that defendants' unlawful conversion of security deposits

represented the ordinary way in which they conducted business. These allegations are not

particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

## II.    Interstate or Foreign Commerce

**Unnumbered paragraph.** Page 20 of 138. The paragraph that follows is unnumbered and in the Defendant's opinion incoherent. The burden to renumber all paragraphs is too great for the Defendant in this section. Therefore, all material following the heading II. Interstate or Foreign Commerce is denied. The court does not have subject–matter jurisdiction over the claims. This Paragraph/Section states conclusions of law to which no responsive pleading is required. These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

## III.    Motive

**Unnumbered paragraph.** Page 19 of 138. The paragraph that follows is unnumbered and in the Defendant's opinion incoherent. The burden to renumber all paragraphs is too great for the Defendant in this section. Therefore, all material following the heading III. Motive is denied. The court does not have subject–matter jurisdiction over the claims. This Paragraph/Section states conclusions of law to which no responsive pleading is required. These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

## IV.    Pattern of Racketeering Activity

**Unnumbered paragraph.** Page 21 of 138. The paragraphs that follow are unnumbered and in the Defendant's opinion incoherent. The burden to renumber all paragraphs is too great for the Defendant in this section. Therefore, all material following the heading **IV. Pattern of Racketeering Activity** is denied. The court does not have subject–matter jurisdiction over the claims. This Paragraph/Section states conclusions of law to which no responsive pleading is required. These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b). To the Defendant's knowledge, after a diligent search of the court cases in the Second Circuit, there is no legal concept known as "lawfare". This is a public blog about

"lawfare" concerning state sponsored use of "lawfare" in military actions.  See:

https://www.lawfareblog.com/

### V. Multimedia System Design, Jason Goodman, and Crowdsource the Truth

**Second paragraph.**  Denied.  The court does not have subject–matter jurisdiction over the claims. This Paragraph states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied. The Defendant is unaware of such activity or operations.

**Third paragraph.**  Denied.  The court does not have subject–matter jurisdiction over the claims. This Paragraph states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in this Paragraph are denied. The Defendant is unaware of such activity or operations.  Defendant is aware that Plaintiff has produced a video production where he discusses this corporation at URL

https://www.bitchute.com/video/rkh08MSCrfo/ entitled "DID NATAS CEO ADAM SHARP EX-TWIT OF NEWS GOVERNMENT & POLITICS SINGLE HANDEDLY WEAPONIZE TWITTER?"  Defendant denies participation in any "Enterprise" acting to hurt the Plaintiff.

### VI. The Cyber Militia

**Unnumbered paragraph.**  Page 24 of 138.  Defendant admits he used the term "Cyber Militia" in a scholarly white paper posted in a public blog in 2014.  All other allegations are denied.

**Fifth paragraph.**  Defendant admits in part that he was involved in a scholarly training and research project.  All other allegations are denied.  The Defendant admits that he has transmitted unencrypted e-mail messages to certain individuals that are parties to this action that also included the Plaintiff in the "copy list" of said messages, meaning the Plaintiff received copies of such e-mail messages that were not encrypted.  Defendant admits that he has not sent an

encrypted e-mail message to anyone for well over two decades.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Following paragraph.**  Defendant admits in part that he was involved in a scholarly training and research project.  All other allegations are denied.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

## VII. The Sweigert Brothers and the Port of Charleston Incident

**Seventh paragraph.**  Page 25 of 138.  Denied.  The court does not have subject–matter jurisdiction over the claims.  The Defendant is unaware of such activity or operations. Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

**Eighth paragraph.**  Denied.  The Defendant is unaware of such activity or operations. Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

**Ninth paragraph**.  Denied.  The court does not have subject–matter jurisdiction over the claims.  The Defendant is unaware of such activity or operations.  Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true. These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Tenth paragraph.**  Denied.  The court does not have subject–matter jurisdiction over the claims.  The Defendant is unaware of such activity or operations.  Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

## VIII. The Suspicious Death of Peter W. Smith

**Eleventh paragraph.**  Page 27 of 138.  Denied.  The court does not have subject–matter jurisdiction over the claims.  The Defendant is unaware of such activity or operations.

Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

### IX. Twitter, Christopher Bouzy, and Bot Sentinel

**Twelfth paragraph.**  Page 28 of 138.  Denied.  The court does not have subject–matter

jurisdiction over the claims.  The Defendant is unaware of such activity or operations.

Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

A response is not warranted as this paragraph calls for a conclusion of law.  Defendant does not

understand whether Plaintiff is alleging that the defendants are individuals or entities separate

from the alleged enterprise, or that the defendants are the enterprise itself, or members of the

enterprise.  These allegations are not particularized to the heighted pleading standard of

F.R.C.P. Rule 9(b).

### X. Years Long Lawfare Assault Against Goodman

### a. Steele et al v Goodman et al

**Thirteenth paragraph**.  Page 30 of 138.  Denied.  The court does not have subject–matter

jurisdiction over the claims.  The Defendant is unaware of such activity or operations.

Defendant lacks sufficient knowledge to know if such allegations are accurate and/or true.

A response is not warranted as this paragraph calls for a conclusion of law.  Defendant does not

understand whether Plaintiff is alleging that the defendants are individuals or entities separate

from the alleged enterprise, or that the defendants are the enterprise itself, or members of the

enterprise.  These allegations are not particularized to the heighted pleading standard of

F.R.C.P. Rule 9(b).

To the Defendant's knowledge, after a diligent search of the court cases in the Second Circuit, there is no legal concept known as "lawfare".  This is a public blog about "lawfare" concerning state sponsored use of "lawfare" in military actions.  See: https://www.lawfareblog.com/

### b. Sweigert v Goodman (SDNY)

**Fourteenth paragraph.**  Page 31 of 138.  Defendant admits that a legal action was filed against Goodman, all other conclusions and allegations are denied.  Denied that "The complaint alleged that Goodman was a cult leader and his news reporting constituted racketeering."  Admit the Plaintiff used video productions on social media settle scores and obtain revenge against persons that mocked his broadcasts.  Admit that Plaintiff called the places of employment of persons like the Defendant to announce that people like the Defendant were the target of F.B.I. investigation (see YouTube "TitusFrost" and phone calls made by Plaintiff to his place of employment).   Deny that incoherent documents were filed in Sweigert v. Goodman.  Plaintiff does not explain how such an "incoherent" document would injure his "business" of social media broadcasting.  Defendant does not understand how such a document would be a part of the so-called "Enterprise".  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

### c. Sweigert v CNN

**Fifteenth paragraph.**  Page 31 of 138. Defendant admits that a legal action was filed against CNN, all other conclusions and allegations are denied.  Denied that the Sweigert brothers are in communication.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Sixteenth paragraph.**  Defendant admits that a legal action was filed against CNN, all other conclusions and allegations are denied.  Defendant admits that Plaintiff has already "presented

evidence" to the Eastern District of Michigan which was dismissed by the presiding judge for failure to seek leave of the court for filing Plaintiff's Amicus Curie Brief.

**Seventeenth paragraph.**  Defendant lacks sufficient knowledge of the events that took place with Judge Gershwin Drain's hearing, which apparently mistakenly included the Plaintiff as a courtesy copy.  Defendant does not understand why the Plaintiff would drive to Detroit, Michigan to participate in an Internet ZOOM teleconference.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Eighteenth paragraph.**  Defendant is without sufficient knowledge to understand why Judge Drain issued the ORDERS he did to strike the Plaintiff's Amended Amicus Curie Brief. Defendant does not understand what the purpose of the so-called Amicus Curie Brief was exactly except to present information about some clerical error associated with a PDF file. Defendant has no knowledge of thew composition if said file and had nothing to do with the composition of the files supposedly discussed in the Plaintiff's dismissed and stricken brief. These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

### d. Sweigert v Goodman (MIED)

**Nineteenth paragraph.**  Page 33 of 138.  Denied.  The court does not have subject–matter jurisdiction over the claims.  Plaintiff cites no specific statements and Defendant does not understand what statements the Plaintiff is referring to.  The Defendant is unaware of such activity or operations.  Denied that the Amicus Curie was well founded.  The issues concerning the Plaintiff and the movie "X-MEN" were published by Manual Chavez, III of Carson City, Nevada in 2017 and the Defendant is not aware of any demand for retraction made by the Plaintiff.  Defendant does not understand how Plaintiff's time and money were wasted as he apparently drove to Detroit, Michigan on his own volitation to attend an in-person hearing

rather than participating in a ZOOM teleconference call.  Defendant does not understand the structure, purpose, function and course of conduct of the Enterprise with regards to the Eastern District of Michigan.  Defendant denies ghost writing documents for George Webb and assisting George Webb in filing a voluntarily dismissal.  Defendant believes that this action, *See* Case 1:22-cv-02788-LGS-BCM ECF No. 73, was transferred to the S.D.N.Y. by Judge Drain in Michigan and the Defendant denies that he assisted George Webb in filing such an action. These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

### XI. The Television Academy and Multimedia System Design, Inc.

**Twentieth Paragraph**.  Page 34 of 138.  Defendant understands that the "Jason Goodman" YouTube channel was a de-monetized channel and did not produce revenue for the Plaintiff. Defendant understands that the "Jason Goodman" YouTube channel was a general advertising medium to solicit the general public to become paid subscribers with their credit cards on the Patreon and/or SubscribeStar services.  https://www.patreon.com/crowdsourcethetruth , https://www.subscribestar.com/crowdsourcethetruth?redirect_notice=true .  Defendant believes the statement that the Plaintiff does not rely on income from the YouTube videos, Google-based, is most likely accurate.  Defendant believes that Plaintiff's comments about the "disruptive business model" may indeed be innovative and speculative as it does not follow traditional business operations.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Twenty first paragraph**.  Defendant believes the bulk of this paragraph appears to be a rehash of litigation known as 20-cv-07269-VEC-OTW, The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc.  Defendant is unaware of any goals of the "Cyber Militia" and assumes such "goals" were published and or possibly stated outside the

statue of limitations of four years of the federal RICO law.  Defendant believes that any

purported statements made inconjunct ion to a so-called "Cyber Militia" occurred prior to

January 17, 2019, the beginning of the statue of limitations for the RICO law.  Defendant denies

he was in communication with Adam Sharp or developed any type of scheme with Adam Sharp.

Defendant is aware that the Plaintiff apparently telephone Adam Sharp's home several times on

a week-end and record telephone calls of Adam Sharp concerning the presumed "YouTube

strike", the Plaintiff reported these telephone calls on his YouTube channel.  Defendant denies

reporting any violations regarding the EMMY Awards artwork or the YouTube show the

"Crony Awards".

**Twenty second paragraph.**  Defendant denies participating in any scheme with Adam Sharp or

the attorney representing the EMMY Awards.  These allegations are not particularized to the

heighted pleading standard of F.R.C.P. Rule 9(b).

**Twenty third paragraph.**  Defendant is without sufficient knowledge concerning a breach of

"Bar ethics".  Defendant denies that he sent an e-mail message to the EMMY Awards as

Plaintiff suggests.  Defendant did place the Plaintiff on the copy list of an e-mail message that

sent a copy of a supplemental complaint from Sweigert v. Goodman in August 2021.

Defendant is aware that Plaintiff gave his permission for this supplemental complaint to be sent

the EMMY Awards and received a copy of said message.  These allegations are not

particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Twenty fourth paragraph.**  Defendant denies that he was interfering in any matter with the

EMMY Awards.  Defendant sent an e-mail message to the EMMY Awards, copied to the

Plaintiff, once Plaintiff gave his permission of the transmission to include the attachment of the

supplemental complaint pending in the action of Sweigert v. Goodman.  Defendant denies

participating with NATAS, the EMMY Awards, Adam Sharp or their attorneys to injure the Plaintiff.  The corporate name of the Plaintiff's company was listed as a possible Defendant on the supplemental complaint (described above).  Defendant cannot answer to the conclusions of law that are presented in this paragraph.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Twenty fifth paragraph**.  Defendant understands that the Plaintiff has posted social media posts about the National Academy of Television Arts and Sciences, Inc., Academy of Television Arts & Sciences lawsuit.  Defendant denies that he conspired with Sharp to initially to send an email creating a pretext for the lawsuit, and then to disrupt the defense through continual harassment and personally threatening of Plaintiff's counsel resulting in his withdrawal and subsequent default judgement.  Defendant understands the Plaintiff's counsel, "Snyder", made YouTube videos with the Plaintiff to discuss the Amicus Curie Brief filed in the Eastern District of Michigan.  Defendant is aware the Plaintiff has submitted papers in his Second Circuit appeal, docket no. 22-592, that state "MSD's former counsel failed to competently represent MSD, failed to raise points as Goodman instructed and left Goodman in such an unfavorable position, none of the numerous attorneys Goodman attempted to retain after the withdrawal would take up the case."  (Document 25, 09/14/2022, 3383014, Page19 of 22).  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Twenty sixth paragraph.**  Defendant denies any knowledge as to the owner of the e-mail account CSTT72@protonmail.com.  Defendant lacks sufficient knowledge to know if this email address is not owned or controlled by Goodman or MSD, but rather is believed to be controlled by a British national named James Bembridge.  Defendant denies knowledge as to James

Bembridge and Defendant does not associate with James Bembridge.  Defendant believes that this person may be "Tommy Tin Pan" who is an associate of the Plaintiff's friend in Fort Meade, Maryland named Corean Elizabeth Stoughton, the former girlfriend of George Webb. Defendant does not understand Plaintiff's point about who gained knowledge of this e-mail address and why it is part of the so-called "Enterprise".  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Twenty Seventh paragraph.**  Defendant is without sufficient knowledge concerning the events of C-SPAN and Twitter.

### XII. Nina Jankowicz and the DHS Disinformation Governance Board

**Twenty Eighth paragraph.  Page 40 of 138.**  Defendant is without sufficiently knowledge concerning the allegations contained in this paragraph.  Defendant has no knowledge about such operations and activities apart from video productions created and published by the Plaintiff.

**Twenty Ninth paragraph.**  Defendant denies that he schemed with Jankowicz about anything and certainly not anything to do with the Plaintiff.  Defendant denies having contact with Jankowicz except via an occasional Twitter post sent to several parties concerning the Plaintiff's public videos and broadcasts about Jankowicz.  Defendant doesn't understand whether Plaintiff is alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise. Defendant doesn't understand if Plaintiff is alleging the racketeering activity and the enterprise are separate or have merged into one entity.  Defendant denies informing Jankowicz abiut Plaintiff's Patreon account which is listed at the bottom of more than a thousand of videos that the Plaintiff has disturbed.  The address to the Patreon account is also include in the video description of every such video production.  https://www.patreon.com/crowdsourcethetruth

**Thirtieth paragraph.**  This paragraph draws conclusions of law which need not be answered. Defendant denies communicating or association with Jankowicz about any matter.  Any e-mail messages sent to the Bot Sentinel operations were copied to the Plaintiff who received all such copies.  Defendant lacks sufficient knowledge about any complaints made to Patreon by Jankowicz.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Thirty first paragraph.**  This paragraph draws conclusions of law which need not be answered. Defendant denies communicating or association with Jankowicz about any matter.  Any e-mail messages sent to the Bot Sentinel operations were copied to the Plaintiff who received all such copies.  Defendant lacks sufficient knowledge about any complaints made to Twitter by Jankowicz or Bouzy.  These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Thirty second paragraph.**  This paragraph draws conclusions of law which need not be answered.  Defendant denies communicating or association with Jankowicz about any matter. Any e-mail messages sent to the Bot Sentinel operations were copied to the Plaintiff who received all such copies.  Defendant lacks sufficient knowledge about any complaints made to Twitter by Jankowicz or Bouzy. These allegations are not particularized to the heighted pleading standard of F.R.C.P. Rule 9(b).

**Thirty third paragraph.**  This paragraph draws conclusions of law which need not be answered.  Defendant denies communicating or association with Jankowicz about any matter. Any e-mail messages sent to the Bot Sentinel operations were copied to the Plaintiff who received all such copies.  Defendant lacks sufficient knowledge about any complaints made to

Twitter by Jankowicz or Bouzy.  These allegations are not particularized to the heighted

pleading standard of F.R.C.P. Rule 9(b).

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or persuasion, Defendant is informed and believes and on

that ground alleges that Plaintiff's Second Amended Complaint is subject to the following

affirmative defenses:

I.      **Anti-SLAPP.**  New York State (NYS) provides for an "Anti-SLAPP" defense as

expressed in NYS Civil Rights Law sections 70-a and 76-a.  Plaintiff is a public figure that

publishes video productions on a dozen public Internet web sites and solicits memberships from

the public.  See https://casetext.com/case/sweigert-v-goodman-6

II.     **First Amendment.**  Amendment I to the U.S. Constitution provides for the expression

of critiques and criticisms of public figures that are engaged in public issues.  The Right to Free

Speech can not be abridged by the Plaintiff.

III.    **F.R.C.P. Rule 9(b).**  Allegations of a scheme to defraud under RICO are subject to the

heightened pleading standard of Rule 9(b).  Under Rule 9(b), "[i]n alleging fraud or mistake, a

party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ.

P. 9(b). Plaintiff makes his RICO allegations only in conclusory fashion and fails to meet Rule

9(b) standards.

IV.     **Applicable Statute of Limitations of RICO**.  The federal RICO statue has a statue of

limitations of four years.  Therefore, all allegations that concern behavior prior to January 17,

2019 would be outside the scope of the RICO law.  This would include the initial filing of

Sweigert v. Goodman in the U.S. District Court for South Carolina and subsequent transfer to

the S.D.N.Y.

V.      **Lack of Civil Conspiracy**.  New York only recognizes a civil conspiracy when it is connected to a separately pleaded underlying tort, which remains unknown in this case.

VI.     **Fails to State a Cause.**  The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

VII.    **Defamation Statue of Limitations.**  The Complaint as a whole, and each purported cause of action alleged and remedy sought therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to the one-year statute of limitations for defamation claims in New York.

VIII.   **Lack of Standing.**  Plaintiff's Second Amended Complaint, and each purported cause of action and/or form of recovery contained therein, is barred to the extent that Plaintiff lacks standing to assert any of the causes of action and/or form of recovery contained in the Complaint because Plaintiff has not suffered any injury-in-fact or for which Plaintiff does not have a private right of action.

IX.     **Failure to Demand Retractions.**  Plaintiff is barred from proceeding with this action on the ground that Plaintiff is guilty of laches in failing to timely commence this action and failure to issue appropriate retractions, which has prejudiced Defendant in its ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

X.      **Failure to Mitigate.**  Without admitting any facts pled by Plaintiff, Defendant alleges that if Plaintiff sustained any loss, injury or damages either as alleged in the Second Amended Complaint or at all, which Defendant expressly denies, the same were directly and proximately caused and/or exacerbated by Plaintiff's own conduct, promises and representations to Defendant, and failure to take actions.

XI.   **Speculative Damages.**  Plaintiff is precluded from recovering the damages alleged in the Second Amended Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.  Goodman pushes speculative damages.  Paras. 4, 11, 13, 57, 75, 84, 91.  First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994).

XII.   **Third Parties.**  Defendant alleges that the Second Amended Complaint, and each purported cause of action contained therein, is barred in whole or in part because any injuries or damages allegedly sustained by Plaintiff were not the result of any acts, omissions or other conduct of Defendant. Further, any alleged injuries were caused in part or in whole by third parties or intervening occurrences.

XIII.   **Lack of Knowledge.**  Defendant alleges that the Second Amended Complaint, and each purported cause of action contained therein, is barred in whole or in part and limited by its lack of actual or constructive knowledge. Plaintiff did not inform Defendant of any alleged retractions or defamation, prior to filing a lawsuit.  Plaintiff; therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time the Second Amended Complaint was filed.

XIV.   **New York State's litigation privilege law.**  "New York law allows a plaintiff to recover for defamation by proving that the defendant published to a third party a defamatory statement of fact that was false, was made with the applicable level of fault, and either was defamatory per se or caused the plaintiff special harm, so long as the statement was not protected by privilege." Chandok v. Klessig, 632 F.3d 803, 814 (2d Cir. 2011); accord Rodriguez v. Daily News, L.P., 37 N.Y.S.3d 613, 614 (2d Dep't 2016).

XV.    **Lack of standing.**  The complaint fails to confer personal jurisdiction over Defendant in that service, to the extent that it occurred in New York.

XVI.    The undersigned is not the legal cause of any damages alleged by the Plaintiff.  The damages allegedly sustained by the Plaintiff, all of which are expressly denied, where were caused in whole or in party by the incompetence, negligence, carelessness, and/or culpable conduct of the Plaintiff, and/or his family, servants, agents, or employees and/or others for whom Plaintiff is legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said incompetence, negligence, careless and/or culpable conduct bears to the culpable conduct which caused the damages alleged.

XVII.  **Reservation of rights.**  Defendant reserves the right to amend or add any additional defenses or counterclaims which may become known during the course of discovery.

Hereby signed on February 21st, 2023 (2/21/23)

**D. G. SWEIGERT PRO SE DEFENDANT, C/O**
**PMB 13339, 514 Americas Way, Box Elder, SD 57719**


**<u>CERTIFICATE OF SERVICE</u>**

**It is hereby certified under the penalties of perjury that a true copy PDF file has been sent via e-mail message to the following:**

truth@crowdsourcethetruth.org, Georg.webb@gmail.com, berlins@ballardspahr.com

mishkinm@ballardspahr.com, margaret.esquenet@finnegan.com,
liz.lockwood@alilockwood.com

Certified under penalties of perjury.  Signed this 21st day of February 2023 (2/21/23).

**PRO SE DEFENDANT**