D. G. SWEIGERT, C/O<br>
PMB 13339, 514 Americas Way, Box Elder, SD 57719<br>
Spoliation-notice@mailbox.org

February 25th , 2023

*Goodman v. Bouzy*, et. al. Case No. 1: 21-cv-10878-AT-JLC

Honorable Analisa Torres
District Judge
U.S. District Court for the
 Southern District of New York
500 Pearl Street
New York, N.Y. 10007
Via ECF filing and e-mail to chambers

SUBJ:  Pre-motion letter for Defendant's Motion to Oppose Plaintiff's Motion for Leave of Court, see ECF no. 140

REF:   (a) INDIVIDUAL PRACTICES Rule III(A)

Your Honor,

1.      By leave of the Court and in accordance with ref: (a), the undersigned seeks to file a Motion in Opposition to Plaintiff's motion papers seeking Leave of the Court (ECF no. 140) to file his Second Amended Complaint (ECF no. 132) (herein "SAC").

## STATEMENT OF ISSUES

- The Court may decline to hear the allegations in the SAC pursuant to the Declaratory Judgments Act (DJA).

- This Court may deny the requested leave to file the SAC as the SAC's fails to cure prudential jurisdictional issues and is futile.

- Plaintiff seeks declaratory relief against the undersigned without establishing personal jurisdiction over the undersigned in the SAC.

2.      First, allegations in the SAC are mostly conclusory statements that are inherently speculative, see Nygard v. Bacon, 19 Civ. 1559 (LGS) (S.D.N.Y. Aug. 20, 2021), "The FAC does not allege facts demonstrating that the alleged loss of business opportunities resulted in quantifiable and non-speculative harm to Plaintiff. See Wang, 2020 WL 6875403, at *25." And "business opportunities is a cognizable RICO injury if the pecuniary losses from the missed opportunities are quantifiable and non-speculative. See Yien-Koo King v. Wang, No. 14 Civ. 7694, 2020 WL 6875403."

3.      The SAC fails to describe how any members of the so-called RICO enterprise received monies for their alleged activities.  See Town of West Hartford v. Operation Rescue, 991 F.2d 1039 (2d Cir. 1993), "The ground for dismissal of the RICO claim was that "[w]hile plaintiff has

1

clearly demonstrated that it has suffered economic consequences due to defendants' actions, this is not the type of financial loss that the Second Circuit has construed the RICO statute to require," since defendants' "clearly expressed purpose is to stop the performance of abortions, not to make money." 792 F. Supp. at 168."

4.  Statements made to social media providers by defendants about copyright infringements or content that violates the relevant Terms of Service are protected under New York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022), "Under New York law, statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding. New York courts have long recognized the litigation privilege as a defense to defamation claims. [emphasis added]" Conti v. Doe, 535 F.Supp.3d 257, 280-81 (S.D.N.Y. 2021) (citations and internal quotation marks omitted).

5.  Allegations of a scheme to defraud under RICO are subject to the heightened pleading standard of Rule 9(b).  Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff makes his RICO allegations only in conclusory fashion and fails to meet Rule 9(b) standards.

6.  The SAC seeks to re-litigate fraud on the court claims outside of the jurisdiction of courts where the fraud was supposedly committed, after such relief was denied.  Goodman has already had a "bite at the apple" with regards to fraud on the court in Goodman v. Sharp et al, 21-cv-10627-VEC (S.D.N.Y.) where a F.R.C.P. Rule 60(b)(3) motion has already been heard and denied (See ORDER, 09/06/2022).  This Court does not have jurisdiction to hear such claims.

7.  Likewise in The National Academy of Television Arts and Sciences, Inc. et al v. Multimedia System Design, Inc., 20-cv-07269-VEC-OTW (NATAS v. MSDI) action Goodman has filed a F.R.C.P. Rule 60(b) ("newly discovered evidence") motion, which was denied by ORDER on 2/21/2023.  Quoting footnote 5 of the 2/21/2023 ORDER, "Goodman's motion for relief from the judgment promises "[n]ewly discovered evidence of fraud, misrepresentation and misconduct," Mot. at 2, Dkt. 167, but all it delivers is unfounded conspiratorial speculation."

8.  Second, the SAC is a jumble of allegations which are frivolous on their face.  Goodman as the moving party "is not required to 'establish a probability it would prevail on the merits in order for the court to grant its motion to amend ... [i]nstead ... [movant] is merely required to assert proposed amendments which are not frivolous on their face. [emphasis added]'" UMG, 2006 WL 3335048, at *2 (quoting T & N PLC, at *2).  The SAC does not meet this burden.

9.   In assessing futility, courts must analyze "whether a proposed pleading would be able to withstand a dispositive pretrial motion." Themis Capital, LLC v. Democratic Republic of Congo, No. 09-CV-1652, 2013 WL 1687198, at *6 (S.D.N.Y. Apr. 18, 2013) (citing Parker, 204 F.3d at 339); Touchtunes Music Corp. v. Rowe Int'l Corp., 847 F. Supp. 2d 606, 621 (S.D.N.Y. 2012)).

"A proposed amendment would be futile when it would not survive a 12(b)(6) motion to dismiss." Sodhi v. Mercedes Benz Fin. Servs., USA, LLC, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013); see also Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) ("The Court ...reviews proposed amendments for futility pursuant to Rule 12(b)."). Therefore, a proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

10. Third, the SAC alleges personal jurisdiction over the undersigned pursuant to 18 U.S. Code § 1513, which does not provide a right to private action (SAC, para. 44). As discussed in the foregoing paragraphs, the SAC does not state a colorable RICO claim, therefore jurisdiction pursuant to 18 U.S.C. § 1965(b) fails as well.

11. Considering the undersigned has steadfastly asserted this Court has no personal jurisdiction over him the Court must determine if the SAC could survive a F.R.C.P. Rule 12(b)(2) motion to dismiss. To survive a Rule 12(b)(2) motion to dismiss, a plaintiff "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." Penguin Gr. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010)

12. Plaintiff must articulate some factual basis stating at least a prima facie claim of personal jurisdiction. See Continental Indus. Grp., Inc. v. Equate Petrochemical Co., 586 Fed. App'x 768, 769 (2d Cir. 2014) (plaintiff "cannot establish jurisdiction through conclusory assertions alone" but must "establish[] jurisdiction with some factual specificity").

13. Such a showing must satisfy three elements: "(1) proper service of process upon the defendant; (2) a statutory basis for personal jurisdiction; and (3) accordance with constitutional due process principles." Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen, 12 Civ. 6390, 2013 WL 1775440, at *3 (S.D.N.Y. Apr. 25, 2013) (citation omitted). These elements must be met with "factual specificity"; conclusory allegations will not suffice. Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co., 586 F. App'x 768, 769 (2d Cir. 2014) (citation omitted).

14. To demonstrate personal jurisdiction under New York law, a plaintiff must establish that (1) the defendant committed a tort outside the state; (2) the act caused injury within the state; (3) the defendant expected or should reasonably have expected the act to have consequences within the state; and (4) the defendant derives substantial revenue from interstate or international commerce. Cavalier Label Co. v. Polytam, Ltd., 687 F. Supp. 872, 878 (S.D.N.Y. 1988).

15. The second prong of this test ((2) the act caused injury within the state) is complicated. To determine whether that tortious act caused injury within New York courts apply a "situs-of-injury test." Brown v. Web.com Grp., Inc., 57 F. Supp.3d 345, 356 (S.D.N.Y. 2014). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) Notably, an injury does not occur in New York just because the plaintiff resides there. Id.

16. For example, Goodman complains that litigation in the Eastern District of Michigan and the Eastern District of Virginia has caused economic harm for him in New York. Applying the situs-of-injury test to the case at hand, it is clear that the situs of Goodman's injuries is not New York but Michigan or Virginia, where the lawsuits against him were filed and were/are being litigated. Those lawsuits are the "original events" that caused most of Goodman's alleged injuries. See Mareno, 910 F.2d at 1046 (citation omitted). For jurisdictional purposes, it is therefore irrelevant that Goodman resides in New York and may have felt some of the injuries there.

17. Moreover, in cases most akin to this one, courts have held that the situs of injury is not where the injury is felt but where the litigation was initiated. See, e.g., Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc., 368 F. Supp. 3d 460, 483 (E.D.N.Y. 2019) ("Injury from litigation threatened or initiated in Florida does not amount to injury in New York simply because [plaintiff] is a New York resident."); Vista Food Exch., Inc. v. Joyce Foods, Inc., No. 96-CV-0012, 1996 WL 122419, at *4 (S.D.N.Y. Mar. 20, 1996) (holding that injury resulting from alleged abuse of process occurred in North Carolina, even though plaintiff was domiciled in New York, where defendant "hired a North Carolina attorney, instituted suit in a North Carolina court, [and] relied on North Carolina law"). Thus, Goodman has not adequately alleged that New York is the situs of his injuries.

18. But even assuming *arguendo* that Goodman was injured in New York, he would still have trouble satisfying the third prong of the statutory test ((3) the defendant expected or should reasonably have expected the act to have consequences within the state): showing that Defendants "expect[ed] or should reasonably [have] expect[ed]" the Michigan or Virginia litigation to have consequences in New York. In interpreting this requirement, courts look for "tangible manifestations of a defendant's intent to target New York, or for concrete facts known to the nondomiciliary that should have alerted it to the possibility of being brought before a court in the Southern District of New York." Royalty Network Inc. v. Dishant.com, LLC, 638 F. Supp. 2d 410, 424 (S.D.N.Y. 2009).

19. Summary. Goodman's motion for Leave of the Court to make the SAC the operative complaint in this action should be denied. Further, any hint that the SAC has established personal jurisdiction over the undersigned should be terminated at this stage of the proceedings. The SAC is a futile attempt to resurrect claims that are barred by the doctrine of *res judicata* and litigation privilege. Goodman's speculative injuries, supposedly caused by a group of independent defendants who received no monies from such conduct, fail to state a colorable RICO claim.

Signed this 25th day of February 2023.

*D. Swt*

**D.G. SWEIGERT, PRO SE DEFENDANT**

# CERTIFICATE OF SERVICE

Hereby certified that a PDF copy of this letter has been sent via electronic mail to:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

margaret.esquenet@finnegan.com

liz.lockwood@alilockwood.com

Certified under penalties of perjury.

Signed this 25th day of February 2023.

*D. Snt*

**PRO SE DEFENDANT**