IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN<br><br>　　　　Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS** |

　　　　Pro Se plaintiff Jason Goodman ("Goodman") respectfully submits this response in opposition to defendants Bouzy, Bot Sentinel, Miskin, Berlin and Sweigert's motions to dismiss.

**Bouzy and Bot Sentinel**

　　　　Defendants' Bouzy and Bot Sentinel filed a motion to dismiss which relies on the non-legal, purely personal opinion of Judge Valerie Caproni who found Goodman to be a "conspiracy theorist".  Absent any legal definition of "conspiracy theorist" the phrase is nothing more than a disparaging personal insult.  Insults are not the same as legal opinions and have no legal meaning, no force and effect and no place in any U.S. District Court's ruling.  None of Goodman's so-called "conspiracy theories" have been challenged on their merits or even addressed by defendants accused of conspiring.  Defendants' motion to dismiss attempts to deceive the Court by citing sham litigation fomented by David George Sweigert ("Sweigert") in the Eastern District of Michigan ("MIED").  Judge Gershwin Drain's order was dismissed almost

RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS - 1

immediately after being issued. As Goodman asserted in his objection, the judge acted ultra vires when he issued an order attempting to enjoin Goodman's legal, first amendment protected activities. (*See* Sweigert v Goodman Case 2:22-cv-10002-GAD-KGA ECF No. 22 page 1 line 22). Chilling Goodman's first amendment activity is exactly what Goodman alleges defendants have been attempting for the past six years. Repeated efforts to dismiss Goodman's well-founded claims as "conspiracy theory" fail to refute evidence backed claims or provide any countermanding evidence.

      Defendants' motion fundamentally depends on their false assertion that Goodman "volunteered" during a phone call, "that he has been accused online of rape", but the unedited transcript of that phone call contradicts their claim. (ECF No. 108-3 page 10 line 17)

      Defendants rely on a gerrymandered transcript to substantiate their defense. Goodman clearly stated "go try to find somebody who claims I raped them. You will not find that." No less ambiguous statement could be made. Defendants omit this because a reasonable observer who takes that statement as confirmation there was an accusation would have to deliberately disregard the truth or be completely unable to discern truth from falsity.

      Defendants' motion to dismiss also relies on the false conclusion that they sent Goodman pre-motion letters pursuant to Judge Torres' Individual Practices in Civil Cases Rule III.B.ii. The communications in question however do not meet the criteria set forth in Judge Torres' rules and the senders had not filed notices of appearance at the time they were sent, so they did not actually legally represent defendants at that time. Goodman construed the emails to be more extrajudicial harassment along the lines of the multitude of harassing communications defendants have sent through this litigation in a continuous and ongoing manner.

RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS - 2

Defendants further protest the previous complaint on the grounds that it amounts to a "sprawling" list of "greatest hits" of past disputes and somehow exceeds the leave granted. The Court had ordered Goodman to "plead cognizable jurisdictional facts" and put no other limitation on the scope of the amendment. Defendants engaged in a pattern of racketeering activity that has harmed Goodman's business and deprived him of property. That activity was coordinated to serve a common purpose and was executed over the course of years through an association in fact enterprise that they derived financial or other benefits from either directly or indirectly, giving rise to the RICO allegations in the amended complaint.

### Defendant Sweigert

Sweigert's motion to dismiss, spread across defective pre-motion letters and multiple ECF filings, relies on the doctrine of res judicata and fails for this reason. In 2019, the honorable Nelson Román found res judicata did not apply where plaintiffs showed "that Defendants' scheme was astronomically "greater" than and "different" from their previous understanding." Aghaeepour v. N. Leasing Sys., Inc., 378 F. Supp. 3d 254, 269 (S.D.N.Y. 2019). Goodman's understanding of the scope of defendants' scheme now is indeed astronomically greater and different than it was during the previously cited individual cases. Sweigert established and operated an enterprise (the "Enterprise") which is engaged in and affected interstate commerce.

Over the past six years, Goodman has found evidence in the public domain that will prove that defendants are members of a modern American equivalent of the former East German Stassi. Like the Soviet era secret police, but updated with the reach of the internet, defendants and other non-parties monitor political activists, government dissidents and controversial journalists including Goodman. The Stassi used a tactic called Zersetzung which translates to "decomposition" or "disruption" (https://en.wikipedia.org/wiki/Zersetzung). According to

RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS - 3

Wikipedia, Zersetzung was "a psychological warfare technique used by the Ministry for State Security (Stasi) to repress political opponents in East Germany during the 1970s and 1980s. Zersetzung served to combat alleged and actual dissidents through covert means, using secret methods of abusive control and psychological manipulation to prevent anti-government activities. People were commonly targeted on a pre-emptive and preventative basis, to limit or stop politically incorrect activities that they may have gone on to perform, and not on the basis of crimes they had actually committed."  Goodman alleges Sweigert directs his own modern day "Zersutzung" disruption operation, manifest in the courts and through social media by and with the association in fact Enterprise.

**CONCLUSION**

Goodman respectfully moves the Court for leave to file an amended complaint to address the defects identified by defendants and includes the attached, proposed amended complaint.

Signed this 28th day of February 2023

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS - 4