UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Jason Goodman,**<br>**Plaintiff,**<br>**Proposed Pro Se Counter-Defendant**<br><br>-against-<br><br>**D. G. Sweigert,**<br>**Defendant**<br>**Proposed Pro Se Counter-Plaintiff** | PRO SE<br><br>**21-cv-10878-AT-JLC**<br><br>**District Judge Analisa Torres**<br><br>**Magistrate Judge James L. Cott** |

**NOTICE OF DEFENDANT'S <u>AMENDED REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS</u> (ECF no. 140)**

The *pro se* Defendant (Proposed Counter Plaintiff) (undersigned) files these AMENDED papers in REPLY to **ECF no. 140**. These AMENDED papers supersede ECF no. 143. Undersigned disputes that personal jurisdiction can be conferred upon him and opposes such finding of personal jurisdiction by this Court.

March 3, 2023 (3/3/23)

*/s/ D. Sgt*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**....................................................................................................3

**MEMORANDUM OF LAW AND ARGUMENT** ...................................................................5

**LAW AND ARGUMENT**.........................................................................................................5

**TABLE OF AUTHORITIES**

**Cases**

Beck v. Manufacturers Hanover Trust Co., 820 F.2d 46, 49-50 (2d Cir. 1987), cert. denied, 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988)..................................................................7

Canyon Cnty., 519 F.3d at 972............................................................................................5

Center Cadillac v. Bank Leumi Trust Co., 808 F. Supp. 213, 228 (S.D.N.Y. 1992)....................7

Chaney v. Berkshire Hathaway Auto., 2017 WL 6520662, at *5 n.4 (D. Ariz. Sept. 25, 2017)...5

Conti v. Doe, 535 F.Supp.3d 257, 280-81 (S.D.N.Y. 2021)........................................................6

First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir.1994) .........................7

Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022) ............6

Giuliano v. Everything Yogurt, Inc., 819 F. Supp. 240, 244 (E.D.N.Y. 1993) ............................7

Goodman v. Sharp, et. al, 21-cv-10627-VEC (S.D.N.Y.) .................................................8

Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993)..............................................7

Moore v. PaineWebber, Inc., 189 F.3d 165, 172 (2d Cir.1999) ...................................................7

Morin v. Trupin, 711 F. Supp. 97, 111 (S.D.N.Y. 1989)...............................................................7

Nygard v. Bacon, 19 Civ. 1559 (LGS) (S.D.N.Y. Aug. 20, 2021) ...............................................4

Penguin Gr. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010).....................................9

Reves v. Ernst & Young, 507 U.S. 170, 179 (1993) ....................................................................6

Town of West Hartford v. Operation Rescue, 991 F.2d 1039 (2d Cir. 1993) ..............................5

United States v. Barta, 635 F.2d 999, 1005 n. 14 (2d Cir. 1980)..................................................7

Xiotech Corp. v. Express Data Prods. Corp., 11 F. Supp. 3d 225, 239 (N.D.N.Y. 2014).............7

Yien-Koo King v. Wang, No. 14 Civ. 7694, 2020 WL 6875403 ................................................4

**Statutes**

18 U.S. Code § 1343 .................................................................................................................8

18 U.S.C. § 1962(c) ..................................................................................................................6

18 U.S.C. § 1965(b) ..................................................................................................................9

47 U.S.C. § 230 .........................................................................................................................8

47 U.S.C. § 230(c)(1) ................................................................................................................8

F.R.C.P. Rule 12(b)(2) ..............................................................................................................9

**Rules**

F.R.C.P. Rule 12(b)(6) ..............................................................................................................4

F.R.C.P. Rule 9(b) ................................................................................................................4, 6

# AMENDED REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS

## MEMORANDUM OF LAW AND ARGUMENT

**Procedural history.** On 1/17/2023 Plaintiff Goodman filed an Amended Complaint as Dkt. 100 alleging various claims under the Racketeering Influenced and Corrupt Organizations (RICO) Act. On 1/27/2023 Defendant Bouzy filed Dkts. 106, 107, 108, and 109 (collectively Bouzy Motion to Dismiss [MTD]) which prompted ORDER Dkt. 110, 1/30/2023, assigning MTD disposition to the Magistrate Judge. On 1/30/2023, Dkt. 112 a pre-motion letter was filed by the undersigned and characterized as a "motion to dismiss". The Magistrate's ORDER of 2/21/2023 compelled Goodman to answer Dkts. 106 and 112. Goodman filed his papers in opposition as Dkt. 140, 3/1/2023. The initial pleading, REPLY IN OPPOSITION to Goodman's 3/1/2023 Dkt. 140, was filed 3/1/2023 as Dkt. 143. This instant pleading replaces Dkt. 143 as an AMENDED pleading.

## LAW AND ARGUMENT

*Introduction*

1. In sum, as stated in Dkt. 112, Goodman's Amended Complaint (Dkt. 100, [AC]) "fails to state a RICO claim upon which relief should be granted". Goodman's speculative injuries, supposedly caused by a group of independent defendants, who received no monies from such conduct, fails to state a colorable RICO claim.

2. Goodman has alleged that the undersigned (in concert with certain named and unnamed individuals) conspired to derive income from a pattern of racketeering activity.

Goodman asserts that this conduct constitutes wire fraud and a pattern of racketeering activity.

3.      Goodman's AC, Dkt. 100, has failed to state a claim under RICO because the complaint did not (1) allege the predicate racketeering activity, wire fraud, with particularity under F.R.C.P. Rule 9(b), or (2) allege sufficient facts of a pattern of racketeering activity under RICO.  In this Circuit a court may dispose of the RICO claim under Rule 9(b), and not be burdened with deciding whether Goodman alleged sufficient facts of a pattern of racketeering activity.

*Extraneous Allegations*

*4.*      At the outset, in his opposition, Plaintiff introduces additional allegations against the undersigned related to the "East German Stassi" (Dkt. 140, page 3 of 4).  It is well-settled that a plaintiff cannot plop down new allegations outside the Complaint in opposition to a motion to dismiss.  Goodman's new allegations are irrelevant for the purposes of providing opposition to a F.R.C.P. Rule 12(b)(6) MTD as they have no bearing on whether this Court has subject matter or personal jurisdiction over the undersigned.

*Failure to state colorable RICO claim*

5.      Allegations in the AC, Dkt. 100, are mostly conclusory statements that are inherently speculative, see Nygard v. Bacon, 19 Civ. 1559 (LGS) (S.D.N.Y. Aug. 20, 2021), "The FAC does not allege facts demonstrating that the alleged loss of business opportunities resulted in quantifiable and non-speculative harm to Plaintiff. See Wang, 2020 WL 6875403, at *25." And "business opportunities is a cognizable RICO injury if the pecuniary losses from the missed opportunities are quantifiable and non-speculative.  See Yien-Koo King v. Wang, No. 14 Civ. 7694, 2020 WL 6875403."

6. Goodman fails to state a colorable civil RICO claim or establish the Court's jurisdiction over this action. Goodman asserts that a RICO conspiracy between the undersigned, Adam Sharp, the EMMY Awards aka National Academy of Television Arts and Sciences (NATAS), and a variety of other defendants. But he does not plead, as he must, that any of the alleged predicate acts concretely injured his business or property—either proximately or factually, as RICO requires. This defect also fatally deprives him of constitutional standing (and thus this Court of subject matter jurisdiction) because his alleged injuries are not "fairly traceable" to the complained-of conduct.

7. The AC, Dkt. 100, fails to describe how any members of the so-called RICO enterprise received monies for their alleged activities. See Town of West Hartford v. Operation Rescue, 991 F.2d 1039 (2d Cir. 1993), "The ground for dismissal of the RICO claim was that "[w]hile plaintiff has clearly demonstrated that it has suffered economic consequences due to defendants' actions, this is not the type of financial loss that the Second Circuit has construed the RICO statute to require," since defendants' "clearly expressed purpose is to stop the performance of abortions, not to make money." 792 F. Supp. at 168."

8. To have statutory standing, a civil RICO plaintiff must show that his harm "was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation," and that his alleged harm "qualifies as injury to [her] business or property[.]" Canyon Cnty., 519 F.3d at 972 (emphasis added) (citing Holmes v. Sec. Inv. Prot. Corp., 503 U.S. 258, 268 (1992)). This is "an even more rigorous standing requirement than Article III." Chaney v. Berkshire Hathaway Auto., 2017 WL 6520662, at *5 n.4 (D. Ariz. Sept. 25, 2017). Goodman cannot make either of these mandatory showings.

9.      A civil RICO claim requires allegations that not only show an enterprise existed, but also demonstrate that each defendant "conduct[ed] or participate[d], directly or indirectly, in the conduct of" the RICO enterprise's affairs. 18 U.S.C. § 1962(c). "In order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs,' one must have some part in directing those affairs." Reves v. Ernst & Young, 507 U.S. 170, 179 (1993).

*New York's Litigation Privilege Law*

10.     Statements made to social media providers by defendants about copyright infringements or content that violates the relevant Terms of Service are protected under New York State's doctrine of litigation privilege.  Fossil Grp. v. Angel Seller LLC, 20-CV-02441 (HG) (TAM) (E.D.N.Y. Oct. 14, 2022), "Under New York law, statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding. New York courts have long recognized the litigation privilege as a defense to defamation claims. [emphasis added]" Conti v. Doe, 535 F.Supp.3d 257, 280-81 (S.D.N.Y. 2021) (citations and internal quotation marks omitted).

*Heightened pleading standard of F.R.C.P. Rule 9(b)*

11.     As stated in para. 1 (AC, Dkt. 100) "This is an action alleging fraud, defamation, conspiracy to commit fraud, conspiracy to defame, abuse of process, and racketeering…". Goodman's conclusory allegations of RICO fraud fail as they must meet the heightened pleading standard of F.R.C.P. Rule 9(b). See O'Brien v. Natl. Property Analysts, 719 F. Supp. 222 (S.D.N.Y. 1989), finding that a "bare conspiracy allegation" was insufficient under Rule 9(b).

12.     Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff makes his RICO allegations only in conclusory fashion and fails to meet Rule 9(b) standards.  See Moore v. PaineWebber, Inc., 189 F.3d 165, 172 (2d Cir.1999);  First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir.1994).

13.     See "The Second Circuit has explained that, in order to comply with Rule 9(b), "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993) (citation omitted)," Xiotech Corp. v. Express Data Prods. Corp., 11 F. Supp. 3d 225, 239 (N.D.N.Y. 2014).  Goodman has not done this.

14.     Goodman must plead his RICO claims with sufficient particularity under Rule 9(b). "RICO claims based on mail [or] wire fraud must be pled with particularity under Rule 9(b). . . ." Center Cadillac v. Bank Leumi Trust Co., 808 F. Supp. 213, 228 (S.D.N.Y. 1992) (Motley, J.). See also Beck v. Manufacturers Hanover Trust Co., 820 F.2d 46, 49-50 (2d Cir. 1987), cert. denied, 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988), overruled on other grounds, United States v. Indelicato, 865 F.2d 1370 (2d Cir. 1989) (en banc); Morin v. Trupin, 711 F. Supp. 97, 111 (S.D.N.Y. 1989); Giuliano v. Everything Yogurt, Inc., 819 F. Supp. 240, 244 (E.D.N.Y. 1993). Cf. United States v. Barta, 635 F.2d 999, 1005 n. 14 (2d Cir. 1980) (establishing a cause of action for mail fraud requires a showing of "specific intent to defraud"), cert. denied, 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981).

***Res judicata***

15.     The doctrine of res judicata precludes the relitigation of Goodman's claims against Adam Sharp and NATAS, see Goodman v. Sharp, et. al, 21-cv-10627-VEC (S.D.N.Y.), which included claims of "(1) abuse of process in violation of 47 U.S.C. § 230.." (MEMORANDUM AND ORDER, 7/12/2022).  Said MEMORANDUM AND ORDER states, "Plaintiff asserts that the Court has federal question jurisdiction under the Communications Decency Act, 47 U.S.C. § 230(c)(1)," and "Plaintiff even appears to concede that Section 230(c)(1) was improperly invoked, admitting that "47 U.S.C. § 230 . may not have been properly referenced in the initial complaint." Pl. Opp. at 4.  His concession makes sense as Plaintiff has not cited a single case in which Section 230(c)(1) has been used as a basis for an affirmative claim in federal court. Nor could he. A diligent review of case law in this circuit reveals that no prior plaintiff has premised an affirmative claim for relief on Section 230(c)(1). Rather, Section 230 has only been invoked as an affirmative defense. See, e.g., LeadClick Media, LLC, 838 F.3d at 162 (defendants claiming immunity under Section 230(c)(1) against plaintiff's claim of deceptive marketing practices); La Liberte v. Reid, 966 F.3d 79, 83 (2d Cir. 2020) (social media website claiming immunity under Section 230(c)(1) against plaintiff's defamation claim)".

16.     The AC, Dkt. 100, states (page 30 of 127), "This is the essence of their scheme to maliciously sue the unrelated MSD in contradiction to 47 U.S. Code § 230 and violation of 18 U.S. Code § 1343, for the ulterior purpose of forcibly terminating Goodman's popular broadcasts during the 2020 Presidential election because they disagree with him politically." At para. 79 (page 40 of 127) "Defendants Sweigert, Sharp, ATAS, and Esquenet entered into a civil conspiracy when they agreed to create a pretext under which they intended to sue a corporation owned by Goodman for an internet post made by Goodman in his personal capacity

in violation of 47 U.S. Code § 230 and with the express intent of harming Goodman and extorting him into ceasing news broadcasts during the 2020 Presidential election."

*Personal Jurisdiction*

17. Plaintiff has asserted personal jurisdiction over the undersigned primarily based on the RICO statute, which confers nationwide jurisdiction in RICO cases. See 18 U.S.C. § 1965 and AC, Dkt. 100, para. 39, (page 8 of 127) "This Court has personal jurisdiction over Defendants under 18 U.S.C. § 1965(b)" and para. 43 (page 9 of 127) "This Court also has personal jurisdiction over Sweigert under 18 U.S.C. § 1965(b) which allows any District Court to summon parties from another district if the "ends of justice require" it." But, because Plaintiff's RICO claims have failed, personal jurisdiction over the undersigned is, necessarily, lacking, and all claims against him must be dismissed.

18. The AC, Dkt. 100, alleges personal jurisdiction over the undersigned pursuant to 18 U.S. Code § 1513, which does not provide a right to private action. As discussed in the foregoing paragraphs, the AC does not state a colorable RICO claim, therefore jurisdiction pursuant to 18 U.S.C. § 1965(b) fails as well.

19. Considering the undersigned has steadfastly asserted this Court has no personal jurisdiction over him the Court must determine if the AC could survive a F.R.C.P. Rule 12(b)(2) motion to dismiss. To survive a Rule 12(b)(2) motion to dismiss, a plaintiff "bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." Penguin Gr. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010).

20. The undersigned certifies under the penalties of perjury that he has never (1) owned any real or personal property in the State of New York; (2) solicited business, advertised or marketed any goods or services in the State of New York; (3) maintained offices or leased any

real or personal property in the State of New York; or (4) held bank accounts, phone numbers, facsimile numbers, or corporate records in the State of New York.

March 3, 2023 (3/3/23)

*D. Swt*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

## **CERTIFICATE OF SERVICE**

**It is hereby certified under the penalties of perjury that a true copy PDF file has been sent via e-mail message to the following:**

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

And

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

margaret.esquenet@finnegan.com

liz.lockwood@alilockwood.com

Certified under penalties of perjury.

March 3, 2023 (3/3/23)

*D. Sgt*

                 **D. G. SWEIGERT PRO SE DEFENDANT, C/O**
                 **PMB 13339, 514 Americas Way,**
                 **Box Elder, SD 57719**