**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

JASON GOODMAN,

               Plaintiff,

       v.

CHRISTOPHER ELLIS BOUZY, et al.,

               Defendants.

Case No. 1:21-cv-10878-AT-JLC

**DEFENDANTS BENJAMIN WITTES' AND NINA JANKOWICZ'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR LEAVE TO FILE A
SECOND AND/OR THIRD AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15 and the Court's inherent authority, Defendants Benjamin Wittes ("Wittes") and Nina Jankowicz ("Jankowicz" and with Wittes, "Movants") submit this Memorandum of Law in Opposition to Plaintiff's Motions for Leave to File a Second and/or Third Amended Complaint.

## INTRODUCTION

Plaintiff Jason Goodman ("Plaintiff" or "Goodman") has now filed, or sought to file, four different versions of his complaint. Each successive version, however, has done nothing to remedy the fundamental flaws underlying Plaintiff's claims against Movants. As set forth in Movants' Motion to Dismiss the Amended Complaint with Prejudice, Dkt. 154, Plaintiff's allegations are the product of a vast conspiracy theory detached from reality and fail to allege any legally cognizable theory of recovery. The proposed Second and Third Amended Complaints double down on the substantive deficiencies of previous iterations of the complaint, making clear that the problem with Goodman's causes of action is not "inartful plead[ing];" to the contrary, the problem is "substantive [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because further amendment would be futile, the Court should deny Plaintiff's motions for leave to amend and dismiss the claims against Movants with prejudice.

## BACKGROUND

In December 2021, Goodman filed a *pro se* complaint against Christopher Bouzy and Bot Sentinel, as well as George Webb Sweigert, alleging a single claim for defamation. *See* Dkt. 1, Complaint for Conspiracy to Defame. After that complaint was dismissed for lack of personal jurisdiction, Goodman filed an Amended Complaint on January 17, 2023. *See* Dkt. 100, Amended Complaint. The Amended Complaint added eight additional defendants (including Wittes and Jankowicz) and three additional claims (fraud, abuse of process and civil conspiracy). *Id.* ¶¶ 16,

18-24, 52-61, 74-92. Seeking to take advantage of RICO's provision for nationwide jurisdiction, the Amended Complaint also alleged—for the first time—a sprawling racketeering conspiracy supposedly composed of the eleven defendants and numerous non-parties with no plausible common structure or purpose, and no alleged motive other than to harass and defame Plaintiff. *Id.* ¶¶ 1-11, 14-35.

Faced with a motion to dismiss filed by Bouzy and Bot Sentinel and additional dispositive motions due to be filed soon, Plaintiff moved for leave to file a Second Amended Complaint on February 21, 2023. *See* Dkt. 137, Notice of Motion Seeking Leave to File Second Amended Complaint. While the proposed Second Amended Complaint adds ten additional pages to Plaintiff's pleading, it is largely composed of legal argument and contains few new factual allegations. *See id.*

One week later, Plaintiff moved for leave to file a fourth version of his complaint. *See* Dkt. 142, Notice of Motion Seeking Leave to File an Amended Complaint. The proposed Third Amended Complaint adds three new claims pursuant to Sections 1962(b), (c), and (d) of the RICO statute and drops the claim for fraud; it also adds a new defendant, a clerk at the U.S. District Court for the Eastern District of Michigan who had previously been denominated a "non-party." *See* Dkt 142-1, Proposed Third Amended Complaint, ¶¶ 31, 51-110. The newest version of Plaintiff's pleading also adds a new "Preliminary Statement" purporting to describe the origins of Sweigert's "Cyber Militia," a "vigilante internet 'hit squad' that [Sweigert] has set upon Goodman." *Id.* at pp. 1-5. Alongside these additions, the proposed Third Amended Complaint deletes much of the lengthy "Factual Background" from the previous iterations of the Complaint, including the sections entitled "The Suspicious Death of Peter W. Smith," "Years Long Lawfare Assault against Goodman," and "Nina Jankowicz and the DHS Disinformation Governance Board." *See id.*

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure allows plaintiffs to amend their complaints once "as a matter of course." Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). While courts "should freely give leave [to amend] when justice so requires," *id.*, courts can (and should) deny leave "[w]here it appears that granting leave to amend is unlikely to be productive." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing, *inter alia*, *Foman v. Davis,* 371 U.S. 178, 182 (1962)).[1] This includes where "[a] proposed amendment to a pleading is deemed to be futile"—*i.e.* where "the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (S.D.N.Y. 2006).

"[P]articularly in the case of pleading a claim under a statute such as RICO, which sets forth exacting pleading requirements, leave to replead can be denied where granting it would be futile." *Commc'n Opportunity, Inc. v. Davis*, No. 97 Civ. 3604, 1998 WL 240527, at *3 (E.D.N.Y. Apr. 28, 1998). "Because the mere assertion of a RICO claim [] has an almost inevitable stigmatizing effect on those named as defendants, courts should be "wary" of granting to leave to amend in meritless RICO cases and, instead, "should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Kirkt*, 423 F. Supp. 2d at 149-50.

Here, the RICO and other claims in the proposed Second and Third Amended Complaints are patently frivolous. Leave to amend should be denied for four reasons:

*First*, leave to file the Second Amended Complaint would be futile because it adds no new non-conclusory factual allegations that could cure Plaintiff's failure to state a claim under RICO

---

[1] Internal quotations and citations omitted unless otherwise noted.

or for fraud, defamation, abuse of process, or civil conspiracy. Instead, the additions to the Second Amended Complaint are largely composed of legal argument. For example, the Second Amended Complaint discusses the elements of wire fraud, including conceding that predicate acts sounding in fraud must be pled with particularity, but fails to include any additional factual detail that could actually satisfy Rule 9. *See* Dkt. 132 at pp. 18-19. Similarly, although it discusses that RICO requires a "pattern" of racketeering activity, the Second Amended Complaint adds no new allegations of supposed conduct by Wittes or Jankowicz that would constitute RICO predicate acts, let alone predicate acts that constitute a pattern of racketeering activity. *See id.* at pp. 21-22.

*Second*, the proposed Third Amended Complaint also fails to cure Plaintiff's pleading deficiencies. Indeed, if anything, with the deletion of the majority of the "Factual Background" from the complaint, there are now even *fewer* factual allegations than previous iterations of the complaint from which to piece together Plaintiff's convoluted theories of a RICO enterprise, a pattern of racketeering activity, and RICO injury and causation. Plaintiff's addition of a claim under 18 U.S.C. § 1962(b), just like his § 1962(c) claim, fails to state a claim. The enterprise in subsection (b) of the RICO statute is "not intended to be the vehicle through which a pattern of racketeering is undertaken, but a separate, legitimate entity purchased through moneys raised through racketeering. Therefore, Plaintiffs must allege a use or investment injury that is distinct from any injury resulting from the racketeering predicate acts themselves." *USA Certified Merchants, LLC v. Koebel*, 262 F. Supp. 2d 319, 330–31 (S.D.N.Y. 2003). Here, however, there are no allegations that Movants—or any of the other defendants—acquired an interest in a legitimate company other than the alleged "Cyber Militia," which is the organization through which defendants are alleged to have conducted their racketeering activity. *See* Dkt 142-1, ¶¶ 3-4, 59 & pp. 18-19. The addition of another supposed predicate act—that Sweigert, Jankowicz and

Wittes "violated 18 U.S. Code §§ 1343, 1503, and 1513" when they "made false statements to law enforcement" that "Goodman threatened Jankowicz" in order to "wrongfully obtain an order of protection against Goodman," *id.* ¶ 55(j)—is likewise without merit. The allegations fail to satisfy Rule 9(b)'s heightened pleading requirements and, even if they did, "allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018).

*Third*, because Plaintiff has now had multiple opportunities to amend his complaint and the substantive defects persist, judicial economy demands that leave to amend be denied. Not only does their characterization as defendants in a racketeering conspiracy, however absurd, have a stigmatizing effect on Wittes and Jankowicz, but the continued—and erratic—prosecution of this patently frivolous case also exacts a significant financial and emotional toll on them. Leave to amend would force yet another round briefing, causing both the parties and the Court a further unnecessary expenditure of time and resources. *See Schaghticoke Tribe of Indians v. Kent Sch. Corp.*, 423 F. Supp. 780, 783 (D. Conn. 1976) ("Judicial economy and the interests of justice require that if there exists no set of facts under the amendments which would constitute a valid and sufficient defense to plaintiffs' claims, leave to amend should be denied."); *see also Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 452–53 (S.D.N.Y. 2007) ("Plaintiffs already have had two opportunities to plead a proper RICO claim. As they have pointed to no new allegations that would permit them to do so on a third attempt, the Court concludes that leave to amend would be futile."). At some point, enough is enough, and this litigation has reached that moment.

*Finally*, to the extent the Court is reluctant to deny leave to amend for any reason, Plaintiffs submit that it may instead grant leave to amend and then dismiss the Second and Third Amended Complaints with prejudice *sua sponte*. "A district court has the inherent power to dismiss a

case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. *Raghavendra v. Fenn*, No. 16CV4118JMASIL, 2019 WL 4963257, at *3 (E.D.N.Y. Oct. 7, 2019). "Courts within the Second Circuit have not hesitated to dismiss *sua sponte* claims brought by fee-paying *pro se* plaintiffs when it is clear such claims presen[t] no arguably meritorious issue for [the courts'] consideration." *Id.* "An action is deemed frivolous as a matter of law when, *inter alia*, it lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.* Here, Plaintiff's claims against Movants are legally frivolous for the reasons stated herein as well as in Movants' Motion to Dismiss the Amended Complaint with Prejudice. *Sua sponte* dismissal is therefore appropriate. *See Price v. Rampersad*, No. 22-CV-03131-DG-SJB, 2023 WL 2184867, at *1, 3 (E.D.N.Y. Jan. 3, 2023) (Report & Recommendation) (granting *pro se* plaintiff's two separate motions to amend but recommending that the complaint be dismissed with prejudice because it "fails to allege any predicate racketeering activity, a pattern of such activity, or the existence of a distinct RICO enterprise").

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court deny Plaintiff's Motions for Leave to File a Second and/or Third Complaint; or, in the alternative, grant leave to amend and *sua sponte* dismiss the Second and Third Amended Complaints with prejudice.

Dated: March 7, 2023

Respectfully submitted,

*/s/ Elizabeth C. Lockwood*
Elizabeth C. Lockwood
ALI & LOCKWOOD LLP
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001

(202) 651-2477
liz.lockwood@alilockwood.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March 2023, I caused true and correct copies of the

foregoing Memorandum in Opposition to Plaintiff's Motions for Leave to File a Second and/or

Third Amended Complaint to be served electronically via ECF on the following:

Seth D. Berlin
Ballard Spahr LLP (DC)
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1122
berlins@ballardspahr.com

Maxwell Mishkin
Ballard Spahr LLP (DC)
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1140
mishkinm@ballardspahr.com

I additionally certify that on the 7th day of March, 2023, I caused true and correct copies

of the foregoing Memorandum to be served via email and U.S. Mail First Class on the following:

Mr. Jason Goodman
252 7th Ave., Apt. 6S
New York, NY 10001
truth@crowdsourcethetruth.org
*Plaintiff*

Mr. George Webb Sweigert
209 St. Simons Cove
Peachtree City, GA 30269
Georg.webb@gmail.com
*Defendant*

Mr. David George Sweigert
Mailbox, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org
*Defendant*

Ms. Margaret Esquenet
Finnegan, Henderson, Farabow, Garrett
& Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
margaret.esquenet@finnegan.com
*Defendant*

Mr. Adam Sharp
c/o Margaret Esquenet
901 New York Avenue, NW
Washington, DC 20001-4413
margaret.esquenet@finnegan.com
*Defendant*

National Academy of Television Arts and
Sciences, Inc.
c/o Margaret Esquenet
901 New York Avenue, NW
Washington, DC 20001-4413
margaret.esquenet@finnegan.com
*Defendant*

By: */s/ Elizabeth Lockwood*