IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN<br><br>Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**MOTION TO QUASH SUBPOENA AND TO ISSUE A PROTECTIVE ORDER** |

Jason Goodman ("Goodman"), by and for himself pro se, moves this honorable Court for an order quashing the subpoena sought by David George Sweigert ("Sweigert") and a protective order specifically preventing Sweigert from harassing litigants and witnesses in this case.  Sweigert's subpoena (Case 1:21-cv-10878-AT-JLC Document 166) does not seek information relevant to the adjudication of this instant action but is merely a continuation of the persistent harassment and cyberstalking of Goodman that Sweigert has engaged in for the past six years.

### PRELIMINARY STATEMENT

Swegiert has already informed Goodman, the other litigants, and the non-party recipient of the subpoena, that he intends to provide whatever he finds to the Internal Revenue Service ("IRS") and encourage an investigation into Goodman.  **(EXHIBIT A)**

MOTION TO QUASH SUBPOENA AND TO ISSUE A PROTECTIVE ORDER - 1

Earlier today, noted journalist Matt Taibbi published a story indicating he received an intimidating and possibly illegal visit from an IRS agent which is now being investigated by Congress. (https://judiciary.house.gov/media/press-releases/chairman-jordan-raises-alarm-potential-irs-weaponization-against-american).

**Sweigert's Subpoena of Patreon Should be Quashed**

Federal Rule of Civil Procedure 45(d) provides that the party responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). In response to a timely motion, a court must quash or modify any subpoena that:

(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  *See* Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv).

Goodman seeks to quash this subpoena on the grounds that (1) Sweigert does not have "good cause" to subpoena Patreon for Goodman's financial information and, alternatively, (2) the information sought subjects Goodman to an undue burden because Patreon is the authorized custodian of certain private information owned by Goodman and Sweigert has already admitted he intends to use it for a malicious purpose.  Sweigert admits he will not use the information to establish facts in his own defense in this matter, but to burden Goodman with an unfounded and costly investigation.

A.   **Good Cause**

Sweigert cannot demonstrate good cause for seeking a subpoena directing

MOTION TO QUASH SUBPOENA AND TO ISSUE A PROTECTIVE ORDER - 2

Patreon to disclose facts and details about Goodman;s earnings or other personal financial information.  Moreover, Sweigert has already demonstrated a years long pattern of stalking, cyberstalking, harassing and intimidating Goodman.  Now, he openly admits he intends to further harass Goodman by attempting to encourage an IRS investigation into Goodman with no good cause for any such investigation.  In deciding whether such a subpoena should be quashed, courts in this Circuit generally consider the following five factors:

(1) A concrete showing of a prima facie claim of actionable harm; (2) [the] specificity of the request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy.

Sweigert has not specified any financial activity by Goodman related to Patreon that has caused him actionable harm.  In fact, Sweigert has repeatedly failed to demonstrate that Goodman has acted in any way that is actionable relative to Sweigert.  Sweigert v Goodman Case 1:18-cv-08653-VEC-SDA was dismissed with prejudice on March 1, 2022.  Sweigert v Goodman (Case 1:22-cv-02788-LGS-BCM) was voluntarily dismissed on July 19, 2022.  Sweigert v Multimedia System Design, Inc. was voluntarily withdrawn upon the appearance of counsel on August 2, 2022. (*See* Case 2:22-cv-10642-GAD-EAS ECF No. 64)

Every attempt Sweigert has made to intervene, including his attempt in this instant action, has been denied because Sweigert is not a legitimate litigant with legitimate claims.  He is a serial harasser and vexatious abuser of the law and the U.S. District Court System who has made numerous public declarations and demonstrations against his own

MOTION TO QUASH SUBPOENA AND TO ISSUE A PROTECTIVE ORDER - 3

interest that are likely to cause a reasonable observer to conclude that he is mentally ill and a threat to Goodman's safety.

        Sweigert's request is not sufficiently specific. He states his desire for Goodman's financial records but does not specify why they are needed or why an IRS investigation would be warranted. While it is true, Sweigert does not have a reasonable alternate means to obtain the information, he also has no right to access it and has not stated a central need for the subpoenaed information to advance any particular claim. The subpoenaed party has been granted the authority to be custodian of certain personal information related to Goodman, and in this case, Goodman's expectation of privacy exceeds Sweigert's stated need for this information.

        **B.**    **Undue Burden**

        When seeking to quash the subpoena on undue burden grounds, "[a] party usually does not have standing to object to a subpoena directed to a non-party," Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975), unless there is "a claim of privilege," id., or the party shows "a sufficient privacy interest in the confidentiality of [the] records," Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan, 134 F. Supp. 2d 528, 535 (S.D.N.Y. 2001) (internal quotation marks omitted). Sweigert's subpoena of Patreon subjects Goodman to undue burden because it seeks personal records that Goodman has a sufficient privacy interest in protecting.

        **C.**    **Protective Order**

        The Court should grant a protective order preventing Sweigert from contacting witnesses or other litigants in this case unless he has good cause to do so. On March 24,

MOTION TO QUASH SUBPOENA AND TO ISSUE A PROTECTIVE ORDER - 4

2023, Sweigert sent an email to Richard Loury ("Loury") and litigants in this action.

**(EXHIBIT B)**

The email was directed at Loury, non-party recipient of a subpoena from Goodman (*See* Case 1:21-cv-10878-AT-JLC Document 165) and stated in relevant part, "This concerns the subpoena you have received. Whatever documents you are considering sending to Jason Goodman you are commanded to send the exact same copies of such documents to this e-mail address as well."

The outrageous and inappropriate nature of this communication cannot be overstated. Goodman has accused Sweigert of conspiring with Loury to file a forged document (*See* Sweigert v Cable News Network Case 2:20-cv-12933-GAD-KGA ECF No. 12) in the U.S. District Court for the Eastern District of Michigan ("MIED"). The pro se electronic filing receipt for the allegedly forged document is the subject of Goodman's subpoena to Loury. Sweigert's aggressive efforts to interfere with Goodman's ability to access evidence that would prove or disprove his allegation should serve as additional evidence of Sweigert's guilt. Irrespective of any conclusions formed based on Sweigert's actions, it cannot be denied that Sweigert has no authority to command non-parties, witnesses, or litigants in this matter to do anything. Sweigert subverts the authority of this honorable Court by attempting to exert his own authority over parties and non-parties to this matter and a protective order should be issued to prevent him from continuing this pattern.

## CONCLUSION

For the reasons stated herein, a protective order should be issued immediately, the subpoena should be quashed and Sweigert should be denied access to Goodman's

MOTION TO QUASH SUBPOENA AND TO ISSUE A PROTECTIVE ORDER - 5

personal financial information in addition to any other relief as the Court may find.

Signed this 28rd day of March 2023

Respectfully submitted,

Jason Goodman, Plaintiff, Pro Se<br>
252 7th Avenue Apt 6s<br>
New York, NY 10001<br>
(323) 744-7594<br>
truth@crowdsourcethetruth.org

MOTION TO QUASH SUBPOENA AND TO ISSUE A PROTECTIVE ORDER - 6

**(EXHIBIT A)**

**From:** Spoliation Notice spoliation-notice@mailbox.org
**Subject:** Re: Goodman v. Bouzy, et al. Case No. 21-cv-10878-AT-JLC
**Date:** March 28, 2023 at 7:16 AM
**To:** Trina Alcalan talcalan@patreon.com, colin@patreon.com, legal@patreon.com, copyright@patreon.com, truth@crowdsourcethetruth.org, jason@21stcentury3d.com, Liz Lockwood liz.lockwood@alilockwood.com, Berlins berlins@ballardspahr.com, mishkinm@ballardspahr.com, margaret.esquenet@finnegan.com, georg.webb@gmail.com, Spoliation Notice spoliation-notice@mailbox.org, spoliation@posteo.net
**Cc:** Ty Layton ty@patreon.com

To: Patreon

The copy of the previous subpoena was mistakenly signed by the Clerk of the Court and sent to the Patreon subscriber:

Jason Goodman dba CrowdSource The Truth dba 21st Century 3D

A new fresh subpoena will be sent to the Clerk for a correct signature and to be forwarded to the undersigned. You will then be served with a copy.

As a courtesy to your office copies of these communications will be provided to the Internal Revenue Service in the event that Patreon is not adequately paying New York State taxes for Mr. Goodman.

It may be prudent to begin working on an audit readiness file in anticipation of IRS Civil Investigative Demands.

Best,

> On 03/27/2023 10:06 AM PDT Trina Alcalan <talcalan@patreon.com> wrote:
>
> Hello –
>
> This is Trina from the Patreon legal department. Thank you for providing a courtesy copy of your subpoena in the above related matter. Please note that Patreon cannot respond to your request without formal service of process on our designated agent. For the most up-to-date information on our designated agent in your jurisdiction, please refer to your secretary of state's business registration database.
>
> Best regards,
> Trina Alcalan
>
> Trina Alcalan
> Senior Paralegal | Legal Operations Manager
> talcalan@patreon.com

**(EXHIBIT B)**

**David George Acton Sweigert** — 8:09 PM
Re: Filed with the court
To: Jason Goodman, Richard_loury,  Cc: Maxwell S. Mishkin, Seth D. Berlin, Liz Lockwood & 4 more   Details

To: Richard Loury

This concerns the subpoena you have received.

Whatever documents you are considering sending to Jason Goodman you are commanded to send the exact same copies of such documents to this e-mail address as well.

Best,



# OFFICE OF DISCIPLINARY COUNSEL

February 27, 2023

*Hamilton P. Fox, III*
Disciplinary Counsel

*Julia L. Porter*
Deputy Disciplinary Counsel

*Senior Assistant Disciplinary Counsel*
Theodore P. Metzler
Becky Neal

*Assistant Disciplinary Counsel*
Caroll G. Donayre
Jerri U. Dunston
Dru M. Foster
Jason R. Horrell
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Joseph C. Perry
Melissa J. Rolffot
William R. Ross
Traci M. Tait
Cynthia G. Wright

*Senior Staff Attorney*
Lawrence K. Bloom

*Staff Attorney*
Arquimides R. Leon
Amanda Ureña
Angela M. Walker

*Manager, Forensic Investigations*
Charles M. Anderson

*Investigative Attorney*
Azadeh Matinpour

**CONFIDENTIAL**
D. Geo. Sweigert
Sent *via* email only: spoliation-notice@mailbox.org

Re:  Esquenet/Sweigert
     Undocketed No. 2023-U051

Dear Mr. Sweigert:

    We reviewed the disciplinary complaint you filed against Margaret A. Esquenet, Esquire, one of the defendants in *Goodman v. Bouzy, et al.*, Case No. 1:21-cv-10878, filed in the U.S. District Court for the Southern District of New York. You are the *pro se* plaintiff in that case and the CEO of Multimedia System Designs, Inc. ("MSD"). You state Ms. Esquenet represented MSD's opposing party in an earlier civil dispute.

    You attached what appears to be a version of the amended complaint filed January 17, 2023, alleging that Ms. Esquenet engaged in misconduct, including that she participated "in a scheme to commit fraud on the Court . . . by initiating fraudulent litigation for an improper purpose . . . ."

    Because your complaint involves Ms. Esquenet's conduct in a pending civil lawsuit, you may raise your concerns with the court, which is in a better position to consider your allegations at this time. We will not interfere with the judicial process. Accordingly, we decline to open a formal investigation at this time. If a court or other tribunal finds Ms. Esquenet behaved improperly or engaged in misconduct, you may submit the court's decision for our consideration. We will then assess the matter to determine whether it should be docketed, which, under the rules that govern this office, means a complaint: (1) is not unfounded on its face; (2) contains allegations, which, if true, would constitute a violation of the Attorney's Oath of Office or the Rules of Professional Conduct that would merit discipline; and (3) concerns an attorney admitted to practice law in the District of Columbia.

    Thank you for bringing your concerns to our attention.

Sincerely,

Angela Walker
Staff Attorney

AW:BN:mto

*Serving the District of Columbia Court of Appeals and its Board on Professional Responsibility*

515 5th Street NW, Building A, Room 117, Washington, DC 20001 • 202-638-1501, FAX 202-638-0862