**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

JASON GOODMAN,

               Plaintiff,

      v.

CHRISTOPHER ELLIS BOUZY, et al.,

               Defendants.

Case No. 1:21-cv-10878

**DEFENDANTS BENJAMIN WITTES' AND NINA JANKOWICZ'S MEMORANDUM
OF LAW IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF
<u>UNDER FEDERAL RULE OF CIVIL PROCEDURE 11</u>**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND ...................................................................................................................1

ARGUMENT........................................................................................................................2

    I.      SANCTIONS ARE APPROPRIATE UNDER RULE 11 AND THIS COURT'S INHERENT AUTHORITY ..................................................................2

    II.    SANCTIONS SHOULD INCLUDE BOTH A FILING INJUNCTION AND FEES AND COSTS. ........................................................................5

        A.  A Broad Filing Injunction Is Appropriate...............................................5

        B.  The Court Should Also Award The Fees And Costs Associated With Movants' Rule 12(b) Motion To Dismiss And This Sanctions Motion.................................................................................................11

CONCLUSION...................................................................................................................13

# TABLE OF AUTHORITIES

**Cases:**

*Baasch v. Reyer*, 827 F. Supp. 940 (E.D.N.Y. 1993) .................................................................. 11

*Carman v. Treat*, 7 F.3d 1379 (8th Cir. 1993) ........................................................................... 12

*Dean v. ARA Envtl. Servs., Inc.*, 124 F.R.D. 224 (N.D. Ga. 1988) ...................................... 4, 6, 12

*Durant v. Traditional Invs., Ltd.*, 135 F.R.D. 42 (S.D.N.Y. 1991) .......................................... 4, 11

*Farguson v. MBank Houston, N.A.*, 808 F.2d 358 (5th Cir. 1986) ............................................... 9

*Four Star Fin. Servs., LLC v. Commonwealth Mgmt. Assocs.*,
166 F. Supp. 2d 805 (S.D.N.Y. 2001) ........................................................................................ 5

*Hackney v. Lehrer McGovern Bovis of Pa.*,
No. 97-cv-1015, 1997 WL 214846 (E.D. Pa. Apr. 25, 1997) ................................................. 10

*Hong Mai Sa v. Doe*, 406 F.3d 155 (2d Cir. 2005) ...................................................................... 6

*In re Hartford Textile Corp.*, 681 F.2d 895 (2d Cir. 1982) ................................................. 5, 7, 8

*In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984) ....................................... 4, 5, 6, 7, 8, 9, 10

*In re Sassower*, 20 F.3d 42 (2d Cir. 1994) .................................................................................. 4

*Kane v. City of New York*, 468 F. Supp. 586 (S.D.N.Y. 1979) ...................................................... 6

*Lysiak v. Comm'r*, 816 F.2d 311 (7th Cir.1987) ......................................................................... 6

*Malley v. New York City Bd. of Educ.*, 207 F. Supp. 2d 256 (S.D.N.Y. 2002) ............................. 4

*Manwani v. Brunelle*, 99 F.3d 400 (2d Cir. 1995) ..................................................................... 11

*Nat'l Academy of Television Arts and Sciences, Inc. v. Multimedia System Design, Inc.*,
No. 20-cv-7269, 2022 WL 524737 (S.D.N.Y. Feb. 22, 2022) .................................................. 7

*Olympicorp Intern., LLC v. Farm Rich Foods, LLC*,
No. 13-cv-4094, 2013 WL 6194238 (E.D.N.Y. Nov. 25, 2013) ............................................... 8

*Pandozy v. Segan*, 518 F. Supp. 2d 550 (S.D.N.Y. 2007) ............................................................ 6

*Pfeifer v. Valukas*, 117 F.R.D. 420 (N.D. Ill. 1987) .................................................................... 4

*Polur v. Raffe*, 912 F.2d 52 (2d Cir. 1990) .................................................................................. 5

*Ruderer v. United States*, 462 F.2d 897 (8th Cir. 1972) .................................................................. 6

*Schwartz v. Nordstrom, Inc.*,
   No. 94-cv-1005, 1994 WL 584676 (S.D.N.Y. Oct. 25, 1994) .......................................... 10, 11

*Shuffman v. Hartford Textile Corp.*, 459 U.S. 1206 (1983) ............................................................ 5

*Sweigert v. Goodman*, No. 18-cv-8653, 2019 WL 11662227 (S.D.N.Y. Aug. 20, 2019) ............. 7

*Sweigert v. Goodman*, No. 18-cv-8653, 2020 WL 8918877 (S.D.N.Y. Aug. 19, 2020) ............... 7

*Sweigert v. Goodman*, No. 18-cv-8653, 2022 WL 168080 (S.D.N.Y. Jan. 19, 2022) .................. 7

*Sweigert v. Goodman*, No. 18-cv-8653, 2022 WL 562561 (S.D.N.Y. Feb. 24, 2022) ................. 7

*Taiyo Corp. v. Sheraton Savannah Corp.*, 49 F.3d 1514 (11th Cir. 1995) .................................. 12

*Tobias v. Two Records of Lien*,
   No. 6:01-cv-579, 2001 WL 1871161 (M.D. Fla. Nov. 13, 2001) ................................................ 6

*Urban v. United Nations*, 768 F.2d 1497 (D.C. Cir. 1985) .......................................................... 10

*Vasile v. Dean Witter Reynolds Inc.,* 20 F. Supp. 2d 465 (E.D.N.Y.1998) ................................... 4

**Statutes:**

28 U.S.C. § 1651(a) ........................................................................................................................ 5

**Rules:**

Fed. R. Civ. P. 11 ................................................................................................................... *passim*

## INTRODUCTION

Defendants Benjamin Wittes and Nina Jankowicz (together, "Movants") submit this Memorandum of Law in support of their motion for sanctions, pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent power, against *pro se* Plaintiff Jason Goodman ("Plaintiff" or "Goodman") for refusing to dismiss Movants from this action and for continuing to pursue his frivolous claims against them.

Mr. Goodman is a serial *pro se* plaintiff who has a robust and well-documented history of filing baseless, vexatious, harassing, and duplicative lawsuits. In one such recent suit, he asserts a frivolous federal racketeering claim and additional (also frivolous) state law claims for fraud and conspiracy against Movants. Plaintiff's claims are baseless on their face, and this latest lawsuit is just the most recent example of Mr. Goodman's abuse of the legal system as a tool to intimidate and burden actors and speech he apparently dislikes. Because this is precisely what Rule 11 is designed to guard against, sanctions are both appropriate and necessary. Pursuant to Rule 11(c), Movants thus seek an order: (a) enjoining Plaintiff from filing in this District any additional documents on the docket for this case that relate to Mr. Wittes or Ms. Jankowicz; (b) enjoining Plaintiff from filing in any federal district court any action against Mr. Wittes or Ms. Jankowicz related to the subject matter of this case; (c) enjoining Plaintiff from filing any new *pro se* action against Mr. Wittes or Ms. Jankowicz in any federal district court without first obtaining leave of that court; and (d) ordering that Plaintiff pay the fees and costs Mr. Wittes and Ms. Jankowicz incurred in defending against this action and litigating this sanctions motion.

## BACKGROUND

A full recitation of the facts underlying Plaintiff's frivolous claims against Movants in this action is contained in the Memorandum of Law in Support of Movants' Motion to Dismiss. *See* Defs. Mem. in Support of Motion to Dismiss, Dkt. 154.

In compliance with the safe harbor provision of Fed. R. Civ. P. 11(c)(2), Movants sent Plaintiff a copy of their Rule 11 motion on March 8, 2023, asking Plaintiff to withdraw his Amended Complaint and voluntarily dismiss his claims against Movants, affording Plaintiff more than 21 days to do so before filing this motion for Rule 11 sanctions with the Court.[1]

## ARGUMENT

## I.   SANCTIONS ARE APPROPRIATE UNDER RULE 11 AND THIS COURT'S INHERENT AUTHORITY.

All parties, including those proceeding *pro se*, are bound by Rule 11. *See* Fed. R. Civ. P. 11 advisory committee notes (1993) ("The rule retains the principle that attorneys and pro se litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule 11."). A *pro se* litigant's signature on a pleading certifies that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b)(l)-(3). Mr. Goodman's claims against Movants violate all three provisions.

**Rule 11(b)(1).** This lawsuit is the latest iteration of a longstanding campaign of harassment that Plaintiff has waged against both Ms. Jankowicz and Mr. Wittes. For example, Plaintiff has made more than 80 video livestreams and other public posts on Twitter, YouTube, and other social media platforms that disparagingly reference Ms. Jankowicz, including a lengthy video titled "Disinfo Diva or Dangerous Double Agent: Who is Nina Jankowicz?" Ex. 1, Declaration of Nina

---

[1] Undersigned counsel served Mr. Goodman with a copy of this Motion by e-mail and by First Class Mail on March 8, with delivery of the paper copy confirmed on March 10.

Jankowicz ¶¶ 4-5 (Mar. 2, 2023). In addition to pushing a variety of baseless conspiracy theories, this video highlights an archived website written by a third-party that promoted antisemitic conspiracies about Ms. Jankowicz and published her home address. *Id.* ¶ 4. Other video broadcasts and posts include details of Ms. Jankowicz's professional and personal life, including a cached version of her wedding registry (which at that time was no longer publicly available), details of her family and family history, and attempts to publicly identify her husband. *Id.* ¶ 5. Mr. Goodman's public videos and statements have also targeted Ms. Jankowicz's infant, including publicly questioning whether the child exists, and asking to see the child to confirm that he does. *Id*. As a result of this harassment and Ms. Jankowicz's significant concerns about Mr. Goodman targeting her and her family, Ms. Jankowicz sought and in February 2023 received a protective order from the Arlington General District Court in Arlington, Virginia, which provides that Mr. Goodman is prohibited from having "contact of any kind with [Ms. Jankowicz] directly, indirectly, by 3rd [sic] persons or by any means whatsoever." *Id.* ¶¶ 6-7 & Attach. B. The Protective Order further ordered that Mr. Goodman must remain at least 100 feet away from Ms. Jankowicz's residence at all times, prohibited Mr. Goodman "from posting any social media" regarding Ms. Jankowicz, and required Mr. Goodman to "surrender, sell, or transfer any firearm" possessed by him. *See id.*

Plaintiff has likewise been engaged in a sustained campaign of harassment of Mr. Wittes. This includes repeatedly publicly accusing Mr. Wittes, in multiple forums, of participating in an alleged conspiracy to cover up the supposed murder of Peter W. Smith, a political operative who died by suicide in May 2017. Ex. 2, Declaration of Benjamin Wittes ¶¶ 3-6 (Mar. 4, 2023). In addition to making these patently false and disparaging allegations, Plaintiff has telephoned Mr. Wittes and his wife and threatened to appear at one of Mr. Wittes' public speaking engagements,

which caused event organizers to change the event venue and hire security. *Id.* ¶¶ 6-7.

**Rule 11(b)(2)-(3).** That Plaintiff lacks any legal basis or evidentiary support for his claims—each of which is frivolous and fails as a matter of law for the myriad reasons discussed in Movants' motion to dismiss, *see* Dkt. 154—underscores that Plaintiff's assertion of claims against Mr. Wittes and Ms. Jankowicz was done for an improper purpose. And while a *pro se* litigant's pleadings are entitled to liberal construction, "[p]ro se status does not confer the right to make frivolous motions and claims." *Malley v. New York City Bd. of Educ.*, 207 F. Supp. 2d 256, 259 (S.D.N.Y. 2002) (internal quotation and citation omitted).

On the contrary, courts in this Circuit and elsewhere have not hesitated to impose Rule 11 sanctions on *pro se* litigants for initiating frivolous and vexatious lawsuits like this one. *See, e.g.*, *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (affirming imposition of pre-litigation injunction against *pro se* plaintiff as necessary and appropriate "to protect and preserve the sound and orderly administration of justice"); *Malley*, 207 F. Supp. 2d at 259 (dismissing *pro se* action and imposing stringent sanctions); *Durant v. Traditional Invs., Ltd.*, 135 F.R.D. 42, 49 (S.D.N.Y. 1991) (ordering sanctions against *pro se* litigant who had a "record in this litigation of frivolous submissions and dilatory tactics" and "lack of candor" with the court designed "to delay the course of this litigation and force plaintiffs to incur needless expense"); *Vasile v. Dean Witter Reynolds Inc.,* 20 F.Supp.2d 465, 505 (E.D.N.Y.1998) (similar); *Dean v. ARA Envtl. Servs., Inc.*, 124 F.R.D. 224, 227 (N.D. Ga. 1988) (imposing sanctions on *pro se* litigant who attempted to litigate frivolous claims several times against different defendants); *Pfeifer v. Valukas*, 117 F.R.D. 420, 423 (N.D. Ill. 1987) (imposing sanctions on *pro se* plaintiff for bringing frivolous and implausible action). *See also infra* § II. That is particularly so where, as here, the *pro se* plaintiff in question has a history of filing frivolous lawsuits and/or where he has been previously warned about or sanctioned

for doing so. *See, e.g.*, *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (district court may restrict litigant's ability to bring new actions when "a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints"). *See also infra* § II.A. (detailing Mr. Goodman's history of vexatious litigation and sanctions ordered by another court in this District).

Plaintiff's refusal to dismiss his frivolous Amended Complaint against Mr. Wittes and Ms. Jankowicz violates Rule 11(b) and sanctions therefore are warranted.

## II.   SANCTIONS SHOULD INCLUDE BOTH A FILING INJUNCTION AND FEES AND COSTS.

This Court has "significant discretion" in determining what sanction to impose to remedy a Rule 11 violation. *Four Star Fin. Servs., LLC v. Commonwealth Mgmt. Assocs.*, 166 F. Supp. 2d 805, 809 (S.D.N.Y. 2001). Appropriate sanctions may include, among other things, imposing pre-suit filing injunctions and monetary penalties, including attorneys' fees and other costs associated with responding to a frivolous lawsuit. *See* Fed. R. Civ. P. 11(c)(2). As explained below, both are appropriate here.

### A.   A Broad Filing Injunction Is Appropriate.

This Court has wide latitude to enjoin a vexatious plaintiff like Mr. Goodman from filing further frivolous actions or motions without leave of court. *See Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (citing 28 U.S.C. § 1651(a)). Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This includes imposing pre-filing injunctions to deter vexatious, abusive, and harassing litigation. *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (per curiam), cert. denied sub nom., *Shuffman v. Hartford Textile Corp.*, 459 U.S. 1206 (1983) ("The equity power of a court to give injunctive relief against

vexatious litigation is an ancient one which has been codified in the All Writs Statute."); *In re Martin-Trigona*, 737 F.2d at 1262 (affirming imposition of pre-filing injunction against *pro se* plaintiff); *Kane v. City of New York*, 468 F. Supp. 586, 590 (S.D.N.Y. 1979) ("[W]hen it becomes clear that the courts are being used as a vehicle of harassment by a 'knowledgeable and articulate experienced pro se litigant' who asserts the same claims repeatedly in slightly altered guise, the issuance of an injunction is warranted.") (citation omitted).[2]

Courts in this Circuit generally consider five factors to determine whether a pre-filing injunction is warranted: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007), *aff'd*, 340 F. App'x 723 (2d Cir. 2009) (citing *Safir v. U.S. Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986)).[3] Here, these factors plainly favor enjoining

---

[2] *See also, e.g.*, *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system," even when litigant is *pro se*); *Lysiak v. Comm'r*, 816 F.2d 311, 313 (7th Cir.1987) ("A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court."); *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir. 1972) *cert. denied*, 409 U.S. 1031 (1972) (enjoining *pro se* litigant from filing further suits relating to his discharge from army); *Tobias v. Two Records of Lien*, No. 6:01-cv-579, 2001 WL 1871161, at *4 (M.D. Fla. Nov. 13, 2001) ("[T]he most effective way to ensure that [plaintiff] does not file frivolous lawsuits in this Court is to preclude him from filing future complaints unless he has obtained leave of this Court to file a complaint *pro se* or the complaint is filed on his behalf by an attorney who is a member of the bar of this Court."); *Dean*, 124 F.R.D. at 227 (enjoining *pro se* plaintiff from filing additional lawsuits pertaining to a particular set of claims).

[3] The Second Circuit has admonished that "the traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *In re Martin-Trigona*, 737 F.2d at 1261–62. That is

Plaintiff from filing: (a) any additional documents on the docket for this case relating to Mr. Wittes or Ms. Jankowicz; (b) any action against Mr. Wittes or Ms. Jankowicz in any federal district court related to the subject matter of this case; and (c) any new *pro se* action against Mr. Wittes or Ms. Jankowicz in any federal district court without first obtaining leave of that court. *See In re Martin-Trigona*, 737 F.2d at 1262 (affirming pre-filing injunction encompassing all federal district courts).

**Factors One & Four.** With respect to the first and fourth factors, Plaintiff has a well-documented—and adjudicated—record of pursuing frivolous RICO actions and asserting other claims premised on unsubstantiated and incoherent conspiracy theories. *See, e.g.*, *Sweigert v. Goodman*, No. 18-CV-8653, 2019 WL 11662227, at *1 (S.D.N.Y. Aug. 20, 2019) (Caproni, J.) ("This is a frivolous dispute between two litigants whose voluminous court filings rehash their incomprehensible and illogical online conspiracy theories."); *Sweigert v. Goodman*, No. 18-cv-8653, 2022 WL 168080, at *1 (S.D.N.Y. Jan. 19, 2022) (Caproni, J.) ("As the Court has explained in the past, this action is between two pro se litigants who spend a great deal of time accusing 'one another of criminal conduct and other misbehavior on the internet.'") (citation omitted); *Sweigert*, No. 18-cv-8653, 2020 WL 8918877, at *1 (S.D.N.Y. Aug. 19, 2020) (noting that the court had "described the parties as being engaged in 'outlandish conspiracy theories and accusing one another of criminal conduct and other misbehavior on the internet'") (citation omitted); *Nat'l Academy of Television Arts and Sciences, Inc. v. Multimedia System Design, Inc.*, No. 20-cv-7269, 2022 WL 524737, at *1 (S.D.N.Y. Feb. 22, 2022) (Caproni, J.) ("Mr. Goodman is a conspiracy

---

because "[w]here the jurisdiction of the federal courts is in need of protection, we need not await the arrival of a litigant able to show a private entitlement to relief. Indeed, in cases such as the instant one, private parties and their counsel . . . may well decide that the course of wisdom is not to seek injunctive relief, which may only generate new harassing actions, but to hope the malicious litigant finds new quarry. A history of litigation entailing 'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel' is enough." *Id.* (quoting *In re Hartford*, 681 F.2d at 897).

theorist who has an ongoing feud with D. George Sweigert . . . that plays out, among other places, on the internet and via federal court litigation."). In fact, Plaintiff's abuses in these other actions prompted Magistrate Judge Aaron to restrict his filings in at least one other case. *See, e.g., Sweigert v. Goodman*, No. 118-cv-8643, 2022 WL 562561, at *1-*2 (S.D.N.Y. Feb. 24, 2022) (noting that Goodman had "failed to heed" the court's prior "warning[s]" and ordering him to "seek leave . . . before making any filings that have not previously been ordered by the Court").

It is bad enough for Plaintiff to take up the Court's time and resources pursuing longstanding litigation against another *pro se* litigator as in *Sweigert v. Goodman*.[4] But this action involves Movants, who are innocent third parties being unjustly targeted in an effort to extort settlement amounts or suppress their speech with the threat of treble damages and attorneys' fees.[5] In such instances, courts not only can but must exercise their power "to protect the public, including litigants . . . from the depredations of those . . . who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive" suits. *In Re Hartford,* 659 F.2d at 305. *See also In re Martin-Trigona*, 737 F.2d at 1261–62 (noting that

---

[4] Plaintiff's "acrimonious and vexatious litigation practices" have been highlighted by other federal courts, particularly as it relates to court personnel. *See* Order Enjoining Defendant From Contacting Court Personnel And Family at 2, *Sweigert v. Goodman*, No. 22-cv-10002 (E.D. Mich. Feb. 11, 2022), ECF No. 12 (enjoining Goodman from "obtain[ing] the personal cellular and home phone numbers of Court staff and their family members and contact[ing] them outside of Court business hours"); Order Striking Filings at 3, *Sweigert v. Multimedia Sys. Design, Inc.*, No. 2:22-cv-10642-GAD-EAS (E.D. Mich. July 20, 2022), ECF No. 46 (noting that "Goodman continues to engage in this inappropriate behavior in this case, despite the Court's command that [he] stop making harassing phone calls to Court personnel").

[5] Courts have recognized that civil RICO claims are especially ripe for abuse by *pro se* litigants for improper purposes. *See, e.g., Olympicorp Intern., LLC v. Farm Rich Foods, LLC*, 13-cv-4094, 2013 WL 6194238, at *2 (E.D.N.Y. Nov. 25, 2013) ("RICO is, in theory, a powerful weapon for aggrieved parties, but in practice, it is often invoked inappropriately where it becomes a mere saber to be rattled . . . With such potential for abuse, [doorkeeper] examination of RICO claims is essential, and dismissal of those that are frivolous or malicious should come as expeditiously as possible.") (citation omitted).

permitting vexatious *pro se* litigants to act "with impunity" could "bring the entire system of justice to a halt, thus depriving all other litigants of their right to an expeditious adjudication of good faith federal claims," and explaining that courts thus act "not only as an arbiter of a dispute between private parties but also in defense of the means necessary to carry out our constitutional function."). Plaintiff's frequent, meritless, harassing and frivolous litigation antics have caused needless expense to all of the named parties in this action and an unnecessary burden on an already overwhelmed judicial system. "In such circumstances, the power to act against vexatious litigation is clear." *In re Martin-Trigona*, 737 F.2d at 1262. *See also generally Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986) ("[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

**Factor Two.** With respect to the third factor, as discussed in detail in Movants' motion to dismiss incorporated herein by reference, Dkt. 154, Plaintiff has no objective good-faith expectation of prevailing on any of his claims against Movants.

**Factor Three**. While a plaintiff's *pro se* status may in some instances weigh against issuing a pre-filing injunction, the absence of an attorney is not relevant in this case.  Plaintiff is a repeat player who has pursued frivolous litigation on his own and caused needless expense to other parties again and again.  As discussed herein, courts routinely impose pre-filing injunctions on *pro se* litigants like Plaintiff who file the same types of suits over and over again on their own behalf.

**Factor Five**. Turning to whether some lesser sanction might be "adequate to protect the courts and other parties," the answer is plainly no. Mr. Goodman has already been enjoined by at least one other court in this District from making further filings in that particular litigation without leave of court—a sanction which clearly did not deter him from filing his frivolous Amended

Complaint against Movants, or motions for leave to file an equally frivolous Second and Third Amended Complaint. Since Plaintiff has failed to regard any of the warnings given thus far, and since the imposition of a financial penalty alone likely would not deter him from pursuing further or future litigation, there is only one option left: a broad pre-suit filing injunction. The Second Circuit has found such a remedy appropriate in similar circumstances. *See, e.g.*, *In re Martin-Trigona*, 737 F.2d at 1262 (affirming injunction preventing plaintiff from bringing new actions "in all federal district courts"). As the Court explained, district courts are "part of the federal judicial system" and thus have "an obligation to protect and preserve the sound and orderly administration of justice throughout that system." *Id.* To that end, courts "need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith." *Id.*

Other courts have imposed similar remedies when faced with vexatious and repeat litigants like Mr. Goodman. *See, e.g.*, *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (issuing nationwide filing injunction against *pro se* litigant); *Castro v. United States*, 775 F.2d. 399, 408-10 (1st Cir. 1985) (enjoining plaintiff from ever filing another document in federal court against the United States pertaining to a certain subject matter), *abrogated on other grounds*; *Hackney v. Lehrer McGovern Bovis of Pa.*, No. 97-cv-1015, 1997 WL 214846, at *3-*4 (E.D. Pa. Apr. 25, 1997) (enjoining plaintiff from filing complaints in any court concerning subject matter at issue "without first seeking authorization of the court in which the plaintiff seeks to file" and requiring plaintiff to "attach to any such complaint a copy of this order" issuing the injunction).

There is ample basis for this Court to take the same approach here. Plaintiff "has demonstrated a disturbing pattern of filing frivolous lawsuits." *Schwartz v. Nordstrom, Inc.*, No. 94-cv-1005, 1994 WL 584676, at *4 (S.D.N.Y. Oct. 25, 1994). His conduct needlessly has wasted

judicial and private resources. Indeed, in the span of just six weeks, Goodman has filed three versions of his complaint, *see* Dkts. 100, 137, 142, adding several claims—some arising out of Ms. Jankowicz's (successful) efforts to obtain a permanent protective order against him—and nearly a dozen new defendants (including a clerk for the United States District Court for the Eastern District of Michigan, whom Goodman alleges "conspired" to cause a filing "to be placed on ECF in the Eastern District of Michigan"). In the absence of a broad injunction, there is little doubt that Plaintiff will continue his pattern of adding new defendants to frivolous lawsuits and initiating cases in new federal districts which have yet to become familiar with his antics. Simply put, Plaintiff is a serial federal court litigant who must be stopped. Enough is enough.

    **B.    The Court Should Also Award The Fees And Costs Associated With Movants' Rule 12(b) Motion to Dismiss And This Sanctions Motion.**

Rule 11 also affords courts significant discretion to issue monetary sanctions, including the reimbursement of attorneys' fees and litigation costs arising from the frivolous lawsuit or filings at issue. *See* Fed. R. Civ. P. 11(c)(4). Where, as here, a plaintiff brings a groundless action for an improper purpose, courts routinely approve dismissal with prejudice and an award of attorneys' fees and costs as an appropriate sanction. *See, e.g.*, *Manwani v. Brunelle*, 99 F.3d 400 (2d Cir. 1995) (affirming monetary sanctions against vexatious *pro se* litigant); *Baasch v. Reyer*, 827 F. Supp. 940, 944 (E.D.N.Y. 1993) (imposing monetary sanctions against *pro se* litigant). And while courts rightly proceed cautiously when considering whether to award monetary sanctions against *pro se* parties, "it is well-established that Rule 11 applies to *pro se* litigants" and that "*pro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Durant*, 135 F.R.D. at 49–50 (internal quotation marks and citation omitted) (imposing monetary sanctions against *pro se* litigant). *See also Schwartz*, 1994 WL 584676, at *3 (awarding

monetary sanctions against *pro se* litigant).[6]

A contrary result would be "unfair to the pro se litigant's adversary," who are forced to expend resources defending patently untenable claims. *Baasch*, 827 F. Supp. At 944. Indeed, defending against *pro se* actions can sometimes be *more* costly and burdensome than litigating against a counseled party because of the erratic nature—both pace and content—of *pro se* filings. That certainly has been true here, where Plaintiff routinely files extraneous pleadings (which, despite their ultimate frivolity, undersigned counsel must of course review to determine if they reference Movants or otherwise impact litigation strategy) and exchanges voluminous e-mail correspondence with other *pro se* litigants in this action (which, again, undersigned counsel must review for relevance). Further, while Movants were briefing their motion to dismiss Plaintiff's Amended Complaint, Plaintiff filed a Second Amended Complaint (without first seeking leave of the Court, as required by Fed. R. Civ. P. 15), Dkts. 132 & 137, and then, eight days later, filed a motion for leave to file a Third Amended Complaint, Dkt. 142, creating uncertainty over what pleading Movants ultimately would be responding to and threatening to protract this litigation and, worse, result in wasted work product.[7] Movants should not be required to bear these significant burdens, and Rule 11 permits monetary sanctions for precisely that reason.

* * *

---

[6] *See also, e.g., Taiyo Corp. v. Sheraton Savannah Corp.*, 49 F.3d 1514, 1515 (11th Cir. 1995) (affirming dismissal and imposition of monetary sanctions for action brought for improper purpose and not warranted by existing law or nonfrivolous extension of law); *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993) (affirming dismissal of *pro se* complaint as sanction for Rule 11 violation where plaintiff "fail[ed] to provide any evidence substantiating the allegations in his motion for injunctive relief"); *Dean*, 124 F.R.D. at 227 (imposing sanction of costs and attorney's fees on *pro se* litigant).

[7] For the reasons set forth in Movants' motion to dismiss, Dkt. 154, and subsequent opposition to Goodman's motions for leave to amend, Dkt. 155, Plaintiffs' request for leave to amend his complaint a second and/or third time should be denied on the grounds of futility and prejudice.

In light of Plaintiff's track record of harassing Movants and filing frivolous claims against them and other parties related to his unsubstantiated and incoherent conspiracy theories, and bearing in mind the need to protect the orderly administration of justice while preserving access to judicial processes, this Court should impose sanctions against Plaintiff that include a pre-filing injunction and Movants' attorneys' fees for defending against Plaintiff's lawsuit and filing this Rule 11 motion.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court enter an order:

A. finding that Plaintiff has violated Rule 11;

B. dismissing Plaintiff's Amended Complaint with prejudice;

C. enjoining Plaintiff from filing: (i) any additional documents on the docket for this case relating to Mr. Wittes or Ms. Jankowicz; (ii) any action against Mr. Wittes or Ms. Jankowicz in any federal district court related to the subject matter of this case; and (iii) any new *pro se* action against Mr. Wittes or Ms. Jankowicz in any federal district court without first obtaining leave of that court;

D. awarding Movants reasonable attorneys' fees and expenses incurred in defending this action as a result of Plaintiff's Rule 11 violations; and

E. granting any other relief the Court deems appropriate.

Dated: April 3, 2023                                   Respectfully submitted,

                                                       */s/ Elizabeth C. Lockwood*
                                                       Elizabeth C. Lockwood
                                                       ALI & LOCKWOOD LLP
                                                       300 New Jersey Avenue NW, Suite 900
                                                       Washington, D.C. 20001
                                                       (202) 651-2477
                                                       liz.lockwood@alilockwood.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2023, I caused true and correct copies of the

foregoing Memorandum to be served electronically via ECF on the following:

Seth D. Berlin
Ballard Spahr LLP (DC)
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1122
berlins@ballardspahr.com

Maxwell Mishkin
Ballard Spahr LLP (DC)
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1140
mishkinm@ballardspahr.com

I additionally certify that on the 3rd day of April, 2023, I caused true and correct copies

of the foregoing Memorandum to be served via email and U.S. Mail First Class on the following:

Mr. Jason Goodman
252 7th Ave., Apt. 6S
New York, NY 10001
truth@crowdsourcethetruth.org
*Plaintiff*

Mr. George Webb Sweigert
209 St. Simons Cove
Peachtree City, GA 30269
Georg.webb@gmail.com
*Defendant*

Mr. David George Sweigert
Mailbox, PMB 13339
514 Americas Way, Box Elder, SD
57719
Spoliation-notice@mailbox.org
*Defendant*

Ms. Margaret Esquenet
Finnegan, Henderson, Farabow, Garrett
& Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
margaret.esquenet@finnegan.com
*Defendant*

Mr. Adam Sharp
c/o Margaret Esquenet
901 New York Avenue, NW
Washington, DC 20001-4413
margaret.esquenet@finnegan.com
*Defendant*

National Academy of Television Arts
and Sciences, Inc.
c/o Margaret Esquenet
901 New York Avenue, NW
Washington, DC 20001-4413
margaret.esquenet@finnegan.com
*Defendant*

By:  */s/ Elizabeth Lockwood*

14