# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

        Plaintiff,

v.

CHRISTOPHER ELLIS BOUZY, et al.,

        Defendants.

Case No. 1:21-cv-10878

## DECLARATION OF NINA JANKOWICZ

I, Nina Jankowicz, hereby declare under penalty of perjury as follows:

1. I am over the age of eighteen and am competent to make this Declaration. I have personal knowledge of the matters set forth below.

2. I am the Vice President, U.S. for the Centre for Information Resilience, and an internationally recognized expert on disinformation and democratization. I previously served as the Executive Director of the Department of Homeland Security's Disinformation Governance Board.

3. I first became aware of Mr. Goodman on May 12, 2022, when Mr. Goodman called me on my cell phone and misrepresented himself as a journalist. Mr. Goodman recorded that phone call without my consent, and then posted it on YouTube, InfoWars, and other platforms.

4. Since that time, Mr. Goodman has repeatedly harassed me. For example, on May 16, 2022, Mr. Goodman posted a lengthy video titled "Disinfo Diva or Dangerous Double Agent: Who is Nina Jankowicz?" to Patreon. In addition to pushing a variety of baseless conspiracy

theories, this video highlights an archived website written by a third-party that promoted antisemitic conspiracies about me and published my home address.

5. Between April 2022 and January 2023, Mr. Goodman has referenced me more than 80 times in video livestreams and other public posts. Although many of these posts are no longer publicly available, they have promoted false conspiracy theories about, among other things, my prior role at the Department of Homeland Security. His video broadcasts repeatedly included details of my professional and personal life, including a cached version of my wedding registry (which at that time was no longer publicly available), details of my family and family history, and attempts to publicly identify my husband. Mr. Goodman's public videos and statements have also targeted my young child, both before and after he was born. Mr. Goodman has publicly questioned whether my young child exists, and has said that he wants to see my child to confirm that he does.

6. As a result of this harassment and my concerns about Mr. Goodman targeting me and my family, I requested and received a Preliminary Protective Order in the Commonwealth of Virginia on January 9, 2023. *See* Attachment A. The Preliminary Protective Order prohibited Mr. Goodman from contacting me or any member of my family, and further prohibited Mr. Goodman from coming within 100 feet of me at any time. *See id.*

7. On February 14, 2023, the Arlington General District Court held a full hearing on my petition for a protective order. Ahead of the hearing, Mr. Goodman refused my attorney's offer to settle and instead said he wanted to "press charges" against me. During the hearing, Mr. Goodman repeatedly and at length aired his conspiracy theories about me. He alleged, among other outlandish, baseless statements: that I am a Nazi because of my Polish heritage; that I was an "organizer of the 'Maidan coup,'" and that I have committed treason and should be jailed. The

court then issued a Protective Order effective until February 13, 2025, providing that, "to protect the health and safety of" me and my family, Mr. Goodman is prohibited from having "contact of any kind with [me] directly, indirectly, by 3rd [sic] persons or by any means whatsoever." *See* Attachment B. The Protective Order further ordered that Mr. Goodman must remain at least 100 feet away from my residence at all times, prohibited Mr. Goodman "from posting any social media" regarding me, and required Mr. Goodman to "surrender, sell, or transfer any firearm" possessed by him. *See id.*

8. I have reviewed Mr. Goodman's Amended Complaint. I understand that Mr. Goodman alleges that I "receiv[ed] funds from foreign non-profit organizations funded by the British, Canadian, and Italian governments while [I] was working for the U.S. Government," that I "conspired with Sweigert to strategically attack Goodman's Patreon account," and that I "filed a complaint with Twitter alleging Goodman had posted private information." ECF No. 100 at 32-33. These allegations are baseless and false.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of March, 2023 in Arlington, VA.

Nina Jankowicz

# Attachment A

# PRELIMINARY PROTECTIVE ORDER
Commonwealth of Virginia    VA. CODE § 19.2-152.9

Case No. GV23000106-00
Hearing Date and Time: 1/9/2023   2:00 pm

ARLINGTON GENERAL DISTRICT COURT - CIVIL
[X] General District Court   [ ] Circuit Court   [ ] Extension of Preliminary Protective Order
[ ] Juvenile and Domestic Relations District Court

**PETITIONER:** ~~ROB~~ ~~NINA~~ JANKOWICZ, NINA
LAST / FIRST / MIDDLE

**PETITIONER'S DATE OF BIRTH:** [redacted] 1989

And on behalf of minor family or household members:
(list each name and date of birth)

Other protected family or household members:
(list each name and date of birth)

V.

**RESPONDENT:** GOODMAN, JASON
LAST / FIRST / MIDDLE

252 7TH AVE #65
NEW YORK, NY 10001
RESPONDENT'S ADDRESS

**RESPONDENT IDENTIFIERS (IF KNOWN)**

| RACE | SEX | BORN (MO./DAY/YR.) | HT. (FT./IN.) | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|
| W | M | | | | | |

SSN:
DRIVER'S LICENSE NO.:   STATE:   EXP.:

[ ] CAUTION: Weapon Involved     Distinguishing features: _____

## SUMMONS FOR HEARING
TO ANY AUTHORIZED OFFICER: Summon the Respondent as provided below:
TO THE RESPONDENT: You are commanded to appear before this Court on 1/23/23  2:00 pm
DATE AND TIME

at ARLINGTON GENERAL DISTRICT COURT - CIVIL   1425 NORTH COURTHOUSE RD, ARLINGTON, VA 22201   for a hearing on this Petition.
NAME AND ADDRESS OF COURT

1/9/23
DATE ISSUED

[ ] CLERK   [X] DEPUTY CLERK

**THE COURT FINDS** that it has jurisdiction over the parties and subject matter, and that
1. [✓] The Petitioner is, or has been, within a reasonable period of time, subjected to an act of violence, force or threat, OR
   [ ] A warrant or petition has been issued charging the Respondent with a criminal offense resulting from the commission of an act of violence, force, or threat as defined in Va. Code § 19.2-152.7:1; and
2. In order to protect the health and safety of the Petitioner or any family or household member of the Petitioner, a preliminary protective order is warranted.
[✓] *Ex Parte* Proceeding Only: The petition has been supported by an affidavit or sworn testimony before the judge or intake officer, and either the Petitioner is in immediate and present danger of any act of violence, force, or threat or there is sufficient evidence to establish probable cause that an act of violence, force, or threat has recently occurred so as to justify an *ex parte* proceeding.
   [ ] As this order was entered without a separate affidavit or an attested petition, or without a form pursuant to Va. Code § 16.1-253.4(D) being presented, the basis upon which this order is entered, including a summary of the allegations made and the court's findings, is as follows:

**THE COURT ORDERS** that:
[✓] The Respondent shall not commit acts of violence, force, or threat or criminal offenses that may result in injury to person or property.
[✓] The Respondent shall have no contact of any kind with the Petitioner directly, indirectly thru 3rd parties or by any
   [ ] except as follows: electronic means through social media, text message or email.
[✓] The Respondent shall have no contact of any kind with the family or household members of the Petitioner named above
   [ ] except as follows: _____
[ ] The Petitioner is granted possession of the companion animal described as _____ NAME/TYPE
[✓] It is further ordered that Respondent stay at least 100 ft. away from Petitioner at all times.

FORM DC-384 (MASTER, PAGE ONE OF ___) 07/19

Case No. ........... GV23000106-00 ...........

It is further ORDERED that a full hearing on the petition for a protective order be held at this Court on ....1/23/23.......... at ....2:00 pm.......... * and that service of this Order will constitute notice to the parties for that hearing.

\* If the court is closed on the above date because the conditions constitute a threat to the health or safety of the general public or for another reason set forth in Va. Code § 16.1-69.35 or § 17.1-207, the full hearing will be held on the next day that the court is open, and this Preliminary Protective Order will remain in full force and effect until this order is dissolved by the court, another preliminary protective order is entered or a protective order is entered.

[ ] It is ORDERED that the Preliminary Protective Order is extended
    [ ] as the Respondent failed to appear at the protective order hearing set for ................................................ because the Respondent was not personally served.
    [ ] upon motion of the Respondent and for good cause shown.

[ ] Supplemental Sheet to Protective Order, Form DC-653, attached and incorporated by reference. No. of supplemental sheets ..........

....1/9/23....  
DATE

_____  
JUDGE

**WARNINGS TO RESPONDENT:**

Pursuant to Code of Virginia § 18.2-308.1:4, Respondent shall not purchase or transport any firearm while this order is in effect. If Respondent has a concealed handgun permit, Respondent must immediately surrender that permit to the court issuing this order. If Respondent violates the conditions of this order, Respondent may be sentenced to jail and/or ordered to pay a fine.

This order will be entered into the Virginia Criminal Information Network. Either party may at any time file a motion with the court requesting a hearing to dissolve or modify this order; however, this order remains in full force and effect unless and until dissolved or modified by the court. **Only the court can change this order.**

FORM DC-384 (MASTER, PAGE TWO OF _____ ) 10/19

Case No. ............ GV23000106-00

**RETURNS:** Each person was served according to law, as indicated below, unless not found.

| RESPONDENT: | PETITIONER: (See form DC-621, NON-DISCLOSURE ADDENDUM) |
|---|---|
| NAME ................................................ | NAME Nina Jankowicz |
| ADDRESS ............................................ |  |
| [ ] PERSONAL SERVICE   TELEPHONE NUMBER ............. | [✓] PERSONAL SERVICE |
| [ ] NOT FOUND | [ ] NOT FOUND |
| _____ SERVING OFFICER for _____ | CPL. J. GAY S880 SERVING OFFICER for Sheriff JOSE QUIROZ |
| _____ DATE AND TIME | 1/9/23 @ 1430 hrs. DATE AND TIME |
| RESPONDENT'S DESCRIPTION (for VCIN entry): | [ ] Copy delivered to |
| RACE ............ SEX ............ |  |
| DOB: ............ |  |
| HGT ............ WGT ............ | by _____ |
| EYES ............ HAIR ............ | TITLE |
| SSN ............ |  |
| Relationship to Petitioner/Plaintiff ............ | _____ SIGNATURE |
| Distinguishing features ............ |  |

**DEFINITIONS:**

"Act of violence, force, or threat" means any act involving violence, force, or threat that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury. Such act includes, but is not limited to, any forceful detention, stalking, criminal sexual assault in violation of Article 7 (§ 18.2-61 et. seq.) of Chapter 4 of Title 18.2, or any criminal offense that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury.

"Family or household member" means (i) the person's spouse, whether or not he or she resides in the same home with the person, (ii) the person's former spouse, whether or not he or she resides in the same home with the person, (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, half-brothers, half-sisters, grandparents and grandchildren regardless of whether such persons reside in the same home with the person, (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person, or (v) any individual who has a child in common with the defendant, whether or not the person and that individual have been married or have resided together at any time, or (vi) any individual who cohabits or who, within the previous twelve (12) months, cohabitated with the person, and any children of either of them residing in the same home with the person.

FORM DC-384 (MASTER, PAGE THREE OF ____) 10/19

# Attachment B

**PROTECTIVE ORDER**
Commonwealth of Virginia   VA. CODE § 19.2-152.10

Case No. GV23000138-00

ARLINGTON GENERAL DISTRICT COURT - CIVIL

[X] General District Court   [ ] Circuit Court
[ ] Juvenile and Domestic Relations District Court

[ ] Amended Protective Order    [ ] Extension of Protective Order    [ ] Conviction for Violation of Protective Order

| PETITIONER |
|---|
| JANKOWICZ, NINA |
| LAST   FIRST   MIDDLE |

**PETITIONER'S DATE OF BIRTH**
▊989

And on behalf of minor family or household member(s):
(list each name and date of birth)

Other protected family or household members:
(list each name and date of birth)

V.

| RESPONDENT |
|---|
| GOODMAN, JASON |
| LAST   FIRST   MIDDLE |
| 252 7TH AVE #65 |
| RESPONDENT'S ADDRESS |
| NEW YORK, NY 10001 |

**RESPONDENT IDENTIFIERS** (IF KNOWN)

| RACE | SEX | BORN | | | HT. | | WGT. | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|---|
| | | MO. | DAY | YR. | FT. | IN. | | | |
| W | M | | | | | | | | |

SSN

DRIVER'S LICENSE NO.        STATE        EXP.

[ ] **CAUTION: Weapon Involved**     Distinguishing features: ...........

THE COURT FINDS that it has jurisdiction over the parties and subject matter, that the Respondent was given reasonable notice and an opportunity to be heard, and that

[ ] A warrant or petition has been issued charging the Respondent with a criminal offense resulting from the commission of an act of violence, force, or threat as defined in Va. Code § 19.2-152.7:1, **OR**

[ ] The Respondent has been convicted of
   [ ] a criminal offense resulting from the commission of an act of violence, force, or threat as defined in Va. Code § 19.2-152.7:1.
   [ ] a violation of a protective order pursuant to Va. Code § 18.2-60.4, **OR**

[X] A full hearing on the petition for a protective order has been held pursuant to Va. Code § 19.2-152.9(D), **OR**

[ ] A hearing has been held pursuant to Va. Code § 19.2-152.10(B) on a motion to extend a protective order.

THE COURT FURTHER FINDS that the Petitioner and the Respondent

   [ ] cohabited more than 12 months ago but not within the past 12 months  [ ] have never cohabited.

Accordingly, to protect the health and safety of the Petitioner and family or household members of the Petitioner, THE COURT ORDERS that:

[X] The Respondent shall not commit acts of violence, force, or threat or criminal offenses that may result in injury to person or property.

[X] The Respondent shall have no contact of any kind with the Petitioner *directly, indirectly, by 3rd persons or by any means whatsoever*
   [ ] except as follows: ...........

[ ] The Respondent shall have no contact of any kind with the family or household members of the Petitioner named above
   [ ] except as follows:

[ ] The Petitioner is granted possession of the companion animal described as ........... NAME/TYPE

FORM DC-385 (MASTER, PAGE ONE OF THREE) 07/20

Case No. GV23000138-00

[X] It is further ordered that ① Respondent remain, at least, 100 feet away from Petitioner and Petitioner's residence at all times. ② Respondent Prohibited from posting any social media regarding Petitioner

[ ] Supplemental Sheet to Protective Order, Form DC-653, attached and incorporated by reference. Number of supplemental pages: ..........

[X] The Respondent shall surrender, sell or transfer any firearm possessed by Respondent, within 24 hours after being served with this order, as follows:

   (a) surrender any such firearm to a designated local law-enforcement agency;
   (b) sell or transfer any such firearm to a dealer as defined in § 18.2-308.2; or
   (c) sell or transfer any such firearm to any person who is not prohibited by law from possessing a firearm.

[X] The Respondent shall, within 48 hours after being served with this order:

   (a) complete the attached certification form stating either that the Respondent does not possess any firearms or that all firearms possessed by the Respondent have been surrendered, sold or transferred; and
   (b) file the completed certification form with the clerk of the court that entered this order.

[ ] Final judgment having been rendered on appeal from the juvenile and domestic relations district court, this matter is remanded to the jurisdiction of the juvenile and domestic relations district court in accordance with Virginia Code § 16.1-297.

THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL  02 / 13 / 2025  at 11:59 p.m.
MONTH / DAY / YEAR

2/14/2023
DATE                         JUDGE

**WARNINGS TO RESPONDENT:**

If Respondent violates the conditions of this order, Respondent may be sentenced to jail and/or ordered to pay a fine. This order will be entered into the Virginia Criminal Information Network. Either party may at any time file a motion with the court requesting a hearing to dissolve or modify this order; however, this Order remains in full force and effect unless and until dissolved or modified by the court. **Only the court can change this Order.**

**Federal Offenses:** Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. § 2262). Federal law provides penalties for possessing, transporting, shipping or receiving any firearm or ammunition while subject to a qualifying protective order and under the circumstances specified in 18 U.S.C. § 922(g)(8).

**Full Faith and Credit:** This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, and any U.S. Territory, and may be enforced on Tribal Lands (18 U.S.C. § 2265).

**VIRGINIA FIREARMS PROHIBITIONS:**

Pursuant to Code of Virginia § 18.2-308.1:4, Respondent shall not purchase, transport or possess any firearm while this order is in effect. For a period of 24 hours after being served with this order, Respondent may, however, continue to possess and transport a firearm possessed by Respondent at the time of service for the purposes of surrendering the firearm to a law-enforcement agency, or selling or transferring that firearm to a dealer as defined in § 18.2-308.2:2 or to any person who is not prohibited by law from possessing that firearm.

If Respondent has a concealed handgun permit, Respondent must immediately surrender that permit to the court issuing this order.

Case No. GV23000138-00

**RETURNS:** Each person was served according to law, as indicated below, unless not found.

**RESPONDENT:**
NAME: Goodman, Jason
ADDRESS: 252 7th Ave #65, New York, NY 10001

[✓] PERSONAL SERVICE
TELEPHONE NUMBER: 347-380-6998
[ ] NOT FOUND

Deputy Y. Lopez S1317
SERVING OFFICER
for Sheriff Jose Quiroz
02/14/2023   1505 hours
DATE AND TIME

**RESPONDENT'S DESCRIPTION (for VCIN entry):**
RACE: W   SEX: M
DOB: 04/07/1972
HGT: 5'7"   WGT: 150
EYES: Green   HAIR: Brown
SSN: 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
Tel. No. 347-380-6998
Relationship to Petitioner/Plaintiff: none
Distinguishing features: none

**PETITIONER:** (See form DC-621, NON-DISCLOSURE ADDENDUM)
NAME: Jankowicz, Nina

[✓] PERSONAL SERVICE
[ ] NOT FOUND

Deputy Y. Lopez S1317
SERVING OFFICER
for Sheriff Jose Quiroz
02/14/2023   1500 hours
DATE AND TIME

[ ] Copy delivered to:

by _____   TITLE
_____   SIGNATURE

**DEFINITIONS:**

"Family or household member" means (i) the person's spouse, whether or not he or she resides in the same home with the person, (ii) the person's former spouse, whether or not he or she resides in the same home with the person, (iii) the person's parents, stepparents, children, stepchildren, brothers, sisters, half-brothers, half-sisters, grandparents and grandchildren regardless of whether such persons reside in the same home with the person, (iv) the person's mother-in-law, father-in-law, sons-in-law, daughters-in-law, brothers-in-law and sisters-in-law who reside in the same home with the person, or (v) any individual who has a child in common with the defendant, whether or not the person and that individual have been married or have resided together at any time, or (vi) any individual who cohabits or who, within the previous twelve (12) months, cohabitated with the person, and any children of either of them residing in the same home with the person.

"Act of violence, force, or threat" means any act involving violence, force, or threat that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury. Such act includes, but is not limited to, any forceful detention, stalking, criminal sexual assault in violation of Article 7 (§ 18.2-61 et. seq.) of Chapter 4 of Title 18.2, or any criminal offense that results in bodily injury or places one in reasonable apprehension of death, sexual assault, or bodily injury.

FORM DC-385 (MASTER, PAGE THREE OF THREE) 07/20