IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN

        Plaintiff,

vs.

CHRISTOPHER ELLIS BOUZY, BOT
SENTINEL, INC, GEORGE WEBB
SWEIGERT, DAVID GEORGE SWEIGERT,
BENJAMIN WITTES, NINA JANKOWICZ,
ADAM SHARP, MARGARET ESQUENET,
THE ACADEMY OF TELEVISION ARTS
AND SCIENCES, SETH BERLIN,
MAXWELL MISHKIN

        Defendants

Case No.: 1:21-cv-10878-AT-JLC

**REQUEST FOR JUDICIAL NOTICE OF
RICHARD LOURY'S RESPONSE TO
SUBPOENA**

Pro Se plaintiff Jason Goodman ("Goodman") respectfully submits this request for judicial notice of relevant facts and additionally for an oral argument hearing on the evidence provided.  Goodman alleges as follows, upon actual knowledge with respect to himself and his own acts, and upon information and belief as to all other matters.

**ONGOING PATTERN OF RACKETEERING ACTIVY**

**1.  Harassment of Subpoena Recipient Richard Loury**

On March 20, 2023, Goodman filed a request for a subpoena seeking documents from Richard Loury ("Loury") (ECF No. 160).  Loury is a clerk of the U.S. District Court for the Eastern District of Michigan ("MIED") and alleged co-conspirator of defendants David George Sweigert ("Sweigert") and George Webb Sweigert, ("Webb") collectively hereinafter ("Sweigerts" or "Sweigert Brothers").  Goodman alleges the Sweigerts worked with Loury to forge and file a document in U.S. District Court (*See* Sweigert v Cable News Network Case

REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY HEARING - 1

2:20-cv-12933-GAD-KGA ECF No. 12) with the intent to unjustly influence the outcome of litigation and harm Goodman.  Goodman has provided unimpeachable evidence in support of this allegation that none of the accused have refuted.  The pro se filing receipt is required to refute this fact-based, well-founded claim.

The clerks of this honorable court mailed a signed subpoena to plaintiff on March 22, 2023 which was served on Loury on March 24, 2023 at the Theodore Levin U.S. Courthouse **(EXHIBIT A).**  On the same day, March 24, 2023, Swiegert sent Loury an email absent any accompanying subpoena, commanding Loury to share copies of documents Goodman sought **(EXHIBIT B).**  On March 31, 2023, Loury responded with a misleading email **(EXHIBIT C).** Loury stated in part, "We are providing you with the requested Notice of Electronic Filing receipt" however that is not what was requested.  The requested receipt is from the pro se filing web site, the provided document is an ECF receipt that has been publicly available since June 21, 2021, when the allegedly forged document was fraudulently filed.  Goodman is familiar with the pro se filing process in MIED because on March 14, 2022, Goodman filed an amicus curate brief and received a verbose emailed receipt from the pro se filing web site. **(EXHIBIT D)**

It is unknown if any additional correspondence has occurred between Loury and either of the Sweigert brothers, but all three should be compelled to appear at a show cause hearing to answer questions about their collaboration under oath.

## 2.  Harassment of non-party Patreon

In an apparent retaliation for requesting the subpoena to produce documents which would prove or disprove Goodman's allegation that the Sweigert Brothers conspired with Loury to forge and file a fraudulent document, Sweigert requested a subpoena to obtain sensitive personal information about Goodman that is irrelevant to this matter from non-party Patreon.com (ECF

REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY HEARING - 2

No. 166).  Sweigert sought "All records related to Jason Goodman, dba CrowdSource The Truth, dba 21st Century 3D, including all IRS 1099 forms and all records of complaints about this subscriber 1/1/2017 to the present." Goodman asks the Court to take notice that Sweigert repeats the fabricated "dba Crowdsource the Truth" which Goodman alleges Sweigert devised and shared with ATAS, Sharp and Esquenet in furtherance of their scheme to sue a false corporate entity and compel Goodman to hire counsel that would be harassed into withdrawal by Sweigert in order to compel a default judgement against Goodman's company.  Sweigert has not served Patreon with a court issued subpoena but instead has attempted to use this instant legal action to fraudulently induce third parties including Patreon to disclose personal information about Goodman that Sweigert has no legal authority to demand.  Goodman also asks the Court to take notice of recent threats and defamatory false statements made by Sweigert in which he alleges, without evidence, that Goodman is a "tax cheat". **(EXHIBIT E)**

Sweigert has made this up out of whole cloth as is his standard modus operandi.  Using fraudulent internet identities, including a Twitter account titled "@liberateYouTube". Sweigert's fraudulent account misleads the public by using an unauthorized photo of Goodman as its profile picture and the screen name "Oops I crapped my pants". **(EXHIBIT F)**

This is a bright line violation of Twitter policy.  Users are not allowed to use another person's photo as a profile picture without announcing that the account is a parody.  Despite multiple complaints from Goodman, Twitter has taken no action.  Sweigert uses these fraudulent accounts to spread so called "internet rumors" he then cites these manufactured rumors including allegations of criminal activity by Goodman, as grounds for lawsuits and criminal investigations.

Sweigert has no legal authority to conduct investigations into private citizens, even those he personally dislikes, on behalf of the IRS.  Plaintiff further asks the Court to take note of

REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY HEARING - 3

Sweigert's deeply delusional self-perception.  At the outset of his pathologically obsessive legal assault against Goodman, he announced to the court that he was acting as the self-appointed "private attorney general" (*See* Sweigert v Goodman Case 2:18-cv-01633-RMG ECF No. 5). The Court denied the existence of any such position and Sweigert was not allowed to proceed on these grounds, however his ongoing assertions inform reasonable observers that he does actually believe he is the private Attorney General of the United States of his own distorted mind.

### 3.   Abusing this Legal Action to Conduct Unauthorized Investigations

Patreon provides credit card processing and custom web page building services utilized by Goodman in his business operations.  Sweigert has consistently targeted Patreon with complaints against Goodman and legal threats related to his own fictional claims regarding Goodman's activity on Patreon's website.  Goodman has been conducting business with Patreon since July of 2017 and has had no substantial issues there aside from Sweigert's ongoing, uninterrupted harassment.  On March 28, 2023, Sweigert sent an email to multiple employees of Patreon including their general counsel Colin Sullivan, ("Sullivan") demanding they provide information pertaining to Goodman, without providing a subpoena. **(EXHIBIT G)**

On March 29, 2023, Sweigert sent an email to several employees of non-party NEA.com ("NEA").  NEA is a venture capital firm and an investor in Patreon. **(EXHIBIT H)**

The email sought to convince NEA employees that financially damaging litigation against Patreon was imminent and NEA should either withdraw its investment in Patreon or convince Patreon to discontinue conducting business with Goodman.  Sweigert's ongoing efforts do not seek to cure injuries caused by Goodman through a legitimate legal process, but rather to threaten and intimidate anyone who would do business with Goodman, making any transaction with him so unpleasant, the parties might exercise their right to refuse his business altogether.

REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY HEARING - 4

### 4. California Franchise Tax Board

In addition to harassing private sector businesses that Goodman relies on to earn a living, Sweigert is also in a regular practice of making false statements to law enforcement and other government agencies which he calculates to place Goodman in legal jeopardy.   The allegations are consistently based on false claims that are known to be false at the time they are made.

On March 29, 2023, Sweigert sent an email to the California Franchise Tax Board, several members of the Television Academy, the New York State Attorney General, the Bureau of Alcohol Tobacco and Firearms, Patreon and others in which he attempts to convince the email recipients that Patreon will become embroiled into an investigation related to Goodman's alleged "tax cheat" activity. **(EXHIBIT I)**

As recently as today, Sweigert continues to post threats that Goodman will be met on the street by "process servers".  Several individuals have accosted Goodman in public in the past week, however none attempted to serve process on Goodman.  They did become fodder for online harassment from Sweigert. **(EXHIBIT J)**

Based on his obsessive stalking of Goodman in both cyber space and the real world, and his psychotic obsession with suing Goodman, Goodman can only conclude that Sweigert is a dangerous, mentally ill individual who poses a direct and imminent threat to Goodman's safety and needs to be isolated from Goodman and prevented from harassing Goodman in perpetuity.

Sweigert's attempts to inject false and collateral issues into this matter in an effort to put Goodman in legal jeopardy while simultaneously harassing and intimidating anyone who does business with Goodman must end.  This is the same tactic Sweigert used to intimidate the attorney Jonathan Snyder ("Snyder") who represented Goodman's company in a prior suit from

REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY HEARING - 5

Sweigert's alleged co-conspirators ATAS, Sharp and Esquenet which Goodman alleges was fomented by another harassing and fraudulent email from Sweigert.

## CONCLUSION

Defendants should be compelled to appear in person at show cause hearing to answer questions pertaining to these facts and the cited evidence under oath.

Signed this 4th day of April 2023

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY HEARING - 6

**(EXHIBIT A)**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | | |
|---|---|---|
| JASON GOODMAN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-10878-AT-JLC |
| CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, | ) | |
| GEORGE WEBB SWEIGERT, DAVID GEORGE | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: 
Richard Loury
231 W. Lafayette Blvd. Detroit, MI 48226

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

filing receipt for ECF No. 12 from Sweigert v Cable News Network 2:20-cv-12933-GAD-KGA from the pro se eledtronic filing web site  https://www.mied.uscourts.gov/index.cfm?pagefunction=ProSeDocs

| Place: 500 Pearl Street New York NY 10007 | Date and Time:<br><br>04/01/2023 12:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/20/2023

CLERK OF COURT

_____          OR          _____
Signature of Clerk or Deputy Clerk                                        Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-10878-AT-JLC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    **Richard Loury**

on *(date)*    **March 23, 2023**    .

☑ I served the subpoena by delivering a copy to the named person as follows:

**Richard Loury**

on *(date)*    **March 24, 2023**    ; or

❒ I returned the subpoena unexecuted because:

.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                    for travel and $                    for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:    **March 24, 2023**

*Server's signature*

**Steve Perkins - Process Server**
*Printed name and title*

**6425 Oakman Blvd., Detroit, MI 48228**
*Server's address*

Additional information regarding attempted service, etc.:

**(EXHIBIT B)**

DS  David George Acton Sweigert                                                   8:09 PM
Re: Filed with the court

To: Jason Goodman,   Richard_loury,   Cc: Maxwell S. Mishkin,   Seth D. Berlin,   Liz Lockwood   & 4 more        Details

To: Richard Loury

This concerns the subpoena you have received.

Whatever documents you are considering sending to Jason Goodman you are commanded to send the exact same copies of such documents to this e-mail address as well.

Best,



# OFFICE OF DISCIPLINARY COUNSEL

February 27, 2023

Hamilton P. Fox, III
*Disciplinary Counsel*

Julia L. Porter
*Deputy Disciplinary Counsel*

*Senior Assistant Disciplinary Counsel*
Theodore P. Metzler
Becky Neal

*Assistant Disciplinary Counsel*
Caroll G. Donayre
Jerri U. Dunston
Dru M. Foster
Jason R. Horrell
Ebtehaj Kalantar
Jelani C. Lowery
Sean P. O'Brien
Joseph C. Perry
Melissa J. Rolffot
William R. Ross
Traci M. Tait
Cynthia G. Wright

*Senior Staff Attorney*
Lawrence K. Bloom

*Staff Attorney*
Arquimides R. Leon
Amanda Ureña
Angela M. Walker

*Manager, Forensic Investigations*
Charles M. Anderson

*Investigative Attorney*
Azadeh Matinpour

**CONFIDENTIAL**
D. Geo. Sweigert
**Sent *via* email only:** spoliation-notice@mailbox.org

                    Re:    Esquenet/Sweigert
                           Undocketed No. 2023-U051

Dear Mr. Sweigert:

    We reviewed the disciplinary complaint you filed against Margaret A. Esquenet, Esquire, one of the defendants in *Goodman v. Bouzy, et al.,* Case No. 1:21-cv-10878, filed in the U.S. District Court for the Southern District of New York. You are the *pro se* plaintiff in that case and the CEO of Multimedia System Designs, Inc. ("MSD"). You state Ms. Esquenet represented MSD's opposing party in an earlier civil dispute.

    You attached what appears to be a version  of the amended complaint filed January 17, 2023, alleging that Ms. Esquenet engaged in misconduct, including that she participated "in a scheme to commit fraud on the Court . . . by initiating fraudulent litigation for an improper purpose . . .."

    Because your complaint involves Ms. Esquenet's conduct in a pending civil lawsuit, you may raise your concerns with the court, which is in a better position to consider your allegations at this time. We will not interfere with the judicial process. Accordingly, we decline to open a formal investigation at this time. If a court or other tribunal finds Ms. Esquenet behaved improperly or engaged in misconduct, you may submit the court's decision for our consideration. We will then assess the matter to determine whether it should be docketed, which, under the rules that govern this office, means a complaint: (1) is not unfounded on its face; (2) contains allegations, which, if true, would constitute a violation of the Attorney's Oath of Office or the Rules of Professional Conduct that would merit discipline; and (3) concerns an attorney admitted to practice law in the District of Columbia.

    Thank you for bringing your concerns to our attention.

                                        Sincerely,

                                        Angela Walker
                                        Staff Attorney

AW:BN:mto

*Serving the District of Columbia Court of Appeals and its Board on Professional Responsibility*

515 5th Street NW, Building A, Room 117, Washington, DC 20001 • 202-638-1501, FAX 202-638-0862

**(EXHIBIT C)**

**From:** **Richard Loury** Richard_Loury@mied.uscourts.gov  
**Subject:** 2:20-cv-12933-GAD-KGA Sweigert v. Cable News Network, Inc.
**Date:** March 31, 2023 at 5:02 PM
**To:** Jason Goodman  truth@crowdsourcethetruth.org

RL

Mr. Goodman,

We are providing you with the requested Notice of Electronic Filing receipt because it is available to the public by reviewing the docket, not because of the Subpoena to Produce Documents.  If you were to request a non-public document, you must comply with the judiciary policy for the production of records.

Please do not respond to this inbox.

Notice of
Electro.... 12.pdf
124 KB

Subpoena
Regula.... 8).pdf
187 KB

```
MIME-Version:1.0
From:cmecfadmin@mied.uscourts.gov
To:do_not_reply@mied.uscourts.gov
Bcc:
--Case Participants: Magistrate Judge Kimberly G. Altman (efile_altman@mied.uscourts.gov),
District Judge Gershwin A. Drain (efile_drain@mied.uscourts.gov)
--Non Case Participants: Robin Luce Herrmann (luce-herrmann@butzel.com, vangorp@butzel.com)
--No Notice Sent:

Message-Id:<10397790@mied.uscourts.gov>
Subject:Response to Order to Show Cause in 2:20-cv-12933-GAD-KGA Sweigert v. Cable News
Network, Inc.
```
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## Eastern District of Michigan

### Notice of Electronic Filing

The following transaction was entered on 6/21/2021 at 9:07 AM EDT and filed on 6/18/2021

**Case Name:**        Sweigert v. Cable News Network, Inc.

**Case Number:**      2:20-cv-12933-GAD-KGA

**Filer:**            George Webb Sweigert

**Document Number:** 12

**Docket Text:**

**RESPONSE TO ORDER TO SHOW CAUSE by George Webb Sweigert. (RLou)**


**2:20-cv-12933-GAD-KGA Notice has been electronically mailed to:**


**2:20-cv-12933-GAD-KGA Notice will not be electronically mailed to:**

D.G. Sweigert


George Webb Sweigert
1671 W. Stearns Road
Suite E
Temperance, MI 48182

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1047317467 [Date=6/21/2021] [FileNumber=10397788-0] [163c5e72b4196bda9b8fbb25ccd06463acb98eba3b496c728ef1b86e1f2f584be6fa6f38e7287240e43c2eb34798c78403ee52505987d237c16ec2e6905b3db4]]

# Guide to Judiciary Policy

Vol. 20: Administrative Claims and Litigation

## Ch. 8: Testimony and Production of Records

§ 810 Overview
        § 810.10 Purpose
        § 810.20 Authority
        § 810.30 Definitions
        § 810.40 Applicability

§ 820 Testimony and Production of Records

§ 830 Contents and Timeliness of a Request

§ 840 Identity of Determining Officer

§ 850 Procedure When Request Is Made

---

# § 810 Overview

## § 810.10 Purpose

(a)    These regulations establish policy, assign responsibilities and prescribe procedures with respect to:

    (1)    the production or disclosure of official information or records by the federal judiciary; and

    (2)    the testimony of present or former judiciary personnel relating to any official information acquired by any such individual as part of that individual's performance of official duties, or by virtue of that individual's official status, in federal, state, or other legal proceedings covered by these regulations.

(b)    The purpose of these regulations is, among other things, to:

    (1)    conserve the time of federal judicial personnel for conducting official business;

    (2)    minimize the involvement of the federal judiciary in issues unrelated to its mission;

*Last substantive revision (Transmittal GR-4) September 2, 2009*
*Last revised (minor technical changes) July 5, 2016*

(3)     maintain the impartiality of the federal judiciary in disputes between private litigants;

(4)     avoid spending the time and money of the United States for private purposes; and

(5)     protect confidential and sensitive information and the deliberative processes of the federal judiciary.

## § 810.20 Authority

Adopted by the Judicial Conference of the United States in March 2003 (JCUS-MAR 03, p. 9), these regulations are promulgated under the authority granted the Director of the Administrative Office of the U.S. Courts (AO), under the supervision and direction of the Conference, to:

(a)     "[s]upervise all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts" (28 U.S.C. § 604(a)(1));

(b)     "[p]erform such other duties as may be assigned to him by. . .the Judicial Conference of the United States" (28 U.S.C. § 604(a)(24));

(c)     "make, promulgate, issue, rescind, and amend rules and regulations. . .as may be necessary to carry out the Director's functions, powers, duties, and authority" (28 U.S.C. § 604(f)); and

(d)     "delegate any of the Director's functions, powers, duties, and authority. . . to such officers and employees of the judicial branch of Government as the Director may designate" (28 U.S.C. § 602(d)).

| § 810.30 Definitions | |
|---|---|
| Information or records | All information, records, documents, or materials of any kind, however stored, that are in the custody or control of the federal judiciary or were acquired by federal judicial personnel in the performance of their official duties or because of their official status. |
| Judicial personnel | All present and former officers and employees of the federal judiciary and any other individuals who are or have been appointed by, or subject to the supervision, jurisdiction, or control of, the federal judiciary, including individuals hired through contractual agreements by or on behalf of the federal judiciary, or performing services under such agreements for the federal judiciary, such as consultants, contractors, subcontractors, and their employees and personnel.  This phrase also includes alternative dispute resolution neutrals or mediators, special masters, individuals who have served and are serving on any advisory committee or in any advisory capacity, and |

| § 810.30 Definitions | |
|---|---|
| | any similar personnel performing services for the federal judiciary. |
| Legal proceedings | All pretrial, trial, and post-trial stages of all existing or anticipated judicial or administrative actions, hearings, investigations, cases, controversies, or similar proceedings, including grand jury proceedings, before courts, agencies, commissions, boards or other tribunals, foreign and domestic, or all legislative proceedings pending before any state or local body or agency, other than those specified in § 810.40(b). |
| Request | An order, subpoena, or other demand of a court, or administrative or other authority, of competent jurisdiction, under color of law, or any other request by whatever method, for the production, disclosure, or release of information or records by the federal judiciary, or for the appearance and testimony of federal judicial personnel as witnesses as to matters arising out of the performance of their official duties, in legal proceedings.  This definition includes requests for voluntary production or testimony in the absence of any legal process. |
| Testimony | Any written or oral statement in any form by a witness arising out of the performance of the witness' official duties, including personal appearances and statements in court or at a hearing or trial, depositions, answers to interrogatories, affidavits, declarations, interviews, telephonic, televised, or videotaped remarks, or any other response during discovery or similar proceedings that would involve more than production of documents. |

## § 810.40 Applicability

(a)   These regulations apply to all components and personnel of the federal judiciary, except the following agencies and their personnel:

- Supreme Court of the United States,
- Federal Judicial Center, and
- United States Sentencing Commission.

(b)   These regulations **do not** apply to:

(1)   Legal proceedings in which the federal judiciary or a court or office of the federal judiciary is a party.

(2)   Legal proceedings, arising out of the performance of official duties by federal judicial personnel, in which federal judicial personnel are parties.

(3)   Legal proceedings in which federal judicial personnel are to testify while in leave or off-duty status as to matters that do not arise out of the performance of official duties.  (**Note:**  These regulations do

not seek to deny federal judicial personnel access to the courts as citizens in their private capacities on off-duty time.)

(4)     Congressional requests for testimony or documents.

(5)     Requests governed by the garnishment regulations in Guide, Vol. 20, Ch. 5.

(6)     Proceedings conducted under the Judicial Conduct and Disability Act, 28 U.S.C. § § 351-364, under the authority conferred on the judicial councils of the respective federal judicial circuits by 28 U.S.C. § 332, or under the authority conferred on the Judicial Conference of the United States by 28 U.S.C. § 331.

(7)     Requests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying.

# § 820 Testimony and Production of Records

(a)     Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations.

(b)     Testimony may be taken from federal judicial personnel only at the federal judicial personnel's place of business, or at any other place authorized by the determining officer designated in § 840(b).  Additional conditions may be specified by the determining officer.  The time for such testimony should be reasonably fixed so as to avoid substantial interference with the performance of official duties by federal judicial personnel.

(c)     Nothing in these regulations should restrict in any way any defenses, objections, or privileges that may be asserted by federal judicial personnel in response to a request.

(d)     These regulations are not intended to, and do not:

(1)     waive the sovereign immunity of the United States; or

(2)     infringe upon or displace the responsibilities committed to the Department of Justice in conducting litigation on behalf of the United States in appropriate cases.

(e)     These regulations are intended only to govern the internal operation of the federal judiciary and are not intended to create, do not create, and may

not be relied upon to create any right or benefit, substantive or procedural, enforceable in law or equity against the United States or against the federal judiciary or any court, office, or personnel of the federal judiciary.

# § 830 Contents and Timeliness of a Request

(a)   The request for testimony or production of records must set forth, or must be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party, containing:

- an explanation of the nature of the testimony or records sought,

- the relevance of the testimony or records sought to the legal proceedings, and

- the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means.

(1)   This explanation must contain sufficient information for the determining officer designated in § 840(b) to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced.

(2)   Where the request does not contain an explanation sufficient for this purpose, the determining officer may deny the request or may ask the requester to provide additional information.

(b)   The request for testimony or production of records, including the written statement required by § 830(a), must be provided to the federal judicial personnel from whom testimony or production of records is sought at least 15 working days in advance of the time by which the testimony or production of records is to be required.  Failure to meet this requirement will provide a sufficient basis for denial of the request.

(c)   The determining officer designated in § 840(b) has the authority to waive the requirements of this section (i.e., § 830) in the event of an emergency under conditions which the requester could not reasonably have anticipated and which demonstrate a good faith attempt to comply with the requirements of these regulations.  In no circumstance, however, is a requester entitled to consideration of an oral or untimely request.  To the contrary, whether to permit such an exceptional procedure is a decision within the sole discretion of the determining officer.

# § 840 Identity of Determining Officer

(a)     Federal judicial personnel may not, in response to a request for testimony or the production of records in legal proceedings, comment, testify, or produce records without the prior approval of the determining officer designated below in § 840(b).

(b)     The determining officer authorized to make determinations under these regulations will be as follows:

    (1)     In the case of a request directed to a federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a current or former member of such a judge's personal staff (such as a judge's secretary, law clerk), the determining officer will be the federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge himself or herself.

    (2)     In the case of a request directed to a former federal court of appeals judge, district judge, Court of International Trade judge, Court of Federal Claims judge, bankruptcy judge, or magistrate judge, or directed to a former member of a former judge's personal staff who is no longer a court employee and thus is not covered by § 840(b)(1) or (b)(3), the determining officer will be the chief judge of the court on which the former judge previously served.

    (3)     In the case of a request directed to an employee or former employee of a court office (other than an employee or former employee covered by § 840(b)(1), such as the office of the clerk of court, the office of the circuit executive, the staff attorneys' and/or preargument attorneys' office, the probation and/or pretrial services office, and the office of the federal public defender, the determining officer will be the unit head of the particular office, such as the:

- clerk of court,
- circuit executive,
- senior staff attorney,
- chief probation officer,
- chief pretrial services officer, or
- federal public defender.

**Note:**  In these instances, the determining officer (except the federal public defender, as provided below) should, as provided by local rule or order, consult with the chief judge of the court served by the particular office regarding the proper response to a request.

The federal public defender, in the case of a request related to the defender office's administrative function (but not requests related to the defender office's provision of representation pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, and related statutes), should, as provided by local rule or order, consult with the chief judge of the court of appeals that appoints the federal public defender regarding the proper response to such a request.

(4)    In the case of a request directed to an employee or former employee of the AO, the determining officer will be the AO's General Counsel.

(5)    In the case of a request not specified in subsections (1) through (4) above (such as a request made to federal judicial personnel as defined in § 810.30 ("judicial personnel") who are not current or former judges or their staff, employees of a court office, or employees of the AO), the determining officer will be the officer designated to serve as the determining officer by the chief judge of the court served by the recipient of the request. In these instances, the determining officer (if someone other than the chief judge of the relevant court) should, if the circumstances warrant, consult with the chief judge of the relevant court regarding the proper response to a request.

## § 850 Procedure When Request Is Made

(a)    In response to a request for testimony or the production of records by federal judicial personnel in legal proceedings covered by these regulations, the determining officer may determine:

- whether the federal judicial personnel may be interviewed, contacted, or used as witnesses, including as expert witnesses, and
- whether federal judicial records may be produced, and what, if any conditions will be imposed upon such interview, contact, testimony, or production of records.

The determining officer may deny a request if the request does not meet any requirement imposed by these regulations.

In determining whether or not to authorize the disclosure of federal judicial information or records or the testimony of federal judicial personnel, the determining officer will consider, based on the following factors, the effect in the particular case, as well as in future cases generally, which testifying

or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties.

(1)     The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

(2)     Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3)     Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4)     Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

(5)     Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

(6)     Whether the request is within the proper authority of the party making it.

(7)     Whether the request meets the requirements of these regulations.

(8)     Whether the request was properly served under applicable court, administrative, or other rules.

(9)     Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10)    Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

(11)    Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

    (12)   Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

    (13)   Whether the request seeks testimony, records or documents available from other sources.

    (14)   Whether the request seeks testimony of federal judicial personnel as expert witnesses.

    (15)   Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and

        (A)   the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or

        (B)   the personnel files, records or documents sought by the request would be made available to the requester with the written consent or authorization of the current or former federal judicial officer or employee in question.

    (16)   Any other consideration that the determining officer designated in § 840(b) may consider germane to the decision.

(b)    Federal judicial personnel upon whom a request for testimony or the production of records in legal proceedings is made should promptly notify the determining officer designated in § 840(b).  If the determining officer determines, upon consideration of the requirements of these regulations and the factors listed in § 850(a), that the federal judicial personnel upon whom the request was made should not comply with the request, the federal judicial personnel upon whom the request was made should notify the requester of these regulations and must respectfully decline to comply with the request.  In appropriate circumstances federal judicial personnel may — through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable — file a motion, before the appropriate court or other authority, to quash such a request or to obtain other appropriate relief.

(c)    If, after federal judicial personnel have received a request in a legal proceeding and have notified the determining officer in accordance with this section, a response to the request is required before instructions from the determining officer are received, federal judicial personnel should notify the requester of these regulations and inform the requester that the

request is under review pursuant to these regulations.  If necessary, federal judicial personnel may — through the Department of Justice, or with the assistance of retained legal counsel if the Department of Justice is unavailable — seek a stay of the request pending a final determination by the determining officer, or seek other appropriate relief.

(d)     If, in response to action taken under § 850(c), a court of competent jurisdiction or other appropriate authority declines to stay the effect of a request pending a determination by the determining officer, or if such court or other authority orders that the request be complied with notwithstanding the final decision of the determining officer, the federal judicial personnel upon whom the request was made must notify the determining officer and must comply with the determining officer's instructions regarding compliance with the order or request.  Unless and until otherwise instructed by the determining officer, however, the federal judicial personnel upon whom the request was made must respectfully decline to comply with the order or request.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

**(EXHIBIT D)**

**From:** no-reply@mied.uscourts.gov
**Subject:** Pro Se Document Submission
**Date:** March 14, 2022 at 4:30 PM
**To:** truth@crowdsourcethetruth.org

N

# Pro Se Document Submission

Filer's Name: Jason Goodman

Filer's Email: truth@crowdsourcethetruth.org

Filer's Phone: 323-744-7594

Case Number: cv 12933-GAD-KGA

Filer's Signature: S/ Jason Goodman

---

File 1: Uploaded as "Sweigert v CNN Amicus Brief Signed to file.pdf", saved and attached as "File_1_ProSe_20220314_16_29_02_270.pdf"
Description: Motion seeking leave to file amended amicus curiae brief

File 2: Uploaded as "EXHIBIT A WITH DOCS.pdf", saved and attached as "File_2_ProSe_20220314_16_29_26_506.pdf"
Description: Exhibit A

File 3: Uploaded as "EXHIBIT B WITH DOCS.pdf", saved and attached as "File_3_ProSe_20220314_16_29_38_369.pdf"
Description: Exhibit B

File 4: Uploaded as "EXHIBIT C WITH DOCS.pdf", saved and attached as "File_4_ProSe_20220314_16_29_54_85.pdf"
Description: Exhibit C

I agree to each of the following:

1. I am intending to file the attached document(s) with the court.
2. I am not a licensed attorney, e-filer or submitting on behalf of an incarcerated party.
3. If filing a new case and paying the filing fee, the payment information will be sent in a separate email. Do not upload summons until payment of the filing has been received or directed to do so by the Court.

For technical assistance, please call (313) 234-5025.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

GEORGE SWEIGERT

          Plaintiff,

vs.

CABLE NEWS NETWORK, INC.,

          Defendant

Case No.: 20-cv-12933-GAD-KGA

**MOTION SEEKING LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF**

      Jason Goodman, pro se non-attorney, non-party to this case comes now as a friend of the Court seeking leave to file an amended Amicus Curiae brief including newly discovered, prima facie evidence of a conspiracy to commit fraud on the Court and defendant Cable News Network, Inc. ("CNN"). This fraud was aimed directly at the "judicial machinery" with the intention of disrupting the impartiality of the Court substantially preventing it from performing its tasks without bias or prejudice. The Amicus Curiae brief attached hereto contains new empirical evidence that is likely to prove that Plaintiff conspired with an officer of the Court and other third parties to commit this fraud in violation of Michigan penal code Section 750.248(1) and with the intention of affecting the outcome of this and other cases in U.S. District Courts in other states. Goodman has a unique perspective on these empirical facts that are necessary for the Court to consider in the proper service of justice in this matter.

Signed this 14th day of March 2022

_____

      Jason Goodman, Amicus Curiae, Pro Se
      252 7th Avenue Apt 6s
      New York, NY 10001
      (323) 744-7594
      truth@crowdsourcethetruth.org.

MOTION SEEKING LEAVE TO FILE AMENDED AMICUS CURIAE BRIEF - 1

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Webb Sweigert,

        Plaintiffs,

    v.

Cable News Network, Inc.,

        Defendants.

Case No. :20-cv-12933-GAD-KGA

Honorable Gershwin A. Drain

---

**AMENDED BRIEF OF *AMICUS CURIAE* JASON GOODMAN
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Pro Se

Robin Luce Herrmann (P46880)

Jennifer A. Dukarski (P74257)

Javon R. David (P78214)

BUTZEL LONG, a professional corporation

Attorneys for Defendant Cable News

Network, Inc.

41000 Woodward Avenue

Stoneridge West

Bloomfield Hills, MI 48304 (248) 258-1616

Luce-Herrmann@butzel.com

Dukarski@butzel.com

Davidj@butzel.com

## AMICUS CURIAE BACKGROUND AND INTEREST IN THE CASE

Jason Goodman ("Goodman") is a non-attorney and non-party to this case. He is the creator of internet-based news, opinion, and entertainment talk show Crowdsource the Truth. Since 2017, Goodman has been the target of cyber harassment, cyber stalking and five separate vexatious lawsuits brought about by family members and other associates of the plaintiff in this instant action. Goodman is a journalist, cinematographer, and former Hollywood visual effects expert. He is a software applications specialist with 36 years of experience in computer graphics imaging and an expert knowledge in a wide range of file formats including Joint Photographic Experts Group (JPEG) and Adobe Portable Document Format (PDF). For a period of approximately three months during 2017, Goodman collaborated with Webb on a series of video productions. Since then, Goodman has been the target of vexatious litigation emanating from the plaintiff, his brother, and their various associates. Goodman comes now as a friend of the court to share empirical evidence from the Court's own docket that is likely to prove the plaintiff and others conspired with at least one officer of the Court to make material misrepresentations and directly attack the judicial machinery with malicious intent so significant as to prevent the Court's performance of judicial tasks without bias or prejudice. Plaintiff and his co-conspirators acted in violation of Michigan penal code section 750.248(1) which states "A person who falsely makes, alters, forges, or counterfeits a public record, or a certificate, return, or attestation of a clerk of a court[,] or other property with intent to injure or defraud another person is guilty of a felony punishable by imprisonment for not more than 14 years." This illicit conspiracy made multiple forged filings under penalty of perjury with the intent to abuse the legal process, deceive the Court, defraud the defendant, and improperly involve Goodman in frivolous litigation. Goodman seeks to end the plaintiff's abuse of the U.S. District Court system and the perpetual

plague of ongoing frivolous litigation against him. Goodman has a unique perspective on the facts and evidence described herein. The proper service of justice requires the Court to fully review the evidence in this Amicus Curiae brief before rendering a final decision in this matter.

### PARTIES AND NON-PARTIES

George Webb Sweigert ("Webb") is the pro se plaintiff in this matter. Webb is not an attorney, has no legal training and has a history of filing defective, frivolous pro se cases that get dismissed; See George Sweigert v. John Podesta, et al, SWEIGERT et al v. PEREZ et al, SWEIGERT et al v. PODESTA et al, SWEIGERT v. MCCABE et al.

Cable News Network, Inc. ("CNN") is the defendant in this matter, an internationally recognized news organization that has published multiple reports highly critical of Webb.

Non-party David George Sweigert ("David") is Webb's brother (hereinafter collectively referenced as "Sweigert Brothers" or "Sweigerts"). David is not admitted to the Bar but, by his own admission has attended one semester of law school. Since 2017, David has drafted thousands of pages and made hundreds of frivolous filings in an aggressive, continuous, and ongoing campaign to harass Goodman and disrupt his ability to conduct business. David is also a retired Air Force IT specialist, professional hacker, social engineer, and author of The Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view?usp=sharing). The book is a detailed manual that describes tactics and methods for sending and receiving clandestine messages, penetrating complex computer networks, and evading detection among other things.

Non-party Richard Loury ("Loury") is believed to be the Pro Se Litigation Administrator at the Court and the Author of ECF No. 12, ECF No. 14, and ECF No. 44 in Sweigert v Cable

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF     - 3
DEFENDANT'S MOTION TO DISMISS

News Network (*See* 2-20-cv-12933-GAD-KGA) as revealed by the document properties inspector of Adobe Acrobat Professional software.

Non-party Jacquelyn Weaver ("Weaver") is an associate of David and the author of a "lawfare blog" https://trackingmeroz.wordpress.com/.  Weaver's blog is used to publish and amplify false claims made by David in privileged legal filings against Goodman.  It is also an indexed library of every case against Goodman and includes theory, commentary and case law citations used by David in harassing litigation.  Weaver is a de facto "ghost paralegal" for David and has conspired with him to harass Goodman in multiple U.S. District Courts.  Weaver is not an attorney and has no legal authority to draft briefs for litigants other than herself.

## STATEMENT OF FACTS

On October 31, 2020, Webb filed a defective, time barred defamation claim against Cable News Network ("Webb v CNN") in the Eastern District of Michigan ("MIED").  Less than one week later, Webb's brother David moved to intervene and change the venue to the Southern District of New York ("SDNY").  As Plaintiff in Sweigert v Goodman, (*See* 1:18-cv- 08653-VEC-SDA SDNY 2018) David sued Goodman for more than three years making a wide range of frivolous claims that evolved dramatically over time.  On March 1, 2022, the case was voluntarily dismissed for no stated reason.  Since then, filing activity in this instant action and in Sweigert v Goodman (*See* 2:22-cv-10002-GAD-KGA MIED 2022) has increased dramatically.  David was admonished by judge Valerie Caproni (SDNY) for his frequent, duplicative, and frivolous filings.  Now with that case concluded, coincidentally, this identical pattern of activity has emerged here.  On information and belief, Goodman alleges David is ghost writing and filing pleadings falsely claiming to be Webb, with the assistance of Loury, Weaver and possibly others.

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS                    -    4

Goodman first became acquainted with the Sweigert Brothers in 2017. Since then, he has become the target of five separate civil lawsuits in which one or both brothers have been directly involved. Goodman alleges these cases were deliberately brought about and aggravated by the Sweigerts for an improper purpose to harass Goodman and extort money from him. In addition to suing Goodman, David has attempted to intervene in or otherwise inappropriately interfere with every one of the actions against Goodman and has publicly vowed to sue Goodman for the rest of his life for no stated reason. On information and belief, Goodman alleges the Sweigert Brothers conceived of Webb v CNN for the inappropriate purpose of involving Goodman strictly to harass him and extort money. Goodman further alleges the Sweigert Brothers conspired with Loury and Weaver to improperly draft and file pleadings on behalf of Webb and to abuse and deceive the Court in an illicit effort to turn it into their own personal weapon against Goodman.

### EVIDENCE OF IMPROPER FILINGS ON THE ECF DOCKET

The document properties inspector of Adobe Acrobat Professional Software reveals that ECF No. 12, ECF No. 14 and ECF No. 44 were each authored by "RichardLoury", not pro se Plaintiff Webb as signed and sworn to under penalty of perjury. **(EXHIBIT A)**.

### ECF No. 11 and ECF No. 12

The Court was previously alerted to the unexplained and improper appearance of Loury's name embedded in the internal metadata of ECF No. 12. On a telephone call, Loury's supervisor vaguely described circumstances under which Loury might interact with litigants' documents in ways that could cause his name to become associated with document metadata, however, these circumstances do not match the documents in question. ECF No. 12 is Webb's response to a show cause order that threatened to dismiss the case for failure to serve the defendant. Webb requested additional time and two summonses with which to serve CNN and its agent of record.

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF    - 5
DEFENDANT'S MOTION TO DISMISS

The Court responded affirmatively by issuing the summonses. The document properties inspector indicates the first of two responsive summonses, ECF No. 11, was created on June 21, 2021, at 8:00 am using Dotimage PDF Encoder, modified with iText 7.1.6. **(EXHIBIT B)**

No author is named on this document. Inexplicably, the creation date of the document shows this response came more than one hour prior to plaintiff's request for it via ECF No. 12 which was created at 9:05 am on June 21, 2021. **(EXHIBIT C)**

This proves that ECF No. 12 could not have been filed by Webb because the signed summons could only have been created by someone at the Court. The request from Webb would not be known by the Court until it was filed via the Temporary Pro Se Filing web page and entered on the docket. There is no logical explanation for this temporal anomaly aside from one person creating both documents and accidentally filing them out of order on the ECF docket. If Webb properly filed ECF No. 12 on the Court's Temporary Pro Se Filing page, he would be in possession of the filing receipt as would the Court. No such evidence has been presented.

After Goodman initially raised this concern in an Amicus Brief filed July 20 2021, Webb filed a new suit against Goodman claiming the allegations were defamatory. Webb's defective complaint sought a one hundred-thousand-dollar payment and to strike the claims and evidence in the Amicus brief from the record. *See* Sweigert v Goodman 22-cv-10002-GAD-KGA. Webb offers no explanation for the anomalous filing of ECF No. 12, no explanation as to how or why Loury's name could appear on his filings, and no receipt from the Court as proof of filing.

### ECF No. 13 and ECF No. 14

ECF No. 13 is the second of two summonses issued by the Court in response to Webb's request. For no clear reason, this summons is issued the following day on June 22, 2021. It is stamped with a rubber stamp indicating the date and signed by the administrative or deputy clerk

before being entered on the docket. ECF No. 14 is the executed summons returned to the Court July 6, 2021 by Webb, signed by process server Chiquita Jackson. ECF No. 14 does not bear the rubber date stamp seen on ECF No. 13 and the clerk's signature appears in a different position on the signature line. ECF No. 14 is clearly not the same document, and the document properties inspector reveals this document was also Authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows on July 6, 2021 at 11:09 am. No receipt from the Court's Temporary Pro Se filing website has been provided. No proof of USPS delivery is included with the filing. If the document were scanned and filed electronically by Webb, he should be indicated as the author and both Webb and the Court would be in possession of a pro se electronic filing receipt from the Court website. If the document were mailed and scanned at the Court, the scan should be made in 1 bit color depth (black and white only) as is standard procedure at the court. ECF No. 14 was scanned in color by "RichardLoury" according to document metadata.

### ECF No. 44

ECF No. 44 is Webb's amended complaint. Defendant CNN has responded in opposition to the amendment and provided adequate reason to do so. The amended complaint reads like a brief drafted by a lawyer or at least someone with competence in writing legal briefs. This is a stark contrast to ECF No. 6, drafted, signed, and mailed by Webb, which reads like a non-lawyer's stream of consciousness general complaint letter and fails to form a legal claim. The document properties inspector indicates ECF No. 44 was authored by "RichardLoury" using Adobe Acrobat Distiller 17.0 for Windows. All other electronically filed documents attributed to Webb that do not bear Loury's name indicate they were created using the Skia/PDF m100 Google Docs Renderer. All documents on the ECF docket of this and other U.S. District Courts that Goodman has observed indicate they were modified using iText. This appears to be a

standardized tool used across all U.S. District Courts to add the blue stamp at the top indicating

official entry on the docket and including the case number and ECF number.  Adding the official

Court information to documents using iText does not change the name of the original author but

it does change the creation date of the document to reflect the time of the iText modification.

Goodman has verified this completely consistent behavior across numerous filings in several

U.S. District Courts including MIED, SDNY and EDVA.

## FRAUD UPON THE COURT

Fraud on the court, or fraud upon the court, refers to a situation in which a material

misrepresentation has been made to the Court with the intention to alter the outcome of a case or

otherwise inappropriately influence the adversarial process. The term could also be used to refer

to a situation in which a material misrepresentation has been made by the Court itself or an

officer thereof.  The overall defining requirement is that the impartiality of the Court has been

disrupted so significantly that it cannot perform its tasks without bias or prejudice.  Fraud on the

Court can include, but may not be limited to:

- Fraud in the service of Court summons, such as withholding a court summons from an entitled party;

- Corruption or influence of a Court member or official, such as bribery;

- Judicial fraud;

- Intentionally failing to inform the parties of necessary appointments or requirements, as an effort to impede the judicial process; and/or

- Schemes considered to be unconscionable, as they attempt to deceive or make misrepresentations through the Court system.

It is important to note that fraud on the Court only involves court officials, or officers of the court, such as judges, clerks, or court-appointed attorneys. The fraudulent activity must be directed at the "judicial machinery" itself as is the case with the alleged conspiracy to disrupt Webb v CNN. It would indeed be unconscionable if evidence on the public docket and in possession of the Court could prove Webb conspired with Loury and others to falsify and file ECF Nos. 12, 14 and 44 improperly. As Loury is an officer of the Court, any assistance given to Webb in his case against CNN would be grossly inappropriate and would undermine the Court's ability to properly adjudicate the matter. The Court must evaluate this evidence thoroughly in order to serve justice and make an unbiased determination in the case.

## CONCLUSION

For the reasons stated in Defendant's motion to dismiss and further for the foregoing reasons, Defendant's motion to dismiss should be granted. Additionally, Amicus Curiae Goodman prays the court will further investigate this matter relating to a conspiracy to defraud the Court in violation of the Michigan Penal Code Section 750.248(1) and issue whatever remedy it deems most appropriate.


Signed this 14th day of March 2022

Respectfully submitted,

_____

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

AMENDED BRIEF OF AMICUS CURIAE JASON GOODMAN IN SUPPORT OF          -   9
DEFENDANT'S MOTION TO DISMISS

**(EXHIBIT E)**

← **Tweet**

Q



**Oops I crapped my pants**
@LiberateYoutube

...

**Re**

HAPPENING NOW Jason Goodman tax cheat to be served on camera: #LIVE #TRUMP #TRUMPTOWER #NEWYORK #rally #court #trumpwatch #FreeTrump #supporters #trumparrest #protest #DonaldTrump #TRUMP2024 #maralago #Manhattan #NY #NYC #NJ #trumpsupporters  #trumprally #TrumpTower Ortel Bouzy

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

        Plaintiff,

    v.

CHRISTOPHER ELLIS BOUZY, et al.,

        Defendants.

**TAX CHEAT**

Case No. 1:21-cv-10878



**JASON GOODMAN**

**NOTICE OF DEFENDANTS BENJAMIN WITTES' AND NINA JANKOWICZ'S
MOTION FOR SANCTIONS AGAINST PLAINTIFF
<u>UNDER FEDERAL RULE OF CIVIL PROCEDURE 11</u>**



    PLEASE TAKE NOTICE that upon the annexed declarations of Nina Jankowicz and

Benjamin Wittes, dated March 2 and 6, 2023, respectively, the exhibits thereto, the accompanying

Memorandum of Law, and proceedings heretofore had herein, Defendants Benjamin Wittes and

9:45 AM · Apr 4, 2023 · **156** Views

     ⟲               ⬆

**(EXHIBIT F)**

**From: Spoliation Notice** spoliation-notice@mailbox.org
**Subject:** Re: Goodman v. Bouzy, et al. Case No. 21-cv-10878-AT-JLC
**Date:** March 28, 2023 at 7:16 AM
**To:** Trina Alcalan talcalan@patreon.com, colin@patreon.com, legal@patreon.com, copyright@patreon.com, truth@crowdsourcethetruth.org, jason@21stcentury3d.com, Liz Lockwood liz.lockwood@alilockwood.com, Berlins berlins@ballardspahr.com, mishkinm@ballardspahr.com, margaret.esquenet@finnegan.com, georg.webb@gmail.com, Spoliation Notice spoliation-notice@mailbox.org, spoliation@posteo.net
**Cc:** Ty Layton ty@patreon.com

To: Patreon

The copy of the previous subpoena was mistakenly signed by the Clerk of the Court and sent to the Patreon subscriber:

Jason Goodman dba CrowdSource The Truth dba 21st Century 3D

A new fresh subpoena will be sent to the Clerk for a correct signature and to be forwarded to the undersigned.  You will then be served with a copy.

As a courtesy to your office copies of these communications will be provided to the Internal Revenue Service in the event that Patreon is not adequately paying New York State taxes for Mr. Goodman.

It may be prudent to begin working on an audit readiness file in anticipation of IRS Civil Investigative Demands.

Best,


On 03/27/2023 10:06 AM PDT Trina Alcalan <talcalan@patreon.com> wrote:


Hello –

This is Trina from the Patreon legal department. Thank you for providing a courtesy copy of your subpoena in the above related matter. Please note that Patreon cannot respond to your request without formal service of process on our designated agent. For the most up-to-date information on our designated agent in your jurisdiction, please refer to your secretary of state's business registration database.

Best regards,
Trina Alcalan


Trina Alcalan
Senior Paralegal | Legal Operations Manager
talcalan@patreon.com

**(EXHIBIT G)**

**From:** **Spoliation Notice** spoliation-notice@mailbox.org  📎
**Subject:** Fwd: Due diligence for Patreon's newest investors
**Date:** March 29, 2023 at 8:48 PM
**To:** truth@crowdsourcethetruth.org, jason@21stcentury3d.com, colin@patreon.com, legal@patreon.com, copyright@patreon.com
**Cc:** Spoliation Notice spoliation-notice@mailbox.org, kbarrett@nea.com, pbarris@nea.com, change@nea.com, emathers@nea.com, jmakower@nea.com, ssandell@nea.com, cbryant@nea.com, snayemm@nea.com, tradingandmarkets@sec.gov, dpo@sec.gov, aberos@sec.gov, chairmanoffice@sec.gov, CommissionerPeirce@sec.gov, bwu@nea.com, Liz Lockwood liz.lockwood@alilockwood.com, richard_loury@mied.uscourts.gov, Berlins berlins@ballardspahr.com, mishkinm@ballardspahr.com, margaret.esquenet@finnegan.com, georg.webb@gmail.com, spoliation@posteo.net

DS

---

Date: 01/10/2021 7:58 PM PST
Subject: Due diligence for Patreon's newest investors

To whom it may concern:

Attached is a DRAFT federal complaint that will be filed against PATREON this week.

PATREON supports the militant extremist tax cheat Jason Goodman, seen here:

https://twitter.com/katscully1/status/1348447031342346240

This message is sent to your office under litigation privilege.

As a courtesy to you informational copies have been provided to the U.S. Securities and Exchange Commission.

Best,



D. G. Sweigert   draft-complaint
                 - Copy.pdf

**(EXHIBIT H)**

**From:** **Spoliation Notice** spoliation-notice@mailbox.org  📎
**Subject:** Fwd: Unlicensed business activity and alleged tax evasion in California
**Date:** March 29, 2023 at 8:34 PM
**To:** truth@crowdsourcethetruth.org, jason@21stcentury3d.com, legal@patreon.com, copyright@patreon.com, colin@patreon.com
**Cc:** Berlins berlins@ballardspahr.com, mishkinm@ballardspahr.com, richard_loury@mied.uscourts.gov, Liz Lockwood liz.lockwood@alilockwood.com, margaret.esquenet@finnegan.com, FTBAdvocate@ftb.ca.gov, taxevasion@cdtfa.ca.gov, Spoliation Notice spoliation-notice@mailbox.org, ATFTips@atf.gov, nyspmail@troopers.ny.gov, nysag@ag.ny.gov, NYAG.Pressoffice@ag.ny.gov, bates@televisionacademy.com, einstein@televisionacademy.com, fyc@televisionacademy.com, georg.webb@gmail.com, spoliation@posteo.net

Mr. Goodman:

Attached are the documents sent to Patreon two years ago to provide a complete briefing to that San Francisco, CA corporation on your tax cheat activities.

I fear that Patreon may be looked at as a co-conspirator in your tax fraud scheme.

Best,


---------- Original Message ----------
From: Spoliation Notice <spoliation-notice@mailbox.org>
To: "truth@crowdsourcethetruth.org" <truth@crowdsourcethetruth.org>, "FTBAdvocate@ftb.ca.gov" <FTBAdvocate@ftb.ca.gov>, "taxevasion@cdtfa.ca.gov" <taxevasion@cdtfa.ca.gov>, Spoliation Notice <spoliation-notice@mailbox.org>, "ATFTips@atf.gov" <ATFTips@atf.gov>
Cc: "nyspmail@troopers.ny.gov" <nyspmail@troopers.ny.gov>, "nysag@ag.ny.gov" <nysag@ag.ny.gov>, "NYAG.Pressoffice@ag.ny.gov" <NYAG.Pressoffice@ag.ny.gov>, "bates@televisionacademy.com" <bates@televisionacademy.com>, "einstein@televisionacademy.com" <einstein@televisionacademy.com>, "fyc@televisionacademy.com" <fyc@televisionacademy.com>, "saamail@mail.house.gov" <saamail@mail.house.gov>, "nancy@mail.house.gov" <nancy@mail.house.gov>
Date: 01/27/2021 9:44 PM PST
Subject: Unlicensed business activity and alleged tax evasion in California


To:  Jason Goodman

As a courtesy to you, the undersigned is requesting that this e-mail message be forwarded to the tax evasion squad.

Please see the attached, which will be admitted into evidence in the federal lawsuit where you appear as a defendant.

This is e-mail is transmitted under special litigation privilege.

Best,

D. Geo. Sweigert



Evidence Collection Team  msdi – Copy.pdf

**(EXHIBIT I)**



Oops I crapped my pants
@LiberateYoutube

Jason Goodman may pay $40K in sanctions Tax Cheat @NewYorkStateAG @ImperatorTruth #sdny @nypd10th #trump #jail #crime #donaldtrump #stromydaniels #crime #crimefamily #biden #china #godfather #corleone Charles Ortel Bouzy sex pervert #j6 @nypost @IRS_CI

9:09 PM · Apr 3, 2023 · **83** Views