UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jason Goodman,<br>Plaintiff,<br>Proposed Pro Se Counter-Defendant<br><br>-against-<br><br>D. G. Sweigert,<br>Defendant<br>Proposed Pro Se Counter-Plaintiff | PRO SE<br><br>21-cv-10878-AT-JLC<br><br>District Judge Analisa Torres<br><br>Magistrate Judge James L. Cott |

## NOTICE OF DEFENDANT'S MOTION FOR A JURISDICTIONAL DISCOVERY ORDER AGAINST GOOGLE, LLC. WITH SWORN STATEMENT TO PRECLUDE PERSONAL JURISDICTION

The *pro se* Defendant (Proposed Counter Plaintiff) (undersigned) files these papers to allow the Court to take notice of an attempted jurisdictional discovery subpoena. Undersigned disputes that personal jurisdiction can be conferred upon him and opposes such finding of personal jurisdiction by this Court.

April 22, 2023 (04/22/23)

*[signature: D. Sgt]*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

# NOTICE OF DEFENDANT'S MOTION FOR A JURISDICTIONAL DISCOVERY ORDER AGAINST GOOGLE, LLC. WITH SWORN STATEMENT TO PRECLUDE PERSONAL JURISDICTION

## BACKGROUND

1.   Defendant undersigned, separate and apart from submitting his response to the Plaintiff's complaint, amended complaint and associated motions, hereby submits his MOTION FOR A JURISDICTIONAL DISCOVERY ORDER AGAINST GOOGLE, LLC.

2.   This Motion is made necessary by the extensive number, scope, and content of the allegations contained in the Plaintiff's complaint, amended complaint and motions, that make it necessary to obtain additional information from GOOGLE, LLC. in order for a fair and reasonable response to be provided by the undersigned Defendant regarding jurisdictional discovery.

3.   In his complaint, amended complaint and motions, Plaintiff Goodman has raised a wide variety of complex and detailed arguments as to why this Court should exercise jurisdiction over these proceedings, and has supplemented his motions with an especially large number of "factual" presentations and documents.

4.   As the Court is aware Plaintiff Jason Goodman commenced unauthorized discovery with his first subpoena request on 03/20/2023, Dkt. 160, to Richard Loury 231 W. Lafayette Blvd. Detroit, MI 48226 for documents related to the "filing receipt for ECF No. 12 from Sweigert v Cable News Network 2:20-cv-12933-GAD-KGA from the pro se eledtronic [sic] filing web site". Mr. Goodman believes that somehow this "filing receipt" will prove a criminal conspiracy between the undersigned and Mr. Loury, an employee for the U.S. District Court serving Detroit, Michigan.

5.     In response to Mr. Goodman's subpoena, and with the understanding that discovery had commenced, the undersigned requested a subpoena as part of jurisdictional discovery on 03/22/2023, Dkt. 162, to Custodian of Records, Google LLC, D/B/A YouTube 901 Cherry Ave. San Bruno, CA 94066 for "All electronic stored information (ESI) of Copyright and/or Privacy strikes and artifacts of the the [sic] private or online status of the JASON GOODMAN and CrowdSource The Truth 8 channels. 6/14/2017 to present."

6.     The Court will recall that on 01/17/2023 Plaintiff filed an AMENDED COMPLAINT (AC) naming the undersigned as a co-defendant.  The AC uses the phrase "Goodman's business" fifteen (15) times without articulating what – exactly – is the legal entity that has been supposedly harmed.  A subpoena was requested on 03/22/2023 to command GOOGLE, LLC. aka YOUTUBE to produce records regarding the status of accounts supposedly controlled by the individual Jason Goodman, a core issue to the Plaintiff's standing to bring suit.

7.     Over the years accounts attributed to "JASON GOODMAN" on YOUTUBE include the channels "Jason Goodman", 21st Century 3D, CryptoBeeyotch, Crazy Dave's Insanitorium, Crowdsource The Truth (CSTT), CSTT 2, CSTT 3, CSTT 4, CSTT 5, CSTT 6, CSTT 7, CSTT 8, CSTT 9, Sunday with Charles, High Dive with Lee Stranahan, Ghost Town NYC, Reverse CSI with David Hawkins, and various 21st Century 3D with Jason Goodman videos, etc. (see EXHIBIT ONE).  As Google, LLC's rules prohibit the use of more than one account by a single individual it is clear that the multitude of these accounts could not have been issued to the singular individual Jason Goodman.

8.     Attached as EXHIBIT TWO is Google's boiler plate subpoena refusal form sent to the undersigned after Google agreed to be served the Dkt. 162 subpoena electronically.

9.      As stated in the attached SWORN STATEMENT, the undersigned has witnessed video productions of Mr. Goodman in which Goodman describes the use of his doing business as ("dba") "21st Century 3D" to "out smart" certain people, implying tax investigators. As clearly pointed out in Dkt. 170, Goodman's shell corporations include dba "CrowdSource The Truth", dba "21st Century 3D", dba "Multimedia Software Design, Inc." and New York charted corporation Multimedia System Design, Inc. These business entities hold the GOOGLE aka YOUTUBE accounts, not Mr. Goodman.

10.     The use of these shell corporations by Goodman indicates some fraud or other impropriety and makes it impossible for the Court to determine who the proper party that has been supposedly injured in the State of New York by the loss of these GOOGLE aka YOUTUBE accounts, which the Plaintiff refers to as "valuable social media properties".

## LAW AND ARGUMENT

11.     When a case presents questions of the appropriateness of jurisdiction or venue, early discovery is available to ascertain facts on those questions. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This case presents a clear situation where jurisdictional discovery would be appropriate.

12.     Fed. R. Civ. Proc. 45(a)(1)(A)(iii) allows the undersigned to conduct jurisdictional discovery of a non-party (GOOGLE, INC.). As stated in the attached SWORN STATEMENT the undersigned, in good faith, is attempting to establish exactly who GOOGLE, LLC is assigning YOUTUBE accounts to. It could be Goodman or one of his many shell companies or doing business as entities is the true account holder of these YOUTUBE accounts, and not Goodman individually.

13. It is impossible, without documents from GOOGLE, LLC., for the Court, and the co-defendants, to establish the proper party in this action. Goodman himself refers to "Goodman's business" fifteen (15) times in the AC (Dkt. 100), implying dba "21st Century 3D" or dba "CrowdSource The Truth".

14. "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." *Vaigasi v. Solow Mgmt. Corp.,* No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (internal quotations and citations omitted).

15. Once the requesting party has made a *prima facie* showing of relevance, "it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great American Ins. Co. of New York*, 284 F.R.D. 132, 134 (S.D.N.Y. 2012); see also *Winfield v. City of New York,* No. 15-CV-5236, 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018) ("The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive.").

16. Fed. R. Civ. Proc. 26(b)(1) provides for such reasonable discovery to establish a proper party. Under Rule 26(b)(1), a party is entitled to discover "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "This rule is liberally construed and is necessarily broad in scope." *MacCartney v. O'Dell,* No. 14-CV-3925, 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018).

17. Rule 34(a) of the Federal Rules of Civil Procedure permits a party to serve on any other party a request for documents and electronically stored information within the scope of Rule 26(b)(1) that are in its "possession, custody, or control." Rule 34(a).  The request must "describe with reasonably particularity each item or category" of documents and information sought and "specify a reasonable time, place, and manner for the inspection." Rule 34(b)(1)(A). The responding party must then produce the requested documents "or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B).

18. Jason Goodman, as a private individual, cannot represent the interests of his New York chartered corporation Multimedia System Design, Inc., the entity that has contracted with GOOGLE, INC. and the entity that owns the trademark "CrowdSource The Truth" (issued by the U.S. Patent and Trademark Office).  If Goodman is using his corporation's dba "21st Century 3D" to receive accounts from GOOGLE, LLC. that precludes Mr. Goodman's status as a litigant as well.  The Court, and the co-defendants, do not know which shell corporation Goodman has used to receive accounts from GOOGLE, LLC.

## CONCLUSION

19. The Court should ORDER that the subpoena issued and served upon GOOGLE, LLC. be promptly answered.  Certified under penalties of perjury.

April 22, 2023 (4/22/2023)

*/s/ D. Sgt*

              **D. G. SWEIGERT PRO SE DEFENDANT, C/O**
              **PMB 13339, 514 Americas Way,**
              **Box Elder, SD 57719**

## SWORN STATEMENT

1. The undersigned, being at least 18 years of age, makes this sworn statement under penalties of perjury.

2. The undersigned has witnessed video productions made by (and featuring) Mr. Goodman in which he explains the use of his "dba 21st Century 3D" to "out smart" people.

3. The undersigned states that he has in good faith attempted to resolved issues of discovery with GOOGLE, INC. and Jason Goodman informally in a cordial manner as directed by Local Rule 26.4.  However, Mr. Goodman has transmitted e-mail messages to the undersigned, in response to discovery, in which Mr. Goodman states that the undersigned is a "criminal", "belongs in prison", is "mentally ill", "should sleep on dog sh_t", is a "psychopath" etc.

4. The undersigned has attempted in a good faith and in a courteous manner to notify GOOGLE, LLC. of the need for discovery.

Certified under penalties of perjury.

April 22, 2023

*D. Sgt*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

## CERTIFICATE OF SERVICE

**It is hereby certified under the penalties of perjury that a true copy PDF file has been sent via e-mail message to the following:**

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

And

MaryKate.Brennan@finnegan.com

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

liz.lockwood@alilockwood.com

bmiddlebrook@grsm.com and jtmills@grsm.com

Certified under penalties of perjury.

April 22, 2023

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

# EXHIBIT ONE



**https://www.youtube.com/@crowdsourcethetruth8954**



**https://www.youtube.com/@21c3D**



**https://www.youtube.com/@crowdsourcethetruth9**



**https://www.youtube.com/@sundaywithcharles8140**



**https://www.youtube.com/@davidhawkinsreversecsi224**



**https://www.youtube.com/@GhostTownNYC**



**https://www.youtube.com/@highdivewithleestranahan2872**





# EXHIBIT TWO

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

March 30, 2023

*Via Email and Express Courier*
*spoliation-notice@mailbox.org*

D. George Sweigert

514 Americas Way, PMB 13339
Box Elder, South Dakota 57719

Re: *Jason Goodman v. Christopher E. Bouzy and Bot Sentinel, Inc, et al.*, United States District Court for the Southern District of New York, 1:21-cv-10878-AT-JLC (Internal Ref. No. 32417937)

Dear D. George Sweigert:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents related to the Google accounts associated with JASON GOODMAN, CrowdSource The Truth 8.

At this point, however, as set forth more fully in the objections below, Google will not produce documents in response to the Subpoena because the requests are objectionable. Google further hereby makes the following objections to the Subpoena.

Google objects to the subpoena on the grounds that it is not dated. Google further objects to the subpoena on the grounds that it does not appear to be signed. Google further objects to the subpoena on the grounds that it appears to have been issued directly by the pro se party rather than by the clerk of United States District Court for the Southern District of New York, and is therefore invalid.

**Insufficient Information**

Given the limited information provided in the Subpoena, Google objects to the Subpoena because it is unable to determine whether there is a relevant account in our records pertaining to JASON GOODMAN, CrowdSource The Truth 8. As an initial matter, Google cannot respond to your request because it fails to sufficiently identify a Google account. Google has hundreds of millions of users, making it impossible to ensure that searches based on proper name, company name, birthday, social security number, presumed location, or similar information accurately identify the correct records.

**Service**

Google objects to the Subpoena to the extent it was improperly served. *See* Fed. R. Civ. P. § 45(b)(1).

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

**Obligations of Parties to Litigation**

    Google objects to the subpoena because it would impose an undue burden to Google, a nonparty to the litigation. See Fed. R. Civ. P. 45(d)(1). All the information available to Google is equally available to the holder of an active account. Since the account in question appears to belong to a party-opponent in the litigation, a third-party subpoena is not justified. See Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed. Cir. 1993) (upholding refusal to enforce subpoena issued to non-party where same documents were available from party opponent); Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996) ("If documents are available from a party," it is "preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness.") (internal alterations and citation omitted); Musarra v. Digital Dish, Inc., No. 2:05-CV-545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008) ("[T]he Court will not impose on this non-party the burden of producing documents presumably available to plaintiffs from a party to this litigation."); Calcor Space Facility, Inc. v. Superior Court, 53 Cal. App. 4th 216, 225 (1997) ("As between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.").

    To the extent these records are sought to verify the completeness or accuracy of discovery from a party to the litigation, the Federal Rules of Civil Procedure do not permit third-party subpoenas for hypothetical impeachment evidence. See, e.g., Cusumano v. Microsoft Corp., 162 F.3d 708, 712 (1st Cir. 1998) (affirming the trial court's denial of a Rule 45 subpoena where the information was sought "for purposes akin to impeachment."); Musarra, 2008 WL 4758699, at *3-4 (rejecting plaintiff's request for non-party discovery to "compare[] and contrast[]" with defendants' production). If you have reason to suspect that another party has not complied with their discovery obligations, you have other means available that do not place an undue burden on a third party. For example, you can request that the other party produce account data while under supervision by the court or by a special master or obtain the services of an e-discovery consultant. See, e.g., Seven Seas Cruises S. De R.L. v. V. Ships Leisure SAM, No. 09-23411-CIV, 2011 WL 772855, at *7 (S.D. Fla. Feb. 19, 2011), report and recommendation adopted, No. 09-23411-CIV, 2011 WL 772902 (S.D. Fla. Feb. 28, 2011) (granting a motion to compel after finding that defendant's production contained significant gaps, and ordering defendant to "retain the services of a qualified third party E-Discovery consultant or vendor and perform a search."). See also Logtale, Ltd. v. IKOR, Inc., No. C-11-05452 CW (DMR), 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (noting "obvious gaps and underproduction," and suggesting that, if there were "continuing problems. . . the court [would] order [defendants] to retain the services of an e-discovery vendor and . . . submit sworn, detailed declarations regarding their document preservation and collection efforts.").

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.
2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.
3. Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

    notice to the user.
4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.
5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.
6. Google further objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

    Google reserves the right to further object to the Subpoena in any additional response.

    If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

                Very truly yours,
                 /s/  Aamir Hasnat
                 Legal Investigations Support