IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                Plaintiff,

v.

CHRISTOPHER ELLIS BOUZY, et al.,

                Defendants.

Case No. 1:21-cv-10878

**DEFENDANTS BENJAMIN WITTES' AND NINA JANKOWICZ'S REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

    Plaintiff's claims against Movants Benjamin Wittes and Nina Jankowicz lack any legal basis, are unmoored from fact and reality, and are not a legitimate use of the legal system but rather made for purposes of harassment. Indeed, that Plaintiff did not even bother to respond to Movants' motion to dismiss underscores the frivolity of his Amended Complaint. Rule 11 exists precisely for this reason: to protect litigants like Movants from groundless complaints and vexatious litigants like Plaintiff.

    For the reasons set forth in Movants' opening brief, and bearing in mind the need to protect the orderly administration of justice while preserving access to the judicial processes, sanctions are appropriate and should include a pre-filing injunction and an award of attorneys' fees and costs. Rather than respond to Movants' legal arguments on these issues, Plaintiff's opposition brief recounts a series of outlandish conspiracy theories—for example, that former President Barack Obama and U.S. District Judge Valerie Caproni conspired "to merge the U.S. Government and more specifically the FBI with Twitter," Opp. to Mot. for Sanctions at 5-6, ECF No. 184 (hereafter,

1

"Opp."). He therefore has forfeited any such response; while a *pro se* plaintiff's filings should be liberally construed, failure to respond to an argument altogether results in a waiver. Movants therefore respectfully request that the Court grant their motion for sanctions, ECF Nos. 171, 172.

## ARGUMENT

**I.     SANCTIONS ARE APPROPRIATE UNDER RULE 11 AND THE COURT'S INHERENT AUTHORITY.**

As Movants explained in their Motion, all parties, including those proceeding *pro se*, are bound by Rule 11, and thus must ensure that (1) any pleading they file is not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) the claims they assert are warranted by law; and (3) any factual contentions they assert "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* Mem. in Supp. of Mot. for Sanctions at 2, ECF No. 172 (hereafter "Mem.") (quoting Fed. R. Civ. P. 11(b)(l)-(3)). Although a violation of any one of these provisions of Rule 11(b) suffices to warrant sanctions, Movants explained that Plaintiff's complaint violates all three, *see* Mem. 2-5, and also separately moved to dismiss the Amended Complaint in its entirety for failure to state a claim, *see* Mot. to Dismiss, ECF No. 154. Plaintiff declined to file any response to Movants' motion to dismiss, thus waiving wholesale his opportunity to defend his claims.[1] And while he purports to oppose this Motion for Sanctions, Plaintiff does not respond at all to Movants' arguments as to subsections (2)

---

[1] Plaintiff's failure to oppose Movants' motion to dismiss, ECF No. 154, is a complete waiver of any opposition to dismissal and sufficient basis to grant that motion. *See, e.g.*, *Seabrook*, 2020 WL 5764370, at *5; *Candell*, 2019 WL 2173797, at *3. Moreover, despite having alleged in his complaint that Ms. Jankowicz committed wire fraud by "knowingly transmit[ing] fraudulent privacy complaint[s]" to Twitter with "malicious intent," Am. Compl. ¶¶ 60-61, ECF No. 100, Plaintiff now concedes that he has no idea who made the alleged Twitter report in question, speculating that perhaps instead it was "made by Sweigert." Opp. 7. Rule 11 exists precisely so that parties cannot make allegations without any basis in fact, as Plaintiff has done here.

and (3) of Rule 11(b)—namely, that his claims lack any basis in law or evidentiary support—and thus (once again) waives any such response. Each waiver provides an independent basis for this Court to impose sanctions under Rule 11(c). Finally, while Plaintiff protests that his claims against Movants were not filed for purposes of harassment, his response on this front simply regurgitates many of the conspiracy theories that pepper his complaint (while adding some new ones), underscoring the baselessness of his claims.

### A. Plaintiff Has Waived Any Response To Movant's Arguments That The Complaint Lacks Any Basis In Law Or Fact, In Violation Of Rule 11(b)(2) and (3).

"A Plaintiff effectively concedes a defendant's arguments by his failure to respond to them."[2] *Felske v. Hirchmann,* No. 10 Civ. 8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012). "This is also true for *pro se* plaintiffs." *Candell v. Shiftgig Bullpen Temp. Emp. Agency*, No. 17 C 3620, 2019 WL 2173797, at *3 (N.D. Ill. May 20, 2019) (citation omitted, cleaned up). *See also Seabrook v. United States*, No. 16CV1676, 2020 WL 5764370, at *5 (S.D.N.Y. Sept. 27, 2020) (Cott, M.J.) ("Although pro se pleadings are to be construed liberally, [plaintiff's] pro se status does not exempt him from this court's waiver rules."). "Although courts liberally construe a *pro se* plaintiff's filings, a complete failure to respond to an argument results in a waiver." *Candell*, 2019 WL 2173797, at *3. *See also Villanueva Echon v. Sackett*, 809 F. App'x 468 (10th Cir. 2020) (*pro se* litigants waived objection to sanctions order by failing to object to portion of magistrate judge's report and recommendations imposing sanctions); *U.S. ex rel. White v. Apollo Grp., Inc.*,

---

[2] *See also Rosenblatt v. City of New York,* No. 05 Civ. 5521, 2007 WL 2197835, at *7 (S.D.N.Y. July 31, 2007) ("Plaintiff effectively concedes defendants' other arguments . . . by her failure to respond to them."); *Burton v. Niagara Frontier Transp. Auth.,* No. 11–cv–00971, 2013 WL 3423754, at *6 (W.D.N.Y. July 8, 2013) (a plaintiff "effectively concedes [ ] defendant's arguments by his failure to respond to them") (internal quotation marks omitted); *Miles v. Walawender,* No. 10–CV–00973, 2013 WL 1908304, at *1 (W.D.N.Y. May 7, 2013) ("Plaintiff's opposing Memorandum of Law does not respond to this argument, and effectively concedes these arguments by his failure to respond to them.").

223 F. App'x 401, 401–02 (5th Cir. 2007) (*pro se* litigant waived any argument as to propriety of Rule 11 sanctions because "[a]lthough pro se briefs are afforded liberal construction . . . arguments must be briefed to be preserved").[3] Here, Plaintiff does not respond at all to Movants' arguments that the complaint is both legally and factually groundless, in violation of Rule 11(b)(2) and (3), and thus waives any such response. That he filed no opposition at all to Movants' earlier-filed motion to dismiss, ECF No. 154—while at the same time refusing to withdraw his claims against Movants in response to their Rule 11 request, *see* Mem. at 2 (describing compliance with Rule 11(c)(2)'s 21-day safe harbor provision)—further highlights the frivolity of his claims. Because "Fed. R. Civ. P. 11(c) allows a court, upon timely motion after notice and a reasonable opportunity to respond, to impose sanctions on a party for filing a pleading which violates ***any of the provisions of Rule 11(b)***," *Schwartz v. Nordstrom, Inc.*, No. 94-civ-1005, 1994 WL 584676, at *3 (S.D.N.Y. Oct. 25, 1994) (emphasis added), the "Court could grant the [ ] Motion on that basis alone," *Burt*, 2018 WL 6019590, at *5.

### B. Plaintiff's Claims Against Movants Are An Escalation of His Campaign Of Extra-Judicial Harassment Against Them, In Violation Of Rule 11(b)(1).

That Plaintiff's complaint lacks any basis in law or fact in violation of Rule 11(b)(2) and (3) gives this Court two independent bases—either of which is sufficient—to grant this Motion.

---

[3] *See also more generally, e.g.*, *Simmons v. Vill. of Minier*, No. 20-CV-1357, 2021 WL 5067441, at *2 (C.D. Ill. Nov. 1, 2021) (granting motion to dismiss and noting that "[l]itigants, both pro se and counseled, waive arguments by failing to respond to alleged deficiencies in a motion to dismiss") (citation omitted); *Burt v. U.S. Dep't of Veterans Affs. - Off. of Gen. Couns.*, No. 118CV01538, 2018 WL 6019590, at *5 (S.D. Ind. Nov. 16, 2018) (where *pro se* plaintiff failed to respond to arguments in motion to dismiss, arguments are deemed waived) (citations omitted); *Hoeft v. Eide*, No. 17-CV-2526, 2018 WL 6991103, at *10 (D. Minn. Oct. 25, 2018), report and recommendation adopted, No. CV 17-2526, 2018 WL 6523450 (D. Minn. Dec. 12, 2018), aff'd, 784 F. App'x 967 (8th Cir. 2019) ("Even when a party is pro se, courts will find that a plaintiff waived his claim(s) when he did not respond to arguments in the defendant's pleadings.") (collecting cases).

4

*See Schwartz*, 1994 WL 584676, at *3. *See also Maloney v. Cnty. of Nassau*, 623 F. Supp. 2d 277, 295 (E.D.N.Y. 2007), *order clarified on reconsideration*, No. 03-CV-4178, 2009 WL 922064 (E.D.N.Y. Mar. 31, 2009) (the "Court can impose sanctions if it determines that **any** of the provisions of Rule 11(b) have been violated") (emphasis added). But the baselessness of Plaintiffs' claims against Movants also suggests that he filed his complaint for purposes of harassment, which supplies yet another reason to impose sanctions. *See* Fed. R. Civ. P. 11(b)(1) (a pleading must not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

Plaintiff insists that he "has not harassed" Movants, Opp. 3-4 & 6-8, but ultimately admits many of the material facts to which Mr. Wittes and Ms. Jankowicz attested in their declarations, including that he repeatedly publicly accused Mr. Wittes of being involved in and covering up a murder, *id.* at 3 & Ex. A; threatened to appear at one of Mr. Wittes' scheduled public appearances, *id.* at 4; and repeatedly contacted Ms. Jankowicz despite her requests that he stop, *id.* at 7-8. Plaintiff also does not contest that he has made more than 80 video livestreams and other public posts on various social media platforms that disparagingly reference Ms. Jankowicz, including highlighting an archived website written by a third-party that promoted antisemitic conspiracies about Ms. Jankowicz and published her home address, *see* Jankowicz Decl. ¶¶ 4-5, ECF No. 172-1, or that he has attempted to uncover and publish details of Ms. Jankowicz's personal life, including about her husband and infant, *id.* And while Plaintiff hypothesizes that Ms. Jankowicz's success in obtaining a protective order against him from the Arlington General District Court in Arlington, Virginia is part of yet another far-reaching conspiracy against him, what that protective order instead shows is that a judge was satisfied that Plaintiff posed a threat to Ms. Jankowicz and

5

her family.[4] *See* Mem. 3; Jankowicz Decl. ¶¶ 6-7 & Attach. B, ECF No. 172-1 (ordering that Mr. Goodman must remain at least 100 feet away from Ms. Jankowicz's residence at all times and must "surrender, sell, or transfer any firearm" he possesses, among other things). Likewise, while Plaintiff tries to downplay his harassment of Mr. Wittes as akin to spirited public debate, the reality is more sinister: Plaintiff has repeatedly publicly accused Mr. Wittes of being involved in and covering up a murder, and the prospect of Plaintiff appearing at an event where Mr. Wittes was scheduled to speak apparently was a sufficient threat that the university where the event took place deemed it necessary to hire security. *See* Wittes Decl. ¶¶ 3-7, ECF No. 172-2.

Plaintiff otherwise makes no attempt to respond to Movants' arguments, instead devoting most of his brief to asserting a host of conspiracy theories, including, for example, that (i) "Chris Bouzy is an internet hit man in service of Wittes," Opp. 5; (ii) "former President Barack Obama . . . and Judge Valerie Caproni devised and executed a scheme in violation of the [U.S. Constitution] and several state and federal laws, to merge . . . the FBI with Twitter," *id.* at 5-6; (iii) "Goodman's allegations against [Judge Caproni] are [ ] currently being evaluated by Congress"; and (iv) Judge Caproni is likely to be "implicated in crimes against the people of the United States," *id.* at 10-11. Because these outlandish accusations do not respond to Movants' arguments about why Rule 11 sanctions are appropriate, Movants do not address their substance here. If anything, Plaintiff's opposition brief simply demonstrates that Plaintiff is willing to say just about anything in a pleading signed under his name—without any factual basis—and make serious (if frivolous) accusations about anyone he believes has wronged him in some way. This is yet another reason

---

[4] Plaintiff alleges (again without any basis) that Ms. Jankowicz was "assist[ed]" in pursuing the protective order against him by undersigned counsel, as well as Mr. Wittes and George Sweigert, and "filed a police report with the Arlington PD containing false claims calculated to harm Goodman." Opp. 3-4. This is false.

why sanctions are not only appropriate but necessary. At some point, enough is enough. *See* Mem. 4-5 (collecting cases showing that courts in this Circuit and elsewhere have not hesitated to impose Rule 11 sanctions on pro se litigants for initiating frivolous and harassing lawsuits).

## II. A FILING INJUNCTION AND AN AWARD OF FEES AND COSTS IS APPROPRIATE.

Because Plaintiff's refusal to dismiss his baseless claims against Mr. Wittes and Ms. Jankowicz violates Rule 11(b), sanctions are warranted. For the reasons set forth in Movants' opening brief, incorporated by reference here, Mem. 5-12, Movants respectfully request that the Court enter an order: (a) enjoining Plaintiff from filing in this District any additional documents on the docket for this case that relate to Mr. Wittes or Ms. Jankowicz; (b) enjoining Plaintiff from filing in any federal district court any action against Mr. Wittes or Ms. Jankowicz related to the subject matter of this case; (c) enjoining Plaintiff from filing any new *pro se* action against Mr. Wittes or Ms. Jankowicz in any federal district court without first obtaining leave of that court; and (d) ordering that Plaintiff pay the fees and costs Movants incurred in defending against this action and litigating this sanctions motion.

As Movants explained in their opening brief, courts in this Circuit generally consider five factors to determine whether a pre-filing injunction is warranted: (1) the litigant's history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits; (2) whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *See* Mem. 5-12 (collecting cases & discussing factors). Factors

two through five are uncontested and therefore conceded.[5] And while Plaintiff protests that he is not a vexatious litigant (factor one), his conduct in this litigation and the other cases in which he has been involved shows his willingness to abuse the legal process and utter disregard for "the orderly administration of justice." *Mackler Prods., Inc. v. Cohen*, 146 F.3d 126, 129 (2d Cir. 1998) ("The power to impose sanctions" is "rooted in the courts' "inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal," and/or "provided by statutes and rules designated to implement the power") (citing Rule 11 and collecting cases). *See also* Mem. 7-8 (noting that Magistrate Judge Aaron issued a filing injunction against Plaintiff based on his refusal to heed the court's prior warnings about making unapproved filings).

Movants here are innocent third parties who Plaintiff has unjustly targeted in an effort to extort settlement amounts or suppress their speech with the threat of treble damages and attorneys' fees. *Id.* at 8. In such instances, courts act

> not only as an arbiter of a dispute between private parties but also in defense of the means necessary to carry out our constitutional function. In such circumstances, the power to act against vexatious litigation is clear. As we previously have stated: [t]he United States Courts are not powerless to protect the public, including litigants . . . from the depredations of those ... who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.

*In re Martin-Trigona*, 737 F.2d at 1262 (quoting *In Re Hartford Textile Corp.,* 659 F.2d 299, 305 (2d Cir. 1981), *cert. denied,* 455 U.S. 1018 (1982). Plaintiff's frivolous and harassing litigation antics have caused needless expense to all of the named parties in this action and an unnecessary burden on the Court.

---

[5] Plaintiff has titled a section of his opposition brief, "Goodman Should Not Be Enjoined," but the content of that section has nothing to do with Rule 11 or whether a pre-filing injunction is appropriate; rather, it advances a series of conspiracy theories involving George Sweigert, Judge Caproni, and the National Academy of Television Arts and Sciences. *See* Opp. 8-10. Plaintiff thus has waived any response to Movants' arguments about what type of sanctions should be imposed. *See, e.g.*, *Seabrook*, 2020 WL 5764370, at *5.

Nor have Plaintiff's harassing tactics been confined to this Court or the parties in this case. For example, Plaintiff recently issued a subpoena to a clerk of the U.S. District Court for the Eastern District of Michigan, Richard Loury, who Plaintiff claims has conspired with the Sweigerts to "forge and file a document" on a federal court docket, and has demanded that the court clerk "appear at a show cause hearing" to answer questions under oath. *See* Pl.'s Request for Jud. Notice of Richard Loury's Response to Subpoena at 1-2, ECF No. 176. He subsequently issued a second "Request for Judicial Notice" requesting to subpoena Twitter, Inc. for "all direct messages (DM) sent or received to or from the Twitter account of [U.S. District Court clerk Richard Loury] from March 2014 – June 22, 2021." *See* Pl.'s Request for Jud. Notice at 1-2, ECF No. 191 (again accusing a federal court clerk of forging federal court documents). Plaintiff has also made filings falsely contending that undersigned counsel conspired with Movants and George Sweigert to submit false statements to police and to the court that issued the protective order against Plaintiff. *See* Pl.'s Request for Jud. Notice & Evidentiary Hr'g, ECF No. 163.[6]

Plaintiff should not be permitted to continue "harass[ing] others, clog[ging] the judicial machinery with meritless litigation, and abus[ing] already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986). *See also In re Martin-Trigona*, 737 F.2d at 1262. In the absence of the requested sanctions, there is little doubt that Plaintiff will continue his pattern of adding new defendants to frivolous lawsuits and initiating new cases before

---

[6] As noted in Movants' opening brief, Mem. at 8 & n.4, Plaintiff's "acrimonious and vexatious litigation practices" have been adjudicated by other federal courts, including as it relates to court personnel. See Order Enjoining Defendant From Contacting Court Personnel And Family at 2, *Sweigert v. Goodman*, No. 22-cv-10002 (E.D. Mich. Feb. 11, 2022), ECF No. 12 (enjoining Goodman from "obtain[ing] the personal cellular and home phone numbers of Court staff and their family members and contact[ing] them outside of Court business hours"); Order Striking Filings at 3, *Sweigert v. Multimedia Sys. Design, Inc.*, No. 2:22- cv-10642 (E.D. Mich. July 20, 2022), ECF No. 46 (noting that "Goodman continues to engage in this inappropriate behavior in this case, despite the Court's command that [he] stop making harassing phone calls to Court personnel").

courts that have yet to become familiar with his antics. A contrary result also would be unfair to Movants, who have been forced to expend resources defending groundless claims. *Baasch v. Reyer*, 827 F. Supp. 940, 944 (E.D.N.Y. 1993). *See also* Mem. 12.

## CONCLUSION

For the foregoing reasons and those set forth in their Motion & Memorandum of Law, ECF Nos. 171 & 172, Movants respectfully request that the Court enter an order:

A. finding that Plaintiff has violated Rule 11;

B. dismissing Plaintiff's Amended Complaint with prejudice;

C. enjoining Plaintiff from filing: (i) any additional documents on the docket for this case relating to Mr. Wittes or Ms. Jankowicz; (ii) any action against Mr. Wittes or Ms. Jankowicz in any federal district court related to the subject matter of this case; and (iii) any new *pro se* action against Mr. Wittes or Ms. Jankowicz in any federal district court without first obtaining leave of that court;

D. awarding Movants reasonable attorneys' fees and expenses incurred in defending this action as a result of Plaintiff's Rule 11 violations; and

E. granting any other relief the Court deems appropriate.

Dated: April 28, 2023

Respectfully submitted,

*/s/ Elizabeth C. Lockwood*
Elizabeth C. Lockwood
ALI & LOCKWOOD LLP
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
(202) 651-2477
liz.lockwood@alilockwood.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2023, I caused true and correct copies of the foregoing Memorandum to be served electronically via ECF on the following:

Seth D. Berlin
Maxwell Mishkin
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1122
berlins@ballardspahr.com
mishkinm@ballardspahr.com

Brian Edward Middlebrook
John Tyler Mills
Gordon Rees Scully Mansukhani LLP
1 Battery Plaza, 28th Floor
New York, NY 10004
(212) 269-5500
bmiddlebrook@grsm.com
jtmills@grsm.com

Mary Catherine Brennan
Finnegan, Henderson, Farabow, Garrett
& Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-3770
MaryKate.Brennan@finnegan.com

I additionally certify that on the 28th day of April, 2023, I caused true and correct copies of the foregoing Memorandum to be served via email and U.S. Mail First Class on the following:

Mr. Jason Goodman
252 7th Ave., Apt. 6S
New York, NY 10001
truth@crowdsourcethetruth.org

Mr. George Webb Sweigert
209 St. Simons Cove
Peachtree City, GA 30269
Georg.webb@gmail.com

Mr. David George Sweigert
Mailbox, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

By: */s/ Elizabeth Lockwood*