UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. G. Sweigert,<br>Defendant,<br>Conditional Pro Se Counter-Plaintiff<br><br>-against-<br><br>Jason Goodman,<br>Plaintiff,<br>Conditional Pro Se Counter-Defendant | PRO SE<br><br>21-cv-10878-AT-JLC<br><br>District Judge Analisa Torres<br><br>Magistrate Judge James L. Cott |

**DEFENDANT'S MOTION PURSUANT TO F.R.C.P. RULE 12(f)
TO STRIKE PLAINTIFF'S DKT. 176 "REQUEST FOR JUDICIAL NOTICE"**

The *pro se* Defendant-Counter Plaintiff (undersigned) files these papers without recognizing the Court's potential jurisdiction over the undersigned.

April 30, 2023 (4/30/2023)

*[signature]*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

## DEFENDANT'S MOTION PURSUANT TO F.R.C.P. 12(f) TO STRIKE PLAINTIFF'S DKT. 176 "REQUEST FOR JUDICIAL NOTICE"

**1.** Defendant undersigned, separate and apart from submitting his response to the Plaintiff's complaint, amended complaint and associated motions, hereby submits his **MOTION PURSUANT TO F.R.C.P. RULE 12(f).**

2. This Motion is made necessary by the extensive number, scope, and content of the allegations contained in the Plaintiff's complaint, amended complaint and motions, and "requests for judicial notice" that make it necessary to strike outrageous materials designed to create a prejudicial atmosphere against the undersigned, while at the same time creating more social media cannon fodder for the Plaintiff's Q-Anon ultra-right broadcasts that feature unending conspiracy theories.

3. In his latest vexatious pleading "REQUEST FOR JUDICIAL NOTICE", Dkt. 176, Plaintiff Goodman has raised a wide variety of complex and detailed arguments as to why the undersigned should be held as a criminal for supposedly conspiring with the Clerk of the Court for the U.S. District Court serving Detroit, Michigan.

4. Mr. Goodman has turned the use of a Request for Judicial Notice on its ear, with the inclusion of conclusory statements, legal arguments, impertinent scandalous gossip and inappropriate editorial opinion.  For example:

> Page 5 of Dkt. 176
>
> Based on his obsessive stalking of Goodman in both cyber space and the real world, and his psychotic obsession with suing Goodman, Goodman can only conclude that Sweigert is a dangerous, mentally ill individual who poses a direct and imminent threat to Goodman's safety and needs to be isolated from Goodman and prevented from harassing Goodman in perpetuity.

5.  As Mr. Goodman recently informed the undersigned, and all counsel, via e-mail message:

> Date: 04/19/2023 2:09 PM PDT
>
> Subject: Re: Complaint against Colin Sullivan Bar no. 285203
>
> You know Sweigert, there is a balance to life. You cannot be the horrendous menace to the public that you are and not have the universal pendulum of karma swing back at you and deal a crushing blow. I do not need to say or do anything. You are such a horrible person, going around filing bar complaints against individuals who haven't harmed you as a regular practice just to be vindictive. The universe will conspire to continue to make your life miserable because you are miserable and all you do is propagate misery. No matter what happens in this litigation and no matter what becomes of me, you will rot in hell for the misery you bring to others here on earth. On the day you arrive there, George Henry will undoubtedly punch you right in the face and make you go to your chamber. Maybe you should request a hearing about proper etiquette in litigation correspondance so we can discuss all this with the Judge you psychotic miscreant.

6.  Clearly Mr. Goodman holds a deep personal animus against the Defendant, who was forced to file ethics complaints with certain bar associations to protect his reputation as Mr. Goodman accused the undersigned and certain attorneys of felony wire fraud, criminal conspiracy to forge documents submitted to a court and committing perjury.  The undersigned is compelled by his professional ethics to report such claims to professional boards and associations when there are allegations of gross misconduct (as we have here).  These are just unfortunate downstream consequences of Mr. Goodman's continued merger of social media podcasts with his brand of "counter lawfare" which plays out in this Court.  The question is, why is Mr. Goodman not filing bar complaints against attorneys he has accused of felony perjury instead of blaming the Defendant for doing so?

**LAW AND ARGUMENT**

7. F.R.C.P. Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f); see 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 465 (2004) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.") (footnote omitted); 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted).

8. While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 466-67 (2004);2 see *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.") (citation omitted).

9. The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); see also *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156

F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.,* 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

## **CONCLUSION**

For the reasons stated above, the Court should strike Plaintiff's Dkt. 176 in its entirety.

Certified under penalties of perjury.

Signed this 30th day of April 2023 (4/30/2023).

*D. Smt*   **PRO SE DEFENDANT**

## CERTIFICATE OF SERVICE

**It is hereby certified under the penalties of perjury that a true copy PDF file has been sent via e-mail message to the following:**

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

liz.lockwood@alilockwood.com

margaret.esquenet@finnegan.com and MaryKate.Brennan@finnegan.com

bmiddlebrook@grsm.com and jtmills@grsm.com

Certified under penalties of perjury.

Signed this 30th day of April 2023 (4/30/2023).

*D. S—t*   **PRO SE DEFENDANT**