# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **D. G. Sweigert,**<br>**Defendant,**<br>**Conditional Pro Se Counter-Plaintiff**<br><br>              **-against-**<br><br>**Jason Goodman,**<br>**Plaintiff,**<br>**Conditional Pro Se Counter-Defendant** | **PRO SE**<br><br><br>**21-cv-10878-AT-JLC**<br><br>**District Judge Analisa Torres**<br><br>**Magistrate Judge James L. Cott** |

## DEFENDANT'S OBJECTION
## TO PLAINTIFF'S DKT. 179 "REQUEST FOR JUDICIAL NOTICE"

---

The *pro se* Defendant-Counter Plaintiff (undersigned) files these papers without recognizing the Court's potential jurisdiction over the undersigned.

April 30, 2023 (4/30/2023)

**D. G. SWEIGERT PRO SE DEFENDANT, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**

## DEFENDANT'S OBJECTION
## TO PLAINTIFF'S DKT. 179 "REQUEST FOR JUDICIAL NOTICE"

**1.**    Defendant undersigned, separate and apart from submitting his response to the Plaintiff's complaint, amended complaint and associated motions, hereby submits his **OBJECTION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE, Dkt. 179.**

2.    This Motion is made necessary by the extensive number, scope, and content of the allegations contained in the Plaintiff's complaint, amended complaint and motions, and "requests for judicial notice" that make it necessary to object to the Plaintiff's abuse of the "Request for Judicial Notice" process to inject outrageous materials designed to create a prejudicial atmosphere against the undersigned, while at the same time creating more social media cannon fodder for the Plaintiff's Q-Anon ultra-right wing broadcasts that feature unending conspiracy theories.

3.    Plaintiff is trying to sidestep his burden of proving that his exhibits are admissible by asking this court to take judicial notice of essentially a dozen irrelevant "exhibits" that do not conform to the Federal Rules of Evidence (F.R.E.).

4.    In his latest vexatious pleading "REQUEST FOR JUDICIAL NOTICE", Dkt. 179, Plaintiff Goodman has raised a wide variety of complex and detailed arguments as to his theory that attorneys representing certain defendants have "ghost written" documents for the undersigned.  These speculative accusations are 100% untrue.

5.    Mr. Goodman has turned the use of a Request for Judicial Notice on its ear, with the inclusion of conclusory statements, legal arguments, impertinent scandalous gossip and inappropriate editorial opinion.  For example:

Page 2 of Dkt. 179

**2. Ghost Writing Pleadings for Pro Se Defendant David George Sweigert**

On or about March 1, 2023, defendant David George Sweigert ("Sweigert") filed a NOTICE OF DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS (ECF No 143). This filing is notable because it contains a dramatically larger number of case law citations than any previous filing Sweigert has made since 2017. The filing is also notable that it goes to great lengths to defend Sharp and oddly, non-party the National Academy of Television Arts and Sciences ("NATAS"). The pleading conspicuously does not mention ATAS, the actual named defendant in this matter. This is particularly notable because Esquenet defended NATAS and Sharp in a contentious prior case against Goodman. Sharp is the CEO of NATAS and Goodman alleges Sharp illegally utilized tax exempt NATAS funds to sue Goodman for an ulterior and improper purpose. An appeal of that case is pending in the Second Circuit Court (Docket #: 22-592cv). Sharp is CEO of NATAS, but NATAS has not been sued in this matter. These outstanding and highly unusual aspects of Sweigert's pleading, as well as past behavior by the collective parties, and additional evidence of ongoing racketeering activity, cause Goodman to allege that Esquenet and her associates at Finnegan, Henderson, Farabow, Garret & Dunner, LLP ("Finnegan") ghost wrote the pleading on Sweigert's behalf in an effort unjustly affect the outcome of this case and to avoid hiring counsel or filing a notice of appearance on her own behalf.

6.      The Defendant hereby swears under the penalties of perjury that he received no assistance whatsoever from any attorney to fashion the pleading papers that Mr. Goodman cites in the above passage.  Further:

Page 4 of Dkt. 179

An attempt was made to serve Esquenet, however the process server was confused when he arrived at Finnegan's Washington DC office building because no suite number was provided. Prior to the Washington DC process server's second attempt to serve Esquenet, and in apparent response to the service upon Sharp, Mary Ann Brennan ("Brennan") one of Esquenet's associates at Finnegan who is suspected of assisting Sweigert in ghost wringing pleadings, filed a notice of appearance (ECF No. 173) and the appropriate waivers.

7.     Again, the Defendant states under the penalties of perjury that he has received no assistance in preparing pleading papers from any attorney.  Not only are the above "facts" in dispute, they are 100% untrue and foundationless.

## LAW AND ARGUMENT

8.     The Federal Rules of Evidence ("FRE") only govern judicial notice of an adjudicative fact, and not a legislative fact. Fed. R. Evid. 201(a).  Adjudicative facts are the facts of the particular case that would go to the <u>trier of fact</u>. Whereas legislative facts "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." See Advisory Comm. Note (a) to Fed. R. Evid. 201(a).

9.     Under the FRE, the court may only judicially notice a fact that is not subject to <u>reasonable dispute</u> because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).

10.     Whether something is an adjudicative or legislative fact depends on the manner in which it is used.  For example, a legal rule may be a proper adjudicative fact for judicial notice if offered to establish the factual context of the case, but not to state the governing law, i.e. a legislative fact.  See *Toth v. Grand Trunk R.R.,* 306 F.3d 335 (6th Cir. 2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.").

11.     The Second Circuit has held that "[W]hen facts or opinions found in historical materials or secondary sources are disputed, it is error to accept the data (however authentic) as evidence_._._._, at least without affording an opposing party the opportunity to present information which might challenge the fact or the propriety of noticing it." *Oneida Indian*

4

*Nation of New York v. State of New York* 691 F.2d 1070, 1086 (parentheses in original).  In the case of *Oneida*, the lower court had to interpret voluminous historical documents, and had taken judicial notice of "pertinent individual records, notes, correspondence, histories, articles and other data…" *Oneida*, 691 F2d, at 1086.

12.     In its opinion, the Second Circuit criticized the lower court because "both sides and the court appear to have referred to, relied upon, and quoted from numerous untested primary and secondary historical sources, including history books, treatises, and other papers." Id.

13.     Therefore, depending on which portion of the voluminous exhibits the Plaintiff seeks to introduce, judicial notice of any factual statements therefrom is improper without affording the defendants an evidentiary hearing in order to clarify the meaning and context of statements relied on and the weight to be given to them.

<u>**CONCLUSION**</u>

For the reasons stated above, the Court should strike Plaintiff's Dkt. 179 in its entirety as frivolous and moot.

Certified under penalties of perjury.
Signed this 30th day of April 2023 (4/30/2023).

**PRO SE DEFENDANT**

## **CERTIFICATE OF SERVICE**

**It is hereby certified under the penalties of perjury that a true copy PDF file has been sent via e-mail message to the following:**

---

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

liz.lockwood@alilockwood.com

margaret.esquenet@finnegan.com  and   MaryKate.Brennan@finnegan.com

bmiddlebrook@grsm.com   and   jtmills@grsm.com

Certified under penalties of perjury.

Signed this 30th day of April 2023 (4/30/2023).

**PRO SE DEFENDANT**