UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>   *Plaintiff*,<br><br> v.<br><br><br>CHRISTOPHER ELLIS BOUZY, *et al.*,<br><br>   *Defendants*. | 21-CV-10878 (AT) (JLC) |

-------------------------------------------------------------------------------------------------------------------

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

-------------------------------------------------------------------------------------------------------------------

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| *Attorneys for Defendants Academy of Television Arts & Sciences and Margaret Esquenet* | *Attorneys for Defendant Adam Sharp* |
| B. Brett Heavner, Esq. (*pro hac vice*)<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>b.brett.heavner@finnegan.com | Brian E. Middlebrook, Esq.<br>John T. Mills, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>Telephone: (212) 269-5500<br>Facsimile: (212) 269-5505<br>bmiddlebrook@grsm.com<br>jtmills@grsm.com |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

    A. ATAS successfully sued Goodman's company for copyright and trademark infringement. ........................................................................................ 2

    B. Goodman's prior frivolous claims arose from the same facts underlying his claims and here and were dismissed without leave to amend. .......................... 3

    C. Goodman again sued Movants in this case for claims arising from the same facts pled in *Goodman I*. ................................................................................... 4

III. ARGUMENT ................................................................................................................... 6

    A. Standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). ............... 6

    B. Plaintiff's claims against the Movants are barred by the doctrine of *res judicata* given the final order dismissing *Goodman I*. ............................................ 7

        1. *Goodman I* adjudicated the merits of Goodman's claims. .......................... 8

        2. The previous action in *Goodman I* involved both Goodman, as the plaintiff, and the Movants, as defendants. ................................................... 8

        3. *Goodman I* involved the same causes of action as the present case. .......... 9

    C. Even if not barred by *res judicata*, Goodman's claims fail as a matter of law, as Judge Cott found, and should be dismissed. ............................................. 11

    D. Goodman should be barred from filing any additional documents pertaining to the subject matter of this case or *Goodman I* in this District, and from filing any federal district court action (whether *pro se* or otherwise) relating to the subject matter of this case or *Goodman I* without leave of court. ........................................................................................................ 12

IV. CONCLUSION .............................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akhenaten v. Najee, Inc.*,
 544 F. Supp. 2d 320 (S.D.N.Y. 2008) ................................................................................9, 11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................................6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................................6

*Bell v. Jendell*,
 980 F. Supp. 2d 555 (S.D.N.Y. 2013) ......................................................................................6

*Caidor v. Onondaga Cnty.*,
 517 F.3d 601 (2d Cir. 2008) ....................................................................................................6

*Cameron v. Church*,
 253 F. Supp. 2d 611 (S.D.N.Y. 2003) ...............................................................................8, 11

*EDP Med. Computer Sys., Inc. v. United States*,
 480 F.3d 621, 626 (2d Cir. 2007) ............................................................................................9

*Gibbons v. Malone*,
 703 F.3d 595 (2d Cir. 2013) ....................................................................................................6

*Glob. Network Commc'ns, Inc. v. City of New York*,
 458 F.3d 150 (2d Cir. 2006) ....................................................................................................2

*Goodman v. Sharp*,
 No. 21-CV-10627 (VEC), 2022 WL 2702609 (S.D.N.Y. July 12, 2022) ....................... *passim*

*Johnson v. Priceline.com, Inc.*,
 711 F.3d 271 (2d Cir. 2013) ....................................................................................................6

*Kamdem-Ouaffo v. Pepsico, Inc.*,
 160 F. Supp. 3d 553 (S.D.N.Y. 2016) ........................................................................7, 8, 9, 10

*Keiler v. Harlequin Enters. Ltd.*,
 751 F.3d 64 (2d Cir. 2014) ......................................................................................................6

*L-Tec Elecs. Corp. v. Cougar Electronic Org., Inc.*,
 198 F.3d 85 (2d Cir. 1999) ......................................................................................................9

*Monahan v. New York City Dept. of Corrections*,
  214 F.3d 275 (2d Cir. 2000)......................................................................................7, 8

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
  No. 20-CV-7269, Dkt. 1 (S.D.N.Y.) ........................................................................2, 13

*Ray Legal Consulting Grp. v. Gray*,
  37 F. Supp. 3d 689 (S.D.N.Y. 2014).........................................................................9, 10

*Sweigert v. Goodman*,
  2022 WL 168080 (S.D.N.Y. Jan. 19, 2022) ..................................................................13

*Sykes v. Bank of Am.*,
  723 F.3d 399 (2d Cir. 2013).............................................................................................6

*In re Teltronics Servs., Inc.*,
  762 F.2d 185 (2d Cir. 1985).............................................................................................9

*Tsimmer v. Gantner*,
  550 F. Supp. 2d 438 (S.D.N.Y. 2008)........................................................................9, 11

*Waldman v. Village of Kiryas Joel*,
  207 F.3d 105 (2d Cir. 2000).......................................................................................9, 10

*Waldman v. Village of Kiryas Joel*,
  39 F. Supp. 2d 370 (S.D.N.Y. 1999)................................................................................7

*Word v. Croce*,
  230 F. Supp. 2d 504 (S.D.N.Y. 2002)....................................................................7, 9, 11

**Statutes**

18 U.S.C. § 1343..................................................................................................................5

47 U.S.C. § 230.........................................................................................................4, 5, 10

Digital Millennium Copyright Act.......................................................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).........................................................................................6, 7, 8, 11

**I.     INTRODUCTION**

Defendants Adam Sharp ("Sharp"), Academy of Television Arts & Sciences ("ATAS"), and Margaret Esquenet ("Esquenet") (collectively, the "Movants") jointly and severally move to dismiss all claims against them set forth in the Amended Complaint of Plaintiff Jason Goodman ("Plaintiff" or "Goodman") (the "Amended Complaint") (Dkt. 100). Movants fully and completely agree with and adopt Magistrate Judge Cott's reasoning and ultimate conclusion that "all of Goodman's claims [against all Defendants] lack merit and no further judicial resources should be expended in evaluating them in additional motion practice," and, as a result, this "entire case [should] be dismissed with prejudice," including against the Movants. (Dkt. 203 at 44.) With Movants deadline to respond to Plaintiff's Amended Complaint as May 12, 2023, Movants file this motion to preserve their rights to be heard on its motion to dismiss in the unlikely event that any portion of Judge Cott's well-reasoned and thorough order is not adopted.

Goodman is a vexatious *pro se* litigant and conspiracy theorist that has a long track record of brining baseless, frivolous, harassing, and duplicative lawsuits, including against Movants. As Judge Cott recognized in his order, "this is not the first action Goodman has brought against ATAS, Sharp, and Esquenet." (Dkt. 203 at 43 n.17.) That case involved claims arising from the very same false allegations underlying Goodman's claims here—that the Movants unjustly filed a false copyright infringement claims with the goal of financially harming Goodman. Judge Caproni issued a detailed opinion dismissing all of Goodman's prior claims without leave to amend because Goodman "provid[ed] no indication that he can state a claim upon which relief could be granted" and, "[e]ven if granted leave to amend, Plaintiff would not be able to state a claim." *Goodman v. Sharp*, No. 21-CV-10627 (VEC), 2022 WL 2702609, at *6, n.11 (S.D.N.Y. July 12, 2022).

Unsatisfied with the court's recognition that Goodman's claims were devoid of any merit and subsequent dismissal, Goodman—the vexatious litigant he is—frivolously tacked the Movants

1

onto another of his ongoing litigations, asserting the same facts and virtually the same claims Judge Caproni already dismissed. Much like the claims asserted in the prior litigation which was dismissed by Judge Caproni, all of Goodman's claims against the Movants fail on their merits for the reasons identified by Judge Cott. Indeed, as stated in co-Defendants' motion for sanctions against Goodman, these claims are "unmoored from fact and reality" and are "made for the purposes of harassment." (Dkt. 197 at 1.) Even more, these claims are facially barred by *res judicata*, independently warranting dismissal.

In light of the foregoing, Movants respectfully request that the Court grant their Motion to Dismiss and dismiss these vexatious, duplicative, and baseless claims asserted in his Amended Complaint, with prejudice and without leave to amend, and that a filing injunction be imposed barring any future filings by Goodman in this District, including any claims against Movants or any claims related to the subject matter of the claims asserted in the Amended Complaint, together with such other and further relief as this Court may deem just, proper, and equitable

## II.     STATEMENT OF FACTS

### A.     ATAS successfully sued Goodman's company for copyright and trademark infringement.

As acknowledged by Goodman in his Amended Complaint, he is the owner of Multimedia System Design, Inc. ("MSD"). (Dkt. 100 at ¶ 13.) In September 2020, ATAS and The National Academy of Televisions Arts & Sciences (collectively, "the Academies") sued MSD in response to its infringing use of an image depicting the Academies' EMMY Award Statuette. *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, No. 20-CV-7269, Dkt. 1 (S.D.N.Y.) (hereinafter, *Academies v. MSD*).[1] On or about June 12, 2020 MSD posted an award show—

---

[1] The Court may take judicial notice of the pleadings filed in *Academies v. MSD* to establish the fact of such litigation and filings. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

2

entitled "Crony Awards"—on YouTube and other platforms. *Id.*, ¶ 29. To market its show via social media, MSD, without authorization, created and used an image depicting the EMMY Award Statuette, but replaced the Statuette's atom with a depiction of the SARS-CoV-2 virus, as illustrated by the CDC (the "Infringing Image"). *Id.*, ¶ 30.

The Academies exercised their rights under the Digital Millennium Copyright Act ("DMCA") by issuing a copyright violation notice to YouTube to regarding the Infringing Image. *Id.*, ¶ 34. MSD responded by filing a DMCA counter notification and refused to withdraw it. As a result, the Academies filed suit to protect their copyright and trademark rights. *Id.*, ¶¶ 36–44. On February 22, 2022 the Academies prevailed on its copyright and trademark claims, and the court issued an order granting a permanent injunction against MSD and awarding the Academies attorneys' fees and costs. *Id.*, Order (Dkt. 157).

**B.  Goodman's prior frivolous claims arose from the same facts underlying his claims and here and were dismissed without leave to amend.**

On December 13, 2021, with default judgment imminent and in a blatant attempt to relitigate the *Academies v. MSD* action, Goodman filed an action in the Southern District of New York against, *inter alia*, the Movants, which he later amended. *Goodman v. Sharp et. al.*, No. 21-CV-10627, Dkts. 1, 41 (S.D.N.Y.) (hereinafter "*Goodman I*"). In that action, Goodman alleged that, before the action in *Academies v. MSD*, Goodman offered to remove the alleged infringement if the Academies withdrew their complaint to YouTube. *Goodman I*, Dkt. 41 at ¶ 56. Goodman alleged at it was unreasonable for the Academies, represented by Esquenet, to reject his pre-litigation offer and rush to litigation to file what Goodman viewed as a false, "malicious, and/or frivolous copyright claim, first with YouTube and then with the court, for the purpose of damaging and/or "penalizing" Goodman. *Id.*, ¶¶ 28, 42, 46–48, 51–56, 71–72, 77, 80. Goodman also alleged in that earlier action that the Movants "collu[ded]" and acted as "co-conspirator[s]" to harm

3

Goodman through the adjudication of its copyright claim. *Id.*, ¶¶ 33–34. One of Goodman's claims in that proceeding alleged abuse of process in violation of 47 U.S.C. § 230, as expressly alleged against Sharp in the Amended Complaint here. *Id.*, ¶¶ 79–81.

Movants, along with others, moved to dismiss Goodman's claims both because the court lacked subject matter over Goodman's claims and Goodman failed to state plausible claims to relief, nor could he, on the merits. *Goodman I*, Dkt. 53. In a detailed opinion granting Movant's motion to dismiss in its entirety, Judge Caproni dismissed all of Goodman's claims. *Goodman I*, 2022 WL 2702609, at *9 (S.D.N.Y. Jul. 12, 2022). Judge Caproni found that the court lacked subject matter over Goodman's claims, but also went on to address the merits of Goodman's claims. *Id.* at *3–9. Judge Caproni addressed each of Goodman's claims in detail and found that none could be cured by further amendment because Goodman "provid[ed] no indication that he can state a claim upon which relief could be granted" and, "[e]ven if granted leave to amend, Plaintiff would not be able to state a claim." *Id.* at *6, n.11.

### C. Goodman again sued Movants in this case for claims arising from the same facts pled in *Goodman I*.

Goodman did not appeal Judge Caproni's dispositive decision on the merits in *Goodman I*. Instead, continuing in his vexatious conduct, Goodman repackaged the same factual allegations into a new frivolous lawsuit against the Movants that could and should have been included in *Goodman I*. Specifically, on January 17, 2023—only six months after his prior case against the Movants was dismissed without leave to amend—Goodman dragged Movants into an ongoing litigation to which they have no connection, speciously claiming they conspired with several other defendants to harm Goodman. (*See* Dkt. 100.) As its basis, Goodman parrots his false allegations from *Goodman I*. (*See id.*)

4

As Judge Cott recognized (Dkt. 203 at 4), Goodman alleges in his amended complaint (in relevant part) that Movants conspired to file a false copyright infringement claim to harm Goodman's business. (Dkt. 100 at 28.) Flowing from those tired and rejected allegations, Goodman asserts three claims against Movants: Count 1, Fraud (citing to a bevy of inapplicable criminal codes, including 18 U.S.C. §§ 1343, 1503, and 1513); Count 3, Abuse of Process; and Count 4, Civil Conspiracy, apparently in violation of 47 U.S.C. § 230 and 18 U.S.C. § 1343. (*Id.*, ¶¶ 52–61, 74–92.)

While Movants' deadline to respond to Goodman's complaint was extended to May 12, 2023[2] (Dkts. 174, 175, and 194), the other defendants in the case moved to dismiss Goodman's frivolous and histrionic claims for numerous reasons. On May 8, 2023, Judge Cott issued an Order and Report and Recommendation (the "Order") recommending that every motion to dismiss be granted and that "the entire case be dismissed with prejudice." (Dkt. 203 at 1–2, 43–44.) As it relates to the Movants, Judge Cott recognized that "the claims against [Movants] are substantially similar to those for which the Court recommends dismissal." (*Id.* at 43.) Accordingly, Judge Cott "recommend[ed] that the claims against [Movants] be dismissed by the Court *sua sponte*." (*Id.*) Judge Cott went on: "Here, all of Goodman's claims lack merit and no further judicial resources should be expended in evaluating them in additional motion practice." (*Id.*)

Movants agree with Judge Cott's analysis, reasoning, and ultimate conclusion. Movants file this motion simply to preserve their right to be heard on Goodman's baseless and frivolous claims should the Court not to adopt Judge Cott's well-reasoned Order, in whole or in part.

---

[2] While the Judge Cott issued and order on May 2, 2023 requiring parties seek leave of court before filing any further motions, the Movants were granted permission to respond to Goodman's amended complaint without doing so. (Dkt. 202 at 1 n.1.)

### III.   ARGUMENT

#### A.   Standard for dismissal under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A complaint need not "contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). On a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Where, as here, a plaintiff proceeds *pro se*, the court must "construe[ ] [his] [complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

### B. Plaintiff's claims against the Movants are barred by the doctrine of *res judicata* given the final order dismissing *Goodman I*.

Dismissal under rule 12(b)(6) based on *res judicata* is "appropriate when it is clear, from the complaint and from matters of which the court takes judicial notice, that plaintiff's claims are barred as a matter of law." *Word v. Croce*, 230 F. Supp. 2d 504, 508 (S.D.N.Y. 2002) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)).

"An essential objective of *res judicata* is to 'relieve parties of the cost and vexation of multiple lawsuits, and to conserve judicial resources," and the "incentive" of this doctrine "is to litigate all available claims in one action." *Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 378 (S.D.N.Y. 1999) "The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again." *Kamdem-Ouaffo v. Pepsico, Inc.*, 160 F. Supp. 3d 553, 562 (S.D.N.Y. 2016) (citation omitted).

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privities from relitigating issues that *were or could have been raised* in that action." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 284–85 (2d Cir. 2000) (emphasis added) (citation omitted). In other words, *res judicata* not only prohibits repeated litigation "as to every matter which was offered and received or defeat the claim or demand" in the prior litigation, "but [also] as to any other admissible matter which might have been offered for that purpose." *Waldman*, 39 F. Supp. 2d at 377 (quoting *Interocieancia Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997)).

"Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan*, 214 F.3d at 285 (quoting *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir.

7

1983)). To establish *res judicata*, a party must show: (1) the previous action involved and adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Id.* (citing, *inter alia*, *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

As set forth below, Movants easily satisfy each element here, and Goodman's claims against Movants are thus barred by *res judicata*.

### 1. *Goodman I* adjudicated the merits of Goodman's claims.

Judge Caproni's decision in *Goodman I* unambiguously addressed the merits of Goodman's claims in that case. After addressing the court's lack of subject matter jurisdiction, the court went on to address the merits of each of Goodman's individual claims, finding that he could not state a plausible claim for relief, no matter what additional allegations he pled. *Goodman I*, 2022 WL 2702609, at *6, n.11. This portion of Judge Caproni's decision was necessary to the ultimate decision to dismiss Goodman's claims *without leave to amend*, as amendment would be futile on the merits of Goodman's claims even if Goodman corrected the deficiency precluding subject matter jurisdiction. *Id.* Because Judge Caproni's decision in *Goodman I* adjudicated the merits of Goodman's claims by finding them implausible in any context, this element is satisfied. *See Cameron v. Church*, 253 F. Supp. 2d 611, 618, 620 (S.D.N.Y. 2003) (finding prior decision dismissed under Fed. R. Civ. P. 12(b)(6) constituted adjudication on the merits for purposes of *res judicata*).

### 2. The previous action in *Goodman I* involved both Goodman, as the plaintiff, and the Movants, as defendants.

This action not only involves the same plaintiff from *Goodman I*—Goodman—but also the same defendants—Movants. *Compare* Dkt. 100 *with Goodman I*, Dkt. 41. Because this case involves the same parties, there can be no dispute this element is satisfied. *Kamdem-Ouaffo*, 160

8

F. Supp. 3d at 563 (finding second element satisfied where second suit involved same parties); *Word*, 230 F. Supp. 2d at 510 (finding element "clearly established" where plaintiff brought both the suit at issue and the prior suit).

### 3. *Goodman I* involved the same causes of action as the present case.

To determine whether an earlier litigation involved the same cause(s) of action as the present case, the court considers "whether the underlying facts are 'related in time, space, origin or motivation;' whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations." *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (citation omitted); *Kamdem-Ouaffo*, 160 F. Supp. 3d at 564–65 (same); *Ray Legal Consulting Grp. v. Gray*, 37 F. Supp. 3d 689, 702–03 (S.D.N.Y. 2014) (same). Importantly, *res judicata* "does not require the precluded claim to actually have been litigated." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007 (italics omitted). As a result, *res judicata* applies "not only as to what was pleaded, but also as to what could have been pleaded." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 193 (2d Cir. 1985). "A claim 'could have been raised' in an earlier action for *res judicata* purposes if the two actions involve the same 'nucleus of operative fact.'" *Akhenaten v. Najee, Inc.*, 544 F. Supp. 2d 320, 330 (S.D.N.Y. 2008) (quoting *Waldman*, 207 F.3d at 108); *see also Tsimmer v. Gantner*, 550 F. Supp. 2d 438, 446 (S.D.N.Y. 2008) ("The Second Circuit takes a broad view of *res judicata*, holding the doctrine bars any subsequent suit involving the same 'claim' or 'nucleus of operative fact.'") (citation omitted).

Couching the same facts under different legal claims will not prevent the application of *res judicata*. So long as "the facts underlying the first and second claims are the same, it is irrelevant that the second claim is based on a different legal theory." *Word*, 230 F. Supp. 2d at 510 (citation omitted); *see also L-Tec Elecs. Corp. v. Cougar Electronic Org., Inc.,* 198 F.3d 85, 88 (2d Cir. 1999) ("claims based upon different legal theories are barred provided they arise from the same

9

transaction or occurrence."); *Ray Legal*, 37 F. Supp. 3d at 703 ("In any event, that 'claims may rely upon a different legal theory or seek an alternative form of relief does not affect the res judicata analysis.") (quoting *Fried v. LVI Servs., Inc.*, 557 F. App'x 61, 64 (2d Cir. 2014)) (collecting cases). Moreover, even where the essential facts to establish differ as between the prior and present claims, *res judicata* still applies to bar the later suit so long as "the facts essential to the second were already present in the first." *Waldman*, 207 F.3d at 111.

Here, there is no question that Goodman's claims against the Movants here were also implicated in *Goodman I*. Indeed, some of the claims are precisely the same. For example, Goodman asserts abuse of process here (Dkt. 100, ¶¶ 74–77), as he did in *Goodman I*, Dkt. 41, ¶¶ 79–81; and Goodman also asserts claims purportedly arising from 47 U.S.C. § 230 here (Dkt. 100, ¶¶ 74–92), as he did in *Goodman 1*, Dkt. 41, ¶¶ 79–81. Moreover, both Goodman's case against Movant's here and *Goodman I* arise from exactly the same factual predicate, namely, the Movant's alleged improper enforcement of their copyrights against Goodman with the intent to damage Goodman and/or put him out of business. *Compare* Dkt. 100 at 28 *with Goodman I*, Dkt. 41, ¶¶ 28, 42, 46–48, 51–56, 71–72, 77, 80.

While Goodman now tries to couch his decidedly meritless allegations under some new claims for relief in a new case, both sets of claims clearly arise from the same nucleus of operative fact, and Goodman could, and should have, brought these claims in *Goodman I*. As a result, this element is satisfied and *res judicata* bars Goodman's vexatious and duplicative claims against Movant. *See Kamdem-Ouaffo*, 160 F. Supp. 3d at 564–65 (finding *res judicata* barred claims "aris[ing] out of the same factual predicate as the original claims" despite different claims in second suit); *Ray Legal*, 37 F. Supp. 3d at 703 (finding *res judicata* barred claims that were both "predicated on the former client-attorney relationship between Caldwell and Defendants" despite

10

what plaintiff characterized as "dramatically different" requested relief); *Tsimmer*, 550 F. Supp. 2d at 446 (finding *res judicata* barred claims that were the plaintiff "had the opportunity in *Tsimmer I* to obtain review of the claims he raises here"); *Akhenaten*, 544 F. Supp. 2d at 330–31 (finding *res judicata* barred claims "involve[ing] exactly the same 'nucleus of operative facts'"); *Cameron*, 253 F. Supp. 2d at 623 (finding *res judicata* barred claims where "the facts essential to the *Cameron II* proceeding were already present in *Cameron I*"); *Word*, 230 F. Supp. 2d at 510–11 (finding *res judicata* barred claims "aris[ing] from the same underlying facts" despite "different legal theor[ies]).

### C. Even if not barred by *res judicata*, Goodman's claims fail as a matter of law, as Judge Cott found, and should be dismissed.

To the extent that any of Goodman's claims against Movants are not barred by *res judicata* (they all are), Goodman's claims all fail to state plausible claims for relief against Movants and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Judge Cott found as much in his May 8, 2023 Order—"Because the claims against [Movants] are substantially similar to those for which the Court recommends dismissal . . . I recommend that the claims against them be dismissed by the Court *sua sponte*," and because "all of Goodman's claims lack merit," "no further resources should be expended in evaluating them in additional motion practice." (Dkt. 203 at 43.) In the interests of brevity and judicial economy, and to avoid burdening the Court with additional papers on issues that have already been clearly decided, Movants incorporate by reference Judge Cott's analysis here and, for the same reasons as outlined therein, request that Goodman's claims against Movants be dismissed with prejudice for failure to state a claim.

> **D. Goodman should be barred from filing any additional documents pertaining to the subject matter of this case or *Goodman I* in this District, and from filing any federal district court action (whether *pro se* or otherwise) relating to the subject matter of this case or *Goodman I* without leave of court.**

In addition to recommending that the claims against Movants be dismissed *sua sponte* with prejudice, Judge Cott recommended that co-Defendants' motion for sanctions be granted and a filing injunction be imposed preventing Goodman from filing any further documents or commencing any future litigation pertaining to the subject matter of the claims at issue in this lawsuit. For the same reasons, Movants respectfully request that this Court sanction Goodman and impose a filing injunction: (i) barring Goodman from filing any additional documents pertaining to the subject matter of the claims asserted in this case or *Goodman I* in this District; and (ii) filing any federal district court action (whether *pro se* or otherwise) relating to the subject matter of this case or *Goodman I* without leave of court.[3]

As Judge Cott recognized, "[t]he issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." (Dkt. 203 at 34 (quoting *Ware v. United States*, 2023 WL 2757206, at *5 (S.D.N.Y. Apr. 3, 2023) (internal quotations/citations omitted).) In "determining whether a litigant's behavior warrants a filing injunction[,]" the Court must consider:

> "(1) The litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits;
>
> (2) The litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?
>
> (3) Whether the litigant is represented by counsel;

---

[3] Pursuant to Magistrate Judge Cott's Order dated May 2, 2023 (Dkt. 202), Movants are presently barred from filing a formal motion for sanctions until further Order of the Court. While Movants respectfully submit that the instant motion and Judge Cott's Order provide ample basis for the Court to impose a filing injunction as set forth herein, Movants respectfully reserve the right to submit a motion for sanctions, including but not limited to imposition of a filing injunction, at a later date and upon further Order of the Court.

12

> (4) Whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) Whether other sanctions would be adequate to protect the courts and other parties."

(Dkt. 203 at 34-35 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).) Just as Judge Cott determined that each of these factors was met with respect to co-Defendants, and recommended that a filing injunction against Goodman be imposed, each of those factors is similarly met with respect to Movants here. (Dkt. 203 at 34-38.)

First, this is not the first lawsuit in which Goodman has been involved or has filed himself. (Dkt. 203 at 35-36 (listing cases). Indeed, this is not even the first lawsuit in which Goodman has been involved or filed against Movants. *See*, *e.g.*, *Academies v. MSD*, *Goodman I*. Second, in light of the arguments raised above and the points addressed in Judge Cott's Report and Recommendation, Goodman certainly does not, nor could he, have a good faith expectation of prevailing – indeed, these same exact claims against Goodman were previously rejected by Judge Caproni. (*See* Dkt. 203; Points III(B), (C), *supra*; *Goodman I*, 2022 WL 2702609, at *6, n.11.)

Third, while Goodman is *pro se*, he is certainly "not the average *pro se* litigant[,]" having commenced multiple actions as a *pro se* plaintiff, filing countless documents, motions and requests in each and every case. (*See* Dkt. 203 at 35-36 (listing cases); *see also* Dkt. 203 at 36 (citing *Schuster v. Charter*, 2021 WL 1317370, at *10 (S.D.N.Y. Apr. 8, 2021).) Fourth, Goodman continues in his vexatious and frivolous path to file countless documents in each and every case and burden the Court with incessant, baseless, and harassing filings. As succinctly recognized by Judge Caproni, Goodman "clogs the docket with amended filings. Such behavior has to stop." (*Sweigert v. Goodman*, 2022 WL 168080, at *10 (S.D.N.Y. Jan. 19, 2022).)

13

Fifth, and perhaps most importantly, it is clear that, absent a filing injunction, "no lesser sanctions would suffice to protect the parties." (Dkt. 203 at 37 (collecting cases).)  Despite having had his claims against Movants expressly rejected by Judge Caproni, only six (6) months later, Goodman dragged Movants into this suit *asserting these same exact claims*.  Goodman has been repeatedly admonished by courts, including Judges in this District, for engaging in this vexatious conduct, and his behavior has not stopped.  Indeed, as demonstrated by the incessant filings in the instant litigation, his penchant for burdening the Court's and the parties' resources with his baseless filings has not even slowed.  Therefore, in light of the above, Movants respectfully request that this Court issue an Order enjoining Goodman from: (i) filing any additional documents pertaining to the subject matter of the claims asserted in this case or *Goodman I* in this District, whether against Movants or otherwise; and (ii) filing any federal district court action (whether *pro se* or otherwise) relating to the subject matter of this case or *Goodman I* without leave of court, whether against Movants or otherwise.[4]

## IV.   CONCLUSION

For the reasons and authorities above, and for the reasons and authorities thoroughly outlined in Judge Cott's Order, Movants respectfully request that the Court grant their Motion to Dismiss and dismiss the vexatious, duplicative, and baseless claims Goodman makes against the Movants in his Amended Complaint with prejudice and without leave to amend, together with such other and further relief as this Court may deem just, proper, and equitable.  Additionally,

---

[4] *See supra* n.3.

Movants also respectfully request that this Court enter an Order imposing a filing injunction against Goodman as set forth in Judge Cott's Order and as set forth herein.[5]

Dated: May 12, 2023

Respectfully Submitted,

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| */s/ B. Brett Heavner* | */s/ John T. Mills* |
| B. Brett Heavner, Esq. (*pro hac vice*)<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>b.brett.heavner@finnegan.com<br>*Attorneys for Defendants*<br>*Academy of Television Arts & Sciences and*<br>*Margaret Esquenet* | Brian E. Middlebrook, Esq.<br>John T. Mills, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>Telephone: (212) 269-5500<br>Facsimile: (212) 269-5505<br>bmiddlebrook@grsm.com<br>jtmills@grsm.com<br>*Attorneys for Defendant Adam Sharp* |

---

[5] *See supra* n.3.