IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CHRISTOPHER ELLIS BOUZY, et al.,<br>　　　　　　　Defendants. | Case No. 1:21-cv-10878 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS BENJAMIN WITTES' AND NINA JANKOWICZ'S MOTION FOR RECONSIDERATION BASED ON NEW EVIDENCE**

　　　　Based on new evidence post-dating the Court's May 8, 2023 Report and Recommendation, ECF No. 203, Defendants Benjamin Wittes and Nina Jankowicz (together, "Movants") respectfully request that the Court reconsider its recommendation denying attorneys' fees and costs as a sanction for Plaintiff Jason Goodman's harassing litigation tactics.

　　　　Last week, this Court issued a Report and Recommendation recommending that the district court dismiss Plaintiff's claims against Movants (and several other defendants) and grant Movants' request for sanctions in the form of a filing injunction preventing Plaintiff from filing (1) additional documents on the docket in this case relating to Movants, (2) any federal district court action against Movants relating to the subject matter in this case, and (3) any new *pro se* action against Movants in any federal district court without first obtaining leave of court. ECF No. 203 at 34-37. The Court recommended denying Movants' request for attorneys' fees and costs, at least in part based on a determination that the recommended filing injunction likely would be a sufficient deterrent. *Id.* at 38. Later that same day, Plaintiff made a public YouTube broadcast in which he

1

(i) made clear that he does not view the sanctions imposed as sufficient to deter him from future litigation misconduct and (ii) gloated about having caused financial damage to certain defendants by forcing them to incur significant legal fees in defending against his frivolous claims.[1]

Specifically, Plaintiff stated several times that the litigation is "not over yet" because "Magistrate Cott is not the Judge," and "[i]t ain't over until it's over . . . I'm not giving up."[2] He further threatened that "[e]ven if this case ends, I'm not going to give up. I'm not going to go away."[3] Several minutes later, he repeated: "I'm not giving up. Even if I lose on this case, even if they say it's dismissed with prejudice, I got a lot on my mind as far as where this could go next."[4] Mr. Goodman also referenced the "huge legal bills" defendants in the suit "had to pay," boasting that even if these defendants ultimately prevail in the case, they have not really "won," because they had to incur legal fees, positing maybe they had "learned something" from that.[5]

This Court may reconsider its Report and Recommendation pursuant to its own inherent authority and/or Fed R. Civ. P. 60(b)(2), which permits relief from an order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered" previously. *See also United States v. Coon*, No. 10-CR-110A, 2011 WL 1871165, at *2 (W.D.N.Y. May 16, 2011) ("[M]agistrate judges possess the inherent authority to reconsider their own interlocutory orders prior to the entry of judgment"); S.D.N.Y. L.R. 6.3 (setting forth procedure for reconsideration motions). Here, the new evidence at issue was created after the Court issued its

---

[1] *Available at* https://www.youtube.com/watch?v=1Y_kAIg0ZfE (last visited May 16, 2023). The relevant portion of the video begins at approximately the 1:18:10 mark. Undersigned counsel has also downloaded a copy of this video and can submit it to the Court if the video is removed from YouTube for any reason or if the Court would otherwise find it helpful.
[2] *Id.* at 1:18:10, 1:19:20, 1:19:54, 1:21:25, 1:21:55, 1:22:30.
[3] *Id.* at 1:20:24.
[4] *Id.* at 1:23:45.
[55] *Id.* at 1:22:30; *see also id.* at 1:19:20.

Report and Recommendation, and therefore could not have been submitted (or considered) before it was issued. Now, however, Mr. Goodman has provided a fresh basis to reconsider the Court's determination that "'enjoining [Goodman] from pursuing future claims . . . against these defendants without leave of this Court should be sufficient to deter [him] from bringing groundless lawsuits in the future.'" ECF No. 203 at 38 (quoting *Toro v. Depository Tr. Co.*, No. 97-CV-5383, 1997 WL 752729, at *5 (S.D.N.Y. Dec. 4, 1997) (alterations in original)). Mr. Wittes and Ms. Jankowicz are not the first innocent parties swept up in Plaintiff's ever-expanding web of conspiracy theories or his misuse of the legal system to pursue them. And Plaintiff has now made clear publicly—on his for-profit broadcast enterprise where he leverages his vexatious lawsuits as fodder to create monetizable content for his audience—that they will not be the last. It is now apparent that financial disincentives—in addition to the well-grounded filing injunction this Court has recommended—are necessary to deter him from bringing groundless lawsuits in the future. Movants therefore respectfully request that the Court reconsider the portion of its Report and Recommendation denying their request for an award of attorneys' fees and costs.

Dated: May 16, 2023

Respectfully submitted,

*/s/ Elizabeth C. Lockwood*
Elizabeth C. Lockwood
ALI & LOCKWOOD LLP
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
(202) 651-2477
liz.lockwood@alilockwood.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2023, I caused true and correct copies of the foregoing Memorandum to be served electronically via ECF on the following:

Seth D. Berlin
Maxwell Mishkin
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1122
berlins@ballardspahr.com
mishkinm@ballardspahr.com

Brian Edward Middlebrook
John Tyler Mills
Gordon Rees Scully Mansukhani LLP
1 Battery Plaza, 28th Floor
New York, NY 10004
(212) 269-5500
bmiddlebrook@grsm.com
jtmills@grsm.com

Mary Catherine Brennan
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-3770
MaryKate.Brennan@finnegan.com

I additionally certify that on the 16th day of May, 2023, I caused true and correct copies of the foregoing Memorandum to be served via email and U.S. Mail First Class on the following:

Mr. Jason Goodman
252 7th Ave., Apt. 6S
New York, NY 10001
truth@crowdsourcethetruth.org

Mr. George Webb Sweigert
209 St. Simons Cove
Peachtree City, GA 30269
Georg.webb@gmail.com

Mr. David George Sweigert
Mailbox, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

By: */s/ Elizabeth Lockwood*