IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN<br><br>Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**OBJECTION TO ORDER AND REPORT AND RECOMMENDATION** |

Jason Goodman ("Goodman"), by and for himself pro se, respectfully objects to the order and report and recommendation ("ORR") issued May 8, 2023 due to clear errors, substantial new information from the Department of Justice ("DOJ") that was previously not known, and for additional reasons as stated below. Even if the Court determines Goodman's pleadings fail for the reasons cited, this case was not brought with frivolous intent and should not be dismissed. In the interest of justice, and in light of new information discovered after the order was issued, Goodman should be granted leave and additional time to file an answer to all motions to dismiss and to amend his complaint to address the identified defects.

**INTRODUCTORY STATEMENT**

Defendants in this case are well resourced and sophisticated. They are highly experienced in the areas of media, information technology and the law. Defendant Benjamin

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 1

Wittes ("Wittes") is the cofounder and editor of the Lawfare blog and fellow at the nonprofit Brookings Institution ("Brookings"). Wittes claims to be close personal friends with former Federal Bureau of Investigation ("FBI") executives including former Director James Comey ("Comey") and former General Counsel James Baker ("Baker"). Wittes has corresponded with Comey utilizing his personal email address as demonstrated in the evidentiary exhibit provided by the Homeland Security and Government Accountability Committee ("HSGAC") of the U.S. Senate on December 3, 2020 **(EXHIBIT A)** (the "Comey Email").

The Comey Email evidence supports Goodman's allegation that Wittes deliberately hid facts pertaining to his role in perhaps the greatest hoax of all time. Goodman alleges defendants perpetrated a hoax against the American public and the 45th President of the United States which created a need to hide facts and details about the death of political operative Peter W. Smith ("Smith"). Goodman further alleges defendants conspired to disrupt him in myriad ways, including filing vexatious litigation and obstructing Goodman's ability to earn a living to prevent him publishing information about these facts. To obstruct him from conducting business or earning a living, defendants interfered with Goodman's access to social media and have engaged in ongoing cyber stalking and harassment beginning in 2017 and continuing through today, coordinated by David George Sweigert ("Sweigert").

Judge Cott has recommended this Court dismiss Goodman's claims because he has concluded they are "conspiracy theories" and the Court may, or may not agree with this pejorative, legally meaningless conclusion. However, unlike the conspiracy theory promulgated by Wittes and promoted by his codefendants which has now been disproven, Goodman's theories are based in fact and supported by irrefutable evidence that has not yet

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 2

been challenged.  The Court could only accept Judge Cott's recommendations by ignoring unimpeachable evidence, denying facts, and relinquishing its duty to serve justice.

### New Information of Unprecedented Historic Significance

On May 12, 2023, the U.S. Attorney General published a Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns submitted by Special Counsel John H. Durham ("Durham") pursuant to 28 C.F.R. § 600.B(c) (the "Durham Report") (https://www.justice.gov/storage/durhamreport.pdf).  The Durham Report provides details of an FBI investigation ("Crossfire Hurricane") that sought to prove an ill-conceived conspiracy theory that vaguely alleged dubious "collusion" between former President Donald Trump, his associates and various Russian individuals or agencies.

After more than four years of investigating and three criminal prosecutions, the three-hundred-six-page Durham Report found, "neither U.S. law enforcement nor the Intelligence Community appears to have possessed any actual evidence of collusion in their holdings at the commencement of the Crossfire Hurricane investigation."  Durham further concluded, "that the Department and the FBI failed to uphold their important mission of strict fidelity to the law" and that, "FBI attorney Kevin Clinesmith committed a criminal offense by fabricating language in an email that was material to the FBI obtaining a FISA surveillance order."  Durham's damning allegations are remarkably similar to the harsh rebukes District Court Judge Valerie Caproni received from Senator Chuck Grassley and Representative John Conyers prior to her departure from the FBI and confirmation as District Court Judge as cited in the amended complaint (*See* ECF No. 100 page 81).  The allegations Wittes promoted with the Comey Email were made up out of whole cloth, yet the FBI was

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 3

convinced to investigate. Thursday June 1, 2023, Durham will testify before Congress to provide even more information that is not yet known. On information and belief, Goodman alleges Wittes, or an agent acting on his behalf, created a document (the "Smith Document") that was used with the December 28, 2016 Comey Email to convince the FBI that there was sufficient evidence of Russian hacking and Trump campaign collusion to investigate.

The information contained in the Durham Report is of particular importance to this instant action for several reasons. One of three individuals criminally charged as a result of the investigation was former Brookings Institution ("Brookings") employee, Igor Danchenko ("Danchenko"). The Durham Report also references Brookings Fellow 1 and Brookings Fellow 2. Brookings is a public nonprofit charity. Wittes is a senior fellow at Brookings which publishes the Lawfare blog in cooperation with the Lawfare Institute. The Lawfare Institute is also a public nonprofit charity, but it shares Wittes' residential address. (https://apps.irs.gov/pub/epostcard/cor/462967640_202012_990T_2022041319859712.pdf)

Goodman alleges on information and belief that Brookings Fellow 1 is Wittes. The Comey Email and other details in the Durham Report support this allegation. This case should be allowed to proceed to discovery so Goodman may prove, or defendants may disprove these, and other well-founded public domain evidence backed allegations.

Goodman's allegations are based in fact and supported by unimpeachable evidence which is now further strengthened by the Durham Report. To wit, none of the defendants have contradicted or even challenged Goodman's evidentiary claims. Instead, they focus on procedural traps intended to confound non-attorney Goodman as they continue to deceive the Court in an effort to enjoin him from bringing this damning evidence to light.

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 4

## WITTES EMAIL TO FBI DIRECTOR COMEY

In the email exchange validated as evidence by the HSGAC, defendant Wittes notified then FBI director Comey of a "strange document" in his possession that he claimed was given to him by Wall Street Journal ("WSJ") reporter Shane Harris ("Harris"). Goodman is personally aware that in 2017, Harris claimed to have a document in his possession allegedly written by GOP political operative, Peter Smith ("Smith"), titled "A Demonstrative Pedagogical Summary to be Developed and Released Prior to November 8, 2016". Goodman alleges this is the Smith Document referred to in the Comey Email which was never publicly disclosed prior to Smith's death in May 2017. In the course of writing a series of articles beginning June 29, 2017, Harris contacted one of Smith's associates, Charles Ortel ("Ortel") inquiring about the Smith Document. Goodman was present with Ortel at the time of the phone call. (https://www.wsj.com/articles/gop-operative-sought-clinton-emails-from-hackers-implied-a-connection-to-flynn-1498770851). An associate of Wittes, former British Intelligence officer, and contributor to his Lawfare blog, Matt Tait ("Tait") published an article on June 30, 2017, claiming Smith had provided Tait with the Smith Document. (https://www.lawfareblog.com/time-i-got-recruited-collude-russians). Smith, having died more than one month prior, could not confirm, or refute Tait's claim.

Goodman became acquainted with Ortel on the same day, June 30, 2017, at a meeting arranged by George Webb Sweigert ("Webb"). Ortel received a call from Harris at the meeting. Pursuant to the Smith Document, Harris alleged Ortel was raising funds for KLS Research LLC ("KLS"), a company attributed to Smith. Ortel claimed no knowledge of the document, no connection to KLS and no involvement in fundraising with Smith.

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 5

# CLEAR ERRORS

### a. Judge Cott Falsely Asserted Goodman Accused Wittes of Murder

On page 3 of the ORR, Judge Cott states, "Goodman advanced his theory that Wittes, whom he added as a defendant, murdered a political operative, Peter Smith." This is false. Goodman has never accused Wittes of murdering anyone. This inaccurate conclusion is so gross in its mischaracterization of the facts, and so fundamental to the case, this one error alone should cause the Court to reject the entire ORR. This error indicates either a complete misunderstanding of the facts in dispute, or else an insurmountable bias against Goodman sufficient to disqualify Judge Cott.

Goodman has not wavered from his accusation that Wittes participated in a scheme to hide facts and widely publicize a false narrative about the death of Smith. Goodman has also accused Wittes of enlisting a growing number of coconspirators including defendants, to challenge Goodman in an increasingly damaging manner as Goodman has persisted in attempting to expose facts and evidence. There is only more evidence today that supports Goodman's allegations than when this case began. Defendants have worked to delete evidence from the Internet even as Goodman makes new filings in this and other cases.

### b. Judge Cott Falsely Asserted Bouzy Was Aware of Rape Allegations

Page 24 paragraph 2 of the ORR states, "Bouzy stated only that he was *aware* [emphasis added] of allegations that Goodman had raped someone." This is false. Bouzy has admitted that he was not aware of these allegations, he merely presumed them to exist at the time of the phone call. In a tweet previously presented to the Court, (*See* ECF No. 1 Page 9) Bouzy said, "Until creepy Jason Goodman called me, I had no clue someone

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 6

previously accused him of rape, and it's a bizarre thing to tell a stranger in a phone call." That claim is false. Goodman did not tell Bouzy he had been accused of rape. Goodman repeatedly told Bouzy there was no rape accusation, but Bouzy kept reasserting his own affirmations. During the recorded phone call, completely unprompted, Bouzy suggested he could find a person online who had accused Goodman of rape and could publicize that if he chose to, merely as a function of the fact that Goodman is a known social media personality. Goodman immediately informed Bouzy, "I will sue you for libel and slander if you do that because that is a civil tort" (*See* ECF No. 80-3 page 10 line 2). This was Goodman's first clear warning to Bouzy that the allegation was false and actionable in his view. Later in the same conversation, Goodman reiterated the falsity of the allegation by saying, "go try to find somebody who claims I raped them. You will not find that. You will find a litany of social engineering liars who have been pursuing me for years with false claims along the lines of what you're suggesting." Goodman's meaning by saying "along the lines" referred to equally outrageous, equally heinous, equally false claims, but he did not affirmatively tell Bouzy that a rape allegation existed. Bouzy replied, "oh, wait a second. Wait. So someone suggested this? Because, you know, *I just literally just made that up* [emphasis added]". Goodman clarified further, "they claim I'm a Mossad agent because I'm Jewish" and then elaborated on the harassment and other outlandish statements he endures regularly. At no time on the call did Goodman confirm the existence of the specific allegation Bouzy cited. When Bouzy pressed the idea by asking hypothetically how Goodman might feel if false rape allegations were spread about him, Goodman said as quoted in the ORR that he would feel like it was a normal daily occurrence because "People have put out lies about me of all kinds." This is

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 7

still not an affirmative confirmation of any specific allegation. With two vehement negative responses and one inconclusive but certainly not affirmative statement, Bouzy was at least reckless with regard to the truth of his claims at the time he made them. Bouzy made no effort to confirm the existence of a rape allegation before he tweeted, falsely declaring to the public that Goodman told him the allegation existed. Bouzy made the claim both maliciously in the common sense and with actual malice in the legal sense due to his reckless disregard for whether it was false or not. At the time Bouzy publicized his claimed knowledge of a rape allegation, he had made no effort to confirm its truthfulness and had no actual purpose for publishing it aside from harming Goodman. Allowing defendants to succeed with this disingenuous defense sets a dangerous precedent for future victims of false accusations and diminishes true allegations. The Court should not dismiss the defamation and related claims.

### c. Default Against Bouzy and Bot Sentinel

In dismissing Goodman's motions for default and sanctions, the ORR cites *Sikhs for Justice v. Nath* making its determination that default was not willful because once Bouzy became aware of the application for default judgment, he "engaged current counsel to represent [his] interests". This is not what happened in this case. Defendant Bouzy was well aware of this case and mocked it and Goodman for months while deliberately defaulting. Counsel was only engaged after Sweigert alerted Wittes and Jankowicz of the pending default via Twitter (*See* ECF No. 92 page 1). Wittes and Jankowicz were not defendants in this action at the time. Defendant Bouzy was aware of and actively boasting of his willful default prior to Sweigert's tweet but failed to engage counsel. For this reason, Judge Cott's recommendation with regard to the default judgment should not be adopted.

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 8

### d. Remaining Defendants' Pending Motions to Dismiss

The Court should not grant the remaining defendants' motions to dismiss, nor should it dismiss claims against defendants that have not yet responded for the myriad reasons cited in this objection. Goodman's well-founded, evidence backed claims have not been refuted by defendants or the Court. Given the gravity of the allegations and the strength of new evidence in the Durham Report worthy of judicial notice, Goodman should be granted leave to amend and further opportunity to form a cognizable RICO claim.

### e. Goodman's RICO claims

Goodman is not an attorney nor is he a frequent litigant by choice. Goodman was not involved in litigation aside from divorce prior to meeting these defendants in 2017 and being subjected to their perpetual lawfare assault. Defendants' clear desire for Goodman to "hire an attorney" is repeated throughout the daily inappropriate and vexatious "litigation emails" sent by Sweigert. Goodman has primarily been the defendant in the cases cited, most of which were presided over by Judge Caproni. Judge Caproni has a personal motive to paint Goodman with the meaningless pejorative "conspiracy theorist" because his factual reporting implicates her in the alleged conspiracy (*See* ECF No. 100 page 80). Members of Congress have separately accused judge Caproni of violating the law repeatedly (*See* ECF No. 100 page 81). Goodman is aware that most criminal statutes do not include civil causes of action. His citations of criminal codes were intended to identify the predicate acts required to make a RICO claim. The ORR has clarified aspects that caused Goodman's filing to fail. In the interest of justice, given the gravity of the allegations and strength of the supportive evidence now in the public domain, Goodman should be granted leave to amend and cure the defects.

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 9

### f. Goodman Has Adequately Alleged Falsity and Actual Malice

Although the Court may agree that Goodman's pleading was inartful, it has indeed alleged falsity with regard to Bouzy's defamatory statements. On December 20, 2020, Bouzy tweeted, "Until creepy Jason Goodman called me, I had no clue someone previously accused him of rape, and *it's a bizarre thing to tell a stranger in a phone call* [emphasis added]. It's also odd to tell someone they would be part of ongoing litigation if they tweeted about it. Why bring it up?..." (*See* ECF No. 62 page 8). Goodman did not bring it up in the phone call, Bouzy did. It is also false to state that Goodman told Bouzy he had been accused of rape. As previously detailed in this objection, Bouzy derived his false inference from two negative responses from Goodman and one vague response insufficient to construe as Goodman telling Bouzy a rape allegation existed. Bouzy made false statements with reckless disregard for the truth and intent to harm Goodman amounting to actual malice.

### g. Abuse of Process

Sweigert at least is guilty in this regard. Acting on behalf of and for the benefit of all defendants, Sweigert sends harassing emails to Goodman daily. The false, defamatory, and abusive emails sent under the guise of "litigation communications" are far too numerous to include with this objection but will be produced if this case is allowed to proceed to discovery as it should be for the reasons cited.

### h. Bouzy Bot Sentinel and Counsel Should be Sanctioned.

In recommending the denial of Rule 11 sanctions the ORR ignores Judge Torres individual rules III. B. ii., which states in relevant part, "Before the time to file a responsive pleading has expired." Counsel for defendants were in communication with

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 10

Goodman after the time to respond had expired so this rule does not apply. Further, the ORR ignores Judge Torres Individual Practices In Pro Se Cases Rule IV.C. which states, "Pre-motion conferences and pre-motion letters are not required in pro se cases". Goodman's motion for sanctions should not be dismissed because counsel for defendants failed to follow the rules in their disingenuous effort to trick a pro se litigant into dismissing valid claims.

### i. Wittes and Jankowicz Motion for Sanctions Should Be Denied

Wittes and Jankowicz have been accused of various torts and crimes by Goodman. Goodman has provided unimpeachable evidence in support of these allegations. By contrast, Wittes and Jankowicz have received communication from Sweigert, and acted on those communications in ways that indicate ongoing cooperation, including the tweet that prompted the engagement of counsel for defendants Bouzy and Bot Sentinel. Sweigert played a pivotal role in assisting Jankowicz and her attorney in filing a false police report in Arlington Virginia and making false statements to the Arlington General District Court that resulted in a fraudulent order of protection against Goodman.

An appeal of the order is pending in Arlington General Circuit Court to be decided in June 2023. The mere suggestion that Goodman should be so strictly enjoined from ever raising these valid claims against these defendants again, while simultaneously denying Goodman's motion for similar relief with regard to Sweigert, is nothing short of absurd. This is another demonstration of insurmountable bias against Goodman on the part of Judge Cott. Defendants will fail to refute Goodman's unimpeachable evidence so instead they seek to manufacture claims on which they predicate motions for sanctions. Judge Cott's recommendation that Goodman be sanctioned must be denied in the name of justice.

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 11

#### j. Remaining Defendants

Based on the serious, historical nature and national security implications of Goodman's allegations, and the strength of the supportive evidence, Goodman should be granted leave to amend and each of the remaining defendants should be compelled to answer.

## CONCLUSION

The extraordinary and historical nature of the facts and allegations in this case are nothing short of completely unique. Even if the Court determines that Goodman's RICO claims fail as initially pleaded, Goodman should be granted leave and additional time to amend the complaint and to add alleged racketeering enterprise The Lawfare Foundation as an additional defendant. The unprecedented nature of revelations in the May 12, 2023 Durham Report are not yet fully realized. Even so, they serve to prove Goodman's well-founded allegations against defendants. Defendants must not be allowed to continue to obstruct Goodman's constitutional rights. Goodman must not be enjoined from bringing legitimate legal action or in any other manner calculated to conceal evidence or terminate these well-founded claims before the Court properly and fully adjudicates each of them.

Signed this 22th day of May 2023

Respectfully submitted,

_____
Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

OBJECTION TO ORDER AND REPORT AND RECOMMENDATION - 12

**(EXHIBIT A)**

**From:** McCabe, Andrew G. (DO) (FBI)
**Sent:** Wednesday, December 28, 2016 3:46 PM
**To:** James B. Comey
**Subject:** RE: A weird development

Very odd.

I have a few updates for you.  DO you have time for a quick chat?

Andrew G. McCabe
Deputy Director
Federal Bureau of Investigation


**From:** James B. Comey
**Sent:** Wednesday, December 28, 2016 1:13 PM
**To:** Rybicki, James E. (DO) (FBI) <James.Rybicki@ic.fbi.gov>; McCabe, Andrew G. (DO) (FBI) <​@ic.fbi.gov>; Baker, James A. (OGC) (FBI) <James.Baker@ic.fbi.gov>
**Subject:** Fwd: A weird development




-------- Original message --------
From: Reinhold Niebuhr
Date: 12/28/16 1:11 PM (GMT-05:00)
To: "James B. Comey" <​@ic.fbi.gov>
Subject: Fwd: A weird development



---------- Forwarded message ---------
From: Benjamin Wittes
Date: Wed, Dec 28, 2016 at 11:48 AM
Subject: A weird development
To: Reinhold Niebuh


Hey there--
I'm writing because a very strange document has crossed my desk that may--or may not--have implications for investigations you guys are conducting. Under normal circumstances, I would simply assume that the document is either a fraud or that you guys already know all about it. (Both may well be true, as it is.) The wrinkle here is that the document--which purports to be a series of reports/dispatches by a private British intel company on

1

Trump and Russia and the hacking and contains a number of highly-detailed accounts stuff that would be explosive if alleged publicly--is being furiously investigated by, at a minimum, the Wall Street Journal (the document was given to me by Shane Harris). What's more, it seems to already be in the hands of the SSCI. I wouldn't be surprised if it's also in the hands of other congressional committees.

I want to stress that I have NO idea if it is authentic, much less accurate. But I thought I would alert you to it in case, for some reason, it hasn't made its way to your people long ago. I'm happy to put you in touch with Shane, if you're interested in hearing his account of what it is, or I can just forward a copy to you.

Hope you're doing well. It was great seeing you a couple of weeks ago.

Happy New Year.
/b

---

Benjamin Wittes

Senior Fellow and Research Director in Public Law

The Brookings Institution

1775 Massachusetts Avenue, NW

Washington DC 20036
Offic
Mobi
If you want to send me encrypted communications, here is my PGP Public Key

2

Senate HSGAC_TransitionReq FBI004035