UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
: 
JASON GOODMAN, :
: No. 21 Civ. 10878-AT-JLC
Plaintiff, :
: *Pro Se* Case
-against- :
:
:
CHRISTOPHER BOUZY, et al., :
:
Defendants. :
:
------------------------------------- X

**RESPONSE OF DEFENDANTS CHRISTOPHER BOUZY, BOT SENTINEL INC., SETH BERLIN, AND MAXWELL MISHKIN TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE COTT'S ORDER AND REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636, Defendants Christopher Bouzy ("Bouzy"), Bot Sentinel Inc. ("Bot Sentinel"), Seth Berlin ("Berlin"), and Maxwell Mishkin ("Mishkin") (together, the "Bouzy Defendants") respectfully submit this Response to Plaintiff Jason Goodman's Objection ("Obj.") (Dkt. 212) to the Order and Report and Recommendation ("R&R") that Magistrate Judge Cott issued on May 8, 2023 (Dkt. 203).

Goodman focuses his objections on an email sent by former FBI Director James Comey and the report recently issued by Special Counsel John Durham, neither of which has anything to do with the claims at issue in this case. Obj. at 3-5. And, although the point of objections is to address rulings about the current crop of defendants, Goodman expressly admits his goal of roping in yet another defendant – "The Lawfare Foundation" – to this already-sprawling action. *Id.* at 12. When he finally addresses the substance of the R&R, he has nothing of merit to say. The Court should overrule Goodman's objections and adopt Magistrate Judge Cott's thorough and well-reasoned R&R.

1.     **Defamation Claim Against Bouzy and Bot Sentinel:** Goodman objects to Magistrate Judge Cott's conclusion that Goodman failed to plausibly allege that Bouzy's tweet was false. Obj. at 6-8, 10. But Bouzy noted that Goodman had been accused of rape, and Goodman admitted multiple times that he *was* accused of rape, while denying the allegation. *See* Dkt. 107 at 14-15; Dkt. 159 at 5 (prior briefing). Thus, Magistrate Judge Cott correctly concluded that Goodman could not plausibly allege that the challenged statement was false, let alone materially false. His defamation claim fails as a matter of law for that threshold reason.

2.     Goodman next objects to the recommendation to dismiss the defamation claim on the independent basis that he failed to plausibly allege actual malice fault. *See* R&R at 24-26. Goodman contends that Bouzy published his tweet with actual malice because he did not "confirm its truthfulness" before publishing and Goodman had denied the rape allegation. Obj. at 8. But neither a failure to investigate nor a failure to credit a denial, even if proven, would constitute actual malice as a matter of law. *See* Dkt. 159 at 6-8.

3.     As the Bouzy Defendants further explained in their prior briefing, the defamation claim can be dismissed for additional reasons as well, including that (1) Bot Sentinel itself is not alleged to have published the challenged statement; (2) the challenged statement cannot give rise to a viable defamation-by-implication claim; and (3) Bouzy's characterizations of Goodman are expressions of opinion protected by the First Amendment and New York law. *See* Dkt. 107 at 11-12, 15-20. Each of these grounds provides an alternative basis for overruling Goodman's objections to the recommendation to dismiss his defamation claim.

4.     **Racketeering/Conspiracy Claim:** Magistrate Judge Cott correctly ruled that Goodman did not plausibly allege a pattern of racketeering, the existence of an enterprise, or that the supposed enterprise was the proximate cause of any injury. *See* R&R at 15-18; *see also* Dkt.

107 at 26-29; Dkt. 159 at 12-15. Goodman objects to dismissal with prejudice of his racketeering and civil conspiracy claims specifically, and his other claims more generally, on the grounds that he should have been granted leave to file yet another amended complaint given "the gravity of the allegations" and "[t]he extraordinary and historical nature of the facts and allegations in this case." Obj. at 9, 12. But futility – not ostensible gravity or historical import – is the relevant consideration, and Goodman offers no basis whatsoever to reject the conclusion that further amendment to any of his claims would be futile. *See* Dkt. 107 at 29-30. Moreover, Goodman did not even attempt to object to Magistrate Judge Cott's conclusion that Goodman failed to state any claim – whether for fraud or conspiracy or racketeering – against Berlin and Mishkin. *See* R&R at 28 n.9.

5. **Motion to Vacate Default**: Magistrate Judge Cott correctly ruled in favor of vacating the default against Bouzy and Bot Sentinel. *See* R&R at 12-13. That decision can also be adopted on the independent grounds that, by filing an Amended Complaint, Goodman himself mooted the default. *See* Dkt. 107 at 11 n.7; Dkt. 159 at 2 n.1.

6. **Rule 11 Motion**: Goodman objects to the denial of his motion for sanctions under Rule 11 because, he asserts, "counsel for defendants failed to follow the rules in their disingenuous effort to trick a pro se litigant into dismissing valid claims." Obj. at 11. But as Bouzy, Bot Sentinel, and Berlin explained in opposing Goodman's sanctions motion, (1) Rule 11 does not apply to out-of-court correspondence like a pre-motion letter; (2) the pre-motion letter was entirely proper under the Court's rules and Second Circuit precedent; and (3) rather than "tricking" him into "dismissing valid claims," Goodman's claims were meritless, including for the reasons set out in that pre-motion letter, such that he should have withdrawn those claims voluntarily rather than maintaining this action. *See generally* Dkt. 94 (opposition to sanctions).

7.  In that vein, while Magistrate Judge Cott recommended against awarding fees and costs incurred in responding to Goodman's meritless Rule 11 motion, Goodman's conduct since that ruling supports revisiting that determination. In a post-ruling video, Goodman crowed about the expenses he has been able to impose on others through this lawsuit, and specifically that Bouzy did not really win because he "had to pay a huge legal bill" to defend himself. *See* Dkt. 216 at 3-4 (quoting https://www.youtube.com/watch?v=4NlBTBt4Rjo at 1:22:56 – 1:23:16). And, undaunted by Magistrate Judge Cott's ruling, Goodman threatened all of the alleged "co-conspirators" that he will see them "sent to prison if it takes the rest of [his] life to accomplish that." Ex. A. Because Rule 11 is designed to deter litigation undertaken for an improper purpose – including, as here, inflicting financial harm – the Court should now award those fees and costs.

## CONCLUSION

The Bouzy Defendants respectfully request that the Court overrule Goodman's objections, adopt the R&R, and award fees and costs for opposing a meritless Rule 11 motion.

Respectfully submitted,

BALLARD SPAHR LLP

By:  */s/ Seth D. Berlin*
  Seth D. Berlin (SB7978)
  Maxwell S. Mishkin (admitted *pro hac vice*)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: 202-661-2200
Fax: 202-661-2299
berlins@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Defendants Christopher Bouzy,
Bot Sentinel Inc., Seth Berlin, and Maxwell Mishkin*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June 2023, I caused true and correct copies of the foregoing Response of Defendants Christopher Bouzy, Bot Sentinel Inc., Seth Berlin, and Maxwell Mishkin to Plaintiff's Objections to Magistrate Judge Cott's Order and Report and Recommendation to be served on counsel of record via ECF and by email and U.S. Mail First Class on the following:

Mr. Jason Goodman
252 7th Ave., Apt. 6S
New York, NY 10001
truth@crowdsourcethetruth.org

*Plaintiff*

Mr. David George Sweigert
Mailbox, PMB 13339
514 Americas Way,
Box Elder, SD 57719
Spoliation-notice@mailbox.org

*Defendant*

Mr. George Webb Sweigert
209 St. Simons Cove
Peachtree City, GA 30269
Georg.webb@gmail.com

*Defendant*

/s/ *Seth D. Berlin*
Seth D. Berlin (SB7978)