IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN,<br>      Plaintiff,<br><br>  v.<br><br>CHRISTOPHER ELLIS BOUZY, et al.,<br>      Defendants. | Case No. 1:21-cv-10878 |

**DEFENDANTS BENJAMIN WITTES' AND NINA JANKOWICZ'S OPPOSITION TO PLAINTIFF JASON GOODMAN'S OBJECTION TO ORDER AND <u>REPORT AND RECOMMENDATION</u>**

Plaintiff Jason Goodman's Objection to Order and Report and Recommendation ("Objections") doubles down on the same issues that led Judge Cott to recommend that Plaintiff's complaint be summarily dismissed with prejudice. Plaintiff's sprawling Objections do not identify a single factual or legal error in Judge Cott's Report and Recommendation. Instead, Plaintiff continues to assert a series of outlandish—and false—conspiracy theories and purports to highlight new evidence that he claims demands rejection of Judge Cott's Order. *See generally* Plf.'s Obj., ECF No. 212 ("Obj."). But this "evidence" is neither new nor relevant, and supplies no basis to second guess Judge Cott's Recommendation. Defendants Benjamin Wittes and Nina Jankowicz ("Defendants") therefore request that the Court adopt the Magistrate's Report and Recommendation.[1]

---

[1] Defendants have filed a limited and pending Motion for Reconsideration, ECF Nos. 208, 209, requesting that Judge Cott consider new evidence supporting Defendants' request for attorneys' fees and costs as sanctions. Defendants therefore reserve their rights to object to Judge Cott's Recommendation regarding their Motion for Reconsideration limited to the question of attorneys' fees.

1

**ARGUMENT**

Where a "'party makes only conclusory or general objections, or simply reiterates his original arguments,' the Court reviews the report and recommendation strictly for clear error." *Oparaji v. Mun. Credit Union*, No. 19CIV4034, 2020 WL 1155898, at *2 (S.D.N.Y. Mar. 10, 2020). *See also generally In re Thiessen*, 606 F. Supp. 3d 65, 68 (S.D.N.Y. 2022) ("To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must . . . strike [us] as wrong with the force of a five-week-old, unrefrigerated dead fish.") (citation and internal quotation marks omitted). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings . . . such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Clarke v. United States*, 367 F. Supp. 3d 72, 75 (S.D.N.Y. 2019). This Court may also "adopt those portions of the report and recommendation to which no objection is made, 'as long as no clear error is apparent from the face of the record.'" *Id.*

Plaintiff has not even attempted to satisfy this highly deferential standard.[2] In fact, Plaintiff does not identify any specific objections to Judge Cott's Report and Recommendation at all. This is dispositive.

**I.  PLAINTIFF DOES NOT IDENTIFY A SINGLE VALID OBJECTION TO JUDGE COTT'S RECOMMENDATION THAT THE COURT GRANT DEFENDANTS' MOTION TO DISMISS.**

Judge Cott's recommendation that this Court grant Defendants' motion to dismiss can (and should) be resolved on the basis that Plaintiff failed to respond to Defendants' motion to dismiss, *see* R&R at 7, ECF No. 203, and therefore waived any such opposition. *See Felske v. Hirchmann*, No. 10 Civ. 8899, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A Plaintiff effectively

---

[2] Defendants do not address Judge Cott's consideration of other parties' motions, but note that Plaintiff also did not identify any specific objections to Judge Cott's Recommendation on those issues.

2

concedes a defendant's arguments by his failure to respond to them."); *Seabrook v. United States*, No. 16CV1676, 2020 WL 5764370, at *5 (S.D.N.Y. Sept. 27, 2020) (Cott, M.J.) ("Although pro se pleadings are to be construed liberally, [plaintiff's] pro se status does not exempt him from this court's waiver rules."). *See also* Defs.' Reply in Supp. of Mot. for Sanctions, ECF No. 197 at 3-4 (collecting similar cases). Because a "district court generally will not consider arguments that were not raised before the magistrate judge," the Court can and should stop here. *U.S. Bank Nat. Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-1598 SJF, 2014 WL 4542950, at *2 (E.D.N.Y. Sept. 10, 2014) (adopting magistrate's recommendation over a party's objections, after finding the party waived their argument by failing to raise it to before the magistrate).

Even if this were not the case, Plaintiff's Objections should be rejected because they do not identify even a single specific objection to Judge Cott's Report and Recommendation. *Compare* Obj. at 9-10 (failing to cite a single legal error, or otherwise identify any specific portion of the Magistrate's Recommendation that is supposedly flawed) *with* R&R at 13-28 (addressing Plaintiff's claims in detail, before recommending they be denied with prejudice). Plaintiff's vague plea that "the interest of justice" requires that he "be granted leave to amend and cure the defects" that the Magistrate identified in Plaintiff's complaint does not come close to satisfying his burden to show clear error. *See Oparaji*, 2020 WL 1155898, at *2; *Clarke*, 367 F. Supp. 3d at 75.[3] *See* Obj. at 9. That is particularly so given that Plaintiff does not explain why he should be permitted to amend his claims against Defendants or identify any particular pleading deficiencies that he could remedy if given a chance to do so. Indeed, Plaintiff has already attempted to file two

---

[3] Plaintiff also complains that Judge Cott "false[ly]" stated that Plaintiff "accused Wittes of murdering" Peter Smith. Obj. at 6. But Plaintiff does not explain how this cursory statement in Judge Cott's factual background section, R&R at 3, had any bearing on the Magistrate's Recommendation that Plaintiff's claims be dismissed, much less explain how it could provide the basis to find clear error with respect to that Recommendation.

amended complaints since filing his complaint against Defendants, *see* Second Am. Compl., ECF No. 132, Proposed Third Am. Compl., ECF No. 142-1, neither of which inspired any confidence that Plaintiff's deficiencies could be cured with yet another opportunity. *See also* Mem. in Supp. of Mot. to Dismiss at 21-23, ECF No. 154 (discussing the frivolous nature of Plaintiff's amended complaints).

Instead of raising any valid objections to Judge Cott's Report and Recommendation, Plaintiff argues that the Court should reverse based on "new" evidence that Judge Cott did not have an opportunity to consider. That supposedly new evidence is an email from Mr. Wittes to former FBI Director James Comey that has been in the public domain for years.[4] *See* Obj. at 1-6. But Plaintiff never explains why this email—which he introduced for the first time in his Objections—is relevant at all to Plaintiff's claims, much less specific aspects of Judge Cott's Recommendation.[5] Plaintiff therefore has not identified any error—much less anything that arises to clear error—in Judge Cott's Recommendation with respect to Defendants' motion to dismiss, which should be adopted.

## II. PLAINTIFF DOES NOT IDENTIFY A SINGLE VALID OBJECTION TO JUDGE COTT'S RECOMMENDATION ON SANCTIONS.

Plaintiff's vague objection to the Magistrate's Recommendation regarding Defendants' motion for sanctions is similarly flawed. Here, too, Plaintiff fails to identify any specific objection to Judge Cott's recommendation that the Court issue a filing injunction. *Compare* Obj. at 11 *with* R&R at 34-38. Plaintiff instead repeats his baseless conspiracy theories while complaining that he

---

[4] In a YouTube video posted after filing the Objections, Plaintiff admitted that this email has "been in the public domain for like three years"—since a December 2020 Senate Hearing—but Plaintiff "just found it." Crowdsource the Truth 9, *Ghost Town NYC – Is Lawfare Editor Ben Wittes the Wario of Stupid Mario World?* at 0:57-1:23, https://www.youtube.com/watch?v=PmTg_QfmYFU.

[5] Plaintiff also does not dispute any other aspect of Judge Cott's factual findings with respect to Defendant Wittes or Defendant Jankowicz.

will be prohibited from raising these exact same claims against these exact same defendants again—only proving the point that a filing injunction is necessary to protect Defendants from continued frivolous litigation. *See* Obj. at 11; *see also* Mem. in Supp. of Mot. for Sanctions at 5-11, ECF No. 172 (explaining why a broad filing injunction is appropriate); Reply in Supp. of Mot. for Sanctions at 2-10, ECF No. 197 (same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reject Plaintiff's Objections, and adopt the Magistrate Judge's Report and Recommendation.[6]

Dated: June 5, 2023

Respectfully submitted,

*/s/ Elizabeth C. Lockwood*
Elizabeth C. Lockwood
ALI & LOCKWOOD LLP
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
(202) 651-2477
liz.lockwood@alilockwood.com

---

[6] As noted above, *supra* n.1, Defendants' Motion for Reconsideration regarding the award of attorneys' fees and costs remains pending before Judge Cott, and so is not addressed herein.

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2023, I caused true and correct copies of the foregoing Memorandum to be served electronically via ECF on the following:

Seth D. Berlin
Maxwell Mishkin
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
(202) 508-1122
berlins@ballardspahr.com
mishkinm@ballardspahr.com

Brian Edward Middlebrook
John Tyler Mills
Gordon Rees Scully Mansukhani LLP
1 Battery Plaza, 28th Floor
New York, NY 10004
(212) 269-5500
bmiddlebrook@grsm.com
jtmills@grsm.com

Mary Catherine Brennan
Finnegan, Henderson, Farabow, Garrett
& Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-3770
MaryKate.Brennan@finnegan.com

I additionally certify that on the 5th day of June, 2023, I caused true and correct copies of the foregoing Memorandum to be served via email and U.S. Mail First Class on the following:

Mr. Jason Goodman
252 7th Ave., Apt. 6S
New York, NY 10001
truth@crowdsourcethetruth.org

Mr. George Webb Sweigert
209 St. Simons Cove
Peachtree City, GA 30269
Georg.webb@gmail.com

Mr. David George Sweigert
Mailbox, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

By: */s/ Elizabeth Lockwood*