IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>  Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN,<br><br>  Defendants | Case No.: 1:21-cv-10878-AT-JLC<br><br>**MEMORANDUM IN SUPPORT OF RECUSAL OR DISQUALIFICATION OF MAGISTRATE JUDGE JAMES L. COTT** |

    Pro Se Plaintiff Jason Goodman respectfully moves the Court pursuant to 28 U.S.C. § 455 (a) for the recusal or disqualification of Magistrate Judge James L. Cott due to personal bias and prejudice in favor of defendants and against Goodman sufficient to question his impartiality. On May 8, 2023, Judge Cott issued an order and report and recommendation in which he advised Goodman to be sanctioned and his unchallenged, evidence backed claims not only be dismissed as conspiracy theories, but that Goodman's rights to access the courts or further address these matters be severely and unjustly infringed. The order cited a false allegation that Judge Cott invented out of whole cloth. This outrageous false statement demonstrates at best a fundamental lack of understanding of the issues at controversy in this case but is more likely a product of Judge Cott's insurmountable bias against Goodman. New information learned after May 12, 2023, could cause a reasonable observer to question Judge Cott's ability to render fair judgment.

MEMORANDUM IN SUPPORT OF RECUSAL OR DISQUALIFICATION OF
MAGISTRATE JUDGE JAMES L. COTT - 1

# INTRODUCTION

On May 12, 2023, the United States Attorney General released a report from the Office of Special Counsel's investigation into the FBI, known as (the "Durham Report") (https://www.justice.gov/storage/durhamreport.pdf).  The Durham Report found that the FBI had "failed to uphold their important mission of strict fidelity to the law."  This astonishing finding is fundamentally relevant to this case.  The email identified as evidence by the Senate Homeland Security and Government Accountability Committee (*See* ECF No. 212 pages 14 – 15) showed defendant Benjamin Wittes ("Wittes") had communicated with then FBI director James Comey ("Comey") and was actively provoking the FBI investigation with information Goodman knows to be false.  The Court cannot discount the Department of Justice ("DOJ") or Senate findings as conspiracy theory and for the same reasons defendants cannot dismiss Goodman's either.

Due to the serious and unprecedented nature of the conclusions of the Durham Report and the unique circumstances of this case, Judge Cott's personal experience working with former director Comey in the U.S. Attorney's office is likely to cause an impartial observer to question Judge Cott's ability to remain unbiased. "Pursuant to 28 U.S.C. § 455, a judge must be disqualified "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a).  The test for disqualification is objective, Defendant does not need to present "the reality of bias or prejudice but its appearance." Liteky v. United States, (1994).

Even if the Court agrees with Judge Cott's finding that Goodman has failed to form a cognizable RICO claim, it is not because the claims are frivolous.  RICO is notoriously complex and claims undeniably difficult to properly form even for experienced bar members.  This should not grant sophisticated, well-resourced lawfare practitioners like these defendants

MEMORANDUM IN SUPPORT OF RECUSAL OR DISQUALIFICATION OF
MAGISTRATE JUDGE JAMES L. COTT - 2

the freedom to calculate complex conspiracies specifically to attack their enemies while defying justice. It also must not allow them to stifle valid news reporting as dubiously labeled "conspiracy theories" without disproving specific claims. Judge Cott issued his misguided order before anyone could guess the DOJ would publish a report accusing the FBI of breaking the law. Given these unprecedented circumstances, Judge Cott's outrageous rulings grossly biased against Goodman, and his past personal contact with former FBI director Comey, an impartial observer might reasonably question Judge Cott's ability to remain unbiased in these proceedings.

## I.     GOVERNING LAW

Judicial disqualification of magistrate judges is governed by 28 U.S. Code § 455. Under Section 455(a), judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned," including where they have any "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" (id. § 455(b)(1). Recusal is appropriate where "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). "[T]he public interest mandates that judges not be intimidated out of an abundance of caution into granting disqualification motions." Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 148-51 (S.D.N.Y. 2012), objections overruled sub nom. Moore v. Publicis Groupe SA & MSLGrp., 11 Civ. 1279 (ALC) (AJP), 2012 U.S. Dist. LEXIS 191215, 2012 WL 12528637 (S.D.N.Y. Nov. 8, 2012).

Tasfay v. Ramos, 2022 U.S. Dist. LEXIS 143032, at *13 (S.D.N.Y. Aug. 10, 2022)

MEMORANDUM IN SUPPORT OF RECUSAL OR DISQUALIFICATION OF
MAGISTRATE JUDGE JAMES L. COTT - 3

Accusations of bias cannot arise from "mere disagreement" with judicial rulings; legitimate claims must demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. Generally disqualification is supported by evidence from an "extrajudicial source"—"something other than rulings, opinions formed, or statements made by the judge during the course of trial." Holland, 519 F.3d at 913-14. But judicial remarks that are critical or disapproving of, or hostile to, counsel, the parties, or their cases, will support a bias or partiality challenge "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Id., accord Liteky, 510 U.S. at 551 (absent any "extrajudicial source," a judge's "favorable or unfavorable predisposition" in the course of the proceedings will be characterized as bias or prejudice "if it is so extreme as to display clear inability to render fair judgment").

## II.  A REASONABLE PERSON WITH KNOWLEDGE OF THE FACTS WOULD CONCLUDE THAT JUDGE COTT'S IMPARTIALITY MIGHT BE REASONABLY QUESTIONED IN THIS CASE

### A. Judge Cott Falsely Stated Goodman Accused Wittes of Murder

Condemning Goodman as a "conspiracy theorist" and falsely concluding he had accused Wittes of murder while attempting to deny his access to the courts, would be likely to cause a reasonable observer to conclude Judge Cott was biased against Goodman.  Goodman has never accused Wittes of murdering anyone.  Goodman has presented well founded claims that are backed by irrefutable evidence that has yet to be challenged.  Because Judge Cott's initial conclusion is false, and the mistake so severe, it would inarguably result in a decision inappropriately biased against Goodman.

### B. Judge Cott Seeks to Enjoin Goodman But Not Sweigert

Judge Cott demonstrated extreme bias in favor of defendants and against Goodman when he made the outrageous and unjust recommendation that Goodman be declared a vexatious litigant. David George Sweigert ("Sweigert") is the individual who initiated this years-long "lawfare" litigation battle, not Goodman. Goodman only became a plaintiff after years of legal abuse with the hope to put an end to it all. This is not the mutual conflict falsely described by former FBI General Counsel and former Comey colleague Judge Valerie Caproni. It is Sweigert who has pursued Goodman with vexatious litigation that has no purpose beyond harassment and disruption of the proper adjudication of legitimate claims to prevent future action pursuant to res judicata.

Judge Cott seeks to dismiss Goodman's claims as conspiracy theory and enjoin him from further litigation, but refuses to act in any way to curtail Sweigert's totally inappropriate behavior. This mirrors Judge Caproni's refusal to take action after Sweigert harassed attorney Jonathan Snyder ("Snyder") compelling his withdrawal. The contentious history between Goodman and defendants has been repeated ad nauseam throughout these proceedings but contrary to facts, Judge Cott believes that Goodman "has not provided any details as to how, where, or when Sweigert harassed his former counsel. Therefore, Goodman's abuse of process claim fails." On June 9, 2022 Goodman filed a motion in opposition to Sweigert's motion to intervene (ECF No. 33). In it, Goodman stated, "After being relentlessly harassed by Sweigert, Snyder withdrew citing alleged threats against his infant daughter." Snyder's withdrawal motion and affidavit are cited in the record as well (*See* ECF No. 133 page 12 line 8). Judge Cott completely

ignores these facts due to his bias favoring defendants by proposing enjoining Goodman from discussing facts while protecting Sweigert so he may continue to harass and disrupt. This is remarkably similar to Judge Caproni's approach to Sweigert. If this multitude of serious oversights by Judge Cott is not indicative of bias, the alternate conclusion must be total lack of competence regarding this subject matter. Judge Cott's conclusions can only result from sheer ignorance of the facts or deliberate favoritism toward the defendants.

### C. Judge Cott Unjustly Denied Goodman Access to the Court

On May 2, 2023, Judge Cott issued an order disallowing additional filing without first seeking leave of the Court. This ruling unjustly denied Goodman his right to access the Court. In reviewing the prior ten filings on the docket, seven were made by Sweigert, two were made by defendants Adam Sharp ("Sharp"), Margaret Esquenet ("Esquenet") and the Academy of Television Arts and Sciences ("ATAS") but only one was made by Goodman. Further, Defendants inappropriately edited a citation in their motion to paint Goodman in a false light, (*See* ECF No. 206) misleading the Court by claiming, "As succinctly recognized by Judge Caproni, Goodman "clogs the docket with amended filings. Such behavior has to stop." (Sweigert v. Goodman, 2022 WL 168080, at *10 (S.D.N.Y. Jan. 19, 2022)." Defendants deceptively edited the full quote to hide what Judge Caproni actually said, "Goodman, although not as prolific as Sweigert in this regard, also clogs the docket with amended filings." Defendants fail to consider that the majority of the filings cited by Judge Caproni would not have been attempted were it not for the persistent harassment and endless filing from Sweigert. Despite this, Judge Cott has continued to recommend the Court take no action, except against Goodman.

### D. Judge Cott Ignores Facts and Evidence Unfavorable to Defendants

Defendants Christopher Bouzy ("Bouzy") and Bot Sentinel have made numerous false statements in their ongoing effort to mislead the Court. Stunningly, Judge Cott's order and report and recommendation supports these efforts. In their response to Goodman's objection to Judge Cott's order, they make the absurd and false assertion that "Goodman focuses his objections on an email sent by former FBI Director James Comey and the report recently issued by Special Counsel John Durham, neither of which has anything to do with the claims at issue in this case." The email was actually sent by Wittes who Goodman alleges is "Brookings Fellow 1" in the report. The email is highly relevant because it proves Goodman's claims by referring to a document provided by Harris, the same person who contacted Goodman's associate in Goodman's presence announcing the same document in 2017. At the time of this filing, the Republican majority in Congress is deadlocked in an ongoing tug of war with executives at the FBI who stand accused of serious crimes. Judge Cott's existing relationship with Comey, Judge Caproni's former employment at the FBI, and allegations that defendant Sharp calculated a scheme involving Judge Caproni when she was FBI General Counsel, cannot be simply dismissed without refuting Goodman's valid, evidence backed claims.

### E. Judge Cott Worked in the U.S. Attorney's Office with James Comey

According to their own curricula vitae published online, Judge Cott and former Director Comey both worked in the U.S. Attorney's office in the Southern District of New York in 2003. While this might be unremarkable in the overwhelming majority of cases, it is relevant here as it would be likely to cause an unbiased observer to question

MEMORANDUM IN SUPPORT OF RECUSAL OR DISQUALIFICATION OF
MAGISTRATE JUDGE JAMES L. COTT - 7

Judge Cott's impartiality particularly given the severity of the accusations. Goodman has provided evidence authenticated by the United States Senate which proves that defendant Wittes was in direct email communication with Judge Cott's former colleague, then FBI director Comey. The email indicates that Wittes was encouraging the FBI to investigate the President of the United States on the basis of documents and evidence from journalist Harris. This material directly relates to the death of Peter W. Smith and Goodman's core allegation that Wittes has worked with defendants to hide facts, evidence and relevant information pertaining to Smith's death. Judge Cott's rulings have unjustly favored defendants in their attempt to divert the Court from relevant facts. Defendants' assertion that they are "innocent parties swept up in Plaintiff's ever-expanding web of conspiracy theories" is false. They each coordinated with one another for a common purpose. Their assertion that this action represents "misuse of the legal system to pursue them" is contradicted by the facts and evidence they are so desperate to avoid confronting.

## CONCLUSION

For the reasons stated herein, Magistrate Judge James L. Cott should recuse himself from this action or otherwise be disqualified by the Court.

Signed this 5th day of June 2023

Respectfully submitted,

                                              Jason Goodman, Plaintiff, Pro Se
                                              252 7th Avenue Apt 6s
                                              New York, NY 10001
                                                     (323) 744-7594
                                      truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF RECUSAL OR DISQUALIFICATION OF MAGISTRATE JUDGE JAMES L. COTT - 8