UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN

    *Plaintiff*,

v.

CHRISTOPHER ELLIS BOUZY, *et al.*,

    *Defendants*.

21-CV-10878 (AT) (JLC)

---

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
<u>JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

---

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| *Attorneys for Defendants Margaret Esquenet, and Academy of Television Arts & Sciences* | *Attorneys for Defendants Adam Sharp* |
| B. Brett Heavner, Esq. (*pro hac vice*)<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>b.brett.heavner@finnegan.com | Brian E. Middlebrook, Esq.<br>John T. Mills, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>Telephone: (212) 269-5500<br>Facsimile: (212) 269-5505<br>bmiddlebrook@grsm.com<br>jtmills@grsm.com |

**TABLE OF CONTENTS**

I.   INTRODUCTION ...............................................................................................................1

II.  ARGUMENT.....................................................................................................................2

    A.   Goodman does not contest that Movants have satisfied the elements of *res judicata*. ...................................................................................................................2

    B.   With the elements of *res judicata* undisputed, Goodman provides no basis to avoid the application of *res judicata* here............................................................3

    C.   Goodman should be enjoined from filing any additional documents pertaining to the subject matter of this case or *Goodman I* in this District, and from filing any federal district court action related to such subject matter without leave of court. ...................................................................................5

III. CONCLUSION..................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980) ............................................................................................................... 2

*Celli v. First Nat'l Bank (In re Layo)*,
    460 F.3d 289 (2d Cir. 2006) ................................................................................................. 4

*Day v. Moscow*,
    955 F.2d 807 (2d Cir. 1992) ................................................................................................. 2

*Goodman v. Sharp*,
    No. 21-CV-10627 (VEC), 2022 WL 2702609 (S.D.N.Y. July 12, 2022) ............................. 1

*L-TEC Elecs. Corp. v. Cougar Elec. Org., Inc.*,
    198 F.3d 85 (2d Cir. 1999) ................................................................................................... 3

*Monahan v. New York City Dept. of Corrections*,
    214 F.3d 275 (2d Cir. 2000) ................................................................................................. 2

*Nat'l Academy of Television Arts and Sciences, Inc. et al. v. Multimedia Sys. Design, Inc.*,
    No. 1:20-cv-07269 (S.D.N.Y.) ............................................................................................. 5

*Nat'l Academy of Television Arts and Sciences, Inc. et al. v. Multimedia Sys. Design, Inc.*,
    No. 1:20-cv-07269, Dkt. 113 (S.D.N.Y.) ............................................................................. 3

*Saud v. Bank of New York*,
    929 F.2d 916 (2d Cir. 1991) ......................................................................................... 3, 4, 5

*Word v. Croce*,
    230 F. Supp. 2d 504 (S.D.N.Y. 2002) .................................................................................. 2

**I.      INTRODUCTION**

Plaintiff Jason Goodman's ("Plaintiff" or "Goodman") opposition to Defendants Adam Sharp's ("Sharp"), Margaret Esquenet's ("Esquenet"), and Academy of Television Arts & Sciences' ("ATAS") (collectively, the "Movants") joint motion to dismiss provides no reason why his claims against Movants are not barred by *res judicata*. Much to the contrary, Goodman admits that the parties are the same and the fact pattern is the same here as it was in Goodman's prior proceeding against Movants, previously dismissed on the merits by Judge Caproni in *Goodman v. Sharp*, No. 21-CV-10627 (VEC), 2022 WL 2702609 (S.D.N.Y. July 12, 2022). And he does not dispute that Movants have established each and every element of *res judicata*.

Instead, Goodman claims *res judicata* should not apply solely because Movants purportedly fraudulently concealed evidence in *Goodman I*. Goodman, however, fails to identify *any* evidence that Movants concealed (let alone fraudulently) from Goodman or was not otherwise available to Goodman in *Goodman I*. Goodman's opposition does nothing more than reiterate the same tired, baseless, and histrionic allegations that Goodman alleged in *Goodman I* and repeated in his amended complaint (Dkt. 100) here.

With no basis to avoid *res judicata*, the Court should put an end to Goodman's vexatious and duplicative claims against Movants and dismiss Goodman's claims with prejudice and without leave to amend (as Judge Cott recommended), along with a filing injunction barring any future filings by Goodman in this District, including against Movants, without first obtaining the Court's permission.

1

## II.     ARGUMENT

### A.    Goodman does not contest that Movants have satisfied the elements of *res judicata*.

As explained in Movants' opening memorandum, dismissal under rule 12(b)(6) based on *res judicata* is "appropriate when it is clear, from the complaint and from matters of which the court takes judicial notice, that plaintiff's claims are barred as a matter of law." *Word v. Croce*, 230 F. Supp. 2d 504, 508 (S.D.N.Y. 2002) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)). And to establish *res judicata*, a party must show: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000) (citing, *inter alia*, *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Goodman does not dispute, nor could he, that Movants have established each element to establish *res judicata*. For instance, Goodman does not dispute that Judge Caproni fully adjudicated the merits of Goodman's claims in *Goodman I* by finding them implausible in any context. (*See* Dkt. 206 at 8.) Goodman also does not dispute that *Goodman I* involved the same parties as here (i.e., Goodman as plaintiff and Movants as defendants), as well the same nucleus of operative facts underlying the claims here and in *Goodman I*. (*See id.* at 8-11.) Indeed, Goodman even goes so far as to *admit* that this matter involves the same parties and the same facts as *Goodman I*. (*See* Dkt. 213 at 8 (stating it "is the case here" that "the same parties and the same fact pattern" were involved in the prior and present case).)

Because there is no dispute that Movants have satisfied each element of *res judicata*, it applies here to bar Goodman's claims here against Movant's in their entirety, and those claims should thus be dismissed without leave to amend.

**B.     With the elements of *res judicata* undisputed, Goodman provides no basis to avoid the application of *res judicata* here.**

Unable to dispute that Movants established each element necessary for *res judicata* to bar his claims, Goodman resorts to levying unfounded accusations that he is relying on newly discovered evidence that Movants purportedly fraudulently concealed evidence in *Goodman I* such that *res judicata* should not apply. This argument is factually incorrect and lacks merit.

"As a general rule, newly discovered evidence does not preclude the application of *res judicata*." *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991) (citation omitted); *see also L-TEC Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) ("Res judicata applies even where new claims are based on newly discovered evidence"). The exception to this rule is "when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence." *Saud*, 929 F.2d at 920. The alleged "evidence" Goodman points to in his opposition is neither new nor was it fraudulently concealed.

The first piece of alleged "evidence" noted by Goodman in his opposition is an email containing an email address that Movants allegedly attempted to keep sealed from the public record in a prior proceeding with Goodman. (*See* Dkt. 213 at 5-7.) It is unclear why Goodman references this email. The email itself and the sealed email address are not new evidence. Goodman knew of this email and the sealed email address at least as of August 26, 2021 (*see Nat'l Academy of Television Arts and Sciences, Inc. et al. v. Multimedia Sys. Design, Inc.*, No. 1:20-cv-07269, Dkt. 113 (S.D.N.Y.)), before he filed his complaint against Movants in *Goodman I* on December 13, 2021, *Goodman I*, Dkt. 1, so this email and email address is by no means new, nor was it ever concealed. To the extent Goodman complains that the email address is redacted on the public record, that has no bearing on whether *res judicata* should apply here, as Goodman himself knew of the email address (as is evident from his opposition).

3

And to the extent that Goodman complains that he was not aware of the identity of the individual underlying that email address (that is by no means clear from Goodman's opposition), that, too, has no bearing on whether *res judicata* should apply. Goodman knew of the email address and thus could have engaged in discovery or other due diligence to identify the email address owner. *See Celli v. First Nat'l bank (In re Layo)*, 460 F.3d 289, 293 (2d Cir. 2006). Moreover, Goodman provides no legitimate support for his unfounded claim that Movants fraudulently concealed the identity of the email address holder, or that Movants even knew the identity of the email address holder. What is more, the same allegations that Goodman reiterates in his opposition about this email were expressly referenced in Goodman's complaint in *Goodman I*. (*See Goodman I*, Dkt. 1 at ¶¶36-40.) Goodman thus had sufficient notice at the time of *Goodman I* of the essential facts that he now alleges in support of his claims against Movants here, and *res judicata* should thus apply. *See Saud*, 929 F.2d at 920 ("However, neither of these exceptions [to *res judicata*] is relevant herein, since we believe that even without the alleged newly discovered evidence, Saud had sufficient notice at the time of the guaranty Action of the essential facts that are now alleged in support of his RICO complaint.").

Goodman also points to the copyright complaint Sharp submitted to YouTube on August 21, 2020 regarding a video Goodman had posted on his YouTube page, complaining that he disagrees with the merits of that complaint. (Dkt. 213 at 7.) Goodman argues that he believed his company Multimedia System Design, Inc. was not an appropriate defendant when ATAS sued Goodman for copyright infringement in September 2020. (Dkt. 213 at 8.) Once again, it is wholly unclear how this copyright complaint to YouTube and/or his alleged belief that his company was not an appropriate defendant has any bearing on whether *res judicata* applies to bar Goodman's claims. And, in fact, they do not. At the time he filed *Goodman I*, Goodman was clearly aware of

4

both the YouTube copyright complaint and that his company was a defendant in the September 2020 suit filed by ATAS (*see Nat'l Academy of Television Arts and Sciences, Inc. et al. v. Multimedia Sys. Design, Inc.*, No. 1:20-cv-07269 (S.D.N.Y.)), particularly because at least Sharp's YouTube copyright complaint was explicitly referenced in Goodman's complaint in *Goodman I*. (*See Goodman I*, Dkt. 1 at ¶¶ 28-33.) That Goodman was aware of these allegations at the time of *Goodman I*, establishes that he had sufficient notice of them then as he does now, and *res judicata* thus applies. *See Saud*, 929 F.2d at 920.

Because Goodman was clearly aware of each of the facts he now alleges were "newly discovered" or "concealed' when he filed *Goodman I*, Goodman has identified nothing that would prevent dismissal with prejudice for *res judicata*, and the Court should so dismiss Goodman's claims against Movants here.

### C. Goodman should be enjoined from filing any additional documents pertaining to the subject matter of this case or *Goodman I* in this District, and from filing any federal district court action related to such subject matter without leave of court.

Goodman does not address any of the arguments Movants make supporting their request for injunctive relief. Instead, Goodman conclusively asserts that his "filings were not made to harass and annoy and were not meritless and frivolous" and complains that he "is battling a team of experienced bar members determined to defeat him with fraud and misrepresentation." (Dkt. 213 at 10.) These conclusive and unsupported musings should be rejected. Contrary to Goodman's arguments, his onslaught of filings and attacks on his opponents and members of the judiciary demonstrate the exact opposite, and indeed support Movants' argument herein. Considering that Goodman left Movants' argument for injunction unaddressed (Dkt. 206 at 12-14), Movants' request should be granted.

### III. CONCLUSION

For the reasons and authorities above and in Movants opening memorandum (Dkt. 206), and for the reasons and authorities thoroughly outlined in Judge Cott's Report and Recommendation, Movants respectfully request that the Court grant their Motion to Dismiss and dismiss Goodman's claims against them in his Amended Complaint with prejudice and without leave to amend, together with such other and further relief as this Court may deem just, proper, and equitable, including Movants' requested injunction.

Dated: June 9, 2023

Respectfully Submitted,

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| */s/ B. Brett Heavner* | */s/ John T. Mills* |
| B. Brett Heavner, Esq. (*pro hac vice*) | Brian E. Middlebrook, Esq. |
| 901 New York Avenue NW | John T. Mills, Esq. |
| Washington, DC 20001 | One Battery Park Plaza, 28th Floor |
| Telephone: (202) 408-4000 | New York, New York 10004 |
| Facsimile: (202) 408-4400 | Telephone: (212) 269-5500 |
| b.brett.heavner@finnegan.com | Facsimile: (212) 269-5505 |
| *Attorneys for Defendants* | bmiddlebrook@grsm.com |
| *Academy of Television Arts & Sciences and Margaret Esquenet* | jtmills@grsm.com |
| | *Attorneys for Defendant Adam Sharp* |