**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON GOODMAN<br><br>*Plaintiff*,<br><br>v.<br><br><br>CHRISTOPHER ELLIS BOUZY, *et al.*,<br><br>*Defendants*. | 21-CV-10878 (AT) (JLC) |

---

**DEFENDANTS SHARP, AND ESQUENET, AND ACADEMY OF TELEVISION ARTS & SCIENCES'S MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>JOINT MOTION TO AMEND JUDGMENT</u>**

---

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| *Attorneys for Defendants Margaret Esquenet, and Academy of Television Arts & Sciences* | *Attorneys for Defendants Adam Sharp* |
| B. Brett Heavner, Esq. (*pro hac vice*)<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>b.brett.heavner@finnegan.com | Brian E. Middlebrook, Esq.<br>John T. Mills, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>Telephone: (212) 269-5500<br>Facsimile: (212) 269-5505<br>bmiddlebrook@grsm.com<br>jtmills@grsm.com |

**TABLE OF CONTENTS**

                                                            **Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    RELEVANT FACTS AND PROCEDURAL HISTORY ................................................. 2

III.   ARGUMENT ................................................................................................................... 3

IV.   CONCLUSION ................................................................................................................ 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Evergreen Mut. Funds Fee Litig.*,
   240 F.R.D. 115 (S.D.N.Y. 2007) ................................................................................................3

**Rules**

Fed. R. Civ. P. 59(e) ......................................................................................................................3

**I.        INTRODUCTION**

Defendants Adam Sharp, Margaret Esquenet, and Academy of Television Arts & Sciences (collectively, the "Movants") jointly and severally move to narrowly amend the Court's June 29, 2023 judgment (the "Judgment") to include Movants' requested filing injunction prohibiting Plaintiff Jason Goodman ("Plaintiff" or "Goodman") from filing any additional suits or claims against them in this District without first obtaining leave of court. Movants specifically requested this relief in their May 12, 2023 motion to dismiss (Dkt. 206 at 12-14) (the "Motion to Dismiss") and Judge Cott recommended in his June 12, 2023 Report and Recommendation (the "June 12 R&R," Dkt. 228) that a filing injunction should be imposed "barring any future filings by Goodman in this District against [Movants] without first obtaining leave of court to do so" *Id.* at 2. No party filed any objection to the June 12 R&R. But the Court did not address Movants' request for this filing injunction nor the June 12 R&R in the Judgment.

As a result, Movants now move to narrowly amend the Judgment to include their requested filing injunction, which Judge Cott recommended be imposed. To be clear, Movants fully and completely agree with the Judgment in all respects, including that Goodman's complaint should be dismissed with prejudice and without leave to amend as against all Defendants. Movants merely seek to have their requested injunction added to the Judgment to prevent future vexatious, duplicative, and/or baseless claims against Movants by Goodman.[1]

---

[1] To the extent argued that this motion is barred pursuant to Judge Cott's May 2, 2023 Order (Dkt. 202), that Order is moot by its own terms, as all pending motions have been decided pursuant to the Judgment. Dkt. 202 at 1 ("direct[ing] all parties to cease from filing any motion . . . without leave of Court, until further order of the Court, *so that the Court may decide all of the many pending motions without the continued filing of additional motions*") (emphasis added).

## II.  RELEVANT FACTS AND PROCEDURAL HISTORY

On May 8, 2023, Judge Cott issued a Report and Recommendation (the "May 8 R&R") recommending that Goodman's "entire case be dismissed with prejudice," including as it related to Movants even though Movants had not yet filed a motion to dismiss. Dkt. 203 at 1–2, 43–44. To preserve their rights to be heard on Goodman's baseless and frivolous claims while the Court considered Judge Cott's May 8 recommendations, Movants timely filed their Motion to Dismiss. Dkt. 206. In the Motion to Dismiss, Movants requested a filing injunction enjoining Goodman from: (1) filing any additional documents pertaining to the subject matter of the claims asserted in this case or his prior litigation against Movants in this District; and (2) filing any federal district court action (whether *pro se* or otherwise) relating to the subject matter of this case or Goodman's prior litigation against Movants without leave of court. *Id.* at 12-14.

In the June 12 R&R, Judge Cott specifically addressing the arguments in Movants' May 12 motion to dismiss and reiterated his recommendation that Goodman's claims against Movants be dismissed with prejudice. Dkt. 228. Judge Cott added that his claims against Movants not only lack merit, but are also barred by *res judicata* because they were based on "virtually the same allegations" as Goodman raised in his previous suit against Movants, which Judge Caproni dismissed without leave to amend. *Id.* at 1. Judge Cott also addressed Movants' request for a filing injunction, finding that:

> Goodman should not be permitted to continue to file the same allegations against these defendants in multiple lawsuits. Accordingly, as requested by defendants ATAS, Sharp, and Esquenet (and as the Court previously recommended with respect to defendants Wittes and Jankowicz), a filing injunction should be imposed barring any future filings by Goodman in this District against them without first obtaining leave of court to do so.

*Id.* at 2.

2

The deadline to file objections to the June 12 R&R was June 26, 2023. Dkt. 228 at 3. On June 28, 2023, the Court issued an Order adopting the May 8 R&R, granting, in relevant part, Movants' motion to dismiss and ordering the Goodman's complaint be dismissed with prejudice as to all Defendants. Dkt. 238. Although the Court acknowledged that Movants "moved to dismiss [Goodman's] amended complaint" (*id.* at 2), the Court did not address Movants' request for a filing injunction, nor did the Court address the June 12 R&R recommending that a filing injunction be granted. The Court did, however, grant Defendants Jankowicz and Wittes's request for an identical filing injunction. *Id.* The Judgment was entered pursuant to the Court's June 28, 2023 order on June 29, 2023. Dkt. 239.

Because Movants' request for a filing injunction and Judge Cott's recommendation in the June 12 R&R that the requested injunction be imposed appear to have been overlooked in the Judgment, Movants' respectfully request that the Judgment be amended to include Movants' requested filing injunction. Again, Movants fully and completely agree with the Judgment in all aspects and do not request that any portion thereof be changed.

### III. ARGUMENT

Motions to alter or amend judgment are governed by Fed. R. Civ. P. 59(e). "To receive reconsideration, 'the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that movant believes the court overlooked and that might reasonably be expected to alter the court's decision.'" *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 117 (S.D.N.Y. 2007) (quoting *Word v. Croce*, No. 01 Civ. 9614, 2004 WL 434038, at *2 (S.D.N.Y. Mar. 9, 2004)).

Here, two matters were overlooked and not addressed in the Judgment: (1) Movants' request for a filing injunction, which is fully briefed in the Motion to Dismiss; and (2) the June 12 R&R recommending that such injunction be imposed. In the Judgment, the Court adopted all of

3

Judge Cott's recommendations from the May 8 R&R, dismissed the Complaint against all Defendants with prejudice and without leave to amend, and granted a filing injunction requested by other Defendants that was virtually identical to the request made by Movants. However, it appears that the Court overlooked the June 12 R&R recommending that the filing injunction requested by Movants be imposed. Had the Court considered Movants' request and the June 12 R&R, it is reasonable to expect that the Court's decision would have been altered such that Movants' proposed filing injunction would have been granted.

## IV. CONCLUSION

For the reasons and authorities above, and for the reasons and authorities thoroughly discussed in the June 12 R&R, Movants respectfully request that the Court amend the Judgment to impose Movant's requested filing injunction, namely, that Goodman be enjoined from filing (1) any additional documents pertaining to the subject matter of the claims asserted in this case or his prior litigation against Movants in this District; and (2) any federal district court action (whether *pro se* or otherwise) relating to the subject matter of this case or Goodman's prior litigation against Movants without leave of court, together with such other and further relief as this Honorable Court deems just, proper and equitable.

Dated: June 30, 2023

                                              Respectfully Submitted,

                                              FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

*Attorneys for Defendants Margaret Esquenet and Academy of Television Arts & Sciences*

By: /s/ _____

    B. Brett Heavner, Esq. (*pro hac vice*)
    901 New York Avenue NW
    Washington, DC 20001
    Telephone: (202) 408-4000
    Facsimile: (202) 408-4400
    b.brett.heavner@finnegan.com

GORDON REES SCULLY MANSUKHANI, LLP

*Attorneys for Defendant Adam Sharp*

By: /s/ _____

    Brian E. Middlebrook, Esq.
    John T. Mills, Esq.
    One Battery Park Plaza, 28th Floor
    New York, New York 10004
    Telephone: (212) 269-5500
    Facsimile: (212) 269-5505
    bmiddlebrook@grsm.com
    jtmills@grsm.com