UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON GOODMAN

  *Plaintiff,*

 v.

CHRISTOPHER ELLIS BOUZY, *et al.*,

  *Defendants.*

21-CV-10878 (AT) (JLC)

---

**DEFENDANTS ACADEMY OF TELEVISION ARTS & SCIENCES, SHARP, AND ESQUENET'S MEMORANDUM OF LAW IN SUPPORT OF THEIR <u>JOINT MOTION FOR ATTORNEYS' FEES</u>**

---

| | |
|---|---|
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
| *Attorneys for Defendants Academy of Television Arts & Sciences and Margaret Esquenet* | *Attorneys for Defendant Adam Sharp* |
| B. Brett Heavner, Esq. (*pro hac vice*)<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>b.brett.heavner@finnegan.com | Brian E. Middlebrook, Esq.<br>John T. Mills, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>Telephone: (212) 269-5500<br>Facsimile: (212) 269-5505<br>bmiddlebrook@grsm.com<br>jtmills@grsm.com |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS .................................................................................... 2

    A.   ATAS and NATAS successfully sued Goodman's company for copyright and trademark infringement. ...................................................................... 2

    B.   Goodman's prior frivolous claims arising from the same facts underlying his claims here were dismissed without leave to amend. ......................... 2

    C.   Goodman again sued Movants in this case for similarly frivolous claims arising from the same meritless facts pled in *Goodman I*. ....................... 4

    D.   Goodman's frivolous and duplicative claims against Movants were once again dismissed in full with prejudice. ...................................................... 4

III. ARGUMENT ......................................................................................................... 6

    A.   Movants are entitled to an award of their reasonable attorneys' fees. ..... 6

        1.   Standard for attorneys' fees pursuant to the Court's inherent power. ................................................................................................. 6

        2.   Goodman's claims against Movants were frivolous and entirely meritless. ............................................................................................. 7

        3.   Goodman brought his claims against Movants vexatiously, wantonly, and in bad faith. ............................................................... 9

        4.   Movants' fair estimate of their reasonable fees. .................................. 12

IV.  CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agee v. Paramount Commc'ns, Inc.*,
   114 F.3d 395 (2d Cir. 1997)..........................................................................................1, 7

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
   421 U.S. 240 (1975).........................................................................................................6

*Brady v. John Goldman, Esq.*,
   No. 16-cv-2287, 2016 WL 8201788 (S.D.N.Y. Dec. 5, 2016).......................................11

*Cavallary v. Lakewood Sky Diving Center*,
   623 F. Supp. 242 (S.D.N.Y. 1985).................................................................................10

*Cerami v. Rochester, N.Y.C. Sch. Dist.*,
   No. 95-CV-799, 1996 WL 451414 (N.D.N.Y. July 31, 1996).........................................7

*Cornett v. Mfrs. Hanover Tr. Co.*,
   684 F. Supp. 78 (S.D.N.Y. 1988), *aff'd*, 902 F.2d 1556 (2d Cir. 1990).........................10

*Edwards v. Barclays Servs. Corp.*,
   No. 19-cv-9326, 2020 WL 2087749 (S.D.N.Y. May 1, 2020)...................................7, 11

*F.D. Rich Co. v. U.S. ex. rel. Indus. Lumber Co.*,
   417 U.S. 116 (1974).........................................................................................................6

*Fried v. Fried*,
   113 F.R.D. 103 (S.D.N.Y. 1986).....................................................................................7

*Glob. Network Commc'ns, Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006)............................................................................................2

*Goodman v. Sharp*,
   No. 21-CV-10627 (VEC), 2022 WL 2702609 (S.D.N.Y. July 12, 2022) ...........1, 2, 3, 4, 8, 10

*Hall v. Cole*,
   412 U.S. 1 (1973).............................................................................................................9

*Morgan Consultants v. Am. Tel. & Tel. Co.*,
   546 F. Supp. 844 (S.D.N.Y. 1982)...........................................................................7, 9, 10

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
   No. 20-CV-7269 (S.D.N.Y. Sept. 4, 2020).....................................................................2

*Nguyen Huu To. v. Robin*,
 99 F.3d 400 (2d Cir. 1995)..................................................................................................10

*Oliveri v. Thompson*,
 803 F.2d 1265 (2d Cir. 1986)..............................................................................................6, 9

*Raffe v. John Doe*,
 619 F. Supp. 891 (S.D.N.Y. 1985)........................................................................................11

*Sweigert v. Goodman*,
 No. 18-CV-8653, 2022 WL 168080 (S.D.N.Y. Jan. 19, 2022) ..............................................11

*Tedeschi v. Smith Barney, Harris Upham & Co.*,
 579 F. Supp. 657 (S.D.N.Y. 1984), *aff'd*, 757 F.2d 465 (2d Cir. 1985) ...................................6

*Thomas & Agnes Carvel Found. v. Carvel*,
 736 F. Supp. 2d 730 (S.D.N.Y. 2010).................................................................................1, 7

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage*,
 564 F.3d 110 (2d Cir. 2009)....................................................................................................7

*Wynn v. Cassara*,
 No. 22-cv-6353, 2023 WL 3605098 (W.D.N.Y. May 23, 2023)..........................................7, 8

**Statutes**

18 U.S.C. § 1343.............................................................................................................................4

18 U.S.C. § 1503.............................................................................................................................4

18 U.S.C. § 1513.............................................................................................................................4

47 U.S.C. § 230............................................................................................................................3, 4

## I.  INTRODUCTION

Defendants Academy of Television Arts & Sciences ("ATAS"), Adam Sharp ("Sharp"), and Margaret Esquenet ("Esquenet") (collectively, the "Movants") jointly and severally move for an award of attorneys' fees from Plaintiff Jason Goodman ("Goodman"). Goodman is a vexatious *pro se* litigant who has a long track record of bringing baseless, frivolous, harassing, and duplicative lawsuits. This case, as it relates to Movants, is precisely one of those cases. After Judge Caproni unequivocally deemed Goodman's allegations and claims against Movants meritless in *Goodman v. Sharp*, No. 21-CV-10627 (VEC), 2022 WL 2702609, at *6 n.11 (S.D.N.Y. July 12, 2022), undeterred, Goodman frivolously tacked the Movants onto this ongoing litigation, asserting "virtually the same" allegations against Movants as those Judge Caproni already dismissed without leave to amend. (Dkt. 228 at 2.) With full knowledge he had no colorable basis to assert any claims against Movants, Goodman nonetheless charged forward for the sole purpose of harassing Movants and driving up Movants' litigation costs. Recognizing Goodman's bad faith, the Court dismissed Goodman's vexatious claims against Movants both on the merits and as barred by *res judicata*. (Dkts. 203, 228, and 238.)

"The court 'has inherent power to award attorneys' fees against [a losing party] . . . when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 766 (S.D.N.Y. 2010) (quoting *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997)). Movants respectfully request that the Court exercise its inherent power to award Movants' attorneys' fees for Goodman's meritless, vexatious, and bad-faith litigation against Movants, and grant Movants leave to submit a fee application setting forth and supporting their specific calculation of their requested fees.

1

## II.   STATEMENT OF FACTS

### A.   ATAS and NATAS successfully sued Goodman's company for copyright and trademark infringement.

Goodman is the owner of Multimedia System Design, Inc. ("MSD"). (Dkt. 100, ¶ 13.) In September 2020, ATAS and The National Academy of Televisions Arts & Sciences ("NATAS") (together, "the Academies"), co-owners of the EMMY Award Statuette, sued MSD in response to its infringing use of an image depicting the Academies' EMMY Award Statuette. Complaint, *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, No. 20-CV-7269 (S.D.N.Y. Sept. 4, 2020), Dkt. 1 (hereinafter, *Academies v. MSD*).[1] On February 22, 2022, the Academies prevailed on their copyright and trademark claims, and the court issued an order granting a permanent injunction against MSD and awarding the Academies attorneys' fees and costs. Order, *Academis v. MSD*, Dkt. 157.

### B.   Goodman's prior frivolous claims arising from the same facts underlying his claims here were dismissed without leave to amend.

On December 13, 2021, with judgment imminent and in an attempt to relitigate the *Academies v. MSD* action, Goodman filed an action in the Southern District of New York against, *inter alia*, Movants, which he later amended. Complaint, *Goodman v. Sharp et. al.*, No. 21-CV-10627 (S.D.N.Y. Dec. 13, 2001), Dkts. 1, 41 (hereinafter "*Goodman I*"). In that action, Goodman alleged that, before the action in *Academies v. MSD*, Goodman offered to resolve MSD's dispute with the Academies without litigation. Amended Complaint, *Goodman I*, Dkt. 41, ¶ 56. Goodman alleged that it was unreasonable for the Academies, represented by Esquenet, to reject his pre-litigation offer and rush to litigation to file what Goodman viewed as a false, "malicious, and/or

---

[1] The Court may take judicial notice of the pleadings filed in *Academies v. MSD* and *Goodman I* to establish the fact of such litigation and filings. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

2

frivolous copyright claim, first with YouTube and then with the court, for the purpose of damaging and/or "penalizing" Goodman. *Id.* at ¶¶ 28, 42, 46–48, 51–56, 71–72, 77, 80. Goodman also alleged in that earlier action that Movants "collu[ded]" and acted as "co-conspirator[s]" to harm Goodman through the adjudication of their copyright claim. *Id.* at ¶¶ 33–34. One of Goodman's claims in that proceeding alleged abuse of process in violation of 47 U.S.C. § 230. *Id.* at ¶¶ 79–81.

Movants, along with the other defendants in *Goodman I*, moved to dismiss Goodman's claims both because the court lacked subject matter jurisdiction over Goodman's claims and Goodman failed to state plausible claims for relief, nor could he, on the merits. Defendants' Memorandum of Law in Support of Their Joint Motion to Dismiss Plaintiff's Amended Complaint, Dkt. 53. While that motion to dismiss was pending, Goodman sought leave to amend his complaint a second (*id.*, Dkt. 57) and third time (*id.*, Dkt. 60).

In a detailed opinion granting the motion to dismiss in its entirety, Judge Caproni dismissed all of Goodman's claims. *Goodman I*, 2022 WL 2702609, at *9 (S.D.N.Y. July 12, 2022), Dkt. 72. Judge Caproni found that the court lacked subject matter over Goodman's claims, but also went on to address the merits of Goodman's claims. *Id.* at *3–9. Judge Caproni addressed each of Goodman's claims in detail and found that none could be cured by further amendment because Goodman "provid[ed] no indication that he can state a claim upon which relief could be granted" and, "[e]ven if granted leave to amend, Plaintiff would not be able to state a claim." *Id.* at *6, *6 n.11, *8. Judge Caproni went on to find that "even a liberal reading of [Goodman's] complaint provides no indication that he can state a claim upon which relief could be granted." *Id.* at *6. As it related to Goodman's attempted second and third amendments to his complaint, Judge Caproni found that Goodman had added no "new factual allegations that would make any of the claims plausible" in those amended pleadings and granting leave to amend was thus futile. *Id.* at *9 n.17.

3

     **C.**     **Goodman again sued Movants in this case for similarly frivolous claims arising from the same meritless facts pled in *Goodman I*.**

Goodman did not appeal Judge Caproni's dispositive decision on the merits in *Goodman I*. Instead, Goodman repackaged the same factual allegations into a new frivolous lawsuit against Movants. Specifically, on January 17, 2023—only six months after his prior case against Movants was dismissed without leave to amend—Goodman dragged Movants into this ongoing litigation to which they had no connection, speciously claiming they conspired with several other defendants to harm Goodman. (*See* Dkt. 100.) As his basis, Goodman parroted his false allegations from *Goodman I*, namely, that Movants conspired to file a false copyright infringement claim to harm Goodman's business. (Dkt. 100 at 28.) Flowing from those tired, rejected, and meritless allegations, Goodman asserted three claims against Movants: Count 1, Fraud (citing to a bevy of inapplicable criminal codes, including 18 U.S.C. §§ 1343, 1503, and 1513); Count 3, Abuse of Process; and Count 4, Civil Conspiracy, apparently in violation of 47 U.S.C. § 230 and 18 U.S.C. § 1343. (*Id.* at ¶¶ 52–61, 74–92.)

     **D.**     **Goodman's frivolous and duplicative claims against Movants were once again dismissed in full with prejudice.**

While Movants' deadline to respond to Goodman's complaint was extended (Dkts. 174, 175, 194), the other defendants in the case moved to dismiss Goodman's frivolous and histrionic claims for numerous reasons. On May 8, 2023, Judge Cott issued an Order and Report and Recommendation (the "May 8 Recommendation") recommending that every motion to dismiss be granted and that "the entire case be dismissed with prejudice." (Dkt. 203 at 1–2, 43–44.) As it relates to Movants, Judge Cott recognized that "the claims against [Movants] are substantially similar to those for which the Court recommends dismissal." (*Id.* at 43.) Accordingly, Judge Cott "recommend[ed] that the claims against [Movants] be dismissed by the Court *sua sponte*." (*Id.*) Judge Cott went on: "Here, all of Goodman's claims lack merit and no further judicial resources

4

should be expended in evaluating them in additional motion practice." (*Id.* at 44.) In his May 8 Recommendation, Judge Cott characterized Goodman as an "Internet conspiracy theorist" (*id.* at 12) and a "seasoned litigant" (*id.* at 30) who brought yet another "iteration" of "a frivolous dispute" against numerous defendants, many of whom he had previously sued in other lawsuits (including Movants). (*Id.* at 12.) Judge Cott further affirmed the frivolous nature of Goodman's claims when he denied Goodman's second and third attempts to amend his complaint, which Judge Cott noted may only be done as against a *pro se* litigant like Goodman "when 'the substance of the claim pleaded is frivolous on its face.'" (*Id.* at 28-31 (citation omitted) ("Although leave to amend should be freely granted to a *pro se* litigant, here it is clear that no valid claim can be stated.").) Judge Cott also noted that Goodman has made "excessive filings" in this case, racking up over 20 filings just from January to May 2023. (*Id.* at 36.)

Movants agreed with Judge Cott's analysis, reasoning, and ultimate conclusion, and filed their own motion to dismiss on May 12, 2023, to preserve their rights. (Dkt. 206.) On June 12, 2024, after briefing had concluded on Movants' motion, Judge Cott issued another recommendation specifically recommending that all Goodman's claims against Movants be dismissed (the "June 12 Recommendation"). (Dkt. 228.) Judge Cott incorporated his analysis from his May 8 Recommendation, but also added "that Goodman filed virtually the same allegations against [Movants] in a case before Judge Caproni" that "she dismissed . . . without leave to amend," thus finding that Goodman's "claims against [Movants] here are also barred by the doctrine of *res judicata*." (*Id.* at 2.) Judge Cott proceeded to hold that "Goodman should not be permitted to continue to file the same allegations against these defendants in multiple lawsuits" and recommended that that "a filing injunction should be imposed barring any future filings by Goodman in this District against them without first obtaining leave of court to do so." (*Id.*)

5

On June 28, 2023, the Court adopted Judge Cott's May 8 Recommendation in full, granted Movants' motion to dismiss, and dismissed Goodman's complaint with prejudice as to all Defendants. (Dkt. 238.) The Court entered judgment on June 29, 2023.[2] (Dkt. 239.)

Given the overtly meritless nature of Goodman's claims against Movants—demonstrated by four different rulings against Goodman on the same claims from three different judges in two different litigations—and Goodman's continued vexations and bad-faith attempts to harass Movants through duplicative and frivolous litigation, Movants now timely move the Court pursuant to its inherent powers for an award of their attorneys' fees for defending Goodman's claims.

### III. ARGUMENT

#### A. Movants are entitled to an award of their reasonable attorneys' fees.

##### 1. Standard for attorneys' fees pursuant to the Court's inherent power.

Under the so-called "American Rule," each side ordinarily bears its own litigations fees and expenses. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *see also Tedeschi v. Smith Barney, Harris Upham & Co.*, 579 F. Supp. 657, 660 (S.D.N.Y. 1984), *aff'd*, 757 F.2d 465 (2d Cir. 1985). Through the Court's inherent power to supervise and control its own proceedings, however, "an exception to the American Rule has evolved which permits the court to award a reasonable attorneys' fee to the prevailing party when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting *F.D. Rich Co. v. U.S. ex. rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). To award attorneys' fees based on the Court's inherent power, "the court must determine

---

[2] On June 30, 2023, Movants filed a joint motion to alter judgment to include the filing injunction approved by Judge Cott in his June 12 Recommendation. (Dkts. 241 and 242.) That motion is pending (Plaintiff's opposition is due July 28, 2023).

that there is 'clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes.'" *Thomas*, 736 F. Supp. 2d at 766 (quoting *Agee*, 114 F.3d at 398). A court's finding that a claim is "without a colorable basis" and that the plaintiff acted in "bad faith or with an improper purpose" "must be supported by a high degree of specificity." *Id.* (citing *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)).

So long as these elements are satisfied, *pro se* status does not shield a litigant from an award of attorneys' fees. *See Thomas*, 736 F. Supp. 2d at 766 (awarding fees against *pro se* litigant pursuant to court's inherent power because "[t]he fact that the targeted party is a *pro se* litigant does not immunize her from the consequences of violating courts rules or other legal standards"); *Morgan Consultants v. Am. Tel. & Tel. Co.*, 546 F. Supp. 844, 849 (S.D.N.Y. 1982) (awarding fees against *pro se* litigant pursuant to inherent power); *Edwards v. Barclays Servs. Corp.*, No. 19-cv-9326, 2020 WL 2087749, at *7 (S.D.N.Y. May 1, 2020) (awarding fees against *pro se* litigant), *adopting report & recommendation*, 2020 WL 3446870 (June 24, 2020); *Wynn v. Cassara*, No. 22-cv-6353, 2023 WL 3605098, at *8 (W.D.N.Y. May 23, 2023) ("Significantly, this 'bad faith exception' allows for an award of attorney's fees against even a *pro se* plaintiff.") (citations omitted); *Cerami v. Rochester, N.Y.C. Sch. Dist.*, No. 95-CV-799, 1996 WL 451414, at *2 (N.D.N.Y. July 31, 1996) (awarding fees against *pro se* litigant pursuant to court's inherent powers because "pro se status will not shelter a litigant from sanctions").

### 2. Goodman's claims against Movants were frivolous and entirely meritless.

A party's claims are "entirely meritless," and the first element is satisfied, where the asserted claims "lack[] any legal or factual basis" such that they fail "as a matter of law." *See Thomas*, 736 F. Supp. 2d at 765–67 (quoting *Agee*, 114 F.3d at 398 and *Wolters*, 564 F.3d at 114); *see also Fried v. Fried*, 113 F.R.D. 103, 107 (S.D.N.Y. 1986) (finding claims "frivolous and

7

unreasonable" where they "had absolutely no chance of success") (citation omitted); *Wynn*, 2023 WL 3605098, at *8 (finding claims entirely meritless where they were "definitely 'without color'").

Here, there is no doubt that Goodman's claims against Movants were "entirely meritless." Over and over, multiple judges from this District have found Goodman's claims lacking any colorable basis and meritless as a matter of law. First, Judge Caproni found that Goodman "provid[ed] no indication that he can state a claim upon which relief could be granted," "even [under] a liberal reading of [Goodman's] complaint." *Goodman I*, 2022 WL 2702609, at *6, *6 n.11. She thus found that Goodman failed to state any claims against Movant as a matter of law—no matter what facts he pled—and dismissed Goodman's claims without leave to amend. *Id.* at *6, 9, 17. Then, after Goodman repackaged his meritless claims from *Goodman I* and flippantly tacked Movants onto this case, Judge Cott struck another fatal blow, issuing two separate recommendations (Dkts. 203 and 228) finding that Goodman's claims against Movants in this case also lacked merit as a matter of law and recommending dismissal of Goodman's claims with prejudice, including because "Goodman filed virtually the same allegations against [Movants] in a case before Judge Caproni" that "she dismissed . . . without leave to amend" (Dkt. 228 at 2) and because "all of Goodman's claims lack merit" (Dkt. 203 at 44). Finally, ringing the final death knell for Goodman's claims, this Court adopted Judge Cott's May 8 Recommendation and dismissed Goodman's claims with prejudice as to all defendants, including Movants. (Dkt. 238 at 8.) All of these orders were made despite multiple pending motions filed by Goodman to amend his complaint to add additional factual allegations—none of which, as Judge Cott explained, provided "any basis for a finding that Goodman's allegations, taken as true, would be cognizable" (Dkt. 203 at 31)—further indicating that Goodman's claims lacked any legal or factual basis, had

8

absolutely no chance of success, and were entirely meritless as a matter of law, no matter what allegations Goodman could plead.

### 3. Goodman brought his claims against Movants vexatiously, wantonly, and in bad faith.

To satisfy the second element for fees pursuant to the Court's inherent power, the moving party need not make a showing of bad faith; rather, "[a]n inherent power award may be imposed either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons." *Oliveri*, 803 F.2d at 1272. As to bad faith, it "may be found[] not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Id.* (quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973)). Here, Goodman's actions preceding and leading to this lawsuit, as well as those taken during this litigation, indicate that Goodman brought this litigation in bad faith, vexatiously, and wantonly for the sole purpose of harassing Movants with meritless and frivolous litigation.

First, Goodman's initiation of this lawsuit—pleading "virtually the same allegations" that Judge Caproni unequivocally found meritless and dismissed without leave to amend as a matter of law (Dkt. 228 at 2) and were barred under the doctrine of *res judicata* (Dkts. 228 and 238)—is enough on its own to demonstrate Goodman's bad faith and improper motives. For example, in *Morgan*, a *pro se* plaintiff had initiated two actions against various defendants that were dismissed as a matter of law for failure to state a claim. 546 F. Supp. at 845–46. Four months later, that same *pro se* plaintiff filed two additional actions against a similar roster of defendants. *Id.* at 846. These two new actions asserted new claims against the defendants, but both arose from the same nucleus of operative fact as the two previous actions that were dismissed. *Id.* at 847. As a result, the new actions were dismissed with prejudice based on *res judicata*. *Id.* at 848. The defendants' sought attorneys' fees pursuant to the court's inherent powers, claiming the *pro se* plaintiff had acted

9

vexatiously and in bad faith by filing litigations it knew from earlier rulings were meritless. *Id.* at 849. The court agreed and awarded fees, finding that plaintiff's duplicative litigations indicated that "the courts are being used as a vehicle of harassment by a knowledgeable and articulate experienced pro se litigant who asserts the same claims repeatedly in slightly altered guise." *Id.* (citation omitted).

So too here. Goodman is a "seasoned" *pro se* litigant (Dkt. 203 at 30) who knew from Judge Caproni's well-reasoned opinion in *Goodman I* that his claims against Movants were meritless. Goodman nevertheless soldiered on, disregarding Judge Caproni's decision and dragging Movants into this litigation by parroting the same meritless allegations with a "slightly altered guise." *Morgan*, 546 F. Supp. at 849. As in *Morgan*, Goodman's clear indifference to Judge Caproni's decision by making virtually the same allegations here shows that Goodman is using the courts "as a vehicle of harassment" as opposed to a tool for legitimate justice. *Id.* These illegitimate actions alone warrant an award of fees. *See Nguyen Huu To. v. Robin*, 99 F.3d 400, *3 (2d Cir. 1995) (given *pro se* litigant's history of frivolous and vexatious litigation, the district court did not abuse its discretion in dismissing the lawsuit and awarding fees and costs); *Cornett v. Mfrs. Hanover Tr. Co.*, 684 F. Supp. 78, 80 (S.D.N.Y. 1988) (awarding attorney fees and costs where *pro se* litigant's prior claims were dismissed because "[p]laintiff can no longer rely on his *pro se* status to avoid a finding that the complaint is frivolous or to avoid a conclusion that he had no reasonable basis for asserting the claims in his federal court complaint"), *aff'd*, 902 F.2d 1556 (2d Cir. 1990); *Cavallary v. Lakewood Sky Diving Center*, 623 F. Supp. 242, 246 (S.D.N.Y. 1985) (awarding fees and costs where plaintiff refiled allegations after claims were previously dismissed in prior action because "plaintiff was told in no uncertain terms by the New Jersey court that his claim against Lakewood [defendant] had no basis in law" and "[a]s for plaintiff's suit against

Evans [defendant], it is frivolous, and, I infer, spiteful"); *Raffe v. John Doe*, 619 F. Supp. 891, 897 (S.D.N.Y. 1985) (awarding fees and costs and finding, given "history of duplicative state court proceedings, it is inconceivable that [plaintiffs] had any legitimate purpose for instituting this action"); *Edwards*, 2020 WL 2087749, at *7 (finding bad faith and vexatious purpose and awarding fees where *pro se* plaintiff repackaged previously dismissed claims).

Goodman's conduct during this litigation further emphasizes Goodman's improper motive to harass and drive up the costs for Movants to defend this litigation. As Judge Cott recognized, Goodman made "excessive filings" in this case, having made "more than 20 filings on the court's docket" since January 2023. (Dkt. 203 at 36.) Even worse, these "excessive filings" came *after* Goodman had previously been admonished by Judge Caproni for making similarly excessive filings in another case. *See Sweigert v. Goodman*, No. 18-CV-8653, 2022 WL 168080, at *10 (S.D.N.Y. Jan. 19, 2022) (stating Goodman "clogs the docket with amended filings" and that "[s]uch behavior has to stop"). Moreover, given the number of defendants Goodman dragged into this litigation, numerous different motions to dismiss were filed to dismiss Goodman's facially frivolous claims. Goodman's litigation conduct haw "strained the resources of . . . the federal . . . judiciary and provoked needless expense among the parties," *Brady v. John Goldman, Esq.*, No. 16-cv-2287, 2016 WL 8201788, at *10 (S.D.N.Y. Dec. 5, 2016), *adopting report & recommendation*, 2017 WL 111749 (Jan. 11, 2017), *aff'd*, 714 F. App'x 63 (2d Cir. 2018), further underscoring Goodman's improper motives.

Goodman's actions before and throughout this litigation point to one inescapable conclusion: Goodman levied previously rejected and entirely meritless claims at Movants with the sole purpose to harass them and drive up their litigation expenses. This is precisely the scenario

11

under which courts exercise their inherent authority to award attorneys' fees, and the Court should do so here against Goodman.

### 4. Movants' fair estimate of their reasonable fees.

Federal Rule of Civil Procedure 54(d)(2)(B)(iii) requires that Movants provide a fair estimate of their requested attorneys' fees. Movants fair estimate of the amount of attorneys' fees sought is approximately $61,000. (Decl. of B. Brett Heavner ("Heavner Decl."), ¶ 2; Decl. of John T. Mills ("Mills Decl."), ¶ 2.) If granted leave to file, Movants fee application will be supported with appropriate documentation, including a showing that Movants' counsel's billing rate, and the number of hours billed, are reasonable. (Heavner Decl. at ¶ 3; Mills Decl. at ¶ 3.)

## IV. CONCLUSION

For the reasons and authorities above, Movants respectfully request that the Court grant Movants' their request for attorneys' fees and grant Movants leave to submit a fee application setting forth and supporting its specific calculation of its requested fees.

Dated: July 12, 2023

Respectfully submitted,

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|:---:|:---:|
| */s/ B. Brett Heavner* | */s/ John T. Mills* |
| B. Brett Heavner, Esq. (*pro hac vice*) | Brian E. Middlebrook, Esq. |
| 901 New York Avenue NW | John T. Mills, Esq. |
| Washington, DC 20001 | One Battery Park Plaza, 28th Floor |
| Telephone: (202) 408-4000 | New York, New York 10004 |
| Facsimile: (202) 408-4400 | Telephone: (212) 269-5500 |
| b.brett.heavner@finnegan.com | Facsimile: (212) 269-5505 |
| *Attorneys for Defendants* | bmiddlebrook@grsm.com |
| *Academy of Television Arts & Sciences and Margaret Esquenet* | jtmills@grsm.com |
| | *Attorneys for Defendant Adam Sharp* |