UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jason Goodman,<br>Pro Se Plaintiff<br><br>-against-<br><br>Christopher E. Bouzy,<br>Defendant | PRO SE<br><br>21-cv-10878-AT-JLC<br><br>District Judge Analisa Torres<br><br>Magistrate Judge James L. Cott |

NOTICE OF MOTION FOR SHOW CAUSE HEARING
REQUIRING PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE BARRED
FROM BRINGING ANY FURTHER LITIGATION BASED IN
CONSPIRACY THEORIES WITHOUT LEAVE OF THE COURT

Signed July 16th, 2023 (7/16/2023)

*D. Sgt*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719

1

## MEMORANDUM OF LAW

It is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993). A court's power to restrict the litigation of abusive and vexatious litigants is an "'ancient one'" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act. Polur v. Raffe, 912 F.2d 52, 57 (2d Cir. 1990) (quoting In re Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir. 1982)). The Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings." In re Martin-Trigona, 9 F.3d at 228. In addition, the Court has the power to impose further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether pro se or counseled. See Fed. R. Civ. P. 11. But "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard." Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998); see also Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions" (citation and internal quotation marks omitted)).  See Frost v. NYPD, 20-CV-0417 (CM) (S.D.N.Y. Jan. 27, 2020).

## CONCLUSION

Because of Plaintiff's well-documented, repeated, abusive, bad-faith, and vexatious litigation in this Court and the Court's need to deter further abuse, the Court should direct Plaintiff to show cause in writing, within fifteen days of the date of an appropriate order, why the Court should not enter an order requiring Plaintiff to seek permission to file any new action he seeks to file in this Court that is based, relies upon, or promotes a conspiracy theory.

Signed July 16th, 2023 (7/16/2023)

*D. Swt*

**D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719**

## CERTIFICATE OF SERVICE

It is hereby certified under the penalties of perjury that a true copy PDF file has been sent via e-mail message to the following:

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC.

truth@crowdsourcethetruth.org

And

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

margaret.esquenet@finnegan.com

liz.lockwood@alilockwood.com

Certified under penalties of perjury.

Signed July 16th, 2023

**PRO SE DEFENDANT**