UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN<br><br>*Plaintiff*,<br><br>v.<br><br>CHRISTOPHER ELLIS BOUZY, *et al.*,<br><br>*Defendants*. | 21-CV-10878 (AT) (JLC) |

---

**DEFENDANTS ACADEMY OF TELEVISION ARTS & SCIENCES, SHARP, AND ESQUENET'S OPPOSITION TO GOODMAN'S MOTION FOR RECONSIDERATION**

---

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| *Attorneys for Defendants Academy of Television Arts & Sciences and Margaret Esquenet* | *Attorneys for Defendant Adam Sharp* |
| B. Brett Heavner, Esq. (*pro hac vice*)<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>b.brett.heavner@finnegan.com | Brian E. Middlebrook, Esq.<br>John T. Mills, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>Telephone: (212) 269-5500<br>Facsimile: (212) 269-5505<br>bmiddlebrook@grsm.com<br>jtmills@grsm.com |

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND .............................................................................................1

III. ARGUMENT .......................................................................................................................2

    A. The high standard under Federal Rule of Civil Procedure 60(b) ............................2

    B. Goodman provides no basis to reconsider the Court's dismissal of Goodman's claims as against Defendants. ............................................................3

IV. CONCLUSION ....................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd.*,
  No. 19-cv-10067, 2023 WL 4249356 (S.D.N.Y. June 29, 2023) ........................................2, 3

*Davidson v. Scully*,
  172 F. Supp. 3d 458 (S.D.N.Y. 2001) ...............................................................................2

*Gonzalez v. Crosby*,
  545 U.S. 524 (2005) ........................................................................................................2, 4

*Goodman v. Discover Financial Services, LLC*,
  No. 21-cv-7500, 2022 WL 3225620 (S.D.N.Y. Aug. 10, 2022) ........................................3, 4

*Insurance Co. of North America v. Public Service Mutual Insurance Co.*,
  609 F.3d 122 (2d Cir. 2010) ..............................................................................................2

*Kotlicky v. U.S. Fidelity Guaranty Co.*,
  817 F. 2d 6 (2d Cir. 1987) .................................................................................................3, 4

*Nemaizer v. Baker*,
  793 F.2d 58 (2d Cir. 1986) ................................................................................................2

*Okongwu v. County Of Erie*,
  No. 21-1025, 2022 WL 6585217 (2d Cir. Oct. 7, 2022) ....................................................4

*Paddington Partners v. Bouchard*,
  34 F.3d 1132 (2d Cir. 1994) ..............................................................................................2

*R.F.M.A.S., Inc. v. Mimi So*,
  640 F. Supp. 2d 506 (S.D.N.Y. 2009) ...............................................................................2, 4

*Ruotolo v. City of N.Y.*,
  514 F.3d 184 (2d Cir. 2008) ..............................................................................................2

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ................................................................................................3

*Suber v. VVP Services, LLC*,
  No. 20-cv-8117, 2022 WL 2078197 (S.D.N.Y. June 9, 2022) ..........................................3, 5

*Thompson v. Booth*,
  No. 16-cv-03477, 2022 WL 1501041 (S.D.N.Y. May 12, 2022) ......................................3

iii

*Whiddon v. Buzzfeed, Inc.*,
    No. 22-cv-4696, 2022 WL 17632593 (S.D.N.Y. Dec. 13, 2022) ............................................. 3

**Rules**

Federal Rule of Civil Procedure 60(b) ..................................................................................... 2, 3

## I. INTRODUCTION

Defendants Academy of Television Arts & Sciences ("ATAS"), Adam Sharp ("Sharp"), and Margaret Esquenet ("Esquenet") (collectively, "Defendants") jointly and severally oppose Plaintiff Jason Goodman's ("Goodman") motion for reconsideration. (Dkt. 250.) Goodman's motion, as it relates to Defendants, fails for two separate reasons. First, nothing in Goodman's motion even remotely relates to the Defendants. Goodman has thus failed to carry his heavy burden to show that the extraordinary remedy of reconsideration is warranted as against Defendants. Second, every one of the arguments made by Goodman in this motion was already raised by Goodman in earlier briefing and expressly addressed by the Court, making Goodman's motion for reconsideration nothing more than an improper second bite at the apple. Defendants thus request that Goodman's duplicative motion for reconsideration be denied.

## II. FACTUAL BACKGROUND

On May 8, 2023, Judge Cott issued a Report and Recommendation (the "May 8 R&R") recommending that Goodman's "entire case be dismissed with prejudice," including as it related to Defendants. Dkt. 203 at 1-2, 43-44. On May 22, 2023, Goodman filed objections to the May 8 R&R. Dkt. 212. In those objections, Goodman relied on an alleged email chain involving Defendant Benjamin Wittes and former FBI director James Comey (Dkt. 212 at 2-5). Specifically, he argued that: (1) Judge Cott erred in in finding that Goodman theorized that Wittes murdered a political operative, *id.* at 6; (2) Judge Cott erred dismissing Goodman's defamation claim against Christopher Ellis Bouzy, *id.* at 6-8; and (3) the Court should not enjoin him from filing additional documents against Wittes and Defendant Nina Jankowicz, *id.* at 11.[1]

---

[1] On June 12, 2023, Judge Cott issued another Report and Recommendation (the "June 12 R&R"), in which Judge Cott specifically addressed the arguments from Defendants' motion to dismiss and reiterated his recommendation that Goodman's claims against Defendants be dismissed with prejudice. Dkt. 228. Goodman never filed any objections to the June 12 R&R.

1

On June 28, 2023, the Court issued an Order adopting the May 8 R&R, granting, in relevant part, Defendants' motion to dismiss and ordering Goodman's complaint be dismissed with prejudice as to all Defendants. Dkt. 238. In that Order, the Court expressly addressed all of Goodman's objections, including those outlined above. *Id.* at 4-6.

### III.   ARGUMENT

#### A.   The high standard under Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The major grounds for justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*, No. 19-cv-10067, 2023 WL 4249356, at *6 (S.D.N.Y. June 29, 2023) (citations omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 3d 458, 461 (S.D.N.Y. 2001)).

Rule 60(b) is, however, "a mechanism for 'extraordinary judicial relief' invoked *only if* the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (emphasis added) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (Rule 60(b) is "extraordinary judicial relief" that can be granted "only upon a showing of exceptional circumstances"). Relief under this rule is thus "generally not favored." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). As a result, [t]he standards

2

for granting such motions are strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Suber v. VVP Servs., LLC*, No. 20-cv-8117, 2022 WL 2078197, at *1 (S.D.N.Y. June 9, 2022) (cleaned up) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Altimeo Asset Mgmt.*, 2023 WL 4249356, at *6. For a Rule 60(b) motion for reconsideration to succeed, "the movant must present 'highly convincing' evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the non-moving party as a result." *Whiddon v. Buzzfeed, Inc.*, No. 22-cv-4696, 2022 WL 17632593, at *5 (S.D.N.Y. Dec. 13, 2022) (quoting *Kotlicky v. U.S. Fid. Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987)). The same high standard applies to litigants proceeding *pro se*. *Thompson v. Booth*, No. 16-cv-03477, 2022 WL 1501041, at *2 (S.D.N.Y. May 12, 2022) ("A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, 'must present 'highly convincing' evidence . . .") (citation omitted); *Goodman v. Discover Fin. Servs., LLC*, No. 21-cv-7500, 2022 WL 3225620, at *1 (S.D.N.Y. Aug. 10, 2022) (same).

      **B.    Goodman provides no basis to reconsider the Court's dismissal of Goodman's claims as against Defendants.**

Goodman makes four arguments in support of his motion for the court to reconsider the dismissal of his claims. Dkt. 251 at 6-10. First, Goodman argues the Court clearly erred in finding that Goodman failed to alleged falsity in connection with Goodman's defamation claim against Bouzy. *Id.* at 6-8. Second, Goodman argues the Court erred in concluding that an email between Wittes and Comey was unrelated to this case. *Id.* at 8. Third, Goodman argues the Court erred in overruling his objection that Judge Cott erred in stating that Goodman theorized Wittes murdered

3

a political operative. *Id.* at 8-9. And fourth, Goodman argues the Court improperly granted a filing injunction against him as it relates to Wittes and Jankowicz. *Id.* at 9-10.

None of these arguments, or the facts underlying those arguments, relate in any way to Defendants Esquenet, Sharp, or ATAS. Because Goodman's arguments do not relate to the Defendants, they have no bearing on the Court's dismissal of Goodman's claims with prejudice as it relates to the Defendants. Goodman has thus failed to provide any evidence—let alone "highly convincing" evidence, *Kotlicky*, 817 F. 2d at 9—showing the "extraordinary circumstances" needed to "justify[] the reopening of [the] final judgment" as against Defendants. *Gonzalez*, 545 U.S. at 535; *see also Okongwu v. Cnty. Of Erie*, No. 21-1025, 2022 WL 6585217 at *2 (2d Cir. Oct. 7, 2022) (affirming denial of *pro se* plaintiff's motion for reconsideration where plaintiff "did not identify any new evidence," "failed to show that the (unidentified) evidence was admissible," and "did [not] establish that he had been justifiably ignorant of the new facts"); *Goodman*, 2022 WL 3225620, at *2 (denying *pro se* plaintiff's motion for reconsideration where "[p]laintiff has not shown 'mistake, inadvertence, surprise, or excusable neglect' nor 'exceptional circumstances' warranting relief from the July 11 Order"). This alone warrants denial of Goodman's motion for reconsideration as against Defendants.

Even if Goodman's arguments could be construed as relating in some way to Defendants (they cannot), Goodman's motion still fails. As noted above, "[a] motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S.*, 640 F. Supp. 2d at 509. Each of the arguments Goodman raises in his motion were already previously raised and litigated. As it relates to Goodman's claim that the Court erred in dismissing Goodman's defamation claim against Bouzy, Goodman raised precisely the same argument in his objections to Judge Cott's Report and Recommendation, *see* Dkt. 212 at 6-8, which the Court expressly

4

addressed and rejected in its June 28 Order, Dkt. 238 at 5-6. In those objections, Goodman similarly raised the same arguments related to the email between Wittes and Comey, Dkt. 212 at 2-5); the alleged error over Judge Cott's statement that Goodman theorized Wittes murdered a political operative, Dkt. 212 at 6; and the filing injunction for Wittes and Jankowicz, Dkt. 212 at 11. And the Court expressly addressed each of those arguments in its June 28 Order. Dkt. 238 at 4-6.

With every argument previously raised and fully addressed by the Court, Goodman's duplicative motion for reconsideration is nothing more than an improper second bite at the apple, separately warranting that Goodman's motion be denied. *See Suber*, 2022 WL 2078197, at *3 ("First, the Court finds that Plaintiff is improperly attempting to take a second bite at the apple by citing the arguments raised when the Court first considered the issue.").

### IV.   CONCLUSION

For the foregoing reasons and authorities, Defendants respectfully request that Goodman's Motion for Reconsideration be denied and the Court's decision dismissing Goodman's claims with prejudice as against Defendants stand.

Respectfully submitted,

Dated: August 9, 2023

| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP | GORDON REES SCULLY MANSUKHANI, LLP |
|---|---|
| */s/ B. Brett Heavner* | */s/ John T. Mills* |
| B. Brett Heavner, Esq. (*pro hac vice*)<br>901 New York Avenue NW<br>Washington, DC 20001<br>Telephone: (202) 408-4000<br>Facsimile: (202) 408-4400<br>b.brett.heavner@finnegan.com<br>*Attorneys for Defendants*<br>*Academy of Television Arts & Sciences and*<br>*Margaret Esquenet* | Brian E. Middlebrook, Esq.<br>John T. Mills, Esq.<br>One Battery Park Plaza, 28th Floor<br>New York, New York 10004<br>Telephone: (212) 269-5500<br>Facsimile: (212) 269-5505<br>bmiddlebrook@grsm.com<br>jtmills@grsm.com<br>*Attorneys for Defendant Adam Sharp* |