```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JASON GOODMAN,                                                   :
                                                                 :
                              Plaintiff,                         :      REPORT AND
                                                                 :      RECOMMENDATION
                                                                 :
             -v-                                                 :      21-CV-10878 (AT) (JLC)
                                                                 :
CHRISTOPHER ELLIS BOUZY, et al.,                                 :
                                                                 :
                              Defendants.                        :
-----------------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Analisa Torres, United States District Judge:**

By amended order of reference dated November 22, 2023 (Dkt. No. 268), Judge Torres has referred (1) the motion of defendants Academy of Television Arts & Sciences, Adam Sharp, and Margaret Esquenet ("the ATAS defendants") to amend the judgment entered in this case to include their requested filing injunction prohibiting plaintiff Jason Goodman ("Goodman") from filing any additional suits or claims against them in this District without first obtaining leave of court (Dkt. No. 241); (2) the ATAS defendants' motion for attorneys' fees (Dkt. No. 248); and (3) defendant David George ("D.G.") Sweigert's motion for a "show cause hearing requiring [Goodman] to show cause why he should not be barred from bringing any further litigation based in conspiracy theories without leave of court." Dkt. No. 255.[1]

---

[1] Judge Torres had previously referred Goodman's motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure (Dkt. No. 250), but that motion is no longer referred to me. *Compare* Dkt. No. 266, *with* Dkt. No. 268.

Given the number of filings in this case, I offer the following review of the recent chronology:

- On May 8, 2023, I issued an Order and Report and Recommendation recommending dismissal of the case against all the defendants, as well as other relief ("May 8 R & R"). Dkt. No. 203.

- After additional filings, I then issued a second Report and Recommendation on June 12, 2023 ("June 12 R & R"), in which I recommended that the claims against the ATAS defendants be dismissed and a filing injunction be imposed barring any future filings by Goodman in this District against them without first obtaining leave of court. Dkt. No. 228.

- Judge Torres then issued an Order adopting the May 8 R & R on June 28, 2023. Dkt. No. 238. This Order, however, did not address the June 12 R & R.

- Judgment was entered on June 29, 2023. Dkt. No. 239.

- On June 30, 2023, the ATAS defendants moved to alter the judgment to have included in the judgment a filing injunction against Goodman as to them. Dkt. No. 241.

- By letter dated July 3, 2023, defendants Christopher Ellis Bouzy, Bot Sentinel, Inc., Seth Berlin, and Maxwell Mishkin (the "Bouzy defendants") also sought a filing injunction against Goodman. Dkt. No. 243.[2]

- By letters dated July 4 and July 9, 2023 (Dkt. Nos. 244 and 247), defendant D.G. Sweigert also sought a filing injunction against Goodman.

- On July 12, 2023, the ATAS defendants moved for their attorneys' fees. Dkt. No. 248.

- On July 12, 2023, Goodman moved for reconsideration of the Order dismissing all of his claims. Dkt. No. 250. Defendants have opposed the motion. *See* Dkt. Nos. 256, 260–61.

---

[2] This application was made by letter rather than by letter-motion, and therefore it has not been formally referred to the undersigned as part of the November 22 amended order of reference. Nonetheless, in the interest of completeness, it will be addressed as part of this Report and Recommendation.

2

- On July 16, 2023, defendant D.G. Sweigert filed a notice of motion for a show cause hearing "requiring [Goodman] to show cause why he should not be barred from bringing any further litigation based in conspiracy theories without leave of court." Dkt. No. 255.

- Goodman filed a Notice of Appeal on July 27, 2023. Dkt. No. 258.

- The Second Circuit stayed plaintiff's appeal on November 16, 2023, pending resolution of Goodman's motion for reconsideration (and presumably the other pending motions). Dkt. No. 265.

In light of this chronology, as well as the Court's prior orders and reports and recommendations, I will briefly address the pending applications and make the following recommendations:

1. The motion to alter the judgment by the ATAS defendants should be granted and a filing injunction should be imposed barring any future filings by Goodman against them in this District without first obtaining leave of court to do so, as I recommended in the June 12 R & R, and as was granted as to defendants Wittes and Jankowicz based on the May 8 R & R. Dkt. No. 238. The Court incorporates the applicable sections of its May 8 R & R (at 34–38) and June 12 R & R (at 2) herein as to the basis for such a filing injunction.

2. In order to cover all the outstanding applications (and even though no separate referral of their letter application has been made as part of the amended order of reference), I also recommend that the Bouzy defendants' application for a filing injunction be granted for the same reasons as the one previously entered as to defendants Wittes and Jankowicz. The Court incorporates the applicable sections of its May 8 R & R (at 34–38) and June 12 R & R (at 2) herein as to the basis for such a filing injunction.

3

3.      I recommend denying the ATAS defendants' motion for attorneys' fees for the same reasons I had previously recommended the denial of the other defendants' fee applications, *see* May 8 R & R at 37–38, as the filing injunction is a sufficient sanction against Goodman, who is proceeding *pro se*, at this time.[3]

4.      I recommend denying the motion by defendant D.G. Sweigert seeking an order barring Goodman from bringing any further litigation "based in conspiracy theories" because this application is vague, would be unenforceable, and is unsupported by any legal authority. I also recommend denying any imposition of a filing injunction against Goodman with respect to Sweigert given their litigious history in this Court and in other courts, as previously outlined in the parties' submissions and the Court's prior rulings, and thus a one-way injunction is not justified based on the record in this case.

In sum, the Court should (1) grant both the ATAS defendants' motion (Dkt. No. 241) and the Bouzy defendants' application (Dkt. No. 243) to amend the judgment to impose a filing injunction barring any future filings by Goodman against the ATAS defendants and the Bouzy defendants in this District without first obtaining leave of court; (2) deny the ATAS defendants' motion for attorneys'

---

[3] While the denial of attorneys' fees is a closer question with respect to the ATAS defendants, because Goodman has sued them unsuccessfully in prior litigation, the Court believes that "enjoining [Goodman] from pursuing future claims . . . against these defendants without leave of this Court should be sufficient to deter [him] from bringing groundless lawsuits in the future." *Toro v. Depository Tr. Co.*, No. 97-CV-5383 (SAS), 1997 WL 752729, at *5 (S.D.N.Y. Dec. 4, 1997). If that proves to be incorrect, then the ATAS defendants would be well within their rights to seek attorneys' fees incurred in any future lawsuit brought against them by Goodman that is determined to be without merit.

fees (Dkt. No. 248); and (3) deny Sweigert's motion for an injunction and other relief against Goodman (Dkt. No. 255).

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, which will be subject to *de novo* review, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Torres.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: November 28, 2023
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge