UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Jason Goodman,**<br>**Plaintiff,**<br>**Proposed Pro Se Counter-Defendant**<br><br>-against-<br><br>**D. G. Sweigert,**<br>**Defendant**<br>**Proposed Pro Se Counter-Plaintiff** | PRO SE<br><br>**21-cv-10878-AT-JLC**<br><br>**District Judge Analisa Torres**<br><br>**Magistrate Judge James L. Cott** |

**NOTICE OF DEFENDANT'S AMENDMENT TO**
**OPPOSITION TO REPORT AND RECOMMENDATION AT ECF NO. 269 (11/28/2023)**
**(REPLACES ECF no. 271)**

---

The *pro se* Defendant (Proposed Counter Plaintiff) (undersigned) files these Amended papers in OPPOSITION (**to replace ECF no. 271**) to the Magistrate's Report and Recommendation, **ECF no. 269.**

December 14, 2023 (12/14/2023)

*[signature: D. Swt]*

**D. G. SWEIGERT PRO SE DEFENDANT, C/O**
**PMB 13339, 514 Americas Way,**
**Box Elder, SD 57719**

1

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................................................3

**REVIEW OF MAGISTRATE'S CLEAR ERROR**...................................................................5

**MEMORANDUM OF LAW AND ARGUMENT** ...................................................................6

**OPPOSITION**..........................................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*Broughty v. Bouzy*, 11/4/2022 as 2:2022-cv-06458, US District Court for the District of New Jersey ..................................................................................................................6

*Goodman v. The City of New York and Adam Sharp et al*, 1:23-cv-09648-JGLC-GWG .............7

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ..........................................................................5

*Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) ..................................................................................................5

*Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.* No. 20-CV-7269 (VEC), 2021 U.S. Dist. LEXIS 142733 (S.D.N.Y. July 30, 2021)......................................................10

*Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986)......................................................4

*Sweigert v. Cable News Network, Inc.* (2:20-cv-12933), District Court, E.D. Michigan..............9

*Sweigert v. Goodman* 18-cv-08653-VEC-SDA (S.D.N.Y.) .......................................................8

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) .....................................5

**Statutes**

18 U.S.C. § 1513 .........................................................................................................................8

**Treatises**

*Goodman vs Bouzy & Bot Sentinel | Default Judgment | Plaintiff Jason Goodman Guest, 11/22/22*, (https://www.youtube.com/watch?v=85kophkOfBM&t=2731s) ............................7

How a Conspiracy Theorist's Call About a Dirty Bomb Shut Down Part of a Port, New York Times, Christopher Mele, June 15, 2017..............................................................................9

## NOTICE OF DEFENDANT'S
## OPPOSITION TO REPORT AND RECOMMENDATION AT ECF NO. 269 (11/28/2023)

## REVIEW OF MAGISTRATE'S CLEAR ERROR

In the Report and Recommendation (ECF no. 269) the Magistrate converted Defendant Sweigert's request for a show cause hearing (ECF no. 255[1]) into an individual request for a pre-filing order, hence the explanation about a "one-way sanction".

In a cookie-cutter approach, the Magistrate placed Sweigert ECF no. 255 on the identical course of other defendants that have sought individualized pre-filing orders.  This is clear error.

The objective of the show cause hearing requested by Sweigert (ECF no. 255) was to demonstrate to the Court the long record of abuses by the serial litigant Plaintiff Goodman. These abuses will likely continue if this Court does not issue a stronger order, broader in scope, to put a halt to Goodman's YouTube law school antics.  *Safir v. United States Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986).

See ECF no. 255, quoted in relevant part:

> "Because of Plaintiff's well-documented, repeated, abusive, bad-faith, and vexatious litigation in this Court and the Court's need to deter further abuse, the Court should direct Plaintiff to show cause in writing, within fifteen days of the date of an appropriate order, why the Court should not enter an order requiring Plaintiff to seek permission to file any new action he seeks to file in this Court that is based, relies upon, or promotes a conspiracy theory."

---

[1] *NOTICE OF MOTION FOR SHOW CAUSE HEARING REQUIRING PLAINTIFF TO SHOW CAUSE WHY HE SHOULD NOT BE BARRED FROM BRINGING ANY FURTHER LITIGATION BASED IN CONSPIRACY THEORIES WITHOUT LEAVE OF THE COURT*

5

Additionally, the Defendant Sweigert filed a similar request for such an order via letter of 6/14/2023, ECF 230, quoted in relevant part:

> "This action is necessary as (a) Mr. Goodman continues to broadcast on social media to thousands of viewers his intent to bring new legal actions against the undersigned and Judge Valerie E. Caproni as co-conspirators working for the F.B.I. connected to the fact pattern of allegations orbiting Adam Sharp, NATAS (the EMMY Awards), etc., and (b) a mere pre-filing order will not curtail Mr. Goodman's abuse of the court system."

## MEMORANDUM OF LAW AND ARGUMENT

**Procedural history.** It is assumed that all parties are familiar with the procedural history of this action up to the point where the Magistrate released a Report and Recommendation (R&R) at **ECF no. 269.**

**Liberality.** Because both parties are *pro se* (Plaintiff and Defendant Sweigert), the Court should construe all of their pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interprets them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks and citations omitted) (emphasis in original).

## OPPOSITION

1.      YouTuber Jason Goodman should be enjoined from filing any further actions or papers in this District Court without first obtaining leave of the general duty judge.

2.      This Court will be well-advised to heed District Judge Valerie E. Caproni who has stated, Jason Goodman "traffics in conspiracy theories". *Nat'l Academy of Television Arts & Sciences v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) (*NATAS v. MSDI*).

3.     Goodman has demonstrated his ability to exploit his status as a *pro se* litigant as observed by Judge Caproni who issued a sanctions order against Goodman, noting in particular an e-mail message sent by Goodman; quoted in relevant part (*NATAS v. MSDI*):

> "I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy guy and if they don't unalign themselves it's gonna give me more evidence to show that they're working together. I also sent this to [the confidential email address] first time I ever emailed that address. Let's see if there's any response. Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again."
> Case 1:20-cv-07269-VEC-OTW Document 156 Filed 02/22/22 Page 1 of 7
> (https://storage.courtlistener.com/recap/gov.uscourts.nysd.543701/gov.uscourts.nysd.543701.156.0.pdf)

4.     As shown in ECF no. 270, Request for Judicial Notice, Judge Caproni has flatly labeled a recent Goodman pleading as frivolous and amended a pre-filing order requiring Goodman to notify all Courts in which he litigates about his long record of judicial abuses.

5.     See also Judge Caproni's pre-filing ORDER against Goodman at ECF no. 22 date 2/22/2022[2].

6.     Goodman is a profit-driven YouTube propagandist and former associate of New York lawyer Nathaniel Broughty, who operates as "NateTheLawyer" on YouTube (https://www.youtube.com/@NateTheLawyer) and Twitter (https://twitter.com/NatetheLawyer) via the popular #LAWtube and #LAWnerds hashtags.

7.     Mr. Broughty previously raised $50,000.00 via YouTube pledges, donations and "crowdsourcing" for "legal fees" to file his own defamation lawsuit against defendant **Christopher E. Bouzy,** who is defended by **Ballard Spahr attorneys and Co-Defendants**

---

[2] Case 1:21-cv-10878-AT-JLC Document 22 Filed 03/21/22 Page 3 of 44 citing EXHIBIT A
Case 1:20-cv-07269-VEC-OTW Document 156 Filed 02/22/22

**Seth Berlin and Maxwell Mishkin.** See *Broughty v. Bouzy*, 11/4/2022 as 2:2022-cv-06458, US District Court for the District of New Jersey, Judge S. D. Wigento (https://www.law360.com/pulse/articles/1564014)

(https://www.pacermonitor.com/public/case/46713303/BROUGHTY_v_BOUZY )

8. If it had not been for the collusion between Goodman and Broughty this legal action may have been dismissed years ago, but it has now entered into a realm "one upmanship" as these two competitive YouTubers try to top each other in social media podcasts about their lawsuits against Christopher Bouzy and Adam Sharp.

9. This instant legal action is retaliatory and part of Goodman's "NateTheLawyer" knock-off business, which brings forth sham litigation in bad faith that spawns endless hours of social media videos with the accompanying pleas to the public for funds to "fight social engineers" like Christopher Bouzy.

10. Goodman's collusion with Broughty is obvious on NateTheLawyer podcasts, e.g. *Goodman vs Bouzy & Bot Sentinel | Default Judgment | Plaintiff Jason Goodman Guest, 11/22/22*, (https://www.youtube.com/watch?v=85kophkOfBM&t=2731s).

11. Hence, there is NO incentive for Goodman not to bring baseless lawsuits to capture more notoriety to expose the public to Goodman's requests for cash donations.

12. The U.S. District Court for the Southern District of New York (S.D.N.Y.) is already Goodman's YouTube playground but the S.D.N.Y. will now become a target for Goodman's information disorder attacks (incentivized by his financial "partner in crime" Patreon, Inc. of San Francisco. California[3]).

---

[3] Patreon, Inc. provides an incentive system that encourages and distributes information disorder materials for Goodman.

13. Goodman has filed yet another lawsuit against Adam Sharp on Halloween night 2023, *Goodman v. The City of New York and Adam Sharp et al*, 1:23-cv-09648-JGLC-GWG. Goodman also made sure to publish the private physical address in an unnecessary docketing of the summons of the Sharp family home in Hartford, Connecticut on Thanksgiving week.  He continues to distribute podcast videos requesting funds from the public for his new lawsuit against the City of New York and Adam Sharp.

14. Regarding events related to the U.S. District Court for the Eastern District of Michigan (M.I.E.D.) Goodman believes that he is a "witness" who is suffering retaliation for docketing an Amicus Curiae Brief[4] and seeks redress pursuant to 18 U.S.C. § 1513, a witness retaliation law.

15. As explained in the Initial Complaint (Dkt. 1) para. 19, "Plaintiff has submitted an Amicus Curiae brief in Sweigert [George Webb, not the undersigned] v CNN that alleges criminal activity on the part of Webb and others. (See Case 2:20-cv-12933-GADKGA ECF No. 20, Eastern District of Michigan)."  See para. 20 (Dkt. 1) "On information and belief, Plaintiff alleges that Webb engaged Bouzy to harass and defame Plaintiff in retaliation for the Amicus filing and to deliberately harm Plaintiff."   See EXHIBIT D of ECF no. 22[5]

16. Goodman's self-important YouTube channel "JASON GOODMAN", was terminated by Google, LLC 100 days prior to the filing of Goodman's M.I.E.D. Amicus Curiae brief, as described in a magistrate's Memo Endorsement — Document #246 in Sweigert v. Goodman 18-cv-08653-VEC-SDA (S.D.N.Y.) Document 246 Filed 04/15/21 Page 1 of 3, quoted in relevant part:

---

[4] Case 1:21-cv-10878-AT-JLC Document 22 Filed 03/21/22 Page 26 of 44 Citing EXHIBIT D Case 2:20-cv-12933-GAD-KGA ECF No. 55.
[5] Case 1:21-cv-10878-AT-JLC Document 22 Filed 03/21/22 Page 26 of 44.

> "Yesterday the Defendant [Goodman] informed his social media podcast viewers that Google, LLC (YouTube.Com) had deleted the "Jason Goodman" YouTube channel with its so-called 119,000 (119K) subscribers. The account termination was based on violations of "Community Standards", according to the Defendant. 2,333 videos, dozens that contained evidence of Defendant's defamation per se, are no longer available to be viewed.[name added for clarity]"

17.     Thus, it is baffling for Goodman to claim to be a victim of witness retaliation in this Court considering the 4/15/2021 YouTube channel termination that resulted from Goodman's conduct 100 days in the future on 7/20/201, the filing date of his Amicus Curiae brief (ECF no. 20, Sweigert v. Cable News Network, Inc. (2:20-cv-12933), District Court, E.D. Michigan (M.I.E.D.)).

18.     The Honorable Gershwin Drain of the M.I.E.D. issued orders enjoining Goodman from telephoning court staff or their spouses, at their homes, on their private cellular phone number as late as 11 pm[6].  Judge Drain also has the Amicus Curiae brief stricken from the record.

19.     As outlined in Goodman's ECF no. 272 papers, and on social media podcasts, Goodman envisions a trial for Magistrate James Cott in Goodman's "Citizens Grand Jury"-style podcasts designed to prosecute Cott for treason and demand the death penalty.  The crime?  Working in the office of a U.S. Attorney and scheming with Judge Caproni to infiltrate Twitter with Federal Bureau of Investigation (F.B.I.) undercover operations (U.C.O.s).

20.     These "conspiracy theories" promulgate misinformation, disinformation and malformation (MDM) designed to disrupt critical infrastructure (see Port of Charleston dirty

---

[6] From docket: ORDER Enjoining Defendant from Contacting Court Personnel and Family, Requiring Defendant to Show Cause why he should not be Sanctioned and Scheduling Show Cause Hearing. Show Cause Response due by 2/25/2022, Show Cause Hearing set for 3/4/2022 at 11:00 AM before District Judge Gershwin A. Drain Signed by District Judge Gershwin A. Drain. (JMcC), George Webb Sweigert v. Jason Goodman, 2:22-cv-10002, M.I.E.D.

bomb hoax[7]) to obtain notoriety leading to more cash donations. Goodman's MDM conspiracy theories are dangerous and should not be allowed to form the basis of any more S.D.N.Y. legal actions.

21. For example, one of Goodman's social media themes has him asking his on-line followers to stage a citizen's trial and find Judge Caproni guilty of treason with a death penalty applied (a veiled assassination threat). The end-game, according to Goodman's numerous podcasts, is to generate more income so he can file more lawsuits to ensure the Defendants Sweigert and Adam Sharp are delivered up to the gallows along with Judge Caproni.

22. Defendant claims Judge Caproni and Defendant Adam Sharp utilized Defendant Sweigert in a "covert lawfare" action to threaten Goodman's attorney John Hoover Snyder, who represented Goodman in *NATAS v. MSDI*[8]. Apparently, humiliated by his association with Goodman, Mr. Snyder withdrew from the case. Even Goodman has called Snyder and an incompetent lawyer in several court pleadings in other actions.

23. Contrary to the falsehoods presented to this Court in Goodman's ECF no. 272 papers, Mr. Snyder never mentioned "death threats" to the court when withdrawing from the *NATAS v. MSDI* action, contrary to the claims pushed by Goodman, rather Snyder stated:

> "In moving to withdraw, I intend no criticism of Mr. Goodman or his journalistic pursuits. Mr. Goodman is a cordial and cooperative client who works extremely hard on his craft. Nevertheless, Mr. Goodman's work seems to have attracted opposition that is outside of my comfort zone". Declaration of (attorney) John H. Snyder – Document 101, 8/13/2021, NATAS vs. MSD  https://trackingmeroz.wordpress.com/2022/01/30/the-attorney-who-feared-dave-sweigert-more-than-a-russian-american-mobster/

---

[7] How a Conspiracy Theorist's Call About a Dirty Bomb Shut Down Part of a Port, New York Times, Christopher Mele, June 15, 2017
[8] Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design, Inc. No. 20-CV-7269 (VEC), 2021 U.S. Dist. LEXIS 142733 (S.D.N.Y. July 30, 2021)

24. Simply stated, Mr. Snyder withdrew from the *NATAS v. MSDI* shortly after Goodman and his company lost on Summary Judgement on 7/30/2021. See Case 1:20-cv-07269-VEC-OTW Document 98 Filed 07/30/21. Mr. Snyder withdrew via motion two weeks later. (https://storage.courtlistener.com/recap/gov.uscourts.nysd.543701/gov.uscourts.nysd.543701.98.0.pdf)

25. Goodman alleges Co-Defendants Sharp and Sweigert forcibly extorted Goodman into terminating his broadcasts[9]. Goodman further states on social media that he has many more lawsuits planned for Sweigert and Sharp.

## CONCLUSION

26. Enough is enough. This Court needs to create reasonable boundaries for Goodman's judicial abuse of the Court's to fuel his Internet ramblings on Patreon, Inc. (who pays Goodman incentives for his vile content).

27. A broad pre-filing order, based on Judge Caproni's orders (see Request for Judicial Notice, ECF no. 270 and no. 22[10]) should be issued to create protections for this Court and Goodman's enemy targets, like the family of Adam Sharp and Sweigert.

---

1.   [9] 18 U.S.C § 1951 makes it a federal crime to affect interstate commerce in any way or degree by engaging in any of the following criminal offenses:

- Extortion by force or the threat of force;
- Extortion under color of official right, or in other words, by using a public office that one holds to unfairly influence someone to part with money or property.
- Robbery, which is generally defined as unlawfully depriving someone of property, either without their consent or by force, violence, or threat.

[10] Case 1:21-cv-10878-AT-JLC Document 22 Filed 03/21/22 Page 3 of 44

Certified under penalties of perjury.     December 14, 2023 (12/14/2023)

*[signature: D. Sgt]*

**D. G. SWEIGERT *PRO SE* DEFENDANT, C/O,**
**PMB 13339, 514 Americas Way, Box Elder, SD 57719**

## CERTIFICATE OF SERVICE

**It is hereby certified under the penalties of perjury that a true copy PDF file has been sent via e-mail message to the following:**

Jason Goodman, sole stockholder of MULTIMEDIA SYSTEM DESIGN, INC., served via U.S. Postal Mail addressed to Jason Goodman, 252 7th Avenue, New York, New York 10001

And sent via e-mail message to:

Georg.webb@gmail.com

berlins@ballardspahr.com

mishkinm@ballardspahr.com

margaret.esquenet@finnegan.com

liz.lockwood@alilockwood.com

Certified under penalties of perjury.

December 14, 2023

*D. Swt*

D. G. SWEIGERT PRO SE DEFENDANT, C/O
PMB 13339, 514 Americas Way,
Box Elder, SD 57719