```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JASON GOODMAN,

                          Plaintiff,

        -against-                                           21 Civ. 10878 (AT) (JLC)

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL,                      **ORDER**
INC., GEORGE WEBB SWEIGERT, DAVID
GEORGE SWEIGERT, BENJAMIN WITTES, NINA
JANKOWICZ, ADAM SHARP, MARGARET
ESQUENET, THE ACADEMY OF TELEVISION
ARTS AND SCIENCES, SETH BERLIN,
MAXWELL MISHKIN,

                          Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/21/2024_

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Jason Goodman, brings this action against Defendants Christopher Ellis Bouzy, Bot Sentinel, Inc., George Webb Sweigert, David George Sweigert, Benjamin Wittes, Nina Jankowicz, Adam Sharp, Margaret Esquenet, the Academy of Television Arts and Sciences, Seth Berlin, and Maxwell Mishkin, alleging fraud, defamation, abuse of process, and civil conspiracy. Am. Compl. ¶¶ 52–92, ECF No. 100. As discussed below, the Court has referred several motions to the Honorable James L. Cott for a report and recommendation. *See* ECF No. 268.

On November 28, 2023, Judge Cott issued a Report and Recommendation ("R&R"), ECF No. 269, recommending, *inter alia*, that the Court (1) grant the motion of the Academy, Sharp, and Esquenet (the "ATAS Defendants") at ECF No. 241 to amend the judgment entered in this case to include a filing injunction prohibiting Goodman from filing any additional suits or claims against them without first obtaining leave of court; (2) grant the application of Bouzy, Bot Sentinel, Inc., Berlin, and Mishkin (the "Bouzy Defendants") at ECF No. 243, seeking the same relief; (3) deny the ATAS Defendants' motion for attorney's

fees at ECF No. 248; and (4) deny Defendant David Sweigert's motion at ECF No. 255 for a filing injunction and other relief against Goodman.  R&R at 3–5.

Having reviewed the R&R, and the objections and responses submitted by the parties, ECF Nos. 271–75, for the reasons stated below, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety.

# DISCUSSION[1]

I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error."  *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review.").  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in Judge Cott's previous R&Rs, *see* ECF Nos. 59, 203, and, therefore, does not summarize them here.

2

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. Goodman's Objections

Goodman's objections, ECF No. 272, are general, conclusory, and merely reiterate arguments he has made in previous objections and filings submitted to both the Court and Judge Cott. *See Wallace,* 2014 WL 2854631, at *1. The Court has reviewed Judge Cott's thorough and well-reasoned R&R for clear error and finds none. Accordingly, Goodman's objections to the R&R are OVERRULED.

III. Sweigert's Objections

Sweigert objects to Judge Cott's recommendation that this Court deny his request, contending that Judge Cott erroneously placed his motion "on the identical course of other defendants that have sought individualized" filing injunctions, thus failing to address his specific request for a show cause hearing. ECF No. 274 at 5.

However, Sweigert requested an order directing Goodman "to show cause in writing" why Goodman should not be required to "seek [court] permission to file any new action" that is "based [on], relies upon, or promotes a conspiracy theory." *See* ECF No. 255 at 1, 3.  Although Sweigert's motion was titled a "motion for show cause hearing," the ultimate relief sought was, in essence, a filing injunction.  Judge Cott acted well within his discretion in construing Sweigert's request for a written order or hearing as a motion for an injunction requesting the same ultimate relief.  *E.g.*, *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12 Civ. 2827, 2014 WL 6686600, at *3 (S.D.N.Y. Nov. 21, 2014) (where the parties' letters "adequately present [their] views of a straightforward request, it is [] appropriate . . . to treat the letters themselves as motion papers and to rule on the merits"); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (holding that "district court did not abuse its discretion in construing the letter as a motion and denying the motion"); *cf.* Fed. R. Civ. P. 1 (stating that the Rules "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding").

Further, Sweigert does not challenge Judge Cott's conclusion: that the relief sought is both vague and unenforceable.  R&R at 4.  Because Sweigert does not address this point, the Court reviews the R&R on this issue "strictly for clear error," *Harris*, 338 F. Supp. 3d at 174, and concludes that Judge Cott did not clearly err in his analysis.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error and finds none.  For the foregoing reasons, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety.  Accordingly:

1. The ATAS Defendants' motion, ECF No. 241, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the

4

     ATAS Defendants in this District without first obtaining leave of court is GRANTED.

2. The Bouzy Defendants' application, ECF No. 243, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the Bouzy Defendants in this District without first obtaining leave of court is GRANTED.

3. The ATAS Defendants' motion for attorney's fees, ECF No. 248, is DENIED.

4. Defendant David Sweigert's motion for an injunction and other relief, ECF No. 255, is DENIED.

Accordingly, the Court ADOPTS Judge Cott's R&R in its entirety. The parties' objections are OVERRULED. The Clerk of Court is directed to terminate the motions at ECF Nos. 241, 243, 248, and 255, and enter judgment consistent with this order and the R&R.

SO ORDERED.

Dated: February 21, 2024
       New York, New York

                                                      ANALISA TORRES
                                          United States District Judge