IN THE UNITED STATES DISTRICT COURT                    1: 21-cv-10878-AT-JLC
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X        **LETTER-MOTION**
JASON GOODMAN                                                              **RESPONSE TO DKT.**
                                        Plaintiff,                         **301**

-against-

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC.,
GEORGE WEBB SWEIGERT, DAVID GEORGE
SWEIGERT, BENJAMIN WITTES, ADAM SHARP,
NINA JANKOWICZ, MARGARET ESQUENET, THE
ACADEMY OF TELEVISION ARTS & SCIENCES,
SETH BERLIN, MAXWELL MISHKIN

                                        Defendants.
-------------------------------------------------------------------X

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007


**Re: Goodman v. Bouzy, et al., 21-cv-10878 (AT)(JLC) - Response to Letter from David**

**George Sweigert Request for Sanctions and Limited Discovery on Email Provenance**

Dear Judge Torres:

I write in response to the August 14, 2025 letter submitted by pro se defendant David

George Sweigert, which was improperly sent to chambers and serves no legitimate purpose other

than to provoke, harass, and perpetuate a false narrative. The Court should strike or disregard the

letter, admonish Mr. Sweigert for emailing chambers, and consider narrowly tailored relief that

addresses his continuing abuse.

**I.    The Injunction Rests on a Void Judgment and Cannot Be Enforced**

First, Mr. Sweigert's position assumes the validity of the February 22, 2024 judgment

(Dkt. 279). As shown in my pending Rule 60(b)(4) motion, that judgment is void because it was

entered under an unrelated caption-Abraham I. Juravel v. Samuel Harold Sigal, M.D.-in violation of Fed. R. Civ. P. 58(a). A void judgment is a legal nullity and cannot support any injunction. Mr. Sweigert's letter-which demands enforcement of a void injunction-has no legal effect and should be ignored.

For avoidance of doubt, the pending Rule 60 application seeks relief directed to the Court—vacatur of the defective judgment and associated injunction and, if necessary, reopening and leave to amend. As to any party, it seeks relief only as to David G. Sweigert (e.g., sanctions or a narrowly tailored injunction). It asserts no new claims and files nothing "against the ATAS Defendants" or "against the Bouzy Defendants." Accordingly—even apart from the judgment's voidness—this motion falls outside the injunction's scope and complies with its terms.

## II.    NATAS v. MSDI: The Email, the Concealed Contact, and Due Process

Mr. Sweigert again waves around *the Nat'l Acad. of Television Arts & Scis., Inc*., No. 20-cv-7269, ("NATAS v. MSDI") contempt finding as a cudgel. The fuller record fatally undercuts his narrative:

i.      Alleged behind the scenes contact via the very email address the Court has shielded: On information and belief, Mr. Sweigert not only contacted Adam Sharp (then NATAS President; a defendant here) to instigate that action, he did so using the very email address that the Court in that case has improperly withheld from me. That concealed fact goes to the heart of provenance and motive. The question of who first used that address to provoke litigation-and when-cannot be answered while the address and related metadata remain hidden.

ii.     The address was placed into the public domain by NATAS's counsel: In the NATAS proceeding, plaintiff's attorney Samuel Eichner read the email address aloud in open

LETTER-MOTION RESPONSE TO DKT. 301

court (Tr. p. 42, l. 23). Once spoken on the record, it was no longer "non public" or "confidential," and any protective order ceased to cover it months before I ever sent an email. Punishing me for purported use of a non public address was therefore a due process error.

iii.    Undisclosed professional ties amplifying appearance concerns: Mr. Sharp has a professional relationship with Judge Valerie Caproni dating back to 2009 when she served as FBI General Counsel. That relationship-material to appearance of impropriety analysis-was not disclosed to me during the NATAS matter and this critical defect remain unaddressed in that case.

iv.    The missing provenance proof: The only way to verify (or refute) Mr. Sweigert's role in instigating NATAS is to examine the full provenance: header data, transmission logs, and contemporaneous correspondence showing who first used the address, from what accounts, and when. That discovery has been unjustly blocked. Now that Mr. Sweigert has invoked these facts in this case, this Court should allow a targeted inquiry into the email in question so the truth can finally be established.

## III.    Pattern and Practice Across Proceedings

Mr. Sweigert's alleged Lawfare conduct here mirrors that in NATAS: clandestine outreach to aligned, government adjacent actors to manufacture litigation pressure. In this case, he contacted Benjamin Wittes and Nina Jankowicz to agitate filings against me, and he attempted to inject manipulated "evidence" to Jankowicz's counsel in Jankowicz v. Goodman. Over eight years, Mr. Sweigert has publicized his family history of mental illness and has exhibited an obsessive, escalating fixation on me-behavior the courts have unfortunately incentivized. His

LETTER-MOTION RESPONSE TO DKT. 301

August 14 letter is one more iteration of the same: an improper, provocative attempt to weaponize judicial process.

**IV.    Requested Relief**

Given the above, I respectfully request that the Court:

i.    Strike or disregard Mr. Sweigert's August 14, 2025 chambers email/letter.

ii.    Enjoin all parties from any further improper communications to chambers.

iii.    Recognize that the February 22, 2024 judgment (Dkt. 279) is void under Rule 60(b)(4) because it violates Rule 58(a), and therefore cannot support any injunction.

iv.    In the alternative (and without waiving voidness), clarify that a Rule 60 motion to vacate a void judgment is not a "filing against the Bouzy defendants," and thus is permissible even under the most expansive reading of any injunction.

v.    Expedite the Court's ruling on the pending motion for a hearing, (Dkt. 300).

vi.    Authorize narrowly tailored discovery (or an in camera review) limited to the provenance of the subject email address, including: (a) full header/metadata for first use; (b) server logs sufficient to identify the originating accounts and timestamps; and (c) any communications reflecting Mr. Sweigert's outreach to Adam Sharp concerning me. The aim is to confirm whether Mr. Sweigert used that same address to instigate NATAS.

vii.    Take judicial notice of the transcript passage (Tr. p. 42, l. 23 **Ex. A** at 42:23)[1] where NATAS's counsel disclosed the email address in open court, thereby placing it in the public domain and vitiating any claim that my later use implicated a "non public" or "confidential" address.

---

[1] The address is already public via **Ex. A**; it is voluntarily redacted here to avoid collateral disputes.

LETTER-MOTION RESPONSE TO DKT. 301

viii.    Issue a preservation order to Mr. Sweigert, Mr. Sharp, and NATAS regarding all records necessary to reconstruct email provenance and early communications relating to me.

ix.    Order Mr. Sweigert to show cause why he should not be sanctioned or enjoined from further vexatious filings and communications pertaining to me.

    Mr. Sweigert's letter is theater built on a void judgment, selective omissions, and concealed provenance. The proper remedy is to disregard it, correct the record, and narrowly probe the key facts his tactics have kept hidden.

Dated: New York, New York August 15, 2025

Respectfully submitted
Jason Goodman
Pro Se Plaintiff
252 7th Avenue Apt 6s
New York, NY 10001
347-201-6017

LETTER-MOTION RESPONSE TO DKT. 301

5