**GRSM50**
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM™

**JOHN T. MILLS**
jtmills@grsm.com
Direct (212) 453-0778

**BRIAN E. MIDDLEBROOK**
bmiddlebrook@grsm.com
Direct (212) 453-0708

1 Battery Park Plaza, 28th Floor
New York, NY  10004
www.grsm.com

August 25, 2025

**VIA ECF**
The Honorable Henry J. Ricardo
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 21D
New York, New York 10007

      Re:    **Jason Goodman v. Christopher Ellis Bouzy, et al.**
              **Case No. 1:21-cv-10878-AT-JLC**
              **GRSM File No.: 1259944**

Dear Judge Ricardo:

      This firm represents the interests of Defendant Adam Sharp ("Sharp") in the above-referenced matter.  We write, jointly with the undersigned counsel for Defendants Margaret Esquenet ("Esquenet") and The Academy of Television Arts & Sciences (the "Academy") (Sharp, Esquenet and the Academy, together, "ATAS Defendants") in response to Plaintiff Jason Goodman ("Plaintiff' or "Goodman")'s motion (Dkt No. 297, the "Motion") to vacate the judgment entered by this Court on February 22, 2024 (Dkt No. 279, the "Judgment").  For the reasons set forth more fully herein, Goodman's Motion is procedurally and substantively defective and without merit and must be denied.

      As a preliminary matter, the Judgment clearly provides that Goodman is barred and enjoined from any future filings against the ATAS Defendants in this District without first obtaining leave of Court to do so.  *See* Dkt Nos. 269, 278, 279.  Goodman did not obtained leave of Court before filing the instant Motion, thus warranting denial of the Motion in its entirety.  *See Brady v. Berman*, 2019 WL 4534421, at *2 (S.D.N.Y. Sept. 18, 2019) (dismissing claims asserted in violation of filing injunction with prejudice).  Moreover, even if Goodman had obtained leave of Court before filing the instant Motion, the Motion is procedurally without merit.  Rule 60(b)(1) through 60(b)(5) require that motions be asserted within a one-year time period.  *See* Fed. R. Civ. P. 60(c)(1); *see also Kemp v. United States*, 596 U.S. 528, 533 (2022).  While motions pursuant to Rule 60(b)(6) are not subject to the one-year timing constraint, such motions must nonetheless be brought "within a reasonable time" (*see* Fed. R. Civ. P. 60(c)(1)) and are only available in "extraordinary circumstances" where relief provided by Rule 60(b)(1) through 60(b)(5) are inapplicable (*see Kemp*, 596 U.S. at 533 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 498

August 25, 2025
Page 2

U.S. 847, 863, n. 11 (1988)). Here, Goodman's Motion was filed on August 11, 2025 – nearly 18 months after the Judgment was entered, and much longer than the one-year period proscribed by Rule 60. Thus, the Motion must also be denied on this basis.[1]

Although this Court need not entertain the merits of Goodman's Motion in light of the above, it is clear that Goodman has woefully failed to carry his heavy burden to show that the extraordinary remedy of vacating the Judgment as proscribed by Rule 60 is warranted. Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The major grounds for justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*, 2023 WL 4249356, at *6 (S.D.N.Y. June 29, 2023) (citations omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 3d 458, 461 (S.D.N.Y. 2001)).

Rule 60(b) is, however, "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (emphasis added) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (Rule 60(b) is" extraordinary judicial relief" that can be granted "only upon a showing of exceptional circumstances"). Relief under this rule is thus "generally not favored." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). As a result, [t]he standards for granting such motions are strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Suber v. VVP Servs., LLC*, 2022 WL 2078197, at *1 (S.D.N.Y. June 9, 2022) (cleaned up) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); see also *Altimeo Asset Mgmt.*, 2023 WL 4249356, at *6. For a Rule 60(b) motion for reconsideration to succeed, "the movant must present 'highly convincing' evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the non-moving party as a result." *Whiddon v. Buzzfeed, Inc.*, 2022 WL 17632593, at *5 (S.D.N.Y. Dec. 13, 2022) (quoting *Kotlicky v. U.S. Fid. Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987)). The same high standard applies to litigants proceeding pro se. *Thompson v. Booth*, 2022 WL 1501041, at *2 (S.D.N.Y. May 12, 2022) ("A party seeking vacatur under Rule 60(b), whether proceeding pro se or not, 'must present 'highly convincing' evidence . . .") (citation omitted); *Goodman v. Discover Fin. Servs., LLC*, , 2022 WL 3225620, at *1 (S.D.N.Y. Aug. 10, 2022) (same).

First, Goodman appears to challenge the clerical error in the Judgment which used the wrong party names. *See* Motion. The Judgment clearly sets forth the case name and relief ordered

---

[1] The face of Goodman's Motion also reflects that Rule 60(b)(6) is inapplicable, as Goodman seeks relief under Rule 60(b)(1) through 60(b)(5) and, as discussed *infra*, has nonetheless failed to demonstrate the "extraordinary circumstances" permitting relief from a judgment pursuant to Rule 60(b)(6).

August 25, 2025
Page 3

by the Court, and any clerical errors do not warrant vacating the Judgment pursuant to Rule 60. *See* Judgment.  Substantively, Goodman also raises several arguments in support of his request for vacating the Judgment – yet Goodman fails to mention *any* of the ATAS Defendants *even once* throughout the entire Motion.  *See* Motion.  Rather, Goodman simply seeks to rehash the allegations in the Complaint which have been deemed to be without merit by this Court on numerous occasions, making Goodman's Motion nothing more than an improper second (or third, fourth, et seq.) bite at the apple – another fact which this Court has already determined.  *See* Dkt No. 277 ("Plaintiff seeks to relitigate matters that have already been adjudicated on numerous occasions by the Court and Judge Cott."); *see also Gonzalez*, 545 U.S. at 535; *Okongwu v. Cnty. Of Erie*, No. 21-1025, 2022 WL 6585217 at *2 (2d Cir. Oct. 7, 2022) (affirming denial of pro se plaintiff's motion for reconsideration where plaintiff "did not identify any new evidence," "failed to show that the (unidentified) evidence was admissible," and "did [not] establish that he had been justifiably ignorant of the new facts"); *Goodman*, 2022 WL 3225620, at *2 (denying pro se plaintiff's motion for reconsideration where "[p]laintiff has not shown 'mistake, inadvertence, surprise, or excusable neglect' nor 'exceptional circumstances' warranting relief from the July 11 Order").

Thus, for all of the foregoing reasons, ATAS Defendants respectfully request that Goodman's Motion be denied in its entirety, together with such other and further relief as this Honorable Court deems just, proper and equitable.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*Attorneys for Defendant Adam Sharp*

/s/ John Mills

Brian E. Middlebrook
John T. Mills

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

*Attorneys for Defendants Margaret Esquenet & The Academy of Television Arts & Sciences*

/s/ B. Brett Heavner

B. Brett Heavner (*pro hac vice*)

CC:    All parties and counsel of record via ECF