IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK          1: 21-cv-10878-AT-JLC
---------------------------------------------------------------------X
JASON GOODMAN

                     Plaintiff,

-against-

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC.,
GEORGE WEBB SWEIGERT, DAVID GEORGE
SWEIGERT, BENJAMIN WITTES, ADAM SHARP,
NINA JANKOWICZ, MARGARET ESQUENET, THE
ACADEMY OF TELEVISION ARTS & SCIENCES,
SETH BERLIN, MAXWELL MISHKIN

                     Defendants.
---------------------------------------------------------------------X

**REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO VACATE VOID JUDGMENT**

    Defendants' Opposition to Plaintiff's Motion to Vacate collapses under its own weight and only serves to prove Plaintiff's central point. Defendants' procedural arguments contradict themselves—simultaneously claiming Plaintiff failed to seek leave to file against them and that he failed to mention them at all—demonstrating that Plaintiff's Motion is not directed against Defendants, but at the fatal defect in the Court's judgment itself. The Opposition's substantive arguments ignore controlling precedent and the extraordinary surrogate scheme through which Sharp and Esquenet acted via Sweigert and Wittes via Bouzy. What follows shows that the Judgment is void, that fraud upon the Court has occurred, and that vacatur is mandatory.

**I.      STANDARD OF REVIEW**

    Rule 60(b)(4) requires that a judgment be set aside if it is void. Relief under Rule 60(b)(4) is mandatory, not discretionary. See *Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 193 (2d Cir. 2006) ("if a judgment is void, relief is not discretionary, it is mandatory"); *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980). A void judgment "is a legal nullity" that "may be attacked at any time." *United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994); *SEC*

*v. McNulty*, 137 F.3d 732, 737 (2d Cir. 1998). Relief is mandatory once voidness is established. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). Similarly, where fraud upon the court is shown, a judgment must be set aside regardless of lapse of time. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944).

## II.    STATEMENT OF FACTS

Plaintiff is a journalist engaged in reporting on matters of public concern, including the activities of Defendants Adam Sharp, Margaret Esquenet, the Academy of Television Arts & Sciences, Christopher Bouzy, Benjamin Wittes, Nina Jankowicz, and others. These Defendants are sophisticated litigants with substantial resources and bar-member counsel. Wittes' nonprofit, The Lawfare Institute, has made a specialty of weaponizing the judicial process. Rather than litigating directly, Defendants have repeatedly used surrogates to harass Plaintiff and distort the judicial process, consistent with Wittes' public lawfare strategy. David George Sweigert has functioned as a surrogate for Defendant Sharp, inundating dockets with vexatious filings that advance Sharp's interests while Sharp disclaims responsibility. Likewise, Defendant Bouzy has acted as a surrogate for Benjamin Wittes. Through Sweigert and Bouzy, Defendants have deployed lawfare tactics to silence Plaintiff's journalism, drain his resources, and preclude him from vindicating his rights in Court. This surrogate scheme exemplifies fraud upon the Court.

## III.    THE FILING INJUNCTION DOES NOT BAR A RULE 60(b) MOTION

Defendants argue that Plaintiff's Motion should be denied because he did not seek leave of Court under the filing injunction. This misstates both the nature of the Motion and the scope of the injunction. The injunction prohibits new filings against Defendants without leave. Plaintiff has respected that order: he has not filed the proposed amended complaint clarifying the roles of Sharp and Esquenet, and he has separately moved for leave before doing so. The instant Motion

is directed not against Defendants but against the Court's Judgment itself. Courts have recognized that a filing injunction cannot bar a litigant from seeking relief from a judgment itself. See *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989) (injunctions must not be applied in a manner that "completely forecloses access to the courts"); *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981); *Martin-Trigona v. Lavien*, 737 F.2d 1254, 1261 (2d Cir. 1984) (filing injunctions must be narrowly tailored).

An injunction cannot insulate a judgment from collateral attack under Rule 60(b). To hold otherwise would create the impermissible result that a court may shield a void judgment from review by its own order. Defendants also contradict themselves: on the one hand, they complain that Plaintiff has not sought leave to file complaints against them; on the other, they insist Plaintiff has failed to mention them in this Motion. That inconsistency underscores Plaintiff's point: this Motion is not a new filing 'against' the ATAS Defendants at all, but a direct challenge to the Court's Judgment. Defendants' complaint that the Motion does not mention them by name only confirms its true nature: it is directed at the validity of the Judgment itself, not at advancing new claims against the parties. Despite that, Plaintiff has respected the injunction and separately sought leave to file an amended complaint, which will explain in detail how Sweigert has acted as a surrogate for Sharp and a deceptive actor working with Esquenet and others—just as Wittes has used Bouzy as a surrogate.

## IV.    THE JUDGMENT IS VOID AND MAY BE CHALLENGED AT ANY TIME

Defendants' timeliness argument fails. They rely on Rule 60(c)'s one-year bar, but that limitation does not apply to motions under Rule 60(b)(4) or to fraud upon the court. A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace*, 443 F.3d at 193

(quoting *American Surety Co. v. Baldwin*, 287 U.S. 156, 166 (1932)). A void judgment may be attacked at any time. *Forma*, 42 F.3d at 762; *McNulty*, 137 F.3d at 737; see also *Cruz v. Meachum*, 159 F.3d 366, 369 (9th Cir. 1998). Nor is fraud upon the court subject to ordinary time bars. See *Hazel-Atlas*, 322 U.S. at 244; *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002); *Herring v. United States*, 424 F.3d 384, 386–87 (3d Cir. 2005). Even assuming arguendo the Court were to construe this Motion under Rule 60(b)(1)–(3), it would still be timely. The defects at issue only became clear when Defendants themselves mischaracterized the caption in their Opposition and when surrogate filings and premature appeals compounded the prejudice. Courts have held that the one-year limit does not begin to run until the movant has notice of the grounds, and that the 'reasonable time' requirement of Rule 60(c)(1) is satisfied where, as here, Plaintiff acted promptly once the prejudice became apparent. See, e.g., Cummings v. Gen. Motors Corp., 365 F.3d 944, 954 (10th Cir. 2004) (Rule 60(b) motion timely where filed promptly upon discovery of basis). Accordingly, this Motion is timely under any subsection of Rule 60(b).

## V.    CLERICAL AND STRUCTURAL ERRORS UNDERMINE THE INTEGRITY OF THE JUDGMENT

Defendants dismiss the captioning and party-name errors as harmless. They are not. The Judgment entered at Dkt. 279 is captioned not as Goodman v. Bouzy but as Juravel v. Sigal, a wholly unrelated case. This is not a minor typo. It is a miscaption so fundamental that it renders the Judgment internally inconsistent and ambiguous as to whom it applies. Courts have recognized that judgments which misidentify the parties or create uncertainty about their scope cannot stand. *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998); *United States v. Beggerly,*

524 U.S. 38, 46–47 (1998). This miscaption also violates Fed. R. Civ. P. 58(a), which requires judgments to clearly identify the parties bound.

Defendants' opposition papers declare, "the Judgment clearly sets forth the case name and relief ordered" (Dkt. 310 at 2). That assertion is demonstrably false: the case name is not set forth at all. If a panel of seasoned attorneys at two national firms can misread the Judgment and claim clarity where none exists, the Judgment has already sown the very confusion Rule 58 and Rule 60 are designed to prevent. Nor is the confusion confined to one document. Sweigert, acting as Sharp's surrogate, compounded the chaos with premature appeals that forced Plaintiff into a confusing involuntary "cross-appeal" status, impairing appellate review. These filings, coupled with Sweigert's barrage of vexatious submissions, polluted the record with misattributions. When a judgment is entered under the wrong caption, and the defect is magnified by surrogate misconduct, the problem transcends clerical error. It becomes a structural defect undermining the legitimacy of the order. See *Beggerly*, 524 U.S. at 46–47. Unlike cases involving mere misnomers—e.g., where "William Brown" was listed as "Willie Brown" but the correct party was obvious, *Brown v. Five Unknown Narcotics Agents*, 487 F.2d 390, 392–93 (2d Cir. 1973)— this caption misidentifies both parties entirely. No authority supports treating such a wholesale miscaption as harmless. A judgment whose caption fails to name the parties it binds is inherently void. Relief under Rule 60(b)(4) is mandatory.

## VI.    FRAUD UPON THE COURT AND SURROGATE MISCONDUCT

Fraud upon the court "embraces only that species of fraud which does or attempts to defile the court itself." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) (quoting *Kupferman v. Consol. Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972)). It exists where "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial

system's ability impartially to adjudicate." *Hazel-Atlas*, 322 U.S. at 246. Here, Sweigert has functioned as Sharp's surrogate, consistently advancing Sharp's interests under the guise of a non-party. Sharp has himself engaged in deceptive conduct in unrelated litigation. This broader scheme, in which Sharp benefits from Sweigert's filings while disclaiming responsibility, fits under Wittes' lawfare umbrella. Courts recognize surrogate misconduct as fraud upon the court. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989).

This is not merely harassment of Plaintiff; it is an attack on judicial integrity. By polluting the docket with fraudulent attributions and antisemitic fabrications (see Defendant's Request for Judicial Notice, Dkt. 296, attaching letter referring to Plaintiff as a 'f***ing Jew'), Sweigert— acting for Sharp—has attempted to manipulate the Court's impartial function. That is fraud upon the court in its clearest form.

The imbalance is stark: while Sweigert has filed vexatious pleadings against Plaintiff for years without sanction, Plaintiff has been uniquely enjoined from bringing meritorious claims. Such asymmetric enforcement underscores how the Judgment has been distorted by fraud on the Court. The ATAS Defendants, with resources and bar-member counsel, have weaponized Sweigert as a surrogate to harass and drain Plaintiff. Plaintiff, a journalist reporting on matters of public concern, has been targeted not to vindicate legal rights but to silence him. Such conduct weaponizes judicial process and further exemplifies fraud upon the Court.

## VII.    CONCLUSION

The Opposition (Dkt. 310) seeks to deflect from the structural defects and fraud tainting the Judgment. But this Court's duty under Rule 60(b)(4) and the fraud-on-the-court doctrine is mandatory: once voidness or fraud is shown, the Judgment cannot stand. This case illustrates a broader pattern: Bouzy has functioned as a surrogate for Wittes, the founder of the Lawfare

Institute—an organization that openly specializes in weaponizing litigation. Sharp and Esquenet have used Sweigert in the same way. Defendants have weaponized litigation against Plaintiff by deploying Sweigert and Bouzy as surrogates, while counsel attempts to obscure the scheme. The result is not legitimate litigation, but abuse of process calculated to silence Plaintiff's journalism and distort the Court's function. Vacatur is necessary to protect Plaintiff's rights and preserve the Court's integrity. Defendants' contradictions—claiming Plaintiff both failed to seek leave and failed to mention them—underscore that this Motion is directed not against them but against the Court's judgment. These contradictions exemplify the surrogate scheme and cannot shield a void judgment from review.

Dated: New York, New York August 28, 2025

Respectfully submitted
Jason Goodman
Pro Se Plaintiff
252 7th Avenue Apt 6s
New York, NY 10001
347-201-6017

**REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO VACATE VOID    7
JUDGMENT**

# EXHIBIT INDEX

Exhibit   A. Copy of Judgment entered at Dkt. 279, bearing caption of unrelated case *Abraham I. Juravel v. Samuel Harold Sigal, M.D.*, in violation of Fed. R. Civ. P. 58(a).

Exhibit   B. Second Circuit docket excerpts (Case Nos. 22-40, 23-874, 23-1021) showing premature appeals by David George Sweigert that forced Plaintiff into "cross-appeal" status and created procedural confusion impairing review of the caption defect.

MOTION TO VACATE VOID JUDGMENT

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ABRAHAM I. JURAVEL; ROCHELLE L. JURAVEL,

     Plaintiff,       21 **CIVIL** 10878(AT)(JLC)

  -v-             <u>**JUDGMENT**</u>

SAMUEL HAROLD SIGAL, MD,

       Defendant.
----------------------------------------------------------------X

   It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons stated in the Court's Order dated February 21, 2024, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety. Accordingly: 1. The ATAS Defendants' motion, ECF No. 241, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the ATAS Defendants in this District without first obtaining leave of court is GRANTED. 2. The Bouzy Defendants' application, ECF No. 243, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the Bouzy Defendants in this District without first obtaining leave of court is GRANTED. 3. The ATAS Defendants' motion for attorney's fees, ECF No. 248, is DENIED. 4. Defendant David Sweigert's motion for an injunction and other relief, ECF No. 255, is DENIED. Accordingly, the Court ADOPTS Judge Cott's R&R in its entirety. The parties' objections are OVERRULED. Judgment is entered consistent with this order and the R&R.

**Dated:**  New York, New York

   February 22, 2024

**RUBY J. KRAJICK**
**Clerk of Court**

BY:

_____
**Deputy Clerk**

**EXHIBIT B**

MANDATE

**UNITED STATES COURT OF APPEALS**
for the
**SECOND CIRCUIT**
_____

       At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-two,

_____

Jason Goodman,

       Plaintiff - Appellee,

v.

George Webb Sweigert,

       Defendant - Appellant,

Christopher Ellis Bouzy, Bot Sentiel, Inc.,

       Defendants.

_____

**ORDER**

Docket Number: 22-40

       A notice of appeal was filed on January 07, 2022. The filing fee of $505.00 was due to be paid to the district court by March 01, 2022. The case is deemed in default.

Instructions for moving for in forma pauperis status are provided in the Court's instructions entitled "How to Appeal a Civil Case in the United States Court of Appeals for the Second Circuit". The manual and the forms required to file the motion are enclosed with this order. They are also available on the Court's website www.ca2.uscourts.gov.

IT IS HEREBY ORDERED that the appeal is dismissed effective April 04, 2022 unless by that date appellant either pays the fee in full, moves for in forma pauperis status in district court or, if district court has denied in forma pauperis status, moves in this Court for in forma pauperis status. If appellant has filed the motion in district court and the motion is pending, appellant must so advise this Court in writing by the same date.

       For The Court:

       Catherine O'Hagan Wolfe,
       Clerk of Court

A True Copy

Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 04/27/2022

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-four.

_____

Jason Goodman,

     Plaintiff-Counter-Defendant -Appellee,

v.

David George Sweigert,

     Defendant-Counter-Claimant-Appellant,

Christopher Ellis Bouzy, Bot Sentiel, Inc., George Webb Sweigert, Benjamin Wittes, Adam Sharp, Nina Jankowicz, Margaret Esquenet, The Academy of Television Arts & Sciences, Seth Berlin, Maxwell Mishkin,

     Defendants-Appellees.

_____

**ORDER**

Docket Nos. 23-874(L), 23-1021(Con)

By order dated February 26, 2024, the Court lifted the stay of these appeals and directed Appellant to pay the filing fee or move for *in forma pauperis* status within 21 days of the order. Appellant has not complied with that order. Upon consideration thereof,

IT IS HEREBY ORDERED that the appeals are dismissed effective May 2, 2024, if Appellant does not pay the filing fees or move for *in forma pauperis* status by that date.

For the Court**:**
Catherine O'Hagan Wolfe,
Clerk of Court

*Catherine O'Hagan Wolfe*

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*Catherine O'Hagan Wolfe*

**MANDATE ISSUED ON 06/10/2024**

**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-four.

_____

Jason Goodman,

    Plaintiff-Counter-Defendant -Appellee,

v.

David George Sweigert,

    Defendant-Counter-Claimant-Appellant,

Christopher Ellis Bouzy, Bot Sentiel, Inc., George Webb Sweigert, Benjamin Wittes, Adam Sharp, Nina Jankowicz, Margaret Esquenet, The Academy of Television Arts & Sciences, Seth Berlin, Maxwell Mishkin,

    Defendants-Appellees.

_____

**ORDER**

Docket Nos. 23-874(L), 23-1021(Con)

By order dated February 26, 2024, the Court lifted the stay of these appeals and directed Appellant to pay the filing fee or move for *in forma pauperis* status within 21 days of the order. Appellant has not complied with that order. Upon consideration thereof,

IT IS HEREBY ORDERED that the appeals are dismissed effective May 2, 2024, if Appellant does not pay the filing fees or move for *in forma pauperis* status by that date.

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

**MANDATE ISSUED ON 06/10/2024**