| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>JASON GOODMAN<br>                              Plaintiff,<br>-against-<br><br>CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC.,<br>GEORGE WEBB SWEIGERT, DAVID GEORGE<br>SWEIGERT, BENJAMIN WITTES, ADAM SHARP,<br>NINA JANKOWICZ, MARGARET ESQUENET, THE<br>ACADEMY OF TELEVISION ARTS & SCIENCES,<br>SETH BERLIN, MAXWELL MISHKIN<br><br>                              Defendants.<br>------------------------------------------------------------------X | 1: 21-cv-10878-AT-JLC<br><br>**PLAINTIFF'S MOTION FOR A HEARING AND ORDER TO SHOW CAUSE** |

Non-party David G. Sweigert has escalated a years-long pattern of harassing, inflammatory, and irrelevant filings by attempting to inject himself into Plaintiff's separate appeal in *Goodman v. City of New York*, No. 25-428 (2d Cir.), via a putative amicus submission. In that paper, Sweigert expressly invoked this instant case (*Goodman v. Bouzy*) as his justification, attached irrelevant social-media posts, made inflammatory accusations, and used impertinent rhetoric.

Because the challenged conduct:

(1)  is incurable through the Rule 11 "safe-harbor" mechanism,

(2) is undertaken for an improper purpose and replete with extra-record accusations,

(3) relies primarily upon circumstances arising from and directly references parties in this instant action, and

(4) burdens multiple courts,

Plaintiff respectfully moves this Court to hold a hearing at which defendant Sweigert must be compelled to explain why sanctions and filing restrictions should not be imposed upon him to permanently enjoin his abusive, vexatious pro se action and extrajudicial harassment against the Plaintiff in this and all other jurisdictions as further explained below.

PLAINTIFF'S MOTION FOR A HEARING AND ORDER TO SHOW CAUSE                                          1

I. **FACTUAL BACKGROUND**

1. **Non-party Interference**

This Court is familiar with Sweigert's repeated attempts to interject himself into litigation involving Plaintiff—including filings that multiply proceedings, recycle accusations from other matters, and deploy bigotry, false statements and hateful ad hominem rhetoric.

2. **The Second Circuit filing (Exhibit A)**

On August 30, 2025, after being repeatedly denied Amicus status in the District Court, Sweigert filed a motion in the Second Circuit in *Goodman v. City of New York*, No. 25-428, styled as leave to file an amicus curiae brief "in support of appellees." In that filing, he:

   a. Expressly invoked this action, *Goodman v. Bouzy* as his personal reason for filing (e.g., "Movant has an interest in the Defendant Adam Sharp's ability to accurately represent himself as he is a co-defendant with the movant in an action known as *Goodman v. Bouzy*, No. 25-2037," Ex. A, BACKGROUND);

   b. Asserted new, extra-record factual claims against Plaintiff Goodman, including an incident alleged on "Halloween night, 2022" (Ex. A, BACKGROUND);

   c. Attached social media screenshots and other irrelevant materials not part of the district court record in that case (Ex. A);

   d. Used inflammatory rhetoric, e.g., "To protect the integrity of the courts from the ilk of Jason Goodman" (Ex. A, CONCLUSION).

3. **Relevance to this Case**

Sweigert's filing confirms and aggravates the pattern previously presented to this Court: he leverages any available docket to harass Plaintiff and to influence this case extra-judicially. The conduct now burdens the appellate court while tethered directly to this instant action. Because

PLAINTIFF'S MOTION FOR A HEARING AND ORDER TO SHOW CAUSE                                        2

this abusive conduct has persisted for years across multiple courts, and the false amicus filing is already lodged with the Second Circuit, the Rule 11(c)(2) safe-harbor procedure is inapplicable.

4. **Extrajudicial harassment (Exhibit B)**

On August 31, 2025, Sweigert sent an email from spoliation-notice@mailbox.org to multiple third parties, including attorneys with "Democracy Defenders Fund," a nonprofit organization representing U.S. Federal Reserve Governor Lisa Cook in *Cook v. Trump*, No. 1:25-cv-02791 (D.D.C. filed May 14, 2025). Sweigert has no standing in that matter, and it has no connection to this action or *Goodman v. City of New York*, No. 25-428 (2d Cir.). Those factors aside, it is within Plaintiff's rights to file amicus briefs in *Cook* or any other litigation if he has meaningful input. Plaintiff has already been granted leave to file in *American Oversight v. Hegseth,* No. 1:25-cv-00883 (D.D.C. 2025), and *Zaid v. Executive Office of the President*, No. 1:25-cv-01365 (D.D.C. 2025). Those briefs addressed taxpayer protection, nonprofit compliance, and judicial integrity.[1]

Plaintiff's accepted submissions demonstrate substantive amicus advocacy that protected taxpayers and judicial integrity — in sharp contrast to Sweigert's fabricated accusations and extrajudicial harassment. Yet Sweigert preemptively "warned" officers of the court in *Cook* of something Plaintiff might hypothetically do, while making knowingly false statements in the process. For example, Sweigert falsely claimed attorney Larry Klayman serves as Plaintiff's "ghost writer." In reality, Klayman has never ghost written anything for Plaintiff, and he has not communicated with Plaintiff at all for months. Sweigert further concocted the derogatory title "MAGA litigation operative," a wholly fabricated designation of his own invention, manufactured to ascribe a false partisan status to Plaintiff. Sweigert also attached his defective

---

[1] See *American Oversight v. Hegseth*, No. 1:25-cv-00883 (D.D.C. 2025), ECF No. 29 (amicus curiae brief of Jason Goodman addressing nonprofit abuse of § 501(c)(3) entities and standing defects); *Zaid v. Executive Office of the President*, No. 1:25-cv-01365 (D.D.C. 2025), ECF No. 39 (motion for leave to file amicus curiae brief of Jason Goodman analyzing nonprofit violations and Rule 11 issues).

"amicus" filing and made claims against Klayman designed to smear Plaintiff through guilt-by-association. Plaintiff was copied directly, ensuring that the email functioned as harassment.

Sweigert's extraordinary conduct is not legitimate advocacy but malicious interference with Plaintiff's litigation and right to petition the courts through dissemination of falsehoods.

**5. False Statements to Government Agencies Intended to Harass (Exhibit C)**

On September 1, 2025, Sweigert escalated his smear campaign by emailing multiple divisions of the U.S. Department of Homeland Security, the Office of the Inspector General, DOJ FOIA staff, and private law firms. In that correspondence, he falsely accused Plaintiff of conducting a "blended social media cyber attack" on DHS contractor Anduril Industries, Inc., and falsely claimed that the U.S. Secret Service maintains an "extensive file" on Plaintiff's supposed "restraining orders" and "dozens of videos" of Nar-a-Lago (sic). (Ex. C.) Sweigert again copied Plaintiff, ensuring the email functioned as harassment. This escalation demonstrates that Sweigert's misconduct now extends to lodging false and outrageous accusations with federal agencies in an effort to portray Plaintiff as a national security threat. These actions further underscore Sweigert's pattern of harassment, intimidation, and reputational sabotage.

6. This conduct:
    a. demonstrates intent to malign Plaintiff outside of the judicial record;
    b. seeks to prejudice third parties against Plaintiff through defamatory accusations; and
    c. reinforces that Sweigert uses misrepresented or defective court filings and extrajudicial communications alike as vehicles for harassment.

Courts recognize that extrajudicial harassment compounding frivolous filings warrants sanctions and restrictions. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984).

PLAINTIFF'S MOTION FOR A HEARING AND ORDER TO SHOW CAUSE                4

## II. LEGAL STANDARDS

Pursuant to Rule 11(c)(3); "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Courts invoke this provision sparingly where the Rule 11(c)(2) safe-harbor is impracticable as it is here. See *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90–91 (2d Cir. 2003).

Courts have inherent power to restrict vexatious litigants who act in bad faith. See *Chambers v. NASCO,* Inc., 501 U.S. 32, 44–46 (1991); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). A pre-filing injunction is appropriate where a litigant's pattern demonstrates harassment and burdening of judicial resources. See *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *In re Martin-Trigona*, 737 F.2d 1254, 1262–64 (2d Cir. 1984).

## III. ARGUMENT

**1. A hearing to show cause is warranted under Rule 11(c)(3).**

Sweigert's purported amicus motion, filed for improper purposes and without standing in *Goodman v. City of New York*, deceptively leverages filings and circumstances from *Goodman v. Bouzy* as part of a continuing campaign of harassment. In doing so, it takes on significance in this case and violates Rule 11(b): it is presented for an improper purpose (to harass and prejudice Plaintiff), asserting extra-record factual contentions without evidentiary support, and recycling irrelevant rhetoric. Misuse of *Bouzy* to influence other proceedings justifies a court-initiated hearing to show cause. *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 90–91 (2d Cir. 2003).

**2. The Court should exercise its inherent authority to consider sanctions and prospective restrictions.**

The Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991), and the Second Circuit in *Ransmeier v. Mariani*, 718 F.3d 64 (2d Cir. 2013), have made clear that courts may

PLAINTIFF'S MOTION FOR A HEARING AND ORDER TO SHOW CAUSE                         5

sanction and restrict litigants who abuse judicial process in bad faith. The Second Circuit has emphasized that sanctions under the Court's inherent power are appropriate where conduct is undertaken in bad faith, vexatiously, or wantonly. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). Sweigert's pattern, including his most recent Second Circuit filing and extrajudicial harassment, demonstrates such abuse. The *Safir* factors support a broad leave-to-file injunction to protect the integrity of these proceedings and conserve judicial resources. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Consistent with *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998), Plaintiff's request for a show cause hearing ensures Sweigert will have notice and an opportunity to be heard, fully satisfying this procedural safeguard.

3. **Sweigert's extrajudicial harassment underscores bad faith and the inadequacy of lesser sanctions.**

The August 31, 2025 email (Exhibit B) confirms that Sweigert's conduct extends beyond filings into coordinated smear campaigns targeting Plaintiff and external third parties. This is not legitimate advocacy; it is harassment. False factual contentions—including the fabricated, unsupported claim that Klayman "ghost writes" for Plaintiff and the concocted partisan title "MAGA litigation operative"—independently violate Rule 11(b)(3). The Court's inherent authority to protect its proceedings and litigants from such abuse is well established. *See Ransmeier*, 718 F.3d at 68–70. Multiple dismissals, repeated warnings, and ignored fee obligations have not deterred Sweigert; demonstrating the futility of previous sanctions.

Sweigert's September 1, 2025 email to multiple DHS and DOJ offices (Exhibit C) further illustrates the scope and severity of his harassment. By falsely accusing Plaintiff of launching a "blended social media cyber attack" on DHS contractor Anduril Industries and alleging that the Secret Service maintains an "extensive file" on Plaintiff, Sweigert deliberately injected

fabricated criminal allegations rising to the level of national security concerns. These statements are knowingly false, have no connection to any litigation, and serve no purpose other than to intimidate, defame, and harm Plaintiff's reputation with government agencies. Such conduct falls squarely within the type of harassing course of conduct that 18 U.S.C. § 2261A defines as cyberstalking, and it further confirms that lesser sanctions cannot deter Sweigert from escalating his misconduct. By including Dkt. 203 from this action in his DHS smear email, Sweigert, like in the false amicus filing, misuses *Bouzy* as a pretext for extrajudicial harassment.

   4. **Second Circuit Precedent Authorizes Broad Injunctions in These Circumstances.**

Courts in this Circuit have repeatedly affirmed the imposition of broad filing injunctions where a litigant demonstrates a clear pattern of frivolous and harassing filings, even when those filings extend beyond a single case. *See In re Sassower,* 20 F.3d 42, 44 (2d Cir. 1994); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); *Malley v. New York City Bd. of Educ.,* 112 F.3d 69, 69–70 (2d Cir. 1997). Sweigert's abuse of process is not limited to filings on this Court's docket. It reaches other courts and goes to extrajudicial harassment aimed at chilling Plaintiff's First Amendment rights, which falls squarely within the Court's inherent power to regulate. *See United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991) (affirming restrictions on communications that interfered with judicial process).

Courts have also recognized that the amicus role is not a vehicle to advance personal grievances, and misuse of amicus submissions is improper. *See United States v. Gotti*, 771 F. Supp. 552, 568 (E.D.N.Y. 1991). Sweigert's purported amicus filing improperly applies facts from this case to advance his personal vendetta against Plaintiff rather than offering neutral assistance to the Court. His extrajudicial actions exemplify the prohibited course of conduct

described in 18 U.S.C. § 2261A (cyberstalking), reinforcing that it is not protected speech but unlawful harassment masquerading as privileged conduct. Moreover, although 28 U.S.C. § 1927 formally applies to attorneys, its principle—that one who unreasonably and vexatiously multiplies proceedings may be sanctioned—is instructive here. Sweigert, though pro se, has produced the same abusive effect.

Sweigert's excessive and abusive conduct is not confined to this Court but has proliferated across the Second Circuit, the District of Columbia, and now even to non-judicial government and law enforcement agencies, underscoring the need for a permanent injunction of broad scope.

### IV.   REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Hold a hearing to show cause pursuant to Rule 11(c)(3) and the Court's inherent authority, at which David George Sweigert must appear and explain why sanctions and filing restrictions should not be imposed for his bad-faith, harassing, and extra-judicial conduct evidenced by Exhibits A–C;

2. Reserve final determination on the form of any sanction or restriction until after the hearing, at which Sweigert will have notice and an opportunity to be heard; and

3. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), Plaintiff requests that the Court enter a comprehensive and permanent injunction against Sweigert. Specifically, the injunction should:

   a. Bar Sweigert from filing, transmitting, or disseminating in any form any pleadings, motions, briefs, "amicus" submissions, letters, or purported notices concerning Plaintiff, his associates, or his legal activities in any court, tribunal, or to any attorney or officer of the court, without prior leave of this Court;

    b. Extend to extrajudicial communications, including emails, online postings, or any correspondence directed to third parties, government agencies, or social media platforms, where such communications purport to relate to Plaintiff's litigation, rights, or reputation;

    c. Recognize that Sweigert has repeatedly used these channels not for legitimate advocacy but to harass, defame, and interfere with Plaintiff's livelihood through knowingly false accusations of criminal conduct, which are not protected First Amendment activity, including by lodging false complaints with social media providers, sending defamatory emails to attorneys and nonprofit organizations, and fabricating labels such as "MAGA litigation operative"; and

    d. Clarify that this relief is narrowly tailored: it does not restrain Sweigert's ability to express personal opinions in public, but solely bars the misuse of court filings, litigation-adjacent communications, complaints aimed at chilling Plaintiff's First Amendment rights, and defamatory campaigns disguised as legal process.

4. Plaintiff further requests that the Court transmit this motion, its supporting exhibits, and any additional evidence adduced at a hearing to prosecuting authorities for review, including:

    i. The United States Attorney for the Southern District of New York, for possible prosecution under 18 U.S.C. § 2261A (cyberstalking); and

    ii. Appropriate state authorities, for possible prosecution under N.Y. Penal Law § 240.30 (aggravated harassment).

5. Grant such other and further relief as the Court deems just and proper.

Plaintiff does not seek to direct prosecution, but referral is warranted where a litigant's course of conduct exceeds civil vexatiousness and aligns with statutory definitions of criminal harassment. Federal courts have long recognized their authority to transmit evidence of misconduct for prosecutorial review.[2]

Dated: New York, New York September 1, 2025

Respectfully submitted
Jason Goodman
Pro Se Plaintiff
252 7th Avenue Apt 6s
New York, NY 10001
347-201-6017

---

[2] *See United States v. Cutler*, 58 F.3d 825, 832 (2d Cir. 1995) (affirming referral of attorney misconduct to prosecutors). The same principle applies here, where a pro se litigant's misconduct rises to potential criminality.

# EXHIBIT INDEX

**Exhibit A – False Amicus Filing**

    (A) Copy of David G. Sweigert's purported amicus curiae motion, filed without standing in Goodman v. City of New York, No. 25-428 (2d Cir. Aug. 30, 2025).

**Exhibit B – Democracy Defenders Email**

    (B) Copy of August 31, 2025 email from spoliation-notice@mailbox.org circulated by Sweigert to third parties, including Democracy Defenders Fund attorneys, falsely labeling Plaintiff a "MAGA litigation operative" and attaching an alleged "amicus" filing, copied to Plaintiff.

**Exhibit C – DHS Smear Email**

    (C) Copy of September 1, 2025 email from [spoliation-notice@mailbox.org](mailto:spoliation-notice@mailbox.org) circulated by Sweigert to multiple DHS divisions, DOJ FOIA staff, and private law firms, falsely accusing Plaintiff of conducting a "blended social media cyber attack" on DHS contractor Anduril Industries, Inc., and claiming the U.S. Secret Service maintains an "extensive file" on Plaintiff, copied to Plaintiff.