Honorable Henry J. Ricardo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

September 9, 2025

Re: Goodman v. Bouzy, et al., No. 21 Civ. 10878 (AT) (HJR)
Response to Defendants' September 8, 2025 Letter (Dkt. 319)

Dear Judge Ricardo,

      I write in reply to the Bouzy Defendants' September 8, 2025 letter (Dkt. 319) in opposition to my motion to vacate (Dkt. 297). Defendants' letter in opposition to my August 11, 2025 filing attempts to portray me, the pro se plaintiff, as a vexatious scofflaw while presenting the Defendants as restrained professionals. I respectfully request guidance on whether a letter filed by represented parties and addressed to Your Honor may rely on Judge Torres's pro se four-week opposition period, rather than the deadlines set by Your Honor's rules and Local Civil Rule 6.1(b). To the extent the Court may choose to entertain the merits of this apparently untimely letter, I respectfully submit this reply.

      Despite a purported intention to preserve judicial resources, the letter substantially repeats arguments already raised and answered and avoids addressing the extraordinary issues of the validity of the judgment itself. Defendants' silence on the relevant matters speaks volumes.

On August 19, 2025, Judge Torres issued an Amended Order of Reference (Dkt. 307), expressly referring my Rule 60(b) motion to Magistrate Judge Cott, and on August 22, 2025, the docket reflected a minute entry redesignating the referral to Your Honor. Had the Court believed my motion violated the broad filing injunction, it could have been stricken outright. Instead, the Court directed that it be considered. Defendants' assertion that the injunction bars consideration of the motion is contradicted by these actions, and merely repeats arguments already made by counsel for Defendants Sharp and Esquenet (Dkt. 310) and answered in my reply (Dkt. 314). The Rule 60(b) motion is directed at the Court's judgment, not the Bouzy Defendants. Even if the motion were ultimately denied, it cannot be construed as a violation of the injunction. In strict compliance with the injunction, I have separately sought leave to file an amended complaint against Defendants and I await the Court's ruling before proceeding.

Defendants criticize supposed procedural missteps while they themselves selectively invoke Judge Torres's pro se scheduling rule rather than Your Honor's deadlines. The invocation of pro se leniencies while attacking a pro se party exemplifies the double standard they seek to apply.

Defendants claim they seek to conserve judicial resources, yet they multiply proceedings with duplicative filings. Their assertion that I filed "eight new papers in violation of the injunction" is incorrect as a matter of fact and law. With the sole exception of the Rule 60(b) motion itself (Dkt. 297), the cited docket entries consist of supporting papers, replies to arguments already

raised by Defendants Sharp and Esquenet (see Dkt. 310), or filings directed at Defendant Sweigert. None of these are new claims against the Bouzy Defendants, which is the only conduct the injunction (Dkt. 278) proscribes. The notice of appeal Defendants reference was filed out of an abundance of caution in light of uncertainty regarding the finality of judgment — a doubt confirmed by this Court's subsequent referral order (Dkt. 307), which demonstrates the motion is properly before the Court. Even if Defendants' characterization were accepted, my filings were made in good faith and challenge the Court's judgment. They do not raise new claims against the Bouzy Defendants and thus do not violate the injunction. Defendants' attempt to reframe replies, supporting submissions, and filings concerning other defendants as prohibited "new actions" is contrary to the record and the terms of the injunction.

Defendants' letter further states, "the cases that Goodman cites in his Motion to Vacate, Dkt. 297, do not appear to include the language he purports to quote and contends governs here." With regard to "governs here," I believed I was properly citing authorities by quoting characterizations found in secondary sources. I will remind the Defendants and the Court that I am not an attorney and have no formal training in legal research or writing. I acted in good faith. To remove any doubt, I withdraw quotation marks where imprecise and clarify:

- *Indrelunas*, 411 U.S. at 221–22, requires "mechanical application" of Rule 58; commentators describe this holding as mandatory. See Wright & Miller, Fed. Prac. & Proc. § 2781.
- *Beller & Keller*, 120 F.3d at 23, holds that Rule 58 is clear, nondiscretionary, and mechanical in operation—summarized by courts as "clear and mechanical."
- *Espinosa*, 559 U.S. at 271, confirms void judgments may be collaterally attacked; subsequent courts have stated such judgments may be challenged "at any time." See *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998).

Defendants' argument here is a matter of syntax, not substance, and yet another example of hair splitting. The judgment at Dkt. 279, bearing the caption of a different case, and two wholly unrelated parties is void to the best of my understanding of the law and the rules.

Defendants' letter is part of a continuing pattern: they attempt to paint me as vexatious while it is they who repeatedly miss deadlines, bend rules in their favor, recycle arguments, and make unsupported conclusions. Under Your Honor's rules and Local Civil Rule 6.1(b), their opposition was due August 28, 2025, yet they filed eleven days late and sought refuge in Judge Torres's pro se deadline. This is in and of itself far more misleading than my accidentally misquoted or otherwise incorrect legal citations. These allegedly sophisticated bar members attempt to rely on a rule written to protect unrepresented and inexperienced litigants, not seasoned attorneys at a century-old law firm. Having missed their own deadline, they now argue I should be sanctioned for alleged procedural missteps. This characterization is an inversion of reality that is unsupported by the record of this case or the rules of this Court. It amounts to a conclusion of form over substance, rather than a serious engagement with the facts or the law.

Defendants' reliance on FRAP 4(a)(7)'s 150-day "deemed entry" rule is misplaced. That provision addresses when a judgment is deemed entered for appeal purposes; it does not cure a judgment that is void because it bears the caption of an entirely different case. Courts in this Circuit have long emphasized that Rule 58's requirements are clear, nondiscretionary, and mechanical. *See Beller & Keller v. Tyler*, 120 F.3d 21, 23 (2d Cir. 1997); *Covington Indus., Inc. v. Resintex A.G.,* 629 F.2d 730, 733 (2d Cir. 1980). The Supreme Court likewise stresses that strict compliance with Rule 58 remains required to ensure certainty and finality. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 385–86 (1978). While Mallis recognized limited waiver of the separate-document requirement, there is no controlling precedent allowing waiver where the judgment misidentifies both parties and purports to dispose of a different case altogether. Prior cases involved isolated caption errors—typically a single misnamed party—with represented litigants and no prejudice to appellate rights. Here, the judgment names two unrelated parties, Plaintiff proceeds pro se, and prejudice was compounded by Defendant Sweigert's serial appeals that obscured finality. FRAP 4(a)(7) does not and cannot cure such a structural defect. Defendants' characterization of this as a "scrivener's error" is conclusory and ignores the unique facts before this Court.

These tactics are not innocent mistakes. Counsel are graduates of elite law schools, admitted members of the bar, and employees of a 140-year-old firm that advertises compliance expertise. They know the rules, yet they repeatedly flout deadlines, mischaracterize filings, and make conclusory statements untethered from the record. Meanwhile, they exploit rules written to protect pro se litigants for their own advantage while urging the Court to sanction the very type of pro se litigant those rules were designed to protect. This is not zealous advocacy; it is procedural gamesmanship of the most egregious variety. If any conduct in this matter warrants sanctions, it is not my efforts to correct a void judgment but Defendants' duplicative, untimely, and conclusory submissions. Such conduct, undertaken by experienced counsel who are officers of the Court, risks sanctions under Rule 11 and the Court's inherent authority.

Defendants' submission relies on rhetoric and omission, not law. Their sanctions request defies the facts in this record and contradicts the Court's own referral order. Their silence on the substantive misconduct strengthens my showing that relief is warranted.

For these reasons, I respectfully request that the Court deny Defendants' request for sanctions or further restrictions, disregard Dkt. 319 as untimely, grant the pending motion to vacate the void judgment (Dkt. 297) and grant any other appropriate relief as determined by this Court.

Respectfully submitted,

Jason Goodman
Plaintiff
252 7th Avenue Apt 6S
New York, NY 10001
347-201-6017