UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                Plaintiff,

-against-

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2025

21 Civ. 10878 (AT) (HJR)

**ORDER**

ANALISA TORRES, District Judge:

      The Court is in receipt of Plaintiff *pro se*'s motion to vacate the judgment, ECF Nos. 297, 299, and Plaintiff's motion for a hearing on the motion to vacate, ECF No. 300, as well as various letters filed by the parties following Plaintiff's motion. *See, e.g.*, ECF Nos. 301–02, 304–05, 310. The Court is also in receipt of various motions for sanctions filed by both Defendant David George Sweigert and Plaintiff. *See* ECF Nos. 309, 316, 320.

      Plaintiff has also filed a Notice of Appeal of the Court's judgment. *See* ECF No. 308. This appeal divests this Court of jurisdiction to determine his motion to vacate. *See Ching v. United States*, 298 F.3d 174, 180 n.5 (2d Cir. 2002) (first citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); and then citing *Hernandez v. Coughlin*, 18 F.3d 133, 138 (2d Cir. 1994)).[1] Accordingly, Plaintiff's motions at ECF Nos. 297 and 299 are DENIED, and his motion at ECF No. 300 is DENIED as moot.

      By order dated February 21, 2024, this Court imposed an injunction against Plaintiff, barring any future filings in this District against Defendants the Academy of Television Arts and Sciences, Adam Sharp, and Margaret Esquenet (the "ATAS Defendants"), and Defendants Christopher Ellis Bouzy, Bot Sentinel, Inc., Seth Berlin, and Maxwell Mishkin (the "Bouzy Defendants"). *See* ECF No. 278; Clerk's Judgment, ECF No. 279. Plaintiff has not requested leave of Court to file any of the numerous filings he has submitted since his motion to vacate. Accordingly, Plaintiff's motion for sanctions at ECF No. 316 is DENIED.

---

[1] Although Plaintiff's motion seeks relief under Federal Rule of Civil Procedure 60, *see* Fed. R. App. P. 4(a)(4)(A)(vi), the motion was not made "within the time allowed for filing a motion under Rule 59," which is 28 days from the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e).

Defendant Sweigert's motions for sanctions at ECF Nos. 309 and 320 are DENIED. *See Perez v. Posse Comitatus*, 373 F. 3d 321, 325 (2d Cir. 2004); *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (2d Cir. 1999) ("Once a court determines that Rule 11(b) has been violated, *it may in its discretion* impose sanctions . . . ." (emphasis added)).

Plaintiff is reminded that continued noncompliance with this Court's filing injunction may constitute a basis for the Court to impose sanctions on its own initiative pursuant to Federal Rule of Civil Procedure 11(c)(3), or upon a party's motion made pursuant to Federal Rule of Civil Procedure 11(c)(1).

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 297, 299, 300, 309, 316, and 320.

SO ORDERED.

Dated: September 11, 2025
New York, New York

ANALISA TORRES
United States District Judge