UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/2025
```

JASON GOODMAN,

                                   Plaintiff,

                -against-                                21 Civ. 10878 (AT) (HJR)

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL,                   **ORDER**
INC, GEORGE WEBB SWEIGERT, DAVID
GEORGE SWEIGERT, BENJAMIN WITTES,
NINA JANKOWICZ, ADAM SHARP, MARGARET
ESQUENET, THE ACADEMY OF TELEVISION
ARTS AND SCIENCES, SETH BERLIN,
MAXWELL MISHKIN,

                                   Defendants.

ANALISA TORRES, District Judge:

        The Court is in receipt of Plaintiff *pro se*'s October 9, 2025 motion to alter or amend a
judgment under Federal Rule of Civil Procedure 59(e). Mot., ECF No. 327. Plaintiff argues that
this Court's September 11, 2025 order (the "September 11 Order"), "improperly expanded a
prior [filing] injunction" and therefore improperly denied Plaintiff's motion for sanctions. Mot.
at 1, ; *see* Sept. 11 Order, ECF No. 324; Filing Injunction Order, ECF No. 278; Sanctions Mot.,
ECF No. 316. The Court construes Plaintiff's motion as a motion for reconsideration of its
September 11 Order, which denied Plaintiff's motion for sanctions against Defendant David G.
Sweigert.

        A motion for reconsideration "is appropriate where 'the moving party can point to
controlling decisions or data that the court overlooked." *Henderson v. Metro. Bank & Tr. Co.*,
502 F. Supp. 2d 372, 375–76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123
(2d Cir. 2003)). Although reconsideration is "an extraordinary remedy to be employed
sparingly," it is appropriate where the movant can point to "the need to correct a clear error or
prevent manifest injustice." *Balchan v. New Rochelle City Sch. Dist.*, No. 23 Civ. 6202, 2024
WL 4333417, at *1 (S.D.N.Y. Sept. 27, 2024) (citations omitted).

        Here, Plaintiff correctly points to a clear error in the September 11 Order. In that order,
the Court denied Plaintiff's motion for sanctions against Defendant Sweigert on the basis that
Plaintiff did not "request[] leave of Court to file any of the numerous filings he has submitted
since his motion to vacate," including his sanctions motion filed at ECF No. 316. *See* Sept. 11
Order at 1. However, as Plaintiff correctly points out, the Court's order entering a filing
injunction denied Defendant Sweigert's motion for a filing injunction against Plaintiff. *See*
Filing Injunction Order at 5. Therefore, to the extent that Plaintiff's motion sought relief under
Federal Rule of Civil Procedure 11 against Defendant Sweigert, his filing was not barred by the
Court's filing injunction.

The Court proceeds to review Plaintiff's request for sanctions on the merits. Plaintiff's sanctions motion argues that Defendant Sweigert's "repeated attempts to interject himself into litigation involving Plaintiff" warrant sanctions, citing his attempt to file an amicus curiae brief in a separate appeal currently pending before the Second Circuit, Sanctions Mot. at 2, and emails he allegedly sent to attorneys involved in other litigation and certain government offices, *id.* at 3–4. Plaintiff argues that Defendant Sweigert's filings in other cases "confirm[] and aggravate[] the pattern [of misconduct] previously presented to this Court." Sanctions Mot. at 2.

The Court expresses no view as to whether Defendant Sweigert's filings or emails made in other cases are intended to, or did in fact, "harass" Plaintiff, but instead notes that the scope of Federal Rule of Civil Procedure 11(b) is limited to filings or papers "present[ed] to the court." *See Bounkhoun v. Barnes*, No. 15 Civ. 631, 2018 WL 1805552, at *9 (W.D.N.Y. Apr. 17, 2018);*see also McMahon v. Shearson/American Express, Inc.*, 896 F.2d 17, 22 (2d Cir. 1990) ("[Rule 11] does not license a district court to sanction *any* action by an attorney or party that it disapproves of." (emphasis added)). Because Plaintiff only points to filings made in other cases, or otherwise filings that were not presented to the Court, Plaintiff has not sufficiently demonstrated that the Court should exercise its discretion to impose sanctions on Defendant Sweigert for his filings made in this matter under Rule 11(b). *See Toussaint v. NY Dialysis Services, Inc.*, 230 F. Supp. 3d 198 (S.D.N.Y. 2017) ("The decision whether to impose sanctions under Rule 11 'is . . . committed to the district court's discretion.'" (citing *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004)).

The Court denies Plaintiff's additional request "for a limited psychological evaluation" of Defendant Sweigert. Mot. at 7. And the Court denies Plaintiff's request to vacate its order at ECF No. 278 for the reasons stated in the September 11 Order. *See* Mot. at 7, Sept. 11 Order at 1.

The Court additionally DENIES Plaintiff's motions to strike and for sanctions filed at ECF Nos. 333 and 334, in its discretion. *See Perez v. Posse Comitatus*, 373 F. 3d 321, 326–27 (2d Cir. 2004); *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc*., 186 F.3d 157, 166 (2d Cir. 1999). The Court declines to impose sanctions. Plaintiff argues that Defendant Sweigert's post-judgment letters are "scandalous or defamatory," ECF No. 333 at 5, however, Plaintiff has failed to show that "no evidence in support of the allegation would be admissible." *Freydl v. Meringolo*, No. 9 Civ. 7196, 2011 WL 2566082, at *1 (S.D.N.Y. June 16, 2011) ("Motions to strike are generally disfavored, but are within the district court's sound discretion." (citation omitted)). Defendant Sweigert is nonetheless reminded that, as a result of this Court's Judgments at ECF Nos. 239 and 279, there is at present no live claim in this case against him. The Court deems letters concerning Plaintiff's social media behavior to be irrelevant and unnecessary to the instant action. Continued filing of irrelevant or unnecessary information, by any party, may constitute a basis for the imposition of sanctions under Federal Rules of Civil Procedure 11 (b)(1) and (c)(3).

Accordingly, Plaintiff's motion at ECF No. 327 is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 327, 333, and 334.

SO ORDERED.

Dated: November 24, 2025
      New York, New York

ANALISA TORRES
United States District Judge