UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                Plaintiff,

-against-

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC, GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/2025

21 Civ. 10878 (AT) (HJR)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed Plaintiff *pro se*'s December 9, 2025 motion to vacate the filing injunction entered at ECF No. 278 against certain defendants. *See* Mot., ECF No. 338. Plaintiff asks the Court to vacate its filing injunction under Federal Rules of Civil Procedure 60(b)(1), (b)(2), (b)(5), and (b)(6). Plaintiff's motion is DENIED for the reasons stated in this Court's order at ECF No. 324 (the "September 11 Order"); namely, that a decision on Plaintiff's motion could control facts relevant to Plaintiff's pending appeal of the same filing injunction he now challenges. *See* ECF No. 324 at 1; ECF No. 308 (notice of appeal).

    In any event, the motion is baseless on the merits. Plaintiff claims that, because this Court admitted in a subsequent order, *see* ECF No. 337, that the September 11 Order contained a "clear error" in applying the injunction entered at ECF No. 278, the injunction itself should be vacated because it was "enforced or applied in a manner that violates due process." *See* Mot. at 2. But an error made in applying a judgment does not establish that the judgment itself was the product of "mistake" under Rule 60(b)(1). Nor does it constitute "newly discovered evidence" that calls into question the validity of the original judgment under Rule 60(b)(2).[1] Last, Plaintiff has not shown the "extraordinary circumstances" which are necessary to justify relief under Rule 60(b)(6), *see BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025), and the Court does not find that applying the injunction prospectively "is no longer equitable" under Rule 60(b)(5)

---

[1] Plaintiff's claim that the Court's order at ECF No. 337 "changed the factual and procedural framework surrounding the [filing] injunction" is incorrect. Mot. at 10. The Court's order corrected an error made in the September 11 Order but in no way changed the scope of the filing injunction itself or the factual or procedural history which justified the entry of the injunction.

merely because one application of the injunction was later reviewed.[2]  The Court notes that, despite its prior error in applying the injunction, as Plaintiff admits, the Court proceeded to review and deny Plaintiff's claims on the merits.  *See* Mot. at 9.

Plaintiff is additionally reminded that he has an obligation to present accurate legal citations in his written submissions to the Court.  *See* Fed. R. Civ. P. 11(b).  His current filing fails to do so.  For example, on page 12 of his motion, Plaintiff states that "[a] district court 'may not rely on papers that do not comply with local rules,' and doing so is reversible error," citing *Potamkin Cadillac Corp. v. B.R.I. Coverage*, 38 F.3d 627, 631 (2d Cir. 1994).  *See* Mot. at 12.  But *Potamkin* does not contain the phrase "may not rely on papers that do not comply with local rules" anywhere in the opinion.  *See generally* 38 F.3d 627.  This is not the only such error.  *See, e.g.*, Mot. at 7 (incorrect attribution of the phrase "become instruments of injustice or shields for misconduct" to *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)); *id.* at 14 (incorrect attribution of the phrases "produces inequitable results" and "compromises the integrity of the proceedings" to the case *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864–65 (1988)); *id.* at 15 (incorrect attribution of the phrase "unfairly operate on one side" to *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

When a party uses quotation marks to delineate statements of legal rules, and those rules are followed by a citation to an existing legal case, the Court treats this as a representation that the cited case contains the language which is in quotation marks.  The Court will not look kindly on any further failures by Plaintiff to accurately represent the cases that he chooses to cite.

SO ORDERED.

Dated: December 15, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Plaintiff also claims that this Court incorrectly relied on an allegedly untimely filing made by certain Defendants in issuing the filing injunction.  *See* Mot. at 4–8.  But neither of the Court's orders at ECF No. 324 or ECF No. 337 mention or incorporate the allegedly untimely filing at ECF No. 319.  *See* ECF Nos. 324, 337.